1  Donald W. Reid – SBN 281743
   LAW OFFICE OF DONALD W. REID
2  PO Box 2227
   Fallbrook, CA 92088
3  (951) 777-2460
   don@donreidlaw.com
4

5  Counsel for Creditor Karl Avetoom

6

7              UNITED STATES BANKRUPTCY COURT

8      CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

9

10 In re

11 ROSA FRIDMAN,                          Case No. 8:21-bk-10513-ES

12           Debtor.                       Chapter 7

13                                         **MOTION TO DISMISS BANKRUPTCY
                                           CASE PURSUANT TO 11 U.S.C. § 707
14                                         WITH 180 DAY BAR TO REFILING**

15                                         **DECLARATION OF KARL AVETOOM
                                           IN SUPPORT THEREOF**
16

17                                         Hearing:
                                           Date:      April 15, 2021
18                                         Time:      10:30 a.m.
                                           Place:     Courtroom 5A
19                                                     411 W. Fourth Street
                                                       Santa Ana, CA 92701
20

21

22

23

24

25

26

27

28

                                    1

## I.    INTRODUCTION

Creditor Karl Avetoom ("Avetoom") hereby moves to dismiss this bankruptcy case filed by debtor Rosa Fridman ("Debtor") pursuant to 11 U.S.C. § 707.  The Court should dismiss this bankruptcy case for "cause" under § 707(a) because there is no legitimate bankruptcy purpose for this case.  According to Debtor's Schedules, virtually all the scheduled debt is non-dischargeable pursuant to a prior § 727 judgment and § 523(a)(10), and there are no assets to administer for the benefit of unsecured creditors.  Instead, this is a two-party dispute and Debtor filed this bankruptcy case to (1) avoid contempt proceedings against her in state court litigation, and (2) collaterally attack a stipulated judgment and consensual lien against her property.   The Court should also dismiss this bankruptcy for "bad faith" under § 707(b)(3) based on the totality of circumstances.

Accordingly, Avetoom respectfully requests an order dismissing this bankruptcy case pursuant to 11 U.S.C. § 707 and imposing a 180-day bar to Debtor refiling another bankruptcy case.

## II.    STATEMENT OF FACTS

### A.    The 2007 HOA Action

On September 5, 2007, Moisey Fridman and Rosa Fridman (collectively, the "Fridmans") filed a complaint against The Beach Crest Villas Homeowners Association, initiating *Fridman v. The Beach Crest Villas Homeowners Association*, Case No. 07CC09589 (the "2007 HOA Action").  The Fridmans were represented in the 2007 HOA Action by Robert Risbrough ("Risbrough") of Darling & Risbrough, LLP ("D&R").

The 2007 HOA Action was tried during binding arbitration where the Fridmans prevailed and were ultimately awarded a judgment by the Orange County Superior Court in the amount of $128,821.89 on August 21, 2009 (the "HOA Judgment").

### B.    The 2010 IIED Action

On or about February 18, 2010, Avetoom filed a complaint against the Fridmans and other defendants for, among other things, intentional infliction of emotional distress, initiating the action *Avetoom v. Arce et al.*, Case No. Orange County Superior Court, Case No. 30-2010-00345490 (the

1    "2010 IIED Action").  In the 2010 IIED Action, Avetoom alleged that the Fridmans had engaged

2    in racist and outrageous conduct, including xenophobic harassment and despicable statements over

3    Avetoom's wife's miscarriage.  The Fridmans were also represented by D&R in the 2010 IIED

4    Action.

5           A trial commenced on or about October 18, 2011.  The jury returned a unanimous verdict

6    against the Fridmans and in favor of Avetoom on or about October 25, 2011 and awarded damages

7    against the Fridmans in the total amount of $1,000,000.  Avetoom's proposed judgment was

8    lodged on or about November 2, 2011 and was signed and entered by the court on or about

9    November 18, 2011.  Said judgment was later reduced to $600,000 compensatory damages and

10   $50,000 punitive damages (the "2011 IIED Judgment").  A copy of the 2011 IIED Judgment is

11   attached to the Avetoom Declaration as **Exhibit 1**.

12          **C.     The 2012 BK Case**

13          On February 10, 2012, the Fridmans filed a voluntary Chapter 13 petition in this Court,

14   initiating *In re Moisey Fridman and Rosa Fridman*, Case No. 8:12-bk-11721-ES (the "2012 BK

15   Case").  The 2012 BK Case was converted to chapter 7 on May 24, 2012. Karl Anderson was

16   appointed as chapter 7 trustee ("Trustee").

17          The Fridmans did not schedule an ownership interest in the HOA Judgment on their

18   Schedule A/B because they had allegedly assigned it to D&R on or about April 11, 2011 (the

19   "HOA Judgment Assignment").  This was disputed throughout the entire 2012 BK case.

20          On November 21, 2012, D&R filed a motion in the 2012 BK Case for an order finding the

21   HOA Judgment is not property of the Fridmans' bankruptcy estate due to the HOA Judgment

22   Assignment.  On January 17, 2013, the Court entered an order granting the motion, finding that

23   the HOA Judgment was not property of the estate without prejudice to the Trustee filing an

24   avoidance action to recover the HOA Judgment.

25          On January 25, 2013, the Court entered an order approving the sale of the Fridmans'

26   residence located at 1100 Rutland Road, No. 7, Newport Beach, CA for $372,000.  And on May

27   31, 2013, the Court entered an order allowing the Fridmans a homestead exemption in the amount

28   of $131,200.00.

### D.    The Property

On or about May 6, 2013, and while the 2012 BK Case was pending, the Fridmans

acquired a 68.3% interest in the real property located at 16542 Blackbeard Lane #304, Huntington

Beach, CA 92649 (the "Property").  Title to the Property was vested initially as follows: "Moisey

Fridman and Rosa Fridman, Husband and Wife as to an undivided 68.3% interest and Alex

Fridman, a Single Man as to an undivided 31.7% interest, all as Tenants in Common."  A copy of

the Grant Deed recorded May 21, 2013 as Doc. 2013000308409 is attached to the Avetoom

Declaration as **Exhibit 2**.

On or about October 23, 2013, the Fridmans transferred their ownership interest to a

family trust as follows: "MOISEY O. FRIDMAN and ROSA A. FRIDMAN, Trustees of THE

FRIDMAN FAMILY TRUST u/d/t April 14, 2000" (the "Fridman Family Trust").  A copy of the

Grant Deed recorded December 26, 2013 as Doc. 2013000709838 is attached to the Avetoom

Declaration as **Exhibit 3**.

Upon the Fridmans' acquisition of the Property, at least two liens previously recorded by

Avetoom to secure the 2011 IIED Judgment attached.  (Avetoom's liens against the Property are

subject to the Debtor's pending *Motion to Avoid Liens Under 11 U.S.C. § 522(f)* [Doc. 13] (the

"LAM"), which Avetoom intends to oppose and request a hearing.  The LAM, however, contains

relevant information regarding the Property and Debtor's improper purpose in filing this

bankruptcy case.  Accordingly, Avetoom incorporates by reference the LAM and its exhibits.).

### E.    The 2013 AP and 727 Judgment

On July 30, 2013, the Trustee filed an adversary complaint in the 2012 BK Case against

the Fridmans to deny their discharge pursuant to 11 U.S.C. § 727(a)(2), (4), and (5), initiating

*Anderson v. Fridman*, Case No. 8:13-ap-01253-ES (the "2013 AP").  A copy of the complaint

filed in the 2013 AP is attached to the Avetoom Declaration as **Exhibit 4**.

On or about January 30, 2015, the Fridmans stipulated to judgment in the 2013 AP (the

"727 Stipulation").  And or about February 18, 2015, the Court entered an order denying the

Fridmans their chapter 7 discharge (the "727 Judgment").  Copies of the 727 Stipulation and 727

Judgment are attached to the Avetoom Declaration as **Exhibits 5 and 6**, respectively.

1    On August 14, 2015, Moisey Fridman passed away.  LAM at p. 87 (Death Certificate).

2    **F.      The 2015 Fraudulent Transfer Action**

3    In November 2015, Avetoom filed a fraudulent transfer complaint against Risbrough,

4    D&R and the Fridmans to set aside and recover the HOA Judgment Assignment, initiating

5    *Avetoom v. Risbrough et al*, Case No. 30-2015-00820760-CU-FR-CJC (the "2015 Fraudulent

6    Transfer Action").  D&R settled with Avetoom on the eve of trial and the property returned.

7    During the first day of trial, on July 9, 2019, the 2015 Fraudulent Transfer Action was

8    settled between Avetoom and Rosa Fridman (hereinafter, the "Debtor") whereby the Debtor as

9    part of the terms of the Settlement consented to creation of a lien by the Settlement Agreement

10    against her individually and her in her capacity as Trustee to her Trust, which held one asset, her

11    condominium (the "Settlement").  A copy of the transcript for the July 9, 2019 hearing is attached

12    to the Avetoom Declaration as **Exhibit 7**.  The parties further agreed that the Settlement would be

13    memorialized in a court order that would be recorded as lien against the Property to secure the

14    outstanding monies owed to Avetoom.  Avetoom Dec., Ex. 7 (Transcript) at 11:4-14.

15    On November 14, 2019, Avetoom filed a motion to enforce the Settlement pursuant CCP §

16    664.6.  On February 13, 2020, the Superior Court granted the motion finding that the Debtor

17    entered the Settlement in both capacities, the Settlement was a contract as a matter of California

18    law (individually and trustee of the Fridman Family Trust) and requesting further briefing on the

19    wording of the judgment which was to incorporate the terms of the Settlement.

20    On August 13, 2020, and after the initial months of the pandemic passed, the Superior

21    Court entered a judgment in the 2015 Fraudulent Transfer Action memorializing the terms of the

22    Settlement, which Avetoom then recorded against the Property on November 19, 2020 pursuant to

23    the parties' stipulation (the "Recorded Stipulated Judgment").  A copy of the Recorded Stipulated

24    Judgment is attached to the Avetoom Declaration as **Exhibit 8**.

25    Thereafter, in the 2010 IIED Action and the 2015 Fraudulent Transfer Action, Avetoom

26    proceeded with judgment debtor examinations (JDE) of the Debtor.  However, the Debtor refused

27    on multiple occasions to produce the entire Fridman Family Trust as requested by Avetoom.

28    Accordingly, on February 22, 2021, the Superior Court in the 2010 IIED Action issued an Order to

1    Show Cause re Contempt ("OSC") against the Debtor for her violations of court orders entered on

2    August 29, 2019 and November 16, 2020.  A hearing on the OSC was scheduled for April 9, 2021.

3    A copy of the OSC is attached to the Avetoom Declaration as **Exhibit 9**.

4        **G.**    **The 2021 BK Case**

5        On February 26, 2021, and before the hearing on the OSC could be heard, the Debtor filed

6    this chapter 7 bankruptcy case (the "2021 BK Case").  And on March 9, 2021, the Debtor filed the

7    LAM to avoid the liens of Avetoom against the Property.

8        It is clear from her Schedules and LAM that Debtor filed this bankruptcy case in bad faith

9    to (1) avoid the accountability for her continued contempt in the 2010 IIED Action, and (2)

10    collaterally attack the consensual lien created by the Settlement of the 2015 Fraudulent Transfer

11    Action.  There is no bankruptcy purpose for this case as (1) the Debtor's Schedule A/B does not

12    disclose any assets that can be administered for the benefit of creditors, and (2) her Schedules D

13    and E/F show that 99% of the scheduled debts are non-dischargeable pursuant to the 727

14    Judgment and 11 U.S.C. § 523(a)(10).  A table summarizing the claims in the 2012 BK Case

15    versus this bankruptcy as well as the relevant Schedule excerpts are attached to the Avetoom

16    Declaration as **Exhibit 10**.  Thus, creditors will not receive a distribution and Debtor will not

17    receive a discharge.  Therefore, the Court must conclude that the Debtor filed this bankruptcy case

18    in bad faith and dismiss it pursuant to 11 U.S.C. § 707.

19    **III.**    **ARGUMENT**

20        **A.**    **Cause Exists to Dismiss this BK Case Pursuant to 11 U.S.C. § 707(a)**

21        A Court may dismiss a Chapter 7 case after notice and hearing for cause.  The

22    determination of "cause" for dismissal under 11 U.S.C. § 707(a) rests within the sound discretion

23    of the court. *In re Padilla,* 214 B.R. 496 (9th Cir. BAP 1997) *aff'd* 222 F.3d 1184 (9th Cir. 2000).

24    Dismissal for cause is designed to allow the bankruptcy court to maintain the integrity of the

25    bankruptcy process. *In re Motaharnia,* 215 B.R. 63 (Bankr. C.D. Cal. 1997).  A creditor has

26    standing to seek dismissal for "cause" under § 707(a).  *All United Ins. Co. v. Krasnoff (In re*

27    *Venegas)*, 623 B.R. 555, 561 (B.A.P. 9th Cir. 2020) (citing *In re Sherman*, 491 F.3d 948, 965 (9th

28    Cir. 2007) (holding creditors have standing to seek dismissal under § 707(a) as a bankruptcy filing

1    affects creditors' rights to enforce debts)).

2    The statute defines cause as "including" the following: (1) unreasonable delay by the

3    debtor that is prejudicial to creditors; (2) nonpayment of any fees or charges required under

4    chapter 123 of title 28; and (3) failure of the debtor in a voluntary case to file, within fifteen days

5    or such additional time as the court may allow after the filing of the petition commencing such

6    case, the information required by paragraph (1) of section 521.  11 U.S.C. § 707(a).  This list of

7    "causes" is not exhaustive.  11 U.S.C. § 102(3) (defining "including" to be "not limiting").

8    Here, cause exists to dismiss this bankruptcy case because she filed it for improper

9    purposes.  In the 2012 BK Case, which just closed, Debtor admittedly hindered, delayed and

10    defrauded her creditors for years and was denied a discharge.  Now she is back at it again.  This

11    new bankruptcy case does not fulfil any function intended by Congress to give an "honest" debtor

12    a "fresh start."  Instead, it is the continuation of a longstanding two-party dispute between

13    Avetoom and the Debtor. This bankruptcy case should be dismissed so that their disputes can be

14    litigated in the Superior Court.

15    Courts have found dismissal appropriate under § 707(a) where a bankruptcy case becomes

16    a two-party dispute that can be litigated in other forums. *See, e.g., In re U.S. Voting Machines,*

17    *Inc.*, 2007 WL 4287526 at *6-8 (N.D. Cal. 2007) (affirming dismissal under § 707(a) as a two-

18    party dispute that would waste judicial resources).  *See also In re Silberkraus*, 253 B.R. 890, 906

19    (Bankr. C.D. Cal. 2000) (noting that "two party disputes in state court (or federal district court)

20    should be resolved through the normal litigation process in those forums").  That is certainly the

21    case here.  Debtor is again using a Chapter 7 to avoid litigation (and contempt proceedings) in the

22    2010 IIED Action and to collaterally attack the Recorded Stipulated Judgment in the 2015

23    Fraudulent Transfer Action.

24    Therefore, this bankruptcy case should be dismissed for cause pursuant to 11 U.S.C. §

25    707(a).

26    **B.    Cause Exists to Dismiss this BK Case Pursuant to 11 U.S.C. § 707(b)**

27    Alternatively, this case should be dismissed for bad faith pursuant to 11 U.S.C. §

28    707(b)(3), which provides: "[a]fter notice and a hearing, the court, on its own motion or on a

1  motion … *or any party in interest*, may dismiss a case filed by an individual debtor under this

2  chapter whose debts are primarily consumer debts, or, … if it finds that the granting of relief

3  would be an abuse of the provisions of this chapter."

4  Section 707(b)(3) only applies to cases where the debtor has primarily "consumer debts."

5  In her petition, the Debtor represents that she has primarily "consumer debts".  Doc. 1 (Petition) at

6  9.  Assuming this is true, then this bankruptcy case should be dismissed under § 707(b)(3) for bad

7  faith.  When deciding whether dismissal is warranted under § 707(b), courts may consider the

8  following factors:

9  First, the Court must evaluate whether, in light of all the relevant
facts and circumstances, it appears that the debtor's intention in

10  filing a bankruptcy petition is inconsistent with the Chapter 7 goals
of providing a "fresh start" to debtors and maximizing the return to

11  creditors. .... In making this determination, the Court will consider
the following factors: (1) whether the debtor has a likelihood of

12  sufficient future income to fund a Chapter 11, 12, or 13 plan which
would pay a substantial portion of the unsecured claims; (2) whether

13  the debtor's petition was filed as a consequence of illness, disability,
unemployment, or some other calamity; (3) whether the schedules

14  suggest the debtor obtained cash advancements and consumer goods
on credit exceeding his or her ability to repay them; (4) whether the

15  debtor's proposed family budget is excessive or extravagant; (5)
whether the debtor's statement of income and expenses is

16  misrepresentative of the debtor's financial condition; (6) whether the
debtor has engaged in eve-of-bankruptcy purchases; (7) whether the

17  debtor has a history of bankruptcy petition filings and case
dismissals; (8) whether the debtor intended to invoke the automatic

18  stay for improper purposes, such as for the sole objective of
defeating state court litigation; and (9) whether egregious behavior

19  is present. .... As in Chapter 11 and Chapter 13 cases, this Court
finds that no single criterion should be considered dispositive, but

20  rather all of the facts in a case must be evaluated. ... Finally, the
Court also concludes that neither malice nor fraudulent intent by the

21  debtor is required for a finding of bad faith under § 707(b)(3).

22  *In re Mitchell*, 357 B.R. 142, 154–55 (Bankr. C.D. Cal. 2006) (citations omitted).  The applicable

23  factors above favor dismissal under § 707(b).

24  First, this bankruptcy case is inconsistent with the policy goals of providing a "fresh start"

25  to debtors and maximizing the return to creditors.  As stated above, the Debtor has already waived

26  discharge of 99% of the debt scheduled in her current petition.  And her Schedules indicate this is

27

28

a no-asset bankruptcy case.

Second, this bankruptcy case was not filed as a consequence of illness, disability, unemployment, or some other calamity.  Rather, the Debtor filed this bankruptcy case to avoid contempt proceedings in state court litigation and collaterally attack the Stipulated Judgment recorded against the Property.

Third, the Debtor has a history of bankruptcy filings with her most recent case, the 2012 BK Case, closing days after this case was filed.

Finally, egregious behavior is present as the Debtor stipulated to the 727 Judgment in the 2012 BK Case and filed this bankruptcy case for non-bankruptcy purposes.

Accordingly, the totality of the circumstances demonstrates this case was filed in bad faith and should also be dismissed under § 707(b)(3).

**C.    Debtor Should Be Barred From Refiling for Bankruptcy for 180 Days**

Section 349(a) of the Bankruptcy Code empowers bankruptcy courts to enjoin future filings if cause exists to do. 11 U.S.C. § 349(a). That section provides that dismissal of a case does not prejudice the debtor with regard to the filing of a subsequent petition, "[u]nless the court, for cause, orders otherwise." *Id.* Accordingly, where cause exists, the court may restrict the debtor from future filings. *In re Leavitt,* 171 F.3d 1219, 1223-24 (9th Cir. 1999). In addition, § 105(a) permits a bankruptcy court to enter any order necessary to carry out the provisions of the Code and to prevent an abuse of the bankruptcy process. 11 U.S.C. § 105(a).

It is patently clear that the Debtor has no intention of accessing bankruptcy protection for any legitimate purposes.  Virtually all her debt (99%) is already nondischargeable and there are no assets to administer for the benefit of creditors.  This is solely a two-party dispute between Avetoom and the Debtor that should be litigated in the Superior Court.  Give the Debtor's long history of dishonest and abusive behavior, the Court should issue an order prohibiting her from refiling for bankruptcy in any chapter absent prior permission of this court. *In re Leavitt,* 171 F.3d at 1223-24 (9th Cir. 1999).

/ / /

/ / /

1    **IV.      CONCLUSION**

2          For all these reasons, Avetoom respectfully requests this Court enter an order (1) granting

3    this Motion, (2) dismiss the chapter 7 bankruptcy case pursuant to 11 U.S.C. § 707, (3) enjoin the

4    Debtor from refiling any case under any chapter for the next 180 days after dismissal of this

5    action, and (4) granting any further relief it deems proper and just.

6

7                                              Respectfully submitted by,

8                                              LAW OFFICE OF DONALD W. REID

9    Dated: March 23, 2021

10                                             By: /s/Donald W. Reid
                                               Donald W. Reid, Counsel for Karl Avetoom

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF KARL AVETOOM**

I, Karl Avetoom, am a creditor of Rosa Fridman ("Debtor"), the chapter 7 debtor in this bankruptcy case.  I have personal knowledge of the facts stated herein.  I make this declaration in support of the *Motion to Dismiss Bankruptcy Case Pursuant 11 U.S.C. § 707 With 180 Day Bar to Refiling* ("Motion"), to which this declaration is attached.  Any capitalized terms not otherwise defined herein have the same meanings as they do in the Motion.

**A.    The 2007 HOA Action**

1.    On September 5, 2007, Moisey Fridman and Rosa Fridman (collectively, the "Fridmans") filed a complaint against The Beach Crest Villas Homeowners Association, initiating *Fridman v. The Beach Crest Villas Homeowners Association*, Case No. 07CC09589 (the "2007 HOA Action").  The Fridmans were represented in the 2007 HOA Action by Robert Risbrough ("Risbrough") of Darling & Risbrough, LLP ("D&R").

2.    The 2007 HOA Action was tried during binding arbitration where the Fridmans prevailed and were ultimately awarded a judgment by the Orange County Superior Court in the amount of $128,821.89 on August 21, 2009 (the "HOA Judgment").

**B.    The 2010 IIED Action**

3.    On or about February 18, 2010, I filed a complaint against the Fridmans and other defendants for, among other things, intentional infliction of emotional distress, initiating the action *Avetoom v. Arce et al.*, Case No. Orange County Superior Court, Case No. 30-2010-00345490 (the "2010 IIED Action").  In the 2010 IIED Action, I alleged that the Fridmans had engaged in racist and outrageous conduct, including xenophobic harassment and despicable statements over my wife's miscarriage.  The Fridmans were initially represented by D&R in the 2010 IIED Action.

4.    A trial commenced on or about October 18, 2011.  The jury returned a unanimous verdict against the Fridmans and in favor of me on or about October 25, 2011 and awarded damages against the Fridmans in the total amount of $1,000,000.  My proposed judgment was lodged on or about November 2, 2011 and was signed and entered by the court on or about November 18, 2011.  Said judgment was later reduced to $600,000 compensatory damages and

1    $50,000 punitive damages (the "2011 IIED Judgment").  A copy of the 2011 IIED Judgment is

2    attached hereto as **Exhibit 1**.

3        **C.    The 2012 BK Case**

4        5.    On February 10, 2012, the Fridmans filed a voluntary Chapter 13 petition in this

5    Court, initiating *In re Moisey Fridman and Rosa Fridman*, Case No. 8:12-bk-11721-ES (the "2012

6    BK Case").  The 2012 BK Case was converted to chapter 7 on May 24, 2012. Karl Anderson was

7    appointed as chapter 7 trustee ("Trustee").

8        6.    The Fridmans did not schedule an ownership interest in the HOA Judgment on their

9    Schedule A/B because they had allegedly assigned it to D&R on or about April 11, 2011 (the

10   "HOA Judgment Assignment").  This was disputed throughout the entire 2012 BK case.

11       7.    On November 21, 2012, D&R filed a motion in the 2012 BK Case for an order

12   finding the HOA Judgment is not property of the Fridmans' bankruptcy estate due to the HOA

13   Judgment Assignment.  On January 17, 2013, the Court entered an order granting the motion,

14   finding that the HOA Judgment was not property of the estate without prejudice to the Trustee

15   filing an avoidance action to recover the HOA Judgment.

16       8.    On January 25, 2013, the Court entered an order approving the sale of the

17   Fridmans' residence located at 1100 Rutland Road, No. 7, Newport Beach, CA for $372,000.  And

18   on May 31, 2013, the Court entered an order allowing the Fridmans a homestead exemption in the

19   amount of $131,200.00.

20       **D.    The Property**

21       9.    On or about May 6, 2013, and while the 2012 BK Case was pending, the Fridmans

22   acquired a 68.3% interest in the real property located at 16542 Blackbeard Lane #304, Huntington

23   Beach, CA 92649 (the "Property").  Title to the Property was vested initially as follows: "Moisey

24   Fridman and Rosa Fridman, Husband and Wife as to an undivided 68.3% interest and Alex

25   Fridman, a Single Man as to an undivided 31.7% interest, all as Tenants in Common."  A copy of

26   the Grant Deed recorded May 21, 2013 as Doc. 2013000308409 is attached hereto as **Exhibit 2**.

27       10.   On or about October 23, 2013, the Fridmans transferred their ownership interest to

28   a family trust as follows: "MOISEY O. FRIDMAN and ROSA A. FRIDMAN, Trustees of THE

FRIDMAN FAMILY TRUST u/d/t April 14, 2000" (the "Fridman Family Trust").  A copy of the Grant Deed recorded December 26, 2013 as Doc. 2013000709838 is attached hereto as **Exhibit 3**.

11.    Upon the Fridmans' acquisition of the Property, at least two liens previously recorded by me to secure the 2011 IIED Judgment attached.  (My liens against the Property are subject to the Debtor's pending *Motion to Avoid Liens Under 11 U.S.C. § 522(f)* [Doc. 13] (the "LAM"), which I intend to oppose and request a hearing.  The LAM, however, contains relevant information regarding the Property and Debtor's improper purpose in filing this bankruptcy case.  Accordingly, I incorporate by reference the LAM and its exhibits.).

**E.    The 2013 AP and 727 Judgment**

12.    On July 30, 2013, the Trustee filed an adversary complaint in the 2012 BK Case against the Fridmans to deny their discharge pursuant to 11 U.S.C. § 727(a)(2), (4), and (5), initiating *Anderson v. Fridman*, Case No. 8:13-ap-01253-ES (the "2013 AP").  A copy of the complaint filed in the 2013 AP is attached hereto as **Exhibit 4**.

13.    On or about January 30, 2015, the Fridmans stipulated to judgment in the 2013 AP (the "727 Stipulation").  And or about February 18, 2015, the Court entered an order denying the Fridmans their chapter 7 discharge (the "727 Judgment").  Copies of the 727 Stipulation and 727 Judgment are attached hereto as **Exhibits 5 and 6**, respectively.

14.    On August 14, 2015, Moisey Fridman passed away.  LAM at p. 87 (Death Certificate).

**F.    The 2015 Fraudulent Transfer Action**

15.    In November 2015, I filed a fraudulent transfer complaint against Risbrough, D&R and the Fridmans to set aside and recover the HOA Judgment Assignment, initiating *Avetoom v. Risbrough et al*, Case No. 30-2015-00820760-CU-FR-CJC (the "2015 Fraudulent Transfer Action").  D&R settled with me on the eve of trial and the property returned.

16.    During the first day of trial, on July 9, 2019, the 2015 Fraudulent Transfer Action was settled between Rosa Fridman (hereinafter, the "Debtor") and me whereby the Debtor as part of the terms of the Settlement consented to creation of a lien by the Settlement Agreement against her individually and her in her capacity as Trustee to her Trust, which held one asset, the Property

1    (the "Settlement").  A copy of the transcript for the July 9, 2019 hearing is attached hereto as

2    **Exhibit 7**.  The parties further agreed that the Settlement would be memorialized in a court order

3    that would be recorded as lien against the Property to secure the outstanding monies owed to me.

4    Ex. 7 (Transcript) at 11:4-14.

5          17.    On November 14, 2019, I filed a motion to enforce the Settlement pursuant CCP §

6    664.6.  On February 13, 2020, the Superior Court granted the motion finding that the Debtor

7    entered the Settlement in both capacities, the Settlement was a contract as a matter of California

8    law (individually and trustee of the Fridman Family Trust) and requesting further briefing on the

9    wording of the judgment which was to incorporate the terms of the Settlement.

10          18.    On August 13, 2020, and after the initial months of the pandemic passed, the

11    Superior Court entered a judgment in the 2015 Fraudulent Transfer Action memorializing the

12    terms of the Settlement, which I then recorded against the Property on November 19, 2020

13    pursuant to the parties' stipulation (the "Recorded Stipulated Judgment").  A copy of the Recorded

14    Stipulated Judgment is attached hereto as **Exhibit 8**.

15          19.    Thereafter, in the 2010 IIED Action and the 2015 Fraudulent Transfer Action, I

16    proceeded with judgment debtor examinations (JDE) of the Debtor.  However, the Debtor refused

17    on multiple occasions to produce the entire Fridman Family Trust as requested by me.

18    Accordingly, on February 22, 2021, the Superior Court in the 2010 IIED Action issued an Order to

19    Show Cause re Contempt ("OSC") against the Debtor for her violations of court orders entered on

20    August 29, 2019 and November 16, 2020.  A hearing on the OSC was scheduled for April 9, 2021.

21    A copy of the OSC is attached hereto as **Exhibit 9**.

22          **G.    The 2021 BK Case**

23          20.    On February 26, 2021, and before the hearing on the OSC could be held, the

24    Debtor filed this chapter 7 bankruptcy case (the "2021 BK Case").  And on March 9, 2021, the

25    Debtor filed the LAM to avoid my liens against the Property.

26          21.    I believe it is clear from her Schedules and LAM that Debtor filed this bankruptcy

27    case in bad faith to (1) avoid the accountability for her continued contempt in the 2010 IIED

28    Action, and (2) collaterally attack the consensual lien created by the Settlement of the 2015

Fraudulent Transfer Action.  There is no bankruptcy purpose for this case as (1) the Debtor's Schedule A/B does not disclose any assets that can be administered for the benefit of creditors, and (2) her Schedules D and E/F show that 99% of the scheduled debts are non-dischargeable pursuant to the 727 Judgment and 11 U.S.C. § 523(a)(10).  A table summarizing the claims in the 2012 BK Case versus this bankruptcy as well as the relevant Schedule excerpts are attached hereto as **Exhibit 10**.  Thus, creditors will not receive a distribution and Debtor will not receive a discharge.

22.    Therefore, I believe the Debtor filed this bankruptcy case in bad faith and it should be dismissed pursuant to 11 U.S.C. § 707.

I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed:  March 23, 2021  in Newport Beach, CA    By: _____

Karl Avetoom

# Exhibit 1

FILED

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
HARBOR JUSTICE CENTER

NOV 18 2011

ALAN CARLSON, Clerk of the Court

BY_____ DEPUTY
T. LEWIS

Rec'd

NOV 02 2011

T. LEWIS

1  Charles Murray, III.  SBN: 195053
   523 West Sixth Street, Suite 707
2  Los Angeles, California 90014
   T.213.627.5983
3  F.213.627.6051

4  Attorney for Plaintiff

5

6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF ORANGE-HARBOR JUSTICE CENTER

10

   KARL AVETOOM,                    ) Case No: 30-2010-00345490
11                                  )
           Plaintiff,               ) *Assigned to:*
12                                  )
       vs.                          ) *HON.* JUDGE KAREN L. ROBINSON
13                                  ) *Dept:* H12
                                    )
14                                  )
   MOISEY FRIDMAN and ROSA          ) [PLAINTIFF'S PROPOSED] JUDGMENT
15                                  )
   FRIDMANS, as individuals, and    )
16                                  )
   DOES 1-50,                       )
17                                  )
           Defendants               )
18 ─────────────────────────────────)

19

20      This cause came on regularly for trial on October 18, 2011 in

21 department H12, the Honorable Karen L. Robinson, Judge, presiding.

22 Plaintiff Karl Avetoom appeared by Charles L. Murray III of the Law

23 Offices of Charles L. Murray III, his attorney.  Defendants Moisey

24 and Rosa Fridman appeared by D. Michael Bush of the Law Office of D.

25 Michael Bush, their attorney.

26      The trial was bifurcated. The first phase of the trial

27 consisted of the liability issues on the complaint; the second phase

28 would consist of punitive damages.  A jury of twelve persons was

                              - 1 -

1  regularly impaneled and sworn to try the action.

2  **FIRST PHASE OF THE TRIAL–PLAINTIFF'S SPECIAL VERDICT**

3  **[MOISEY FRIDMAN]**

4  After hearing the evidence, arguments of counsel, and

5  instructions of the Court, and the following questions as stipulated

6  to by the parties, the jury deliberated and unanimously returned the

7  special verdict on the first phase–complaint, of the trial that

8  stated:

9

10  "We answer the questions submitted to us as follows:

11  1. Was Moisey Fridman's conduct outrageous?

12

13  __X__ Yes _____ No

14

15  If your answer to question 1 is yes, then answer question 2.

16  If you answered no, stop here, answer no further questions,

17  and have the presiding juror sign and date this form.

18

19  2. Did Moisey Fridman intend to cause Karl Avetoom

20  emotional distress?

21  or

22  Did Moisey Fridman act with reckless disregard of the

23  probability that Karl Avetoom would suffer emotional

24  distress, knowing that Karl Avetoom was present when the

25  conduct occurred?

26

27  __X__ Yes _____ No

28

- 2 -

1 If your answer to question 2 is yes, then answer question 3.

2 If you answered no, stop here, answer no further questions,

3 and have the presiding juror sign and date this form.

4

5  3. Did Karl Avetoom suffer severe emotional distress?

6

7  __X__ Yes _____ No

8

9 If your answer to question 3 is yes, then answer question 4.

10 If you answered no, stop here, answer no further questions,

11 and have the presiding juror sign and date this form.

12

13  4. Was Moisey Fridman's conduct a substantial factor in

14 causing Karl Avetoom's severe emotional distress?

15

16  __X__ Yes _____ No

17 If your answer to question 4 is yes, then answer question 5.

18 If you answered no, stop here, answer no further questions,

19 and have the presiding juror sign and date this form.

20

21  5. What are Karl Avetoom's damages?

22

23 [a] Past non-economic loss: Emotional distress includes suffering,
anguish, fright, horror, nervousness, grief, anxiety, worry, shock,

24 humiliation, and shame:........................... $ 200,000.00

25

26 [b] Future non-economic loss: Emotional distress includes
suffering, anguish, fright, horror, nervousness, grief, anxiety,

27 worry, shock, humiliation, and shame:................ $ 100,000.00

28

- 3 -

[PLAINTIFF'S PROPOSED] JUDGMENT

1          ..................................... **TOTAL** $300,000.00

2

3          6. Did Defendant Rosa Fridman engage in a Conspiracy with

4          Defendant Moisey Fridman?

5

6                              Or

7          Did Rosa Fridman aide and abet Moisey Fridman to cause Karl

8          Avetoom intentional infliction of emotional distress?

9

10         __X__ Yes _____ No

11

12    Please proceed to question #7

13

14         7.   Did Defendant Moisey Fridman engage in conduct, by clear

15         and convincing evidence, with either "malice", "oppression", or

16         "fraud"?

17         __X__ Yes _____ No

18

19

20    Signed: /s/

21

22    Presiding Juror"

23

24         **FIRST PHASE OF THE TRIAL-PLAINTIFF'S SPECIAL VERDICT**

25                       **[ROSA FRIDMAN]**

26      After hearing the evidence, arguments of counsel, and

27    instructions of the Court, and the following questions as stipulated

28    to by the parties, the jury deliberated and unanimously returned the

                              - 4 -

special verdict on the first phase-complaint, of the trial that

stated:

"We answer the questions submitted to us as follows:

1. Was Rosa Fridman's conduct outrageous?


__X__ Yes _____ No


If your answer to question 1 is yes, then answer question 2.
If you answered no, stop here, answer no further questions,
and have the presiding juror sign and date this form.


2. Did Rosa Fridman intend to cause Karl Avetoom emotional

distress?

or

Did Rosa Fridman act with reckless disregard of the

probability that Karl Avetoom would suffer emotional

distress, knowing that Karl Avetoom was present when the

conduct occurred?


__X__ Yes _____ No


If your answer to question 2 is yes, then answer question 3.
If you answered no, stop here, answer no further questions,
and have the presiding juror sign and date this form.


3. Did Karl Avetoom suffer severe emotional distress?


__X__ Yes _____ No

- 5 -

If your answer to question 3 is yes, then answer question 4.

If you answered no, stop here, answer no further questions,

and have the presiding juror sign and date this form.


4. Was Rosa Fridman's conduct a substantial factor in

causing Karl Avetoom's severe emotional distress?


__X__ Yes _____ No

If your answer to question 4 is yes, then answer question 5.

If you answered no, stop here, answer no further questions,

and have the presiding juror sign and date this form.


5. What are Karl Avetoom's damages?

[a] Past non-economic loss: Emotional distress includes suffering,
anguish, fright, horror, nervousness, grief, anxiety, worry, shock,
humiliation, and shame:........................... $ 200,000.00

[b] Future non-economic loss: Emotional distress includes
suffering, anguish, fright, horror, nervousness, grief, anxiety,
worry, shock, humiliation, and shame:................ $ 100,00.00


....................................... **TOTAL** $300,000.00


6. Did Defendant Moisey Fridman engage in a Conspiracy with

Defendant Rosa Fridman?


                    Or

Did Moisey Fridman aide and abet Rosa Fridman to cause Karl

- 6 -

1    Avetoom intentional infliction of emotional distress?

2

3         __X__ Yes _____ No

4

5   Please proceed to question #7

6        7.   Did Defendant Rosa Fridman engage in conduct, by clear and

7        convincing evidence, with either "malice", "oppression", or

8        "fraud"?

9             __X__ Yes _____ No

10

11  Signed: /s/

12  Presiding Juror"

13

14            **SECOND PHASE OF THE TRIAL-SPECIAL VERDICT:**

15             **PUNITIVE DAMAGES AGAINST MOISEY FRIDMAN**

16       After hearing the evidence, arguments of counsel, and

17  instructions of the Court, the jury deliberated and unanimously

18  returned a special verdict on the second phase of the trial-punitive

19  damages, awarding:

20       $200,000.00 in punitive damages against Moisey Fridman.

21

22            **SECOND PHASE OF THE TRIAL-SPECIAL VERDICT:**

23             **PUNITIVE DAMAGES AGAINST ROSA FRIDMAN**

24       After hearing the evidence, arguments of counsel, and

25  instructions of the Court, the jury deliberated and unanimously

26  returned a special verdict on the second phase of the trial-punitive

27  damages, awarding:

28       $200,000.00 in punitive damages against Rosa Fridman.

[PLAINTIFF'S PROPOSED] JUDGMENT

1    **NOW, THEREFORE, IT IS ADJUDGED, ORDERED AND DECREED** that

2    judgment be entered in favor of the plaintiff Karl Avetoom and

3    against defendants Moisey Fridman and Rosa Fridman on the complaint,

4    as follows:

5        The Court orders judgment against Moisey Fridman as follows:

6    $300,000.00 non-economic damage for intentional infliction of

7    emotional distress, and $200,000.00 in punitive damages by a finding

8    of clear and convincing evidence of malice, oppression or fraud

9    causing intentional infliction of emotional distress.

10       The Court orders judgment against Rosa Fridman as follows:

11   $300,000.00 non-economic damage for intentional infliction of

12   emotional distress, and $200,000.00 in punitive damages by a finding

13   of clear and convincing evidence of malice, oppression or fraud

14   causing intentional infliction of emotional distress.

15

16       The entire judgment against defendant Moisey Fridman is

17   $500,000.00;($300,000.00 is joint and several with defendant Rosa

     Fridman for compensatory damages).

18

19       The entire judgment against defendant Rosa Fridman is

20   $500,000.00;($300,000.00 is joint and several with defendant Moisey

21   Fridman for compensatory damages).

22

23       All sums awarded hereunder will bear interest at the legal rate

24   of 10% per annum from the date ~~of the~~ judgment is entered until

     paid.

25

26

27   Dated:  11.18.11                    *Karen L. Robinson*

28                                       Hon. Karen L. Robinson
                                         Judge of the Superior Court

                                         - 8 -

# Exhibit 2

RECORDING REQUESTED BY
LAWYERS TITLE

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

RECORDING REQUESTED BY:
~~EscrowQuick, Inc.~~
*MAIL TAX STATEMENT TO*

12.00

* $ R 0 0 0 5 8 8 0 5 1 2 $ *

AND WHEN RECORDED MAIL TO:

2013000308409 4:30 pm 05/21/13

Rosa Fridman
1100 Rutland Road
Newport Beach, CA 92660

117 Sec2 G02  3 04
101.75 101.75 0.00 0.00 6.00 0.00 0.00 0.00

Order No. 213251617
Escrow No. 13-1731-LT
Parcel No. 937-71-030

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# GRANT DEED

THE UNDERSIGNED HEREBY DECLARES THAT DOCUMENTARY TRANSFER TAX IS $203.50 and CITY $
☒ computed on full value of property conveyed, or
☐ computed on full value less liens or encumbrances remaining at the time of sale.
☐ unincorporated area: ☒ **Huntington Beach**, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
**Harry William White, Jr. and Gwendolyn Kay White, Trustees of the Harry William White Jr. and Gwendolyn Kay White 1992 Trust executed October 18, 1992**

hereby **GRANTS** to: Moisey Fridman and Rosa Fridman, Husband and Wife as to an undivided 68.3% interest and Alex Fridman, a Single Man as to an undivided 31.7% interest, all as Tenants in Common
the following described real property in the County of **Orange**, State of California:
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A"

Date    5/6/2013

Harry William White, Jr. and Gwendolyn Kay
White, Trustees of the Harry William White Jr. and
Gwendolyn Kay White 1992 Trust executed October
18, 1992

By: Harry William White, Jr., Trustee

By: Gwendolyn Kay White, Trustee

STATE OF CALIFORNIA                    }
                                       }S.S.
COUNTY OF  LOS ANGELES                 }

On  MAY 06, 2013            , before me,  CAROLINE P. JIMENEZ, NOTARY PUBLIC   ,
personally appeared **Harry William White, Jr. and Gwendolyn Kay White, Trustees of the Harry William White Jr. and Gwendolyn Kay White 1992 Trust executed October 18, 1992** who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) ~~is~~/are subscribed to the within instrument and acknowledged to me that ~~he/she~~/they executed the same in ~~his/her~~/their authorized capacity(ies), and that by ~~his/her~~/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature  Caroline P. Jimenez            (Seal)

CAROLINE P. JIMENEZ
Commission # 1941989
Notary Public - California
Los Angeles County
My Comm. Expires Jun 24, 2015

ATC 213251617

EXHIBIT A

THE LAND REFERRED TO HEREIN IS SITUATED IN THE COUNTY OF ORANGE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

A Leasehold Estate created by that certain sublease dated May 14, 1981 sublease, executed by Harbour Vista, A California Limited Partnership, as lessor, and recorded May 22, 1981 in Book 14070, Page 1729, of Official Records.

A CONDOMINIUM COMPRISED OF:

PARCEL 1:

UNIT 10 IN BUILDING 2, ON LOTS A, B, C AND LOT 1 OF TRACT NO. 10658, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN AND DESCRIBED IN THE CONDOMINIUM PLAN ("PLAN") RECORDED IN BOOK 13710, PAGE 1889, ET SEQ., OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA.

PARCEL 2:

AN UNDIVIDED 1/120TH INTEREST AS A TENANT IN COMMON IN A SUBLEASEHOLD ESTATE IN AND TO ALL OF THE REAL PROPERTY, INCLUDING, WITHOUT LIMITATION, THE COMMON AREAS DEFINED IN THE DECLARATION OF LOTS A, B, C AND LOT 1 OF TRACT NO. 10658, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A MAP RECORDED IN BOOK 466 PAGES 37 AND 38 OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM, UNITS 1 THROUGH 20 INCLUSIVE IN BUILDINGS I THROUGH IV INCLUSIVE ON LOTS A, B, C AND LOT 1 OF TRACT NO. 10658, AS SHOWN ON THE PLAN.

EXCEPT FURTHER THEREFROM, ALL IMPROVEMENTS AND APPURTENANCES LOCATED OR TO BE LOCATED ON SAID LOTS A, B, C AND LOT 1 OF TRACT NO. 10658.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS, OTHER HYDROCARBON SUBSTANCES AND UNDERGROUND WATER LYING BELOW A DEPTH OF 500 FEET, BUT WITH NO RIGHT OF SURFACE ENTRY, AS PROVIDED IN DEEDS OF RECORD.

PARCEL 3;

NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, USE, ENJOYMENT, DRAINAGE, ENCROACHMENT, SUPPORT, MAINTENANCE, REPAIRS, AND FOR OTHER PURPOSES, ALL AS SHOWN IN THE PLAN AND AS DESCRIBED IN THE DECLARATION.

PARCEL 4:

EXCLUSIVE EASEMENTS APPURTENANT TO PARCELS NO. 1 AND NO. 2 DESCRIBED ABOVE, FOR USE AND OCCUPANCY FOR PATIOS AND DECKS, TO AND OVER THOSE PORTIONS OF LOTS A, B, C AND LOT 1 OF TRACT 10658, DEFINED AS RESTRICTED COMMON AREAS IN THE DECLARATION AS DESCRIBED AND ASSIGNED IN THE PLAN.

II. IMPROVEMENTS:

PARCEL NO. 1:

AN UNDIVIDED 1/120TH FEE SIMPLE INTEREST IN ALL THE IMPROVEMENTS AND APPURTENANCES LOCATED ON LOTS A, B, C AND LOT 1 OF TRACT NO. 10658, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A MAP RECORDED IN BOOK 466 PAGES 37 AND 38 OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. ("IMPROVEMENTS").

PARCEL NO. 2:

NONEXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, USE, ENJOYMENT, DRAINAGE, ENCROACHMENT, SUPPORT, MAINTENANCE, REPAIRS, AND FOR OTHER PURPOSES, ALL SHOWN IN THE PLAN, AND AS DESCRIBED IN THE DECLARATION, TO THE EXTENT SUCH EASEMENTS ARE LOCATED ON THE IMPROVEMENTS.

PARCEL NO. 3

EXCLUSIVE EASEMENTS APPURTENANT TO PARCEL NO. 1 ABOVE, FOR USE AND OCCUPANCY FOR PATIOS AND DECKS, IN, TO AND OVER THOSE PORTIONS OF LOTS A, B, C AND LOT 1 OF TRACT NO. 10658, DEFINED AS RESTRICTED COMMON AREAS IN THE DECLARATION, AS DESCRIBED AND ASSIGNED IN THE PLAN, TO THE EXTENT SUCH EASEMENTS ARE LOCATED ON THE IMPROVEMENTS.

ASSESSOR'S PARCEL NUMBER: 937-71-030

# Exhibit 3

uu

Recording Requested By:
HESS-VERDON & ASSOCIATES, PLC

When Recorded Mail To:
HESS-VERDON & ASSOCIATES, PLC
620 Newport Center Drive, Suite 1030
Newport Beach, CA 92660

Mail Tax Statements To:
Moisey O. Fridman and Rosa A. Fridman,
Trustees
P.O. Box 10611
Costa Mesa, CA 92627

**Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder**

‖‖‖‖‖‖‖‖‖‖‖ 12.00

\* $ R 0 0 0 6 4 0 9 9 1 0 $ \*
**2013000709838** 3:43 pm 12/26/13
62 417 G02 F13   2
0.00 0.00 0.00 0.00 3.00 0.00 0.00 0.00

A.P.N. 937-71-030

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
**"This conveyance transfers the grantor's interest into his or her revocable living trust, R & T 11930."**

DOCUMENTARY TRANSFER TAX IS $___-0-___

☐ COMPUTED ON FULL VALUE OF PROPERTY CONVEYED, OR
   COMPUTED ON FULL VALUE LESS VALUE OF LIENS OR
   ENCUMBRANCES REMAINING at time of sale

☐ unincorporated area   ☐ city of La Habra

SIGNATURE OF DECLARANT OR AGENT- FIRM NAME

## FOR NO VALUABLE CONSIDERATION,

MOISEY FRIDMAN and ROSA FRIDMAN, Husband and Wife as to an undivided 68.3% interest.

**HEREBY GRANT to** MOISEY O. FRIDMAN and ROSA A. FRIDMAN, Trustees of THE FRIDMAN
FAMILY TRUST u/d/t April 14, 2000, the following described real property in the County of ORANGE,
State of CALIFORNIA:

See Exhibit "A" attached hereto and made a part hereof.

Commonly Known As: 16542 Blackbeard Lane #304, Huntington Beach, CA 92649

Dated: _10/23/2013_

MOISEY FRIDMAN

ROSA FRIDMAN

STATE OF CALIFORNIA   )
COUNTY OF ORANGE   )ss.

ON _10/23/13_, 2013, before me, _Sarah Melisa Boster_, Notary Public, personally
appeared MOISEY FRIDMAN and ROSA FRIDMAN, who proved to me on the basis of satisfactory evidence to be the persons
whose names are subscribed to the within instrument and acknowledged that they executed the same in their authorized capacity, and
that by their signatures on the instrument the person or entity upon behalf of which the person acted, executed the instrument. I certify
UNDER PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature



SARAH MELISA BOSTER
Commission # 2015360
Notary Public - California
Orange County
My Comm. Expires Mar 26, 2017

# EXHIBIT A

THE LAND REFERRED TO HEREIN IS SITUATED IN THE COUNTY OF ORANGE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

A Leasehold Estate created by that certain sublease dated May 14, 1981 sublease, executed by Harbour Vista, A California Limited Partnership, as lessor, and recorded May 22, 1981 in Book 14070, Page 1729, of Official Records.

A CONDOMINIUM COMPRISED OF:

PARCEL 1:

UNIT 10 IN BUILDING 2, ON LOTS A, B, C AND LOT 1 OF TRACT NO. 10658, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN AND DESCRIBED IN THE CONDOMINIUM PLAN ("PLAN") RECORDED IN BOOK 13710, PAGE 1889, ET SEQ., OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA.

PARCEL 2:

AN UNDIVIDED 1/120TH INTEREST AS A TENANT IN COMMON IN A SUBLEASEHOLD ESTATE IN AND TO ALL OF THE REAL PROPERTY, INCLUDING, WITHOUT LIMITATION, THE COMMON AREAS DEFINED IN THE DECLARATION OF LOTS A, B, C AND LOT 1 OF TRACT NO. 10658, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A MAP RECORDED IN BOOK 466 PAGES 37 AND 38 OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM, UNITS 1 THROUGH 20 INCLUSIVE IN BUILDINGS I THROUGH IV INCLUSIVE ON LOTS A, B, C AND LOT 1 OF TRACT NO. 10658, AS SHOWN ON THE PLAN.

EXCEPT FURTHER THEREFROM, ALL IMPROVEMENTS AND APPURTENANCES LOCATED OR TO BE LOCATED ON SAID LOTS A, B, C AND LOT 1 OF TRACT NO. 10658.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS, OTHER HYDROCARBON SUBSTANCES AND UNDERGROUND WATER LYING BELOW A DEPTH OF 500 FEET, BUT WITH NO RIGHT OF SURFACE ENTRY, AS PROVIDED IN DEEDS OF RECORD.

PARCEL 3;

NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, USE, ENJOYMENT, DRAINAGE, ENCROACHMENT, SUPPORT, MAINTENANCE, REPAIRS, AND FOR OTHER PURPOSES, ALL AS SHOWN IN THE PLAN AND AS DESCRIBED IN THE DECLARATION.

PARCEL 4:

EXCLUSIVE EASEMENTS APPURTENANT TO PARCELS NO. 1 AND NO. 2 DESCRIBED ABOVE, FOR USE AND OCCUPANCY FOR PATIOS AND DECKS, TO AND OVER THOSE PORTIONS OF LOTS A, B, C AND LOT 1 OF TRACT 10658, DEFINED AS RESTRICTED COMMON AREAS IN THE DECLARATION AS DESCRIBED AND ASSIGNED IN THE PLAN.

II. IMPROVEMENTS:

PARCEL NO. 1:

AN UNDIVIDED 1/120TH FEE SIMPLE INTEREST IN ALL THE IMPROVEMENTS AND APPURTENANCES LOCATED ON LOTS A, B, C AND LOT 1 OF TRACT NO. 10658, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A MAP RECORDED IN BOOK 466 PAGES 37 AND 38 OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. ("IMPROVEMENTS").

PARCEL NO. 2:

NONEXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, USE, ENJOYMENT, DRAINAGE, ENCROACHMENT, SUPPORT, MAINTENANCE, REPAIRS, AND FOR OTHER PURPOSES, ALL SHOWN IN THE PLAN, AND AS DESCRIBED IN THE DECLARATION, TO THE EXTENT SUCH EASEMENTS ARE LOCATED ON THE IMPROVEMENTS.

PARCEL NO. 3

EXCLUSIVE EASEMENTS APPURTENANT TO PARCEL NO. 1 ABOVE, FOR USE AND OCCUPANCY FOR PATIOS AND DECKS, IN, TO AND OVER THOSE PORTIONS OF LOTS A, B, C AND LOT 1 OF TRACT NO. 10658, DEFINED AS RESTRICTED COMMON AREAS IN THE DECLARATION, AS DESCRIBED AND ASSIGNED IN THE PLAN, TO THE EXTENT SUCH EASEMENTS ARE LOCATED ON THE IMPROVEMENTS.

ASSESSOR'S PARCEL NUMBER: 937-71-030

# Exhibit 4

TODD A. FREALY (SBN 198780)
JULIET Y. OH (SBN 211414)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: taf@lnbyb.com; jyo@lnbyb.com

Attorneys for Karl Anderson, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:12-bk-11721-ES |
| MOISEY O. FRIDMAN and ROSA A. FRIDMAN, | Chapter 7 |
| Debtors. | |
| _____ | Adv. No. 8:13-ap _____-ES |
| KARL ANDERSON, Chapter 7 Trustee, | **COMPLAINT AGAINST DEBTORS** |
| Plaintiff, | **MOISEY O. FRIDMAN AND ROSA** |
| | **A. FRIDMAN FOR DENIAL OF** |
| vs. | **DISCHARGE** |
| MOISEY O. FRIDMAN and ROSA A. FRIDMAN, | Date: [To Be Set By Summons] |
| | Time: |
| | Place: Courtroom "5A" |
| Defendants. | 411 West Fourth Street |
| _____ | Santa Ana, California |

**TO THE HONORABLE ERITHE SMITH, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Karl Anderson, Chapter 7 trustee (the "Trustee" or "Plaintiff") for the bankruptcy

estate of Moisey O. Fridman and Rosa A. Fridman, respectfully alleges as follows:

///

///

## JURISDICTIONAL ALLEGATIONS

1.     This Court has jurisdiction over this adversary proceeding by virtue of 28 U.S.C. §§ 151, 157 and 1334; 11 U.S.C. §§ 105 and 727, and the Local Rules of the United States Bankruptcy Court and the United States District Court for the Central District of California.

2.     Venue is proper in this Court under 28 U.S.C. § 1409 because this adversary proceeding arises under and in connection with a case filed under Title 11 which is pending in this district.

3.     This action is a core proceeding under 28 U.S.C. § 157(b).

4.     This action is timely because the Court entered an order on May 16, 2013 extending the time for the Trustee or the United States Trustee to file a complaint objecting to the Debtors' discharge through and including July 31, 2013.

## GENERAL ALLEGATIONS

5.     On or about February 18, 2010, Karl Avetoom filed a complaint against Moisey Fridman and Rosa Fridman, the debtors herein (collectively, the "Debtors"), for abuse of process, civil harassment, intentional infliction of emotional distress, and civil conspiracy (the "Avetoom Action").

6.     A trial commenced in the Avetoom Action on or about October 18, 2011. The jury returned a verdict against the Debtors and in favor of Mr. Avetoom on or about October 25, 2011 and awarded damages against the Debtors in the total amount $1,000,000. Mr. Avetoom's proposed judgment was lodged on or about November 2, 2011 and was signed and entered by the court on or about November 18, 2011 (the "Avetoom Judgment").

7.     On or about November 9, 2011, Mr. Avetoom filed an ex parte application pursuant to California Code of Civil Procedure Section 527 for a temporary restraining order and/or a preliminary injunction restraining the Debtors from assigning assets. Plaintiff is

2

informed and believes that the court issued a temporary restraining order and a preliminary

injunction against the Debtors restraining them from assigning assets or utilizing their home

equity line of credit from November 9, 2011 through January 23, 2012. Plaintiff is further

informed and believes that the restraining order and preliminary injunction terminated on

January 23, 2012.

8.      On February 10, 2012, the Debtors commenced a Chapter 13 bankruptcy case by

filing a voluntary petition for relief under the Bankruptcy Code (the "Petition Date").

9.      On May 24, 2012, the Debtors filed a Notice of Conversion of Bankruptcy Case

From Chapter 13 to Chapter 7.

10.     Thereafter, Karl T. Anderson became the duly appointed Chapter 7 Trustee (the

"Trustee") of the Debtors' bankruptcy estate (the "Estate"). A Notice of Appointment of Trustee

and Fixing of Bond; Acceptance of Appointment As Trustee was filed with the Court on July 11,

2012.

11.     Karl Anderson, is the duly-appointed, qualified and acting Chapter 7 Trustee in

this bankruptcy case and is the Plaintiff herein.

12.     The Debtors filed their Schedules and Statement of Financial Affairs on February

24, 2012.

13.     In the Debtors' Schedule B filed on February 24, 2012, the Debtors disclosed that

they owned 3 bank accounts: 1 checking account with Union Bank; 1 savings account with

Union Bank; 1 account with U.S. Bank.

14.     The Debtors also disclosed in their Schedule B filed on February 24, 2012 that

they owned Individual Retirement Accounts with Fidelity Investments and "West Bank".

15.     Question 3 of the Debtors' Statement of Financial Affairs states: "a. Individual or

joint debtor(s) with primarily consumer debts. List all payments on loans, installment purchases

3

of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600." In response to this question the Debtors checked the box which stated "None".

16.    Question 7 of the Debtors' Statement of Financial Affairs states: "List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable organizations aggregating less than $100 per recipient". In response to this question the Debtors checked the box which stated "None".

17.    Question 10 of the Debtors' Statement of Financial Affairs states: "List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case". In response to this question the Debtors checked the box which stated "None".

18.    Question 11 of the Debtors' Statement of Financial Affairs states: "List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions". In response to this question the Debtors checked the box which stated "None".

19.    Question 12 of the Debtors' Statement of Financial Affairs states: "List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other

4

valuables within one year immediately preceding the commencement of this case". In response to this question the Debtors checked the box which stated "None".

20.    On May 18, 2012, the Debtors filed an Amended Statement of Financial Affairs. The Debtors' answers to Questions 3, 7, 11 and 12 in their Amended Statement of Financial Affairs were "None". The Debtors changed their answer to Question 10 to disclose the transfer of an interest in a judgment obtained against Beach Crest HOA to their attorney, Robert Risborough. However, their response to Question 10 did not disclose any other transfers.

21.    On July 6, 2012, the Debtors filed Amended Schedules B and C. In their Amended Schedules, the Debtors' disclosed that they owned 3 bank accounts: 1 checking account with Union Bank; 1 savings account with Union Bank; 1 account with U.S. Bank. The Debtors' Amended Schedules B and C also disclosed ownership of their IRA accounts with Fidelity Investments and "West Bank".

22.    On May 23, 2011, the Debtors actually owned 3 accounts with U.S. Bank, including a Silver Elite Checking account number ending 9978, Standard Savings account number ending 1368 and an Elite Money Market account number ending 2480. As of May 23, 2011, the account balance in their Elite Money Market account number ending 2480 was $2,500.17.

23.    Thereafter, the Debtors closed their Elite Money Market account number ending 2480. The Debtors testified during their meeting of creditors on July 18, 2013 that they closed this account because U.S. Bank raised the minimum balance on their money market account to $10,000. The Debtors' statement dated June 22, 2011 reflects that the balance in their Elite Money Market account number ending 2480 was $0.

24.    On the Petition Date, the Debtors owned the real property located at 1100 Rutland Road, #7, Newport Beach, CA 92660 (the "Property"). In September 2011, the only lien which

5

encumbered the Property was a home equity line of credit from Union Bank, N.A. with account number ending 2182. On September 2, 2011, the unpaid balance owed by the Debtors pursuant to the equity line was $14,959.69.

25.    On September 15, 2011, Debtor Moisey Fridman wrote Check No. 102 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $5,000.00. The Debtors also made a payment to Union Bank in the amount of $200 and interest was charged in the amount of $39.12. The Debtors' balance owed to Union Bank for this home equity line of credit on October 1, 2011 was $19,798.81.

26.    On November 2, 2011, the balance owed on the Debtors' home equity line of credit with Union Bank was $19,593.81.

27.    On November 7, 2011, debtor Moisey Fridman wrote Check No. 103 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $9,800.00. Plaintiff is informed and believes that the Debtors cashed this check.

28.    On November 8, 2011, debtor Moisey Fridman wrote Check No. 104 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $14,515.00. Plaintiff is informed and believes that the Debtors cashed this check.

29.    On November 9, 2011, debtor Rosa Fridman wrote Check No. 105 from the Union Bank equity line account number ending 2182 payable to Rosa Fridman in the amount of $10,000.00. Plaintiff is informed and believes that the Debtors cashed this check.

30.    On November 10, 2011, debtor Moisey Fridman wrote Check No. 106 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $8,000.00. Plaintiff is informed and believes that the Debtors cashed this check.

31.     On November 10, 2011, debtor Rosa Fridman wrote Check No. 107 from the
Union Bank equity line account number ending 2182 payable to Rosa Fridman in the amount of
$6,000. Plaintiff is informed and believes that the Debtors cashed this check.

32.     The checks written by the Debtors to themselves against their equity line account
number ending 2182 from November 7, 2011 through November 10, 2011 totaled $48,315. The
balance owing on their equity line on December 1, 2011 was $68,966.71.

33.     The balance owing on the Debtors' equity line account number ending 2182 on
January 1, 2012 was $69,675.96.

34.     On January 24, 2012, debtor Moisey Fridman wrote Check No. 109 from the
Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount
of $3,000.00. Plaintiff is informed and believes that the Debtors cashed this check.

35.     On January 24, 2012, debtor Moisey Fridman wrote Check No. 116 from the
Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount
of $10,000.00. The check indicates it was for Morris & Stone LLP, who was the firm handling
the Debtors' appeal from the judgment obtained against them in the Avetoom Action. Plaintiff is
informed and believes that the Debtors obtained a cashier's check with the funds and delivered
the cashier's check to Aaron Morris.

36.     On January 24, 2012, debtor Moisey Fridman wrote Check No. 117 from the
Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount
of $15,000.00. The check indicates that it was for an IRA 60-day rollover return. The Debtors
obtained a cashier's check with these funds and deposited the cashier's check into their IRA
account with Fidelity Investments.

37.     On January 24, 2012, debtor Moisey Fridman wrote Check No. 118 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $9,950.00. Plaintiff is informed and believes that the Debtors cashed this check.

38.     On January 24, 2012, debtor Moisey Fridman wrote Check No. 120 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $1,750.00.

39.     The checks written by the Debtors to themselves against their equity line account number ending 2182 on January 24, 2012 totaled $39,700.00. The balance owing on their equity line on February 1, 2012 was $114,023.61.

40.     On February 3, 2012, debtor Moisey Fridman wrote Check No. 122 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $3,500.00. Plaintiff is informed and believes that the Debtors cashed this check.

41.     On March 1, 2012, the balance owing on the Debtors' Union Bank equity lien account number ending 2182 was $120,818.15.

42.     On February 8, 2011, the Debtors opened a Certificate of Deposit with One West Bank with a deposit of $30,000. The CD had a 60 month term at 2.469% interest and was identified by account number ending 1268.

43.     On November 3, 2011, the Debtors closed their CD with One West Bank and withdrew all of the available funds. The Debtors paid a $600 early termination penalty and received the sum of $29,948.79. On November 3, 2011, the Debtors received this sum in the form of a cashier's check in the amount of $20,000 and $9,948.79 in cash.

44.     On June 8, 2011, the Debtors opened a safe deposit box with Union Bank. The Debtors testified during their meeting of creditors that they still own that safe deposit box as of July 18, 2013.

8

45.     The Trustee examined the Debtors at the continued §341(a) meeting of creditors on October 4, 2012 and again on July 18, 2013.  During the examination, the Debtors testified under penalty of perjury that: (a) they signed their petition, schedules, statements and related documents; (b) they read their bankruptcy papers carefully before signing; (c) they had personal knowledge of the information contained in their bankruptcy papers and that information was true and correct; (d) they listed all of their assets and creditors in their bankruptcy schedules; and (e) there were not any mistakes in their bankruptcy papers other than had been corrected in their amended schedules.

46.     However, in their bankruptcy schedules and statements of financial affairs signed under penalty of perjury and filed with the Court, the Debtors failed to disclose assets and valuable information which would leave to the discovery of assets.

47.     In response to Question 11 of their original Statement of Financial Affairs filed on February 24, 2012 and their Amended Statement of Financial Affairs filed on May 18, 2012, the Debtors failed to disclose that they closed their Money Market Account with U.S. Bank and withdrew the sum of $2,500 in May 2011.

48.     The Debtors failed to disclose that on the Petition Date, they owned two accounts with U.S. Bank.

49.     In response to Question 11 of their original Statement of Financial Affairs filed on February 24, 2012 and their Amended Statement of Financial Affairs filed on May 18, 2012, the Debtors failed to disclose that on November 3, 2011 they closed their CD with One West Bank and withdrew the sum of $29,948.79.

50.     In response to Question 12 of their original Statement of Financial Affairs filed on February 24, 2012 and their Amended Statement of Financial Affairs filed on May 18, 2012, the Debtors failed to disclose that they owned a safe deposit box on the Petition Date.

51.     In response to Questions 3, 7 or 10 in their original Statement of Financial Affairs filed on February 24, 2012 and their Amended Statement of Financial Affairs filed on May 18, 2012, the Debtors failed to disclose the withdrawal of $126,463.79 in funds on deposit in their One West CD or borrowed against their Union Bank equity line, and did not disclose the use, transfer or dissipation of these funds.

52.     The Debtors did not disclose that within the 50 days immediately preceding the Petition Date, they paid $25,000 to attorney Aaron Morris to help them with their appeal of the Avetoom Judgment. The Debtor further did not disclose in their Schedule B filed on February 24, 2012 or their Amended Schedule B filed on July 6, 2012, that $12,500 of this sum was held by Mr. Morris on the Petition Date as a deposit against future costs.

53.     The Debtors testified during their continued Section 341(a) meeting of creditors on July 18, 2013, that they transferred the sum of $30,000 in cash to a friend named Victoria Gureyeva during November 2011. However, the Debtors failed to disclose this transfer in their Statement of Financial Affairs filed on February 24, 2012 and May 18, 2012.

54.     The Debtors paid their son Alexander Fridman the sum of $2,000 with a check dated November 9, 2011 and which was honored by Debtors' bank on November 14, 2011. The Debtors testified that this payment was to repay their son for funds he advanced to one of the Debtors' attorneys.  The Debtors did not disclose this payment to their son in their Statement of Financial Affairs. During their Section 341(a) meeting of creditors on October 4, 2013, the Debtors also denied making any payments exceeding $500 to their son Alexander Fridman.

55.     The Debtors testified during their Section 341(a) meeting of creditors on November 15, 2013, that they transferred by wire transfer approximately $5,900 to family in Russia within the 1 year period immediately preceding the Petition Date. This transfer is not

10

disclosed in response to Questions 3, 7 or 10 in their original Statement of Financial Affairs filed

on February 24, 2012 and their Amended Statement of Financial Affairs filed on May 18, 2012.

## FIRST CLAIM FOR RELIEF

### (For Denial of Discharge – 11 U.S.C. § 727(a)(2)(A))

56.    Plaintiff realleges and incorporates herein by reference the allegations in

Paragraphs 1 through 55, as though fully set forth herein.

57.    Plaintiff is informed and believes, and based thereon alleges that the Debtors, with

the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody

of property under the Bankruptcy Code, has transferred, removed, destroyed, mutilated, or

concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed

property of the Debtors within one year before the Petition Date.

58.    The Debtors' discharge should therefore be denied under 11 U.S.C. §

727(a)(2)(A).

## SECOND CLAIM FOR RELIEF

### (For Denial of Discharge – 11 U.S.C. § 727(a)(2)(B))

59.    Plaintiff realleges and incorporates herein by reference the allegations in

Paragraphs 1 through 55, as though fully set forth herein.

60.    Plaintiff is informed and believes, and based thereon alleges that the Debtors, with

the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of

property under the Bankruptcy Code, has transferred, removed, destroyed, mutilated, or

concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed

property of the estate after the Petition Date.

61.    The Debtors' discharge should therefore be denied under 11 U.S.C. §

727(a)(2)(B).

11

## **THIRD CLAIM FOR RELIEF**

### **(For Denial of Discharge – 11 U.S.C. § 727(a)(4)(A))**

62.     Plaintiff realleges and incorporates herein by reference the allegations in Paragraphs 1 through 55, as though fully set forth herein.

63.     The Debtors testified at their §341(a) meeting of creditors that they reviewed their Voluntary Petition, Schedules and Statement of Financial Affairs prior to executing them, and that those documents were true and correct.

64.     Plaintiff is informed and believes, and based thereon alleges that the Debtors knowingly and fraudulently, in or in connection with their bankruptcy case, made a false oath or account by failing to disclose assets, transfers, and the closure of valuable financial accounts in their Schedules or Statement of Financial Affairs, which they signed under penalty of perjury.

65.     Plaintiff is informed and believes, and based thereon alleges that the Debtors knowingly and fraudulently, in or in connection with their bankruptcy case, made a false oath or account by testifying at their meeting of creditors that their Petition, Schedules and Statement of Financial Affairs were true and correct, when in fact they failed to disclose assets, transfers and the closure of valuable financial accounts.

66.     The Debtors' discharge should therefore be denied under 11 U.S.C. § 727(a)(4)(A).

## **FOURTH CLAIM FOR RELIEF**

### **(For Denial of Discharge – 11 U.S.C. § 727(a)(4)(D))**

67.     Plaintiff realleges and incorporates herein by reference the allegations in Paragraphs 1 through 55, as though fully set forth herein.

68.     Plaintiff is informed and believes, and based thereon alleges that the Debtors knowingly and fraudulently, in or in connection with their bankruptcy case, withheld from an

officer of the estate entitled to possession under this title, any recorded information, including

books, documents, records, and papers, relating to the Debtors' property or financial affairs.

69.     Plaintiff is informed and believes, and based thereon alleges that the Debtors

knowingly and fraudulently, in or in connection with their bankruptcy case, withheld from the

Trustee complete copies of the statements from their Union Bank home equity line of credit

account number ending 2182.

70.     Plaintiff is informed and believes, and based thereon alleges that the Debtors

knowingly and fraudulently, in or in connection with their bankruptcy case, withheld from the

Trustee financial account statements other than their statements from their Union Bank home

equity line of credit account number ending 2182.

71.     The Debtors' discharge should therefore be denied under 11 U.S.C. §

727(a)(4)(D).

### **FIFTH CLAIM FOR RELIEF**

### **(For Denial of Discharge – 11 U.S.C. § 727(a)(5))**

72.     Plaintiff realleges and incorporates herein by reference the allegations in

Paragraphs 1 through 55, as though fully set forth herein.

73.     The Debtors have failed to explain satisfactorily, before determination of denial of

discharge under this paragraph, any loss of assets or deficiency of assets to meet the Debtors'

liabilities.

74.     The Debtors have failed to explain satisfactorily the dissipation of more than

$126,463.79 in cash which they withdrew from their One West CD and charged against their

Union Bank home equity line of credit, from November 3, 2011 through February 3, 2012.

///

///

13

75.     The Debtors' discharge should therefore be denied under 11 U.S.C. §727(a)(5).

**WHEREFORE,** Plaintiff prays for relief as follows:

1.      For judgment denying the Debtors' discharge pursuant to 11 U.S.C. §727(a)(2)(A);

2.      For judgment denying the Debtors' discharge pursuant to 11 U.S.C. §727(a)(2)(B);

3.      For judgment denying the Debtors' discharge pursuant to 11 U.S.C. §727(a)(4)(A);

4.      For judgment denying the Debtors' discharge pursuant to 11 U.S.C. §727(a)(4)(D);

5.      For judgment denying the Debtors' discharge pursuant to 11 U.S.C. §727(a)(5);

6.      For costs of suit incurred herein; and

7.      For such other and further relief as the Court deems just and proper.

Dated: July 29, 2013                    LEVENE, NEALE, BENDER, YOO &
                                        BRILL, L.L.P.


                                        By:_____*/s/ Todd A. Frealy*_____
                                                TODD A. FREALY
                                        Attorneys for Karl Anderson,
                                        Chapter 7 Trustee

14

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| TODD A. FREALY (SBN 198780)<br>JULIET Y. OH (SBN 211414)<br>LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.<br>10250 Constellation Boulevard, Suite 1700<br>Los Angeles, California 90067<br>Telephone: (310) 229-1234<br>Facsimile: (310) 229-1244<br>Email: taf@lnbyb.com; jyo@lnbyb.com<br><br>*Attorney for Plaintiff* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re:<br>MOISEY O. FRIDMAN and ROSA A. FRIDMAN,<br><br><br>Debtor(s). | CASE NO.: 8:12-bk-11721-ES<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: |
|---|---|
| KARL ANDERSON, Chapter 7 Trustee,<br><br><br>Plaintiff(s)<br>Versus<br>MOISEY O. FRIDMAN and ROSA A. FRIDMAN,<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING  [LBR 7004-1]** |

**TO THE DEFENDANT:**  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____ .  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| Hearing Date: _____<br>Time: _____<br>Courtroom: _____ | Place:<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☒ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                      Page 1                          **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS. REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
        Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                                    Page 2                    F 7004-1.SUMMONS.ADV.PROC

FORM B104 (08/07)                                                                    2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| **PLAINTIFFS** KARL ANDERSON, Chapter 7 Trustee, | **DEFENDANTS** MOISEY O. FRIDMAN and ROSA A. FRIDMAN, |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) LEVENE, NEALE, BENDER, YOO & BRILL L.L.P. 10250 Constellation Blvd., Ste. 1700 Los Angeles, CA 90067 310-229-1234 | **ATTORNEYS** (If Known) |

| **PARTY** (Check One Box Only) | | **PARTY** (Check One Box Only) | |
|---|---|---|---|
| ☐ Debtor | ☐ U.S. Trustee/Bankruptcy Admin | ☒ Debtor | ☐ U.S. Trustee/Bankruptcy Admin |
| ☐ Creditor | ☐ Other | ☐ Creditor | ☐ Other |
| ☒ Trustee | | ☐ Trustee | |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint against Debtors for Denial of Discharge

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 1 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

CCD-B104

FORM B104 (08/07), page 2                                    2007 USBC, Central District of California

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| MOISEY O. FRIDMAN and ROSA A. FRIDMAN | 8:12-bk-11721-ES |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| CENTRAL | SANTA ANA | ERITHE A. SMITH |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

*/S/TODD A. FREALY*

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| July 30, 2013 | TODD A. FREALY |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained in it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

# Exhibit 5

1 | LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
   | IRV M. GROSS (SBN 53659)
2 | 10250 Constellation Boulevard, Suite 1700
   | Los Angeles, CA 90067
3 | Telephone: (310) 229-1234
   | Facsimile:  (310) 229-1244
4 | Email: img@lnbyb.com

5 | Attorneys for Karl Anderson, Chapter 7 Trustee

6

7 | **UNITED STATES BANKRUPTCY COURT**

8 | **CENTRAL DISTRICT OF CALIFORNIA**

9 | **SANTA ANA DIVISION**

10 | In re:

11 | MOISEY O. FRIDMAN and ROSA A.
   | FRIDMAN,
12 |

13 |                    Debtors.

14 |

15 | KARL ANDERSON, CHAPTER 7 TRUSTEE,

16 |                    Plaintiff,

17 |

18 | MOISEY O. FRIDMAN and ROSA A.
   | FRIDMAN,
19 |                    Defendants.

20 |

Bk. No. 8:12-bk-11721-ES

Chapter 7

Adv. No. 8:13-ap-01253-ES

**STIPULATION FOR ENTRY OF
JUDGMENT DENYING THE DEBTORS
THEIR DISCHARGES**

**Trial Date: January 29, 2015**
**Time: 9:30 a.m.**
**Courtroom: 5A**

21

22    Plaintiff Karl Anderson, the duly appointed and acting Chapter 7 trustee ("Trustee") in

23 the bankruptcy case of Moisey O. Fridman and Rosa A. Fridman (the "Fridmans"), and the

24 Fridmans, and each of them, enter into this stipulation for entry of a judgment in favor of the

25 Trustee and against the Fridmans, and each of them, for denial of their respective discharges, as

26 follows:

27

28 | DALLAS 1796792v2

1

**RECITALS**

2    1.    On February 10, 2012, the Fridmans filed a voluntary petition for relief under

3    Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court,

4    Central District of California, Santa Ana Division, commencing the bankruptcy case styled *In re*

5    *Moisey O. Fridman and Rosa A. Fridman., Debtors* ("the Bankruptcy Case"). On May 24,

6    2012, the Bankruptcy Case was converted to a case under Chapter 7, and the Trustee was

7    thereafter appointed.

8
9    2.    On July 30, 2013,  the Trustee filed a complaint (the "Complaint") commencing

10   the adversary proceeding styled *Karl Anderson, Chapter 7 Trustee v. Moisey O. Fridman and*

11   *Rosa A. Fridman*, Adv. No. 2:12-ap-01124-BR. (the "Adversary Proceeding"). The Complaint

12   seeks an order denying the Fridmans, and each of them, their respective discharges in

13   bankruptcy.

14   3.    On August 26, 2013, the Fridmans filed their answer to the Complaint.

15   4.    Trial of the Adversary Proceeding was scheduled for January 29, 2015.

16   WHEREFORE, the Trustee and the Fridmans, and each of them, hereby stipulate:

17   **STIPULATION**

18   1.    A judgment ("Judgment") shall be entered on the entire Complaint, and on each

19   Claim for Relief set forth therein, in favor of the Trustee and against the

20   Fridmans, and each of them;

21   2.    The Judgment shall provide that: (i) Moisey O. Fridman and Rosa A. Fridman,

22   and each of them, shall be and are denied their respective discharges in

23   bankruptcy; (ii) Nothing in the Judgment shall affect any rights the Trustee may

24   have with respect to any person or entity other than the Fridmans, and each of

25   them.

26

27

-2-

DALLAS 1796792v2

28

1    **IT IS SO STIPULATED.**

2

3    Dated: 02/06/2015                          _____
                                                **KARL T. ANDERSON**
4                                               Chapter 7 Trustee

5    Dated: 01/30, 2015                         _____
                                                **MOISEY O. FRIDMAN**
6

7    Dated: 01/30, 2015                         _____
                                                **ROSA A. FRIDMAN**
8

9

10   APPROVED AS TO FORM AND CONTENT:

11   LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

12

13   _____
     IRV M. GROSS
14   Attorneys for Karl T. Anderson, Ch. 7 Trustee

15

16   LAW OFFICES OF JOHN D. OTT
     A PROFESSIONAL CORPORATION

17

18   _____
     Attorney for Moisey O. Fridman and Rosa A. Fridman
19

20

21

22

23

24

25

26

27

28   DALLAS 1796792v2

                                                -3-

# Exhibit 6

<table>
<tr><td>

1

2

3

4

5

6

</td><td>

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
IRV M. GROSS (SBN 53659)
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 229-1234
Facsimile:  (310) 229-1244
Email: img@lnbyb.com

Attorneys for Karl Anderson, Chapter 7 Trustee

</td></tr>
</table>

**FILED & ENTERED**

**FEB 18 2015**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY steinber   DEPUTY CLERK

7

**UNITED STATES BANKRUPTCY COURT**

8

**CENTRAL DISTRICT OF CALIFORNIA**

9

**SANTA ANA DIVISION**

10

In re:

11

MOISEY O. FRIDMAN and ROSA A.
FRIDMAN,

12

13

                    Debtors.

14

_____

15

KARL ANDERSON, CHAPTER 7 TRUSTEE,

16

                    Plaintiff,

17

          v.

18

MOISEY O. FRIDMAN and ROSA A.
FRIDMAN,

19

                    Defendants.

20

Bk. No. 8:12-bk-11721-ES

Chapter 7

Adv. No. 8:13-ap-01253-ES

**JUDGMENT DENYING THE
DEBTORS THEIR DISCHARGES**

**Trial Date: January 29, 2015**
**Time: 9:30 a.m.**
**Courtroom: 5A**

21

22

        The above-referenced adversary proceeding (the "Adversary Proceeding") came on for

23

trial on January 29, 2015.  Appearances were as noted on the record.

24

        The Debtors, Moisey O. Fridman and Rosa A. Fridman, and each of them, having stated

25

on the record that they agreed to have judgment in the Adversary Proceeding entered against

26

27

28

DALLAS 1796792v2

them, and each of them, as set forth below, and the Court having considered the *Stipulation for Entry of Judgment Denying the Debtors Their Discharges* (the "Stipulation") filed herein,

IT IS HEREBY ORDERED AND ADJUDGED:

1.  The Stipulation is approved in its entirety;

2.  A judgment on the Complaint and on each Claim for Relief set forth therein (the "Judgment") in the Adversary Proceeding is awarded to, and shall be entered in favor of, Plaintiff Karl Anderson, the duly appointed and acting Chapter 7 trustee in this bankruptcy case ("Trustee"), and against Moisey O. Fridman and Rosa A. Fridman, and each of them, the Debtors in this bankruptcy case.  Pursuant to the Judgment, Debtors Moisey O. Fridman and Rosa A. Fridman, and each of them, shall be and are denied their respective discharges in bankruptcy.

3.  Nothing in this Judgment does or shall affect any rights the Trustee may have with respect to any person or entity other than the Debtors, Moisey O. Fridman and Rosa A. Fridman.

# # #

Date: February 18, 2015

Erithe Smith
United States Bankruptcy Judge

-2-

DALLAS 1796792v2

# Exhibit 7

1          SUPERIOR COURT OF THE STATE OF CALIFORNIA

2          COUNTY OF ORANGE - CENTRAL JUSTICE CENTER

3                    DEPARTMENT C-18

4

   KARL AVETOOM, AN INDIVIDUAL,            )

5                                          )

                          PLAINTIFF,       )

6                                          )

            VS.                            ) CASE NO. 30-2015-

7                                          ) 00820760-CU-FR-CJC

   ROBERT RISBROUGH, AN INDIVIDUAL;        )

8  DARLING & RISBROUGH, LLP, A             )

   CALIFORNIA LIMITED LIABILITY            )

9  PARTNERSHIP; MOISEY FRIDMAN, AN         )

   INDIVIDUAL, ROSA FRIDMAN, AN            )

10 INDIVIDUAL, AND AS TRUSTEE FOR THE      )

   MOISEY FRIDMAN AND ROSA FRIDMAN         )

11 TRUST, AND THE FRIDMAN FAMILY           )

   TRUST, AND DOES 1 THROUGH 20            )

12 INCLUSIVE,                              )

                          DEFENDANTS.  )

13 _____)

14

15        HONORABLE THEODORE R. HOWARD, JUDGE

16        REPORTER'S TRANSCRIPT OF PROCEEDINGS

17                  JULY 9, 2019

18

19

20

21

22

23

24

25            MARY WEBB, CSR # 4347

26          OFFICIAL REPORTER PRO TEMPORE

1     APPEARANCES:

2     FOR PLAINTIFF:  CHARLES L. MURRAY, III, ESQ.

3                     444 SOUTH FLOWER STREET, SUITE 2530

4                     LOS ANGELES, CALIFORNIA 90071

5                     (213) 627-5983

6

7     FOR DEFENDANTS: MORKI & ASSOCIATES

8                     BY: BRAD A. MOKRI, ESQ.

9                     1851 EAST FIRST STREET, SUITE 900

10                    SANTA ANA, CALIFORNIA 92705

11                    (714)619-9395

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1                           I N D E X

2

3                        JULY 9, 2019

4

5           CHRONOLOGICAL AND ALPHABETICAL INDEX OF WITNESSES

6

7                           (NONE.)

8

9

10

11                       E X H I B I T S

12

13                      (NONE OFFERED.)

14

15

16

17

18

19

20

21

22

23

24

25

26

```
 1              SANTA ANA; CALIFORNIA; TUESDAY, JULY 9, 2019

 2                        AFTERNOON SESSION

 3

 4              (THE FOLLOWING PROCEEDINGS WERE HELD

 5               IN OPEN COURT:)

 6

 7          THE COURT:  WE ARE ON THE RECORD AGAIN IN THE

 8     MATTER OF AVETOOM VS. RISBROUGH -- IT CHANGED THE NAME --

 9     FRIDMAN.  I'M SORRY.

10                    APPEARANCES, COUNSEL?

11          MR. MURRAY:  YES.  CHARLES MURRAY ON BEHALF OF

12     PLAINTIFF.

13          MR. MOKRI:  GOOD AFTERNOON,  YOUR HONOR. BRAD

14     MOKRI ON BEHALF OF DEFENDANT ROSA FRIDMAN, INDIVIDUALLY,

15     AND AS THE TRUSTEE.  I HAVE AT THE COUNSEL TABLE

16     MISS ROSA FRIDMAN.

17               I, ALSO, HAVE VAL FRIDMAN, WHICH IS THE

18     SON OF ROSA FRIDMAN, WHICH WILL HELP IN CASE MISS FRIDMAN

19     HAS SOME LANGUAGE BARRIER OR DOESN'T UNDERSTAND IT.

20          THE COURT:  OH, WHAT LANGUAGE?

21          MR. MOKRI:  RUSSIAN.

22          THE COURT:  OKAY. THANK YOU, VERY MUCH. I

23     UNDERSTAND THERE HAS BEEN A SETTLEMENT REACHED?

24          MR. MURRAY:  YES.

25          MR. MOKRI:  YES, YOUR HONOR.

26          THE COURT:  WHO IS GOING TO RECITE THE TERMS OF
```

1      THE SETTLEMENT?

2             MR. MOKRI:  I'LL PUT THE TERMS ON.

3             MR. MURRAY:  I PROBABLY HAD AS WE DISCUSSED.

4             MR. MOKRI:  THE PARTIES, ROSA FRIDMAN, REPRESENT

5      THAT THE PROPERTY COMMONLY KNOWN AS 16542 BLACKBIRD LANE,

6      NUMBER 304, HUNTINGTON BEACH, CALIFORNIA, ZIP CODE 92649,

7      IS OWNED BY FRIDMAN FAMILY TRUST AS PROVIDED IN A

8      DECLARATION OF TRUST FOR THE FRIDMAN FAMILY TRUST

9      ESTABLISHED ON APRIL 14TH, 2000.

10             ROSA FRIDMAN STIPULATE THAT THE JUDGMENT

11     IN CASE AVETOOM VERSUS ARCE, A-R-C-E, CASE NUMBER

12     30-2010-00345490 IS VALID AGAINST HER INDIVIDUALLY AND AS

13     TRUSTEE OF FRIDMAN FAMILY TRUST.

14             ROSA FRIDMAN REPRESENTS THAT THE ONLY

15     PROPERTY IN FRIDMAN FAMILY TRUST IS THE PROPERTY COMMONLY

16     KNOWN AS 16542 BLACKBIRD LANE, NUMBER 304, HUNTINGTON

17     BEACH, CALIFORNIA.

18             THE PROPERTY HELD IN THE TRUST AS FOLLOWS:

19     68.3 PERCENT INTEREST BELONG TO ROSA FRIDMAN AND THE

20     REMAINDER OF THE INTEREST BELONGS TO ALEX FRIDMAN.

21             PARTIES AGREE THAT ALEX FRIDMAN INTEREST

22     IS NOT AFFECTED BY THE JUDGMENT.

23             PARTIES AGREE TO A MUTUAL RELEASE WITH

24     1542 WAIVER AND DISMISSAL OF THE CASE WITH PREJUDICE WITH

25     A COURT RETAINING JURISDICTION UNDER CCP 664.6.

26             THE PARTIES AGREE THAT WE WILL NOT FILE

1    ANY LEGAL ACTION AGAINST EACH OTHER OR FAMILY OF EACH

2    OTHER.

3              PARTIES REPRESENT THAT THEY HAVE THE

4    AUTHORITY TO ENTER INTO THIS SETTLEMENT AGREEMENT.

5         MR. MURRAY:  AND THE PARTIES FURTHER AGREE THAT

6    THE DISMISSAL WILL BE, THE DISMISSAL WITH PREJUDICE WILL

7    BE ENTERED UPON THE COURT EXECUTING AN ORDER REFLECTING

8    THE SETTLEMENT AGREEMENT.

9              THE PURPOSE OF THE ORDER, YOUR HONOR, IS

10   SO THE PLAINTIFF COULD REDUCE THE SETTLEMENT AGREEMENT TO

11   AN ORDER AND THEN RECORD IT WITH THE COUNTY RECORDER'S

12   OFFICE.

13        MR. MOKRI:  YES, YOUR HONOR.

14        THE COURT:  ALL RIGHT.  DO YOU WANT TO INQUIRE OF

15   YOUR CLIENTS FIRST?

16        MR. MOKRI:  YES.  IS IT OKAY IF MY CLIENT SIT

17   DOWN, YOUR HONOR?

18        THE COURT:  IT IS.

19        MR. MOKRI:  THANK YOU.

20             MISS FRIDMAN, YOU HEARD ME PUTTING THE

21   SETTLEMENT AGREEMENT AND THE TERMS OF THE SETTLEMENT ON

22   THE RECORD AND READ IT FOR THE JUDGE; DO YOU UNDERSTAND

23   THE TERMS?

24             DO YOU AGREE WITH THE TERMS OF THE

25   SETTLEMENT AGREEMENT?  IN ENGLISH.

26        MS. FRIDMAN:  YES.

1          THE COURT:  THANK YOU.

2          MR. MOKRI:  DO YOU AGREE THAT YOU ARE NOT GOING TO

3    TRY AND YOU UNDERSTAND ALL THE TERMS OF THE SETTLEMENT

4    AGREEMENT?

5          MS. FRIDMAN:  NOT REALLY CLEAR BUT I UNDERSTAND,

6    YES.

7          MR. MOKRI:  NOTHING FURTHER, YOUR HONOR.

8          THE COURT:  DO YOU WANT TO INQUIRE OF YOUR CLIENT?

9          MR. MURRAY:  YES. MR. AVETOOM, DID YOU HEAR THE

10   RECITATION OF THE SETTLEMENT AGREEMENTS READ ON THE

11   RECORD?

12         MR. AVETOOM:  YES, I DID.

13         MR. MURRAY:  DO YOU PLAN ON PREPARING A PROPOSED

14   JUDGMENT INCOMPLIANCE WITH THE SETTLEMENT AGREEMENT?

15         MR. AVETOOM:  YES, I WILL.

16         MR. MURRAY:  DO YOU AGREE TO THE TERMS OF THE

17   SETTLEMENT AGREEMENT?

18         MR. AVETOOM:  YES, I DO.

19         MR. MURRAY:  DO YOU HAVE ANY QUESTIONS REGARDING

20   THE SETTLEMENT AGREEMENT?

21         MR. AVETOOM:  JUST TO CLARIFY IT IS BLACKBEARD

22   LANE AND NOT BLACKBIRD LANE.

23         THE COURT:  IS THAT AGREED, COUNSEL?

24         MR. MURRAY:  YES.

25         MR. MOKRI:  YES, YOUR HONOR.

26         MR. MURRAY:  ARE THERE ANY OTHER QUESTIONS THAT

1    YOU HAVE OR CONCERNS ABOUT THE SETTLEMENT AGREEMENT?

2         MR. AVETOOM:  NO.

3         MR. MURRAY:  ARE YOU ENTERING THE SETTLEMENT

4    AGREEMENT WILLING?

5         MR. AVETOOM:  YES.

6         THE COURT:  I DIDN'T HEAR YOU ASK YOUR CLIENT THAT

7    QUESTION.  I WOULD LIKE TO HAVE YOU ASK IF SHE ENTERED

8    INTO THIS WILLINGLY WITHOUT ANY THREATS OR PROMISES THAT

9    AREN'T PART OF THIS SETTLEMENT.

10        MR. MOKRI:  IF THE COURT PERMIT ME, I WOULD LIKE

11   TO ASK MR. VAL FRIDMAN ALSO THAT HE EXPLAINED --

12        THE COURT:  DO WE HAVE A STIPULATION THAT VAL

13   FRIDMAN CAN SERVE AS AN INTERPRETER FOR THE DEFENDANT?

14        MR. MOKRI:  WE CAN AGREE TO THAT.

15        MR. MURRAY:  I MEAN -- WE ARE GETTING INTO A FUNNY

16   AREA.  ROSA FRIDMAN TESTIFIED IN ENGLISH THE ENTIRE TRIAL

17   IN THE UNDERLYING CASE AND I UNDERSTAND VAL FRIDMAN IS

18   NOT A CERTIFIED INTERPRETER.

19        THE COURT:  NO, HE IS NOT.  THAT IS WHY I NEED A

20   STIPULATION.  IF YOU DON'T WANT TO STIPULATE, THAT'S

21   FINE. JUST GO AHEAD.

22        MR. MOKRI:  MISS FRIDMAN, YOU UNDERSTOOD ALL THE

23   TERMS OF THE SETTLEMENT AGREEMENT, CORRECT?

24        MS. FRIDMAN:  I'M NOT SURE.

25        THE COURT:  SEE THAT IS MY PROBLEM.

26        MR. MOKRI:  THAT IS WHY, YOUR HONOR, I LIKE TO

1    HAVE A STIPULATION FOR VAL FRIDMAN TO EXPLAIN TO HER.

2         THE COURT:  IF HE DOESN'T WANT TO STIPULATE, I

3    CAN'T ENFORCE IT.  LET ME CHECK TO SEE IF WE HAVE A

4    RUSSIAN LANGUAGE INTERPRETER THAT WE CAN GET UP HERE.

5         MR. MURRAY:  THIS IS JUST A THOUGHT.  IT WOULDN'T

6    REQUIRE MY STIPULATION BUT IT WOULD BE A QUESTION FROM

7    COUNSEL, DOES MISS ROSA FRIDMAN AGREE TO WAIVE A

8    CERTIFIED INTERPRETER AND USE THE SERVICES OF HER SON?

9         THE COURT:  I THINK I NEED TO HAVE BOTH OF YOU

10   AGREE TO THAT; OTHERWISE, I CAN'T DO IT.

11        MR. MOKRI:  I AM THE ONE THAT OFFERED, YOUR HONOR.

12        THE COURT:  SURE.  LET ME SEE DO WE HAVE AN

13   INTERPRETER?

14        THE CLERK:  I AM GOING TO CHECK RIGHT NOW.  I WAS

15   GETTING THE PHONE NUMBER.

16        THE COURT:  WE HAVE NO CERTIFIED INTERPRETER.

17        MR. MOKRI:  I PROPOSE, YOUR HONOR, WE STIPULATE TO

18   MR. VAL FRIDMAN, THE SON OF ROSA FRIDMAN, TO ACT AS AN

19   INTERPRETER.

20        MR. MURRAY:  YOUR HONOR, CAN WE GO OFF THE RECORD?

21        THE COURT:  WE CAN GO OFF THE RECORD.

22

23        (OFF THE RECORD DISCUSSION WAS HELD:)

24

25        THE COURT:  WILL THE CLERK, PLEASE, SWEAR IN THE

26   TEMPORARY INTERPRETER.

1          THE CLERK:  RAISE YOUR RIGHT HAND.

2               DO YOU SOLEMNLY STATE THAT YOU WILL

3    INTERPRET THE ENGLISH LANGUAGE INTO THE RUSSIAN LANGUAGE

4    AND THE RUSSIAN LANGUAGE INTO THE ENGLISH LANGUAGE TO THE

5    BEST OF YOUR ABILITY, SO HELP YOU GOD?

6          MR. FRIDMAN:  I DO.

7          THE CLERK:  PLEASE, STATE YOUR FULL NAME AND SPELL

8    YOUR LAST NAME FOR THE RECORD.

9          MR. FRIDMAN:  VAL FRIDMAN, LAST NAME F-R-I-D, AS

10   IN DAVID, M-A-N.

11         THE CLERK:  THANK YOU.

12         THE COURT:  COUNSEL, YOU MAY INQUIRE.

13         MR. MOKRI:  MISS FRIDMAN, YOU HEARD ME PUTTING THE

14   TERMS OF THE SETTLEMENT AGREEMENT ON THE RECORD, CORRECT?

15         MS. FRIDMAN:  YES (IN ENGLISH).

16         MR. MOKRI:  YOU AGREE WITH THE TERMS OF THE

17   SETTLEMENT AGREEMENT AS I PUT IT IN THE RECORD?

18         MS. FRIDMAN:  YES (IN ENGLISH).

19         MR. MOKRI:  WE REVIEWED AND WENT OVER THESE TERMS

20   TWO OR THREE TIMES BEFORE WE COME TO THE COUNSEL TABLE,

21   CORRECT?

22         MS. FRIDMAN:  YES (IN ENGLISH).

23         MR. FRIDMAN:  SHE SAID "YES."

24         MR. MOKRI:  ARE YOU VOLUNTARILY AGREEING TO THE

25   TERMS OF THIS SETTLEMENT AS WE PUT ON THE RECORD?

26         MR. FRIDMAN:  SHE SAID "YES."

1        MR. MOKRI:  DO YOU HAVE ANY QUESTIONS FROM ME OR

2  THE COURT ABOUT THE SETTLEMENT AGREEMENT?

3        MR. FRIDMAN:  SHE IS ASKING IF THIS WILL BE THE

4  END OF THIS COURT PROCEEDINGS.

5        MR. MOKRI:  OKAY.  WITH THIS SETTLEMENT AGREEMENT,

6  THIS WILL BE THE END OF THIS COURT PROCEEDING; DO YOU

7  UNDERSTAND THAT?

8        MR. FRIDMAN:  SHE SAID, "YES."

9        MR. MOKRI:  DOES THE COURT HAVE ANY QUESTIONS

10  REGARDING --

11        THE COURT:  NO.  COUNSEL, DO YOU?

12        MR. FRIDMAN:  SHE AGREES WITH THE SETTLEMENT

13  AGREEMENT.  THAT IS WHAT SHE SAID.

14        THE COURT:  DID PLAINTIFF'S COUNSEL HAVE A

15  QUESTION?

16        MR. MURRAY:  I'M OVERLY CAUTIOUS.  BUT YOUR

17  QUESTIONS WERE SOLELY DID SHE UNDERSTAND WHAT YOU READ

18  INTO THE RECORD.

19        I, ALSO, READ PART OF THE SETTLEMENT

20  AGREEMENT INTO THE RECORD AND I WANT TO MAKE SURE SHE

21  UNDERSTANDS AND AGREES WITH THAT.

22        THAT A PROPOSED ORDER WILL BE SUBMITTED

23  FOR THE COURT'S SIGNATURE PURSUANT TO THE SETTLEMENT

24  AGREEMENT.

25        IT WILL CONTAIN THE TERMS OF THE

26  SETTLEMENT AGREEMENT AND THEN IT WILL BE DISMISSED WITH

1    PREJUDICE UPON EXECUTION OF THE ORDER BY THE COURT.

2              THE PURPOSE OF THIS ORDER IS TO RECORD IT

3    WITH THE COUNTY RECORDER.

4              MR. FRIDMAN:  SHE IS ASKING IS IT GOING TO BE

5    COMPLETELY DONE ONCE YOU FILE --

6              MR. MURRAY:  THIS CASE WILL BE RESOLVED.

7              MR. FRIDMAN:  WHAT OTHER CASES ARE THERE?

8              MR. MOKRI:  LET ME ASK THE QUESTION.  LET ME JUST

9    CLEAR THAT ISSUE.  MISS FRIDMAN, DO YOU UNDERSTAND THAT

10   AFTER --

11             THE COURT:  COUNSEL, PART OF THE AGREEMENT WAS

12   THERE WOULD BE A 1542 WAIVER AND THAT TAKES CARE OF ANY

13   CLAIMS BETWEEN THESE FOLKS FOR ALL HISTORY.

14             MR. MOKRI:  CORRECT, YOUR HONOR.

15              MISS FRIDMAN, DO YOU UNDERSTAND THAT WITH

16   SIGNING THIS SETTLEMENT AGREEMENT, THIS IS GOING TO

17   RESOLVE THIS CASE BETWEEN YOU AND KARL AVETOOM?

18             THE COURT:  SPEAK UP, LOUD, COUNSEL.  LOOK, MAKE

19   SURE SHE UNDERSTAND THIS COVERS ANY AND ALL CLAIMS EVEN

20   THOSE THAT ARE KNOWN.

21             MR. MOKRI:  MISS FRIDMAN, DO YOU UNDERSTAND THAT

22   THIS SETTLEMENT AGREEMENT COVERS ANY AND ALL CLAIMS KNOWN

23   OR UNKNOWN BETWEEN YOU AND MR. KARL AVETOOM.  TRANSLATE.

24             MS. FRIDMAN:  YES, THANK YOU (IN ENGLISH).

25             THE COURT:  MISS REPORTER, DID YOU GET IT?

26             THE REPORTER:  YES.

1       MR. MOKRI:  MISS FRIDMAN, DO YOU UNDERSTAND THAT

2   COUNSEL FOR MR. AVETOOM WILL PREPARE A PROPOSED ORDER AND

3   SUBMIT IT TO THE JUDGE FOR THE TERMS OF THIS SETTLEMENT

4   AGREEMENT TO BECOME THE ORDER OF THE COURT?

5       MR. FRIDMAN:  AM I GOING TO GET A LETTER?

6       MR. MOKRI:  YEAH, THE PROPOSED ORDER AFTER IT IS

7   SIGNED BY THE JUDGE.

8       MS. FRIDMAN:  CAN I HELP -- CONCLUSION.  THANK

9   YOU, VERY MUCH (IN ENGLISH).

10      THE COURT:  DID SHE UNDERSTAND THAT ANY ORDER THAT

11  I'M BEING ASKED TO SIGN WILL BE SUBMITTED TO HER ATTORNEY

12  FOR APPROVAL AS TO FORM AND CONTENT?

13      MR. MOKRI:  MISS FRIDMAN, DO YOU UNDERSTAND THAT

14  THE ORDER THAT THE JUDGE IS GOING TO BE SIGNING IS GOING

15  TO BE SUBMITTED TO ME TO PROVIDE IT TO YOU TO APPROVE AS

16  TO FORM AND THE CONTENT?

17      MS. FRIDMAN:  YES (IN ENGLISH).

18      MR. FRIDMAN:  SHE UNDERSTANDS SHE IS BEING A

19  LITTLE BIT EMOTIONAL.  SHE KEEPS TALKING ABOUT HER COURT

20  PROCEEDINGS.  IT HAS BEEN GOING ON FOR 12 YEARS.  SHE IS

21  REALLY UPSET ABOUT IT.

22      THE COURT:  THAT IS WHAT I COUNTED 12 YEARS.

23      MR. MURRAY:  YOUR HONOR, I WANT TO MAKE SURE THAT

24  MY CLIENT DOES NOT WAIVE HIS RIGHTS TO ENFORCE THE

25  UNDERLYING JUDGMENT.

26      THE COURT:  PART OF THIS AGREEMENT WAS THAT THEY

1    ARE CONFIRMING THE UNDERLYING JUDGMENT AND ITS

2    ENFORCEABILITY WILL BE OCCASIONED BY THE RECORDING OF THE

3    ORDER YOU ARE GOING TO ASK ME TO SIGN.

4              SO I CAN ONLY ASSUME FROM THAT, THAT PART

5    OF THE AGREEMENT IS THERE WILL BE A LIEN ON PROPERTY THAT

6    WILL BE ESTABLISHED BY THIS AND CONFIRMED BY THIS

7    BECAUSE I THINK THERE IS AN ABSTRACT OF JUDGMENT ALREADY,

8    IF I'M NOT MISTAKEN FROM READING DOCUMENTS.

9              MR. MOKRI:  YES, YOUR HONOR.

10             THE COURT:  THOSE ARE PERFECTED RIGHTS.  WE ARE

11   NOT DOING ANYTHING ABOUT PERFECTED RIGHTS.

12             MR. MOKRI:  YOUR HONOR, THE TERMS OF THE AGREEMENT

13   SAYS ROSA FRIDMAN STIPULATED THAT THE JUDGMENT IS

14   ENFORCED.

15             THE COURT:  YES.  THAT IS WHAT I UNDERSTOOD.

16   THANK YOU.

17                  ANYTHING FURTHER?

18             MR. MOKRI:  THAT'S ALL.

19             THE COURT:  THANK YOU, VERY MUCH.

20             MR. MURRAY:  WE WILL PREPARE A PROPOSED ORDER.

21             THE COURT:  MAKE SURE YOU TAKE ALL YOUR DOCUMENTS.

22   WE WILL SET AN OSC RE DISMISSAL.  HOW MUCH TIME DO YOU

23   WANT?

24             MR. MOKRI:  THIRTY DAYS.

25             MR. MURRAY:  THIRTY DAYS.

26             THE COURT:  THIRTY DAYS IS NOT ENOUGH.

1          MR. MOKRI:  FORTY-FIVE.

2          THE COURT:  FORTY-FIVE DAYS.  THAT WILL BE

3    SEPTEMBER.  I GUESS IT WOULD BE THE 30TH OF AUGUST AT

4    9:00 O'CLOCK.  IF A DISMISSAL IS FILED BEFORE THEN,

5    NOBODY NEEDS TO APPEAR.

6          THE CLERK:  NOTICE WAIVED?

7          THE COURT:  NOTICE WAIVED?

8          MR. MOKRI:  NOTICE WAIVED.

9          MR. MURRAY:  YES, YOUR HONOR.

10

11              (PROCEEDINGS CONCLUDED.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

```
1              SUPERIOR COURT OF THE STATE OF CALIFORNIA

2                COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

3       DEPARTMENT C-18       HON. THEODORE R. HOWARD, JUDGE

4

5       KARL AVETOOM, AN INDIVIDUAL,        )
                                            )
6                            PLAINTIFF,     )
                                            )
7                VS.                        ) CASE NO. 30-2015-
                                            ) 00820760-CU-FR-CJC
8       ROBERT RISBROUGH, AN INDIVIDUAL;    )
        DARLING & RISBROUGH, LLP, A         ) REPORTER'S
9       CALIFORNIA LIMITED LIABILITY        ) CERTIFICATE
        PARTNERSHIP; MOISEY FRIDMAN, AN     )
10      INDIVIDUAL, ROSA FRIDMAN, AN        )
        INDIVIDUAL, AND AS TRUSTEE FOR THE  )
11      MOISEY FRIDMAN AND ROSA FRIDMAN     )
        TRUST, AND THE FRIDMAN FAMILY       )
12      TRUST, AND DOES 1 THROUGH 20        )
        INCLUSIVE,                          )
13                           DEFENDANTS.    )
        _____)

14

15               I, MARY C. WEBB, OFFICIAL REPORTER OF THE

16      SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE COUNTY

17      OF LOS ANGELES, DO HEREBY CERTIFY THAT THE FOREGOING,

18      PAGES 1 TO 12, COMPRISES A FULL, TRUE AND CORRECT

19      TRANSCRIPT OF THE PROCEEDINGS TAKEN IN THE ABOVE-ENTITLED

20      CAUSE ON JULY 9, 2019.

21               DATED THIS 24TH DAY OF 2019.

22

23               Mary Catherine Webb

24

25               CSR #4347

26               OFFICIAL REPORTER PRO TEMPORE
```

## A

**ABILITY** 7:5
**ABOVE-ENTITLED** 13:19
**ABSTRACT** 11:7
**ACT** 6:18
**ACTION** 3:1
**AFTERNOON** 1:2,13
**AGREE** 2:21,23,26 3:5,24 4:2,16 5:14 6:7,10 7:16
**AGREED** 4:23
**AGREEING** 7:24
**AGREEMENT** 3:4,8 3:10,21,25 4:4,14,17 4:20 5:1,4,23 7:14 7:17 8:2,5,13,20,24 8:26 9:11,16,22 10:4 10:26 11:5,12
**AGREEMENTS** 4:10
**AGREES** 8:12,21
**AHEAD** 5:21
**ALEX** 2:20,21
**ALPHABETICAL** 3:5
**ANA** 2:10 1:1
**ANGELES** 2:4 13:17
**APPEAR** 12:5
**APPEARANCES** 2:1 1:10
**APPROVAL** 10:12
**APPROVE** 10:15
**APRIL** 2:9
**ARCE** 2:11
**AREA** 5:16
**ASKED** 10:11
**ASKING** 8:3 9:4
**ASSOCIATES** 2:7
**ASSUME** 11:4
**ATTORNEY** 10:11
**AUGUST** 12:3
**AUTHORITY** 3:4
**AVETOOM** 1:4 1:8 2:11 4:9,12,15,18,21 5:2,5 9:17,23 10:2 13:5
**A-R-C-E** 2:11

## B

**B** 3:11
**BARRIER** 1:19
**BEACH** 2:6,17
**BEHALF** 1:11,14
**BELONG** 2:19
**BELONGS** 2:20
**BEST** 7:5
**BIT** 10:19
**BLACKBEARD** 4:21
**BLACKBIRD** 2:5,16 4:22
**BRAD** 2:8 1:13

## C

**C** 13:15
**CALIFORNIA** 1:1,8 2:4,10 1:1 2:6,17 13:1,9,16
**CARE** 9:12
**CASE** 1:6 1:18 2:11 2:11,24 5:17 9:6,17 13:7
**CASES** 9:7
**CAUSE** 13:20
**CAUTIOUS** 8:16
**CCP** 2:25
**CENTER** 1:2 13:2
**CENTRAL** 1:2 13:2
**CERTIFICATE** 13:9
**CERTIFIED** 5:18 6:8 6:16
**CERTIFY** 13:17
**CHANGED** 1:8
**CHARLES** 2:2 1:11
**CHECK** 6:3,14
**CHRONOLOGIC...** 3:5
**CLAIMS** 9:13,19,22
**CLARIFY** 4:21
**CLEAR** 4:5 9:9
**CLERK** 6:14,25 7:1,7 7:11 12:6
**CLIENT** 3:16 4:8 5:6 10:24
**CLIENTS** 3:15
**CODE** 2:6

**COME** 7:20
**COMMONLY** 2:5,15
**COMPLETELY** 9:5
**COMPRISES** 13:18
**CONCERNS** 5:1
**CONCLUDED** 12:11
**CONCLUSION** 10:8
**CONFIRMED** 11:6
**CONFIRMING** 11:1
**CONTAIN** 8:25
**CONTENT** 10:12,16
**CORRECT** 5:23 7:14 7:21 9:14 13:18
**COUNSEL** 1:10,15 4:23 6:7 7:12,20 8:11,14 9:11,18 10:2
**COUNTED** 10:22
**COUNTY** 1:2 3:11 9:3 13:2,16
**COURT** 1:1 1:5,7,20 1:22,26 2:25 3:7,14 3:18 4:1,8,23 5:6,10 5:12,19,25 6:2,9,12 6:16,21,25 7:12 8:2 8:4,6,9,11,14 9:1,11 9:18,25 10:4,10,19 10:22,26 11:10,15 11:19,21,26 12:2,7 13:1,16
**COURT'S** 8:23
**COVERS** 9:19,22
**CSR** 1:25 13:25
**C-18** 1:3 13:3

## D

**D** 3:1
**DARLING** 1:8 13:8
**DATED** 13:21
**DAVID** 7:10
**DAY** 13:21
**DAYS** 11:24,25,26 12:2
**DECLARATION** 2:8
**DEFENDANT** 1:14 5:13
**DEFENDANTS** 1:12 2:7 13:13

**DEPARTMENT** 1:3 13:3
**DISCUSSED** 2:3
**DISCUSSION** 6:23
**DISMISSAL** 2:24 3:6 3:6 11:22 12:4
**DISMISSED** 8:26
**DOCUMENTS** 11:8 11:21
**DOING** 11:11

## E

**E** 3:1,11
**EAST** 2:9
**EMOTIONAL** 10:19
**ENFORCE** 6:3 10:24
**ENFORCEABILITY** 11:2
**ENFORCED** 11:14
**ENGLISH** 3:25 5:16 7:3,4,15,18,22 9:24 10:9,17
**ENTER** 3:4
**ENTERED** 3:7 5:7
**ENTERING** 5:3
**ENTIRE** 5:16
**ESQ** 2:2,8
**ESTABLISHED** 2:9 11:6
**EXECUTING** 3:7
**EXECUTION** 9:1
**EXPLAIN** 6:1
**EXPLAINED** 5:11

## F

**FAMILY** 1:11 2:7,8 2:13,15 3:1 13:11
**FILE** 2:26 9:5
**FILED** 12:4
**FINE** 5:21
**FIRST** 2:9 3:15
**FLOWER** 2:3
**FOLKS** 9:13
**FOLLOWING** 1:4
**FOLLOWS** 2:18
**FOREGOING** 13:17
**FORM** 10:12,16

**FORTY-FIVE** 12:1,2
**FRIDMAN** 1:9,9,10
1:10,11 1:9,14,16,17
1:18,18 2:4,7,8,10
2:13,14,15,19,20,21
3:20,26 4:5 5:11,13
5:16,17,22,24 6:1,7
6:18,18 7:6,9,9,13
7:15,18,22,23,26 8:3
8:8,12 9:4,7,9,15,21
9:24 10:1,5,8,13,17
10:18 11:13 13:9,10
13:11,11,11
**FULL** 7:7 13:18
**FUNNY** 5:15
**FURTHER** 3:5 4:7
11:17
**F-R-I-D** 7:9

**G**
**GETTING** 5:15 6:15
**GO** 5:21 6:20,21
**GOD** 7:5
**GOING** 1:26 4:2 6:14
9:4,16 10:5,14,14,20
11:3
**GOOD** 1:13
**GUESS** 12:3

**H**
**H** 3:11
**HAND** 7:1
**HEAR** 4:9 5:6
**HEARD** 3:20 7:13
**HELD** 1:4 2:18 6:23
**HELP** 1:18 7:5 10:8
**HISTORY** 9:13
**HON** 13:3
**HONOR** 1:13,25 3:9
3:13,17 4:7,25 5:26
6:11,17,20 9:14
10:23 11:9,12 12:9
**HONORABLE** 1:15
**HOWARD** 1:15 13:3
**HUNTINGTON** 2:6
2:16

**I**

**III** 2:2
**INCLUSIVE** 1:12
13:12
**INCOMPLIANCE**
4:14
**INDEX** 3:5
**INDIVIDUAL** 1:4,7,9
1:10 13:5,8,10,10
**INDIVIDUALLY**
1:14 2:12
**INQUIRE** 3:14 4:8
7:12
**INTEREST** 2:19,20
2:21
**INTERPRET** 7:3
**INTERPRETER** 5:13
5:18 6:4,8,13,16,19
6:26
**ISSUE** 9:9

**J**
**JUDGE** 1:15 3:22
10:3,7,14 13:3
**JUDGMENT** 2:10,22
4:14 10:25 11:1,7,13
**JULY** 1:17 3:3 1:1
13:20
**JURISDICTION**
2:25
**JUSTICE** 1:2 13:2

**K**
**KARL** 1:4 9:17,23
13:5
**KEEPS** 10:19
**KNOWN** 2:5,16 9:20
9:22

**L**
**L** 2:2
**LANE** 2:5,16 4:22,22
**LANGUAGE** 1:19,20
6:4 7:3,3,4,4
**LEGAL** 3:1
**LETTER** 10:5
**LIABILITY** 1:8 13:9
**LIEN** 11:5
**LIMITED** 1:8 13:9

**LITTLE** 10:19
**LLP** 1:8 13:8
**LOOK** 9:18
**LOS** 2:4 13:17
**LOUD** 9:18

**M**
**MARY** 1:25 13:15
**MATTER** 1:8
**MEAN** 5:15
**MISTAKEN** 11:8
**MOISEY** 1:9,10 13:9
13:11
**MOKRI** 2:8 1:13,14
1:21,25 2:2,4 3:13
3:16,19 4:2,7,25
5:10,14,22,26 6:11
6:17 7:13,16,19,24
8:1,5,9 9:8,14,21
10:1,6,13 11:9,12,18
11:24 12:1,8
**MORKI** 2:7
**MURRAY** 2:2 1:11
1:11,24 2:3 3:5 4:9
4:13,16,19,24,26 5:3
5:15 6:5,20 8:16 9:6
10:23 11:20,25 12:9
**MUTUAL** 2:23
**M-A-N** 7:10

**N**
**N** 3:1
**NAME** 1:8 7:7,8,9
**NEED** 5:19 6:9
**NEEDS** 12:5
**NOTICE** 12:6,7,8
**NUMBER** 2:6,11,16
6:15

**O**
**OCCASIONED** 11:2
**OFFERED** 3:13 6:11
**OFFICE** 3:12
**OFFICIAL** 1:26
13:15,26
**OH** 1:20
**OKAY** 1:22 3:16 8:5
**ONCE** 9:5

**OPEN** 1:5
**ORANGE** 1:2 13:2
**ORDER** 3:7,9,11 8:22
9:1,2 10:2,4,6,10,14
11:3,20
**OSC** 11:22
**OVERLY** 8:16
**OWNED** 2:7
**O'CLOCK** 12:4

**P**
**PAGES** 13:18
**PART** 5:9 8:19 9:11
10:26 11:4
**PARTIES** 2:4,21,23
2:26 3:3,5
**PARTNERSHIP** 1:9
13:9
**PERCENT** 2:19
**PERFECTED** 11:10
11:11
**PERMIT** 5:10
**PHONE** 6:15
**PLAINTIFF** 1:5 2:2
1:12 3:10 13:6
**PLAINTIFF'S** 8:14
**PLAN** 4:13
**PLEASE** 6:25 7:7
**PREJUDICE** 2:24
3:6 9:1
**PREPARE** 10:2
11:20
**PREPARING** 4:13
**PRO** 1:26 13:26
**PROBABLY** 2:3
**PROBLEM** 5:25
**PROCEEDING** 8:6
**PROCEEDINGS**
1:16 1:4 8:4 10:20
12:11 13:19
**PROMISES** 5:8
**PROPERTY** 2:5,15
2:15,18 11:5
**PROPOSE** 6:17
**PROPOSED** 4:13
8:22 10:2,6 11:20
**PROVIDE** 10:15

**PROVIDED** 2:7
**PURPOSE** 3:9 9:2
**PURSUANT** 8:23
**PUT** 2:2 7:17,25
**PUTTING** 3:20 7:13

### Q

**QUESTION** 5:7 6:6
8:15 9:8
**QUESTIONS** 4:19,26
8:1,9,17

### R

**R** 1:15 13:3
**RAISE** 7:1
**REACHED** 1:23
**READ** 3:22 4:10 8:17
8:19
**READING** 11:8
**REALLY** 4:5 10:21
**RECITATION** 4:10
**RECITE** 1:26
**RECORD** 1:7 3:11,22
4:11 6:20,21,23 7:8
7:14,17,25 8:18,20
9:2
**RECORDER** 9:3
**RECORDER'S** 3:11
**RECORDING** 11:2
**REDUCE** 3:10
**REFLECTING** 3:7
**REGARDING** 4:19
8:10
**RELEASE** 2:23
**REMAINDER** 2:20
**REPORTER** 1:26
9:25,26 13:15,26
**REPORTER'S** 1:16
13:8
**REPRESENT** 2:4 3:3
**REPRESENTS** 2:14
**REQUIRE** 6:6
**RESOLVE** 9:17
**RESOLVED** 9:6
**RETAINING** 2:25
**REVIEWED** 7:19
**RIGHT** 3:14 6:14 7:1

**RIGHTS** 10:24 11:10
11:11
**RISBROUGH** 1:7,8
1:8 13:8,8
**ROBERT** 1:7 13:8
**ROSA** 1:9,10 1:14,16
1:18 2:4,10,14,19
5:16 6:7,18 11:13
13:10,11
**RUSSIAN** 1:21 6:4
7:3,4

### S

**S** 3:11
**SANTA** 2:10 1:1
**SAYS** 11:13
**SEE** 5:25 6:3,12
**SEPTEMBER** 12:3
**SERVE** 5:13
**SERVICES** 6:8
**SESSION** 1:2
**SET** 11:22
**SETTLEMENT** 1:23
2:1 3:4,8,10,21,21
3:25 4:3,10,14,17,20
5:1,3,9,23 7:14,17
7:25 8:2,5,12,19,23
8:26 9:16,22 10:3
**SIGN** 10:11 11:3
**SIGNATURE** 8:23
**SIGNED** 10:7
**SIGNING** 9:16 10:14
**SIT** 3:16
**SOLELY** 8:17
**SOLEMNLY** 7:2
**SON** 1:18 6:8,18
**SORRY** 1:9
**SOUTH** 2:3
**SPEAK** 9:18
**SPELL** 7:7
**STATE** 1:1 7:2,7 13:1
13:16
**STIPULATE** 2:10
5:20 6:2,17
**STIPULATED** 11:13
**STIPULATION** 5:12
5:20 6:1,6

**STREET** 2:3,9
**SUBMIT** 10:3
**SUBMITTED** 8:22
10:11,15
**SUITE** 2:3,9
**SUPERIOR** 1:1 13:1
13:16
**SURE** 5:24 6:12 8:20
9:19 10:23 11:21
**SWEAR** 6:25

### T

**T** 3:11
**TABLE** 1:15 7:20
**TAKE** 11:21
**TAKEN** 13:19
**TAKES** 9:12
**TALKING** 10:19
**TEMPORARY** 6:26
**TEMPORE** 1:26
13:26
**TERMS** 1:26 2:2 3:21
3:23,24 4:3,16 5:23
7:14,16,19,25 8:25
10:3 11:12
**TESTIFIED** 5:16
**THANK** 1:22 3:19
4:1 7:11 9:24 10:8
11:16,19
**THEODORE** 1:15
13:3
**THINK** 6:9 11:7
**THIRTY** 11:24,25,26
**THOUGHT** 6:5
**THREATS** 5:8
**THREE** 7:20
**TIME** 11:22
**TIMES** 7:20
**TRANSCRIPT** 1:16
13:19
**TRANSLATE** 9:23
**TRIAL** 5:16
**TRUE** 13:18
**TRUST** 1:11,11 2:7,8
2:8,13,15,18 13:11
13:12
**TRUSTEE** 1:10 1:15

2:13 13:10
**TRY** 4:3
**TUESDAY** 1:1
**TWO** 7:20

### U

**UNDERLYING** 5:17
10:25 11:1
**UNDERSTAND** 1:19
1:23 3:22 4:3,5 5:17
8:7,17 9:9,15,19,21
10:1,10,13
**UNDERSTANDS**
8:21 10:18
**UNDERSTOOD** 5:22
11:15
**UNKNOWN** 9:23
**UPSET** 10:21
**USE** 6:8

### V

**VAL** 1:17 5:11,12,17
6:1,18 7:9
**VALID** 2:12
**VERSUS** 2:11
**VOLUNTARILY**
7:24
**VS** 1:6 1:8 13:7

### W

**WAIVE** 6:7 10:24
**WAIVED** 12:6,7,8
**WAIVER** 2:24 9:12
**WANT** 3:14 4:8 5:20
6:2 8:20 10:23 11:23
**WEBB** 1:25 13:15
**WENT** 7:19
**WILLING** 5:4
**WILLINGLY** 5:8
**WITNESSES** 3:5
**WOULDN'T** 6:5

### X

**X** 3:1,11

### Y

**YEAH** 10:6
**YEARS** 10:20,22

**Z**

**ZIP** 2:6

**#**

**#4347** 13:25

**0**

**00820760-CU-FR-...**
  1:7 13:7

**1**

**1** 1:11 13:12,18
**12** 10:20,22 13:18
**14TH** 2:9
**1542** 2:24 9:12
**16542** 2:5,16
**16778,Signature**
  13:24
**1851** 2:9

**2**

**20** 1:11 13:12
**2000** 2:9
**2019** 1:17 3:3 1:1
  13:20,21
**213** 2:5
**24TH** 13:21
**2530** 2:3

**3**

**30TH** 12:3
**30-2010-00345490**
  2:12
**30-2015** 1:6 13:7
**304** 2:6,16

**4**

**4347** 1:25
**444** 2:3

**6**

**627-5983** 2:5
**664.6** 2:25
**68.3** 2:19

**7**

**714)619-9395** 2:11

**9**

**9** 1:17 3:3 1:1 13:20
**9:00** 12:4
**900** 2:9
**90071** 2:4
**92649** 2:6
**92705** 2:10

# Exhibit 8

**RECORDING REQUESTED BY:**

Karl Avetoom

**AND WHEN RECORDED MAIL TO:**

1100 Rutland Rd #9

Newport Beach CA 92660

**Recorded in Official Records, Orange County**
**Hugh Nguyen, Clerk-Recorder**

100.00

* $ R 0 0 1 2 2 6 2 8 9 4 $ *

2020000673156 2:49 pm 11/19/20

320 RW1A J02   6

0.00 0.00 0.00 0.00 15.00 0.00 0.000.0075.00 3.00

*THIS SPACE IS FOR RECORDERS USE ONLY*

Judgment

(Please fill in document title(s) on this line)

**THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION**
**(ADDITIONAL RECORDING FEE APPLIES)**

320

Electronically Received by Superior Court of California, County of Orange, 07/22/2020 10:50:00 PM.
30-2015-00820760-CU-FR-NJC - ROA # 483 - DAVID H. YAMASAKI, Clerk of the Court By Anh Dang, Deputy Clerk.

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

AUG 1 3 2020

DAVID H. YAMASAKI, Clerk of the Court

BY_____DEPUTY

IT
SP
SB
FF

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE-CENTRAL JUSTICE CENTER

| | |
|---|---|
| KARL AVETOOM, an individual | Case No: 30-2015-00820760<br>Assigned for Trial to: |
| Plaintiff, | HON. JUDGE THEODORE HOWARD<br>Dept: C-18 |
| vs. | |
| ~~ROBERT RISBROUGH, an individual;~~<br>~~DARLING & RISBROUGH, LLP, a~~<br>~~California Limited Liability Partnership;~~<br>ROSA FRIDMAN, an individual, and ROSA<br>FRIDMAN as Trustee for The Fridman<br>Family Trust Established On April 14, 2000;<br>~~and DOES 1-20, inclusive~~<br>Defendants | [~~PROPOSED~~] JUDGMENT |

**IT IS HEREBY STIPULATED AND AGREED UPON** between Plaintiff Karl Avetoom and

Defendant Rosa Fridman, as an individual and in her capacity as Trustee for The Fridman

Family Trust Established On April 14, 2000, (collectively "the Parties")(Rosa Fridman is also

known as "Rosa A. Fridman as Trustee to The Fridman Family Trust u/d/t April 14, 2000")

that on July 9, 2019 before the Court that Judgment be entered in favor of Karl Avetoom and

against Rosa Fridman as an individual and as Trustee for The Fridman Family Trust

Established On April 14, 2000, as follows:

    1.    Rosa Fridman stipulates that the judgment in *Avetoom v. Arce, Fridman* Orange

County Superior Court Case No. 30-2010-00345490 is valid against her both individually and

as Trustee for The Fridman Family Trust Established On April 14, 2000.

[~~PROPOSED~~] JUDGMENT

1     2.    Rosa Fridman hereby represents that 68.3% of the property commonly known as

2   16542 Blackbeard Lane, # 304, Huntington Beach, CA 92649 (APN 937-71-030)("the

3   Property") is owned by Rosa A. Fridman as Trustee for The Fridman Family Trust under

4   Declaration of Trust for The Fridman Family Trust Established On April 14, 2000.

5     3.    Rosa Fridman further represents that the only asset in The Fridman Family Trust

6   Established On April 14, 2000 ("the Trust") is her 68.3% interest in the Property commonly

7   known as 16542 Blackbeard Lane, # 304, Huntington Beach, CA 92649 (APN 937-71-030).

8     4.    Rosa Fridman further represents 68.3% ownership interest of the Property is held

9   under the Declaration of Trust as follows: "MOISEY O. FRIDMAN AND ROSA A.

10  FRIDMAN, as Trustees for The Fridman Family Trust u/d/t April 14, 2000" as provided in the

11  declaration of Trust for The Fridman Family Trust Established On April 14, 2000.  Under the

12  terms of the Trust, after the passing of MOISEY O. FRIDMAN in 2015, ROSA A. FRIDMAN

13  as Trustee for The Fridman Family Trust Established On April 14, 2000 possesses 68.3%

14  ownership of the Property as the surviving spouse.

15    5.    The remaining interest in the Property is owned by ALEX FRIDMAN, a single

16  man.

17    6.    The parties hereby stipulate that ALEX FRIDMAN'S interest in the Property is

18  not affected by this Judgment.

19    7.    The Parties agree to waive any and all claims, known or unknown, between them

20  and waive the protection of Civil Code § 1542.

21    8.    The Parties agree to not file any action against each other, or family of each

22  other.

23    9.    The Parties stipulate that the Court shall retain jurisdiction to enforce this

24  Settlement pursuant to Code of Civil Procedure Section 664.6.

25   10.   The Parties represent that they each have the authority to enter into the

26  Settlement in all capacities.

27   11.   The Parties stipulate that all claims in this action against Rosa Fridman, as an

28  individual and as Trustee for The Fridman Family Trust Established April 14, 2000 are hereby

2

[PROPOSED] JUDGMENT

1   DISMISSED with prejudice upon execution of this Judgment by the Court.

2

3   **IT IS HEREBY ORDERED, ADJUDGED AND DECREED IN ACCORD WITH THE**

4   **ABOVE.**

5

6

7

8   Dated: _August 13, 2020_          By: _____

9                                        Hon. Theodore Howard

10                                       Judge of the Superior Court

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

3

[PROPOSED] JUDGMENT

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA**
**COUNTY OF ORANGE**

3

I, Sal Hanna, am employed in the County of Orange, State of California. I am over eighteen years of

4

age, and not a party to this action; my business address is 7451 Warner Ave #E191 Huntington Beach,

5

CA 92647 714-794-2779. Orange County Registered Process Server ID # 3050

6

7

On July 22, 2020, I served the following document:

8

**[PROPOSED] JUDGMENT**

9

on the following parties in the associated manner:

10

11

**[X] ELECTRONIC SERVICE.**

12

I am a resident and employed in the county where the service occurred. I caused to be served on the

13

following parties by ELECTRONIC service a copy of the above document, pursuant to the California

14

Rules of Court, to the respective address.

15

16

Brad Mokri, Esq.

MOKRI & ASSOCIATES

17

*(Attorneys for Defendants Rosa Fridman, and Rosa Fridman as Trustee of The Fridman Family Trust)*

18

1851 East 1st Street

19

Suite 840, Santa Ana, CA 92705
*electronic service address: bmokri@mokrilaw.com*

20

21

I declare under penalty of perjury, pursuant to the laws of the State of California that the foregoing is

22

true and correct.

23

24

Executed November 22, 2020 in Huntington Beach, CA.

25

26

*/s/ Sal W. Hanna*

27

By:  _____

Sal Hanna

28

1

**PROOF OF SERVICE**



I hereby certify the foregoing instrument consisting of 4 page(s)
is a true and correct copy of the original on file in this court.

ATTEST: (DATE) 11/19/2020
DAVID H. YAMASAKI, EXECUTIVE OFFICER AND CLERK OF THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

BY _____ DEPUTY

Heather Archambault

# Exhibit 9

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

FEB 2 2 2021

DAVID H. YAMASAKI, Clerk of the Court

BY:_____,DEPUTY

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF ORANGE**

**CENTRAL JUSTICE CENTER**

| | |
|---|---|
| Karl Avetoom _____ ) | Case No. 30-2010-00345490 |
| Plaintiff ) | |
| ) | **ORDER TO SHOW CAUSE** |
| **)** | **RE CONTEMPT** |
| v. ) | |
| ) | |
| ) | April 9, 2021 |
| Lynsey Arce, Rosa Fridman _____ ) | 9:00 a.m. |
| Defendants ) | Dept. C-66 |

**To:    Defendant Rosa Fridman:**

YOU ARE HEREBY ORDERED to appear in person before the above-entitled court at the Central Justice Center, Department C66, located at 700 Civic Center Drive West, Santa Ana, California, on **April 9, 2021** at **9:00 a.m.**, to show cause why you should not be held in contempt for the alleged violations of this court's August 29, 2019 and November 16, 2020 orders regarding the production of documents.  Face masks are required.

The allegations forming the basis of each count of contempt is more fully described in the attached Affidavit in Support of Motion of Karl Avetoom Requesting and OSC: Re Contempt of Rosa Fridman for Violation of this Court's Orders to Produce Documents, and Comply with this Court's Order to Produce and Provide Code Compliant Responses ("Affidavit"). The referenced Affidavit is attached hereto and incorporated into this OSC as though fully set forth.

Plaintiff shall serve defendant with this Order to Show Cause Re Contempt and attached Affidavit no later than March 26, 2021 by personal service.

IT IS SO ORDERED:

DATED:  _2/22/21_                          _____

Hon. Sherri L. Honer
Judge, Superior Court

-1-

Electronically Filed by Superior Court of California, County of Orange, 01/27/2021 06:59:00 PM.
30-2010-00345490-CU-PO-CJC - ROA # 1206 - DAVID H. YAMASAKI, Clerk of the Court By Stephen Corona, Deputy Clerk.

Karl Avetoom
1100 Rutland Road #9
Newport Beach, CA 92660
(949) 929-4787
kia002@att.net

*Plaintiff/Judgment Creditor, In Pro Per*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE-CENTRAL JUSTICE CENTER

| | |
|---|---|
| KARL AVETOOM,<br><br>         Plaintiff,<br><br>   vs.<br><br>LYNSEY ARCE, ROSA FRIDMAN, as<br>individuals, and DOES 1-50,<br><br>     Defendants | Case No: 30-2010-00345490<br><br>*Assigned for all purposes to:*<br><br>*HON.* Judge Sheri Stoner<br>*Dept: C-66*<br><br>**AFFIDAVIT IN SUPPORT OF MOTION OF KARL AVETOOM REQUESTING AN OSC: RE CONTEMPT OF ROSA FRIDMAN FOR VIOLATION OF THIS COURT'S ORDERS TO PRODUCE DOCUMENTS, AND COMPLY WITH THIS COURT'S ORDER TO PRODUCE AND PROVIDE CODE COMPLIANT RESPONSES**<br><br>**(C.C.P. § 1209(a)(5)** *willful disobedience of a court order).*<br>*Reservation ID: 73456381* |

## AFFIDAVIT OF KARL AVETOOM

I, Karl Avetoom, declare as follows:

    1.    I am the Plaintiff and Judgment Creditor in the above entitled matter.

    2.    I am thoroughly familiar with and have handled all aspects of the above-entitled case. The statements made herein are based on my personal knowledge and if called as a witness I could and would competently testify thereto.  I make this Affidavit after Debtor ROSA FRIDMAN has refused to

- 1 -

comply with this Court's orders and produce a missing page of her Trust, in excess of **463 days.** Rosa
Fridman has failed once again to provide her financial documents pursuant to this Court's last order.
Rosa Fridman request for a three month continuance was denied by this Court, however, as before, she
has mislead the courts into giving her preferential treatment.

3.     I am required to submit this affidavit to the Court as Defendant ROSA FRIDMAN'S
continued contemptuous acts occurred outside the Court's presence.   My affidavit sets forth the basis
for "indirect contempt" [An "indirect contempt" occurs *outside the judge's presence* [Hanson v. Sup.
Ct. (2001) 91 Cal.App.4th 75, 81)].  This affidavit serves as the "complaint" in an indirect contempt
proceeding. [Lyon v. Sup.Ct. (1968) 68 Cal.2d 446, 452] and the "affidavit must be presented to the
court stating the facts constituting the contempt, an order to show cause must be issued, and hearing on
the facts must be held by the judge." [Arthur v. Sup.Ct. (1965) 62 Cal.2d 404, 407–408].

4.     The November 18, 2011 judgment entered against ROSA FRIDMAN is in excess of
$1.1 Million dollars.  On August 13, 2020 another judgment was entered against ROSA FRIDMAN
and in favor of Plaintiff.  After stipulating to a judgment to avoid trial, ROSA FRIDMAN spent a year
trying to stop the entry of the judgment she stipulated for.  The Trust document is relevant to collection
of over $1.1M in outstanding judgments.  After I won my case and obtained my judgment in 2011, the
Fridmans hid in bankruptcy for 6 years and eventually stipulated to non-discharge of all their debts due
to fraudulent conduct intended to hinder, delay or defraud their creditors, including myself.  The
Fridmans have stalled production of their financial documents since 2011 and it continued to this day.

5.     **On July 16, 2019** Plaintiff applied for an Order to have Debtor Rosa Fridman appear at
a judgment debtor exam (ROA 1127).  Debtor Rosa Fridman was ordered to appear and be examined
and produce records, including a copy of a Trust instruction where the Debtor was the Trustee and
beneficiary of the Trust.  Debtor failed to produce the documents propounded.

6.     On **August 29, 2019** the Debtor appeared unprepared with none of the requested
documents.  This Court ordered Judgment Debtor Rosa Fridman to return for a continued JDX and
produce all documents requested, including a Trust instrument where Rosa Fridman is the sole
beneficiary of said trust containing one real property (*Subpoena duces tecum to remain in full force
and effect*).  Rosa Fridman was again allowed a month to produce the missing Trust page she claimed

- 2 -

she possessed at home.  The Judgment Debtor Exam was continued again until October 3, 2019 at 9:00 a.m. [**Exhibit "1"**]

7.         On **October 3, 2019** Debtor Rosa Fridman appeared again <u>without</u> a complete Trust instrument.  The Court agreed page 3 of the Trust was missing and was material as it covered the ability to transfer Trust assets by Rosa Fridman, the Trustee and beneficiary.  The Court held Plaintiff was entitled to a full copy of the Trust as the Debtor was the beneficiary of the Trust.  The Debtor stated she would comply and produce the missing document page.  The Court continued the JDX until October 31, 2019 to give Debtor Rosa Fridman one more additional month to produce the missing page located in her Huntington Beach residence [**Exhibit "2"**].

8.         On **October 31, 2019** Debtor Rosa Fridman attended the continued JDX.  The Judgment Debtor's son provided a letter to the Court attempting to excuse the Debtor from producing the missing page 3 of the Trust.  The Court held that while portions of the letter may have been privileged, letter did not state that the Trust never had a page 3.  The Judgment debtor assured the Court the entire trust was at her home in Huntington Beach and that she would produce the missing page 3 "in two weeks."  The Court concluded the Debtor Exam ordering the Plaintiff to report to the Court if the document was not produced.

9.         On **December 16, 2019** Plaintiff wrote to Debtor requesting a copy of the complete Trust instrument.  No response was received.

10.        On **March 9, 2020** Plaintiff applied for an order to appear and be examined.  Due to the Covid-19 virus, and the Court's closure the clerk did not process the application until June 15, 2020 and set the Examination for July 31, 2020.

11.        On **June 17, 2020** Debtor was served with the Order to Appeal and Be Examined (ORAP).  And a demand for production of documents, including all credit card statements, bank statements, and a full copy of the Trust instrument.

12.        On **July 30, 2020** the Debtor's son filed a document with a letter requesting the debtor exam be continued indefinitely.  The Document was not served by Debtor but was provided by the Court at the hearing.

13.        On **July 31, 2020** this Court ordered the debtor examination continued for Rosa

- 3 -

1  Fridman until October 31, 2020.

2      14.      On **August 31, 2020** the Debtor appeared remotely. Debtor and son represented that

3  they could produce all of the documents requested by Plaintiff. Debtor asked for another continuance.

4  The Court responded that all debtor exams are done in person, an exception was made for the Debtor

5  who has asked for yet another continuance. The Debtor and her son requested another thirty (30) days

6  to provide the propounded documents, including the entire trust, including the missing page 3, to

7  Plaintiff. The Court denied Debtor's request and <u>ordered</u> the Debtor to produce all documents to

8  Plaintiff by September 8, 2020 and appear on September 21, 2020 for a Zoom debtor exam.

9      15.      On or around **September 21, 2020** at the continued debtor examination this Court

10  ordered ROSA FRIDMAN to produce in electronic format her financial records to this Court's clerk

11  by email. The Debtor produced an incomplete production through the Clerk of Department C-66. The

12  Debtor denied production was incomplete and this Court ordered Plaintiff to file a Motion to Compel.

13      16.      On **October 22, 2020** Plaintiff filed his Motion to Compel pursuant to this Court's

14  Order [ROA 1172].

15      17.      On **November 2, 2020**, the Debtor filed her response and admitted her prior production,

16  that she previously vehemently claimed was complete, was indeed <u>incomplete</u> [ROA 1179].

17      18.      On **November 16, 2020** this Court GRANTED Plaintiff's Motion to Compel

18  Production and ordered the Defendant/Creditor ROSA FRIDMAN to produce for each and every

19  demand for production, and supply code compliant answers pursuant to C.C.P. § 2031.230 [**Exhibit**

20  **"3"**]. Said motion also included production of the complete Trust and page 3 as previously ordered, as

21  Requested in Plaintiff's Request for Production (see Separate Statement Request 2, 4, and 5 See ROA

22  1175).

23      19.      On **November 28, 2020** Plaintiff received the same incomplete production with a

24  document purporting to be a "Notice of Compliance". None of responses complied with the Court's

25  November 16, 2020 Order and Debtor again refused to produce documents as ordered multiple times

26  by this Court and comply with C.C.P. 2031.230 as ordered.

27      20.      As of **December 4, 2020** the Debtor continues to defy this Court's Orders to produce the

28  missing page 3 of her Trust along with other documents requested, despite representing to this Court

for nearly a year she was able to produce and would in fact, do so.

21.     It has been in excess of **463** days that the Debtor has been given to produce the missing Trust page this Court ordered to be produced. Defendant refuses to comply with this Court's orders in willful defiance, resorting to misrepresenting this Court's orders.

22.     As of December 4, 2020 the Debtor continues to willfully defy this Court's Order to produce her financial records in their entirety and submit code compliant responses as ordered by this Court on November 16, 2020 within 10 days.

## COUNT ONE

### CONTEMPT (FAILURE TO COMPLY WITH ORDERS TO PRODUCE MISSING TRUST PAGE)

### AGAINST DEFENDANT ROSA FRIDMAN

23.     This Court has repeatedly ordered Debtor is required to produce the complete copy of the trust and at the least, the missing page 3 of the Debtor's Trust since 8/29/2019.

24.     Debtor Rosa Fridman assured the Court on several occasions that she could and would comply and produce the missing page of the Trust.  8/29/2019 (Subpoena remains in full force and effect), 10/3/2019(missing page to be produced), and 10/31/2019 (letter produced to Court trying to excuse Debtor from producing page 3, this Court ruled that letter does not represent Page 3 never existed).  Debtor understood the Court's Order by her conduct and representations to this Court.

25.     Debtor has repeatedly stated the complete Trust, inclusive of the missing page, is in her possession and is thus able to comply with the Court's Order.

26.     Debtor Rosa Fridman has refused to produce the ordered missing page of her Trust for over **463** days (page 3) to the Trust page is intentional disobedience of this Court's Orders.

27.     That ROSA FRIDMAN had knowledge of the orders, was able to comply at the time of the orders and willfully refused to comply with the orders.

### COUNT TWO

### CONTEMPT AGAINST DEFENDANT ROSA FRIDMAN

### (REFUSING TO COMPLY WITH 11/16/2020 ORDER).

28.     On November 16, 2020 this Court issued a valid Order granting Plaintiff's Motion to

- 5 -

Compel and ordered Debtor ROSA FRIDMAN to produce all requested documents and for those unable to be produced, provide code compliant responses within 10 days as fully set forth in the Court's November 16, 2020 Order.

29.     Debtor ROSA FRIDMAN was present before the Court when the Court issued its order on November 16, 2020 and read it verbatim to the Debtor ROSA FRIDMAN. The Clerk further served this Order electronically and via mail on the Debtor.

30.     On November 16, 2020 Debtor Rosa Fridman assured the Court that she understood and could and would comply with the Court's Order.

31.     On November 28, 2020 Debtor Rosa Fridman's produced incomplete records and refused to follow this Court's order to provide code compliant responses for each and every request as Ordered by this Court. The Debtor ROSA FRIDMAN responded with excuses and complaints against Plaintiff in her usual combative and evasive nature.  The Debtor ROSA FRIDMAN did not state she was unable to comply with the Court's November 16, 2020 Order in providing code compliant responses.  Each and every response failed to meet the Court's requirement for responses compliant under C.C.P. § 2031.230.

32.     That ROSA FRIDMAN had knowledge of the order, was able to comply at the time of the orders and willfully refused to comply with the orders.

**Whereby Plaintiff requests this Honorable Court issue an OSC: Re Contempt Against Defendant Rosa Fridman to conduct a short trial on facts already established in the Court's record.**

**Plaintiff prays as follows:**

1.     **As to Count One,** for the Court to set an OSC Re: Contempt against Defendant ROSA FRIDMAN  for Refusing to Produce the missing page 3 from her Trust instrument **for over 463 days as ordered** while giving repeated representations she could and would do so. Plaintiff will seek the Court fine Defendants $1,000.00 and/or imprison Defendants for five days pursuant to C.C.P. § 1218 until she produces the missing page 3 of her Trust;

2.     **As to Count Two,** for the Court to set an OSC Re: Contempt against Defendant ROSA

- 6 -

FRIDMAN for refusing to produce ALL records to Plaintiff, as ordered on November 16, 2020 to be delivered with responses in compliance with C.C.P. § 2031.230.  Plaintiff will seek the Court fine Defendant $1,000.00 and/or imprison Defendant for five days pursuant to C.C.P. § 1218;

3.      For all fines and/or sentences to run consecutively, and/or;

4.      To award Plaintiff reasonable attorney fees and costs pursuant to C.C.P. § 1218(a).

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 25, 2021 at Newport Beach, California.

Signed:    _Karl Avetoom_

Karl Avetoom
Plaintiff/Creditor, In Pro Per.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT "1"

24
25
26
27
28

AFFIDAVIT OF KARL AVETOOM IN SUPPORT OF OSC RE CONTEMPT

## SUPERIOR COURT OF CALIFORNIA,
### COUNTY OF ORANGE
### CENTRAL JUSTICE CENTER

### MINUTE ORDER

DATE: 08/29/2019                TIME: 09:00:00 AM      DEPT: C66

JUDICIAL OFFICER PRESIDING: Sherri Honer
CLERK: Debby Lamm
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: J McMillion

CASE NO: **30-2010-00345490-CU-PO-CJC**  CASE INIT.DATE: 02/18/2010
CASE TITLE: **Avetoom vs. Arce**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: PI/PD/WD - Other

EVENT ID/DOCUMENT ID: 73087548

**EVENT TYPE**: Appearance and Examination of Judgment Debtor
MOVING PARTY: Karl Avetoom
CAUSAL DOCUMENT/DATE FILED: Application and Order for Appearance and Examination of
Judgment Debtor, 07/16/2019

**APPEARANCES**
Karl Avetoom, Plaintiff is present.
Rosa Fridman, Interested Party is present.

Certified interpreter Boshyan, Liliya / Russian, Badge Number 3010471 is present. The certification or
registration number has been validated and identification has been verified by the badge issued by the
Judicial Council. The interpreter oath is on file. The court provided interpreter is present to interpret for
Rosa Fridman.

Judgment debtor Rosa Fridman is sworn and examined.

Appearance and Examination of Judgment Debtor Rosa Fridman continued to 10/03/2019 at 09:00 AM
in this department pursuant to party's motion.

Rosa Fridman is/are ordered to return.

Russian Interpreter is/are ordered to return.

Subpoena Duces Tecum to remain in full force and effect.

Judgment Debtor to bring documents to next hearing or give them to Judgment Creditor prior to the
hearing.

Parties waive notice.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "2"

AFFIDAVIT OF KARL AVETOOM IN SUPPORT OF OSC RE CONTEMPT

## SUPERIOR COURT OF CALIFORNIA,
### COUNTY OF ORANGE
### CENTRAL JUSTICE CENTER

## MINUTE ORDER

DATE: 10/03/2019                    TIME: 09:00:00 AM         DEPT: C66

JUDICIAL OFFICER PRESIDING: Sherri Honer
CLERK: A. Arreola
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: Davon Velasquez, J McMillion

CASE NO: **30-2010-00345490-CU-PO-CJC**  CASE INIT.DATE: 02/18/2010
CASE TITLE: **Avetoom vs. Arce**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: PI/PD/WD - Other

EVENT ID/DOCUMENT ID: 73119833

**EVENT TYPE:** Appearance and Examination of Judgment Debtor
MOVING PARTY: Karl Avetoom
CAUSAL DOCUMENT/DATE FILED: Application and Order for Appearance and Examination of
Judgment Debtor, 07/16/2019

**APPEARANCES**
Karl Avetoom, Plaintiff is present.
Rosa Fridman, Interested Party is present.
Rosa Fridman, self represented Witness, present.

Certified interpreter Boshyan, Liliya / Armenian (Eastern), Badge Number 301041 is present.  The
certification or registration number has been validated and identification has been verified by the badge
issued by the Judicial Council.  The interpreter oath is on file.  The court provided interpreter is present
to interpret for Rosa Fridman.

Discussion held regarding passed issues with previous examinations. The Court orders both parties to
proceed with the Judgment Debtor Examination.

Back in open court, the Court and both parties discuss further issues with the examination and
production of documents. Judgment Creditor also requests Judgment Debtor's son not be present during
the examination because of constant interruptions during the examination.

Judgment Creditor is also requesting a turn over order in the courtroom.

Judgment Creditor was handed $59.00 in cash in open court.

Judgment Creditor requests a continuance to have Judgment Debtor produce page 3 of the trust.

Appearance and Examination of Judgment Debtor Rosa Fridman continued to 10/31/2019 at 09:00 AM
in this department pursuant to party's motion.

Judgment Debtor to produce page 3 of the trust document discussed in open court.

CASE TITLE: Avetoom vs. Arce                     CASE NO: **30-2010-00345490-CU-PO-CJC**

The Court informs Judgment Debtor her son may not be present during the examination.

Rosa Fridman is/are ordered to return.

**Russian Interpreter is/are ordered to return.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "3"

AFFIDAVIT OF KARL AVETOOM IN SUPPORT OF OSC RE CONTEMPT

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>Central Justice Center<br>700 W. Civic Center Drive<br>Santa Ana, CA 92702 | |
|---|---|
| **SHORT TITLE:** Avetoom vs. Arce | |
| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC<br>SERVICE** | **CASE NUMBER:**<br>30-2010-00345490-CU-PO-CJC |

I certify that I am not a party to this cause. I certify that a true copy of the above Minute Order dated 11/16/20 has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Santa Ana, California on 11/20/20. Following standard court practice the mailing will occur at Sacramento, California on 11/23/20.

KARL AVETOOM
1100 RUTLAND ROAD 9
NEWPORT BEACH, CA 92660

ROSA FRIDMAN
16542 BLACKBEARD LANE 304
HUNTINGTON BEACH, CA 92649

Clerk of the Court, by: _____, Deputy

I certify that I am not a party to this cause. I certify that the following document(s), Minute Order dated 11/16/20, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on November 20, 2020, at 7:20:33 AM PST. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

KARL AVETOOM
KIA002@ATT.NET

ROSA FRIDMAN
ROSAFRIDMAN89@GMAIL.COM .

Clerk of the Court, by: _____, Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

V3 1013a (June 2004)                                                    Code of Civ. Procedure , § CCP1013a(a)

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
## CENTRAL JUSTICE CENTER

### MINUTE ORDER

DATE: 11/16/2020                    TIME: 01:30:00 PM          DEPT: C66

JUDICIAL OFFICER PRESIDING: Sherri Honer
CLERK: James Olivarez
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: None, Susan New

CASE NO: **30-2010-00345490-CU-PO-CJC**  CASE INIT.DATE: 02/18/2010
CASE TITLE: **Avetoom vs. Arce**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: PI/PD/WD - Other

---

EVENT ID/DOCUMENT ID: 73377902

**EVENT TYPE:** Appearance and Examination of Judgment Debtor
MOVING PARTY: Karl Avetoom
CAUSAL DOCUMENT/DATE FILED: Application and Order for Appearance and Examination of
Judgment Debtor, 06/15/2020

---

EVENT ID/DOCUMENT ID: 73377496

**EVENT TYPE:** Motion to Compel Production
MOVING PARTY: Karl Avetoom
CAUSAL DOCUMENT/DATE FILED: Motion to Compel Production/Inspection of Documents or Things,
10/22/2020

---

**APPEARANCES**
Rosa Fridman, self represented Witness, present.
Karl Avetoom, plaintiff, present telephonically.

Remote hearing held.

Certified/Registered interpreter Liliya Boshyan / Russian, Badge Number 301041 is present.   The
certification or registration number has been validated and identification has been verified by the badge
issued by the Judicial Council.  The interpreter oath .  The  interpreter is present to interpret for Rosa
Fridman.

Rosa Fridman does not have the ability to remotely appear and is present telephonically using the
department's phone.

Judgment creditor Karl Avetoom's motion to compel production is GRANTED. Judgment debtor Rosa
Fridman shall produce, without objection, all requested documents within 10 days. To the extent Ms.
Fridman contends she is unable to comply, she must provide an explanation, under penalty of perjury,
which fully complies with Code of Civil Procedure ("CCP") § 2031.230. Judgment debtor is ordered to pay
sanctions in the sum of $129.95 to judgment creditor.

Pursuant to CCP § 2031.230, judgment debtor must provide a an explanation setting forth her
reasonable, and good faith efforts to locate all responsive documents and whether her inability to comply
is because a particular document never existed, has been destroyed, has been lost, misplaced, stolen, or
has never been or is no longer in her possession, custody, or control. The statement shall set forth the

---

CASE TITLE: Avetoom vs. Arce                    CASE NO: **30-2010-00345490-CU-PO-CJC**

name and address of any natural person or organization known or believed by Ms. Fridman to have possession, custody or control of the item or category of items.

To the extent judgment debtor contends she already has produced responsive documents, she is ordered to provide judgment creditor with a list of each document she claims to have produced with respect to each category of documents requested and provide an additional copy of each document judgment debtor claims to have provided.

The judgment debtor examination is continued to **1/15/2021 at 9:00 a.m. in Department CXC 101** at the court's Civil Complex Center.  Judgment debtor is ordered to appear in person without further order or notice. If on the day of the exam, judgment debtor contends she is medically unable to appear, judgment debtor must provide the court with a note from medical doctor indicating same, on the physician's letterhead, and signed by the physician, and judgment debtor must be available by telephone. Failure to appear may result in a warrant being issued for Ms. Fridman's arrest.

The clerk to provide notice.

# Exhibit 10

# EXHIBIT 10

## COMPARISON OF CLAIMS SCHEDULED IN 2012 CASE and 2021 CASE

| Creditor | 2012 Case 8:12-bk-11721-ES | 2021 Case 8:21-bk-10513-ES | Basis Non-Discharge |
|---|---|---|---|
| Karl Avetoom | $650,000.00 Schedule D | $2,670,810.80 Sched. D | 11 U.S.C.§ 523(a)(10) |
| Beach Crest Villas HOA | $194,369.69 Claim 4-2 | $ unlisted Schedule F | 11 U.S.C.§ 523(a)(10) |
| Darling & Risbrough | $37,274.01 Schedule F | $40,128.76 Schedule F | 11 U.S.C.§ 523(a)(10) |
| D. Michael Bush | $22,407.50 Schedule F | $22,407.50 Schedule F | 11 U.S.C.§ 523(a)(10) |
| **Total Of Previously Scheduled Debt (12-11721)    $2,733,347.06** | | | **11 U.S.C. § 523(a)(10)** |
| John Daniel Ott | NA | $19,981.74 Ex. 6 Schedule E/F | |
| I.C. System, Inc | NA | $162.00 Ex. 6 Schedule E/F | |
| Law Offices of Mokri & Associates | NA | $17,635.81 Ex. 6 Schedule E/F | |
| | ***Claimed New debt*** | ***$37,779.55*** | |
| **Percentage Of Debt Non-Dischargeable In Case No. 8:21-bk-10513** | | | **99%    §523(a)(10)** |

Exhibit 10 - Summary of Claims Documents in 2012 and 2021 Cases - 1

# 2012 CASE (8:12-bk-11721-ES)
# CLAIMS DOCUMENTS

Exhibit 10 - Summary of Claims Documents in 2012 and 2021 Cases - 2

B6D (Official Form 6D) (12/07)

In re   **Moisey Fridman,**
  **Rosa Fridman**

Case No.   **8:12-bk-11721**

          Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Karl Avetoom**<br>**c/o Charles Murray**<br>**523 West Sixth Street, Ste 707**<br>**Los Angeles, CA 90014** | | C | **Location: 1100 Rutland Rd. #7, Newport Beach CA 92660 and all personal property**<br><br><br>Value $      **350,000.00** | | | | **650,000.00** | **419,000.00** |
| Account No.<br><br>**Union Bank**<br>**PO Box 85643**<br>**San Diego, CA 92186** | | C | **equity line**<br><br>**Location: 1100 Rutland Rd. #7, Newport Beach CA 92660**<br><br>Value $      **350,000.00** | | | | **119,000.00** | **0.00** |
| Account No.<br><br><br><br> | | | <br><br><br>Value $ | | | | | |
| Account No.<br><br><br><br> | | | <br><br><br>Value $ | | | | | |

**0**   continuation sheets attached

| | Subtotal<br>(Total of this page) | **769,000.00** | **419,000.00** |
|---|---|---|---|
| | Total<br>(Report on Summary of Schedules) | **769,000.00** | **419,000.00** |

Exhibit 10 - Summary of Claims Documents in 2012 and 2021 Cases - 3

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com          Best Case Bankruptcy

B6E (Official Form 6E) (4/10)

In re   **Moisey Fridman,**
**Rosa Fridman**

Case No.   **8:12-bk-11721**

_____,
Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts _not_ entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

_* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

0    continuation sheets attached

Exhibit 10 - Summary of Claims Documents in 2012 and 2021 Cases - 4

B6F (Official Form 6F) (12/07)

In re   **Moisey Fridman,**                                        Case No. __**8:12-bk-11721**__
        **Rosa Fridman**
_____,
                                    Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | |
| Account No. **9885** <br><br> **Darling & Risbrough, LLP** <br> **19200 Von Karman Ave., Ste. 750** <br> **Irvine, CA 92612** | C | | | | **2011** <br> **Legal fees** | | | | **37,274.01** |
| Account No. **0108** <br><br> **Hahn & Bowersock** <br> **151 Kalmus Dr., Ste. L-1** <br> **Costa Mesa, CA 92626** | C | | | | **2011** | | | | **564.25** |
| Account No. <br><br> **Law Offices of D. Michael Bush** <br> **9 Corporate Park, Ste. 100** <br> **Irvine, CA 92606** | C | | | | **2011** <br> **Legal Fees** | | | | **22,407.50** |
| Account No. | | | | | | | | | |

__**0**__   continuation sheets attached

|   | Subtotal <br> (Total of this page) | **60,245.76** |
|---|---|---|
|   | Total <br> (Report on Summary of Schedules) | **60,245.76** |

Exhibit 10 - Summary of Claims Documents in 2012 and 2021 Cases - 5

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                        S/N:37389-120208   Best Case Bankruptcy

B10 (Official Form 10) (04/10) - Page 1

| UNITED STATES BANKRUPTCY COURT    CENTRAL DISTRICT OF CALIFORNIA | PROOF OF CLAIM |
|---|---|

Name of Debtor:
**Moisey Fridman and Rosa Fridman**

Case Number: 8:12-bk-11721-ES

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Beach Crest Villas Homeowners' Association

☑ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
Thomas J. Polis, Esq.
POLIS & ASSOCIATES, A Professional Law Corporation
19800 MacArthur Boulevard, Suite 1000
Irvine, California 92612
Telephone number: (949) 862-0040

Court Claim Number: 4
_____
*(If known)*

Filed on: 05/10/12

Name and address where payment should be sent (if different from above):



Telephone number:

☑ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**    $ 194,369.69

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐  Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Assignment of Judgment
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

   **3a. Debtor may have scheduled account as:** _____
   (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property:$_____   Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $ 194,369.69

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5)

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

Date: 07/19/12 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY
/s/ Thomas J. Polis | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Exhibit 10 - Summary of Claims Documents in 2012 and 2021 Cases - 6

| In re: Moisey Fridman and Rosa Fridman,<br><br>                                  Debtor(s). | Chapter 13<br><br>Case Number **8:12-bk-11721–ES** |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**POLIS & ASSOCIATES
A Professional Law Corporation
19800 MacArthur Boulevard, Suite 1000
Irvine, California  92612-2433**

A true and correct copy of  the foregoing document described **AMENDED PROOF OF CLAIM**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 19, 2012,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Office of the United States Trustee - ustpregion16.sa.ecf@usdoj.gov
- Matthew E. Faler - mfaler@faler-law.com
- Amrane Cohen - efile@ch13ac.com

                                                      ☐     Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On July 19, 2012, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

- United States Bankruptcy Court, Central District of California, Honorable Erithe Smith, 411 West Fourth Street, Suite 5041, Santa Ana, California 92701

                                                      ☐     Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ , I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

                                                      ☐     Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 19, 2012 | Ashley N. Reichert | /s/ Ashley N. Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*      Exhibit 10 - Summary of Claims Documents in 2012 and 2021 Cases - 7    **F 9013-3.1**

# 2021 CASE (8:21-bk-10513-ES)
# CLAIMS DOCUMENTS

Exhibit 10 - Summary of Claims Documents in 2012 and 2021 Cases - 8

| Fill in this information to identify your case: |
|---|
| Debtor 1    Rosa A Fridman |
|         First Name         Middle Name         Last Name |
| Debtor 2 |
| (Spouse, if filing)   First Name         Middle Name         Last Name |
| United States Bankruptcy Court for the: Central District of California |
| Case number |
| (if know) |

☐ Check if this is an amended filing

Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. **Do any creditors have claims secured by your property?**
   - ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   - ☑ Yes. Fill in all of the information below.

## Part 1:   List All Secured Claims

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | **Column A** Amount of claim Do not deduct the value of collateral. | **Column B** Value of collateral that supports this claim | **Column C** Unsecured portion If any |
|---|---|---|---|

**2.1**

Describe the property that secures the claim:   $ 8,525.50     $ 337,687.00     $ 8,525.50

Karl Avetoom
Creditor's Name

1100 Rutland Road
Number    Street

#9

Newport Beach CA    92660
City      State    ZIP Code

**Who owes the debt?** Check one.
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ **Check if this claim relates to a community debt**

Date debt was incurred _____

| 16542 Blackbeard Lane Unit 304, Huntington Beach, CA 92649 - $337,687.00 Judgment Superior Court of California for the County of Orange Case No. 30-2010-00345490 Recorded Doc No. 2015000126507 |
|---|

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Nature of lien.** Check all that apply.
- ☐ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☑ Judgment lien from a lawsuit
- ☐ Other (including a right to offset) _____

**Last 4 digits of account number**

Exhibit 10 - Summary of Claims Documents in 2012 and 2021 Cases - 9

| 2.2 | | Describe the property that secures the claim: | $ 5,432.97 | $ 337,687.00 | $ 5,432.97 |

Karl Avetoom
Creditor's Name

1100 Rutland Road
Number    Street

#9

Newport Beach CA    92660
City         State    ZIP Code

**Who owes the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another

- [ ] **Check if this claim relates to a community debt**

Date debt was incurred _____

16542 Blackbeard Lane Unit 304, Huntington Beach, CA 92649 -
$337,687.00 Judgment Superior Court of California for the County of
Orange Case No. 30-2010-00345490 Recorded Doc No.
2014000398135

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Nature of lien.** Check all that apply.
- [ ] An agreement you made (such as mortgage or secured car loan)
- [ ] Statutory lien (such as tax lien, mechanic's lien)
- [x] Judgment lien from a lawsuit
- [ ] Other (including a right to offset) _____

**Last 4 digits of account number**

---

| 2.3 | | Describe the property that secures the claim: | $ 6,852.33 | $ 337,687.00 | $ 6,852.33 |

Karl Avetoom
Creditor's Name

1100 Rutland Road
Number    Street

#9

Newport Beach CA    92660
City         State    ZIP Code

**Who owes the debt?** Check one.
- [ ] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [x] At least one of the debtors and another

- [ ] **Check if this claim relates to a community debt**

Date debt was incurred _____

16542 Blackbeard Lane Unit 304, Huntington Beach, CA 92649 -
$337,687.00 Judgment Superior Court of California for the County of
Orange Case No. 30-2015-00820760 Recorded Doc No.
2020000673157

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Nature of lien.** Check all that apply.
- [ ] An agreement you made (such as mortgage or secured car loan)
- [ ] Statutory lien (such as tax lien, mechanic's lien)
- [x] Judgment lien from a lawsuit
- [ ] Other (including a right to offset) _____

**Last 4 digits of account number**

---

| 2.4 | | Describe the property that secures the claim: | $ 1,000,000.00 | $ 337,687.00 | $ 1,000,000.00 |

Karl Avetoom
Creditor's Name

1100 Rutland Road
Number    Street

#9

Newport Beach CA    92660
City         State    ZIP Code

**Who owes the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another

- [ ] **Check if this claim relates to a community debt**

Date debt was incurred _____

16542 Blackbeard Lane Unit 304, Huntington Beach, CA 92649 -
$337,687.00 Judgment Superior Court of California for the County of
Orange Case No. 30-2010-00345490 Recorded Doc No.
2012000023845

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Nature of lien.** Check all that apply.
- [ ] An agreement you made (such as mortgage or secured car loan)
- [ ] Statutory lien (such as tax lien, mechanic's lien)
- [x] Judgment lien from a lawsuit
- [ ] Other (including a right to offset) _____

**Last 4 digits of account number**

Exhibit 10 - Summary of Claims Documents in 2012 and 2021 Cases - 10

Debtor 1 Karl Avetoom

| 2.5 | | Describe the property that secures the claim: $ 1,000,000.00 | $ 337,687.00 | $ 662,313.00 |

Karl Avetoom
**Creditor's Name**

1100 Rutland Road
Number       Street

#9

Newport Beach CA       92660
City       State       ZIP Code

16542 Blackbeard Lane Unit 304, Huntington Beach, CA 92649 - $337,687.00 Judgment Superior Court of California for the County of Orange Case No. 30-2010-00345490 Recorded Doc No. 2011000590354

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim relates to a community debt**

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☑ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred _____

**Last 4 digits of account number**

---

| 2.6 | | Describe the property that secures the claim: $ Unknown | $ 337,687.00 | $ Unknown |

Karl Avetoom
**Creditor's Name**

1100 Rutland Road
Number       Street

#9

Newport Beach CA       92660
City       State       ZIP Code

16542 Blackbeard Lane Unit 304, Huntington Beach, CA 92649 - $337,687.00 Judgment Superior Court of California for the County of Orange Case No. 30-2015-00820760 Doc No. 2020000673156

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

☐ **Check if this claim relates to a community debt**

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☑ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred _____

**Last 4 digits of account number**

---

| 2.7 | | Describe the property that secures the claim: $ 650,000.00 | $ 337,687.00 | $ 650,000.00 |

Karl Avetoom
**Creditor's Name**

1100 Rutland Road
Number       Street

#9

Newport Beach CA       92660
City       State       ZIP Code

16542 Blackbeard Lane Unit 304, Huntington Beach, CA 92649 - $337,687.00 Judgment Superior Court of California for the County of Orange Case No. 30-2010-00345490 Recorded Doc No. 2015000126500

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim relates to a community debt**

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☑ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred _____

**Last 4 digits of account number**

---

Add the dollar value of your entries in Column A on this page. Write that number here:   **$ 2,670,810.80**

---

**Part 2:    List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that

Exhibit 10 - Summary of Claims Documents in 2012 and 2021 Cases - 11

Debtor  Rosa A Fedulova
        First Name    Middle Name    Last Name

you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

Exhibit 10 - Summary of Claims Documents in 2012 and 2021 Cases - 12

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | Rosa A Fridman |
| | First Name      Middle Name      Last Name |
| Debtor 2 (Spouse, if filing) | First Name      Middle Name      Last Name |
| United States Bankruptcy Court for the: | Central District of California |
| Case number (if know) | |

☐ Check if this is an amended filing

Official Form 106E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Property* (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. On the top of any additional pages, write your name and case number (if known).

### Part 1: List All of Your PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims against you?**
   ☑ No. Go to Part 2.
   ☐ Yes.

### Part 2: List All of Your NONPRIORITY Unsecured Claims

3. **Do any creditors have nonpriority unsecured claims against you?**
   ☐ No. You have nothing else to report in this part. Submit to the court with your other schedules.
   ☑ Yes. Fill in all of the information below.

4. **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

| | Total claim |
|---|---|

| 4.1 | Beach Crest Villas Homeowners Association | Last 4 digits of account number   Potential Assignee re: Avetoom Creditor | $ Unknown |
|---|---|---|---|

Beach Crest Villas Homeowners Association
Nonpriority Creditor's Name

1100 Rutland Rd
Number    Street

Newport Beach CA      92660
City      State      ZIP Code

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
☑ No
☐ Yes

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify

Exhibit 10 - Summary of Claims Documents in 2012 and 2021 Cases - 13

Debtor    Rosa A Esparza

Case 8:21-bk-10513-ES   Doc Doc Filed Filed 02/26/23/23/23 Entered 02/26/23/23/23 408:08 Desc Desc Main Document   Page 21 of 50 122

**4.2**

Darling Risbrough
Nonpriority Creditor's Name

19200 Von Karman
Number   Street

Suite 750

Irvine   CA    92612
City    State    ZIP Code

**Who owes the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

**Last 4 digits of account number** _____

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify   Attorneys Fees

$ 40,128.76

---

**4.3**

D. Michael Bush
Nonpriority Creditor's Name

2575 McCabe Way
Number   Street

Suite 260

Irvine   CA    92614
City    State    ZIP Code

**Who owes the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

**Last 4 digits of account number** _____

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify   Attorneys Fees

$ 22,407.50

---

**4.4**

I.C. System, Inc
Nonpriority Creditor's Name

Po Box 64378
Number   Street

Saint Paul MN    55164
City    State    ZIP Code

**Who owes the debt?** Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another
- [ ] **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

**Last 4 digits of account number**   4***

**When was the debt incurred?**   2020

**As of the date you file, the claim is:** Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**
- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify

$ 162.00

---

Exhibit 10 - Summary of Claims Documents in 2012 and 2021 Cases - 14

| 4.5 | John Daniel Ott | **Last 4 digits of account number** | | $ 19,981.74 |
| | Nonpriority Creditor's Name | **When was the debt incurred?** _____ | | |
| | 3020 Old Ranch Pkwy | | | |
| | Number   Street | **As of the date you file, the claim is:** Check all that apply. | | |
| | Ste 300 | ☐ Contingent | | |
| | | ☐ Unliquidated | | |
| | Seal Beach CA    90740 | ☐ Disputed | | |
| | City    State    ZIP Code | | | |

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

☑ Other. Specify   Attorneys Fees

**Who owes the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

**Is the claim subject to offset?**

☑ No
☐ Yes

| 4.6 | Law Offices of Mokri & Associates | **Last 4 digits of account number** | | $ 17,635.81 |
| | Nonpriority Creditor's Name | **When was the debt incurred?** _____ | | |
| | 1851 E 1st Street | | | |
| | Number   Street | **As of the date you file, the claim is:** Check all that apply. | | |
| | Suite 840 | ☐ Contingent | | |
| | | ☐ Unliquidated | | |
| | Santa Ana CA    92705 | ☐ Disputed | | |
| | City    State    ZIP Code | | | |

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

☑ Other. Specify   Attorney's Fees

**Who owes the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

**Is the claim subject to offset?**

☑ No
☐ Yes

---

**Part 3:**    **List Others to Be Notified About a Debt That You Already Listed**

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

---

**Part 4:**    **Add the Amounts for Each Type of Unsecured Claim**

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. § 159.
   Add the amounts for each type of unsecured claim.

|  |  | Total claim |
|---|---|---|
| **Total claims from Part 1** | 6a. **Domestic support obligations** | 6a. $ 0.00 |
| | 6b. **Taxes and certain other debts you owe the government** | 6b. $ 0.00 |
| | 6c. **Claims for death or personal injury while you were intoxicated** | 6c. $ 0.00 |
| | 6d. **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. $ 0.00 |
| | 6e. **Total.** Add lines 6a through 6d. | 6e. $ 0.00 |

Exhibit 10 - Summary of Claims Documents in 2012 and 2021 Cases - 15

| | | | Total claim |
|---|---|---|---|
| **Total claims from Part 2** | 6f. | **Student loans** | 6f. $ 0.00 |
| | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. $ 0.00 |
| | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. $ 0.00 |
| | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. $ 100,315.81 |
| | 6j. | **Total.** Add lines 6f through 6i. | 6j. $ 100,315.81 |

Exhibit 10 - Summary of Claims Documents in 2012 and 2021 Cases - 16

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: PO Box 2227, Fallbrook, CA 92088

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO DISMISS BANKRUPTCY CASE PURSUANT TO 11 U.S.C. § 707 WITH 180 DAY BAR TO REFILING; DECLARATION OF KARL AVETOOM IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 23, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Thomas H Casey (TR)    msilva@tomcaseylaw.com, thc@trustesolutions.net
- Scott Talkov    scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐    Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On (*date*) March 23, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

- Hon. Erithe Smith, 411 W. Fourth Street, Suite 5040, Santa Ana, CA 92701
- Office of the U.S. Trustee, 411 W. Fourth Street, Suite 7160, Santa Ana, CA 92701
- Rosa Fridman, 16542 Blackbeard Ln, Unit 304, Huntington Beach, CA 92649

☐    Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:
(state the method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 23, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 23, 2021 | Donald W. Reid | /s/Donald W. Reid |
|----------------|----------------|-------------------|
| *Date* | *Printed Name* | *Signature* |

16