SCOTT TALKOV, State Bar No. 264676
TALKOV LAW CORP.
2900 Adams St Ste C225
Riverside, California 92504
Telephone: (951) 888-3300
Email: scott@talkovlaw.com

Attorneys for Debtor Rosa A. Fridman

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re | Case. No. 8:21-bk-10513-ES |
| ROSA A. FRIDMAN, | Chapter 7 |
| Debtor. | **DEBTOR'S OPPOSITION TO KARL AVETOOM'S MOTION TO DISMISS BANKRUPTCY CASE PURSUANT TO U.S.C. § 707; DECLARATION OF SCOTT TALKOV** |
| | Hearing on Motion to Dismiss:<br>Date:        April 15, 2021<br>Time:        10:30 a.m.<br>Courtroom:  Courtroom 5A<br>              411 W. Fourth Street<br>              Santa Ana, CA 92701 |

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, CREDITOR KARL AVETOOM, THE U.S. TRUSTEE, AND ALL PARTIES IN INTEREST:

Rosa A. Fridman ("Ms. Fridman"), Debtor in the above-captioned matter, submits the following opposition to the motion of Creditor Karl Avetoom ("Avetoom") to dismiss the bankruptcy case pursuant to 11 U.S.C. § 707 (the "Motion") as follows:

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 3

II.     UNDER SECTION 707(a), THIS COULD SHOULD REJECT AVETOOM'S
        INVITATION TO REVERSABLE ERROR BY ALLOWING DISMISSAL FOR
        BAD FAITH CONTRARY TO THE NINTH CIRCUIT RULING IN *PADILLA* ............... 5

        A.      *Padilla* Bars Avetoom's Claim for Dismissal for Bad Faith under § 707(a) ........... 5

        B.      Avetoom's Theory that "This New Bankruptcy Case Does Not Fulfil Any
                Function Intended by Congress" Has Been Rejected by Numerous Courts ............. 7

III.    UNDER SECTION 707(b), AVETOOM HAS FAILED TO SHOW MS.
        FRIDMAN HAS ENGAGED IN ANY BAD FAITH CONDUCT ........................................ 9

        A.      The Debtor is Exempt from §707(b) Dismissal Because Her Debts are Not
                Consumer Debts ........................................................................................... 9

        B.      Avetoom's Weak Application of 4 of the 10 Bad Faith Factors Hardly
                Meets His Burden to Show that Dismissal of this Unquestionably
                Unfortunate Debtor is Warranted ................................................................ 10

IV.     CONCLUSION ................................................................................................. 13

V.      DECLARATION OF SCOTT TALKOV .............................................................. 14

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

# I.    INTRODUCTION

While most people enjoy a story with a beginning, a middle, and an end, the creditor in this case can't imagine an end to this saga. Spanning from the beginning of the Obama administration, and resulting in a state court trial court docket that prints at over 58 pages, a prior bankruptcy docket with 597 entries, multiple appeals to the Ninth Circuit, the California Court of Appeal, and multiple related cases, including the creditor's lawsuit against the former attorneys representing the Debtor in this case, this case is well deserving of an end.

Specifically, the creditor in this case is the longstanding President of a 12-unit Beach Crest Villas Homeowners Association. In a case between his HOA board and the Debtor's now-deceased husband, who was formerly one of the 12 homeowners therein, the Court of Appeal went out of its way to include dicta that the parties should end this sad chapter in all of their lives as follows:

### Concluding Thoughts

We have no reason to believe that this opinion is the end of the disputes between these parties. Two different courts have already cautioned the parties and their counsel regarding the unprofessional behavior exhibited throughout the pendency of the many legal proceedings between them. The Ninth Circuit's Bankruptcy Appellate Panel explained: "We make this determination [that there was no clear error in the bankruptcy court's findings that Avetoom purchased the appeal rights in his own case from the bankruptcy trustee in order to dismiss the appeal] with some unease. <u>The amount of energy which the parties have devoted to this litigation, and the extraordinary degree of venom they have poured on each other, make it clear that this case is more of a personal vendetta than a rational attempt by the parties to protect their legitimate interests.</u> To say that either of these parties is acting in 'good faith' stretches the common meaning of that phrase to the breaking point. But the case law ascribes a special meaning to the phrase in the context of § 363(m). Given that definition, we cannot say that the bankruptcy court erred." (*In re Fridman*, *supra*, 2016 Bankr. Lexis 2608 at p. *12, 2016 WL 3961303.)
…
**We strongly urge all sides to quickly and civilly resolve the litigation between them before even more attorney fees are expended.**

*Moises Fridman v. Beach Crest Villas Homeowners Association* (Cal. Ct. App., Mar. 19, 2018, No. G052868) 2018 WL 1373398, at *8 (unpublished). Despite these urges from the Court of Appeal, Avetoom has continued to harass Ms. Fridman, an 89-year-old, financially despondent

---

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1   widow, with bad faith litigation tactics, despite the Debtor's recent request to mediate this matter

2   before the Hon. Meredith Jury (Ret.), to which Avetoom has rejected.

3         As it relates to the pending Motion to dismiss, it demonstrates that Avetoom is making his

4   last-ditch effort to avoid this Court's ruling that Ms. Fridman, a financially despondent widow, is

5   entitled to relief on her motion to avoid Avetoom's lien encumbering her homestead pursuant to

6   11 U.S.C. 522(f) (the "522(f) Motion"). Avetoom's fear of having his lien avoided has caused him

7   to file a legally and factually unfounded motion to dismiss alleging that banal conduct, such as this

8   case being no asset, as reflecting bad faith.  In reality, this motion is just the latest tactic used by

9   Avetoom to impose his vengeful will upon an 89-year-old widow who cannot rid herself of

10  Avetoom's bad faith conduct in pursuit of his judgment lien.

11        The extensive, decade-long litigation fueled by Avetoom's venomous contempt for Mr.

12  Fridman (and his widow) may indeed be an outlet to chase a dream he lost due to his criminal

13  history. The Orange County Register said it best: "Karl Ivan Avetoom wanted to be a lawyer. But

14  his prelaw career as a convicted motorcycle thief pre-empted that ambition.'" (Decl. Talkov, Ex.

15  1.)

16        The motion to dismiss reflects Avetoom's hobby of litigating against the Fridmans, not a

17  reasoned view of the law.

18        First, the leading argument in Avetoom's Motion to dismiss argues that this bankruptcy

19  case should be dismissed for cause under 11 U.S.C. § 707(a). This argument is barred by Ninth

20  Circuit precedent because "bad faith as a general proposition does **not** provide "cause" to dismiss

21  a Chapter 7 petition under § 707(a)." *In re Padilla*, 222 F.3d 1184, 1191 (9th Cir. 2000). Indeed,

22  Avetoom characterizes the conduct cited to support his argument that there is 'cause' to dismiss

23  the action under section 707(a) as "improper purposes." (Doc. 14, p. 7, ln. 9.) However, the

24  Motion repeatedly claims and the supporting declaration repeatedly declares that the Debtor's

25  conduct is "bad faith." Even further, his allegations of "improper purposes" do not survive even

26  the weakest level of scrutiny, such as his claim that: "This new bankruptcy case does not fulfil any

27  function intended by Congress to give an 'honest' debtor a 'fresh start.'" (Doc. 14, p. 7, lns. 11-

---

**DEBTOR'S OPPOSITION TO AVETOOM'S MOTION TO DISMISS BANKRUPTCY CASE**

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

12.) To the contrary, this bankruptcy is properly used to protect the homestead of Ms. Fridman, an 89-year-old financially despondent widow pursuant to the rulings of numerous courts as laid out below.

Avetoom's second argument for dismissal for bad faith under 11 U.S.C. § 707(b) is also without merit as this section applies "only applies to cases where the debtor has primarily 'consumer debts.'" (Doc. 14, p. 8, ln. 4.) However, the Debtor appears not to be a consumer debtor, having only a judgment debt that she did not "incur." Further, even if it were applicable, Avetoom's selective application of only four of the ten factors to be considered when a Court is to dismiss for bad faith demonstrates even further that this argument is without merit.

In reality, this Motion is Avetoom's last ditch effort to avoid this Court issuing a ruling on Ms. Fridman's pending 522(f) Motion to protect her homestead. Avetoom would rather pursue legally unsupported theories for dismissal and use more of Ms. Fridman's limited resources to defend against his frivolous, bad faith tactics than let the legal process run its natural course. Given the foregoing, Ms. Fridman respectfully requests that this Motion be denied.

## II. UNDER SECTION 707(a), THIS COULD SHOULD REJECT AVETOOM'S INVITATION TO REVERSABLE ERROR BY ALLOWING DISMISSAL FOR BAD FAITH CONTRARY TO THE NINTH CIRCUIT RULING IN *PADILLA*

The leading argument in Avetoom's Motion alleges that "this bankruptcy case should be dismissed for cause pursuant to 11 U.S.C. § 707(a)." (Doc. 14, p. 7, lns. 24-25.) Specifically, Avetoom argues that "cause exists to dismiss this bankruptcy case because [Ms. Fridman] filed it for improper purposes." (Doc. 14, p. 7, lns. 8-9.)

### A. *Padilla* Bars Avetoom's Claim for Dismissal for Bad Faith under § 707(a)

In support of this request for dismissal, Avetoom cites the Ninth Circuit BAP in *Padilla* to claim that: "The determination of 'cause' for dismissal under 11 U.S.C. § 707(a) rests within the sound discretion of the court. *In re Padilla*, 214 B.R. 496 (9th Cir. BAP 1997) *aff'd* 222 F.3d 1184 (9th Cir. 2000)."

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

However, the Motion ignores that the Ninth Circuit affirmed the BAP in *Padilla* upon finding that "bad faith as a general proposition does **not** provide "cause" to dismiss a Chapter 7 petition under § 707(a)." *In re Padilla*, 222 F.3d 1184, 1191 (9th Cir. 2000) ("We affirm the BAP's conclusion that § 707(a) does not apply here" based upon an allegation of "bad faith); see Case Dismissal, Cal. Prac. Guide Bankruptcy (Rutter Dec. 2020) Ch. 5(II)-B, ¶ 5:2166 (confirming that *Padilla*'s prohibition on § 707(a) dismissals for bad faith represents the rule in the Ninth Circuit).

Here, rather than use the word "bad faith" in the section on § 707(a), the Motion alleges that "cause exists to dismiss this bankruptcy case because she filed it for <u>improper purposes</u>." (Doc. 14, p. 7, lns. 8-9.)

However, elsewhere in the motion and supporting declaration, Avetoom clearly alleges and declares under penalty of perjury his opinion that the petition was filed in "bad faith" as follows:

1. **"Therefore, the Court must conclude that the Debtor filed this bankruptcy case <u>in bad faith and dismiss it pursuant to 11 U.S.C. § 707.</u>"** (Doc. 14, p. 6, lns. 17-18.)

2. **"Therefore, I believe the Debtor filed this bankruptcy case in <u>bad faith</u> and it should be dismissed pursuant to 11 U.S.C. § 707."** (Doc. 14, p. 15, lns. 8-9.)

3. "The Court should also dismiss this bankruptcy for '<u>bad faith</u>' under § 707(b)(3) based on the totality of circumstances." (Doc. 14, p. 2, lns. 9-11.)

4. "It is clear from her Schedules and LAM that Debtor filed this bankruptcy case in <u>bad faith</u>…." (Doc. 14, p. 6, ln. 8.)

5. "I believe it is clear from her Schedules and LAM that Debtor filed this bankruptcy case in <u>bad faith</u>…."

6. "[T]his case should be dismissed for <u>bad faith</u> pursuant to 11 U.S.C. § 707(b)(3)…." (Doc. 14, p. 7, lns. 27-28.)

7. "[T]his bankruptcy case should be dismissed under § 707(b)(3) for <u>bad faith</u>." (Doc. 14, p. 8, lns. 6-7.)

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

8. "Accordingly, the totality of the circumstances demonstrates this case was filed in <u>bad faith</u> and should also be dismissed under § 707(b)(3)." (Doc. 14, p. 9, lns. 10-11.)

This Court should reject Avetoom's transparent effort to allege bad faith dismissal under § 707(a) in violation of the Ninth Circuit ruling in *Padilla.*

**B.    Avetoom's Theory that "This New Bankruptcy Case Does Not Fulfil Any Function Intended by Congress" Has Been Rejected by Numerous Courts**

Even if this Court were to indulge Avetoom by reviewing the § 707(a) arguments for dismissal, the facts he provides are extraordinarily weak.

Specifically, Avetoom's first argument is that: "In the 2012 BK Case, which just closed, Debtor admittedly hindered, delayed and defrauded her creditors for years and was denied a discharge. Now she is back at it again. This new bankruptcy case does not fulfil any function intended by Congress to give an 'honest' debtor a 'fresh start.'" (Doc. 14, p. 7, lns. 8-12.)

Contrary to Avetoom's unsupported theories about bankruptcy, courts have repeatedly found that a debtor is statutorily entitled to file a 522(f) motion to avoid a lien even if the debt is non-dischargeable. The most commonly cited case of *In re Ash*, 166 B.R. 202, 204–205 (Bankr. D. Conn. 1994) found that a "judicial lien may be avoided in its entirety as impairing the debtor's exemption under § 522(d)(1), notwithstanding that any debt resulting from this unliquidated claim may prove to be nondischargeable." Even further, a 2015 opinion from a Bankruptcy Court in California found that there is "no deterrent to avoiding a lien arising from a nondischargeability judgment…." *In re Feathers*, 2015 WL 1598087, at *2 (Bankr. N.D. Cal., Apr. 7, 2015); see *United States v. Holmes*, No. 94-11666, 1998 WL 19489, at *2 (N.D. Cal. Jan. 5, 1998 ("The non-dischargeable nature of the judicial lien, however, does not affect appellee's ability to avoid the lien against his exempted property"); *In re Willoughby*, 212 B.R. 1011, 1018 (Bankr. M.D. Fla. 1997) ("Section 522(f) has always been available for debtors to protect their exemptions by avoiding liens even if the underlying debts securing those liens remain enforceable and are not discharged').

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1    In fact, Congress specifically delineated that a "waiver of exemptions" does not apply

2    under § 522(f)(1) and outlined precisely which debts would not be subject to a § 522(f) motion,

3    notably "a judicial lien that secures a debt of a kind that is specified in section 523(a)(5)."

4    Avetoom's attempt to evade Congress and judicial interpretations of the Bankruptcy Code by

5    alleging that the Debtor did something improper by utilizing the laws of this country should be

6    wholly rejected.

7    Avetoom's second argument is that this case "is the continuation of a longstanding two-

8    party dispute between Avetoom and the Debtor. This bankruptcy case should be dismissed so that

9    their disputes can be litigated in the Superior Court." (Doc. 14, p. 7, lns. 8-14.) Avetoom continues

10    that: "Courts have found dismissal appropriate under § 707(a) where a bankruptcy case becomes a

11    two-party dispute that can be litigated in other forums….That is certainly the case here. Debtor is

12    again using a Chapter 7 to avoid litigation (and contempt proceedings) in the 2010 IIED Action

13    and to collaterally attack the Recorded Stipulated Judgment in the 2015 Fraudulent Transfer

14    Action." (Doc. 14, p. 7, lns. 15-23.)

15    However, just months ago, in December 2020, the BAP affirmed Judge Robert Kwan's

16    denial of a motion to dismiss under § 707(a) filed by a creditor alleging that the bankruptcy was

17    solely a "two-party dispute." *In re Venegas*, 623 B.R. 555, 559 (B.A.P. 9th Cir. 2020).

18    Even further, Avetoom omits that the Debtor voluntarily provided her response to the

19    contempt proceedings immediately after filing the case. (Decl. Talkov, ¶ __.) Seemingly, any

20    creditor could allege that a bankruptcy is a collateral attack on the creditor's right to recover.

21    It's not hard to figure out that Avetoom is worried that the 522(f) motion will be granted

22    such that his judgment lien will be rightfully avoided against Ms. Fridman's homestead pursuant

23    to the pending 522(f) Motion. On any or all of these grounds, the Motion to dismiss under

24    § 707(a) should be denied.

25

26

27

---

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

### III.    UNDER SECTION 707(b), AVETOOM HAS FAILED TO SHOW MS. FRIDMAN HAS ENGAGED IN ANY BAD FAITH CONDUCT

To the extent this Court finds that Avetoom's leading theory of § 707(a) is without merit, it may indeed conclude that his "alterative" theory that "this case should be dismissed for bad faith pursuant to 11 U.S.C. § 707(b)(3)" does not fare any better. (Doc. 14, p. 7, lns. 27-28.)

### A.    The Debtor is Exempt from §707(b) Dismissal Because Her Debts are Not Consumer Debts

Avetoom appears to be aware that § 707(b) does not apply based on his admission that "Section 707(b)(3) only applies to cases where the debtor has primarily 'consumer debts'" followed immediately by stating that: "In her petition, the Debtor represents that she has primarily "consumer debts". Doc. 1 (Petition) at 9. Assuming this is true, then this bankruptcy case should be dismissed under § 707(b)(3) for bad faith." (Doc. 14, p. 8, lns. 4-7.)

In reality, Avetoom, represented by very competent counsel, is well aware that the Debtor is not a consumer debtor; she checked the box for the legal conclusion that the debts are primarily consumer debts solely to show that she would pass the means test even if she were a consumer debtor.

Indeed, "Congress enacted § 707(b) to counter Chapter 7 abuse by consumers who amass debt through easy credit practices, consume the items purchased, and then seek discharge of their debt even when able to pay. A rational relationship exists between Congress singling out consumer debtors for dismissal for substantial abuse under § 707(b) and the government's legitimate purpose in preventing consumer abuse, reasonably protecting creditors and empowering the courts with a mechanism to more readily dismiss substantially abusive consumer petitions." *In re Stewart*, 175 F.3d 796, 813 (10th Cir. 1999).

Here, the Debtor did not incur the judgment debt, but rather had it imposed upon her by *Avetoom*'s persistent, venomous litigation tactics. The Debtor did not obtain any credit from Avetoom, nor did she consume the goods or services purchased. She simply got caught up in a terrible, decade-long HOA dispute that her creditor simply cannot move on from.

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1  On this ground alone, the request for dismissal under § 707(b) should be denied on the

2  basis that the Debtor is not a primarily consumer debtor.

3  **B.    Avetoom's Weak Application of 4 of the 10 Bad Faith Factors Hardly Meets**

4  **His Burden to Show that Dismissal of this Unquestionably Unfortunate Debtor is**

5  **Warranted**

6  Assuming this Court entertains the § 707(b) motion to dismiss upon finding that the Debtor

7  is a primarily consumer debtor, Avetoom's motion to dismiss reflects his distaste for the 89-year-

8  old widow in this case, not a reasoned view of the law that would support a finding of bad faith.

9  Courts have found that "the bar for finding bad faith is a high one" such that "bad faith

10  exists only in those egregious cases that entail concealed or misrepresented assets and/or sources

11  of income, and excessive and continued expenditures, lavish life-style, and intention to avoid a

12  large single debt based on conduct akin to fraud, misconduct, or gross negligence." *Janvey v.*

13  *Romero*, 883 F.3d 406, 412 (4th Cir. 2018). "In short, bad faith exists only where the petitioner

14  has abused the provisions, purpose, or spirit of bankruptcy law." *Id.*; see Case Dismissal, Cal.

15  Prac. Guide Bankruptcy (Rutter 2020) Ch. 5(II)-B, ¶ 5:2217.5 ("Limited to egregious cases").

16  Here, *Avetoom* lists out the ten factors for a finding of bad faith in *In re Mitchell*, 357 B.R.

17  142, 154-55 (Bankr. C.D. Cal. 2006), but ignores the following 6 factors:

18  - Whether the debtor has a likelihood of sufficient future income to fund a Chapter 11,

19    12, or 13 plan which would pay a substantial portion of the unsecured claims;

20  - Whether the schedules suggest the debtor obtained cash advancements and consumer

21    goods on credit exceeding his or her ability to repay them

22  - Whether the debtor's proposed family budget is excessive or extravagant;

23  - Whether the debtor's statement of income and expenses is misrepresentative of the

24    debtor's financial condition;

25  - Whether the debtor has engaged in eve-of-bankruptcy purchases; and

26  - Whether the debtor intended to invoke the automatic stay for improper purposes, such

27    as for the sole objective of defeating state court litigation.

**DEBTOR'S OPPOSITION TO AVETOOM'S MOTION TO DISMISS BANKRUPTCY CASE**

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1    As to the remaining four factors that Avetoom does address, he is simply mistaken. First,

2    Avetoom argues that "this bankruptcy case is inconsistent with the policy goals of providing a

3    'fresh start' to debtors and maximizing the return to creditors." (Doc. 14, p. 9, lns. 25-27.)

4    However, Avetoom ignores the law that a debtor is entitled to file a Chapter 7 bankruptcy because

5    a "judicial lien may be avoided in its entirety as impairing the debtor's exemption under §

6    522(d)(1), notwithstanding that any debt resulting from this unliquidated claim may prove to be

7    nondischargeable." *In re Ash*, 166 B.R. 202, 204–205 (Bankr. D. Conn. 1994).

8    Particularly troubling is that this creditor doesn't want his return to be maximized.

9    Debtor's counsel already reached out to the Chapter 7 trustee to offer a substantial carve-out from

10    the Debtor's homestead to pay this creditor in a sale of the debtor's modest, $230,000 interest in

11    an Orange County condo. (Decl. Talkov, ¶ 13.) However, the Trustee called Debtor's counsel back

12    to inform him that the Mr. Avetoom had personally emailed the Trustee to reject any offer that

13    would cause him to be paid. (Decl. Talkov, ¶ 14.) In reality, this creditor has only one goal: to

14    harass the widow of his late arch nemesis until the day she dies. Perhaps this explains why the

15    rational thinking of bankruptcy judges addressing creditors with an interest in being paid make no

16    sense to him.

17    Swinging for the fences, Avetoom even claims that this is bad faith because this "is a no-

18    asset bankruptcy case." Seemingly, Avetoom would argue that other 95% of cases that are no-

19    asset are also bad faith, rather than a sign of an unfortunate debtor.

20    Second, the Motion argues that "this bankruptcy case was not filed as a consequence of

21    illness, disability, unemployment, or some other calamity." (Doc. 14, p. 9, lns. 2-3.) However,

22    Avetoom ignores that a life changing judgment that a debtor can never pay off is indeed a

23    calamity.

24    The Motion assumes the worst by claiming that "Debtor filed this bankruptcy case to avoid

25    contempt proceedings in state court litigation and collaterally attack the Stipulated Judgment." In

26    reality, this creditor has been so persistent that there has virtually always been a pending motion or

27    judgment debtor's examination in the state court such that he could always argue that the Debtor

**DEBTOR'S OPPOSITION TO AVETOOM'S MOTION TO DISMISS BANKRUPTCY CASE**

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1  was trying to avoid state court litigation. Despite this claim, Avetoom omits that the Debtor

2  voluntarily produced to the creditor by email moments after the case was filed her response to his

3  pending state court motion seeking a page of the Debtor's trust that appears to not exist while also

4  being irrelevant as relating to a grandchildren's trust of an 89-year-old with two living children.

5  (Decl. Talkov.) These documents were provided precisely because this creditor has an overactive

6  immigration of wrongdoing by this Debtor.

7      In reality, the creditor simply fails to understand that debtors have rights such that not

8  every bankruptcy is a "collateral attack" on creditor remedies. Among those remedies is a 522(f)

9  motion to avoid the lien so that the Debtor is not left to live in the same property forever.

10     Third, Avetoom alleges: "the Debtor has a history of bankruptcy filings with her most

11 recent case, the 2012 BK Case," even desperately alleging that the 2012 cased "clos[ed] days after

12 this case was filed." (Doc. 14, p. 9, lns. 6-7.) Apparently, Avetoom believes that this Court is not

13 astute enough to notice that the 597 docket entries in the 2012 case include the 596th docket entry

14 over 2.5 years ago with a Chapter 7 Trustee's final report, apparently followed by the U.S. Trustee

15 or Court noticing that the case had never been "closed" until the first workday after this case was

16 filed, as shown below.

| | | |
|---|---|---|
| 08/20/2018 | 596<br>(31 pgs) | Chapter 7 Trustee's Final Account, Certification that the Estate has been Fully Administered and Application of Trustee to be Discharged filed on behalf of Trustee KARL T. ANDERSON. The United States Trustee has reviewed the Final Account, Certification that the Estate has been Fully Administered and Application of Trustee to be Discharged. The United States Trustee does not object to the relief requested. Filed by United States Trustee. (united states trustee (tjf)) (Entered: 08/20/2018) |
| 03/01/2021 | 597 | Bankruptcy Case Closed - CHAPTER 7 ASSET. Pursuant to the Trustee's Final Account and Distribution Report Certification that the Estate has been Fully Administered and Application to be Discharged, it is ordered that the above case be closed. No objections having been made by the United States Trustee, the trustee is discharged and the bond is exonerated. (Daniels, Sally) (Entered: 03/01/2021) |

Seemingly, if Avetoom had a good argument, he would be making it. Instead, everything

looks like bad faith this emotionally driven creditor.

17
18
19
20
21
22
23
24
25
26
27

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1    Fourth, the Motion makes a conclusory allegation that "egregious behavior is present as

2  the Debtor stipulated to the 727 Judgment in the 2012 BK Case and filed this bankruptcy case for

3  non-bankruptcy purposes." (Doc. 14, p. 9, lns. 8-9.) This conclusory allegation provides no legal

4  argument that a prior 727 judgment prevents a debtor from complying with the Bankruptcy Code

5  in a subsequent bankruptcy, nor any support that every bankruptcy they file thereafter must be

6  deemed in bad faith. Particularly illustrative is no evidence that the Debtor has violated any oath in

7  this case, or that any grounds exist for a 727 action herein. Avetoom's conclusion that the

8  Debtor's use of Section 522(f) is a "non-bankruptcy purpose" is totally without legal support.

9    The only egregious behavior is the creditor's meritless suspicion of wrongdoing by the

10  Debtor. The totality of the circumstances in the instant case demonstrate that Avetoom is grasping

11  for straws in his attempt to prevent his stale judgment lien on Ms. Fridman's homestead from

12  being avoided.

13    Pursuant to the foregoing, Ms. Fridman respectfully requests this Court deny the Motion.

14                              **IV.    CONCLUSION**

15    Based on the foregoing, Defendant respectfully requests that this Motion be denied under

16  both § 707(a) and § 707(b).

17  Date: April 1, 2021                    TALKOV LAW CORP

18                                         *Scott Talkov*

19                                         _____
                                           Scott Talkov

20                                         Attorneys for Debtor Rosa A. Fridman

21

22

23

24

25

26

27

---

# V.    DECLARATION OF SCOTT TALKOV

I, Scott Talkov, declare:

1.    I am an attorney duly licensed to practice in all court of the State of California and am an Attorney with Talkov Law Corp., attorneys of record for Debtor, Rosa Fridman. The facts set forth herein are of my own personal knowledge and if sworn I could and would competently testify thereto.

2.    Attached as Exhibit 1 is what I understand to be a true and correct copy of an Orange County Register article describing Mr. Avetoom's criminal past as follows: "Karl Ivan Avetoom wanted to be a lawyer. But his prelaw career as a convicted motorcycle thief pre-empted that ambition."

3.    Minutes after filing the bankruptcy herein on February 26, 2021, I emailed Mr. Avetoom with notice of this case and Ms. Fridman's response to the contempt proceedings immediately after filing this bankruptcy case, despite the state court case being stayed by the bankruptcy. A true and correct copy of this email communication is attached hereto as Exhibit 2.

4.    On March 9, 2021, I voluntarily emailed, despite the lack of any court requirement relating thereto, the notice of the pending 522(f) Motion to Avetoom on March 9, 2021. A true and correct copy of this email communication is attached hereto as Exhibit 3. I did this to prevent any argument Mr. Avetoom that I attempted to prevent him from having actual knowledge of the 522(f) motion given Mr. Avetoom's propensity for making allegations about the Debtor and anyone associated with her.

5.    Along with the March 9, 2021 email, I attached a file entitled "Debtor's Notice of Motion and Motion to Avoid Lien 522(f) – In re Rosa Fridman.pdf." A true and correct, redacted copy of this attachment showing the CaseMail proof of service page and cover page of what is filed herein as Doc. 13 is attached hereto as Exhibit 4.

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

6.      On March 17, 2021, despite providing Mr. Avetoom with the 522(f) Motion through two separate avenues (USPS and Email), Avetoom emailed me dispute whether the 522(f) motion had been received by him via USPS by informing me that he had contacted CaseMail, obtained the tracking number, and confirmed via USPS.com that the mail has never been delivered (though it is unclear USPS.com if Mr. Avetoom simply refused to sign for the certified mail). A true and correct copy of this email communication is attached hereto as Exhibit 5.

7.      On March 19, 2021, I confirmed that UPS had delivered another copy of the 522(f) motion to Mr. Avetoom as shown in in the UPS delivery confirmation, a true and correct copy of which is attached hereto as Exhibit 6.

8.      On March 19, 2021, I confirmed that USPS had delivered another copy of the 522(f) motion to Mr. Avetoom by overnight mail as shown in in the USPS delivery confirmation, a true and correct copy of which is attached hereto as Exhibit 7.

9.      Later on March 19, 2021, I responded to Mr. Avetoom confirming service was successfully made by both UPS and USPS in accordance with the legal requirements for doing and expressed my surprise at the extent of Mr. Avetoom's efforts to contact CaseMail to claim the lack of receipt by mail of a document he had already received by email. A true and correct copy of this email communication is attached hereto as Exhibit 5.

10.     Based thereon, I believe that Mr. Avetoom's emails attempting to seek delays in documents had already received and the filing of this motion to dismiss are a reflection of his desperate hope that this Court does not rule on the merits of the 522(f) motion that appears to be meritorious.

11.     On March 29, 2021, I reached out to the Chapter 7 Trustee to offer a carve-out from the Debtor's homestead to pay Avetoom in a sale of Ms. Fridman's $230,000 interest in the Orange County condominium she resides in. The Chapter 7 Trustee appeared hopeful that he could reach a resolution and believed it would be in the best interest of the creditor.

12.     However, on April 1, 2021 at 4:19 PM, I received a call from the Trustee in this case, Thomas H. Casey. On this call, Mr. Casey noted that Avetoom personally reached out to

---

**DEBTOR'S OPPOSITION TO AVETOOM'S MOTION TO DISMISS BANKRUPTCY CASE**
15

1   inform the Trustee that Avetoom would apparently reject any offer, including any offer that would

2   cause him to be paid.

3        13.     Based on my review of the state court file, 2012 bankruptcy file, and this case, I

4   have concluded that Mr. Avetoom is more interested in satisfying his own emotional desire to

5   litigate against Ms. Fridman than in being paid. Accordingly, I believe this is impulse is the

6   genesis of his motion to dismiss, not any rational basis related to payment to creditors as alleged in

7   the motion.

8        I declare under penalty of perjury under the laws of the State of California that the

9   foregoing is true and correct.

10       Executed on April 1, 2021 at Riverside, California.

11                                             *Scott Talkov*

12                                             Scott Talkov

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

# **Exhibit 1**

Orange County Register

# 2 nabbed by task force
# face sentencing today

Story appeared
in METRO
section

on page b05

ID: OCR759635

Illustration:

Edition:
MORNING

Correction:

Byline: The Orange County Register

Karl Ivan Avetoom wanted to be a lawyer. But his prelaw career as a convicted motorcycle thief pre-empted that ambition.

Robert Yule II, a certified public accountant, now has a debt to society to account for. His CPA license will be withdrawn.

Both men face the possibility of five years in state prison when they appear before Superior Court Judge Cecil Hicks today for sentencing on four counts of grand theft, receiving stolen property and operating a "chop shop" _ where stolen vehicles are stripped for parts that either are sold or reassembled to hide the vehicles' illegitimate origin.

The two had been charged with conspiracy and 26 other felonies after investigators seized stolen motorcycles and parts from three storage units the pair had rented in Costa Mesa and Irvine.

Investigators called **Avetoom**, 28, a motorcycle-theft kingpin. But his lawyer maintained he was a small fry, noting jurors rejected most of the charges, including allegations that he conspired to steal Japanese "bullet bikes," strip them, then rebuild cycles with parts containing altered ID numbers.

"I want to dispel this big conspiracy thing because they acquitted him of it," said **Avetoom**'s lawyer, Todd Landgren. "Sure, we lost a count or two, and he'll be punished for that. But to me that's a victory."

"He's still convicted, and we're awaiting sentencing," said Lt. Rick Criner, coordinator of the Orange County Auto Theft Task Force. "You catch him, and he'll deny everything, and so will his attorney."

Copyright 2007 The Orange County Register

## Exhibit 2

 Gmail

Scott Talkov <scott@talkovlaw.com>

---

## Notice of Bankruptcy Case Filing - In re Rosa Fridman - Chapter 7

**Scott Talkov** <scott@talkovlaw.com>                    Fri, Feb 26, 2021 at 4:54 PM
To: kia002@att.net
Cc: Leilani Caspillo <assistant@talkovlaw.com>, "Mr. Chris Kiernan" <chris@talkovlaw.com>, Ferdeza Zekiri <ferdeza@talkovlaw.com>, Nick Moss <nick@talkovlaw.com>
Bcc: Alex Theory <theory411@gmail.com>

Mr. Avetoom,

I hope this email finds you well. Attached you will find the notice of bankruptcy case filing and related pleadings filed this afternoon. Also attached you will find an amendment to the debtor's trust executed pre-petition resolving your concern raised in state court as to the location of any document bearing "Page 3" in the footer, which is now deemed to be omitted to the extent it ever existed, which the debtor has knowledge of. If you have any questions, please do not hesitate to contact me.



**Scott Talkov | Attorney, Talkov Law**

**e:** scott@talkovlaw.com | **w:** www.talkovlaw.com
**p:** (951) 888-3300

---

**3 attachments**

📄 **Notice of Bankruptcy Case Filing.pdf**
111K

📄 **01 - Petition.pdf**
2388K

📄 **Amendment to Trust re Missing Page 3 (Notarized Pre-Petition).pdf**
464K

## Exhibit 3

 Gmail

<div style="text-align:right">Scott Talkov &lt;scott@talkovlaw.com&gt;</div>

## In re Rosa Fridman - Debtor's Notice of Motion and Motion to Avoid Lien 522(f)

**Scott Talkov** &lt;scott@talkovlaw.com&gt;                        Tue, Mar 9, 2021 at 9:29 AM
To: kia002@att.net
Cc: Leilani Caspillo &lt;assistant@talkovlaw.com&gt;
Bcc: Alex Theory &lt;theory411@gmail.com&gt;

Mr. Avetoom,

Attached you will find the Debtor's Notice of Motion and Motion to Avoid Lien 522(f) being filed today in the Chapter 7 case of In re Rosa Fridman, which includes a certificate of service showing that this was also mailed to you by USPS Certified Mail.

Best Regards,



**Scott Talkov** | Attorney, Talkov Law

**e:** scott@talkovlaw.com | **w:** www.talkovlaw.com
**p:** (951) 888-3300

📄 **Debtor's Notice of Motion and Motion to Avoid Lien 522(f) - In re Rosa Fridman.pdf**
12392K

**Exhibit 4**



# Certificate of Service
# Declaration of Mailing

**CaseMail ID:** CM-23259-0282.01
**On Behalf of:**

Talkov Law
2900 Adams St Ste
C225Riverside, CA 92504

**On  March 06, 2021**

A copy of the following documents were deposited for delivery by
**the United Stated Postal Service, via Certified Mail ERR / w
signature,**

Postage prepaid, with sufficient postage thereon to the following
recipients.

Karl Avetoom
1100 Rutland Rd Apt 9
Newport Beach
CA
92660-4601

 The undersigned does hereby declare under penalty of perjury of the laws of
the United States that I have served the above referenced document(s) on the
mailing list attached hereto in the manner shown and prepared the
Declaration of Certificate of Service and that it is true and correct to the best
of my knowledge, information, and belief.

Dated:  03/06/2021 12:00 AM

/ S / Joe L.Ruiz
VerTrius, Corp.
d/b/a CaseMail
16192 Coastal HWY
Lewes, DE 19958

| PROOF OF POSTAGE PAID: |
| --- |
|  |
| PROOF OF POSTAGE PAID: |
|  |
| PROOF OF MAILING: |
| USPS® verified acceptance of the attached documents with sufficient postage paid and were mailed on the date listed below: |
| 03/06/2021 |
| CONTENT VERIFICATION: |
| CaseMail ID: |
| CM-23259-0282.01 |

**Copyright 2019 by VerTrius Corp** All Rights Reserved

| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address<br><br>SCOTT TALKOV, State Bar No. 264676<br>CHRISTOPHER M. KIERNAN, State Bar No. 319804<br>TALKOV LAW CORP.<br>2900 Adams St Ste C225<br>Riverside, CA 92504<br>(951) 888-3300<br>scott@talkovlaw.com<br>chris@talkovlaw.com<br><br>☐ *Debtor appearing without attorney*<br>☒ *Attorney for Debtor* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>Rosa A. Fridman<br><br><br><br><br><br><br>Debtor(s). | CASE NUMBER: 8:21-bk-10513-ES<br><br>CHAPTER: 7<br><br>**DEBTOR'S NOTICE OF MOTION AND MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f) (REAL PROPERTY)**<br><br>[No hearing required unless requested under LBR 9013-1(o)] |
|---|---|

**Creditor Name:**
Karl Avetoom and Beach Crest Villas Owners Association (Potential Partial Assignee)

**TO THE CREDITOR, ATTORNEY FOR CREDITOR AND OTHER INTERESTED PARTIES:**

1. **NOTICE IS HEREBY GIVEN** that Debtor moves this court for an order, pursuant to LBR 9013-1(o) upon notice of opportunity to request a hearing (*i.e.*, without a hearing unless requested), avoiding a lien on the grounds set forth below.

2. **Deadline for Opposition Papers:**
   Pursuant to LBR 9013-1(o), any party opposing the motion may file and serve a written opposition and request a hearing on this motion. If you fail to file a written response within 14 days of the date of service of this notice of motion and motion, plus an additional 3 days unless this notice of motion and motion was served by personal delivery or posting as described in Federal Rules of Civil Procedure 5(b)(2)(A)-(B), the court may treat such failure as a waiver of your right to oppose this motion and may grant the requested relief.

| *"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*<br>*"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.* |
|---|

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*                    Page 1                    **F 4003-2.1.AVOID.LIEN.RP.MOTION**
CM-23259-0282

# **Exhibit 5**



Scott Talkov <scott@talkovlaw.com>

---

### In re Fridman service list

**Scott Talkov** <scott@talkovlaw.com>                                                                Fri, Mar 19, 2021 at 5:41 PM
To: kia002 <kia002@att.net>
Cc: Leilani Caspillo <assistant@talkovlaw.com>

Mr. Avetoom,

I hope this email finds you well. I must admit that your email represents the most extraordinary effort that I have ever seen anyone go to in order to confirm that a document they received electronically from an opposing party was not received by mail. Indeed, your knowledge that I sent the documents to you by certified mail through CaseMail came from my voluntary effort to provide you with extra service of the motion by email dated March 9, 2021 to the very email you replied from (kia002@att.net). My email attached the exact motion that you are now claiming you did not receive by mail.

Given what I am interpreting as your extraordinary interest in a paper copy of the same motion that you already have, my office sent and has received confirmation that Debtor's Notice of Motion and Motion to Avoid Lien under 11 U.S.C. Section 522(f) (Real Property) filed with the Court as Doc. 13 was underlined delivered today by UPS at 4:34 p.m. "to your front door"  and by USPS at 3:04 p.m. "in or at your mailbox."

As a courtesy, I've attached yet another copy of this same motion as it appears on the court's docket. Although perhaps you have forgotten, it appears that you previously registered with the court to accept electronic service given that the court's Bankruptcy Notice Center ("BNC") identifies on its notices in this case your email address "kia002@att.net" as having a BNC "Recip ID" of "40676349."

To the extent your only concern with the motion relates to service, the appropriate remedy is for the moving party to re-serve the motion. Accordingly, there is no reason for my office to withdraw the motion that has been filed, as you have requested.

Readings between the lines, I am gathering that you are having trouble locating any legal basis to oppose the motion. If you would like me to inquire if I can obtain a nominal payment for a stipulation to bring an end to the disputes between you and the debtor, please let me know.

All the best,



**Scott Talkov** | Attorney, Talkov Law

**e:** scott@talkovlaw.com | **w:** www.talkovlaw.com
**p:** (951) 888-3300

---

On Wed, Mar 17, 2021 at 8:27 PM kia002 <kia002@att.net> wrote:
Mr. Talkov,

Please make sure that any service is sent to my full address 1100 Rutland Road Apt 9, Newport Beach, CA 92660.

It appears you have filed a motion to avoid liens without serving me. Please check your records to confirm you mailed your motion to the correct address.  I have contacted Case Mail, who your designated to mail your filing before it was ECF'd who provided me with a Certified Mail ID # of

**9214890132473400136919164**

which by tracking on USPS.com shows it has not been delivered, it has been delayed.

**I do not accept electronic service and service must be effectuated and complete by mail.**

Please withdraw and refile your Motion and please serve by mail service that can be confirmed.

I don't want to file an objection for ineffective service and cause additional delay.

Regards

Karl Avetoom

---

📄 **13- Motion to Avoid Lien Judgments from Orange County Superior Court Case.pdf**
12760K

## **Exhibit 6**

 Gmail

Scott Talkov <scott@talkovlaw.com>

---

**Fwd: UPS Delivery Notification, Tracking Number 1Z14VUT40200007219**

**Leilani Caspillo** <assistant@talkovlaw.com>                                      Fri, Mar 19, 2021 at 4:51 PM
To: Scott Talkov <scott@talkovlaw.com>

---------- Forwarded message ---------
From: **UPS** <pkginfo@ups.com>
Date: Fri, Mar 19, 2021 at 4:35 PM
Subject: UPS Delivery Notification, Tracking Number 1Z14VUT40200007219
To: <ASSISTANT@talkovlaw.com>



**Hello, your package has been delivered.**

**Delivery Date:**   Friday, 03/19/2021
**Delivery Time:**   04:34 PM
**Left At:**   FRONT DOOR

**Experience UPS My Choice® Premium Today**
Be in total control of how, when and where
your packages are delivered.

Upgrade to Premium Now

Set Delivery Instructions          Manage Preferences          View My Packages

**TALKOV LAW CORP.**

| | |
|---|---|
| **Tracking Number:** | 1Z14VUT40200007219 |
| **Ship To:** | KARL AVETOOM<br>1100 RUTLAND ROAD<br>APT 9<br>NEWPORT BEACH, CA 92660<br>US |
| **Number of Packages:** | 1 |
| **UPS Service:** | UPS 2nd Day Air® |
| **Package Weight:** | 1.0 LBS |

Download the UPS mobile app

© 2021 United Parcel Service of America, Inc. UPS, the UPS brandmark, and the color brown are
trademarks of United Parcel Service of America, Inc. All rights reserved.

All trademarks, trade names, or service marks that appear in connection with UPS's services are the
property of their respective owners.

Please do not reply directly to this email.

Manage Your UPS My Choice Delivery Alerts

Review the UPS Privacy Notice

Review the UPS My Choice Service Terms

Learn About UPS My Choice

--



**Leilani Caspillo** | Paralegal, Talkov Law

**a:** 2900 Adams St. Ste C225 | Riverside, CA 92504
**e:** assistant@talkovlaw.com | **w:** www.talkovlaw.com
**p:** (951) 888-3300

# **Exhibit 7**

# USPS Tracking®

FAQs >

## Track Another Package  +

**Tracking Number:** 9405511899560390089449

Remove ✕

Your item was delivered in or at the mailbox at 3:04 pm on March 19, 2021 in NEWPORT BEACH, CA 92660.

**USPS Tracking Plus™ Available** ⌄

 **Delivered**

March 19, 2021 at 3:04 pm
Delivered, In/At Mailbox
NEWPORT BEACH, CA 92660

**Get Updates** ⌄

Feedback

---

**Text & Email Updates**    ⌄

---

**Tracking History**    ⌃

**March 19, 2021, 3:04 pm**
Delivered, In/At Mailbox
NEWPORT BEACH, CA 92660
Your item was delivered in or at the mailbox at 3:04 pm on March 19, 2021 in NEWPORT BEACH, CA 92660.

**March 19, 2021, 7:56 am**
Out for Delivery
NEWPORT BEACH, CA 92660

**March 19, 2021, 7:45 am**
Arrived at Post Office
NEWPORT BEACH, CA 92658

**March 19, 2021, 6:28 am**
Arrived at USPS Facility
NEWPORT BEACH, CA 92658

**March 19, 2021, 4:30 am**
Departed USPS Regional Facility
SANTA ANA CA DISTRIBUTION CENTER

March 19, 2021, 4:11 am
Arrived at USPS Regional Facility
SANTA ANA CA DISTRIBUTION CENTER

March 19, 2021, 3:40 am
Departed USPS Regional Facility
ANAHEIM CA DISTRIBUTION CENTER

March 19, 2021, 1:38 am
Arrived at USPS Regional Facility
ANAHEIM CA DISTRIBUTION CENTER

March 19, 2021, 12:42 am
Departed USPS Regional Facility
SAN BERNARDINO CA DISTRIBUTION CENTER

March 18, 2021, 11:25 pm
Arrived at USPS Regional Origin Facility
SAN BERNARDINO CA DISTRIBUTION CENTER

March 18, 2021, 10:10 pm
Accepted at USPS Origin Facility
RIVERSIDE, CA 92504

March 18, 2021, 5:26 pm
Shipping Label Created, USPS Awaiting Item
RIVERSIDE, CA 92504

Feedback

USPS Tracking Plus™     ⌄

Product Information     ⌄

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2900 Adams Street, Suite C225, Riverside, CA 92504

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S OPPOSITION TO KARL AVETOOM'S MOTION TO DISMISS BANKRUPTCY CASE PURSUANT TO U.S.C. § 707; DECLARATION OF SCOTT TALKOV** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 1, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

> Thomas H Casey (TR)    msilva@tomcaseylaw.com, thc@trustesolutions.net
> Donald W Reid    don@donreidlaw.com, ecf@donreidlaw.com
> United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On (*date*) April 1, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> Hon. Erithe Smith, 411 West Fourth Street, Suite 5040, Santa Ana, CA 92701

☐    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) April 1, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| April 1, 2021    Leilani Caspillo | | /s/Leilani Caspillo |
| *Date*        *Printed Name* | | *Signature* |

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300