Donald W. Reid – SBN 281743
LAW OFFICE OF DONALD W. REID
PO Box 2227
Fallbrook, CA 92088
(951) 777-2460
don@donreidlaw.com

Counsel for Creditor Karl Avetoom

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>ROSA FRIDMAN,<br><br>　　　　Debtor. | Case No. 8:21-bk-10513-ES<br><br>Chapter 7<br><br>**OPPOSITION TO DEBTOR ROSA FRIDMAN'S MOTION TO AVOID LIENS PURSUANT TO 11 U.S.C. § 522(f)**<br><br>**DECLARATION OF KARL AVETOOM IN SUPPORT THEREOF**<br><br>Hearing:<br>Date:　　　　April 15, 2021<br>Time:　　　　10:30 a.m.<br>Place:　　　　Courtroom 5A<br>　　　　　　411 W. Fourth Street<br>　　　　　　Santa Ana, CA 92701 |

1

As argued in the Motion to Dismiss[1], Debtor filed this bankruptcy case and LAM[2] in bad faith to circumvent a two-party dispute in two cases pending in the Orange County Superior Court, the 2010 IIED Action[3] and 2015 Fraudulent Action[4]. This bankruptcy case should be dismissed pursuant to and the LAM denied as moot. Alternatively, the LAM should be denied on the merits.

### A.    The Debtor Cannot Avoid Liens Pursuant to 11 U.S.C. § 522(f) Without First Establishing Her Interest in the Property

In order to avoid a lien under 11 U.S.C. § 522(f), the debtor must first show: (1) that he has an interest in the homestead property; (2) he is entitled to a homestead exemption; (3) the asserted lien impairs that exemption; and (4) the lien is a judicial lien. See *In re Morgan*, 149 B.R. 147, 151 (9th Cir. BAP 1993). The burden is on the debtor, as movant. *Id.* Failing to establish her residency and intent to continue to reside at the time she filed her petition prevents Debtor from asserting homestead rights under California and Bankruptcy law. Mere "physical occupancy on the filing date *without the requisite intent to live there*, is not sufficient to establish residency." *Diaz v. Kosmala (In re Diaz)*, 547 B.R. 329, 336 (BAP 9th Cir. 2016) (emphasis added). *In re Gilman* (9th Cir. 2018) 887 F.3d 956, 966.

First, the LAM does not provide sufficient evidence as to what extent the Property is property of her bankruptcy estate. Debtor has also failed to establish residency, under California law, residing at the subject property and her intent to continue to reside at the property. According to the LAM, the Property was originally acquired in May 2013 and title was taken as follows:

> Moisey Fridman and Rosa Fridman, Husband and Wife as to an undivided 68.3% interest and Alex Fridman, a Single Man as to an undivided 31.7% interest, all as Tenants in common.

LAM at p. 81. Then, in December 2013, Moisey and Rosa Fridman transferred their partial

---

[1] The "Motion to Dismiss" refers to the *Motion to Dismiss Bankruptcy Case Pursuant to 11 U.S.C. § 707 With 180 Day Bar to Refiling* [Doc. 14], which is set for hearing simultaneously with the LAM. Unless separately classified herein, all capitalized terms have the same meanings as they do in the Motion to Dismiss.

[2] The "LAM" refers to the *Motion to Avoid Judicial Liens Pursuant to 11 U.S.C. § 522(f)* [Doc. 13].

[3] The "2010 IIED Action" refers to the action styled *Avetoom v. Arce et al.*, Case No. Orange County Superior Court, Case No. 30-2010-00345490, Orange County Superior Court. *See* Motion to Dismiss at pp. 2-3.

[4] The "2015 Fraudulent Transfer Action" refers to the action styled *Avetoom v. Risbrough et al*, Case No. 30-2015-00820760-CU-FR-CJC, Orange County Superior Court. *See* Motion to Dismiss at pp. 5-6.

interest in the Property to a family trust:

> Moisey O. Fridman and Rosa A. Fridman, Trustees of THE
> FRIDMAN FAMILY TRUST u/d/t April 14, 200

LAM at p. 84.

The terms of the Trust have been a heavily litigated issue in the pending state court litigation as the Debtor has refused to provide a complete copy of the trust document.  Recently, on February 21, 2021, the state court in the 2010 IIED Action entered an Order to Show Cause re Contempt against the Debtor for, among other things, refusing to produce a complete copy of the Trust.  A copy of the OSC is attached to the Avetoom Declaration as **Exhibit 1**.  The OSC was issued pursuant to the Affidavit of Karl Avetoom which is attached to and incorporated into the OSC which summarizes the Debtor's obfuscation to date.

Instead of responding to the OSC or appearing at the hearing (set for April 9, 2021), Debtor filed this bankruptcy case on February 26, 2021.  That same day, however, Debtor signed a First Amendment to the Trust which provided as follows: "1. To the extent a page of the Trust bearing the Footer 'Page 3' ever existed, it is hereby deemed omitted, deleted, and stricken from the Trust; 2. In all other respects, I reaffirm and republish the Declaration of Trust establishing the Fridman Family Trust, dated April 14, 2000."  A copy of the First Amendment of Trust provided by Debtor's counsel to Avetoom on the same day the Petition was filed is attached to the Avetoom Declaration as **Exhibit 2**.  This First Amendment of Trust appears to be an obvious attempt to circumvent the OSC entered on February 21, 2020, instead of substantively responding to Debtor's failure to produce a complete copy of the Trust.

Unless and until the Debtor produces the missing page of the Trust, then the Debtor cannot demonstrate what her bankruptcy estate has in the Property vis-à-vis her interest in the Trust.  Debtor may only avoid a judicial lien to the extent it impairs her homestead exemption.  Thus, the extent of the Debtor's interest in the Property (as Trustee of the Fridman Trust) is a predicate issue and must be determined before ruling on the LAM.

**B.    Several of the Alleged Liens Cannot Be Avoided Pursuant to 11 U.S.C. § 522(f)**

Second, even if the Court finds that the Property is property of the bankruptcy estate, several of the liens identified by the LAM cannot be avoided pursuant to § 522(f).  The LAM

3

1    attaches copies of seven liens identified on a preliminary title report obtained by the Debtor's

2    counsel on behalf of the son, Moses Fridman, aka, Alex Fridman.  Those liens are identified by

3    their "Exception No." as set forth in the title report and are referred to as same herein.

4                          **Title Exception Nos. 14 and 15 (Part 1)**

5            Title Exceptions 14 ($1,000,000 Judgment) and 15 (Part 1) ($1,000,000 Recorded

6    Abstract) were recorded <u>before</u> the Debtor acquired her interest in the Property (November 2011

7    and January 2012, respectively).  LAM at pp. 25-35 (Title Exception No. 14), 37-47 (Title

8    Exception No. 15 (Part 1)).  Thus, they "fixed" (or attached) to the Property simultaneously with

9    the Debtor acquiring her interest in the Property in May 2013.  A debtor may not avoid a judicial

10   lien under § 522(f) unless she had an interest in the property *before* the lien attached.  *Farrey v.*

11   *Sanderfoot,* 500 U.S. 291, 299 (1991) ("[A] a debtor cannot use § 522(f)(1) to avoid a lien on an

12   interest acquired after the lien attached….").  Here, Title Exception Nos. 14 and 15 were recorded

13   before the Debtor acquired her interest in the Property and attached to the Property simultaneously

14   when Debtor took title.  Therefore, these liens may not be avoided pursuant to § 522(f).  *Weeks v.*

15   *Pederson (In re Pederson)*, 230 B.R. 158, 163-64 (B.A.P. 9th Cir. 1999) ("Does § 522(f)(1) allow

16   avoidance of a lien that attaches to a debtor's interest in property at the same time the debtor

17   acquires the interest in property? The court read *Farrey* to say that, if a lien attaches at the time the

18   debtor acquires her interest, the debtor does not possess the property interest at any time before the

19   lien attached, and the lien cannot be avoided.").

20                          **Title Exception No. 15 (Part 2)**

21           Title Exception No. 15 (Part 2) (Recorded Amended Abstract for $650,000) was recorded

22   after the Debtor acquired her interest in the Property (March 2015).  LAM at pp. **However, as a**

23   **matter of law, it amends and relates back to the recording date of Title Exception 15 (Part 1)**

24   **(January 2012)**.  *See* Cal. Code Civ. Proc. § 674(b) ("A recorded Amendment to Abstract of

25   Judgment <u>shall have priority as of the date of recordation of the original abstract of judgment</u>,

26   except as to any purchaser, encumbrancer, or lessee who obtained their interest after the

27   recordation of the original abstract of judgment but prior to the recordation of the Amendment to

28   Abstract of Judgment without actual notice of the original abstract of judgment.").  Accordingly,

1  this lien has "priority" to the purchase and homestead declaration, and also cannot be avoided

2  under § 522(f).  Notice of the first recorded Abstract was provided to the Debtors.

3                                    **Title Exception No. 21**

4         Title Exception No. 21 was also recorded after the Debtor acquired her interest in the

5  Property (November 2020).  But this is a stipulated judgment that merely reiterates the terms of a

6  Settlement Agreement put on the record July 9, 2019 wherein the Debtor consented to the creation

7  of a lien against her 68.3% interest in the Property.  *See* Motion to Dismiss, Ex. 7 (Transcript of

8  7/9/19 Hearing).  The Settlement, a contract under California law, was entered into to resolve

9  pending fraudulent transfer litigation between Avetoom and Debtor in *Avetoom v. Fridman et al*,

10  Case No. 30-2015-00820760, Orange County Superior Court.  Most dispositive is that the

11  Settlement Agreement created the consensual lien, not the recording of the judgment that took

12  place over a year later.  Opposite of the *In re Applebaum* (Bankr. E.D. Cal. 1993) 162 B.R. 548

13  case.

14         Here the consensual lien created by the Settlement on July 9, 2019, and not by a recording

15  some 16 months later, as set forth by the trial court's understanding of the parties' intent on July 9,

16  2019.  *See* Motion to Dismiss, Ex. 7 (Transcript of 7/9/19 Hearing) at 11:4-19.  This fact alone

17  distinguishes this case from *Applebaum* which held "[a]s with most consent judgments, the Bank's

18  lien derives from an abstract of judgment, not the party's consent. Section 522(f) accordingly

19  applies and the filing of the lien may be avoided." *Applebaum* 162 B.R. at 552.  But here,

20  Avetoom's lien arose from the Settlement, creating security in Debtor's 68.3% interest in the

21  Property.  Debtor cannot avoid and set aside Title Exception No. 21, a security lien created by

22  agreement/contract.  By this Motion, Debtor is attempting to avoid enforcement of a consensual

23  lien in Settlement (i.e. a "security interest" pursuant to 11 U.S.C. § 101(51)), not a judicial lien.

24         In *Applebaum* the opposite facts continue: "[t]he general terms of the Applebaums'

25  stipulation did not indicate that the Applebaums agreed to any specific consensual lien on their

26  house. The possible lien mentioned in the stipulation was the *same* lien that would have arisen had

27  the case been brought to trial. Thus, it would appear from the stipulation that the Bank was merely

28  preserving their right to an abstract of judgment. Moreover, the Bank's lien is judicial because it

1    derives its power from a subsequently executed judgment. At the time of the stipulation, it was not

2    even clear that a lien would necessarily be filed as the stipulated judgment only provided that the

3    Bank 'may" file an abstract of judgment. The Bank's lien arose then not when the Applebaums

4    signed the agreement, but later when the Bank executed on its judgment." *Applebaum*, 162 B.R.

5    at 551-52.

6        Here, the facts are completely opposite.  The Settlement Agreement clearly stated that a

7    lien would be created as part of the Settlement that applied to Rosa Fridman's interest *See* Motion

8    to Dismiss, Ex. 7 (Transcript of 7/9/19 Hearing) at 11:4-19 [The Court: … "THAT PART OF

9    THE AGREEMENT IS THERE WILL BE A LIEN ON PROPERTY THAT WILL BE

10   ESTABLISHED BY THIS AND CONFIRMED BY THIS"]. "This" meaning the Settlement.

11       The consensual lien was not the same lien that would have arisen had the case gone to trial.

12   This would have resulted in Avetoom obtaining another monetary judgment for aiding and

13   abetting and conspiracy liability under the Voidable Transaction Act (Cal. Civ. Code § 3439).

14   The state court further distinguished the lien created by the Settlement had nothing to do with the

15   already perfected judicial liens, thus Avetoom was not preserving a right to record an abstract.

16   Motion to Dismiss, Ex. 7 (Transcript of 7/9/2019 Hearing) at 11:4-14.

17       At the time of the Settlement, the Trial Court reiterated that a lien would be created by the

18   "this" the Settlement, and Debtor's counsel agreed (*Id.*). This is completely opposite to a lien that

19   "may" be created found in *Applebaum*.  The state court, wanting to make sure the Settlement

20   Agreement was final and would provide for ultimate dismissal of the 2015 Fraudulent Transfer

21   Action, requested that the Settlement Agreement terms be incorporated into an order or judgment

22   for the Court to sign and dismiss the action.  *Id.*

23       In that stipulated judgment, the Debtor stipulated to the Settlement terms as follows:

24           1.      Rosa Fridman stipulates that the judgment in
     *Avetoom v. Acre, Fridman* Orange County Superior Court Case No.
25   30-2010-00345490 is valid against her both individually and as
     Trustee for The Fridman Family Trust Established On April 14,
26   2000.

27           2.      Rosa Fridman hereby represents that 68.3% of the
     property commonly known as 16542 Blackbeard Lane, #304,
28   Huntington Beach, CA 92649 (APN 937-71-030)("the Property") is

6

owned by Rosa A. Fridman as Trustee for The Fridman Family Trust under Declaration of Trust for The Fridman Family Trust Established On April 14, 2000.

3.    Rosa Fridman further represents that the only asset in The Fridman Family Trust Established Onn April 14, 2000 ("the Trust") is her 68.3% interest in the Property commonly known as 16542 Blackbeard Lane, #304, Huntington Beach, CA 92649 (APN 937-71-030).

4.    Rosa Fridman further represents 68.3% ownership interest of the Property is held under the Declaration of Trust as follows: "MOISEY O. FRIDMAN AND ROSA A. FRIDMAN, as Trustees for The Fridman Family Trust u/d/t April 14, 2000" as provided in the declaration of Trust for The Fridman Family Trust Established On April 14, 2000.  Under the terms of the Trust, aft er the passing of MOISEY O. FRIDMAN in 2015, ROSA A. FRIDMAN as Trustee for The Fridman Family Trust Established On April 14, 2000 possesses 68.3% ownership of the Property as the surviving spouse.

5.    The remaining interest in the Property is owned by ALEX FRIDMAN, a single man.

6.    The parties hereby stipulate that ALEX FRIDMAN'S interest in the Property is not affected by this Judgment.

7.    The Parties agree to waive any and all claims, known or unknown, between them and waive the protection of Civil Code § 1542.

8.    The Parties agree to not file any action against each other, or family of each other.

9.    The Parties stipulate that the Court shall retain jurisdiction to enforce this Settlement pursuant to Code of Civil Procedure Section 664.6.

10.    The Parties represent that they each have the authority to enter into the Settlement in all capacities.

11.    The Parties stipulate that all claims in this action against Rosa Fridman, as an individual and as Trustee for The Fridman Family Trust Established April 14, 2000 are hereby DISMISSED with prejudice upon execution of this Judgment by the Court.

LAM at pp. 59-61.

The LAM presents several problematic issues as to Title Exception No. 21.  First, the

LAM is a breach of the Stipulated Judgment as Debtor previously agreed to "not file any against

7

1   [Avetoom]."  LAM at 60.  "Any action" is a broad term that necessarily includes this LAM.

2         Second, the LAM is clearly a collateral attack on the Stipulated Judgment wherein the

3 Superior Court "retain[ed] jurisdiction to enforce this Settlement pursuant to Code of Civil

4 Procedure Section 664.6."  LAM at 60.

5         Third, the Stipulated Judgment was held to be a "security interest" by the state court

6 (Motion to Dismiss, Ex. 7 (Transcript of 7/9/2019 Hearing) at 11:4-14) rather than a "judicial lien"

7 and is not subject to avoidance under § 522(f).  *See* 11 U.S.C. §§ 101(50)(51) (defining a "security

8 interest" as a "lien created by agreement"), § 101(36) (defining "judicial lien" as a "lien obtained

9 by judgment, levy, sequestration, or other legal or equitable process or proceeding").

10         Fourth, there are pending contempt proceedings in 2010 IIED Action over issues germane

11 to the LAM (full production of the Trust).  *See* Motion to Dismiss, Ex. 9.  To the extent the Court

12 avoids Title Exception No. 21, the bankruptcy court would be interfering with state court's

13 contempt proceedings in the 2010 IIED Action and ability to enforce Settlement in the 2015

14 Fraudulent Transfer Action.

15         Finally, in a more global sense, even if Debtor prevails on the LAM, it appears she would

16 win the battle but lose the war.  As discussed more thoroughly in the pending Motion to Dismiss, a

17 727 Judgment was entered against Debtor in the 2012 BK Case.  Motion to Dismiss, Exs. 4-6.  As

18 a result, Avetoom's judgment against Debtor is non-dischargeable in this bankruptcy case

19 pursuant to 11 U.S.C. § 523(a)(10).  Thus, even if Debtor prevails on the LAM, Avetoom knows

20 of no authority preventing him from re-recording a new judgment lien against the Property.

21         Accordingly, the LAM should be denied to the extent that it seeks to avoid Title Exception

22 Nos. 14 ($1,000,000 Judgment), Title Exception 15 (Part 1)($1,000,000 Abstract), Title Exception

23 15 (Part 2)($650,000 Amended Abstract), and Title Exception 21(the 68.3% consensual lien).

24

25                          Respectfully submitted by,

26                          LAW OFFICE OF DONALD W. REID

27 Dated: April 1, 2021

28                          By: /s/Donald W. Reid_____
                         Donald W. Reid, Counsel for Karl Avetoom

## DECLARATION OF KARL AVETOOM

I, Karl Avetoom, am a creditor of Rosa Fridman ("Debtor"), the chapter 7 debtor in this bankruptcy case. I have personal knowledge of the facts stated herein. I make this declaration in support of the *Opposition to Motion to Avoid Judicial Liens Under 11 U.S.C. § 522(f)* ("Opposition), to which this declaration is attached. Any capitalized terms not otherwise defined herein have the same meanings as they do in the Opposition.

1.    Recently, on February 21, 2021, the state court in the 2010 IIED Action entered an Order to Show Cause re Contempt against the Debtor for, among other things, refusing to produce a complete copy of the Trust.  A copy of the OSC is attached hereto as **Exhibit 1**.

2.    Instead of responding to the OSC or appearing at the hearing (set for April 9, 2021), Debtor filed this bankruptcy case on February 26, 2021.  That same day, however, Debtor signed a First Amendment to the Trust which provided as follows: "1. To the extent a page of the Trust bearing the Footer 'Page 3' ever existed, it is hereby deemed omitted, deleted, and stricken from the Trust; 2. In all other respects, I reaffirm and republish the Declaration of Trust establishing the Fridman Family Trust, dated April 14, 2000."  A copy of the First Amendment of Trust provided by Debtor's counsel, Scott Talkov, to me is attached hereto as **Exhibit 2**.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 1, 2021                                        By: _____

                                                                                Karl Avetoom

# Exhibit 1

**FILED**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

FEB 2 2 2021

DAVID H. YAMASAKI, Clerk of the Court

BY:_____,DEPUTY

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF ORANGE**

**CENTRAL JUSTICE CENTER**

|  |  |  |
|---|---|---|
| Karl Avetoom | ) | Case No.  30-2010-00345490 |
|  | ) |  |
| Plaintiff | ) | **ORDER TO SHOW CAUSE** |
|  | ) | **RE CONTEMPT** |
| v. | ) |  |
|  | ) |  |
|  | ) | April 9, 2021 |
| Lynsey Arce, Rosa Fridman | ) | 9:00 a.m. |
| Defendants | ) | Dept. C-66 |

**To:    Defendant Rosa Fridman:**

YOU ARE HEREBY ORDERED to appear in person before the above-entitled court at the

Central Justice Center, Department C66, located at 700 Civic Center Drive West, Santa Ana,

California, on **April 9, 2021** at **9:00 a.m.**, to show cause why you should not be held in contempt for

the alleged violations of this court's August 29, 2019 and November 16, 2020 orders regarding the

production of documents.  Face masks are required.

The allegations forming the basis of each count of contempt is more fully described in the

attached Affidavit in Support of Motion of Karl Avetoom Requesting and OSC: Re Contempt of Rosa

Fridman for Violation of this Court's Orders to Produce Documents, and Comply with this Court's

Order to Produce and Provide Code Compliant Responses ("Affidavit"). The referenced Affidavit is

attached hereto and incorporated into this OSC as though fully set forth.

Plaintiff shall serve defendant with this Order to Show Cause Re Contempt and attached

Affidavit no later than March 26, 2021 by personal service.

IT IS SO ORDERED:

DATED: _____2/22/21_____                    _____

Hon. Sherri L. Honer
Judge, Superior Court

-1-

Electronically Filed by Superior Court of California, County of Orange, 01/27/2021 06:59:00 PM.
30-2010-00345490-CU-PO-CJC - ROA # 1206 - DAVID H. YAMASAKI, Clerk of the Court By Stephen Corona, Deputy Clerk.

1  Karl Avetoom
2  1100 Rutland Road #9
   Newport Beach, CA 92660
3  (949) 929-4787
   kia002@att.net
4
5  *Plaintiff/Judgment Creditor, In Pro Per*

6

7

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9         **FOR THE COUNTY OF ORANGE-CENTRAL JUSTICE CENTER**

10

11  KARL AVETOOM,                    Case No: 30-2010-00345490

12          Plaintiff,               *Assigned for all purposes to:*

13      vs.                          *HON.* Judge Sheri Stoner
                                     *Dept: C-66*
14
                                     **AFFIDAVIT IN SUPPORT OF MOTION OF**
15  LYNSEY ARCE, ROSA FRIDMAN, as    **KARL AVETOOM REQUESTING AN OSC:**
                                     **RE CONTEMPT OF ROSA FRIDMAN FOR**
16  individuals, and DOES 1-50,      **VIOLATION OF THIS COURT'S ORDERS**
                                     **TO PRODUCE DOCUMENTS, AND**
17          Defendants               **COMPLY WITH THIS COURT'S ORDER TO**
                                     **PRODUCE AND PROVIDE CODE**
18                                   **COMPLIANT RESPONSES**

19
                                     **(C.C.P. § 1209(a)(5)** *willful*
20                                   *disobedience of a court order).*
                                     *Reservation ID: 73456381*
21

22

23            <u>**AFFIDAVIT OF KARL AVETOOM**</u>

24  I, Karl Avetoom, declare as follows:

25      1.    I am the Plaintiff and Judgment Creditor in the above entitled matter.

26      2.    I am thoroughly familiar with and have handled all aspects of the above-entitled case. The

27  statements made herein are based on my personal knowledge and if called as a witness I could and

28  would competently testify thereto.  I make this Affidavit after Debtor ROSA FRIDMAN has refused to

                                     - 1 -

1   comply with this Court's orders and produce a missing page of her Trust, in excess of **463 days.** Rosa

2   Fridman has failed once again to provide her financial documents pursuant to this Court's last order.

3   Rosa Fridman request for a three month continuance was denied by this Court, however, as before, she

4   has mislead the courts into giving her preferential treatment.

5       3.      I am required to submit this affidavit to the Court as Defendant ROSA FRIDMAN'S

6   continued contemptuous acts occurred outside the Court's presence.   My affidavit sets forth the basis

7   for "indirect contempt" [An "indirect contempt" occurs *outside the judge's presence* [Hanson v. Sup.

8   Ct. (2001) 91 Cal.App.4th 75, 81)].  This affidavit serves as the "complaint" in an indirect contempt

9   proceeding. [Lyon v. Sup.Ct. (1968) 68 Cal.2d 446, 452] and the "affidavit must be presented to the

10  court stating the facts constituting the contempt, an order to show cause <u>must</u> be issued, and hearing on

11  the facts must be held by the judge." [Arthur v. Sup.Ct. (1965) 62 Cal.2d 404, 407–408].

12      4.      The November 18, 2011 judgment entered against ROSA FRIDMAN is in excess of

13  $1.1 Million dollars.  On August 13, 2020 another judgment was entered against ROSA FRIDMAN

14  and in favor of Plaintiff.  After stipulating to a judgment to avoid trial, ROSA FRIDMAN spent a year

15  trying to stop the entry of the judgment she stipulated for.  The Trust document is relevant to collection

16  of over $1.1M in outstanding judgments.  After I won my case and obtained my judgment in 2011, the

17  Fridmans hid in bankruptcy for 6 years and eventually stipulated to non-discharge of all their debts due

18  to fraudulent conduct intended to hinder, delay or defraud their creditors, including myself.  The

19  Fridmans have stalled production of their financial documents since 2011 and it continued to this day.

20      5.      **On July 16, 2019** Plaintiff applied for an Order to have Debtor Rosa Fridman appear at

21  a judgment debtor exam (ROA 1127).  Debtor Rosa Fridman was ordered to appear and be examined

22  and produce records, including a copy of a Trust instruction where the Debtor was the Trustee and

23  beneficiary of the Trust.  Debtor failed to produce the documents propounded.

24      6.      On **August 29, 2019** the Debtor appeared unprepared with none of the requested

25  documents.  This Court ordered Judgment Debtor Rosa Fridman to return for a continued JDX and

26  produce all documents requested, including a Trust instrument where Rosa Fridman is the sole

27  beneficiary of said trust containing one real property (*Subpoena duces tecum to remain in full force*

28  *and effect*).  Rosa Fridman was again allowed a month to produce the missing Trust page she claimed

she possessed at home.  The Judgment Debtor Exam was continued again until October 3, 2019 at 9:00 a.m. [**Exhibit "1"**]

7.      On **October 3, 2019** Debtor Rosa Fridman appeared again <u>without</u> a complete Trust instrument.  The Court agreed page 3 of the Trust was missing and was material as it covered the ability to transfer Trust assets by Rosa Fridman, the Trustee and beneficiary.  The Court held Plaintiff was entitled to a full copy of the Trust as the Debtor was the beneficiary of the Trust.  The Debtor stated she would comply and produce the missing document page.  The Court continued the JDX until October 31, 2019 to give Debtor Rosa Fridman one more additional month to produce the missing page located in her Huntington Beach residence [**Exhibit "2"**].

8.      On **October 31, 2019** Debtor Rosa Fridman attended the continued JDX.  The Judgment Debtor's son provided a letter to the Court attempting to excuse the Debtor from producing the missing page 3 of the Trust.  The Court held that while portions of the letter may have been privileged, letter did not state that the Trust never had a page 3.  The Judgment debtor assured the Court the entire trust was at her home in Huntington Beach and that she would produce the missing page 3 "in two weeks."  The Court concluded the Debtor Exam ordering the Plaintiff to report to the Court if the document was not produced.

9.      On **December 16, 2019** Plaintiff wrote to Debtor requesting a copy of the complete Trust instrument.  No response was received.

10.     On **March 9, 2020** Plaintiff applied for an order to appear and be examined.  Due to the Covid-19 virus, and the Court's closure the clerk did not process the application until June 15, 2020 and set the Examination for July 31, 2020.

11.     On **June 17, 2020** Debtor was served with the Order to Appeal and Be Examined (ORAP).  And a demand for production of documents, including all credit card statements, bank statements, and a full copy of the Trust instrument.

12.     On **July 30, 2020** the Debtor's son filed a document with a letter requesting the debtor exam be continued indefinitely.  The Document was not served by Debtor but was provided by the Court at the hearing.

13.     On **July 31, 2020** this Court ordered the debtor examination continued for Rosa

- 3 -

1    Fridman until October 31, 2020.

2    14.    On **August 31, 2020** the Debtor appeared remotely. Debtor and son represented that

3    they could produce all of the documents requested by Plaintiff. Debtor asked for another continuance.

4    The Court responded that all debtor exams are done in person, an exception was made for the Debtor

5    who has asked for yet another continuance. The Debtor and her son requested another thirty (30) days

6    to provide the propounded documents, including the entire trust, including the missing page 3, to

7    Plaintiff. The Court denied Debtor's request and ordered the Debtor to produce all documents to

8    Plaintiff by September 8, 2020 and appear on September 21, 2020 for a Zoom debtor exam.

9    15.    On or around **September 21, 2020** at the continued debtor examination this Court

10    ordered ROSA FRIDMAN to produce in electronic format her financial records to this Court's clerk

11    by email. The Debtor produced an incomplete production through the Clerk of Department C-66. The

12    Debtor denied production was incomplete and this Court ordered Plaintiff to file a Motion to Compel.

13    16.    On **October 22, 2020** Plaintiff filed his Motion to Compel pursuant to this Court's

14    Order [ROA 1172].

15    17.    On **November 2, 2020**, the Debtor filed her response and admitted her prior production,

16    that she previously vehemently claimed was complete, was indeed incomplete [ROA 1179].

17    18.    On **November 16, 2020** this Court GRANTED Plaintiff's Motion to Compel

18    Production and ordered the Defendant/Creditor ROSA FRIDMAN to produce for each and every

19    demand for production, and supply code compliant answers pursuant to C.C.P. § 2031.230 [**Exhibit**

20    **"3"**]. Said motion also included production of the complete Trust and page 3 as previously ordered, as

21    Requested in Plaintiff's Request for Production (see Separate Statement Request 2, 4, and 5 See ROA

22    1175).

23    19.    On **November 28, 2020** Plaintiff received the same incomplete production with a

24    document purporting to be a "Notice of Compliance". None of responses complied with the Court's

25    November 16, 2020 Order and Debtor again refused to produce documents as ordered multiple times

26    by this Court and comply with C.C.P. 2031.230 as ordered.

27    20.    As of **December 4, 2020** the Debtor continues to defy this Court's Orders to produce the

28    missing page 3 of her Trust along with other documents requested, despite representing to this Court

- 4 -

1  for nearly a year she was able to produce and would in fact, do so.

2  21.      It has been in excess of **463** days that the Debtor has been given to produce the missing

3  Trust page this Court ordered to be produced. Defendant refuses to comply with this Court's orders in

4  willful defiance, resorting to misrepresenting this Court's orders.

5  22.      As of December 4, 2020 the Debtor continues to willfully defy this Court's Order to

6  produce her financial records in their entirety and submit code compliant responses as ordered by this

7  Court on November 16, 2020 within 10 days.

8                                    <u>**COUNT ONE**</u>

9                      **CONTEMPT (FAILURE TO COMPLY WITH ORDERS TO**

10                            **PRODUCE MISSING TRUST PAGE)**

11                      **AGAINST DEFENDANT ROSA FRIDMAN**

12  23.      This Court has repeatedly ordered Debtor is required to produce the complete copy of the

13  trust and at the least, the missing page 3 of the Debtor's Trust since 8/29/2019.

14  24.      Debtor Rosa Fridman assured the Court on several occasions that she could and would

15  comply and produce the missing page of the Trust.  8/29/2019 (Subpoena remains in full force and

16  effect), 10/3/2019(missing page to be produced), and 10/31/2019 (letter produced to Court trying to

17  excuse Debtor from producing page 3, this Court ruled that letter does not represent Page 3 never

18  existed).  Debtor understood the Court's Order by her conduct and representations to this Court.

19  25.      Debtor has repeatedly stated the complete Trust, inclusive of the missing page, is in her

20  possession and is thus able to comply with the Court's Order.

21  26.      Debtor Rosa Fridman has refused to produce the ordered missing page of her Trust for

22  over **463** days (page 3) to the Trust page is intentional disobedience of this Court's Orders.

23  27.      That ROSA FRIDMAN had knowledge of the orders, was able to comply at the time of

24  the orders and willfully refused to comply with the orders.

25                                    <u>**COUNT TWO**</u>

26                      **CONTEMPT AGAINST DEFENDANT ROSA FRIDMAN**

27                      **(REFUSING TO COMPLY WITH 11/16/2020 ORDER).**

28  28.      On November 16, 2020 this Court issued a valid Order granting Plaintiff's Motion to

Compel and ordered Debtor ROSA FRIDMAN to produce all requested documents and for those unable to be produced, provide code compliant responses within 10 days as fully set forth in the Court's November 16, 2020 Order.

29.    Debtor ROSA FRIDMAN was present before the Court when the Court issued its order on November 16, 2020 and read it verbatim to the Debtor ROSA FRIDMAN. The Clerk further served this Order electronically and via mail on the Debtor.

30.    On November 16, 2020 Debtor Rosa Fridman assured the Court that she understood and could and would comply with the Court's Order.

31.    On November 28, 2020 Debtor Rosa Fridman's produced incomplete records and refused to follow this Court's order to provide code compliant responses for each and every request as Ordered by this Court. The Debtor ROSA FRIDMAN responded with excuses and complaints against Plaintiff in her usual combative and evasive nature. The Debtor ROSA FRIDMAN did not state she was unable to comply with the Court's November 16, 2020 Order in providing code compliant responses. Each and every response failed to meet the Court's requirement for responses compliant under C.C.P. § 2031.230.

32.    That ROSA FRIDMAN had knowledge of the order, was able to comply at the time of the orders and willfully refused to comply with the orders.

**Whereby Plaintiff requests this Honorable Court issue an OSC: Re Contempt Against Defendant Rosa Fridman to conduct a short trial on facts already established in the Court's record.**

**Plaintiff prays as follows:**

1.    **As to Count One,** for the Court to set an OSC Re: Contempt against Defendant ROSA FRIDMAN for Refusing to Produce the missing page 3 from her Trust instrument **for over 463 days as ordered** while giving repeated representations she could and would do so. Plaintiff will seek the Court fine Defendants $1,000.00 and/or imprison Defendants for five days pursuant to C.C.P. § 1218 until she produces the missing page 3 of her Trust;

2.    **As to Count Two,** for the Court to set an OSC Re: Contempt against Defendant ROSA

FRIDMAN for refusing to produce ALL records to Plaintiff, as ordered on November 16, 2020 to be delivered with responses in compliance with C.C.P. § 2031.230.  Plaintiff will seek the Court fine Defendant $1,000.00 and/or imprison Defendant for five days pursuant to C.C.P. § 1218;

3.      For all fines and/or sentences to run consecutively, and/or;

4.      To award Plaintiff reasonable attorney fees and costs pursuant to C.C.P. § 1218(a).

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 25, 2021 at Newport Beach, California.

Signed:    _____
            Karl Avetoom
            Plaintiff/Creditor, In Pro Per.

AFFIDAVIT OF KARL AVETOOM IN SUPPORT OF OSC RE CONTEMPT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "1"

AFFIDAVIT OF KARL AVETOOM IN SUPPORT OF OSC RE CONTEMPT

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
## CENTRAL JUSTICE CENTER

### MINUTE ORDER

DATE: 08/29/2019                    TIME: 09:00:00 AM        DEPT: C66

JUDICIAL OFFICER PRESIDING: Sherri Honer
CLERK: Debby Lamm
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: J McMillion

CASE NO: **30-2010-00345490-CU-PO-CJC** CASE INIT.DATE: 02/18/2010
CASE TITLE: **Avetoom vs. Arce**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: PI/PD/WD - Other

---

EVENT ID/DOCUMENT ID: 73087548

**EVENT TYPE**: Appearance and Examination of Judgment Debtor
MOVING PARTY: Karl Avetoom
CAUSAL DOCUMENT/DATE FILED: Application and Order for Appearance and Examination of
Judgment Debtor, 07/16/2019

**APPEARANCES**
Karl Avetoom, Plaintiff is present.
Rosa Fridman, Interested Party is present.

Certified interpreter Boshyan, Liliya / Russian, Badge Number 3010471 is present. The certification or
registration number has been validated and identification has been verified by the badge issued by the
Judicial Council. The interpreter oath is on file. The court provided interpreter is present to interpret for
Rosa Fridman.

Judgment debtor Rosa Fridman is sworn and examined.

Appearance and Examination of Judgment Debtor Rosa Fridman continued to 10/03/2019 at 09:00 AM
in this department pursuant to party's motion.

Rosa Fridman is/are ordered to return.

Russian Interpreter is/are ordered to return.

Subpoena Duces Tecum to remain in full force and effect.

Judgment Debtor to bring documents to next hearing or give them to Judgment Creditor prior to the
hearing.

Parties waive notice.

---

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "2"

AFFIDAVIT OF KARL AVETOOM IN SUPPORT OF OSC RE CONTEMPT

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
## CENTRAL JUSTICE CENTER

### MINUTE ORDER

DATE: 10/03/2019                TIME: 09:00:00 AM        DEPT: C66

JUDICIAL OFFICER PRESIDING: Sherri Honer
CLERK: A. Arreola
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: Davon Velasquez, J McMillion

CASE NO: **30-2010-00345490-CU-PO-CJC**  CASE INIT.DATE: 02/18/2010
CASE TITLE: **Avetoom vs. Arce**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: PI/PD/WD - Other

---

EVENT ID/DOCUMENT ID: 73119833

**EVENT TYPE:** Appearance and Examination of Judgment Debtor
MOVING PARTY: Karl Avetoom
CAUSAL DOCUMENT/DATE FILED: Application and Order for Appearance and Examination of
Judgment Debtor, 07/16/2019

---

**APPEARANCES**
Karl Avetoom, Plaintiff is present.
Rosa Fridman, Interested Party is present.
Rosa Fridman, self represented Witness, present.

Certified interpreter Boshyan, Liliya / Armenian (Eastern), Badge Number 301041 is present.  The
certification or registration number has been validated and identification has been verified by the badge
issued by the Judicial Council.  The interpreter oath is on file.  The court provided interpreter is present
to interpret for Rosa Fridman.

Discussion held regarding passed issues with previous examinations. The Court orders both parties to
proceed with the Judgment Debtor Examination.

Back in open court, the Court and both parties discuss further issues with the examination and
production of documents. Judgment Creditor also requests Judgment Debtor's son not be present during
the examination because of constant interruptions during the examination.

Judgment Creditor is also requesting a turn over order in the courtroom.

Judgment Creditor was handed $59.00 in cash in open court.

Judgment Creditor requests a continuance to have Judgment Debtor produce page 3 of the trust.

Appearance and Examination of Judgment Debtor Rosa Fridman continued to 10/31/2019 at 09:00 AM
in this department pursuant to party's motion.

Judgment Debtor to produce page 3 of the trust document discussed in open court.

---

CASE TITLE: Avetoom vs. Arce                    CASE NO: **30-2010-00345490-CU-PO-CJC**

The Court informs Judgment Debtor her son may not be present during the examination.

Rosa Fridman is/are ordered to return.

**Russian Interpreter is/are ordered to return.**

DATE: 10/03/2019                    MINUTE ORDER                    Page 2
DEPT: C66                                                           Calendar No.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "3"

AFFIDAVIT OF KARL AVETOOM IN SUPPORT OF OSC RE CONTEMPT

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Central Justice Center
700 W. Civic Center Drive
Santa Ana, CA 92702

SHORT TITLE: Avetoom vs. Arce

| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER:<br>30-2010-00345490-CU-PO-CJC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Minute Order dated 11/16/20 has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Santa Ana, California on 11/20/20. Following standard court practice the mailing will occur at Sacramento, California on 11/23/20.

KARL AVETOOM
1100 RUTLAND ROAD 9
NEWPORT BEACH, CA 92660

ROSA FRIDMAN
16542 BLACKBEARD LANE 304
HUNTINGTON BEACH, CA 92649

Clerk of the Court, by:  _____, Deputy

I certify that I am not a party to this cause. I certify that the following document(s), Minute Order dated 11/16/20, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on November 20, 2020, at 7:20:33 AM PST. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

KARL AVETOOM
KIA002@ATT.NET

ROSA FRIDMAN
ROSAFRIDMAN89@GMAIL.COM .

Clerk of the Court, by:  _____, Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

V3 1013a (June 2004)                                                    Code of Civ. Procedure , § CCP1013a(a)

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
## CENTRAL JUSTICE CENTER

### MINUTE ORDER

DATE: 11/16/2020                    TIME: 01:30:00 PM          DEPT:  C66

JUDICIAL OFFICER PRESIDING: Sherri Honer
CLERK: James Olivarez
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: None, Susan New

CASE NO: **30-2010-00345490-CU-PO-CJC**  CASE INIT.DATE: 02/18/2010
CASE TITLE: **Avetoom vs. Arce**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: PI/PD/WD - Other

---

EVENT ID/DOCUMENT ID: 73377902

**EVENT TYPE:** Appearance and Examination of Judgment Debtor
MOVING PARTY: Karl Avetoom
CAUSAL DOCUMENT/DATE FILED: Application and Order for Appearance and Examination of
Judgment Debtor, 06/15/2020

---

EVENT ID/DOCUMENT ID: 73377496

**EVENT TYPE:** Motion to Compel Production
MOVING PARTY: Karl Avetoom
CAUSAL DOCUMENT/DATE FILED: Motion to Compel Production/Inspection of Documents or Things,
10/22/2020

---

**APPEARANCES**
Rosa Fridman, self represented Witness, present.
Karl Avetoom, plaintiff, present telephonically.

Remote hearing held.

Certified/Registered interpreter Liliya Boshyan / Russian, Badge Number 301041 is present.   The
certification or registration number has been validated and identification has been verified by the badge
issued by the Judicial Council.  The interpreter oath .  The  interpreter is present to interpret for Rosa
Fridman.

Rosa Fridman does not have the ability to remotely appear and is present telephonically using the
department's phone.

Judgment creditor Karl Avetoom's motion to compel production is GRANTED. Judgment debtor Rosa
Fridman shall produce, without objection, all requested documents within 10 days. To the extent Ms.
Fridman contends she is unable to comply, she must provide an explanation, under penalty of perjury,
which fully complies with Code of Civil Procedure ("CCP") § 2031.230. Judgment debtor is ordered to pay
sanctions in the sum of $129.95 to judgment creditor.

Pursuant to CCP § 2031.230, judgment debtor must provide a an explanation setting forth her
reasonable, and good faith efforts to locate all responsive documents and whether her inability to comply
is because a particular document never existed, has been destroyed, has been lost, misplaced, stolen, or
has never been or is no longer in her possession, custody, or control. The statement shall set forth the

---

CASE TITLE: Avetoom vs. Arce

CASE NO: **30-2010-00345490-CU-PO-CJC**

name and address of any natural person or organization known or believed by Ms. Fridman to have possession, custody or control of the item or category of items.

To the extent judgment debtor contends she already has produced responsive documents, she is ordered to provide judgment creditor with a list of each document she claims to have produced with respect to each category of documents requested and provide an additional copy of each document judgment debtor claims to have provided.

The judgment debtor examination is continued to **1/15/2021 at 9:00 a.m. in Department CXC 101** at the court's Civil Complex Center.  Judgment debtor is ordered to appear in person without further order or notice. If on the day of the exam, judgment debtor contends she is medically unable to appear, judgment debtor must provide the court with a note from medical doctor indicating same, on the physician's letterhead, and signed by the physician, and judgment debtor must be available by telephone. Failure to appear may result in a warrant being issued for Ms. Fridman's arrest.

The clerk to provide notice.

# Exhibit 2

# FIRST AMENDMENT TO DECLARATION OF TRUST FOR

## THE FRIDMAN FAMILY TRUST

### ESTABLISHED ON APRIL 14, 2000

**THIS FIRST AMENDMENT** to the Declaration of Trust for The Fridman Family Trust Established on April 14, 2000 as of the date indicated below, by Rosa A. Fridman of Huntington Beach, California acting herein both as "Grantor" and as "Trustee."

*W I T N E S S E T H:*

*WHEREAS,* I Rosa A. Fridman, created a revocable living trust under a Declaration of Trust, dated April 14, 2000, which Declaration of Trust created the " Fridman Family Trust;" and,

*WHEREAS,* I reserved the right under Section 2. A. thereof to amend or revoke the said Declaration of Trust at any time and from time to time with the consent of the Trustee;

*WHEREAS,* The Trust contains a number of formatting errors, including in section numbering, along with the omission of any page bearing "Page 3" in the footer;

*WHEREAS,* on October 13, 2015, counsel for Trustor Rosa Fridman, issued a memorandum to Rosa Fridman noting that the copy provided was missing any page bearing "Page 3" in the footer;

*WHEREAS,* Trustor Rosa Fridman, age 89, has no recollection of any page of the Trust ever bearing "Page 3" in the footer;

*WHEREAS,* from the context of the bottom of Page 2 and the top of Page 4, both relating to a "Grandchildren's Trust," it would appear that, if a page bearing "Page 3" in the footer ever existed, it would relate to a Grandchildren's Trust;

WHEREAS, Page 2 of the Trust indicates that the Grandchildren's Trust would be operative only "In the event that both beneficiary children have predeceased the surviving spouse," with both of beneficiaries' children being alive as of the date of this Amendment, while Rosa Fridman is now age 89;

*NOW, THEREFORE,* I hereby amend the said Declaration of Trust establishing the Fridman Family Trust as follows:

1. To the extent a page of the Trust bearing the footer "Page 3" ever existed, it is hereby deemed omitted, deleted, and stricken from the Trust;
2. In all other respects, I reaffirm and republish the Declaration of Trust establishing the Fridman Family Trust, dated April 14, 2000.

*IN WITNESS WHEREOF,* I have signed this First Amendment to the Declaration of Trust establishing the Fridman Family Trust on the __*2 6*__ day of February, 2021.

Signed and delivered in the presence of:

_____          _____
Rosa A. Fridman, Grantor                                   Rosa A. Fridman, Trustee

*(Notary Acknowledgement attached)*

# ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _Orange_ _____ )

On _February 26, 2021_ before me, _Michelle Lynn Jarvis, Notary Public_
(insert name and title of the officer)

personally appeared _Rosa Fridman_ ,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

MICHELLE LYNN JARVIS
Notary Public - California
Orange County
Commission # 2305264
My Comm. Expires Oct 12, 2023

Signature _____     (Seal)

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: PO Box 2227, Fallbrook, CA 92088

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO MOTION TO AVOID JUDICIAL LIEN UNDER 11 U.S.C. § 522(f); DECLARATION OF KARL AVETOOM IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 1, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Thomas H Casey (TR)    msilva@tomcaseylaw.com, thc@trustesolutions.net
- Donald W Reid    don@donreidlaw.com, ecf@donreidlaw.com
- Scott Talkov    scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐    Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On (*date*) April 1, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:
(state the method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) April 1, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| April 1, 2021  Donald W. Reid | | /s/Donald W. Reid |
| *Date* | *Printed Name* | *Signature* |