Charles L. Murray III, SBN. 195053
444 South Flower Street, Suite 2530
Los Angeles, California 90071
Service Address:
8605 Santa Monica Blvd, PBM 82716
West Hollywood, California 90069
Telephone: (213) 627-5983
Facsimile: (213) 627-6051
Email: cmurray@cm3law.com

*Interested Party/Lien Holder*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>ROSA FRIDMAN<br><br>Debtor | Case No:        8:21-bk-10513-ES<br>Hon:  Erithe A. Smith<br><br>Chapter 7<br><br>**OBJECTION AND OPPOSITION BY LIEN HOLDER ATTORNEY CHARLES L. MURRAY III TO DEBTOR'S MOTION TO AVOID LIENS.  SUPPORTING DECLARATION OF ATTORNEY CHARLES L. MURRAY III.**<br><br>Rel to Doc # 13<br><br>**Hearing Date**:<br>Day:          April 16, 2021<br>Time:         10:30 a.m.<br>Location:    United States Bankruptcy Court<br>                 400 Fourth Street, Courtroom 5A<br>                 Santa Ana, CA 92701<br>                 ***Video/Telephonic Appearance*** |

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

Attorney Charles L. Murray III ("Murray") hereby submits his objections and Opposition to Debtor Rosa Fridman's defective Motion to avoid six liens.  Debtor's Motion ("LAM") repeatedly violates LBR 4003-2.

- LBR 4003-2(b)(1) mandates **each lien sought to be avoided have its own notice and motion**. ["A separate notice and motion **must** be filed for each lien sought to be avoided."] Debtor seeks to avoid **six purported liens in one motion.**

- Debtor's motion violates LBR 4003-2(b)(1) failing to identify Murray as a creditor with interest in the Debtor's Property.  ["A creditor whose lien is to be avoided **must** be identified in the notice and motion."]

- Debtor's Motion violates LBR 4003-2(c) ["The motion, notice, and supporting documents also **must** be served on any other holder of a lien or encumbrance against the subject property.] The Motion was not served upon Murray.

As such, the Court should deny Debtor's Lien Avoidance Motion ("LAM").

## I.   THE DEBTOR VIOLATED LBR 4003-2.  (B) CONTENTS OF NOTICE AND MOTION.

LBR 4003-2(b) mandates:

(1) A creditor whose lien is to be avoided **must be identified** in the notice and motion.

*A separate notice and motion must be filed for each lien sought to be avoided below.*

Debtor violated LBR 4003-2(b) by filing <u>one motion</u> to avoid *seven* purported liens:

- Exception 14 (November 2011 Judgment),
- Exception 15 (Part 1) (2012 Abstract of Judgment),
- Exception 15 (Part 2) (2015 retroactive Renewal of Judgment),
- Exception 17 (2014 Attorney fee award),
- Exception 18 (2015 Attorney fee award),
- Exception 21 (2019 Consensual lien/consensual judgment), and
- Exception 22 (2020 Cost award)

## II.    <u>RELEVANT BACKGROUND.</u>

In 2011 Murray was the trial attorney in *Avetoom v. Arce, Fridman* OCSC Case No. 30-2010-00345490 (the "IIED" action). The Jury returned a unanimous verdict by clear and convincing evidence that the Debtors, Moisey and Rosa Fridman, engaged in racist, outrageous, despicable conduct directed towards Mr. Avetoom and his wife. The Fridmans racist, hostile, combative and argumentative persona was on full display before the trial court and jury. The Jury awarded Mr. Avetoom $1,000,000.00 in damages. The Fridmans immediately stated they would never pay Mr. Avetoom. In 2011 and 2012 the Fridmans raided their HELOC and bank accounts for approximately $140,000 to encumber their condominium to admittedly hinder, delay or defraud creditors.

In 2013 and 2014 this Court granted Mr. Avetoom relief from Stay to prosecute the Debtors for violating both the trial court's TRO and Preliminary Injunction. The Debtor were found in contempt for violating the TRO and Preliminary injunction**.** I was awarded fees for prosecuting both cases **(Exhibits "1" and "2")**. These fee orders are secured by the Debtor's property.

In 2015, this Court granted relief from stay permitting Avetoom and other creditors with CUFTA claims against the attorneys to proceed in State Court (the Fraudulent Transfer action).

***The Parties All Settled Facilitated By Mr. Avetoom.*** In 2019 Darling & Risbrough, Beach Crest, Margaret Elder and Karl Avetoom entered into a Settlement where all parties benefitted. The Fridmans, to prevent this Settlement, threatened to sue their own attorneys. The Fridmans wanted money, the same money that they told <u>this</u> Court was not their property in an attempt to keep it out of the

1  bankruptcy estate.  On the first day of trial, July 9, 2019 Rosa Fridman, to avoid another monetary

2  judgment and trial, entered into a Settlement Contract where she consensually gave Mr. Avetoom her

3  68.3 interest in her Property, the condo, secured by a consensual lien (**Exhibit "3"** RT, July 9, 2019).

4  This Court previously approved the sale of the appellate rights of the Fridmans which was affirmed by

5  the BAP on appeal.  The Fraudulent Transfer action is final and non-appealable.   The Fridmans,

6  despite agreeing to a Settlement, now want to use this Court to attack the final judgment and appellate

7  rights owned by Mr. Avetoom and attack the final consensual lien in the 2019 case.

8      **III.    <u>The Attorney's Liens Are Secured By The Debtor's Property.</u>**

9      Murray has an attorney lien secured against the recovery relative to Exceptions **#14, #15 (part**

10  **1) and #15 (part 2) and #21**.  MURRAY has a lien on the *Avetoom v. Arce, Fridman* matter ("IIED"

11  OCSC 30-2010-00345490) that is secured by the Debtor's property.  [A]n attorney's charging lien

12  expressly or by implication, e.g., by stating that the attorney is entitled to "look to the judgment for

13  payment for legal services rendered."  <u>In re Bouzas</u> (Bankr. N.D. Cal. 2003) 294 B.R. 318, 322 citing

14  <u>Carroll v. Interstate Brands Corp.</u> (2002) 99 Cal.App.4th 1168*, 1172. Here the Judgment is secured by

15  Debtor's property so it implicates Murray's lien rights looking to recovery by the sale of the Property.

16      **Exception 14, 15** (part 1) were recorded *before* the Debtor bought her property in 2013.

17      As a matter of law, 11 U.S.C. § 522(f) cannot avoid liens that "simultaneously" attached to

18  property purchased *after* the lien has been created *Farrey v. Sanderfoot,* 500 U.S. 291 (1991) and *In re*

19  *Pederson* (B.A.P. 9th Cir. 1999) 230 B.R. 158, 163-4. Lastly, Section 522(f) cannot avoid liens

20  created by an agreement or contract, such as the Settlement securing Debtor's 68.3% interest in her

21  Property, 11 U.S.C. §§ 101(50), (51).

22      **Exception 15** (part 2) is an amended Abstract of Judgment. While filed in 2015, as a matter of

23  law it is retroactive, relating back and having priority, back the initial recording date of January 2012

24  (Exception 15 part one).  See Ca. C.C.P. § 674(b).  My office served notice of the Abstract in January

25  2012.  Accordingly, the Amended Abstract attaches retroactively to the Property as a matter of law.

26      **Exceptions ## 17, and 18** attorney fee awards to Murray for prosecuting two contempt cases

27  against Debtor.  Murray was not given notice in violation of LBR 4003-2(b)(1) and hereby objects and

28  request this Court deny Debtor's defective Motion. Mr. Avetoom partially paid for fees and was

1  assigned rights to collect in state court.  There is an outstanding balance.

2      The Trial Court found the Debtors conduct to be **"highly offensive to our entire system of**

3  **justice"** (Exhibit "5" RT).  I was awarded statutory award of attorney fees (Exhibit "7" and "8").  My

4  unpaid liens are partially secured by the Debtor's property, Exceptions 17, 18.

5      **Exception # 21:**  On July 9, 2019 Rosa Fridman entered into a Settlement agreement

6  consenting to providing security by a consensual filing of a lien against her Property (**Exhibit "3"** RT

7  11:4-17, July 9, 2019).  It appears the Debtor never intended on performing to her Settlement

8  obligations, which will likely lead to additional litigation for fraud against the Debtor and her sons who

9  are perpetuating this litigation.  Said actions would be non-dischargeable.  This consensual lien is not a

10  judicial lien. For it was created by a "contract" as found by voluntary Settlement Agreement.  As such

11  it falls under 11 U.S.C. § 101(50), (51) and cannot be set aside by Section 522(f).

12  **IV.    LBR 4003-2 (D) EVIDENCE. THE MOTION MUST BE ACCOMPANIED BY A**

13  **DECLARATION OR OTHER COMPETENT EVIDENCE ESTABLISHING:**

14  **(1) The balance remaining on the creditor's loan;**

15      The Debtor has failed to meet her burden to provide any outstanding balances on the amounts

16  due on each purported lien she seeks to avoid.

17  **(3) The identity of any other holder of a lien encumbering the subject property and**

18  **the amount due and owing on such lien;**

19      Debtor failed to identify the Law Office of Charles Murray has a lien, a charge against or

20  interest in property to secure payment of a debt or performance of an obligation (11 U.S.C. § 101(37)

21  as required under LBR 4003-2(d).

22  **V.    CONCLUSION.**

23      The Debtor has failed to follow multiple LBR provisions.  This Court should DENY Debtors

24  motion which failed to meet its burden and failed repeatedly to follow mandatory procedural rules.

25

26                              */s/ Charles L. Murray III*

27  Dated: April 6, 2021              By:    _____

28                                     CHARLES L. MURRAY III
                                       Attorney

## <u>DECLARATION OF CHARLES L. MURRAY III.</u>

I , Charles L. Murray, hereby declare as follows:

1.    I have personal knowledge of the following facts.  If called upon to testify under oath, I could and would do so competently to the following facts.  I make this declaration in support of my objection and opposition to Debtor Rosa Fridman's motion to avoid liens ("LAM").

2.    I was never served by the Debtor with Debtor's LAM motion.

3.    I hold liens that are secured by the Debtor's property.

4.    I have a contractual attorney lien that looks to the judgment for payment which is secured by the Debtor's property, a condominium located on Blackbeard Lane in Huntington Beach, California.

5.    I also have liens for unpaid attorney fee sanctions against the Debtors that are also secured by the Debtor's property.

6.    Attached to my declaration as **Exhibits "1" and "2"** are the State Court orders awarding me attorney fees in the Contempt proceedings in *Avetoom v. Arce, Fridman* OCSD Case No. 30-2010-00345490.

7.    Attached to my declaration as **Exhibit "3"** is a true and correct copy of the Reporter's Transcript from July 9, 2019 that shows a Settlement Agreement was entered into by Mr. Avetoom and Mrs. Fridman whereby Mrs. Fridman agrees to give Mr. Avetoom a lien over her 68.3% interest in the Debtor's Property.  The parties spent nearly ½ a day negotiating the Settlement.  The Debtor, Mrs. Fridman, refused to sign the Settlement Agreement, and at the suggestion of the Trial Court, Hon. Theodore Howard, my client, Karl Avetoom had to file a motion to enforce the Settlement.  The Trial Court granted the Motion, finding a valid settlement was entered into on July 9, 2019 and under California law, the Settlement was a contract.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct

Executed April 6, 2021 in Los Angeles, CA        By:    */s/ Charles L. Murray III*

                                                                                        Charles  L. Murray III.

OBJECTION AND OPPOSITION TO DEBTOR'S MOTION TO AVOID LIENS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "1"

OBJECTION AND OPPOSITION TO DEBTOR'S MOTION TO AVOID LIENS

1   Charles Murray, III.  SBN: 195053
    444 S. Flower St. Suite 1500
2   Los Angeles, CA 90071
    T.213.627.5983
3   F.213.627.6051

4   Attorney for Plaintiff

5

6

7               SUPERIOR COURT OF THE STATE OF CALIFORNIA

8           FOR THE COUNTY OF ORANGE-HARBOR JUSTICE CENTER

9   KARL AVETOOM,                    ) Case No: 30-2010-00345490
                                     )
10          Plaintiff,               ) *Assigned for Trial to:*
                                     )
11      vs.                          ) HON. JUDGE KAREN L. ROBINSON
                                     ) Dept: H-12
12                                   )
                                     ) **[PROPOSED] ORDER GRANTING ATTORNEY**
13  MOISEY FRIDMAN and ROSA          ) **FEES AND COSTS.**
                                     )
14  FRIDMANS, as individuals, and    ) Date: August 13, 2014
                                     ) Dept: H-12
15  DOES 1-50,                       ) Time: 1:30 P.M.
                                     )
16          Defendants               )
                                     )
17  _____ )

18  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

19      On August 13, 2014 in Department H-12 of the above entitled court, Plaintiff's Motion for an

20  Order granting him reasonable attorney fees and costs, came about for regularly scheduled hearing.

21      After considering the Motion papers, the Opposition and Reply, and after hearing argument,

22  and upon good cause showing, the Court hereby GRANTS Plaintiff's request.

23      Defendants/Contemnors Moisey Fridman and Rosa Fridman are hereby ordered to pay ~~Plaintiff~~

24  $ _5,432.97_ for his reasonable attorney fees and costs.         Charles

25                                                                  Murray, III

26

27  Dated: _8.13.14_                        Hon: _Naren D Robinson_

28                                               Karen L. Robinson
                                                 Judge of the Superior Court

                                  - 1 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "2"

OBJECTION AND OPPOSITION TO DEBTOR'S MOTION TO AVOID LIENS

1  Charles Murray, III.  SBN: 195053
   444 S. Flower St. Suite 1500
2  Los Angeles, CA 90071
   T.213.627.5983
3  F.213.627.6051

4  Attorney for Plaintiff

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER
Harbor

**MAR 06 2015**

ALAN CARLSON, Clerk of the Court
K. Williams
BY  K. WILLIAMS

5

6

7            SUPERIOR COURT OF THE STATE OF CALIFORNIA

8          FOR THE COUNTY OF ORANGE-HARBOR JUSTICE CENTER

9  KARL AVETOOM,                    ) Case No: 30-2010-00345490
                                    )
10          Plaintiff,              ) Assigned for Trial to:
                                    )
11      vs.                         ) HON. JUDGE KAREN L. ROBINSON
                                    ) Dept: H-1
12                                  )
                                    ) [PROPOSED] ORDER GRANTING ATTORNEY
13  MOISEY FRIDMAN and ROSA         ) FEES AND COSTS.
                                    )
14  FRIDMANS, as individuals, and   ) Date: March 6, 2015
                                    ) Dept: H-12
15  DOES 1-50,                      ) Time: 1:30 P.M.
                                    )
16          Defendants             )
                                    )
17  _____)

18  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19      On March 6, 2015 in Department H-12 of the above entitled court, Plaintiff's Motion for an

20  Order granting him reasonable attorney fees and costs, came about for regularly scheduled hearing.

21      After considering the Motion papers, the Opposition and Reply, and after hearing argument,

22  and upon good cause showing, the Court hereby GRANTS Plaintiff's request.

23      Defendants/Contemnors Moisey Fridman and Rosa Fridman, and each of them, are hereby

24  ordered to pay Plaintiff Karl Avetoom $ 8,525.50  for his reasonable attorney fees and costs.

25      Charles Murray III

26

27  Dated: 3.6.15                    Hon: Karen Robinson

28                                   Karen L. Robinson
                                     Judge of the Superior Court

                        - 1 -
_____

        [PROPOSED] ORDER GRANTING ATTORNEY FEES AND COSTS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT "3"

26
27
28

OBJECTION AND OPPOSITION TO DEBTOR'S MOTION TO AVOID LIENS

1          SUPERIOR COURT OF THE STATE OF CALIFORNIA

2          COUNTY OF ORANGE - CENTRAL JUSTICE CENTER

3                DEPARTMENT C-18

4

   KARL AVETOOM, AN INDIVIDUAL,        )

5                            )

                    PLAINTIFF,  )

6                            )

          VS.                 ) CASE NO. 30-2015-

7                            ) 00820760-CU-FR-CJC

   ROBERT RISBROUGH, AN INDIVIDUAL;   )

8   DARLING & RISBROUGH, LLP, A       )

   CALIFORNIA LIMITED LIABILITY     )

9   PARTNERSHIP; MOISEY FRIDMAN, AN   )

   INDIVIDUAL, ROSA FRIDMAN, AN     )

10  INDIVIDUAL, AND AS TRUSTEE FOR THE )

   MOISEY FRIDMAN AND ROSA FRIDMAN   )

11  TRUST, AND THE FRIDMAN FAMILY     )

   TRUST, AND DOES 1 THROUGH 20      )

12  INCLUSIVE,                     )

                     DEFENDANTS. )

13  _____)

14

15        HONORABLE THEODORE R. HOWARD, JUDGE

16        REPORTER'S TRANSCRIPT OF PROCEEDINGS

17               JULY 9, 2019

18

19

20

21

22

23

24

25           MARY WEBB, CSR # 4347

26          OFFICIAL REPORTER PRO TEMPORE

APPEARANCES:

FOR PLAINTIFF:  CHARLES L. MURRAY, III, ESQ.

                444 SOUTH FLOWER STREET, SUITE 2530

                LOS ANGELES, CALIFORNIA 90071

                (213) 627-5983


FOR DEFENDANTS: MORKI & ASSOCIATES

                BY: BRAD A. MOKRI, ESQ.

                1851 EAST FIRST STREET, SUITE 900

                SANTA ANA, CALIFORNIA 92705

                (714)619-9395

1              I N D E X

2

3          JULY 9, 2019

4

5     CHRONOLOGICAL AND ALPHABETICAL INDEX OF WITNESSES

6

7               (NONE.)

8

9

10

11           E X H I B I T S

12

13           (NONE OFFERED.)

14

15

16

17

18

19

20

21

22

23

24

25

26

```
 1              SANTA ANA; CALIFORNIA; TUESDAY, JULY 9, 2019

 2                         AFTERNOON SESSION

 3

 4              (THE FOLLOWING PROCEEDINGS WERE HELD

 5               IN OPEN COURT:)

 6

 7         THE COURT:  WE ARE ON THE RECORD AGAIN IN THE

 8    MATTER OF AVETOOM VS. RISBROUGH -- IT CHANGED THE NAME --

 9    FRIDMAN.  I'M SORRY.

10                    APPEARANCES, COUNSEL?

11         MR. MURRAY:  YES.  CHARLES MURRAY ON BEHALF OF

12    PLAINTIFF.

13         MR. MOKRI:  GOOD AFTERNOON,  YOUR HONOR. BRAD

14    MOKRI ON BEHALF OF DEFENDANT ROSA FRIDMAN, INDIVIDUALLY,

15    AND AS THE TRUSTEE.  I HAVE AT THE COUNSEL TABLE

16    MISS ROSA FRIDMAN.

17              I, ALSO, HAVE VAL FRIDMAN, WHICH IS THE

18    SON OF ROSA FRIDMAN, WHICH WILL HELP IN CASE MISS FRIDMAN

19    HAS SOME LANGUAGE BARRIER OR DOESN'T UNDERSTAND IT.

20         THE COURT:  OH, WHAT LANGUAGE?

21         MR. MOKRI:  RUSSIAN.

22         THE COURT:  OKAY. THANK YOU, VERY MUCH. I

23    UNDERSTAND THERE HAS BEEN A SETTLEMENT REACHED?

24         MR. MURRAY:  YES.

25         MR. MOKRI:  YES, YOUR HONOR.

26         THE COURT:  WHO IS GOING TO RECITE THE TERMS OF
```

1       THE SETTLEMENT?

2              MR. MOKRI:  I'LL PUT THE TERMS ON.

3              MR. MURRAY:  I PROBABLY HAD AS WE DISCUSSED.

4              MR. MOKRI:  THE PARTIES, ROSA FRIDMAN, REPRESENT

5       THAT THE PROPERTY COMMONLY KNOWN AS 16542 BLACKBIRD LANE,

6       NUMBER 304, HUNTINGTON BEACH, CALIFORNIA, ZIP CODE 92649,

7       IS OWNED BY FRIDMAN FAMILY TRUST AS PROVIDED IN A

8       DECLARATION OF TRUST FOR THE FRIDMAN FAMILY TRUST

9       ESTABLISHED ON APRIL 14TH, 2000.

10                     ROSA FRIDMAN STIPULATE THAT THE JUDGMENT

11      IN CASE AVETOOM VERSUS ARCE, A-R-C-E, CASE NUMBER

12      30-2010-00345490 IS VALID AGAINST HER INDIVIDUALLY AND AS

13      TRUSTEE OF FRIDMAN FAMILY TRUST.

14                     ROSA FRIDMAN REPRESENTS THAT THE ONLY

15      PROPERTY IN FRIDMAN FAMILY TRUST IS THE PROPERTY COMMONLY

16      KNOWN AS 16542 BLACKBIRD LANE, NUMBER 304, HUNTINGTON

17      BEACH, CALIFORNIA.

18                     THE PROPERTY HELD IN THE TRUST AS FOLLOWS:

19      68.3 PERCENT INTEREST BELONG TO ROSA FRIDMAN AND THE

20      REMAINDER OF THE INTEREST BELONGS TO ALEX FRIDMAN.

21                     PARTIES AGREE THAT ALEX FRIDMAN INTEREST

22      IS NOT AFFECTED BY THE JUDGMENT.

23                     PARTIES AGREE TO A MUTUAL RELEASE WITH

24      1542 WAIVER AND DISMISSAL OF THE CASE WITH PREJUDICE WITH

25      A COURT RETAINING JURISDICTION UNDER CCP 664.6.

26                     THE PARTIES AGREE THAT WE WILL NOT FILE

1    ANY LEGAL ACTION AGAINST EACH OTHER OR FAMILY OF EACH

2    OTHER.

3              PARTIES REPRESENT THAT THEY HAVE THE

4    AUTHORITY TO ENTER INTO THIS SETTLEMENT AGREEMENT.

5        MR. MURRAY:  AND THE PARTIES FURTHER AGREE THAT

6    THE DISMISSAL WILL BE, THE DISMISSAL WITH PREJUDICE WILL

7    BE ENTERED UPON THE COURT EXECUTING AN ORDER REFLECTING

8    THE SETTLEMENT AGREEMENT.

9              THE PURPOSE OF THE ORDER, YOUR HONOR, IS

10   SO THE PLAINTIFF COULD REDUCE THE SETTLEMENT AGREEMENT TO

11   AN ORDER AND THEN RECORD IT WITH THE COUNTY RECORDER'S

12   OFFICE.

13        MR. MOKRI:  YES, YOUR HONOR.

14        THE COURT:  ALL RIGHT.  DO YOU WANT TO INQUIRE OF

15   YOUR CLIENTS FIRST?

16        MR. MOKRI:  YES.  IS IT OKAY IF MY CLIENT SIT

17   DOWN, YOUR HONOR?

18        THE COURT:  IT IS.

19        MR. MOKRI:  THANK YOU.

20              MISS FRIDMAN, YOU HEARD ME PUTTING THE

21   SETTLEMENT AGREEMENT AND THE TERMS OF THE SETTLEMENT ON

22   THE RECORD AND READ IT FOR THE JUDGE; DO YOU UNDERSTAND

23   THE TERMS?

24              DO YOU AGREE WITH THE TERMS OF THE

25   SETTLEMENT AGREEMENT?  IN ENGLISH.

26        MS. FRIDMAN:  YES.

1          THE COURT:  THANK YOU.

2          MR. MOKRI:  DO YOU AGREE THAT YOU ARE NOT GOING TO

3     TRY AND YOU UNDERSTAND ALL THE TERMS OF THE SETTLEMENT

4     AGREEMENT?

5          MS. FRIDMAN:  NOT REALLY CLEAR BUT I UNDERSTAND,

6     YES.

7          MR. MOKRI:  NOTHING FURTHER, YOUR HONOR.

8          THE COURT:  DO YOU WANT TO INQUIRE OF YOUR CLIENT?

9          MR. MURRAY:  YES. MR. AVETOOM, DID YOU HEAR THE

10    RECITATION OF THE SETTLEMENT AGREEMENTS READ ON THE

11    RECORD?

12         MR. AVETOOM:  YES, I DID.

13         MR. MURRAY:  DO YOU PLAN ON PREPARING A PROPOSED

14    JUDGMENT INCOMPLIANCE WITH THE SETTLEMENT AGREEMENT?

15         MR. AVETOOM:  YES, I WILL.

16         MR. MURRAY:  DO YOU AGREE TO THE TERMS OF THE

17    SETTLEMENT AGREEMENT?

18         MR. AVETOOM:  YES, I DO.

19         MR. MURRAY:  DO YOU HAVE ANY QUESTIONS REGARDING

20    THE SETTLEMENT AGREEMENT?

21         MR. AVETOOM:  JUST TO CLARIFY IT IS BLACKBEARD

22    LANE AND NOT BLACKBIRD LANE.

23         THE COURT:  IS THAT AGREED, COUNSEL?

24         MR. MURRAY:  YES.

25         MR. MOKRI:  YES, YOUR HONOR.

26         MR. MURRAY:  ARE THERE ANY OTHER QUESTIONS THAT

1    YOU HAVE OR CONCERNS ABOUT THE SETTLEMENT AGREEMENT?

2           MR. AVETOOM:  NO.

3           MR. MURRAY:  ARE YOU ENTERING THE SETTLEMENT

4    AGREEMENT WILLING?

5           MR. AVETOOM:  YES.

6           THE COURT:  I DIDN'T HEAR YOU ASK YOUR CLIENT THAT

7    QUESTION.  I WOULD LIKE TO HAVE YOU ASK IF SHE ENTERED

8    INTO THIS WILLINGLY WITHOUT ANY THREATS OR PROMISES THAT

9    AREN'T PART OF THIS SETTLEMENT.

10          MR. MOKRI:  IF THE COURT PERMIT ME, I WOULD LIKE

11   TO ASK MR. VAL FRIDMAN ALSO THAT HE EXPLAINED --

12          THE COURT:  DO WE HAVE A STIPULATION THAT VAL

13   FRIDMAN CAN SERVE AS AN INTERPRETER FOR THE DEFENDANT?

14          MR. MOKRI:  WE CAN AGREE TO THAT.

15          MR. MURRAY:  I MEAN -- WE ARE GETTING INTO A FUNNY

16   AREA.  ROSA FRIDMAN TESTIFIED IN ENGLISH THE ENTIRE TRIAL

17   IN THE UNDERLYING CASE AND I UNDERSTAND VAL FRIDMAN IS

18   NOT A CERTIFIED INTERPRETER.

19          THE COURT:  NO, HE IS NOT.  THAT IS WHY I NEED A

20   STIPULATION.  IF YOU DON'T WANT TO STIPULATE, THAT'S

21   FINE. JUST GO AHEAD.

22          MR. MOKRI:  MISS FRIDMAN, YOU UNDERSTOOD ALL THE

23   TERMS OF THE SETTLEMENT AGREEMENT, CORRECT?

24          MS. FRIDMAN:  I'M NOT SURE.

25          THE COURT:  SEE THAT IS MY PROBLEM.

26          MR. MOKRI:  THAT IS WHY, YOUR HONOR, I LIKE TO

1    HAVE A STIPULATION FOR VAL FRIDMAN TO EXPLAIN TO HER.

2         THE COURT:  IF HE DOESN'T WANT TO STIPULATE, I

3    CAN'T ENFORCE IT.  LET ME CHECK TO SEE IF WE HAVE A

4    RUSSIAN LANGUAGE INTERPRETER THAT WE CAN GET UP HERE.

5         MR. MURRAY:  THIS IS JUST A THOUGHT.  IT WOULDN'T

6    REQUIRE MY STIPULATION BUT IT WOULD BE A QUESTION FROM

7    COUNSEL, DOES MISS ROSA FRIDMAN AGREE TO WAIVE A

8    CERTIFIED INTERPRETER AND USE THE SERVICES OF HER SON?

9         THE COURT:  I THINK I NEED TO HAVE BOTH OF YOU

10   AGREE TO THAT; OTHERWISE, I CAN'T DO IT.

11        MR. MOKRI:  I AM THE ONE THAT OFFERED, YOUR HONOR.

12        THE COURT:  SURE.  LET ME SEE DO WE HAVE AN

13   INTERPRETER?

14        THE CLERK:  I AM GOING TO CHECK RIGHT NOW.  I WAS

15   GETTING THE PHONE NUMBER.

16        THE COURT:  WE HAVE NO CERTIFIED INTERPRETER.

17        MR. MOKRI:  I PROPOSE, YOUR HONOR, WE STIPULATE TO

18   MR. VAL FRIDMAN, THE SON OF ROSA FRIDMAN, TO ACT AS AN

19   INTERPRETER.

20        MR. MURRAY:  YOUR HONOR, CAN WE GO OFF THE RECORD?

21        THE COURT:  WE CAN GO OFF THE RECORD.

22

23        (OFF THE RECORD DISCUSSION WAS HELD:)

24

25        THE COURT:  WILL THE CLERK, PLEASE, SWEAR IN THE

26   TEMPORARY INTERPRETER.

```
1           THE CLERK:  RAISE YOUR RIGHT HAND.

2               DO YOU SOLEMNLY STATE THAT YOU WILL

3    INTERPRET THE ENGLISH LANGUAGE INTO THE RUSSIAN LANGUAGE

4    AND THE RUSSIAN LANGUAGE INTO THE ENGLISH LANGUAGE TO THE

5    BEST OF YOUR ABILITY, SO HELP YOU GOD?

6           MR. FRIDMAN:  I DO.

7           THE CLERK:  PLEASE, STATE YOUR FULL NAME AND SPELL

8    YOUR LAST NAME FOR THE RECORD.

9           MR. FRIDMAN:  VAL FRIDMAN, LAST NAME F-R-I-D, AS

10   IN DAVID, M-A-N.

11          THE CLERK:  THANK YOU.

12          THE COURT:  COUNSEL, YOU MAY INQUIRE.

13          MR. MOKRI:  MISS FRIDMAN, YOU HEARD ME PUTTING THE

14   TERMS OF THE SETTLEMENT AGREEMENT ON THE RECORD, CORRECT?

15          MS. FRIDMAN:  YES (IN ENGLISH).

16          MR. MOKRI:  YOU AGREE WITH THE TERMS OF THE

17   SETTLEMENT AGREEMENT AS I PUT IT IN THE RECORD?

18          MS. FRIDMAN:  YES (IN ENGLISH).

19          MR. MOKRI:  WE REVIEWED AND WENT OVER THESE TERMS

20   TWO OR THREE TIMES BEFORE WE COME TO THE COUNSEL TABLE,

21   CORRECT?

22          MS. FRIDMAN:  YES (IN ENGLISH).

23          MR. FRIDMAN:  SHE SAID "YES."

24          MR. MOKRI:  ARE YOU VOLUNTARILY AGREEING TO THE

25   TERMS OF THIS SETTLEMENT AS WE PUT ON THE RECORD?

26          MR. FRIDMAN:  SHE SAID "YES."
```

1   MR. MOKRI:  DO YOU HAVE ANY QUESTIONS FROM ME OR

2   THE COURT ABOUT THE SETTLEMENT AGREEMENT?

3   MR. FRIDMAN:  SHE IS ASKING IF THIS WILL BE THE

4   END OF THIS COURT PROCEEDINGS.

5   MR. MOKRI:  OKAY.  WITH THIS SETTLEMENT AGREEMENT,

6   THIS WILL BE THE END OF THIS COURT PROCEEDING; DO YOU

7   UNDERSTAND THAT?

8   MR. FRIDMAN:  SHE SAID, "YES."

9   MR. MOKRI:  DOES THE COURT HAVE ANY QUESTIONS

10  REGARDING --

11  THE COURT:  NO.  COUNSEL, DO YOU?

12  MR. FRIDMAN:  SHE AGREES WITH THE SETTLEMENT

13  AGREEMENT.  THAT IS WHAT SHE SAID.

14  THE COURT:  DID PLAINTIFF'S COUNSEL HAVE A

15  QUESTION?

16  MR. MURRAY:  I'M OVERLY CAUTIOUS.  BUT YOUR

17  QUESTIONS WERE SOLELY DID SHE UNDERSTAND WHAT YOU READ

18  INTO THE RECORD.

19      I, ALSO, READ PART OF THE SETTLEMENT

20  AGREEMENT INTO THE RECORD AND I WANT TO MAKE SURE SHE

21  UNDERSTANDS AND AGREES WITH THAT.

22      THAT A PROPOSED ORDER WILL BE SUBMITTED

23  FOR THE COURT'S SIGNATURE PURSUANT TO THE SETTLEMENT

24  AGREEMENT.

25      IT WILL CONTAIN THE TERMS OF THE

26  SETTLEMENT AGREEMENT AND THEN IT WILL BE DISMISSED WITH

1    PREJUDICE UPON EXECUTION OF THE ORDER BY THE COURT.

2         THE PURPOSE OF THIS ORDER IS TO RECORD IT

3    WITH THE COUNTY RECORDER.

4         MR. FRIDMAN:  SHE IS ASKING IS IT GOING TO BE

5    COMPLETELY DONE ONCE YOU FILE --

6         MR. MURRAY:  THIS CASE WILL BE RESOLVED.

7         MR. FRIDMAN:  WHAT OTHER CASES ARE THERE?

8         MR. MOKRI:  LET ME ASK THE QUESTION.  LET ME JUST

9    CLEAR THAT ISSUE.  MISS FRIDMAN, DO YOU UNDERSTAND THAT

10   AFTER --

11        THE COURT:  COUNSEL, PART OF THE AGREEMENT WAS

12   THERE WOULD BE A 1542 WAIVER AND THAT TAKES CARE OF ANY

13   CLAIMS BETWEEN THESE FOLKS FOR ALL HISTORY.

14        MR. MOKRI:  CORRECT, YOUR HONOR.

15             MISS FRIDMAN, DO YOU UNDERSTAND THAT WITH

16   SIGNING THIS SETTLEMENT AGREEMENT, THIS IS GOING TO

17   RESOLVE THIS CASE BETWEEN YOU AND KARL AVETOOM?

18        THE COURT:  SPEAK UP, LOUD, COUNSEL.  LOOK, MAKE

19   SURE SHE UNDERSTAND THIS COVERS ANY AND ALL CLAIMS EVEN

20   THOSE THAT ARE KNOWN.

21        MR. MOKRI:  MISS FRIDMAN, DO YOU UNDERSTAND THAT

22   THIS SETTLEMENT AGREEMENT COVERS ANY AND ALL CLAIMS KNOWN

23   OR UNKNOWN BETWEEN YOU AND MR. KARL AVETOOM.  TRANSLATE.

24        MS. FRIDMAN:  YES, THANK YOU (IN ENGLISH).

25        THE COURT:  MISS REPORTER, DID YOU GET IT?

26        THE REPORTER:  YES.

1           MR. MOKRI:  MISS FRIDMAN, DO YOU UNDERSTAND THAT

2    COUNSEL FOR MR. AVETOOM WILL PREPARE A PROPOSED ORDER AND

3    SUBMIT IT TO THE JUDGE FOR THE TERMS OF THIS SETTLEMENT

4    AGREEMENT TO BECOME THE ORDER OF THE COURT?

5           MR. FRIDMAN:  AM I GOING TO GET A LETTER?

6           MR. MOKRI:  YEAH, THE PROPOSED ORDER AFTER IT IS

7    SIGNED BY THE JUDGE.

8           MS. FRIDMAN:  CAN I HELP -- CONCLUSION.  THANK

9    YOU, VERY MUCH (IN ENGLISH).

10          THE COURT:  DID SHE UNDERSTAND THAT ANY ORDER THAT

11   I'M BEING ASKED TO SIGN WILL BE SUBMITTED TO HER ATTORNEY

12   FOR APPROVAL AS TO FORM AND CONTENT?

13          MR. MOKRI:  MISS FRIDMAN, DO YOU UNDERSTAND THAT

14   THE ORDER THAT THE JUDGE IS GOING TO BE SIGNING IS GOING

15   TO BE SUBMITTED TO ME TO PROVIDE IT TO YOU TO APPROVE AS

16   TO FORM AND THE CONTENT?

17          MS. FRIDMAN:  YES (IN ENGLISH).

18          MR. FRIDMAN:  SHE UNDERSTANDS SHE IS BEING A

19   LITTLE BIT EMOTIONAL.  SHE KEEPS TALKING ABOUT HER COURT

20   PROCEEDINGS.  IT HAS BEEN GOING ON FOR 12 YEARS.  SHE IS

21   REALLY UPSET ABOUT IT.

22          THE COURT:  THAT IS WHAT I COUNTED 12 YEARS.

23          MR. MURRAY:  YOUR HONOR, I WANT TO MAKE SURE THAT

24   MY CLIENT DOES NOT WAIVE HIS RIGHTS TO ENFORCE THE

25   UNDERLYING JUDGMENT.

26          THE COURT:  PART OF THIS AGREEMENT WAS THAT THEY

1  ARE CONFIRMING THE UNDERLYING JUDGMENT AND ITS

2  ENFORCEABILITY WILL BE OCCASIONED BY THE RECORDING OF THE

3  ORDER YOU ARE GOING TO ASK ME TO SIGN.

4        SO I CAN ONLY ASSUME FROM THAT, THAT PART

5  OF THE AGREEMENT IS THERE WILL BE A LIEN ON PROPERTY THAT

6  WILL BE ESTABLISHED BY THIS AND CONFIRMED BY THIS

7  BECAUSE I THINK THERE IS AN ABSTRACT OF JUDGMENT ALREADY,

8  IF I'M NOT MISTAKEN FROM READING DOCUMENTS.

9        MR. MOKRI:  YES, YOUR HONOR.

10       THE COURT:  THOSE ARE PERFECTED RIGHTS.  WE ARE

11  NOT DOING ANYTHING ABOUT PERFECTED RIGHTS.

12       MR. MOKRI:  YOUR HONOR, THE TERMS OF THE AGREEMENT

13  SAYS ROSA FRIDMAN STIPULATED THAT THE JUDGMENT IS

14  ENFORCED.

15       THE COURT:  YES.  THAT IS WHAT I UNDERSTOOD.

16  THANK YOU.

17            ANYTHING FURTHER?

18       MR. MOKRI:  THAT'S ALL.

19       THE COURT:  THANK YOU, VERY MUCH.

20       MR. MURRAY:  WE WILL PREPARE A PROPOSED ORDER.

21       THE COURT:  MAKE SURE YOU TAKE ALL YOUR DOCUMENTS.

22  WE WILL SET AN OSC RE DISMISSAL.  HOW MUCH TIME DO YOU

23  WANT?

24       MR. MOKRI:  THIRTY DAYS.

25       MR. MURRAY:  THIRTY DAYS.

26       THE COURT:  THIRTY DAYS IS NOT ENOUGH.

12

1          MR. MOKRI:  FORTY-FIVE.

2          THE COURT:  FORTY-FIVE DAYS.  THAT WILL BE

3     SEPTEMBER.  I GUESS IT WOULD BE THE 30TH OF AUGUST AT

4     9:00 O'CLOCK.  IF A DISMISSAL IS FILED BEFORE THEN,

5     NOBODY NEEDS TO APPEAR.

6          THE CLERK:  NOTICE WAIVED?

7          THE COURT:  NOTICE WAIVED?

8          MR. MOKRI:  NOTICE WAIVED.

9          MR. MURRAY:  YES, YOUR HONOR.

10

11               (PROCEEDINGS CONCLUDED.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1            SUPERIOR COURT OF THE STATE OF CALIFORNIA
2              COUNTY OF ORANGE, CENTRAL JUSTICE CENTER
3      DEPARTMENT C-18        HON. THEODORE R. HOWARD, JUDGE
4
5      KARL AVETOOM, AN INDIVIDUAL,          )
                                             )
6                         PLAINTIFF,         )
                                             )
7            VS.                             ) CASE NO. 30-2015-
                                             ) 00820760-CU-FR-CJC
8      ROBERT RISBROUGH, AN INDIVIDUAL;      )
       DARLING & RISBROUGH, LLP, A           ) REPORTER'S
9      CALIFORNIA LIMITED LIABILITY          ) CERTIFICATE
       PARTNERSHIP; MOISEY FRIDMAN, AN       )
10     INDIVIDUAL, ROSA FRIDMAN, AN          )
       INDIVIDUAL, AND AS TRUSTEE FOR THE    )
11     MOISEY FRIDMAN AND ROSA FRIDMAN       )
       TRUST, AND THE FRIDMAN FAMILY         )
12     TRUST, AND DOES 1 THROUGH 20          )
       INCLUSIVE,                            )
13                        DEFENDANTS. )
       _____   )
14
15            I, MARY C. WEBB, OFFICIAL REPORTER OF THE
16     SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE COUNTY
17     OF LOS ANGELES, DO HEREBY CERTIFY THAT THE FOREGOING,
18     PAGES 1 TO 12, COMPRISES A FULL, TRUE AND CORRECT
19     TRANSCRIPT OF THE PROCEEDINGS TAKEN IN THE ABOVE-ENTITLED
20     CAUSE ON JULY 9, 2019.
21            DATED THIS 24TH DAY OF 2019.
22
23            *Mary Catherine Webb*
24
25            CSR #4347
26            OFFICIAL REPORTER PRO TEMPORE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Law Office of Charles L. Murray III  444 South Flower Street, Suite 2530 Los Angeles, California 90071

A true and correct copy of the foregoing document entitled **OBJECTION AND OPPOSITION BY LIEN HOLDER ATTORNEY CHARLES L. MURRAY III TO DEBTOR'S MOTION TO AVOID LIENS. SUPPORTING DECLARATION OF ATTORNEY CHARLES L. MURRAY III**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 6, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Thomas H Casey (TR)
msilva@tomcaseylaw.com, thc@trustesolutions.net

Scott Talkov on behalf of Debtor Rosa A Fridman
scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com

Donald W Reid on behalf of Creditor Karl Avetoom
don@donreidlaw.com, ecf@donreidlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) April 6, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Erithe A. Smith Ronald Reagan Federal Building and Courthouse 411 West Fourth Street, Suite 5040 / Courtroom 5A Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 7, 2021 | Charles L. Murray III | /s/ Charles L. Murray III. |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.