1  SCOTT TALKOV, State Bar No. 264676
2  TALKOV LAW CORP.
   2900 Adams St Ste C225
3  Riverside, California 92504
   Telephone: (951) 888-3300
4  Email: scott@talkovlaw.com

5  Attorneys for Debtor Rosa A. Fridman

6              UNITED STATES BANKRUPTCY COURT

7        CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

8  In re                              Case. No. 8:21-bk-10513-ES

9  ROSA A. FRIDMAN,                    Chapter 7

10            Debtor.                  **DEBTOR'S REPLY TO OPPOSITION TO
                                       MOTION TO AVOID LIEN UNDER 11
11                                     U.S.C. 522(f); DECLARATION OF ROSA
                                       FRIDMAN; DECLARATION OF SCOTT
12                                     TALKOV**

13                                     Hearing on Motion to Avoid Lien:
                                       Date:      April 15, 2021
14                                     Time:      10:30 a.m.
                                       Courtroom: Courtroom 5A
15                                                411 W. Fourth Street
                                                  Santa Ana, CA 92701
16

17  **I.    THIS COURT SHOULD ORDER MEDIATION WITH THE HON. MEREDITH**

18  **JURY (RET.) BEFORE ISSUING ANY DECISION SO THAT THIS LONG SAGA WILL**

19  **FINALLY END, TO AVETOOM'S DISMAY**

20        While most people enjoy a story with a beginning, a middle, and an end, the creditor in this

21  case can't imagine an end to this saga. Spanning from the beginning of the Obama administration,

22  and resulting in a trial court docket that prints at over 58 pages, a prior bankruptcy docket with

23  over 500 entries, multiple appeals to the Ninth Circuit, the California Court of Appeal, and

24  multiple related cases, including the creditor's lawsuit against the former attorneys representing

25  the Debtor in this case, this case is well deserving of an end.

26        Specifically, the creditor in this case is the longstanding President of a 12-unit Beach Crest

27  Villas Homeowners Association. In a case between his board and the debtor's now-deceased

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1  husband, who was formerly one of the 12 homeowners therein, the Court of Appeal went out of its

2  way to include dicta that the parties should end this sad chapter in all of their lives as follows:

3  **<u>Concluding Thoughts</u>**

4       We have no reason to believe that this opinion is the end of the disputes between
these parties. Two different courts have already cautioned the parties and their counsel

5  regarding the unprofessional behavior exhibited throughout the pendency of the many legal
proceedings between them. The Ninth Circuit's Bankruptcy Appellate Panel explained:

6  "We make this determination [that there was no clear error in the bankruptcy court's
findings that Avetoom purchased the appeal rights in his own case from the bankruptcy

7  trustee in order to dismiss the appeal] with some unease. <u>The amount of energy which the
parties have devoted to this litigation, and the extraordinary degree of venom they have</u>

8  <u>poured on each other, make it clear that this case is more of a personal vendetta than a
rational attempt by the parties to protect their legitimate interests.</u> To say that either of

9  these parties is acting in 'good faith' stretches the common meaning of that phrase to the
breaking point. But the case law ascribes a special meaning to the phrase in the context of

10 § 363(m). Given that definition, we cannot say that the bankruptcy court erred." (*In re
Fridman*, *supra*, 2016 Bankr. Lexis 2608 at p. *12, 2016 WL 3961303.)

11 …

12 **We strongly urge all sides to quickly and civilly resolve the litigation between them
before even more attorney fees are expended.**

13

14 *Moisey Fridman v. Beach Crest Villas Homeowners Association* (Cal. Ct. App., Mar. 19, 2018)

15 No. G052868, 2018 WL 1373398, at *8 (unpublished).

16      Unfortunately, this is not the first endless pursuit of a last-ditch legal outcome by Mr.

17 Avetoom after his apparent refusal to take the Court's word as final. Indeed: "In March 1997, a

18 jury convicted Karl Ivan Avetoom of one count of selling stolen property, one count of grand theft

19 by false pretenses, and two counts of operating a motorcycle chop shop as charged in a 32-count

20 information." *People v. Avetoom* (Cal. Ct. App., Mar. 19, 2013) 2013 WL 1583229, No. G044659

21 (unpublished). In ruling on Avetoom's appeal, the Court noted: "Over 13 years after his

22 convictions, Avetoom cobbles together various documents to assert there is only one conclusion

23 that can be drawn, i.e., that the government committed egregious misconduct to convict him. We

24 disagree. Avetoom's syllogism is faulty as his exhibits do not establish the vast conspiracy he

25 seeks to prove." *Id.* Similarly in this case, the Opposition to the Debtor's valid 522(f) motion may

26 be viewed as the same, emotionally driven pursuit of justice by Avetoom (a creditor by way of an

27 <u>emotional</u> distress judgment), not a reasoned view of the Bankruptcy Code.

**DEBTOR'S REPLY TO OPPOSITION TO MOTION TO AVOID LIEN UNDER 11 U.S.C. 522(f)**
2

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1    Accordingly, to prevent Avetoom's established practice of continuing to pursue needless

2    litigation with exhibits cobbled together to prove some vast conspiracy, Debtor's counsel has

3    suggested to Creditor's counsel that this case be mediated before the Hon. Meredith Jury (Ret.).

4    Avetoom rejected that suggestion, as well as an offer for payment from the proceeds of a sale of

5    the property, due to an apparent joy derived from forcing Ms. Fridman to continue to be tortured

6    by his litigious behavior.

7    As to the merits of the 522(f) motion filed by 89-year-old widow Rosa Fridman, Avetoom

8    again "cobbles together" various arguments in an attempt to avoid his liens from being avoided as

9    to the Homestead Reinvestment Property.

10    First, the Creditor's theory with respect to Title Exception Nos. 14 and 15 (Part 1) is barred

11    by judicial estoppel, by judicial opinions interpreting 522(f), by the protection of the automatic

12    stay in the 2012 Bankruptcy and by the fact that the asset at issue is traceable to the exact

13    homestead exemption already deemed exempt by this Court.

14    Second, the Creditor's theory with respect to Title Exception No. 15 (Part 2) is barred due

15    to Avetoom's own recording and withdrawal of the same judgment lien during Ms. Fridman's

16    prior bankruptcy (Ex. 1). Further, even if his argument of the relation back to the original

17    recording date is accepted, the same arguments regarding Title Exception Nos. 14 and 15 (Part 1)

18    would then render his theory with respect to Title Exception No. 15 (Part 2) dead in the water.

19    Third, Avetoom's theory with respect to Title Exception No. 21 demonstrate he is grasping

20    for straws to fight this 522(f) Motion by arguing that a stipulated judgment of the Orange County

21    Superior Court recorded in November 2020 gave rise to a consensual lien and not a judgment lien.

22    In reality, Avetoom's argument is rendered dead in the water by the very case he is making

23    desperate and unprompted attempts to distinguish the instant case from. Simply put, the law does

24    not support the Creditor's contention that a stipulated judgment gives rise to a consensual lien.

25    Resultantly, to the extent the Court wishes to rule on the motion in advance of any

26    mediation, Debtor respectfully requests this Court grant the 522(f) Motion to bring an end to this

27    decade-long dispute.

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

## II.   THERE IS NO MERIT TO ANY OF THE CREDITORS' CLAIMS THAT 522(f) MOTION SHOULD BE DENIED

Despite Mr. Avetoom's continued efforts to paint the 89-year-old widow movant as unworthy of asserting her rights under Section 522(f), there is no basis to deny the motion on any of the three groups of title exceptions questioned by Avetoom's opposition.

### A.   Title Exception Nos. 14 and 15 (Part 1) (Pre 2012 Bankruptcy)

The Creditor's first theory is that this Court cannot avoid Title Exception Nos. 14 and 15 (Part 1), both of which were recorded before the prior, 2012 bankruptcy. As explained below, Avetoom is judicially estopped from contending that these judgments are secured, having taken the opposition position in the prior bankruptcy. Even further, judicial opinions interpreting 522(f) allow liens recorded before property is acquired to be avoided. Moreover, the lien did <u>not</u> affix when the Debtor acquired their new homestead in 2013 due to the automatic stay that applied until after the acquisition. Finally, Avetoom already waived all rights in his 2020 judgment against the Debtor, meaning Title Exception Nos. 14 and 15 (Part 1) are no longer of any value.

### 1.   Judicial Estoppel Based on Avetoom Claiming His Judgments Were Unsecured to Obtain Payment in the 2012 Bankruptcy and Get Rid of the Fridmans from His HOA Prevents Avetoom from Now Contending that the Judgments are Secured

As to the doctrine of judicial estoppel, "its purpose is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Ah Quin v. County of Kauai Dept. of Transp.,* 733 F.3d 267, 270 (9th Cir. 2013).

"We generally consider three factors when determining whether to apply the doctrine of judicial estoppel. First, we determine whether 'a party's later position [is] 'clearly inconsistent' with its earlier position.' Second, we inquire whether the party achieved success in the prior proceeding, since 'judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.' Finally, we consider whether the party asserting an inconsistent position would achieve an unfair advantage if not

1  estopped." *United Steelworkers of America v. Retirement Income Plan For Hourly-Rated*

2  *Employees of ASARCO, Inc.*, 512 F.3d 555, 563 (9th Cir. 2008) (citing *New Hampshire v. Maine*,

3  532 U.S. 742, 750 (2001)).

4      Here, first, the Creditor's later position that his pre-2012 bankruptcy judgments created a

5  valid security instrument against property of the Debtor is "clearly inconsistent" with the

6  Creditor's earlier position. *New Hampshire v. Maine*, 532 U.S. 742 (2001). Specifically, in the

7  2012 bankruptcy, the Creditor, represented by respected bankruptcy attorney Tom Polis, filed an

8  amended Proof of Claim 2-3, attached as Exhibit 1 and shown below.

9

10

11

12

13

14

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe:

Value of Property:$_____    Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____    Basis for perfection: _____

Amount of Secured Claim: $_____    Amount Unsecured: $ 475,683.40 _____

15      Second, the Creditor achieved success in the prior by being paid as an unsecured creditor.

16  Indeed, the Trustee's Final Report indicates that Creditor was paid $0 on any secured claim he

17  may have had. (2012 BK Doc. 596, p. 4.) By contrast, the Creditor was paid virtually all of the

18  sums remaining for unsecured creditors: $58,982.59. (2012 BK Doc. 596, p. 8.)

19

20

21

22

23

24

25

26

27

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6F) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| | Hahn & Bowersock 151 Kalmus Dr., Ste. L-1 Costa Mesa, CA 92626 | | 564.25 | NA | NA | 0.00 |
| | Law Offices of D. Michael Bush 9 Corporate Park, Ste. 100 Irvine, CA 92606 | | 22,407.50 | NA | NA | 0.00 |
| 000005 | DARLING & RISBROUGH, LLP | 7100-000 | 37,274.01 | 40,128.76 | 40,128.76 | 4,975.79 |
| 000002 | KARL AVETOOM | 7100-000 | NA | 475,683.40 | 475,683.40 | 58,982.59 |
| 000001 | WELLS FARGO CARD SERVICES | 7100-000 | NA | 2,464.70 | 2,464.70 | 305.61 |
| 000004 | BEACH CREST VILLAS HOMEOWNER'S ASS | 7400-000 | NA | 194,369.69 | 194,369.69 | 0.00 |
| TOTAL GENERAL UNSECURED CLAIMS | | | $ 60,245.76 | $ 712,646.55 | $ 712,646.55 | $ 64,263.99 |

Even more important for this Creditor is that he got rid of his long-time arch nemesis, Moisey Fridman, at the tiny, 12-unit HOA where they both resided in Newport Beach by way of allowing the Trustee to sell the Debtor's now-former residence, even filing a declaration in support of the sale. (2012 BK Doc. 88 & 108.) It is hardly a secret that this Creditor, as the long-standing President of the HOA, was glad to get rid of the Debtors given that he stated exactly that in writing. A picture of this tiny HOA complex is shown below from Google Maps, reflecting why Avetoom hardly wanted the Fridmans sharing his pool and yard in the tiny common areas, let alone having a say in the HOA that he ran as President.

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300



Avetoom, represented by competent bankruptcy counsel, could have held up the sale of the Debtor's now-former residence. Indeed, the motion to sell made clear that the estimated proceeds of sale <u>without payment to Avetoom as a secured creditor</u> would be only "68,000.00." (2012 BK Doc. 88, p. 9.) Had Avetoom done so, he could have held up the sale entirely on his abstract of judgment in the amount of "$475,683.40." (2012 BK Doc. 596, p. 8; see 2012 BK Claim 3-1) given that the Ninth Circuit BAP has made clear that "§ 363(f)(3) does not authorize the sale free and clear of a lienholder's interest if the price of the estate property is equal to or less than the aggregate amount of all claims held by creditors who hold a lien or security interest in the property being sold." *In re PW, LLC*, 391 B.R. 25, 41 (B.A.P. 9th Cir. 2008). Avetoom preferred the success of getting paid and getting rid of the Fridmans, and indeed achieved both goals by taking the position that he was an unsecured creditor.

---

**DEBTOR'S REPLY TO OPPOSITION TO MOTION TO AVOID LIEN UNDER 11 U.S.C. 522(f)**

1  Finally, the Creditor asserting this inconsistent position would achieve an unfair advantage

2  if not estopped on the basis that he caused the Fridmans to purchase a home that he now contends

3  cannot be subject to a 522(f) motion to avoid a lien as after-acquired property, even though they

4  would have been entitled to file such a motion had they still owned their now-former residence.

5  The Creditor in this case cannot have his cake and eat it too. He claimed that he was

6  unsecured, gained benefits therefrom, and now seeks to stick the Debtors with an unfair advantage

7  by claiming they cannot utilize Section 522(f) because their new home was acquired after the

8  recordation of the abstract of judgment. This Court should apply judicial estoppel to find that

9  Avetoom is an unsecured creditor as to his judgments recorded before the 2012 bankruptcy,

10  thereby granting the motion.

11  **2.      Claim That 522(f) Does Not Apply Based on the Time of Acquisition**

12  **Has Been Rejected by a Leading Bankruptcy Treatise and Numerous Courts**

13  Avetoom's opposition to the Motion to Avoid Liens Under 11 U.S.C. 522(f) argues that 11

14  U.S.C. 522(f) "cannot be used to avoid a lien unless the debtor had an interest in the property

15  before the lien attached" and that the liens at issue "cannot be avoided because they were recorded

16  before debtor obtained her property interest." This argument, however, is resolutely rejected by a

17  leading treatise on bankruptcy law as well as a significant number of courts.

18  A leading bankruptcy treatise notes a perverse consequence stemming from the legal

19  argument advanced in the opposition, stating:

20  Assume that the creditor has obtained a judgment against the debtor. Several
   years later, the debtor acquires property in the county in which the judgment is
21  docketed. In many states, the creditor's lien will attach immediately to the
   property. Since it would attach at the same time as the debtor's interest in the
22  property, these cases would suggest that the lien could not be avoided. When
   this result is compared to the treatment that a creditor would receive if it
23  obtained a judgment against the debtor while the debtor owned the property, the
   flaw in the analysis becomes more clear. A creditor who takes action against a
24  debtor because the debtor has some property arguably is acting in a rational
   manner, hoping that it will obtain a judgment and have that judgment paid out of
25  the debtor's real estate. Nevertheless, that judicial lien could be avoided
   under section 522(f)(1)(A). A creditor who obtains a judgment against the
26  debtor who has no property, however, would receive more favorable treatment if

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1
2
3
4

the debtor later obtained real estate. Neither creditor is acting in any direct reliance on specific property of the debtor, but at least the creditor who sues a debtor who owns real estate is acting knowing that some property exists from which to obtain payment of a judgment. Nonetheless, that creditor receives less protection under the analysis of *Farrey* and the Eleventh Circuit's analysis in the remanded decision in *Owen.*

5

4 Collier on Bankruptcy ¶ 522.11[4] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

6

This section from Collier's points out the perverse result of the position advanced in the

7

opposition. If Avetoom's argument is upheld, the debtor would have been more protected if she

8

owned a property at the time of a recording of a judgment lien than if she subsequently acquired

9

property. The lack of debtor protection when the protections of 11 U.S.C. § 522(f) are cut-off

10

pursuant to the arbitrary timing of a property's acquisition seems to be in contradiction to a well-

11

established principle that: "a central purpose of the [Bankruptcy] Code is to provide a procedure

12

by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and

13

enjoy a new opportunity in life with a clear field for future effort, unhampered by the pressure and

14

discouragement of preexisting debt." *Grogan v. Garner*, 498 U.S. 279, 286 (1991).

15

Upon quoting this section in Collier's bankruptcy treatise, a recent bankruptcy court

16

decision adopted "the line of reasoning suggested by Collier's" to grant the 522(f) motion upon

17

finding that, "of the courts that have considered cases in which the debtor acquired property after a

18

judgment lien had been properly recorded have granted the debtor's motion to avoid the lien." *In

19

re Anderson,* 496 B.R. 812, 817 (Bankr. E.D. La. 2013).

20

Indeed, the weight of authority is contrary to the non-binding and apparently inapplicable

21

case cited by Avetoom and several courts have latched onto the same reasoning provided in the

22

Collier's on Bankruptcy interpretation of the 522(f) exemption.

23

Specifically, one court "found that the prior recording of the transcript of judgment and the

24

subsequent acquisition of the property by the debtor does not render 11 U.S.C. § 522(f)

25

inapplicable." *In re Pacheco*, 342 B.R. 352, 357 (Bankr. D. N.M. 2006). Similar to the facts here,

26

the creditor in *Pacheco* "obtained a judgment against the Debtors and recorded a transcript of

27

judgment in 1993.... Debtors acquired the Property in 1999.... The Property [was] the Debtors'

1    residence." *Id.* at 353. Given these facts, the sitting court ruled that the 522(f) exemption was

2    applicable despite the fact that the property was acquired after the judgment lien was recorded.

3        Continued, another case which refused to limit the scope of the 522(f) exemption has a

4    parallel timeline to those in the instant case. In that case: "On June 22, 2010 the Bank property

5    recorded its judgment…. At that time the debtors did not own the property in question. On

6    October 6, 2010, the debtors purchased a house … where the judgment was recorded." *In re*

7    *Anderson*, 496 B.R. 812, 812-813 (Bankr. E.D. La. 2013). Even though the property was acquired

8    by the debtors after the creditor recorded its judgment lien, the court held "that pursuant to

9    §522(f)(1) of the Bankruptcy Code, the debtors may avoid the lien held by the Bank because it

10   impairs their homestead exemption." *Id.* at 817-18.

11       Even further, another case with a parallel timeline allowed the debtor to use the 522(f)

12   exemption to protect her homestead when the property was acquired after the judgment lien was

13   recorded. Specifically: "The Judgment was recorded on April 6, 1999 …. On March 10, 2005,

14   Debtor purchased real property …. as Debtor's homestead" *In re Perez*, 391 B.R. 190 (Bankr.

15   S.D. Fla. 2008). The court held "that upon the simultaneous imposition of the Judgment Creditor's

16   lien and the Debtor's declared homestead exemption on the Property, the homestead status is

17   entitled to priority and thus, the lien may be avoided under section 522(f)." *Id.* at 192.

18       Yet another case with a parallel timeline ruled that the section 522(f) exemption was

19   available to a debtor who acquired property after a judgment lien was recorded. Specifically: "On

20   May 25, 1995, Wachovia recorded a certified copy of the judgment in the public records of Lee

21   County, Florida. At that time, the Debtor had no interest in any real property in Lee County. In

22   1999, four years after the judgment was recorded, the Debtor and her husband acquired [real

23   property in Lee County]." *In re Walker*, 345 B.R. 399, 400 (Bankr. M.D. Fla. 2006). On these

24   facts, the court decided to "grant the Debtor's Motion to invalidate the judgment lien pursuant to

25   Section 522(f)(1)…." *Id.* at 402.

26       In the instant case, the timeline is just as is found in these cases allowing a debtor to use 11

27   U.S.C. § 522(f) to avoid a prior recorded lien on their homestead. The judgment lien at issue was

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**DEBTOR'S REPLY TO OPPOSITION TO MOTION TO AVOID LIEN UNDER 11 U.S.C. 522(f)**

1  recorded in the official records of Orange County on January 17, 2012. (Doc. 13, p. 37-38.) On

2  May 21, 2013, more than one year after the judgment lien was recorded, the debtor acquired a

3  property in Orange County which she intended to use as her homestead. (Doc. 13, p. 81-83; Doc.

4  19 p. 3-6.)

5      As such, the debtor respectfully requests that her Motion to Avoid Liens Under 11 U.S.C.

6  522(f) be granted.

7      **3.    Automatic Stay in Place While the Fridmans Acquired the 2013**

8      **Homestead Reinvestment Property Means that the 2012 and 2011 Judgments**

9      **Only Attached Later when the Stay was Lifted**

10      Even if this Court concluded that the acquisition of the Homestead Reinvestment Property

11  in 2013 would normally prohibit a 522(f) motion as the judgments recorded in 2012 and 2011, the

12  less than ordinary facts in this case present exception to this exception, thereby allowing the 522(f)

13  motion to be granted.

14      Specifically, Avetoom alleges Title Exceptions 14 and 15 "'fixed' or attached to the

15  Property simultaneously with the Debtor acquiring her interest in the Property in May 2013. A

16  debtor may not avoid a judicial lien under § 522(f) unless she had an interest in the Property

17  *before* the lien attached." (Doc. 22, p. 4, lns. 8-10.) Ignored in the opposition is that the 2012 Pre-

18  Petition Judgments were stayed from having any legal effect in May 2013 when the Fridmans

19  acquired their Replacement Homestead Property, meaning the judgments attached only <u>after</u> the

20  stay was lifted on October 29, 2013. (2012 BK Doc. 284.) Or, until the Debtors stipulated that no

21  discharge would be issued on February 9, 2015 under § 362(c)(2)(C). (See 2012 Adversary Doc.

22  73.)

23      Specifically, 11 U.S.C. § 362(a) provides that a bankruptcy petition operates as a stay of:

24      (1) the commencement or continuation, including the issuance or employment of process,
       of a judicial, administrative, or other action or proceeding against the debtor that was or
25      could have been commenced before the commencement of the case under this title, or to
       recover a claim against the debtor that arose before the commencement of the case under
26      this title;

27

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(5) **any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title**;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

The Ninth Circuit BAP held, in finding that a "Creditor cannot amend the First Judgment to create a valid lien on the Property," that: "Prior to Debtors' discharge, Creditor also could not act to secure the personal liability of Debtors based on the First Judgment because <u>section 362(a)(5) prohibited Creditor from performing 'any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before commencement of the case under this title.' § 362(a)(5)</u>. See also § 362(c)(2)(C). <u>In addition, section 362(a)(2) prohibited Creditor from 'the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title.' § 362(a)(2)</u>." *In re Conceicao*, 331 B.R. 885, 893–894 (B.A.P. 9th Cir. 2005) (emphasis added).

Further, a "trustee in bankruptcy maintain[ed] that no lien of the IRS could attach to Avis' inheritance before the petition date because the property was not then in existence." *In re Avis*, 178 F.3d 718, 721–722 (4th Cir. 1999). Resultantly, "the trustee argue[d] that attachment to post-petition property is an "act" stayed by § 362(a)(5) of the Bankruptcy Code. To construe the stay otherwise, he argues, would allow the IRS to improve its position post-petition at the expense of unsecured creditors." *Id.* The presiding Court agreed with the trustee, holding: "Accordingly, we hold that the attachment of a … lien … to property acquired during the bankruptcy proceedings is an 'act' that is stayed by the operation of § 362(a)(5)." *Id.* At 723-24.

Even further, in another analogous case, "on the date of the petition, the Bank did not hold a valid judgment lien against the BME Lots." *In re Local Service Corp.*, 503 B.R. 136, 140 (Bankr. D. Col. 2013). Resultantly, "the Bank [sought] summary judgment in its favor, declaring that its judgment lien validly attached to the BME Lots *postpetition* …." *Id.* Specifically, the creditor contended "that it obtained a judgment lien on the BME Lots on or about September 8,

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1    2009, when LSC acquired its title through the Skyline Order. The Trustee respond[ed] that the

2    bankruptcy filing prevented the attachment of any liens after the petition date." *Id.*  In its holding:

3    "the Court relie[d] on the overarching legislative intent of the Code, to freeze creditors' positions

4    as they existed on the petition date and to prevent one or more creditors from improving their

5    position to the detriment of other creditors, as its basis for concluding that the automatic stay

6    prevented the Bank from acquiring a post-petition lien on the BME Lots." *Id.* at 142–43.

7        Here, the Homestead Reinvestment Property was acquired by during the previous

8    bankruptcy by way of a grant deed recorded on May 21, 2013. (Doc. 13, p. 81-83.) At that time,

9    Avetoom's judgment lien was subject to the automatic stay imposed by the debtor's prior

10   bankruptcy filing. It was not until October 7, 2013 that Avetoom filed a motion for relief from the

11   automatic stay. (2012 BK Doc. 273.) Avetoom's motion was not granted by the Court until

12   November 20, 2013. (2012 BK Doc. 284.)  Thus, Avetoom's judgment lien did not attach to the

13   Homestead Reinvestment Property until after the automatic stay was lifted by this Court.

14       Here, it is no surprise that Avetoom is ignoring the effects of the automatic stay in

15   bankruptcy as he has demonstrated that he has no respect for the automatic stay in recent weeks.

16   Specifically, hours after Debtor's counsel notified Avetoom of the bankruptcy petition, Avetoom

17   knowingly violated the automatic stay. Indeed, in Orange County Superior Court Case No, 30-

18   2010-00345490, Avetoom filed a proof of service of his application for renewal of judgment and

19   notice of renewal of judgment on February 26, 2021 at 11:56 P.M. (Decl. Talkov, ¶ 5, Exs. 3 & 4.)

20   This act occurred more than seven hours after the automatic stay went into effect on February 26,

21   2021 at 4:33 P.M. and hours after Debtor's counsel notified Avetoom of the bankruptcy petition.

22   (Decl. Talkov, ¶¶ 2-5.) Thus, it is not surprising that Avetoom has disregarded the effects of the

23   automatic stay in his argument that his statutory judgment lien attached to the Homestead

24   Reinvestment in May 2013 when the automatic stay was in effect in the 2012 Bankruptcy.

25       It is blackletter law that "acts in violation of the automatic stay are void and of no effect."

26   *In re Gurrola*, 328 B.R. 158, 171 (B.A.P. 9th Cir. 2005). Given that the automatic stay prevented

27   the attachment of Avetoom's statutory judgment lien to the Homestead Reinvestment Property in

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1    May 2013 causing the judgment lien to attach more than six months later on November 20, 2013,

2    Debtor respectfully requests this Court to grant the 522(f) Motion.

3    **4.    The Parties Waived All Claims in the 2019 Stipulated Judgment (Title**

4    **Exception 21)**

5    Further, in the unlikely event this Court finds that 2011 and 2012 judgment liens are

6    unable to be avoided pursuant to the terms of 522(f), a recently recorded stipulated judgment

7    pursuant to Title Exception 21 explicitly voids Avetoom's right to recover from Ms. Fridman

8    under the 2012 and 2015 judgment liens.

9    Avetoom alleges that the 522(f) Motion should be denied pursuant to "Title Exception No.

10    21 [which] was also recorded after the Debtor acquired her interest in the Property (November

11    2020)." (Doc. 22, p. 5, lns. 4-5.) Avetoom has unwittingly pushed himself between a rock and a

12    hard place when he makes this argument.

13    Relevant to the analysis here, the stipulated judgment between Ms. Fridman and Avetoom

14    recorded in November 2020 states: "The Parties agree to waive any and all claims, known or

15    unknown, between them and waive the protection of Civil Code § 1542." (Doc. 22, p. 7, lns. 15-

16    17.) Thus, upon the entry of the stipulated judgment giving rise to Title Exception No. 21 in

17    November 2020, Avetoom agreed to "waive any and all claims" he had against Ms. Fridman at

18    that time. As such, Avetoom's claims against Ms. Fridman from the 2011 and 2012 judgment liens

19    were explicitly waived by the stipulated judgment recorded in November 2020.

20    Given that Avetoom waived his claims against Ms. Fridman arising from the 2011 and

21    2012 judgment liens, Ms. Fridman respectfully requests that her 522(f) Motion be granted thereby

22    leaving her homestead unencumbered from any and all judgment liens on behalf of Avetoom.

23    **B.    Title Exception No. 15 (Part 2)**

24    Avetoom's opposition also alleges that:

25
26    Title Exception No. 15 (Part 2) (Recorded Amended Abstract for $650,000) was
recorded after the Debtor acquired her interest in the Property (March 2015).
LAM at pp. However, as a matter of law, it amends and relates back to the

27    recording date of Title Exception 15 (Part 1) (January 2012). See Cal. Code Civ.

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**DEBTOR'S REPLY TO OPPOSITION TO MOTION TO AVOID LIEN UNDER 11 U.S.C. 522(f)**
14

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1  Proc. § 674(b) ("A recorded Amendment to Abstract of Judgment shall have
2  priority as of the date of recordation of the original abstract of judgment, except
   as to any purchaser, encumbrancer, or lessee who obtained their interest after the
3  recordation of the original abstract of judgment but prior to the recordation of
   the Amendment to Abstract of Judgment without actual notice of the original
4  abstract of judgment."). Accordingly, the lien [arising from Title Exception No.
   15 (Part 2)] has 'priority' to the purchase and homestead declaration, and also
5  cannot be avoided under §522(f)."

6  (Doc. 22, p. 4-5, lns. 21-28 & 1-2.) This argument fails for three reasons. First, in the 2012

7  Bankruptcy, Avetoom explicitly released the original recording of the judgment lien which gives

8  rise to Title Exception No. 15 (Part 2) from the Orange County Official Records; thus, Code of

9  Civil Procedure section 674(b) cannot apply to Title Exception No. 15 (Part 2). Second, given that

10 the lien creating Title Exception 15 (Part 2) does not relate back, its attachment to the Homestead

11 Reinvestment Property is barred by Code of Civil Procedure section 704.950, subdivision (a).

12 Third, even if Title Exception No. 15 is entitled to relate back to the date of the original abstract

13 recording pursuant to Code of Civil Procedure section 674(b), Title Exception No. 15 (Part 2) is

14 then subject to the same four arguments laid out above with respect to Title Exception Nos. 14 and

15 15 (Part 1); thus, the liens may be avoided pursuant to 11 U.S.C. § 522(f).

16 **1.    Code of Civil Procedure Section 674(b) Does Not Apply Here Because**
17 **Avetoom Released the Original Recording of the Abstract of Judgment Giving**
18 **Rise to Title Exception No. 15 (Part 2)**

19 Avetoom alleges that Code of Civil Procedure section 674(b) applies to Title Exception

20 No. 15 (Part 2) so that "as a matter of law, it amends and relates back to the recording date of Title

21 Exception 15 (Part 1) (January 2012). (Doc. 22, p. 4, lns. 22-24.)

22 Avetoom fails to notify this court, however, that he released the original recording of the

23 same lien in the Orange County Official Records in Ms. Fridman's 2012 Bankruptcy. See Ex. 1.

24 The terms of the release state: "PLEASE TAKE NOTICE that Objecting Creditors Karl Avetoom

25 and Beach Crest Villas Homeowners Association (collectively "Creditors"), hereby withdraw their

26 previous Abstract of Judgment recorded in relation to the matter of Karl Avetoom v. Moisey

27 Fridman and Rosa Fridman, in the Orange County Superior Court, Case No.: 30-2010-00345490."

1  See Ex. 1. The only minor difference between the substance of the original recording and the

2  recording giving rise to Title Exception No. 15 (Part 2) is the date the abstract was issued. On the

3  original, withdrawn and released lien, the date of issuance was "FEB 02 2012" while the date on

4  the secondary recording claimed by Avetoom to relate back is "3/11/15."

5       Avetoom seems to be arguing that the judgment lien he released in 2012 and subsequently

6  recorded in 2015 should relate back to the original recording date rendering 522(f) inapplicable to

7  Avetoom's judgment lien. This sequence of events would lead to a perverse result should

8  Avetoom's argument be allowed by the Court. At first blush there is a glaring public policy issue

9  if Avetoom's argument were to be upheld. Specifically, how could anyone rely on a public record

10  reflecting that an abstract of judgment had been withdrawn if the creditor could simply re-record

11  and claim priority back to the date of the original judgment, i.e., before the purchaser of the

12  property closed escrow? Title companies and buyers should be free to rely on such documents.

13  Should Avetoom's release of the judgment lien and subsequent recording of the same instrument

14  be allowed to relate back, then reliance on the release of the original recording would be called

15  into question.

16       In order to avoid this perverse result, Debtor respectfully requests this Court grant her

17  522(f) Motion as it relates to Title Exception No. 15 (Part 2), as the law already provides.

18       **2.      Recorded Homestead Prevented Attachment of Title Exception 15**

19           **(Part 2)**

20  The rule under Code of Civil Procedure § 704.950 is that:

21  (a) Except as provided in subdivisions (b) and (c), a judgment lien on real property created
    pursuant to Article 2 (commencing with Section 697.310) of Chapter 2 does not attach to a
22  declared homestead if both of the following requirements are satisfied:

23       (1) A homestead declaration describing the declared homestead was recorded prior
         to the time the abstract or certified copy of the judgment was recorded to create the
24       judgment lien.
         (2) The homestead declaration names the judgment debtor or the spouse of the
25       judgment debtor as a declared homestead owner.

26       Here, the Debtor recorded a Homestead Declaration in the Official Records of Orange

27  County on May 23, 2013. (Doc. 19, p. 3-6.) As described above, the judgment lien giving rise to

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1   Title Exception No. 15 (Part 2) was recorded on March 11, 2015 and is not able to relate back to

2   the original recording date of the initial abstract of judgment. (Doc. 13, p. 49-50.) Thus, Code of

3   Civil Procedure section (a)(1) has been satisfied as a "homestead declaration describing the

4   declared homestead was recorded prior to the time the abstract or certified copy of the judgment

5   was recorded to create the judgment lien." Further, Debtor Rosa Fridman is "name[d] … as a

6   declared homestead owner." C.C.P. § 704.950(a)(2). Thus, Avetoom's "judgment lien on real

7   property … does not attach to [Ms. Fridman's] declared homestead…." C.C.P. § 704.950(a).

8        Given that Ms. Fridman's recorded declaration of homestead prevented the judgment lien

9   giving rise to Title Exception No. 15 (Part 2) from attaching the Homestead Reinvestment

10  Property, Debtor respectfully requests this Court grant her 522(f) Motion.

11       **3.    The Same Arguments That Prevent the Validity of Title Exceptions**

12            **Nos. 14 & 15 (Part 1) Apply to Title Exception No. 15**

13       Even if the 2015 recording is unexpectedly allowed to relate back to the original recording

14  date pursuant to Code of Civil Procedure section 674(b), Avetoom's argument that 522(f) does not

15  apply is still meritless. Avetoom seems to rely upon the same arguments he propounded with

16  respect to Debtor's ability to claim a homestead exemption pursuant to section 522(f) as it relates

17  to Title Exception Nos. 14 and 15 (Part 1). The law does not support Avetoom's position as to

18  Title Exception No. 15 (Part 2) for the same reasons as applied to Title Exception Nos. 14 and 15

19  (Part 1), explained above.

20       First, judicial estoppel prevents Avetoom from arguing that the Homestead Reinvestment

21  Property is subject to a security interest pursuant to his judgment liens. As described above,

22  Avetoom has already benefitted greatly from his position in the 2012 Bankruptcy that he was an

23  unsecured creditor of Ms. Fridman. He received a nearly $50,000 payment pursuant to his election

24  as an unsecured creditor and effectively forced Ms. Fridman to move from her previous residence.

25  Thus, he is judicially estopped from claiming a security interest in this bankruptcy.

26       Second, to the extent the amended judgment dates back to the prior judgment, it is subject

27  to the same arguments adopted by a leading bankruptcy treatise and several cases that the timing

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1  of Ms. Fridman's acquisition of the Homestead Reinvestment Property does not affect her ability

2  to claim the homestead exemption available in section 522(f).

3  　　Third, even if the timing issue unexpectedly weighs in favor of Avetoom, the automatic

4  stay in the 2012 Bankruptcy case prevented Avetoom's Title Exception No. 15 (Part 2), to the

5  extent is would have had the same priority as of Title Exception No. 15 (Part 1), from attaching to

6  the Homestead Reinvestment Property until after the stay was lifted more than six months after

7  Ms. Fridman acquired the Homestead Reinvestment Property.

8  　　Fourth, the stipulated judgment recorded in November of 2020 provides: ""The Parties

9  agree to waive any and all claims, known or unknown, between them and waive the protection of

10  Civil Code § 1542." (Doc. 22, p. 7, lns. 15-17.) Thus, upon the entry of the stipulated judgment

11  giving rise to Title Exception No. 21 in November 2020, Avetoom agreed to "waive any and all

12  claims" he had against Ms. Fridman at that time. As such, Avetoom's claim against Ms. Fridman

13  from Title Exception No. 15 (Part 2) was explicitly waived by Avetoom in the stipulated judgment

14  recorded in November 2020.

15  　　Thus, neither the law nor the terms of the stipulated judgment recorded in November of

16  2020 support Avetoom's allegation that "this lien has 'priority' to the purchase and homestead

17  declaration, and also cannot be avoided under § 522(f)." (Doc. 22, p. 5, lns. 1-2.) As such, Debtor

18  respectfully requests this Court to grant her § 522(f) Motion.

19  　**C.　Title Exception No. 21**

20  　　Avetoom's initial opposition claimed only under § 522(f) that "Title Exceptions 14 & 15

21  cannot be avoided because they were recorded before debtor obtained her property interest" on the

22  basis that "Section 522(f) only avoids the 'fixing' of a judgment lien. It cannot be used to avoid a

23  lien unless the debtor had an interest in the property before the lien attached. *Farrey v. Sanderfoot*,

24  500 U.S. 291, 296-97 (1991)." (Doc. 16, p. 1, § 3(1).)

25  　　The only indirect reference to Title Exception No. 21 in the initial notice of opposition and

26  request of hearing is that "This LAM is a collateral attack on a consensual lien arising from a

27  settlement of fraudulent transfer action. Avetoom incorporates by reference the arguments set

1   forth in his Motion to Dismiss Bankruptcy Case [Doc. 14]. The bankruptcy case should be

2   dismissed for cause and/or bad faith under 11 U.S.C. 707(b)(1) or (2), respectively." (Doc. 16, p.

3   1, § 3(2).) In other words, Avetoom's sole basis for avoiding Title Exception No. 21 was alleged

4   bad faith.

5          In Avetoom's formal opposition, he presents a new theory about Title Exception No. 21,

6   apparently after realizing that Title Exception No. 14, 15 (Part 1), and 15 (Part 2) will all be

7   avoided. Specifically, Avetoom alleges: "Most dispositive is that the Settlement Agreement

8   created the consensual lien, not the recording of the judgment that took place over a year later.

9   Opposite of the *In re Applebaum* (Bankr. E.D. Cal. 1993) 162 B.R. 548 case." (Doc. 22, p. 5, lns.

10  10-13.)

11         This is merely the first of Avetoom's many unprompted, defensive attempts to distinguish

12  the instant case from the holding in *Appelbaum*. In reality, this is merely a reflection of Avetoom's

13  anxiety and dread that the merits of Debtor's 522(f) Motion mean that this will be the end of

14  Avetoom's pursuit of the Debtor's only asset. Contrary to Avetoom's belief, the law could not be

15  clearer that the stipulated judgment giving rise to Title Exception No. 21 is a judicial lien.

16         Specifically: "The issue in this case is whether a lien arising from a settlement and

17  stipulated judgment which consents to the filing of an abstract of judgment creates a lien that is a

18  'judicial lien' within the meaning of 11 U.S.C. § 522(f)(1)." *In re Applebaum*, 162 B.R. 548, 550

19  (Bankr. E.D. Cal. 1993). Citing a seminal case holding on this very same issue: "The court

20  explained that: "the lien [was] created not by the agreement, but by the judgment.." *Id.* at 551.

21  Finally, the court held: "As with most consent judgments, the Bank's lien derives from an abstract

22  of judgment, not the party's consent." *Id.* at 552.

23         Here, Avetoom tries to make conclusory distinctions between this case and *Appelbaum*

24  which do not stand to reason. First, he alleges in conclusory fashion: "Here the consensual lien

25  created by the Settlement on July 9, 2019, and not by a recording some 16 months later, as set

26  forth by the trial court's understanding of the parties' intent on July 9, 2019." (Doc. 22, p. 5, lns.

27  14-16.) However, the lien was only effective upon the Court's adoption of the terms of the

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1   settlement agreement. Indeed, Avetoom acknowledges this fact himself when he alleges: "The

2   state court, wanting to make sure the Settlement Agreement was final and would provide for the

3   ultimate dismissal of the 2015 Fraudulent Transfer Action, requested that the Settlement

4   Agreement terms be incorporated an order or judgment for the Court to sign and dismiss the

5   action." (Doc. 22, p. 6, lns. 19-22.) Thus, without the court approval of the Settlement Agreement,

6   it did not have any legal effect so that the lien arising from the recorded judgment in 2020 may be

7   properly termed a judgment lien able to be extinguished pursuant to the 522(f) Motion.

8          Further, Avetoom titled the recorded instrument giving rise to his lien on the Property as:

9   "JUDGMENT." (Doc. 14, p. 81.)

10          Despite Avetoom's grasping for straws to preserve his involuntary judgment lien on the

11   Property, this Court should avoid Title Exception No. 21 as it is a judicial lien avoidable under

12   section 522(f).

13          **D.     Avetoom's Belief That He Could Violate the Automatic Stay (As He Already**

14          **Has in This Case) to Record Another Abstract Has Been Wholly Rejected by *In re***

15          ***Feathers***

16          In an affront to this Court's authority, Avetoom's opposition contends that, "even if Debtor

17   prevails on the LAM, it appears she would win the battle but lose the war. As discussed more

18   thoroughly in the pending Motion to Dismiss, a 727 Judgment was entered against Debtor in the

19   2012 BK Case. Motion to Dismiss, Exs. 4-6. As a result, Avetoom's judgment against Debtor is

20   non-dischargeable in this bankruptcy case pursuant to 11 U.S.C. § 523(a)(10). Thus, even if

21   Debtor prevails on the LAM, Avetoom knows of no authority preventing him from re-recording a

22   new judgment lien against the Property." (Doc. 22, p. 8.)

23          It appears as though Avetoom is unaware that the Debtor could simply return to this Court

24   for yet another 522(f) motion. In what appears to be the only case in the Ninth Circuit on point, a

25   Bankruptcy Court in California found that "the fact that the SEC's judicial lien was recorded post-

26   petition does not prohibit it from being avoided pursuant to § 522(f)." *In re Feathers*, 2015 WL

27   1598087, at *2, No. 13-55816 (Bankr. N.D. Cal., Apr. 7, 2015). In *Feathers*, the "Chapter 7

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**DEBTOR'S REPLY TO OPPOSITION TO MOTION TO AVOID LIEN UNDER 11 U.S.C. 522(f)**
20

1    debtor, Mark Feathers, filed a motion to avoid the judicial lien obtained [post-petition] by the

2    Securities and Exchange Commission ('SEC') pursuant to 11 U.S.C. § 522(f). The SEC opposed

3    the motion on the grounds that the judicial lien was filed after Feathers' discharge, and was not a

4    lien against Feathers' property on the petition date. The court overrules the SEC's objection,

5    finding that neither of these factors require denial of the motion." *Feathers* cited the Tenth Circuit

6    BAP in *Bank of Cushing v. Vaughan* (In re Vaughan), 311 B.R. 573 (10th Cir. BAP 2004) to find

7    that "the language of § 522 does not contain any qualifications as to when the lien must attach."

8    *Id.* Indeed, *Feathers* involved a debt that was conceded to be nondischargeable.

9        In fact, the parallels between *Feathers* and this case go even further, as the SEC in

10   *Feathers* tried to fashion some argument that they are a special creditor who is exempt from

11   bankruptcy in claiming. Specifically, in *Feathers*, "[t]he SEC further argues that since its lien is

12   based upon a judgment for disgorgement, Feathers is not entitled to assert his homestead

13   exemption against its collection. In support of this assertion it relies upon cases finding that

14   collection of a disgorgement judgment is a form of equitable relief, and therefore, not a 'debt' for

15   purposes of the Federal Debt Collection Procedures Act of 1990 (the 'FDCPA')." *Id.* at *2.

16       The *Feathers* court wholly rejected the SEC's claims of being entitled to special treatment,

17   finding that: "The plain language of Bankruptcy Code § 522(c) makes clear that property

18   exempted during a bankruptcy case may not be required to satisfy debts that arose prior to the

19   bankruptcy case: 'Unless the case is dismissed, property exempted under this section is not liable

20   during or after the case for any debt of the debtor that arose, or that is determined under section

21   502 of this title as if such debt had arisen, before the commencement of the case." The Code

22   Section then lists four exceptions to the general rule. One of the exceptions is for a debt secured by

23   a lien that is not avoided pursuant to § 522(f). As the SEC's judgment lien may be avoided, this

24   exception does not apply, and Feathers is entitled to his homestead exemption.'" *Id.* *2

25       Here, any proclaimed deft asserted by Avetoom will be exempted under Section 522(c),

26   and not subject to any exception thereunder for (1) debts arising under "paragraph (1) or (5) of

27   section 523(a)" for child support," (2) a debt secured by a lien that is "not avoided under

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1 subsection (f) or (g) of this section or under section 544, 545, 547, 548, 549, or 724(a) of this title"

2 and "not void under section 506(d) of this title," or "tax lien, notice of which is properly filed," (3)

3 "a debt….owed by an institution-affiliated party of an insured depository institution to a Federal

4 depository institutions regulatory agency acting in its capacity as conservator, receiver, or

5 liquidating agent for such institution," or (4) "a debt in connection with fraud in the obtaining or

6 providing of any scholarship, grant, loan, tuition, discount, award, or other financial assistance for

7 purposes of financing an education at an institution of higher education."

8       It also appears that Avetoom has forgotten about the automatic stay. Under 11 U.S.C. §

9 362(a), this bankruptcy "operates as a stay" of, *inter alia*, "(4) any act to create, perfect, or enforce

10 any lien against property of the estate;" and "(5) any act to create, perfect, or enforce against

11 property of the debtor any lien to the extent that such lien secures a claim that arose before the

12 commencement of the case under this title." Notably, the Debtor is currently in talks with the

13 Chapter 7 Trustee to sell the residence with a carve out to creditors such that the Property is

14 currently property of the Estate.

15       Given Avetoom's insistence that he will indeed record more abstracts of judgment against

16 the Property, this Court's order should include the language from Section 522(c) the Property is

17 exempted under Section 522 of the Bankruptcy Code such that it is no longer liable for any debt

18 owed to Karl Ivan Avetoom that arose before the petition date of February 26, 2021, including any

19 judgments before that date in Orange County Superior Court Case No. 30-2010-00345490 and 30-

20 2015-00820760.

21     **III.**    **AVETOOM'S CLAIM THAT THE DEBTOR IS NOT ENTITLED TO A**

22     **HOMESTEAD AT THE HOUSE HE ALLEGEDLY SERVED HER AT DAYS BEFORE**

23     **THE CASE WAS FILED REFLECTS HIS DESPERATE ATTEMPT TO AVOID THIS**

24     **MOTION**

25       Grasping for straws, Avetoom's leading argument alleges that "Debtor has also failed to

26 establish residency, under California law, residing at the subject property and her intent to

27 continue to reside at the property." (Doc. 22, p. 2.)

1    This perplexing claim was made in a bankruptcy filed four days Avetoom purported to

2 serve her at the exact address she is claiming in the state court, as shown below and in Exhibit 3

3 attached hereto:

4    5.  The envelope was addressed and mailed as follows:
        a.  **Name of person served:** Rosa Fridman
5        b.  **Address of person served:**

6        16542 Blackbeard Lane, # 304 Huntington Beach, CA 92649

7    ☐  The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service*
         *by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

8  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  Date:02/22/2021
9
   Ami Stanton                                           *Ami Stanton*
10  _____              _____
   (TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)    (SIGNATURE OF PERSON COMPLETING THIS FORM)

   Form Approved for Optional Use        **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**    Code of Civil Procedure, §§ 1013, 1013a
   Judicial Council of California                        **(Proof of Service)**                        www.courtinfo.ca.gov
11  POS-030 [New January 1, 2005]            RELATED TO ROA # 1215

12    Further, as shown in the attached Declaration of Rosa Fridman, she has nonetheless

13 attested that: "At all times after the acquisition of my interest in the Homestead Reinvestment

14 Property, I have lived and have always intended to live in it as my primary residence" and "I

15 intend to live in the Homestead Reinvestment Property for as long as my interest in the same is

16 held." (Decl. Fridman, ¶¶ 5-7.) Indeed, Ms. Fridman even recorded a Homestead Declaration in

17 the Official Records of Orange County in 2013 demonstrating the requisite intent to live in the

18 Homestead Reinvestment Property. (BK Doc. 19, p. 3.)

19    Avetoom also provides a backup theory that "the LAM does not provide sufficient

20 evidence as to what extent the Property is property of her bankruptcy estate." (Doc. 22, p. 2, lns.

21 16-17.)  Specifically, Avetoom claims that he's just not sure the Debtor owns the Property since

22 her ordinary living trust does not show a page bearing the stamp "Page 3."

23    However, Avetoom provides no evidence or argument that anything on Page 3 would

24 change anything, admitting that the "Debtor signed a First Amendment to the Trust which

25 provided as follows: '1. To the extent a page of the Trust bearing Footer 'Page 3' ever existed, it is

26 hereby deemed omitted, deleted, and stricken from the Trust; 2. In all other respects, I reaffirm and

27

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1 republish the Declaration of Trust establishing the Fridman Family Trust, dated April 14, 2000."

2 (Doc. 22, p. 3, lns. 13-17.) The Debtor is not required to produce a document that she does not

3 have, that may never have existed, and appears to be totally irrelevant, to show that she indeed

4 owns the Property in an ordinary living trust.

5      Given that the Homestead Reinvestment Property is property of the estate and Ms.

6 Fridman and that she has established the requisite intent to live in the property, the 522(f) Motion

7 should be granted.

8 **IV.    THE PERPLEXING OBJECTION BY AVETOOM'S SECRET ATTORNEY (NOT**

9 **REFLECTED IN THE PUBLIC RECORDS) DOES NOT CHANGE THE ANALYSIS**

10      Apparently worried that the 522(f) motion will be granted as to Avetoom, an attorney by

11 the name of Charles L. Murray III threw in an objection claiming that he "was awarded fees for

12 prosecuting both cases (Exhibits "1" and "2"). These fee orders are secured by the Debtor's

13 property." (BK Doc. 25, p. 3, lns. 21-22.)

14      However, the title company doesn't seem to think this attorney is secured (Doc. 13, pp. 22-

15 24), nor did the objection attach any recorded documents reflecting this security. (BK Doc. 25.)

16      As the objection points out, the attorney is welcome to "look to the judgment for payment

17 for legal services rendered." *In re Bouzas,* 294 B.R. 318, 322 (Bankr. N.D. Cal. 2003). The 522(f)

18 motion does not impact the existence of the judgment, but instead exempts the Debtor's

19 homestead from collection efforts related thereto.

20      Finally, the attorney claims that "Exceptions ## 17, and 18 attorney fee awards to Murray

21 for prosecuting two contempt cases against Debtor. Murray was not given notice in violation of

22 LBR 4003-2(b)(1) and hereby objects and request this Court deny Debtor's defective Motion."

23 (Doc. 25, p. 4, lns. 26-28.)

24      However, Exceptions 17 and 18 do not bear the name of this attorney, but rather show

25 Avetoom's name the creditor. Apparently, the attorney asks that this "secret" attorney lien be used

26 to protect a secret attorney not found in the public records, which instead show that Avetoom is

27 the creditor, as shown below.

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1      Exception 17 Showing Avetoom as the      Exception 18 Showing Avetoom as the

2                        Creditor                            Creditor

3                (Doc. 13, p. 52)                         (Doc. 13, p. 55)

4  

5  

6  

7  

8  

9  

10         Once again, the desperate claims that the Debtor has done something wrong turn out to be

11  head-scratchers. For these reasons, the attorney's objection should be overruled, as well.

12                  **V.**     **THE MOTION SHOULD BE GRANTED**

13         Based on the foregoing, this Court should dismiss the Plaintiffs' action in its entirety,

14  without leave to amend for the reasons set forth in the Motion to Dismiss. Accordingly, Defendant

15  respectfully requests that this Motion to Dismiss be granted.

16  Date: April 8, 2021                    TALKOV LAW CORP

17                                          *Scott Talkov*

18                                        Scott Talkov
                                      Attorneys for Debtor Rosa Fridman

19  

20  

21  

22  

23  

24  

25  

26  

27

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

## VI.    DECLARATION OF ROSA FRIDMAN

I, Rosa Fridman, declare:

1.     I am the Debtor in the above-described case. The facts set forth herein are of my own personal knowledge and, if sworn, I could and would competently testify thereto.

2.     I own a 68.3% interest in the Homestead Reinvestment Property commonly known as 16542 Blackbeard Lane, #304, Huntington Beach, CA 92649 with Assessor's Parcel Number 937-71-030.

3.     I acquired my interest in the Homestead Reinvestment Property by way of a Grant Deed recorded in the Official Records of Orange County on May 21, 2015 with Instrument Number 2013000308409. (Doc 13, p. 81-83.)

4.     On May 23, 2013, I caused a Homestead Declaration to be recorded in the Orange County Official Records with Instrument No. 2013000313820 where I declared that the Homestead Reinvestment Property to be my homestead. (Doc. 19, p. 3-6.)

5.     At all times after the acquisition of my interest in the Homestead Reinvestment Property, I have lived and have always intended to live in it as my primary residence.

6.     I have no intent of moving out of the Homestead Reinvestment Property and discontinuing my use of it as my primary residence.

7.     I intend to live in the Homestead Reinvestment Property for as long as my interest in the same is held.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 8, 2021 at Huntington Beach, California.

Rosa Fridman

---

**DEBTOR'S REPLY TO OPPOSITION TO MOTION TO AVOID LIEN UNDER 11 U.S.C. 522(f)**

# VII.    DECLARATION OF SCOTT TALKOV

I, Scott Talkov, declare:

1.    I am an attorney duly licensed to practice in all courts of the State of California and am an Attorney with Talkov Law Corp., attorneys of record for Debtor, Rosa Fridman. The facts set forth herein are of my own personal knowledge and if sworn I could and would competently testify thereto.

2.    On February 26, 2021, I filed the bankruptcy petition on behalf of Debtor, Rosa Fridman at 4:33 P.M.

3.    Minutes after filing the bankruptcy herein on February 26, 2021, I emailed Creditor Karl Avetoom with notice of this case and Ms. Fridman's response to the contempt proceedings despite the stay of the state court proceedings. A true and correct copy of this email communication is attached as Exhibit 2.

4.    On Wednesday March 24, 2021 I personally reviewed docket in the pending Karl Avetoom v. Rosa Fridman case in Orange County Superior Court with Case Number 30-2010-00345490.

5.    In that case, Docket Entry 1224 notes that an e-filing transaction by Avetoom was received by the presiding Court at 11:56 P.M. on February 26, 2021. A true and correct copy of this proof of service in the above-referenced case demonstrating Avetoom's e-filing transaction at 11:56 p.m. after the institution of the automatic stay is attached hereto as Exhibit 3.

6.    On March 24, 2021, I sent an email to Avetoom's counsel, Don Reid, to provide him with notice of the violation of the automatic stay. A true and correct copy of this email communication is attached hereto as Exhibit 4.

7.    On March 29, 2021, I reached out to the Chapter 7 Trustee to offer a carve-out from a potential sale of the Debtor's $230,000 interest in the Homestead Reinvestment Property. The Chapter 7 Trustee appeared hopeful that he could reach a resolution and believed that such a carve-out would be in the best interest of the creditor.

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1    8.    On April 1, 2021 at 4:19 P.M., I received a call from the Chapter 7 Trustee in this

2 case, Thomas H. Casey. On this call, Mr. Casey noted that Avetoom personally reached out the

3 Chapter 7 Trustee to inform him that Avetoom would apparently reject any settlement offer,

4 including any offer which would cause him to be paid.

5    9.    Based on my review of the state court file, 2012 bankruptcy file, and the filings in

6 this case, I have concluded that Mr. Avetoom is more interested in satisfying his own emotional

7 desire to litigate against Ms. Fridman than in being paid. Accordingly, I believe this impulse is the

8 genesis of his opposition to the Debtor's 522(f) Motion, not any rational basis related to the

9 survival of his non-consensual judicial lien as alleged in his opposition.

10    I declare under penalty of perjury under the laws of the State of California that the

11 foregoing is true and correct.

12    Executed on April 8, 2021 at Riverside, California.

13    *Scott Talkov*

14    Scott Talkov

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

15

16

17

18

19

20

21

22

23

24

25

26

27

# **Exhibit 1**

B10 (Official Form 10) (04/10) - Page 1

| UNITED STATES BANKRUPTCY COURT    CENTRAL DISTRICT OF CALIFORNIA | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Moisey Fridman and Rosa Fridman | Case Number: 8:12-bk-11721-ES |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Karl Avetoom

☑ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
Thomas J. Polis, Esq.
POLIS & ASSOCIATES, A Professional Law Corporation
19800 MacArthur Boulevard, Suite 1000
Irvine, California 92612
Telephone number: (949) 862-0040

Court Claim Number: 2
_____
(If known)

Filed on: 03/27/2012; 05/08/12

Name and address where payment should be sent (if different from above):




Telephone number:

☑ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ 475,683.40

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Judgment
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____
**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property:$_____  Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $_____  Basis for perfection: _____

Amount of Secured Claim: $_____  Amount Unsecured: $ 475,683.40

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5)

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(____).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

| Date: 07/19/12 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>/s/ Thomas J. Polis<br>Attorney in fact for Creditor Karl Avetoom | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

| In re: Moisey Fridman and Rosa Fridman, | Chapter 13 |
| Debtor(s). | |
| | Case Number **8:12-bk-11721—ES** |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**POLIS & ASSOCIATES**
**A Professional Law Corporation**
**19800 MacArthur Boulevard, Suite 1000**
**Irvine, California  92612-2433**

A true and correct copy of  the foregoing document described **AMENDED PROOF OF CLAIM**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 19, 2012**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
- Office of the United States Trustee - ustpregion16.sa.ecf@usdoj.gov
- Matthew E. Faler - mfaler@faler-law.com
- Amrane Cohen - efile@ch13ac.com

☐    Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **July 19, 2012**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

- United States Bankruptcy Court, Central District of California, Honorable Erithe Smith, 411 West Fourth Street, Suite 5041, Santa Ana, California 92701

☐    Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ , I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| ___July 19, 2012___ | ___Ashley N. Reichert___ | ___/s/ Ashley N. Reichert___ |
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                          **F 9013-3.1**

1

*232*

# ORIGINAL

Recording Requested By And
When Recorded Please Return To:

Thomas J. Polis, Esq.
Polis & Associates
A Professional Law Corporation
19800 MacArthur Boulevard, Suite 1000
Irvine, California 92612
Telephone: (949) 862-0040
Facsimile: (949) 862-0041

**Recorded in Official Records, Orange County**
**Tom Daly, Clerk-Recorder**

30.00

`* $R 0 0 0 4 9 6 3 0 7 7 $ *`

**2012000392923** 2:15 pm 07/11/12

**232 417 R37   9**

**0.00 0.00 0.00 0.00 24.00 0.00 0.00 0.00**

**Recording No.:**
**2012000068287**

TITLE OF DOCUMENT TO BE RECORDED:

### NOTICE OF RELEASE OF ABSTRACT OF JUDGMENT
BANKRUPTCY CASE NO. 8:12-bk-11721-ES
*In re Moisey Fridman and Rosa Fridman*
UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

AFFECTING THE ABSTRACT OF JUDGMENT IN:
*KARL AVETOOM V. MOISEY FRIDMAN AND ROSA FRIDMAN*
ORANGE COUNTY SUPERIOR COURT CASE NO.:
30-2010-00345490

TOTAL PAGES 6 (INCLUDING THIS COVER SHEET)

1   Thomas J. Polis, Esq. - SBN 119326
    **POLIS & ASSOCIATES**
2   **A PROFESSIONAL LAW CORPORATION**
    19800 MacArthur Boulevard, Suite 1000
3   Irvine, California 92612-2433
    Telephone: (949) 862-0040
4   Facsimile: (949) 862-0041
    E-Mail: tom@polis-law.com
5
    Attorneys for Objecting Creditors,
6   Karl Avetoom and
    Beach Crest Villas Homeowners Association
7

8                    UNITED STATES BANKRUPTCY COURT

9           CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

10
                                        )   Case No. 8:12-bk-11721-ES
11   In re                              )
                                        )   Chapter 7
12   Molsey Fridman and Rosa Fridman,   )
                                        )   CREDITOR KARL AVETOOM AND BEACH
13                      Debtors.        )   CREST    VILLAS    HOMEOWNER
                                        )   ASSOCIATION'S NOTICE OF RELEASE OF
14                                      )   ABSTRACT OF JUDGMENT
                                        )
15                                      )       [No Hearing Required]
                                        )
16   _____)

17           TO THE HONORABLE ERITHE SMITH, UNITED STATES BANKRUPTCY JUDGE;

18   THE DEBTORS AND THEIR COUNSEL OF RECORD; THE DEBTORS' INTERIM CHAPTER

19   7 TRUSTEE; THE OFFICE OF THE UNITED STATES TRUSTEE, SANTA ANA DIVISION;

20   AND OTHER PARTIES ENTITLED TO NOTICE:

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

T:\CASES\Fridman\PLDG\WDJudg 070912.wpd                                         1

1    **PLEASE TAKE NOTICE** that Objecting Creditors Karl Avetoom and Beach Crest Villas

2    Homeowners Association (collectively "Creditors"), hereby withdraw their previous *Abstract of*

3    *Judgment* recorded in relation to the matter of *Karl Avetoom v. Moisey Fridman and Rosa*

4    *Fridman*, in the Orange County Superior Court, Case No.: 30-2010-00345490.  Objecting

5    Creditors Karl Avetoom and Beach Crest Villas Homeowners Association expressly preserve

6    their claims and any rights and remedies they hold under the Judgment in the above-captioned

7    State Court matter.  A true and correct copy of the *Abstract of Judgment* is attached hereto as

8    Exhibit "A", and incorporated herein by reference.

9

10    DATED: July 9, 2012                              POLIS & ASSOCIATES
                                                      A PROFESSIONAL LAW CORPORATION
11

12                                                    By:
                                                         Thomas J. Polis, Esq.
13                                                       Attorneys for Creditors
                                                         Karl Avetoom and
14                                                       Beach Crest Villas Homeowners Association

15

16

17

18

19

20

21

22

23

24

25

26

27

28

T:\CASES\Fridman\PLDG\WDJudg 070912.wpd

2

E X H I B I T  A

Case 8:12-bk-11721-ES    Claim 2-1 Part 4    Filed 03/27/12    Desc Exhibit C    Page 1
of 3

---

EJ-001

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, address, State Bar number, and telephone number):*
*Recording requested by and return to:*
CHARLES L. MURRAY III  SBN: 195053
PACIFIC MUTUAL BUILDING
523 WEST SIXTH STREET, SUITE 707
LOS ANGELES, CA 90014
T. 213.627.5983

[✓] ATTORNEY FOR    [✓] JUDGMENT CREDITOR    [ ] ASSIGNEE OF RECORD

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: 700 CIVIC CENTER DRIVE WEST
CITY AND ZIP CODE: SANTA ANA, CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF: KARL AVETOOM

DEFENDANT: MOISEY FRIDMAN AND ROSA FRIDMAN

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**    [✓] Amended

**Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder**

[barcode]  *R000045349068*  29.00

2012000068287  11:42 am 02/06/12
227 415 A03   2
0.00 0.00 0.00 0.00 0.00 3.00 20.00 0.00 0.00

FOR RECORDER'S USE ONLY

CASE NUMBER:
30-2010-00345490

FOR COURT USE ONLY

1. The [✓] judgment creditor    [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address

```
MOISEY FRIDMAN
1100 RUTLAND ROAD #7
NEWPORT BEACH, CA 92660
```

   b. Driver's license no. *(last 4 digits)* and state:                          [✓] Unknown
   c. Social security no. *(last 4 digits)* 5550                                 [✓] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or
      mailed to *(name and address):* MOISEY FRIDMAN
      1100 RUTLAND ROAD #7, NEWPORT BEACH, CA 92660

2. [✓] Information on additional judgment
   debtors is shown on page 2.

3. Judgment creditor *(name and address):*
   KARL AVETOOM  1100 RUTLAND ROAD
   UNIT #9, NEWPORT BEACH, CA 92660

Date: January 19, 2012
CHARLES L. MURRAY III
*(TYPE OR PRINT NAME)*

6. Total amount of judgment as entered or last renewed:
   $ 650,000.00

7. All judgment creditors and debtors are listed on this abstract.

8. a. Judgment entered on *(date):* November 18, 2011
   b. Renewal entered on *(date):*

9. [ ] This judgment is an installment judgment.

4. [ ] Information on additional judgment
   creditors is shown on page 2.

5. [✓] Original abstract recorded in this county:
   a. Date: 1/17/2012
   b. Instrument No.: 2012000023845

▶                    (SIGNATURE OF APPLICANT OR ATTORNEY)

10. [ ] An [ ] execution lien [ ] attachment lien
    is endorsed on the judgment as follows:
    a. Amount: $
    b. in favor of *(name and address):*

11. A stay of enforcement has
    a. [ ] not been ordered by the court.
    b. [✓] been ordered by the court effective until
       *(date):* Jan 19, 2012   1/23/12
12. a. [✓] I certify that this is a true and correct abstract of
       the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

[seal: COUNTY OF ORANGE CALIFORNIA]

This abstract issued on *(date):*
FEB 0 2 2012

ALAN CARLSON
Clerk, by  J. Tran , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. January 1, 2008]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700.190

Case 8:21-bk-10513-ES    Doc 27    Filed 04/08/21    Entered 04/08/21 14:35:48    Desc
Case 8:12-bk-11721-ES    Main Document    Page 37 of 49    Desc Exhibit A    Page 6
of 9

Case 8:12-bk-11721-ES    Claim 2-1 Part 4    Filed 03/27/12    Desc Exhibit C    Page 2
of 3

| PLAINTIFF: KARL AVETOOM | | CASE NUMBER: |
|---|---|---|
| DEFENDANT: MOISEY FRIDMAN AND ROSA FRIDMAN | | 30-2010-00345490 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor (name and address):                    14. Judgment creditor (name and address):

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.          Name and last known address                   17.          Name and last known address

ROSA FRIDMAN
1100 RUTLAND ROAD #7
NEWPORT BEACH, CA 92660

Driver's license no. (last 4 digits)
and state:                                 ☑ Unknown        Driver's license no. (last 4 digits)
and state:                                                                              ☐ Unknown

Social security no. (last 4 digits): 2772    ☐ Unknown     Social security no. (last 4 digits):    ☐ Unknown

Summons was personally served at or mailed to (address):    Summons was personally served at or mailed to (address):
ROSA FRIDMAN
1100 RUTLAND ROAD #7
NEWPORT BEACH, CA 92660

18.          Name and last known address                   19.          Name and last known address

Driver's license no. (last 4 digits)
and state:                                 ☐ Unknown        Driver's license no. (last 4 digits)
and state:                                                                              ☐ Unknown

Social security no. (last 4 digits):       ☐ Unknown        Social security no. (last 4 digits):    ☐ Unknown

Summons was personally served at or mailed to (address):    Summons was personally served at or mailed to (address):

20. ☐ Continued on Attachment 20.

EJ-001 (Rev. January 1, 2008)            ABSTRACT OF JUDGMENT—CIVIL                      Page 2 of 2
                                          AND SMALL CLAIMS

Case 8:21-bk-10513-ES    Doc 27    Filed 04/08/21    Entered 04/08/21 14:35:48    Desc
Case 8:12-bk-11721-ES    Main Document    Page 38 of 49    Desc Exhibit A    Page 7
of 9

Case 8:12-bk-11721-ES    Claim 2-1 Part 4    Filed 03/27/12    Desc Exhibit C    Page 3
of 3

## PROOF OF SERVICE

State of California, County of Los Angeles

I am over the age of 18 and not a party to this case. I am a resident in the County where the mailing occurred. My business address is the Pacific Mutual Building, 523 West Sixth Street, Suite 707, Los Angeles, California 90014

On 6 February 2012 I served the foregoing documents:

NOTICE OF FILING AMENDED ABSTRACT

on the interest parties in said action, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

D. Michael Bush, Esq.
9 Corporate Park
Suite 100
Irvine, California 92606

[X]  U.S. Mail. I sealed and placed such envelope for collection and mailing to be deposited in the mail on the same day in the ordinary course and scope of business at Los Angeles. The envelope was mailed with postage thereon fully prepared.

[_]  Facsimile. I personally caused the foregoing document to be successfully transmitted to the offices set forth above.

[_]  Overnight Mail. I sealed and placed such envelope for collection with United Parcel Service (UPS) for overnight deliveries, located at 611 West Sixth Street, Los Angeles, California 90014.

Executed on 6 February 2012, in the City of Los Angeles, State of California. I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Charles L. Murray III

| In re: | |
|---|---|
| Molsey Fridman and Rosa Fridman, | Case No.: 8:12-bk-11721-ES |
| Debtor(s). | Chapter 13 |

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is

**POLIS & ASSOCIATES**
A Professional Law Corporation
19800 MacArthur Boulevard, Suite 1000
Irvine, California  92612-2433

A true and correct copy of the foregoing document described CREDITOR KARL AVETOOM AND BEACH CREST VILLAS HOMEOWNER ASSOCIATION'S NOTICE OF RELEASE OF ABSTRACT OF JUDGMENT will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 9, 2012**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Matthew E. Faler, Esq. – mfaler@faler-law.com
- Amrane Cohen – efile@ch13ac.com
- Office of the United States Trustee – ustpregion16.sa.ecf@usdoj.gov

☐  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL(Indicate method for each person or entity served):**
On July 9, 2012, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

<u>SERVED VIA US MAIL</u>
- United States Bankruptcy Court, Central District of California, Honorable Erithe A. Smith, 411 West Fourth Street, Suite 5041, Santa Ana, California 92701

☐  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (Indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 9, 2012 | Ashley N. Reichert | /s/Ashley N. Reichert |
|---|---|---|
| Date | Type Name | Signature |

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

CIVIL CODE § 1189

State of California

County of _Orange_

On _July 10, 2012_ before me, _HUGH A. SANDERS, NOTARY PUBLIC_
      Date                                    Here Insert Name and Title of the Officer

personally appeared _Thomas J. Polis_
                                    Name(s) of Signer(s)

---

HUGH A. SANDERS
Commission # 1961712
Notary Public - California
Orange County
My Comm. Expires Dec 21, 2015

who proved to me on the basis of satisfactory
evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged
to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the
laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _Hugh A Sand_
                      Signature of Notary Public

Place Notary Seal Above

--- **OPTIONAL** ---

*Though the information below is not required by law, it may prove valuable to persons relying on the document
and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _Notice of Release of Abstract of Judgment_

Document Date: _7/9/12_                                Number of Pages: _8_

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Individual
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Individual
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

# **Exhibit 2**

                                                    **Scott Talkov <scott@talkovlaw.com>**

---

## Notice of Bankruptcy Case Filing - In re Rosa Fridman - Chapter 7

---

**Scott Talkov** <scott@talkovlaw.com>                                      Fri, Feb 26, 2021 at 4:54 PM
To: kia002@att.net
Cc: Leilani Caspillo <assistant@talkovlaw.com>, "Mr. Chris Kiernan" <chris@talkovlaw.com>, Ferdeza Zekiri
<ferdeza@talkovlaw.com>, Nick Moss <nick@talkovlaw.com>
Bcc: Alex Theory <theory411@gmail.com>

Mr. Avetoom,

I hope this email finds you well. Attached you will find the notice of bankruptcy case filing and related pleadings filed this
afternoon. Also attached you will find an amendment to the debtor's trust executed pre-petition resolving your concern
raised in state court as to the location of any document bearing "Page 3" in the footer, which is now deemed to be omitted
to the extent it ever existed, which the debtor has knowledge of. If you have any questions, please do not hesitate to
contact me.

 **Scott Talkov | Attorney, Talkov Law**

**e:** scott@talkovlaw.com | **w:** www.talkovlaw.com
**p:** (951) 888-3300

---

**3 attachments**

📄 **Notice of Bankruptcy Case Filing.pdf**
111K

📄 **01 - Petition.pdf**
2388K

📄 **Amendment to Trust re Missing Page 3 (Notarized Pre-Petition).pdf**
464K

# **Exhibit 3**

Electronically Filed by Superior Court of California, County of Orange, 02/26/2021 11:56:00 PM.
30-2010-00345490-CU-PO-CJC - ROA # 1225 - DAVID H. YAMASAKI, Clerk of the Court By James M Haines, Deputy Clerk.

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| Karl Avetoom<br>1100 Rutland Road # 9<br>Newport Beach, CA 92660<br><br>TELEPHONE NO. 949.929.4787    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* kia002@att.net<br>ATTORNEY FOR *(Name):* Plaintiff and Judgment Creditor | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

PETITIONER/PLAINTIFF: Avetoom

RESPONDENT/DEFENDANT: Arce, Fridman et al

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL<br>RELATED TO ROA # 1215 | CASE NUMBER:<br>30-2010-00345490 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:

   Litigation Investigations OPR 7451 Warner Ave #E191 Huntington Bch, CA 92647

3. On *(date):* 02/22/2021    I mailed from *(city and state):* Costa Mesa, CA
   the following documents *(specify):*
   (1) NOTICE OF RENEWAL OF JUDGMENT, (2) APPLICATION FOR AND RENEWAL OF JUDGMENT, (3) DECLARATION IN SUPPORT OF APPLICATION FOR RENEWAL OF JUDGMENT RE: MEMORANDUM OF FEES AND COSTS

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. ☒ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served: Rosa Fridman
   b. **Address** of person served:

      16542 Blackbeard Lane, # 304 Huntington Beach, CA 92649

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 02/22/2021

Ami Stanton
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)    (SIGNATURE OF PERSON COMPLETING THIS FORM)

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-030 [New January 1, 2005] | **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**<br>**(Proof of Service)**<br>RELATED TO ROA # 1215 | Code of Civil Procedure, §§ 1013, 1013a<br>*www.courtinfo.ca.gov* |
|---|---|---|

# **<u>Exhibit 4</u>**

 Gmail

**Scott Talkov <scott@talkovlaw.com>**

___

## Request to Cure Automatic Stay Violation - Karl Avetoom v. Rosa Fridman (Orange County Superior Court Case No. 30-2010-00345490)

___

**Scott Talkov** <scott@talkovlaw.com>                                Wed, Mar 24, 2021 at 9:11 PM
To: Donald Reid <don@donreidlaw.com>
Cc: Leilani Caspillo <assistant@talkovlaw.com>
Bcc: Alex Theory <theory411@gmail.com>

Hi Donald,

Please review page 57 of 58 of the attached docket. It reflects that someone on behalf of Avetoom submitted an "E-FILING TRANSACTION 2988604 RECEIVED ON 02/26/2021 11:56:50 PM." This was more than 7 hours after I informed Avetoom of the automatic stay. The next docket entry is "03/01/2021 PROOF OF SERVICE BY MAIL FILED BY AVETOOM, KARL ON 02/26/2021." This proof of service relates to the only matter on calendar- the renewal of judgment.

Accordingly, Mr. Avetoom's post-petition proof of service of his renewal of judgment constitutes the "**continuation, including the issuance or employment of process, of a judicial...proceeding against the debtor that was or could have been commenced before the commencement of the case under this title**, or to recover a claim against the debtor that arose before the commencement of the case under this title."

Mr. Avetoom is best advised to file a notice of withdrawal of his post-petition filing of his proof of service of the motion and the motion itself as its pending nature constitutes the continuation of a judicial process against the debtor that was commenced before the commencement of the case.

Let me know if you have any questions.



**Scott Talkov | Attorney, Talkov Law**

**e:** scott@talkovlaw.com | **w:** www.talkovlaw.com
**p:** (951) 888-3300

On Wed, Mar 24, 2021 at 3:48 PM Donald Reid <don@donreidlaw.com> wrote:

I see now that you contend that she was not served.  Please provide the filed proof of service you are referring to.


Thanks,

Don

___

**From:** Donald Reid
**Sent:** Wednesday, March 24, 2021 3:46 PM
**To:** 'Scott Talkov' <scott@talkovlaw.com>
**Cc:** Leilani Caspillo <assistant@talkovlaw.com>
**Subject:** RE: Request to Cure Automatic Stay Violation - Karl Avetoom v. Rosa Fridman (Orange County Superior Court Case No. 30-2010-00345490)


Thanks for brining this to my attention, Scott.  I will discuss with my client.  Can you please forward a copy of the filed proof of service you are referring to?  I have not reviewed it.

However, based on your email, the application for renewal (filed 2/10/21) did not violate the stay because it was filed before the petition date (2/26/21).  Are you saying the proof of service was filed in violation of the automatic stay?  I'd be interested to know when service occurred, how, and by whom.  And I'd also be interested to learn why you think Mr. Avetoom must withdraw the application for renewal of judgment if it was filed several weeks prepetition.


Finally, are you filing notices of stay in the two state court actions?


Thanks,


Don Reid


LAW OFFICE OF DONALD W. REID
PO Box 2227, Fallbrook, CA 92088
(951) 777-2460 | don@donreidlaw.com
www.donreidlaw.com
Avvo LinkedIn

---

**From:** Scott Talkov <scott@talkovlaw.com>
**Sent:** Wednesday, March 24, 2021 1:04 PM
**To:** Donald Reid <don@donreidlaw.com>
**Cc:** Leilani Caspillo <assistant@talkovlaw.com>
**Subject:** Request to Cure Automatic Stay Violation - Karl Avetoom v. Rosa Fridman (Orange County Superior Court Case No. 30-2010-00345490)


Mr. Reid,


Please accept this notice of automatic stay violation by Karl Avetoom in the above-referenced case as to debtor Rosa Fridman.


Specifically, upon my review of the docket today after reviewing your motion filed yesterday, I noticed that the docket reflects that Mr. Avetoom filed an application for renewal of judgment and notice of renewal of judgment on February 10, 2021, and that a proof of service appears on the docket post-petition on February 26, 2021 at 11:56 p.m. (hours after I notified Mr. Avetoom of the bankruptcy). Please note that Ms. Fridman has not received any service of the documents. Going forward, please include my office on the service list for any state court pleadings so that I an attest to the court whether or not Mr. Avetoom is truly causing documents to be served, an issue I understand has been long standing. As I'm sure you know, any alleged service of the renewal would have required Mr. Fridman to object within a specified time period, which would have been running pos-petition.


Even further, there is currently an order to show cause re: contempt scheduled for April 9, 2021 relating to the production of apparently non-existent page 3 of the trust that, even if it existed, appears totally irrelevant (something relating to a grandchildren's trust if Ms. Fridman's children are deceased, though they are very much alive).


Under 11 USC 362(a), the automatic stay that went into effect on February 26, 2021 at 4:33 p.m. prevents:

(1) the commencement or **continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;**

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) <u>any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;</u>

As the last thing I would want to do is attempt collection of my fees, and costs, along with damages to the debtor for the willful violation of the automatic stay, request is hereby made that Mr. Avetoom withdraw his pending application for renewal of judgment and provide a copy to this office by email (scott@talkovlaw.com) **no later than April 1, 2021**. As to the order to show cause, Mr. Avetoom should take all actions necessary to see that this hearing date is taken off calendar on the basis of the automatic stay (not to mention Ms. Fridman's voluntary production related thereto in advance of the hearing).

Best Regards,



**Scott Talkov** | **Attorney, Talkov Law**

**e:** scott@talkovlaw.com | **w:** www.talkovlaw.com
**p:** (951) 888-3300

---

📄 **30-2010-00345490 Case Index.pdf**
3425K

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2900 Adams Street, Suite C225, Riverside, CA 92504

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S REPLY TO OPPOSITION TO MOTION TO AVOID LIEN UNDER 11 U.S.C. 522(f); DECLARATION OF ROSA FRIDMAN; DECLARATION OF SCOTT TALKOV** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 8, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

> Thomas H Casey (TR)    msilva@tomcaseylaw.com, thc@trustesolutions.net
> Donald W Reid    don@donreidlaw.com, ecf@donreidlaw.com
> United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐    Service information continued on attached page

2. SERVED BY UNITED STATES MAIL:
On (*date*) April 8, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> Hon. Erithe Smith, 411 West Fourth Street, Suite 5040, Santa Ana, CA 92701

☐    Service information continued on attached page

3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) April 8, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 8, 2021 | Leilani Caspillo | /s/Leilani Caspillo |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300