| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Karl Avetoom<br>1100 Rutland Road #9<br>Newport Beach, CA 92660<br>(949) 929-4787<br>kia002@att.net<br><br>☒ *Individual appearing without attorney*<br>☐ *Attorney for:* | **FILED**<br>APR 1 2 2021<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:_____ Deputy Clerk |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re:<br><br>ROSA FRIDMAN<br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:21-bk-10513-ES<br><br>CHAPTER: 7<br><br>**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(ACTION IN NONBANKRUPTCY FORUM)**<br><br>DATE: 05/06/2021<br>TIME: 10:00 am<br>COURTROOM: 5A |

**Movant:** KARL AVETOOM

1. **Hearing Location**:
   - ☐ 255 East Temple Street, Los Angeles, CA 90012
   - ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367
   - ☐ 3420 Twelfth Street, Riverside, CA 92501
   - ☒ 411 West Fourth Street, Santa Ana, CA 92701
   - ☐ 1415 State Street, Santa Barbara, CA 93101

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____ ; and, you may appear at the hearing.

    a.  ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  04/12/2021

_____
Printed name of law firm (if applicable)

Karl Avetoom
_____
Printed name of individual Movant or attorney for Movant

/s/ Karl Avetoom
_____
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                   Page 2                          F 4001-1.RFS.NONBK.MOTION

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Karl Avetoom<br>1100 Rutland Road #9<br>Newport Beach, CA 92660<br>(949) 929-4787<br>kia002@att.net<br><br>☐ *Attorney for Movant*<br>☒ *Movant appearing without an attorney* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| In re:<br><br>  ROSA FRIDMAN<br><br><br><br><br>                                        Debtor | CASE NO.:  8:21-bk-10513-ES<br><br>CHAPTER:  7 |
|---|---|
| | **SUPPLEMENTAL NOTICE OF HEARING<br>TO BE HELD REMOTELY USING ZOOMGOV<br>AUDIO AND VIDEO** |
| | HEARING DATE:     May 6, 2021<br>HEARING TIME:     10:00 a.m. |

**Movant:**

1. The Movant has filed the following written notice or other pleading ("Notice") advising of a hearing to be held in the above-captioned case, on the date and time indicated above, before the Honorable Erithe A. Smith, United States Bankruptcy Judge *(insert name of pleading and, if available, docket number)*:

> **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations)**
> **(ACTION IN NONBANKRUPTCY FORUM)**

2. **Please be advised that because of the COVID-19 pandemic, the Court will conduct the hearing using ZoomGov audio and video technology.** Information on how to participate in the hearing using ZoomGov is provided on the following page of this notice.

3. Hearing participants and members of the public may participate in and/or observe the hearing using ZoomGov, free of charge.

4. Individuals may connect by ZoomGov audio and video using a personal computer (equipped with camera, microphone and speaker), or a handheld mobile device with an integrated camera, microphone and speaker (such as an iPhone, iPad, Android phone or Android tablet). The connection can be initiated by entering the "Meeting URL" into a web browser on any of these devices, provided the device is connected to the Internet. Individuals connecting in this manner will be prompted for the Meeting ID and Password shown below.

5. Individuals also may connect to the hearing by telephone only, using the telephone number provided below. Individuals connecting in this manner also will be prompted for the Meeting ID and Password.

6. Neither a Zoom nor a ZoomGov account is necessary to participate in or observe the hearing, and no pre-registration is required.

7. The audio portion of the hearing will be recorded electronically by the Court and constitute its official record.

8. All persons are strictly prohibited from making any other recording of court proceedings, whether by video, audio, "screenshot," or otherwise. Violation of this prohibition may result in the imposition of monetary and non-monetary sanctions.

9. The following is the unique ZoomGov connection information for the above-referenced hearing:

| | |
|---|---|
| Meeting URL: | https://cacb.zoomgov.com/j/1618897382 |
| Meeting ID: | 161 889 7382 |
| Password: | 736506 |
| Telephone: | 1 (669) 254-5252 or 1 (646) 828-7666 |

10. More information on using ZoomGov to participate in this hearing is available on the Court's website at the following web address: https://www.cacb.uscourts.gov/news/zoom-video-hearing-guide-participants

Date: April 12, 2021

_____
Printed name of law firm (if applicable)

Karl Avetoom
_____
Printed name of individual Movant or attorney for Movant

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

   a. ☒ Plaintiff

   b. ☐ Defendant

   c. ☐ Other (specify):

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action*: Avetoom v. Arce, Fridman

   b. *Docket number*: 30-2010-00345490

   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending*:
   Orange County Superior Court

   d. Causes of action or claims for relief (Claims):
   OSC Re: Contempt

3. **Bankruptcy Case History:**

   a. ☒ A voluntary  ☐ An involuntary  petition under chapter  ☒ 7 ☐ 11 ☐ 12 ☐ 13
   was filed on (*date*)  02/26/2021  .

   b. ☐ An order to convert this case to chapter  ☐ 7 ☐ 11 ☐ 12 ☐ 13
   was entered on (*date*) _____.

   c. ☐ A plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☐ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

f.  ☒  The bankruptcy case was filed in bad faith.

    (1) ☒ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (2) ☒ The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

    (3) ☐ Multiple bankruptcy cases affect the Nonbankruptcy Action.

    (4) ☐ The Debtor filed only a few case commencement documents.  No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g.  ☒  Other (*specify*):
    Please see attached Memorandum and Supporting Declaration w/ Exhibits.

5.  **Grounds for Annulment of Stay.**  Movant took postpetition actions against the Debtor.

a.  ☐  The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b.  ☐  Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

c.  ☐  Other (*specify*):

6.  **Evidence in Support of Motion:**  (*Important Note:  declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)

a.  ☒  The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

b.  ☒  Supplemental declaration(s).

c.  ☐  The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

d.  ☒  Other evidence (*specify*):
    Orange County Superior Court    Order to Show Cause Re: Contempt issued 2/22/2021 attached to Supplemental Declaration

7.  ☒  **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1.  Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2.  ☒  Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3.  ☐  The stay is annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                        Page 4                              **F 4001-1.RFS.NONBK.MOTION**

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☐ Other relief requested.

Date: _04/12/2021_

_____
Printed name of law firm (*if applicable*)

Karl Avetoom
_____
Printed name of individual Movant or attorney for Movant

/s/ Karl Avetoom
_____
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                      Page 5                            F 4001-1.RFS.NONBK.MOTION

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (*name of Declarant*)  Karl Avetoom                                                              , declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.  I am over 18 years of age.  I have knowledge regarding (Nonbankruptcy Action) because:

    ☒ I am the Movant.
    ☐ I am Movant's attorney of record in the Nonbankruptcy Action.
    ☐ I am employed by Movant as (*title and capacity*):
    ☐ Other (*specify*):

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action.  I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

3. In the Nonbankruptcy Action, Movant is:

    ☒ Plaintiff
    ☐ Defendant
    ☐ Other (*specify*):

4. The Nonbankruptcy Action is pending as:

    a.  *Name of Nonbankruptcy Action*: Avetoom v. Arce, Fridman
    b.  *Docket number*: 30-2010-00345490
    c.  *Nonbankruptcy court or agency where Nonbankruptcy Action is pending*:
        Orange County Superior Court

5. **Procedural Status of Nonbankruptcy Action:**

    a.  The Claims are:
        OSC Re: Contempt and Contempt trial

    b.  True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit  1, 2 .

    c.  The Nonbankruptcy Action was filed on (*date*)  02/10/2010  .

    d.  Trial or hearing began/is scheduled to begin on (*date*)  04/09/2021  .    Trial Court to reset OSC Re Contempt pending Relief from Stay Motion.

    e.  The trial or hearing is estimated to require  1    days (*specify*).

    f.  Other plaintiffs in the Nonbankruptcy Action are (*specify*):

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                          Page 6                                          **F 4001-1.RFS.NONBK.MOTION**

g.  Other defendants in the Nonbankruptcy Action are (*specify*):

6.  **Grounds for relief from stay:**

a.  ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

b.  ☒ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c.  ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.  The insurance carrier and policy number are (*specify*):

d.  ☒ The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

(1) ☒ It is currently set for trial on (*date*)  04/09/2021  .

(2) ☒ It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) _____.  The basis for this belief is (*specify*):  TBD by State Court upon Relief from Stay.

OSC issued 2/22/2021 incorporating charging document and prior orders.  At OSC Debtor enters plea and trial is customarily set within 45 days unless cause appears for different date.  Trial Court to set OSC and trial dates upon relief from stay.

(3) ☐ The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

e.  ☒ The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.

(1) ☒ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

(2) ☒ The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):

OSC Re: Contempt issued 2/22/2021 after debtor defied several orders (Exh. 1)  Four days later, Debtor filed BK and her BK attorney the same day attempted to modify Debtor's trust to avoid the Contempt action.  State court iterated on April 9, 2021 the contempt proceedings do not violate the Stay. After discussion re: stay, Court takes OSC off calendar pending Relief from Stay.

(3) ☐ Multiple bankruptcy cases affecting the Property include:

(A) Case name:
Case number:                    Chapter:
Date filed:            Date discharged:            Date dismissed:
Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 7                    **F 4001-1.RFS.NONBK.MOTION**

(B) Case name:

Case number:                          Chapter:

Date filed:              Date discharged:              Date dismissed:

Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not  granted.

(C) Case name:

Case number:                          Chapter:

Date filed:              Date discharged:              Date dismissed:

Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not  granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f. ☒ See attached continuation page for other facts justifying relief from stay.

7. ☒ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____

c. ☒ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/12/2021 | Karl Avetoom | /s/ Karl Avetoom | |
|---|---|---|---|
| Date | Printed name | Signature | |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                          Page 8                          F 4001-1.RFS.NONBK.MOTION

1    Karl Avetoom, In Pro Per
2    1100 Rutland Road # 9
     Newport Beach, CA 92660
3    (949) 929-4787
     kia002@att.net
4

5

6

7

8

9                    UNITED STATES BANKRUPTCY COURT

10          CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

11   In re:                              )    Main Case No:  8:21-bk-10513-ES
                                         )
12                                       )    Chapter 7
                                         )
13      Rosa Fridman,                    )    **Hon. Erithe A. Smith**
                                         )
14                                       )
                                         )
15              Debtor                   )    **SUPPLEMENTAL MEMORANDUM AND**
                                         )    **DECLARATION IN SUPPORT OF MOTION**
16                                       )    **FOR RELIEF FROM STAY (NON-**
                                         )    **BANKRUPTCY FORUM).**
17                                       )
                                         )
18                                       )    Date:    May 6, 2021
                                         )    Time:    10:00 A.M.
19                                       )    Place:   Courtroom "5A"
                                         )             411 West Fourth Street
20                                       )             Santa Ana, CA
                                         )
21                                       )

22   **TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE,**

23   **AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD.**

24          Creditor Karl Avetoom submits this Supplemental Memorandum and declaration in support of

25   his Motion for an Order granting relief from Stay (action in non-bankruptcy forum) and to seek a

26   statutory award of fees and costs from prosecuting the Contempt proceeding.  The Debtor has

27   continued to defy state court orders, causing the State Court to issue an Order to Show case ("OSC) Re

28   Contempt on February 22, 2021.  The basis for the OSC is Debtor Rosa Fridman's refusal to comply

                                         1

1  with two trial court discovery orders.  The first one which her bankruptcy counsel has desperately tried

2  to avoid when he filed Debtor's position.   The Bankruptcy Counsel tried to amend Debtor's trust to

3  avoid the Contempt proceeding, showing the motive for the bankruptcy is intertwined with avoid State

4  Court litigation.  Despite stipulating to § 727 non-discharge for including conduct of destroying

5  documents and refusing to provide financial records, the Debtor and her combative sons, have

6  continued to defy state court orders, hoping once again they can use bankruptcy to avoid contempt

7  proceedings. The 9th Circuit disagrees.

8        This Court previously followed the 9th Circuit and granted Relief from the Stay on two

9  occasions for similar *action in non-bankruptcy forum Contempt Proceedings* in 2013 and 2014 (Case

10  8:12-bk-11721-ES Doc 284; Case 8:12-bk-11721-ES Doc 361**).**  As to be expected, the Debtor

11  continued to defy the state court relating to orders for production of documents.

12        On February 22, 2021 the State Superior Court, Hon. Sherri Honer, issued an OSC Re

13  Contempt against Debtor Rosa Fridman **(Exhibit "1" to Motion)**.  On February 26, 2021, a mere 4

14  days later Debtor Rosa Fridman filed her current bankruptcy petition.  That same day her bankruptcy

15  counsel modified Debtor's Trust in a sophomoric attempt to avoid the Contempt proceeding.

16  However, it remains the State Court's right to determine if contempt has occurred. And likely that this

17  blogger will be called as a witness at the state court trial.

18        On March 9, 2021 the State Court, perturbed that the OSC was stymied by Debtor's dubious

19  bankruptcy filing, held a hearing for the OSC Re. Contempt.  Avetoom had previously notified the

20  Court of the Debtor's dubious bankruptcy filing, with the Clerk advising Avetoom to give notice of the

21  filing of bankruptcy on the record at the next appearance.   On March 9, 2021 Avetoom gave notice of

22  the filing of bankruptcy.  The State Court believed that the Bankruptcy Stay did not affect the OSC Re

23  Contempt.  After some discussion, the State Court took the OSC Re Contempt off calendar pending

24  relief from the Stay or termination of the Stay **(Exhibit "2" to Motion** *Minute Order*).

25  **I.  AS PREVIOUSLY FOUND BY THIS COURT, THE AUTOMATIC STAY DOES NOT**

26      **APPLY TO STATE CONTEMPT PROCEEDINGS FOR PRE-PETITION CONDUCT.**

27        As this Court previously acknowledged the Ninth Circuit Bankruptcy Appellate Panel cases of

28  In re Dingley (B.A.P. 9th Cir. 2014) 514 B.R. 591 and In re Dumas (B.A.P. 9th Cir. 1982) 19 B.R. 676

1  are on point and hold that state court contempt proceedings for violating state court pre-petition orders

2  are exempt from the Section 362 Stay.

3      This reasoning follows the Ninth Circuit Court of Appeals ruling in <u>David v. Hooker, Ltd.</u> (9th

4  Cir. 1977) 560 F.2d 412, 418, which held "Previous cases have held that "suits" or "actions" to be

5  stayed, as used in the bankruptcy statutes and rules, would not include contempt proceedings arising

6  out of disobedience of a state court order made prior to the stay. 1A Collier P 11.02, at 1147-48." See

7  also <u>In re Berg</u> (9th Cir. 2000) 230 F.3d 1165.

8      The Debtor is far from the honest but unfortunate debtor bankruptcy was intended for. This

9  same debtor has been found in contempt numerous times for violating court orders. Driven by her two

10  son's combative behavior, Debtor admittedly failed to comply with the State Court orders. She

11  wrongfully believes that she can hide in bankruptcy and the Contempt proceeding will disappear.

12  Debtor is far from the poor despondent widow, as each debtor exam she files her own legal documents,

13  challenges the State Court, argues against the State Court, and habitually defies the State Court's

14  authority.

15  **II.  <u>INDEPENENT VIOLATIONS OF STATE COURT ORDERS ARE CHARGED</u>**

16      **<u>SEPARATELY.</u>**

17      The California Supreme Court has long held that each independent act that violates a court's

18  order is to be charged separately.  See <u>Donovan v. Superior Court of State, In and For Los Angeles</u>

19  <u>County</u> (1952) 39 Cal.2d 848, 855 "Where separate contemptuous acts are committed, the contemner

20  can be fined for each offense in the amount authorized by the code. <u>Golden Gate Con. H. M. Co. v.</u>

21  <u>Superior Court</u>, 65 Cal. 187, 192, 3 P. 628; <u>Solano Aquatic Club v. Superior Court</u>, 165 Cal. 278, 279,

22  131 P. 874; <u>In re Shuler</u>, 210 Cal. 377, 406, 292 P. 481; <u>Hume v. Superior Court</u>, 17 Cal.2d 506, 515,

23  110 P.2d 669; <u>Lindsley v. Superior Court</u>, 76 Cal.App. 419, 433, 245 P. 212; Note, 160 A.L.R. 1104."

24      California authorizes by Statute an award of attorney fees and costs for prosecution of a

25  Contempt proceeding.  See C.C.P. §§ 1209(a)(5) and 1218(a).  Moving party requests pursuit of such

26  an award, by motion before the State Court, to seek award of statutory fees against the Debtor.  This

27  Court previously granted an identical request.  (Case 8:12-bk-11721-ES Doc 36).

28      The Ninth Circuit expressly prohibits debtors such as Debtor Rosa Fridman to use this Court

1   and the bankruptcy rules they have admittedly violated repeatedly, to hide from their pre-petition

2   misconduct.  Nor can they hide behind their son's attorney after repeatedly violating State Court

3   orders.  The law is clear.  Debtor must return to the State Court to answer for her repeated misconduct.

4   **III.  <u>CONCLUSION.</u>**

5         Accordingly, this Court should grant Movant's request for an Order lifting and/or declaring the

6   Automatic Stay does not apply

7        1.  To permit State Court contempt proceedings arising from pre-petition conduct to continue,

8            and

9        2.  Permitting moving party to seek a statutory award of fees and costs for prosecuting such

10           action, arising from pre-petition conduct.

13   Dated: April 12, 2021        By:   _____

14                               Karl Avetoom
                                Movant, In Pro Per

## SUPPORTING DECLARATION OF KARL AVETOOM

I, Karl Avetoom, hereby declare as follows:

1.      I was a creditor in bankruptcy case 8:12-bk-11721-ES and a current creditor in this bankruptcy case. I am the moving party in this Motion. I have personal knowledge of the following facts and if called upon to testify under oath, I could and would do so competently. I make this declaration in support of my Motion for Relief from Stay to pursue an action in Non-Bankruptcy Forum (Contempt of State Court Pre-Petition Orders).

2.      This Court previously lifted the Stay for Debtors violation of pre-petition state court orders based on the 9th Circuit rulings of In re Dumas and In re Dingley. **(Case 8:12-bk-11721-ES Doc 284; Case 8:12-bk-11721-ES Doc 361).** Debtor was found in contempt on both occassions.

3.      On or around February 22, 2021 the State Trial Court issued an OSC Re Contempt against Debtor Rosa Fridman (**Exhibit "1" to Motion**).

4.      On or around April 9, 2021 I appeared before the State Court and advised the Court of the filing of a bankruptcy by the Debtor four days after the Court had issued its OSC. The State Court stated that the filing of bankruptcy does not prevent the OSC Re contempt proceedings from continuing. I informed the Court of my intention to seek relief from the Stay, the Court took the matter off calendar (the Debtor had not appeared) and advised me to inform the Court if and when the stay has been lifted to re-calendar the OSC. (**Exhibit "2" to Motion**, *Minute Order*).

5.      The OSC has been issued. Once served, Debtor is required to appear for an arraignment on the OSC and enter a plea. Trial on the Contempt action usually takes place approximately 45 days after arraignment pursuant to statute, unless cause appears for a different date.

I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct and to the best of my knowledge.

Executed April 12, 2021 in Newport Beach, CA

By: _____

Karl Avetoom
Creditor In Pro Per

1

EXHIBIT 1

**FILED**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

FEB 2 2 2021

DAVID H. YAMASAKI, Clerk of the Court

BY:_____,DEPUTY

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF ORANGE**

**CENTRAL JUSTICE CENTER**

| | |
|---|---|
| Karl Avetoom | ) Case No. 30-2010-00345490 |
| Plaintiff | ) |
| | ) **ORDER TO SHOW CAUSE** |
| v. | ) **RE CONTEMPT** |
| | ) |
| | ) April 9, 2021 |
| Lynsey Arce, Rosa Fridman | ) 9:00 a.m. |
| Defendants | ) Dept. C-66 |

**To:    Defendant Rosa Fridman:**

YOU ARE HEREBY ORDERED to appear in person before the above-entitled court at the Central Justice Center, Department C66, located at 700 Civic Center Drive West, Santa Ana, California, on **April 9, 2021** at **9:00 a.m.**, to show cause why you should not be held in contempt for the alleged violations of this court's August 29, 2019 and November 16, 2020 orders regarding the production of documents.  Face masks are required.

The allegations forming the basis of each count of contempt is more fully described in the attached Affidavit in Support of Motion of Karl Avetoom Requesting and OSC: Re Contempt of Rosa Fridman for Violation of this Court's Orders to Produce Documents, and Comply with this Court's Order to Produce and Provide Code Compliant Responses ("Affidavit"). The referenced Affidavit is attached hereto and incorporated into this OSC as though fully set forth.

Plaintiff shall serve defendant with this Order to Show Cause Re Contempt and attached Affidavit no later than March 26, 2021 by personal service.

IT IS SO ORDERED:

DATED: __2/82/21__                    _____

                                       Hon. Sherri L. Honer
                                       Judge, Superior Court

-1-

Electronically Filed by Superior Court of California, County of Orange, 01/27/2021 06:59:00 PM.
30-2010-00345490-CU-PO-CJC - ROA # 1206 - DAVID H. YAMASAKI, Clerk of the Court By Stephen Corona, Deputy Clerk.

Karl Avetoom
1100 Rutland Road #9
Newport Beach, CA 92660
(949) 929-4787
kia002@att.net

*Plaintiff/Judgment Creditor, In Pro Per*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ORANGE-CENTRAL JUSTICE CENTER

|  |  |
|---|---|
| KARL AVETOOM,<br><br>        Plaintiff,<br><br>    vs.<br><br>LYNSEY ARCE, ROSA FRIDMAN, as<br>individuals, and DOES 1-50,<br><br>        Defendants | Case No: 30-2010-00345490<br><br>*Assigned for all purposes to:*<br><br>*HON.* Judge Sheri Stoner<br>*Dept: C-66*<br><br>**AFFIDAVIT IN SUPPORT OF MOTION OF KARL AVETOOM REQUESTING AN OSC: RE CONTEMPT OF ROSA FRIDMAN FOR VIOLATION OF THIS COURT'S ORDERS TO PRODUCE DOCUMENTS, AND COMPLY WITH THIS COURT'S ORDER TO PRODUCE AND PROVIDE CODE COMPLIANT RESPONSES**<br><br>**(C.C.P. § 1209(a)(5)** *willful disobedience of a court order).*<br>*Reservation ID: 73456381* |

### AFFIDAVIT OF KARL AVETOOM

I, Karl Avetoom, declare as follows:

1.      I am the Plaintiff and Judgment Creditor in the above entitled matter.

2.      I am thoroughly familiar with and have handled all aspects of the above-entitled case. The statements made herein are based on my personal knowledge and if called as a witness I could and would competently testify thereto.  I make this Affidavit after Debtor ROSA FRIDMAN has refused to

- 1 -

1  comply with this Court's orders and produce a missing page of her Trust, in excess of **463 days.** Rosa

2  Fridman has failed once again to provide her financial documents pursuant to this Court's last order.

3  Rosa Fridman request for a three month continuance was denied by this Court, however, as before, she

4  has mislead the courts into giving her preferential treatment.

5      3.     I am required to submit this affidavit to the Court as Defendant ROSA FRIDMAN'S

6  continued contemptuous acts occurred outside the Court's presence.  My affidavit sets forth the basis

7  for "indirect contempt" [An "indirect contempt" occurs *outside the judge's presence* [Hanson v. Sup.

8  Ct. (2001) 91 Cal.App.4th 75, 81)]. This affidavit serves as the "complaint" in an indirect contempt

9  proceeding. [Lyon v. Sup.Ct. (1968) 68 Cal.2d 446, 452] and the "affidavit must be presented to the

10  court stating the facts constituting the contempt, an order to show cause <u>must</u> be issued, and hearing on

11  the facts must be held by the judge." [Arthur v. Sup.Ct. (1965) 62 Cal.2d 404, 407–408].

12      4.     The November 18, 2011 judgment entered against ROSA FRIDMAN is in excess of

13  $1.1 Million dollars. On August 13, 2020 another judgment was entered against ROSA FRIDMAN

14  and in favor of Plaintiff. After stipulating to a judgment to avoid trial, ROSA FRIDMAN spent a year

15  trying to stop the entry of the judgment she stipulated for. The Trust document is relevant to collection

16  of over $1.1M in outstanding judgments. After I won my case and obtained my judgment in 2011, the

17  Fridmans hid in bankruptcy for 6 years and eventually stipulated to non-discharge of all their debts due

18  to fraudulent conduct intended to hinder, delay or defraud their creditors, including myself. The

19  Fridmans have stalled production of their financial documents since 2011 and it continued to this day.

20      5.     **On July 16, 2019** Plaintiff applied for an Order to have Debtor Rosa Fridman appear at

21  a judgment debtor exam (ROA 1127). Debtor Rosa Fridman was ordered to appear and be examined

22  and produce records, including a copy of a Trust instruction where the Debtor was the Trustee and

23  beneficiary of the Trust.  Debtor failed to produce the documents propounded.

24      6.     On **August 29, 2019** the Debtor appeared unprepared with none of the requested

25  documents. This Court ordered Judgment Debtor Rosa Fridman to return for a continued JDX and

26  produce all documents requested, including a Trust instrument where Rosa Fridman is the sole

27  beneficiary of said trust containing one real property (*Subpoena duces tecum to remain in full force*

28  *and effect*). Rosa Fridman was again allowed a month to produce the missing Trust page she claimed

she possessed at home. The Judgment Debtor Exam was continued again until October 3, 2019 at 9:00 a.m. [Exhibit "1"]

7.      On **October 3, 2019** Debtor Rosa Fridman appeared again <u>without</u> a complete Trust instrument. The Court agreed page 3 of the Trust was missing and was material as it covered the ability to transfer Trust assets by Rosa Fridman, the Trustee and beneficiary. The Court held Plaintiff was entitled to a full copy of the Trust as the Debtor was the beneficiary of the Trust. The Debtor stated she would comply and produce the missing document page. The Court continued the JDX until October 31, 2019 to give Debtor Rosa Fridman one more additional month to produce the missing page located in her Huntington Beach residence [**Exhibit "2"**].

8.      On **October 31, 2019** Debtor Rosa Fridman attended the continued JDX. The Judgment Debtor's son provided a letter to the Court attempting to excuse the Debtor from producing the missing page 3 of the Trust. The Court held that while portions of the letter may have been privileged, letter did not state that the Trust never had a page 3. The Judgment debtor assured the Court the entire trust was at her home in Huntington Beach and that she would produce the missing page 3 "in two weeks." The Court concluded the Debtor Exam ordering the Plaintiff to report to the Court if the document was not produced.

9.      On **December 16, 2019** Plaintiff wrote to Debtor requesting a copy of the complete Trust instrument. No response was received.

10.     On **March 9, 2020** Plaintiff applied for an order to appear and be examined. Due to the Covid-19 virus, and the Court's closure the clerk did not process the application until June 15, 2020 and set the Examination for July 31, 2020.

11.     On **June 17, 2020** Debtor was served with the Order to Appeal and Be Examined (ORAP). And a demand for production of documents, including all credit card statements, bank statements, and a full copy of the Trust instrument.

12.     On **July 30, 2020** the Debtor's son filed a document with a letter requesting the debtor exam be continued indefinitely. The Document was not served by Debtor but was provided by the Court at the hearing.

13.     On **July 31, 2020** this Court ordered the debtor examination continued for Rosa

- 3 -

Fridman until October 31, 2020.

14.    On **August 31, 2020** the Debtor appeared remotely. Debtor and son represented that they could produce all of the documents requested by Plaintiff. Debtor asked for another continuance. The Court responded that all debtor exams are done in person, an exception was made for the Debtor who has asked for yet another continuance. The Debtor and her son requested another thirty (30) days to provide the propounded documents, including the entire trust, including the missing page 3, to Plaintiff. The Court denied Debtor's request and ordered the Debtor to produce all documents to Plaintiff by September 8, 2020 and appear on September 21, 2020 for a Zoom debtor exam.

15.    On or around **September 21, 2020** at the continued debtor examination this Court ordered ROSA FRIDMAN to produce in electronic format her financial records to this Court's clerk by email. The Debtor produced an incomplete production through the Clerk of Department C-66. The Debtor denied production was incomplete and this Court ordered Plaintiff to file a Motion to Compel.

16.    On **October 22, 2020** Plaintiff filed his Motion to Compel pursuant to this Court's Order [ROA 1172].

17.    On **November 2, 2020**, the Debtor filed her response and admitted her prior production, that she previously vehemently claimed was complete, was indeed incomplete [ROA 1179].

18.    On **November 16, 2020** this Court GRANTED Plaintiff's Motion to Compel Production and ordered the Defendant/Creditor ROSA FRIDMAN to produce for each and every demand for production, and supply code compliant answers pursuant to C.C.P. § 2031.230 [**Exhibit "3"**]. Said motion also included production of the complete Trust and page 3 as previously ordered, as Requested in Plaintiff's Request for Production (see Separate Statement Request 2, 4, and 5 See ROA 1175).

19.    On **November 28, 2020** Plaintiff received the same incomplete production with a document purporting to be a "Notice of Compliance". None of responses complied with the Court's November 16, 2020 Order and Debtor again refused to produce documents as ordered multiple times by this Court and comply with C.C.P. 2031.230 as ordered.

20.    As of **December 4, 2020** the Debtor continues to defy this Court's Orders to produce the missing page 3 of her Trust along with other documents requested, despite representing to this Court

- 4 -

for nearly a year she was able to produce and would in fact, do so.

21.    It has been in excess of 463 days that the Debtor has been given to produce the missing Trust page this Court ordered to be produced. Defendant refuses to comply with this Court's orders in willful defiance, resorting to misrepresenting this Court's orders.

22.    As of December 4, 2020 the Debtor continues to willfully defy this Court's Order to produce her financial records in their entirety and submit code compliant responses as ordered by this Court on November 16, 2020 within 10 days.

## COUNT ONE

### CONTEMPT (FAILURE TO COMPLY WITH ORDERS TO PRODUCE MISSING TRUST PAGE)

### AGAINST DEFENDANT ROSA FRIDMAN

23.    This Court has repeatedly ordered Debtor is required to produce the complete copy of the trust and at the least, the missing page 3 of the Debtor's Trust since 8/29/2019.

24.    Debtor Rosa Fridman assured the Court on several occasions that she could and would comply and produce the missing page of the Trust. 8/29/2019 (Subpoena remains in full force and effect), 10/3/2019(missing page to be produced), and 10/31/2019 (letter produced to Court trying to excuse Debtor from producing page 3, this Court ruled that letter does not represent Page 3 never existed). Debtor understood the Court's Order by her conduct and representations to this Court.

25.    Debtor has repeatedly stated the complete Trust, inclusive of the missing page, is in her possession and is thus able to comply with the Court's Order.

26.    Debtor Rosa Fridman has refused to produce the ordered missing page of her Trust for over 463 days (page 3) to the Trust page is intentional disobedience of this Court's Orders.

27.    That ROSA FRIDMAN had knowledge of the orders, was able to comply at the time of the orders and willfully refused to comply with the orders.

## COUNT TWO

### CONTEMPT AGAINST DEFENDANT ROSA FRIDMAN

### (REFUSING TO COMPLY WITH 11/16/2020 ORDER).

28.    On November 16, 2020 this Court issued a valid Order granting Plaintiff's Motion to

- 5 -

1    Compel and ordered Debtor ROSA FRIDMAN to produce all requested documents and for those

2    unable to be produced, provide code compliant responses within 10 days as fully set forth in the

3    Court's November 16, 2020 Order.

4       29.    Debtor ROSA FRIDMAN was present before the Court when the Court issued its order

5    on November 16, 2020 and read it verbatim to the Debtor ROSA FRIDMAN. The Clerk further

6    served this Order electronically and via mail on the Debtor.

7       30.    On November 16, 2020 Debtor Rosa Fridman assured the Court that she understood and

8    could and would comply with the Court's Order.

9       31.    On November 28, 2020 Debtor Rosa Fridman's produced incomplete records and refused

10   to follow this Court's order to provide code compliant responses for each and every request as Ordered

11   by this Court. The Debtor ROSA FRIDMAN responded with excuses and complaints against Plaintiff

12   in her usual combative and evasive nature. The Debtor ROSA FRIDMAN did not state she was unable

13   to comply with the Court's November 16, 2020 Order in providing code compliant responses. Each

14   and every response failed to meet the Court's requirement for responses compliant under C.C.P.

15   § 2031.230.

16      32.    That ROSA FRIDMAN had knowledge of the order, was able to comply at the time of

17   the orders and willfully refused to comply with the orders.

18

19       **Whereby Plaintiff requests this Honorable Court issue an OSC: Re Contempt Against**

20   **Defendant Rosa Fridman to conduct a short trial on facts already established in the Court's**

21   **record.**

22       **Plaintiff prays as follows:**

23   1.       **As to Count One,** for the Court to set an OSC Re: Contempt against Defendant ROSA

24            FRIDMAN  for Refusing to Produce the missing page 3 from her Trust instrument **for over**

25            **463 days as ordered** while giving repeated representations she could and would do so.

26            Plaintiff will seek the Court fine Defendants $1,000.00 and/or imprison Defendants for five

27            days pursuant to C.C.P. § 1218 until she produces the missing page 3 of her Trust;

28   2.       **As to Count Two,** for the Court to set an OSC Re: Contempt against Defendant ROSA

- 6 -

1    FRIDMAN for refusing to produce ALL records to Plaintiff, as ordered on November 16, 2020

2    to be delivered with responses in compliance with C.C.P. § 2031.230.  Plaintiff will seek the

3    Court fine Defendant $1,000.00 and/or imprison Defendant for five days pursuant to C.C.P.

4    § 1218;

5    3.    For all fines and/or sentences to run consecutively, and/or;

6    4.    To award Plaintiff reasonable attorney fees and costs pursuant to C.C.P. § 1218(a).

7

8    I declare under the penalty of perjury under the laws of the State of California that the

9    foregoing is true and correct.

10

11    Executed on January 25, 2021 at Newport Beach, California.

12

13

14    Signed:

15    Karl Avetoom

16    Plaintiff/Creditor, In Pro Per.

- 7 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "1"

AFFIDAVIT OF KARL AVETOOM IN SUPPORT OF OSC RE CONTEMPT

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 08/29/2019              TIME: 09:00:00 AM          DEPT: C66
JUDICIAL OFFICER PRESIDING: Sherri Honer
CLERK: Debby Lamm
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: J McMillion

CASE NO: **30-2010-00345490-CU-PO-CJC** CASE INIT.DATE: 02/18/2010
CASE TITLE: **Avetoom vs. Arce**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: PI/PD/WD - Other

EVENT ID/DOCUMENT ID: 73087548
**EVENT TYPE**: Appearance and Examination of Judgment Debtor
MOVING PARTY: Karl Avetoom
CAUSAL DOCUMENT/DATE FILED: Application and Order for Appearance and Examination of
Judgment Debtor, 07/16/2019

**APPEARANCES**
Karl Avetoom, Plaintiff is present.
Rosa Fridman, Interested Party is present.

Certified interpreter Boshyan, Liliya / Russian, Badge Number 3010471 is present. The certification or
registration number has been validated and identification has been verified by the badge issued by the
Judicial Council. The interpreter oath is on file. The court provided interpreter is present to interpret for
Rosa Fridman.

Judgment debtor Rosa Fridman is sworn and examined.

Appearance and Examination of Judgment Debtor Rosa Fridman continued to 10/03/2019 at 09:00 AM
in this department pursuant to party's motion.

Rosa Fridman is/are ordered to return.

Russian Interpreter is/are ordered to return.

Subpoena Duces Tecum to remain in full force and effect.

Judgment Debtor to bring documents to next hearing or give them to Judgment Creditor prior to the
hearing.

Parties waive notice.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "2"

AFFIDAVIT OF KARL AVETOOM IN SUPPORT OF OSC RE CONTEMPT

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
## CENTRAL JUSTICE CENTER

## MINUTE ORDER

DATE: 10/03/2019                    TIME: 09:00:00 AM        DEPT: C66
JUDICIAL OFFICER PRESIDING: Sherri Honer
CLERK: A. Arreola
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: Davon Velasquez, J McMillion

CASE NO: **30-2010-00345490-CU-PO-CJC**  CASE INIT.DATE: 02/18/2010
CASE TITLE: **Avetoom vs. Arce**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: PI/PD/WD - Other

EVENT ID/DOCUMENT ID: 73119833
**EVENT TYPE:** Appearance and Examination of Judgment Debtor
MOVING PARTY: Karl Avetoom
CAUSAL DOCUMENT/DATE FILED: Application and Order for Appearance and Examination of
Judgment Debtor, 07/16/2019

**APPEARANCES**
Karl Avetoom, Plaintiff is present.
Rosa Fridman, Interested Party is present.
Rosa Fridman, self represented Witness, present.

Certified interpreter Boshyan, Liliya / Armenian (Eastern), Badge Number 301041 is present.  The
certification or registration number has been validated and identification has been verified by the badge
issued by the Judicial Council. The interpreter oath is on file. The court provided interpreter is present
to interpret for Rosa Fridman.

Discussion held regarding passed issues with previous examinations. The Court orders both parties to
proceed with the Judgment Debtor Examination.

Back in open court, the Court and both parties discuss further issues with the examination and
production of documents. Judgment Creditor also requests Judgment Debtor's son not be present during
the examination because of constant interruptions during the examination.

Judgment Creditor is also requesting a turn over order in the courtroom.

Judgment Creditor was handed $59.00 in cash in open court.

> Judgment Creditor requests a continuance to have Judgment Debtor produce page 3 of the trust.
>
> Appearance and Examination of Judgment Debtor Rosa Fridman continued to 10/31/2019 at 09:00 AM
> in this department pursuant to party's motion.
>
> Judgment Debtor to produce page 3 of the trust document discussed in open court.

CASE TITLE: Avetoom vs. Arce                    CASE NO: **30-2010-00345490-CU-PO-CJC**

The Court informs Judgment Debtor her son may not be present during the examination.

Rosa Fridman is/are ordered to return.

**Russian Interpreter is/are ordered to return.**

EXHIBIT "3"

AFFIDAVIT OF KARL AVETOOM IN SUPPORT OF OSC RE CONTEMPT

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>Central Justice Center<br>700 W. Civic Center Drive<br>Santa Ana, CA 92702 | |
|---|---|
| SHORT TITLE: Avetoom vs. Arce | |
| CLERK'S CERTIFICATE OF MAILING/ELECTRONIC<br>SERVICE | CASE NUMBER:<br>30-2010-00345490-CU-PO-CJC |

I certify that I am not a party to this cause. I certify that a true copy of the above Minute Order dated 11/16/20 has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Santa Ana, California on 11/20/20. Following standard court practice the mailing will occur at Sacramento, California on 11/23/20.

KARL AVETOOM
1100 RUTLAND ROAD 9
NEWPORT BEACH, CA 92660

ROSA FRIDMAN
16542 BLACKBEARD LANE 304
HUNTINGTON BEACH, CA 92649

Clerk of the Court, by: _____, Deputy

I certify that I am not a party to this cause. I certify that the following document(s), Minute Order dated 11/16/20, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on November 20, 2020, at 7:20:33 AM PST. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

KARL AVETOOM
KIA002@ATT.NET

ROSA FRIDMAN
ROSAFRIDMAN89@GMAIL.COM .

Clerk of the Court, by: _____, Deputy

---

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 11/16/2020                    TIME: 01:30:00 PM        DEPT: C66

JUDICIAL OFFICER PRESIDING: Sherri Honer
CLERK: James Olivarez
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: None, Susan New

CASE NO: **30-2010-00345490-CU-PO-CJC**  CASE INIT.DATE: 02/18/2010
CASE TITLE: **Avetoom vs. Arce**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: PI/PD/WD - Other

---

EVENT ID/DOCUMENT ID: 73377902

**EVENT TYPE:** Appearance and Examination of Judgment Debtor
MOVING PARTY: Karl Avetoom
CAUSAL DOCUMENT/DATE FILED: Application and Order for Appearance and Examination of
Judgment Debtor, 06/15/2020

---

EVENT ID/DOCUMENT ID: 73377496

**EVENT TYPE:** Motion to Compel Production
MOVING PARTY: Karl Avetoom
CAUSAL DOCUMENT/DATE FILED: Motion to Compel Production/Inspection of Documents or Things,
10/22/2020

---

**APPEARANCES**
Rosa Fridman, self represented Witness, present.
Karl Avetoom, plaintiff, present telephonically.

Remote hearing held.

Certified/Registered interpreter Liliya Boshyan / Russian, Badge Number 301041 is present.  The
certification or registration number has been validated and identification has been verified by the badge
issued by the Judicial Council.  The interpreter oath .  The  interpreter is present to interpret for Rosa
Fridman.

Rosa Fridman does not have the ability to remotely appear and is present telephonically using the
department's phone.

Judgment creditor Karl Avetoom's motion to compel production is GRANTED. Judgment debtor Rosa
Fridman shall produce, without objection, all requested documents within 10 days. To the extent Ms.
Fridman contends she is unable to comply, she must provide an explanation, under penalty of perjury,
which fully complies with Code of Civil Procedure ("CCP") § 2031.230. Judgment debtor is ordered to pay
sanctions in the sum of $129.95 to judgment creditor.

Pursuant to CCP § 2031.230, judgment debtor must provide a an explanation setting forth her
reasonable, and good faith efforts to locate all responsive documents and whether her inability to comply
is because a particular document never existed, has been destroyed, has been lost, misplaced, stolen, or
has never been or is no longer in her possession, custody, or control. The statement shall set forth the

---

DATE: 11/16/2020                    MINUTE ORDER                        Page 1
DEPT: C66                                                     Calendar No.

CASE TITLE: Avetoom vs. Arce                    CASE NO: **30-2010-00345490-CU-PO-CJC**

name and address of any natural person or organization known or believed by Ms. Fridman to have possession, custody or control of the item or category of items.

To the extent judgment debtor contends she already has produced responsive documents, she is ordered to provide judgment creditor with a list of each document she claims to have produced with respect to each category of documents requested and provide an additional copy of each document judgment debtor claims to have provided.

The judgment debtor examination is continued to **1/15/2021 at 9:00 a.m. in Department CXC 101** at the court's Civil Complex Center.  Judgment debtor is ordered to appear in person without further order or notice. If on the day of the exam, judgment debtor contends she is medically unable to appear, judgment debtor must provide the court with a note from medical doctor indicating same, on the physician's letterhead, and signed by the physician, and judgment debtor must be available by telephone. Failure to appear may result in a warrant being issued for Ms. Fridman's arrest.

The clerk to provide notice.

EXHIBIT 2

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE** |
|---|
| Central Justice Center<br>700 W. Civic Center Drive<br>Santa Ana, CA 92702 |
| **SHORT TITLE:** Avetoom vs. Arce |

| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | **CASE NUMBER:**<br>**30-2010-00345490-CU-PO-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Minute Order dated 04/09/21, Minute Order dated 04/09/21 has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Santa Ana, California on 4/9/21. Following standard court practice the mailing will occur at Santa Ana, California on 4/9/21.

CHARLES MURRAY III
523 W 6TH STREET 707
LOS ANGELES, CA 90014

KARL AVETOOM
1100 RUTLAND ROAD 9
NEWPORT BEACH, CA 92660

Clerk of the Court, by: _____, Deputy

I certify that I am not a party to this cause. I certify that the following document(s), Minute Order dated 04/09/21, Minute Order dated 04/09/21, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on April 9, 2021, at 10:06:06 AM PDT. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

CHARLES MURRAY III
CMURRAY@CM3LAW.COM

CHARLES MURRAY III
KAVETOOM@LAURICELAW.COM

KARL AVETOOM
KIA002@ATT.NET

Clerk of the Court, by: _____, Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

Code of Civ. Procedure , § CCP1013a(a)

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 04/09/2021                    TIME: 10:03:00 AM          DEPT:  C66
JUDICIAL OFFICER PRESIDING: Sherri Honer
CLERK: Lia Morales
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: S.  New

CASE NO: **30-2010-00345490-CU-PO-CJC**   CASE INIT.DATE: 02/18/2010
CASE TITLE: **Avetoom vs. Arce**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: PI/PD/WD - Other

EVENT ID/DOCUMENT ID: 73506347
**EVENT TYPE:** Nunc Pro Tunc Minutes

**APPEARANCES**

There are no appearances by any party.

It appearing to the Court that through error or inadvertence, the minute order of this Court dated 04/09/2021, does not properly reflect the order of the Court.  Said minute order is ordered corrected Nunc Pro Tunc as of 04/09/2021, as indicated below:

**DELETE:**

Court orders Clerk to give notice to judgment creditor.

**ADD:**

Court orders Clerk to give notice.

All other orders remain in full force and effect.

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

### MINUTE ORDER

DATE: 04/09/2021                    TIME: 09:00:00 AM        DEPT: C66

JUDICIAL OFFICER PRESIDING: Sherri Honer
CLERK: Lia Morales
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: S. New

CASE NO: **30-2010-00345490-CU-PO-CJC**  CASE INIT.DATE: 02/18/2010
CASE TITLE: **Avetoom vs. Arce**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: PI/PD/WD - Other

---

EVENT ID/DOCUMENT ID: 73475316,85958098
**EVENT TYPE:** Order to Show Cause re: Contempt
MOVING PARTY: Karl Avetoom
CAUSAL DOCUMENT/DATE FILED: Amended Complaint second, 03/09/2011

---

**APPEARANCES**
Karl Avetoom, Plaintiff, present remotely.

On the date of hearing plaintiff, Karl Avetoom, called the courtroom asking for permission to appear remotely due to the bankruptcy stayed matter.

The Court grants the remote appearance.

Appearances are as noted above. There is no appearance by defendant.

The Court calls the above entitled matter. Remote hearing held.

The Court notes there is no Proof of Service on file for today's hearing.

Plaintiff states that on 02/26/2021 judgment debtor has filed a bankruptcy and the stay is in effect.

This matter is off calendar.

Due to the bankruptcy, the Court advances the Appearance and Examination of Judgment Debtor set for 04/16/2021 at 01:30 PM to today's hearing and is taken off calendar.

Court orders Clerk to give notice to judgment creditor.

---

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
OPR 7451 Warner Ave #E191 Huntington Beach, CA 92647 Reg'd Process Server # 3050

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 04/12/2021 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Thomas H Casey (TR) msilva@tomcaseylaw.com, thc@trustesolutions.net; Donald W Reid don@donreidlaw.com
Charles L Murray cmurray@cm3law.com, cm3esquire@gmail.com
Scott Talkov scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com,
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) _____ , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 04/12/2021 | Sal Hanna | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.