ORIGINAL

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Karl Avetoom<br>1100 Rutland Road #9<br>Newport Beach, CA 92660<br>(949) 929-4787<br>kia002@att.net | FOR COURT USE ONLY<br><br>**FILED**<br>MAY 1 1 2021<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: _____ Deputy Clerk |

☒ *Individual appearing without attorney*
☐ *Attorney for:*

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>ROSA FRIDMAN<br><br><br><br><br><br><br><br><br><br>                                                                                Debtor(s). | CASE NO.: 8:21-bk-10513-ES<br><br>CHAPTER: 7<br><br>**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)**<br><br>DATE: 06/03/2021<br>TIME: 10:00 am<br>COURTROOM: 5A |
| **Movant:** KARL AVETOOM | |

1. **Hearing Location:**
   - ☐ 255 East Temple Street, Los Angeles, CA 90012
   - ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367
   - ☐ 3420 Twelfth Street, Riverside, CA 92501
   - ☒ 411 West Fourth Street, Santa Ana, CA 92701
   - ☐ 1415 State Street, Santa Barbara, CA 93101

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                        Page 1                              **F 4001-1.RFS.NONBK.MOTION**

4.   When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.   If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.   ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.   ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a.   ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b.   ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c.   ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:   05/11/2021

_____
Printed name of law firm (if applicable)

Karl Avetoom
_____
Printed name of individual Movant or attorney for Movant

/s/ Karl Avetoom
_____
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                      Page 2                          F 4001-1.RFS.NONBK.MOTION

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

   a. ☒ Plaintiff

   b. ☐ Defendant

   c. ☐ Other (*specify):*

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action:* Avetoom v. Risbrough, Fridman

   b. *Docket number:* 30-2015-00820760-CU-FR-NJC

   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending:*
   Orange County Superior Court

   d. Causes of action or claims for relief (Claims):
   Motion to Correct/Amend Judgment  [Ames v. Paley (2001) 89 Cal.App.4th 668, C.C.P. § 473(d). In re Javahery (B.A.P. 9th Cir., Mar. 14, 2017) 2017 WL 971780, at *6, aff'd (9th Cir. 2018) 742 Fed.Appx. 307]

3. **Bankruptcy Case History:**

   a. ☒ A voluntary  ☐ An involuntary   petition under chapter  ☒ 7  ☐ 11  ☐ 12  ☐ 13
   was filed on (*date*)  02/26/2021  .

   b. ☐ An order to convert this case to chapter  ☐ 7  ☐ 11 ☐ 12  ☐ 13
   was entered on (*date*) _____.

   c. ☐ A plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☒ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☐ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                            Page 3                            **F 4001-1.RFS.NONBK.MOTION**

f.  ☒  The bankruptcy case was filed in bad faith.

   (1)  ☒  Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

   (2)  ☒  The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

   (3)  ☐  Multiple bankruptcy cases affect the Nonbankruptcy Action.

   (4)  ☐  The Debtor filed only a few case commencement documents.  No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g.  ☒  Other (*specify*):
   Please see attached Memorandum and Supporting Declaration w/ Exhibits.

5.  **Grounds for Annulment of Stay.**  Movant took postpetition actions against the Debtor.

a.  ☐  The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b.  ☐  Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

c.  ☐  Other (*specify*):

6.  **Evidence in Support of Motion:  (*Important Note:  declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)**

a.  ☒  The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

b.  ☒  Supplemental declaration(s).

c.  ☐  The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

d.  ☒  Other evidence (*specify*):
   Please see supplemental Supplemental Declaration

7.  ☒  **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1.  Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2.  ☐  Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3.  ☐  The stay is annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                              Page 4                              **F 4001-1.RFS.NONBK.MOTION**

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☒ Other relief requested.


Date:  05/11/2021

_____
Printed name of law firm (*if applicable*)

 Karl Avetoom
_____
Printed name of individual Movant or attorney for Movant

 /s/ Karl Avetoom
_____
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 5                      F 4001-1.RFS.NONBK.MOTION

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (name of Declarant)  Karl Avetoom _____, declare as follows:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.  I am over 18 years of age.  I have knowledge regarding (Nonbankruptcy Action) because:

    ☒  I am the Movant.
    ☐  I am Movant's attorney of record in the Nonbankruptcy Action.
    ☐  I am employed by Movant as (title and capacity):
    ☐  Other (specify):

2.  I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action.  I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

3.  In the Nonbankruptcy Action, Movant is:

    ☒  Plaintiff
    ☐  Defendant
    ☐  Other (specify):

4.  The Nonbankruptcy Action is pending as:

    a.  Name of Nonbankruptcy Action: Avetoom v. Risbrough, Fridman
    b.  Docket number: 30-2015-00820760-CU-FR-NJC
    c.  Nonbankruptcy court or agency where Nonbankruptcy Action is pending:
        Orange County Superior Court

5.  **Procedural Status of Nonbankruptcy Action:**

    a.  The Claims are:
        Motion to Correct/Amend Judgment

    b.  True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit  1, 2 .

    c.  The Nonbankruptcy Action was filed on (date)  11/17/2015 .

    d.  Trial or hearing began/is scheduled to begin on (date) _____.    Trial Court to calendar motion 16 day notice after granting of Relief from Stay Motion.

    e.  The trial or hearing is estimated to require  1  days (specify).

    f.  Other plaintiffs in the Nonbankruptcy Action are (specify):

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 6                          F 4001-1.RFS.NONBK.MOTION

g.  Other defendants in the Nonbankruptcy Action are (*specify*):

Chapter 7 Trustee Karl Andersen as holder of contractual rights to Settlement Agreement.

6.  **Grounds for relief from stay:**

a.  ☐  Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

b.  ☒  Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c.  ☐  Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.  The insurance carrier and policy number are (*specify*):


d.  ☒  The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

(1)  ☐  It is currently set for trial on (*date*) _____.

(2)  ☒  It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) _____.  The basis for this belief is (*specify*):  TBD by State Court upon Relief from Stay.

The State Trial Court has informed Plaintiff and Debtor's former counsel that it would hear the Motion to Correct/ Amend the Judgment on regularly noticed motion.  Date cannot be calendared as motion must be filed within 24 hours of reservation for hearing.

(3)  ☐  The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

e.  ☒  The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.

(1)  ☒  Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

(2)  ☒  The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):

Debtor and her sons appear to have anticipated filing bankruptcy to avoid a consensual lien created in a settlement agreement on July 9, 2019 to effectuate a transfer of the Debtor's property to the sons.


(3)  ☐  Multiple bankruptcy cases affecting the Property include:

(A)  Case name:
Case number:                                    Chapter:
Date filed:            Date discharged:              Date dismissed:
Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 7                        **F 4001-1.RFS.NONBK.MOTION**

(B) Case name:

Case number:                            Chapter:

Date filed:            Date discharged:            Date dismissed:

Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not  granted.

(C) Case name:

Case number:                            Chapter:

Date filed:            Date discharged:            Date dismissed:

Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not  granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f.    ☒ See attached continuation page for other facts justifying relief from stay.

7.    ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a.    ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b.    ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____

c.    ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 05/11/2021 | Karl Avetoom | /s/ Karl Avetoom |
| *Date* | *Printed name* | *Signature* |

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
OPR 7451 Warner Ave #E191 Huntington Beach, CA 92647 Reg'd Process Server # 3050

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___05/10/2021___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Karl T Anderson (TR) 2edansie@gmail.com, kanderson@ecf.axosfs.com; Michael J Hauser michael.hauser@usdoj.gov
Melissa Davis Lowe mlowe@shulmanbastian.com, avernon@shulmanbastian.com;  Charles L Murray
cmurray@cm3law.com, cm3esquire@gmail.com;  Scott Talkov scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com;
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) ___05/11/2021___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Victor Balakin
101 N Ocean Dr Ste 132
Hollywood, CA 33019          Also sent to Hollywood, Florida (Zip code appears to be Florida Zip code.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___05/11/2021___, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Erithe A. Smith
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040 / Courtroom 5A
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| _05/11/2021_ | Sal Hanna | |
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Karl Avetoom, In Pro Per
1100 Rutland Road # 9
Newport Beach, CA 92660
(949) 929-4787
kia002@att.net

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br><br>Rosa Fridman,<br><br><br>Debtor | Main Case No: 8:21-bk-10513-ES<br><br>Chapter 7<br><br>**Hon. Erithe A. Smith**<br><br>**SUPPLEMENTAL MEMORANDUM AND DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM STAY (NON-BANKRUPTCY FORUM).**<br><br>Date:    June 3, 2021<br>Time:    10:00 A.M.<br>Place:    Courtroom "5A"<br>            411 West Fourth Street<br>            Santa Ana, CA |

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD.**

Creditor Karl Avetoom submits this Supplemental Memorandum and Declaration in support of his Motion for an Order granting relief from Stay (action in non-bankruptcy forum). Creditor and Moving party hereby request this Court follow 9th Circuit and California law allowing him to return to State Court to correct his 2020 Judgment against the Debtor, *nunc pro tunc,* thus perfecting his consensual lien rights in accord with 9th Circuit and California law.

1

- 9th Circuit law holds that relief from Stay is warranted upon a showing of a "colorable claim" by Movant against property of the Estate. The bankruptcy court cannot determine the merits of the claim in determining granting of relief from the Stay. A "colorable" claim exists to correct a judgment *at any* time, and perfect a lien under California and 9th Circuit law.

- The 9th Circuit allows creditors to perfect liens that are outside of the preferential period. Returning to a State Court to perfect a lien by correcting a judgment nunc pro tunc is in accord.

- California and 9th Circuit law supports a State Court retains jurisdiction by statute, agreement, and established case law to correct an entered judgment, ***at any time***, to incorporate an omitted material term contained within a Settlement Agreement.

    As shown below, a bankruptcy court must simply determine if a movant has a "colorable" claim that may be asserted against property of the estate to obtain relief. Under 9th Circuit law, the Bankruptcy Court does not determine the merits of a "colorable" claim; that is for the State Court to determine. This Motion is required as the Court previously commented that Movant could not have the State Court correct the August 2020 Judgment between Movant and the Debtor to include a material term, a consensual lien created by contract.

    The 9th Circuit law follows this same California law that permits correction of a judgment *nunc pro tunc* to correct a judgment **at any time**. In this matter, the Debtor and Movant agreed for the State Court to retain jurisdiction over the Settlement until all terms had been completed (Transcript of Proceedings July 9, 2019 Exhibit "1"). The State Court found that a valid settlement agreement was entered into on July 9, 2019 (Exhibit "2" Minute Order on enforcement of judgment). The State Court held that a Settlement Agreement is a "contract" between the parties (Exhibit "2" p.2 ¶ 4).

## I. MOVANT HAS A COLORABLE CLAIM WARRANTING RELIEF FROM THE BANKRUPTCY STAY.

    On July 9, 2019 the Debtor agreed that part of the Settlement Agreement would include creation of a lien against her 68.3% interest in her property that she held title to as Trustee to The

2

---

1    Fridman Family Trust (**Exhibit "1"** to Avetoom Decl. July 9, 2019 RT:11:4-14).

2     On February 13, 2020 the State Court granted Plaintiff's Motion to Enforce the Settlement,

3    finding that a valid settlement was entered into on July 9, 2019.  The State Court further found that a

4    Settlement Agreement is a contract (**Exhibit "2"** *Minute Order*).  Judgment was entered on August 13,

5    2020 (**Exhibit "3"** *Judgment*).

6     On April 15, 2021 this Court, during oral argument for the Debtor's lien avoidance motion

7    stated that the stipulated judgment was a "judgment lien" but lacked the word "lien" in the judgment

8    presented in the Debtor's Lien Avoidance Motion.  This Court compared the Settlement Agreement

9    transcript and commented the Judgment lacked the word "lien."  This Court immediately opined that

10    the August 2020 Judgment was "final" and could not be corrected. (**Exhibit "4"**; Reporter's Transcript

11    relevant pages April 15, 2021 pg. 28).  This Court stated it would not consider Movant to return to the

12    State Court to resolve the issue with a missing material term by the State Court (Id.).  The Court's

13    position is not supported by 9th Circuit and California law.

14     In deciding a motion for relief from stay, the bankruptcy court is only tasked with deciding

15    whether the movant has a colorable claim to enforce its rights against the property, <u>not the substance or

16    merit of the claim</u>. *See Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897, 914-15

17    (9th Cir. BAP 2011) ("a party seeking stay relief need only establish that it has a colorable claim to

18    enforce a right against property of the estate"); *First Fed. Bank. of Cal. v. Robbins (In re Robbins)*, 310

19    B.R. 626, 631 (9th Cir. BAP 2004) ("Stay relief hearings do not involve a full adjudication on the

20    merits of claims, defenses, or counterclaims, but simply a determination as to whether a creditor has a

21    colorable claim."). <u>In re Jakubaitis</u> (B.A.P. 9th Cir., Mar. 7, 2019, No. 8:13-BK-10223-TA) 2019 WL

22    1096335, at *4

23     See also <u>In re Ho</u> (B.A.P. 9th Cir., Aug. 9, 2011, No. BAP CC-10-1363-MKPAD) 2011 WL

24    4485895, at *3 followed "a party seeking stay relief need only establish that it has a colorable claim to

25    enforce a right against property of the estate." *In re Veal,* 2011 WL 2652328, at *11; *Biggs v. Stovin

26    (In re Luz Int'l, Ltd.),* 219 B.R. 837, 842 (9th Cir.BAP 1998); *see also First Federal Bank of Cal. v.

27    Robbins (In re Robbins),* 310 B.R. 626, 631 (9th Cir. BAP 2004).  Accord <u>In re Valencia</u> (C.D. Cal.,

28    Apr. 27, 2018, No. 1:16-BK-12349-MRB) 2018 WL 2041354, at *3 citing *In re Robbins*, 310 B.R.

SUPPLEMENTAL MEMORANDUM IN SUPPORT FOR AN ORDER LIFTING THE STAY TO PURSUE ACTION IN
NON-BANKRUPTCY FORUM.

1    626, 631 (9th Cir. BAP 2004) and *In re Budd*, Nos. BAP CC–11–1015–MKKID, RS 10–48055–DS,

2    2011 WL 4485190 at *3 n.4 (9th Cir. BAP July 12, 2011).”

3        As shown below, Movant's has a "colorable" claim to correct his 2020 Judgment to insert an

4    omitted material term, the consensual lien consented to by the Debtor on the record for the Settlement

5    Agreement, under California and 9th Circuit law.  Movant accordingly meets the burden of obtaining

6    relief for an action, a motion, in the non-bankruptcy forum to do so.

7    **II.  9TH CIRCUIT LAW DOES NOT SUPPORT THIS COURT'S OPINION THAT THE**

8        **STATE COURT CANNOT CORRECT MISSING MATERIAL TERMS IN THE**

9        **JUDGMENT CONTAINED IN THE JULY 9, 2019 SETTLEMENT AGREEMENT.**

10        Under California law, the state court retains jurisdiction to correct a judgment *nunc pro tunc* to

11    include material terms that were present in the Settlement Agreement, but mistakenly omitted from the

12    final Judgment.  **The State Court may correct a judgment entered pursuant to CCP § 664.6 that**

13    **fails to conform to the settlement agreement**. Ames v. Paley (2001) 89 Cal.App.4th 668, 673, 107

14    CR2d 515, 519; See also In re Javahery (B.A.P. 9th Cir., Mar. 14, 2017, No. 2:14-BK-33249-DS) 2017

15    WL 971780, at *6, fn.5, aff'd (9th Cir. 2018) citing Ames. See also C.C.P. § 473(d).

16        On July 9, 2019 Movant contracted for a consensual lien by the Settlement Agreement with the

17    Debtor.  Both parties agreed to have the terms of the Settlement Agreement memorialized in a formal

18    judgment, to be signed by the Court (**Exhibit "1"** RT3:24-26). Both parties agreed that the Judgment

19    would be recorded (Id. RT3:13).  The party's judgment was entered in August 2020 due to COVID

20    issues but omitted the word "lien" and/or the party's intent to create a consensual lien by the

21    Settlement Agreement.  The lien was created by consent on July 9, 2019 Settlement Agreement, and

22    not by any recording of an abstract of money judgment.  Debtor's counsel argued at the hearing that

23    Movant could have pursued a trustee, and not the trust.  As shown by the Minute Order enforcing the

24    Settlement, Movant obtained a consensual lien from the Trustee who holds title.  The State Court held

25    a trust cannot hold title (**Exhibit "2"** p. 3 ¶ 1)

26        On February 13, 2020 the State Court found a valid settlement agreement, a contract, was

27    formed on July 9, 2019 between the parties (**Exhibit "2"** Minute Order).  The material term, creation

28    of a consensual lien, was mistakenly omitted from the final version of the Judgment signed by the

4

1  Judge (Exhibit "3").  The issue on April 15, 2021 before this Court became, could Movant return to the

2  State Court, after entry of judgment, to correct the judgment to correctly reflect material terms from the

3  Settlement missing from the Judgment? That answer is yes under 9th Circuit and California law.

4          On April 15, 2021, this Court stated it would not allow Movant to return to the State Court to

5  have it interpret and/or correct the Judgment because it was final (**Exhibit "4"** RT 28:17-24).

6          9th circuit and California law disagree.  The Court in In re Robbins, 310 B.R. 626, 630 (B.A.P.

7  9th Cir. 2004) held a creditor with an attachment lien granted outside the preference period has a right

8  to perfect its lien … **That being the case, it is error to use the automatic stay to thwart that right**

9  **permanently."**  Under California law, the state court retains jurisdiction to correct a judgment *nunc*

10  *pro tunc* to include material terms that were present in the Settlement Agreement, but omitted from the

11  final Judgment.  **The State Court may correct a judgment entered pursuant to CCP § 664.6 that**

12  **fails to conform to the settlement agreement**. [Ames v. Paley (2001) 89 Cal.App.4th 668, 673, 107

13  CR2d 515, 519]; *The Rutter Guide* (2021) F. Motion to Enforce Settlement (CCP §§ 664.6, 664.7),

14  Cal. Prac. Guide Civ. Pro. Before Trial Ch. 12(II)-F.   See also In re Javahery (B.A.P. 9th Cir., Mar.

15  14, 2017, No. 2:14-BK-33249-DS) 2017 WL 971780, at *6, fn.5, aff'd (9th Cir. 2018) citing Ames.

16          Here Movant can establish, by correcting the Judgment to resolve this Court's ruling that the

17  parties' intent was not present in the Judgment, the presence of a consensual lien that is not subject to

18  avoidance.  This Court disbelieved correction was even possible (**Exhibit "4"** RT 28:17-24).

19          Under 9th Circuit law a stipulated judgment "may be given preclusive effect if that was the

20  intent of the parties. **The intent of the parties can be inferred either from the judgment or the**

21  **record."** Berr v. FDIC (In re Berr), 172 B.R. 299, 306 (9th Cir. BAP 1994) (citations omitted). See

22  also, Gilbert v. Ben-Asher, 900 F.2d 1407, 1410 (9th Cir.) cert. denied 498 U.S. 865 (1990) (judgment

23  by stipulation was held to be conclusive if the parties have entered an agreement manifesting such

24  intention), and Restatement (Second) of Judgments § 27 cmt. e ("judgment may be conclusive,

25  however, with respect to one or more issues, if the parties have entered an agreement manifesting such

26  an intention").  In re Lane (Bankr. E.D. Cal., Sept. 10, 2020, No. 11-63503-B-7) 2020 WL 5506589, at

27  *9.  At the March 15, 2021 hearing, the Court seemingly did not understand that a settlement made

28  under C.C.P. § 664.6 can be made on the record before the court.  Doing to, makes the Settlement

5

---

1  enforceable by motion.

2      Here the intent of the parties was to create a consensual lien against Debtor's 68.3% interest,

3  and the Debtor's specific request, consent, that her interest be used to secure payment of the underlying

4  judgment (**Exhibit "1"** July 9, 2019 RT 11).

5      The rules regarding the formation and interpretation of contracts govern the analysis of

6  settlement agreements. *Timney v. Lin,* 106 Cal.App.4th 1121, 131 Cal.Rptr.2d 387 (Cal.Ct.App.2003).

7  Settlement agreements embody compromises in which each side gives up something it might have won

8  in litigation and waives its right to litigate. The court's role is to construe a settlement agreement as it

9  would any other contract. *See U.S. v. Armour & Co.,* 402 U.S. 673, 681, 91 S.Ct. 1752, 29 L.Ed.2d 256

10  (1971) (discussing interpretation of consent decree). <u>In re VEC Farms, LLC</u> (Bankr. N.D. Cal. 2008)

11  395 B.R. 674, 684

12  **III.  <u>THE STATE COURT RETAINS JURISDICTION TO CORRECT A JUDGMENT AT</u>**

13  **<u>ANY TIME AS A MATTER OF 9th CIRCUIT AND CALIFORNIA LAW.</u>**

14      This Court opined on April 15, 2021 that the August 2020 Judgment was "final" and the time to

15  correct the judgment had passed (Exhibit "4" RT 28:17-24).  This conflicts with California and 9th

16  Circuit law.

17      It is undeniable that the Settlement Agreement on the record requested by both parties, that the

18  Trial Court retain jurisdiction over the Settlement Agreement pursuant to C.C.P. § 664.6 (Exhibit "1"

19  RT2:25, See also Exhibit "3" *Judgment* ¶ 9).

20      **The 9th Circuit Follows California Law Authorizing The State Court To Correct Its**

21  **Judgment Nunc Pro Tunc.**

22      In <u>In re Javahery</u> (B.A.P. 9th Cir., Mar. 14, 2017, No. 2:14-BK-33249-DS) 2017 WL 971780,

23  at *6, fn.5, <u>aff'd</u> (9th Cir. 2018) 742 Fed.Appx. 307 the 9th Circuit acknowledged the State Court's

24  jurisdiction to correct a judgment <u>at any time.</u>  (A trial court may correct a clerical error **at any time,**

25  citing Cal. Code Civ. P. § 473(d)[1]; <u>Ames v. Paley</u>, 89 Cal. App. 4th 668, 672 fn.5 (2001); <u>In re</u>

26  <u>Marriage of Kaufman</u>, 101 Cal. App. 3d 147, 151 (1980)).

27  _____

28  [1] "A court of general jurisdiction has the power, after final judgment, and regardless of lapse of time,
to correct clerical errors or misprisions in its records, whether made by the clerk, counsel or the court

1    Ames v. Paley (2001) 89 Cal.App.4th 668, 674 held because the trial court intended to enter

2  judgment pursuant to the settlement agreement, to the extent the judgment failed to conform to the

3  terms of the settlement agreement, the trial court retained the inherent power to correct the judgment

4  *nunc pro tunc* after entry of the judgment.

5    In Ames, 89 Cal.App.4th at 673 the Court clarified **"The law is now settled that, where an**

6  **order or judgment inadvertently omits a provision expressly ordered inserted, the failure to**

7  **include it is clerical and not judicial even though it may be the error of the judge and not of the**

8  **clerk.** [Citations.]" (*Id.* at p. 570, 209 P.2d 626.) Therefore, the court had the power, **at any time,** to

9  correct it, *nunc pro tunc.*" Id.  Citing Nathanson v. Murphy (1957) 147 Cal.App.2d 462, 470 "This was

10  a clerical and not a judicial error. Therefore, the court had the power, at any time, to correct it, *nunc*

11  *pro tunc.*"

12    **State Court's Power to Correct Judgment Entered Pursuant to CCP § 664.6:** Pursuant to

13  the court's inherent power to correct "clerical mistakes in its judgments" (CCP § 473(d)), **the court**

14  **may correct a judgment entered pursuant to CCP § 664.6 that fails to conform to the settlement**

15  **agreement.** [Ames v. Paley (2001) 89 Cal.App.4th 668, 673] *The Rutter Guide* (2021) F.Motion to

16  Enforce Settlement (CCP §§ 664.6, 664.7), Cal. Prac. Guide Civ. Pro. Before Trial Ch. 12(II)-F.

17    California Code of Civil Procedure Section 664.6 provides that a settlement agreement made

18  **orally before the court** for settlement of the case… If requested by the parties, the court may retain

19  jurisdiction over the parties to enforce the settlement until performance in full of the terms of the

20  settlement." (*Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 809, 71 Cal.Rptr.2d

21  265.)  See *Sayta v. Chu* (2017) 17 Cal.App.5th 960, 964-66. Such is the case here.

22

23

24  itself, so that the records will conform to and speak the truth. [Citations.]" (7 Witkin, Cal. Procedure

25  (4th ed. 1997) Judgment § 69, p. 597.) This inherent power is confirmed by statute. Section 473, subd.
(d) states: "The court may, upon motion of the injured party, or its own motion, correct clerical

26  mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed." (See

27  7 Witkin, supra, § 69, p. 597.)  *Ames*, supra, 89 Cal.App.4th at 672–673. Code Civ. Proc., § 473(d)
authorizes "The court may, upon motion of the injured party, or its own motion, correct clerical

28  mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, and
may, on motion of either party after notice to the other party, set aside any void judgment or order.

7

1    In addition, the court's retention of general jurisdiction under *section 664.6* includes the court's

2    equitable authority. Every court also has the power to "provide for the orderly conduct of proceedings

3    before it ... [and] [¶] ... [¶] ... [t]o control in furtherance of justice, the conduct of its ministerial

4    officers, and of all other persons in any manner connected with a judicial proceeding before it, in every

5    matter pertaining thereto." (C.C.P. § 128, subd. (a)(3), (5).)

6    On April 15, 2021 the Movant and Debtor's former counsel were ordered to appear before the

7    State Court, regarding the Debtor's Motion that was not taken off calendar upon the filing of

8    bankruptcy. The State Court asked about any developments in the Bankruptcy case. Upon being

9    advised that this Court had opined that the State Court judgment was final and could not be corrected,

10   the State Court disagreed and stated it would entertain correcting the Judgment upon noticed motion

11   with a showing of the intent to create a lien in the Settlement reporter's transcript (**Exhibit "5"** *Notice*

12   *of Ruling*).

13   Pursuant to the 9th Circuit and California law, the State Court retains jurisdiction to correct an

14   omission of a material term from an entered judgment, at any time, to make it conform with the

15   Settlement Agreement. Protecting a creditor's right to perfect a consensual lien. Consistent with 9th

16   Circuit law.

17   **IV.    THE SETTLEMENT AGREEMENT IS A CONTRACT SUBJECT TO THE CHAPTER 7**

18   **TRUSTEE'S EXCLUSIVE CONTROL.**

19   While Debtor may desire to oppose this Motion to further her intent to fraudulently transfer

20   property using her LAM motion, she lacks standing to litigate contractual rights, the Settlement

21   Agreement, that passed as a matter of law to the Chapter 7 Trustee under Bankruptcy Law.

22   In In re Ryerson (9th Cir. 1984) 739 F.2d 1423, 1425 the 9th Circuit held "The current

23   Bankruptcy Code defines the bankrupt estate as consisting of "all legal or equitable interests of the

24   debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Among the debtor's

25   legal interests that become a part of the bankruptcy estate under the Code are his choses in action and

26   claims against third parties as of the commencement of the case. S.Rep. No. 989, 95th Cong., 2d Sess.

27   82, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5868. These choses in action and claims

28   clearly include rights of action based upon contract." Moreover, a debtor's prepetition causes of action

8

1  and claims for relief are legal interests in property, includible in the bankruptcy estate. [See *Smith v.*

2  *Arthur Andersen LLP* (9th Cir. 2005) 421 F3d 989, 1002; *In re Segerstrom* (5th Cir. 2001) 247 F3d

3  218, 224] *The Rutter Guide* (2021) B.Property Interests Included in Estate, Cal. Prac. Guide

4  Bankruptcy Ch. 6-B.

5      The Debtor's rights created under the Settlement Agreement, a contract under California law,

6  passed to the Chapter 7 Trustee.

7      Accordingly, the Chapter 7 Trustee is the only party who can appear before the State Court in

8  response to a request to correct the Judgment as to make it conform to the terms of the Settlement

9  Agreement contract.

10  **V.  ALTERNATIVELY, MOVANT MAY SEEK ALTERNATIVE RELIEF BY SUING FOR**

11      **RECISION OF THE SETTLEMENT AGREEMENT AND IT'S WAIVERS AGAINST**

12      **THE TRUSTEE AS HOLDER OF THE CONTRACTUAL RIGHTS.**

13      As stated before, the State Court retains jurisdiction over the parties until all terms of the

14  Settlement Agreement have been performed.  In the event that Movant is prevented from perfecting his

15  lien, an alternative option would be to request the Judgment, including its waivers, be withdrawn based

16  upon fraud and/or lack of consideration.  This could be done via summary procedure under C.C.P.

17  § 664.6 or by a civil suit seeking rescission of the Settlement Agreement.  Again, the Chapter 7 Trustee

18  would have the obligation of defending said motion or contractual actions, or in the likely event the

19  Debtor again threatens the Trustee as in the prior 2012 bankruptcy case, the Trustee would be forced

20  with selling the Debtor's litigation rights to the highest bidder rather than abandon them.

21  **VI.  THIS COURT SEEMINGLY IGNORED THE INEQUITABLE PURPOSE OF THE LIEN**

22      **AVOIDANCE MOTION WHICH HAS NOW BEEN CONFIRMED.**

23      On April 15, 2021 this Court was advised that the Debtor was not seeking a "fresh start" but

24  rather a "head start".  That Debtor wanted to avoid the liens to transfer property to the younger son.

25  The Court didn't seem to accept this as inequitable pretext for the LAM motion.

26      Four days later on April 19, 2021, Debtor's counsel sent an email to Movant confirming the

27  LAM procedure would serve as a vehicle to prevent future fraudulent transfer claims (**Exhibit "6"**).

28  That same day, Debtor's counsel published a "blog" as a roadmap on avoiding fraudulent transfers by

9

1   use of exemption with a heading *Transferring a Home After a 522(f) Motion to Avoid a Lien as*

2   *Impairing an Exception in Bankruptcy Appears to be Excluded from Attack as a Fraudulent Transfer.*

3        Given that Debtor's counsel has been blind copying Alex Fridman on his emails, and that the

4   Property Report was procured for Alex Fridman, aka, Moses Fridman, this Court for some reason did

5   not consider the improper purpose of the LAM motion.   No law can be found that shows Congress

6   intended Section 522(f) to serve as a vehicle to facilitate fraudulent transfers by a debtor. Indeed, In re

7   Gilman (9th Cir. 2018) 887 F.3d 956, a case cited by Movant in opposing the LAM, reversed the

8   Bankruptcy Court on several grounds found in this Court's LAM Order.   This Court referenced Law v.

9   Siegel 571 U.S. 415, 134 S.Ct. 1188, 188 L.Ed.2d 146 (2014) could not prevent a homestead

10   exemption.  But that is not the law from Siegel.

11        See In re Gilman (9th Cir. 2018) 887 F.3d 956, 966 "The bankruptcy court previously held that

12   it was not permitted to deny the homestead exemption because of alleged bad faith, citing *Law v.*

13   *Siegel*, —— U.S. ——, 134 S.Ct. 1188, 1196–97, 188 L.Ed.2d 146 (2014). It did not, however, consider

14   whether California equitable law could be used to deny the exemption. *See In re Gray*, 523 B.R. 170,

15   175 (9th Cir. BAP 2014)."  Emphasis added. Now we see the heading in Debtor's counsel's blog

16   affirming that his § 522(f) motion will likely be used as an inequitable vehicle to avoid fraudulent

17   transfer claims.  Something Congress would never have intended.

18 **VII.  CONCLUSION.**

19        Movant requests this Court grant his motion and issue an order lifting the Stay to permit him to

20   correct the Judgment.  Such relief is supported by both the 9th Circuit and California law.

21        Resolving this issue will likely moot the appeal of the Lien Avoidance Order and save the

22   Estate and Chapter 7 Trustee time and money.

23        To reiterate and make clear, under 9th Circuit and California Courts, Movant retains the ability

24   to perfect his consensual lien by simply seeking correction of the Judgment in a simple motion before

25   the State Trial Court.  This Court's April 15, 2021 opinion that the August 2020 Judgment was final

26   and was too late to be corrected is clearly inconsistent with the 9th Circuit and California's sovereign

27   power, in statute and case law, to correct a judgment to make it conform with the terms of the

28   Settlement Agreement.

Movant requests this Court follow 9th Circuit law and grant relief from the Stay so that:

1. Movant may return to State Court to file a motion to correct the Judgment to include any material missing terms relating to creation of a consensual lien, by the State Court as found in the Settlement Agreement.

2. Any such relief that may be warranted by the State Court relating to correction, *nunc pro tunc,* in the interest of justice.

Dated: May 11, 2021                    By:  _____

Karl Ayetoom
Movant, In Pro Per

11

## **SUPPORTING DECLARATION OF KARL AVETOOM**

I, Karl Avetoom, hereby declare as follows:

1.      I am a creditor in this bankruptcy case. I am the moving party in this Motion. I have personal knowledge of the following facts and if called upon to testify under oath, I could and would do so competently. I make this declaration in support of my Motion for Relief from Stay to pursue an action in Non-Bankruptcy Forum (Correction of Judgment).

2.      Attached to my declaration as **Exhibit "1"** is a true and correct copy of the Reporter's Transcript of proceedings, July 9, 2019, of the Settlement Agreement put on the record before the State Court.

3.      Attached to my declaration as **Exhibit "2"** is a true and correct copy of the State Court's Minute Order from February 13, 2020.

4.      Attached to my declaration as **Exhibit "3"** is a true and correct copy of the Judgment entered in August 2020 in the 2015 fraudulent transfer action *Avetoom v. Risbrough, Fridman*.

5.      Attached to my declaration as **Exhibit "4"** are true and correct copies of the relevant pages from this Court's April 15, 2021 hearing on Creditor's Motion to Dismiss and Debtor's Motion to Avoid Liens (heard together).

6.      Attached to my declaration as **Exhibit "5"** is a true and correct copy of the Notice of Ruling filed in the 2015 fraudulent transfer case in OCSC 30-2015-00820760 *Avetoom v. Risbrough, Fridman*. The State Trial Court was apprised of the Bankruptcy Court's rulings and comment that the State Court Judgment was final and could not be corrected. The State Court informed both parties that it could correct the Judgment at any time to conform to the Settlement Agreement by way of noticed motion.

7.      Attached as **Exhibit "6"** to my declaration is an email received from Debtor's counsel on April 19, 2021 in response to a fraudulent transfer potential using the LAM motion. Debtor's counsel responded including a "blog" entry created that same day discussing how property exempted in bankruptcy could be outside the California fraudulent transfer statute. **"Transferring a Home After a 522(f) Motion to Avoid a Lien as Impairing an Exception in Bankruptcy Appears to be Excluded from Attack as a Fraudulent Transfer"** *pg 5.*

1

1        I declare under penalty of perjury under the laws of the United States, that the foregoing is true

2  and correct and to the best of my knowledge.

3

4  Executed May 11, 2021 in Newport Beach, CA

5

6

7                              By: _____

8                                Karl Avetoom
                                  Creditor In Pro Per

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**EXHIBIT "1"**

27
28

SUPPLEMENTAL MEMORANDUM IN SUPPORT FOR AN ORDER LIFTING THE STAY TO PURSUE ACTION IN
NON-BANKRUPTCY FORUM.

1                SUPERIOR COURT OF THE STATE OF CALIFORNIA

2                COUNTY OF ORANGE - CENTRAL JUSTICE CENTER

3                          DEPARTMENT C-18

4

     KARL AVETOOM, AN INDIVIDUAL,            )

5                                            )

                                    PLAINTIFF,    )

6                                            )

              VS.                            ) CASE NO. 30-2015-

7                                            ) 00820760-CU-FR-CJC

     ROBERT RISBROUGH, AN INDIVIDUAL;        )

8    DARLING & RISBROUGH, LLP, A             )

     CALIFORNIA LIMITED LIABILITY            )

9    PARTNERSHIP; MOISEY FRIDMAN, AN         )

     INDIVIDUAL, ROSA FRIDMAN, AN            )

10   INDIVIDUAL, AND AS TRUSTEE FOR THE      )

     MOISEY FRIDMAN AND ROSA FRIDMAN         )

11   TRUST, AND THE FRIDMAN FAMILY           )

     TRUST, AND DOES 1 THROUGH 20            )

12   INCLUSIVE,                              )

                                    DEFENDANTS.  )

13   _____ )

14

15              HONORABLE THEODORE R. HOWARD, JUDGE

16              REPORTER'S TRANSCRIPT OF PROCEEDINGS

17                        JULY 9, 2019

18

19

20

21

22

23

24

25              MARY WEBB, CSR # 4347

26              OFFICIAL REPORTER PRO TEMPORE

```
 1      APPEARANCES:

 2      FOR PLAINTIFF:   CHARLES L. MURRAY, III, ESQ.

 3                       444 SOUTH FLOWER STREET, SUITE 2530

 4                       LOS ANGELES, CALIFORNIA 90071

 5                       (213) 627-5983

 6

 7      FOR DEFENDANTS:  MORKI & ASSOCIATES

 8                       BY: BRAD A. MOKRI, ESQ.

 9                       1851 EAST FIRST STREET, SUITE 900

10                       SANTA ANA, CALIFORNIA 92705

11                       (714)619-9395

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
```

1

I N D E X

2

3

JULY 9, 2019

4

5

CHRONOLOGICAL AND ALPHABETICAL INDEX OF WITNESSES

6

7

(NONE.)

8

9

10

11

E X H I B I T S

12

13

(NONE OFFERED.)

14

15

16

17

18

19

20

21

22

23

24

25

26

1

1     SANTA ANA; CALIFORNIA; TUESDAY, JULY 9, 2019

2                    AFTERNOON SESSION

3

4          (THE FOLLOWING PROCEEDINGS WERE HELD

5              IN OPEN COURT:)

6

7     THE COURT:  WE ARE ON THE RECORD AGAIN IN THE

8  MATTER OF AVETOOM VS. RISBROUGH -- IT CHANGED THE NAME --

9  FRIDMAN.  I'M SORRY.

10              APPEARANCES, COUNSEL?

11     MR. MURRAY:  YES.  CHARLES MURRAY ON BEHALF OF

12  PLAINTIFF.

13     MR. MOKRI:  GOOD AFTERNOON,  YOUR HONOR. BRAD

14  MOKRI ON BEHALF OF DEFENDANT ROSA FRIDMAN, INDIVIDUALLY,

15  AND AS THE TRUSTEE.  I HAVE AT THE COUNSEL TABLE

16  MISS ROSA FRIDMAN.

17          I, ALSO, HAVE VAL FRIDMAN, WHICH IS THE

18  SON OF ROSA FRIDMAN, WHICH WILL HELP IN CASE MISS FRIDMAN

19  HAS SOME LANGUAGE BARRIER OR DOESN'T UNDERSTAND IT.

20     THE COURT:  OH, WHAT LANGUAGE?

21     MR. MOKRI:  RUSSIAN.

22     THE COURT:  OKAY. THANK YOU, VERY MUCH. I

23  UNDERSTAND THERE HAS BEEN A SETTLEMENT REACHED?

24     MR. MURRAY:  YES.

25     MR. MOKRI:  YES, YOUR HONOR.

26     THE COURT:  WHO IS GOING TO RECITE THE TERMS OF

1    THE SETTLEMENT?

2          MR. MOKRI:  I'LL PUT THE TERMS ON.

3          MR. MURRAY:  I PROBABLY HAD AS WE DISCUSSED.

4          MR. MOKRI:  THE PARTIES, ROSA FRIDMAN, REPRESENT

5    THAT THE PROPERTY COMMONLY KNOWN AS 16542 BLACKBIRD LANE,

6    NUMBER 304, HUNTINGTON BEACH, CALIFORNIA, ZIP CODE 92649,

7    IS OWNED BY FRIDMAN FAMILY TRUST AS PROVIDED IN A

8    DECLARATION OF TRUST FOR THE FRIDMAN FAMILY TRUST

9    ESTABLISHED ON APRIL 14TH, 2000.

10               ROSA FRIDMAN STIPULATE THAT THE JUDGMENT

11   IN CASE AVETOOM VERSUS ARCE, A-R-C-E, CASE NUMBER

12   30-2010-00345490 IS VALID AGAINST HER INDIVIDUALLY AND AS

13   TRUSTEE OF FRIDMAN FAMILY TRUST.

14               ROSA FRIDMAN REPRESENTS THAT THE ONLY

15   PROPERTY IN FRIDMAN FAMILY TRUST IS THE PROPERTY COMMONLY

16   KNOWN AS 16542 BLACKBIRD LANE, NUMBER 304, HUNTINGTON

17   BEACH, CALIFORNIA.

18               THE PROPERTY HELD IN THE TRUST AS FOLLOWS:

19   68.3 PERCENT INTEREST BELONG TO ROSA FRIDMAN AND THE

20   REMAINDER OF THE INTEREST BELONGS TO ALEX FRIDMAN.

21               PARTIES AGREE THAT ALEX FRIDMAN INTEREST

22   IS NOT AFFECTED BY THE JUDGMENT.

23               PARTIES AGREE TO A MUTUAL RELEASE WITH

24   1542 WAIVER AND DISMISSAL OF THE CASE WITH PREJUDICE WITH

25   A COURT RETAINING JURISDICTION UNDER CCP 664.6.

26               THE PARTIES AGREE THAT WE WILL NOT FILE

3

1    ANY LEGAL ACTION AGAINST EACH OTHER OR FAMILY OF EACH

2    OTHER.

3              PARTIES REPRESENT THAT THEY HAVE THE

4    AUTHORITY TO ENTER INTO THIS SETTLEMENT AGREEMENT.

5         MR. MURRAY:  AND THE PARTIES FURTHER AGREE THAT

6    THE DISMISSAL WILL BE, THE DISMISSAL WITH PREJUDICE WILL

7    BE ENTERED UPON THE COURT EXECUTING AN ORDER REFLECTING

8    THE SETTLEMENT AGREEMENT.

9              THE PURPOSE OF THE ORDER, YOUR HONOR, IS

10   SO THE PLAINTIFF COULD REDUCE THE SETTLEMENT AGREEMENT TO

11   AN ORDER AND THEN RECORD IT WITH THE COUNTY RECORDER'S

12   OFFICE.

13        MR. MOKRI:  YES, YOUR HONOR.

14        THE COURT:  ALL RIGHT.  DO YOU WANT TO INQUIRE OF

15   YOUR CLIENTS FIRST?

16        MR. MOKRI:  YES.  IS IT OKAY IF MY CLIENT SIT

17   DOWN, YOUR HONOR?

18        THE COURT:  IT IS.

19        MR. MOKRI:  THANK YOU.

20             MISS FRIDMAN, YOU HEARD ME PUTTING THE

21   SETTLEMENT AGREEMENT AND THE TERMS OF THE SETTLEMENT ON

22   THE RECORD AND READ IT FOR THE JUDGE; DO YOU UNDERSTAND

23   THE TERMS?

24             DO YOU AGREE WITH THE TERMS OF THE

25   SETTLEMENT AGREEMENT?  IN ENGLISH.

26        MS. FRIDMAN:  YES.

4

1          THE COURT:  THANK YOU.

2          MR. MOKRI:  DO YOU AGREE THAT YOU ARE NOT GOING TO

3    TRY AND YOU UNDERSTAND ALL THE TERMS OF THE SETTLEMENT

4    AGREEMENT?

5          MS. FRIDMAN:  NOT REALLY CLEAR BUT I UNDERSTAND,

6    YES.

7          MR. MOKRI:  NOTHING FURTHER, YOUR HONOR.

8          THE COURT:  DO YOU WANT TO INQUIRE OF YOUR CLIENT?

9          MR. MURRAY:  YES. MR. AVETOOM, DID YOU HEAR THE

10   RECITATION OF THE SETTLEMENT AGREEMENTS READ ON THE

11   RECORD?

12         MR. AVETOOM:  YES, I DID.

13         MR. MURRAY:  DO YOU PLAN ON PREPARING A PROPOSED

14   JUDGMENT INCOMPLIANCE WITH THE SETTLEMENT AGREEMENT?

15         MR. AVETOOM:  YES, I WILL.

16         MR. MURRAY:  DO YOU AGREE TO THE TERMS OF THE

17   SETTLEMENT AGREEMENT?

18         MR. AVETOOM:  YES, I DO.

19         MR. MURRAY:  DO YOU HAVE ANY QUESTIONS REGARDING

20   THE SETTLEMENT AGREEMENT?

21         MR. AVETOOM:  JUST TO CLARIFY IT IS BLACKBEARD

22   LANE AND NOT BLACKBIRD LANE.

23         THE COURT:  IS THAT AGREED, COUNSEL?

24         MR. MURRAY:  YES.

25         MR. MOKRI:  YES, YOUR HONOR.

26         MR. MURRAY:  ARE THERE ANY OTHER QUESTIONS THAT

1    YOU HAVE OR CONCERNS ABOUT THE SETTLEMENT AGREEMENT?

2         MR. AVETOOM:  NO.

3         MR. MURRAY:  ARE YOU ENTERING THE SETTLEMENT

4    AGREEMENT WILLING?

5         MR. AVETOOM:  YES.

6         THE COURT:  I DIDN'T HEAR YOU ASK YOUR CLIENT THAT

7    QUESTION.  I WOULD LIKE TO HAVE YOU ASK IF SHE ENTERED

8    INTO THIS WILLINGLY WITHOUT ANY THREATS OR PROMISES THAT

9    AREN'T PART OF THIS SETTLEMENT.

10        MR. MOKRI:  IF THE COURT PERMIT ME, I WOULD LIKE

11   TO ASK MR. VAL FRIDMAN ALSO THAT HE EXPLAINED --

12        THE COURT:  DO WE HAVE A STIPULATION THAT VAL

13   FRIDMAN CAN SERVE AS AN INTERPRETER FOR THE DEFENDANT?

14        MR. MOKRI:  WE CAN AGREE TO THAT.

15        MR. MURRAY:  I MEAN -- WE ARE GETTING INTO A FUNNY

16   AREA.  ROSA FRIDMAN TESTIFIED IN ENGLISH THE ENTIRE TRIAL

17   IN THE UNDERLYING CASE AND I UNDERSTAND VAL FRIDMAN IS

18   NOT A CERTIFIED INTERPRETER.

19        THE COURT:  NO, HE IS NOT.  THAT IS WHY I NEED A

20   STIPULATION.  IF YOU DON'T WANT TO STIPULATE, THAT'S

21   FINE. JUST GO AHEAD.

22        MR. MOKRI:  MISS FRIDMAN, YOU UNDERSTOOD ALL THE

23   TERMS OF THE SETTLEMENT AGREEMENT, CORRECT?

24        MS. FRIDMAN:  I'M NOT SURE.

25        THE COURT:  SEE THAT IS MY PROBLEM.

26        MR. MOKRI:  THAT IS WHY, YOUR HONOR, I LIKE TO

```
1    HAVE A STIPULATION FOR VAL FRIDMAN TO EXPLAIN TO HER.
2          THE COURT:  IF HE DOESN'T WANT TO STIPULATE, I
3    CAN'T ENFORCE IT.  LET ME CHECK TO SEE IF WE HAVE A
4    RUSSIAN LANGUAGE INTERPRETER THAT WE CAN GET UP HERE.
5          MR. MURRAY:  THIS IS JUST A THOUGHT.  IT WOULDN'T
6    REQUIRE MY STIPULATION BUT IT WOULD BE A QUESTION FROM
7    COUNSEL, DOES MISS ROSA FRIDMAN AGREE TO WAIVE A
8    CERTIFIED INTERPRETER AND USE THE SERVICES OF HER SON?
9          THE COURT:  I THINK I NEED TO HAVE BOTH OF YOU
10   AGREE TO THAT; OTHERWISE, I CAN'T DO IT.
11         MR. MOKRI:  I AM THE ONE THAT OFFERED, YOUR HONOR.
12         THE COURT:  SURE.  LET ME SEE DO WE HAVE AN
13   INTERPRETER?
14         THE CLERK:  I AM GOING TO CHECK RIGHT NOW.  I WAS
15   GETTING THE PHONE NUMBER.
16         THE COURT:  WE HAVE NO CERTIFIED INTERPRETER.
17         MR. MOKRI:  I PROPOSE, YOUR HONOR, WE STIPULATE TO
18   MR. VAL FRIDMAN, THE SON OF ROSA FRIDMAN, TO ACT AS AN
19   INTERPRETER.
20         MR. MURRAY:  YOUR HONOR, CAN WE GO OFF THE RECORD?
21         THE COURT:  WE CAN GO OFF THE RECORD.
22
23         (OFF THE RECORD DISCUSSION WAS HELD:)
24
25         THE COURT:  WILL THE CLERK, PLEASE, SWEAR IN THE
26   TEMPORARY INTERPRETER.
```

1       THE CLERK:  RAISE YOUR RIGHT HAND.

2              DO YOU SOLEMNLY STATE THAT YOU WILL

3   INTERPRET THE ENGLISH LANGUAGE INTO THE RUSSIAN LANGUAGE

4   AND THE RUSSIAN LANGUAGE INTO THE ENGLISH LANGUAGE TO THE

5   BEST OF YOUR ABILITY, SO HELP YOU GOD?

6       MR. FRIDMAN:  I DO.

7       THE CLERK:  PLEASE, STATE YOUR FULL NAME AND SPELL

8   YOUR LAST NAME FOR THE RECORD.

9       MR. FRIDMAN:  VAL FRIDMAN, LAST NAME F-R-I-D, AS

10  IN DAVID, M-A-N.

11      THE CLERK:  THANK YOU.

12      THE COURT:  COUNSEL, YOU MAY INQUIRE.

13      MR. MOKRI:  MISS FRIDMAN, YOU HEARD ME PUTTING THE

14  TERMS OF THE SETTLEMENT AGREEMENT ON THE RECORD, CORRECT?

15      MS. FRIDMAN:  YES (IN ENGLISH).

16      MR. MOKRI:  YOU AGREE WITH THE TERMS OF THE

17  SETTLEMENT AGREEMENT AS I PUT IT IN THE RECORD?

18      MS. FRIDMAN:  YES (IN ENGLISH).

19      MR. MOKRI:  WE REVIEWED AND WENT OVER THESE TERMS

20  TWO OR THREE TIMES BEFORE WE COME TO THE COUNSEL TABLE,

21  CORRECT?

22      MS. FRIDMAN:  YES (IN ENGLISH).

23      MR. FRIDMAN:  SHE SAID "YES."

24      MR. MOKRI:  ARE YOU VOLUNTARILY AGREEING TO THE

25  TERMS OF THIS SETTLEMENT AS WE PUT ON THE RECORD?

26      MR. FRIDMAN:  SHE SAID "YES."

1              MR. MOKRI:  DO YOU HAVE ANY QUESTIONS FROM ME OR

2      THE COURT ABOUT THE SETTLEMENT AGREEMENT?

3              MR. FRIDMAN:  SHE IS ASKING IF THIS WILL BE THE

4      END OF THIS COURT PROCEEDINGS.

5              MR. MOKRI:  OKAY.  WITH THIS SETTLEMENT AGREEMENT,

6      THIS WILL BE THE END OF THIS COURT PROCEEDING; DO YOU

7      UNDERSTAND THAT?

8              MR. FRIDMAN:  SHE SAID, "YES."

9              MR. MOKRI:  DOES THE COURT HAVE ANY QUESTIONS

10     REGARDING --

11             THE COURT:  NO.  COUNSEL, DO YOU?

12             MR. FRIDMAN:  SHE AGREES WITH THE SETTLEMENT

13     AGREEMENT.  THAT IS WHAT SHE SAID.

14             THE COURT:  DID PLAINTIFF'S COUNSEL HAVE A

15     QUESTION?

16             MR. MURRAY:  I'M OVERLY CAUTIOUS.  BUT YOUR

17     QUESTIONS WERE SOLELY DID SHE UNDERSTAND WHAT YOU READ

18     INTO THE RECORD.

19                  I, ALSO, READ PART OF THE SETTLEMENT

20     AGREEMENT INTO THE RECORD AND I WANT TO MAKE SURE SHE

21     UNDERSTANDS AND AGREES WITH THAT.

22                  THAT A PROPOSED ORDER WILL BE SUBMITTED

23     FOR THE COURT'S SIGNATURE PURSUANT TO THE SETTLEMENT

24     AGREEMENT.

25                  IT WILL CONTAIN THE TERMS OF THE

26     SETTLEMENT AGREEMENT AND THEN IT WILL BE DISMISSED WITH

1    PREJUDICE UPON EXECUTION OF THE ORDER BY THE COURT.

2            THE PURPOSE OF THIS ORDER IS TO RECORD IT

3    WITH THE COUNTY RECORDER.

4            MR. FRIDMAN:  SHE IS ASKING IS IT GOING TO BE

5    COMPLETELY DONE ONCE YOU FILE --

6            MR. MURRAY:  THIS CASE WILL BE RESOLVED.

7            MR. FRIDMAN:  WHAT OTHER CASES ARE THERE?

8            MR. MOKRI:  LET ME ASK THE QUESTION.  LET ME JUST

9    CLEAR THAT ISSUE.  MISS FRIDMAN, DO YOU UNDERSTAND THAT

10   AFTER --

11           THE COURT:  COUNSEL, PART OF THE AGREEMENT WAS

12   THERE WOULD BE A 1542 WAIVER AND THAT TAKES CARE OF ANY

13   CLAIMS BETWEEN THESE FOLKS FOR ALL HISTORY.

14           MR. MOKRI:  CORRECT, YOUR HONOR.

15           MISS FRIDMAN, DO YOU UNDERSTAND THAT WITH

16   SIGNING THIS SETTLEMENT AGREEMENT, THIS IS GOING TO

17   RESOLVE THIS CASE BETWEEN YOU AND KARL AVETOOM?

18           THE COURT:  SPEAK UP, LOUD, COUNSEL.  LOOK, MAKE

19   SURE SHE UNDERSTAND THIS COVERS ANY AND ALL CLAIMS EVEN

20   THOSE THAT ARE KNOWN.

21           MR. MOKRI:  MISS FRIDMAN, DO YOU UNDERSTAND THAT

22   THIS SETTLEMENT AGREEMENT COVERS ANY AND ALL CLAIMS KNOWN

23   OR UNKNOWN BETWEEN YOU AND MR. KARL AVETOOM.  TRANSLATE.

24           MS. FRIDMAN:  YES, THANK YOU (IN ENGLISH).

25           THE COURT:  MISS REPORTER, DID YOU GET IT?

26           THE REPORTER:  YES.

1    MR. MOKRI:  MISS FRIDMAN, DO YOU UNDERSTAND THAT

2    COUNSEL FOR MR. AVETOOM WILL PREPARE A PROPOSED ORDER AND

3    SUBMIT IT TO THE JUDGE FOR THE TERMS OF THIS SETTLEMENT

4    AGREEMENT TO BECOME THE ORDER OF THE COURT?

5            MR. FRIDMAN:  AM I GOING TO GET A LETTER?

6            MR. MOKRI:  YEAH, THE PROPOSED ORDER AFTER IT IS

7    SIGNED BY THE JUDGE.

8            MS. FRIDMAN:  CAN I HELP -- CONCLUSION.  THANK

9    YOU, VERY MUCH (IN ENGLISH).

10           THE COURT:  DID SHE UNDERSTAND THAT ANY ORDER THAT

11   I'M BEING ASKED TO SIGN WILL BE SUBMITTED TO HER ATTORNEY

12   FOR APPROVAL AS TO FORM AND CONTENT?

13           MR. MOKRI:  MISS FRIDMAN, DO YOU UNDERSTAND THAT

14   THE ORDER THAT THE JUDGE IS GOING TO BE SIGNING IS GOING

15   TO BE SUBMITTED TO ME TO PROVIDE IT TO YOU TO APPROVE AS

16   TO FORM AND THE CONTENT?

17           MS. FRIDMAN:  YES (IN ENGLISH).

18           MR. FRIDMAN:  SHE UNDERSTANDS SHE IS BEING A

19   LITTLE BIT EMOTIONAL.  SHE KEEPS TALKING ABOUT HER COURT

20   PROCEEDINGS.  IT HAS BEEN GOING ON FOR 12 YEARS.  SHE IS

21   REALLY UPSET ABOUT IT.

22           THE COURT:  THAT IS WHAT I COUNTED 12 YEARS.

23           MR. MURRAY:  YOUR HONOR, I WANT TO MAKE SURE THAT

24   MY CLIENT DOES NOT WAIVE HIS RIGHTS TO ENFORCE THE

25   UNDERLYING JUDGMENT.

26           THE COURT:  PART OF THIS AGREEMENT WAS THAT THEY

1  ARE CONFIRMING THE UNDERLYING JUDGMENT AND ITS

2  ENFORCEABILITY WILL BE OCCASIONED BY THE RECORDING OF THE

3  ORDER YOU ARE GOING TO ASK ME TO SIGN.

4         SO I CAN ONLY ASSUME FROM THAT, THAT PART

5  OF THE AGREEMENT IS THERE WILL BE A LIEN ON PROPERTY THAT

6  WILL BE ESTABLISHED BY THIS AND CONFIRMED BY THIS

7  BECAUSE I THINK THERE IS AN ABSTRACT OF JUDGMENT ALREADY,

8  IF I'M NOT MISTAKEN FROM READING DOCUMENTS.

9         MR. MOKRI:  YES, YOUR HONOR.

10        THE COURT:  THOSE ARE PERFECTED RIGHTS.  WE ARE

11  NOT DOING ANYTHING ABOUT PERFECTED RIGHTS.

12        MR. MOKRI:  YOUR HONOR, THE TERMS OF THE AGREEMENT

13  SAYS ROSA FRIDMAN STIPULATED THAT THE JUDGMENT IS

14  ENFORCED.

15        THE COURT:  YES.  THAT IS WHAT I UNDERSTOOD.

16  THANK YOU.

17             ANYTHING FURTHER?

18        MR. MOKRI:  THAT'S ALL.

19        THE COURT:  THANK YOU, VERY MUCH.

20        MR. MURRAY:  WE WILL PREPARE A PROPOSED ORDER.

21        THE COURT:  MAKE SURE YOU TAKE ALL YOUR DOCUMENTS.

22  WE WILL SET AN OSC RE DISMISSAL.  HOW MUCH TIME DO YOU

23  WANT?

24        MR. MOKRI:  THIRTY DAYS.

25        MR. MURRAY:  THIRTY DAYS.

26        THE COURT:  THIRTY DAYS IS NOT ENOUGH.

1          MR. MOKRI:  FORTY-FIVE.

2          THE COURT:  FORTY-FIVE DAYS.  THAT WILL BE

3   SEPTEMBER.  I GUESS IT WOULD BE THE 30TH OF AUGUST AT

4   9:00 O'CLOCK.  IF A DISMISSAL IS FILED BEFORE THEN,

5   NOBODY NEEDS TO APPEAR.

6          THE CLERK:  NOTICE WAIVED?

7          THE COURT:  NOTICE WAIVED?

8          MR. MOKRI:  NOTICE WAIVED.

9          MR. MURRAY:  YES, YOUR HONOR.

10

11              (PROCEEDINGS CONCLUDED.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

```
 1                SUPERIOR COURT OF THE STATE OF CALIFORNIA
 2                 COUNTY OF ORANGE, CENTRAL JUSTICE CENTER
 3      DEPARTMENT C-18        HON. THEODORE R. HOWARD, JUDGE
 4
 5      KARL AVETOOM, AN INDIVIDUAL,          )
                                              )
 6                            PLAINTIFF,      )
                                              )
 7            VS.                             ) CASE NO. 30-2015-
                                              ) 00820760-CU-FR-CJC
 8      ROBERT RISBROUGH, AN INDIVIDUAL;      )
        DARLING & RISBROUGH, LLP, A           ) REPORTER'S
 9      CALIFORNIA LIMITED LIABILITY          ) CERTIFICATE
        PARTNERSHIP; MOISEY FRIDMAN, AN       )
10      INDIVIDUAL, ROSA FRIDMAN, AN          )
        INDIVIDUAL, AND AS TRUSTEE FOR THE    )
11      MOISEY FRIDMAN AND ROSA FRIDMAN       )
        TRUST, AND THE FRIDMAN FAMILY         )
12      TRUST, AND DOES 1 THROUGH 20          )
        INCLUSIVE,                            )
13                            DEFENDANTS. )
        _____)
14
15                 I, MARY C. WEBB, OFFICIAL REPORTER OF THE
16      SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE COUNTY
17      OF LOS ANGELES, DO HEREBY CERTIFY THAT THE FOREGOING,
18      PAGES 1 TO 12, COMPRISES A FULL, TRUE AND CORRECT
19      TRANSCRIPT OF THE PROCEEDINGS TAKEN IN THE ABOVE-ENTITLED
20      CAUSE ON JULY 9, 2019.
21                 DATED THIS 24TH DAY OF 2019.
22
23              Mary Catherine Webb
24
25              CSR #4347
26              OFFICIAL REPORTER PRO TEMPORE
```

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "2"**

SUPPLEMENTAL MEMORANDUM IN SUPPORT FOR AN ORDER LIFTING THE STAY TO PURSUE ACTION IN
NON-BANKRUPTCY FORUM.

# SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
### CENTRAL JUSTICE CENTER

## MINUTE ORDER

DATE: 02/13/2020                    TIME: 01:30:00 PM        DEPT: C18

JUDICIAL OFFICER PRESIDING: Theodore Howard
CLERK: Kathy Peraza
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: Gaylene D Show

CASE NO: **30-2015-00820760-CU-FR-NJC**  CASE INIT.DATE: 11/17/2015
CASE TITLE: **Avetoom vs. Risbrough**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Fraud

---

EVENT ID/DOCUMENT ID: 73210365

**EVENT TYPE:** Motion to Enforce Settlement
MOVING PARTY: Karl Avetoom
CAUSAL DOCUMENT/DATE FILED: Motion - Other to Enforce Settlement, 11/14/2019

---

EVENT ID/DOCUMENT ID: 73210366

**EVENT TYPE:** Order to Show Cause re: Dismissal on Settled Case

---

**APPEARANCES**
Charles L Murray, counsel, present for Plaintiff(s).
Brad Mokri, from Law Offices of Mokri & Associates, present for Defendant(s).

Tentative Ruling posted on the Internet and posted outside Department C18.

Moving Party submit on the Court's tentative ruling.

The Court hears oral argument and **CONFIRMS / MODIFIES** the tentative ruling as follows:

The Court **GRANTS** Plaintiff Avetoom's motion to enforce the settlement and enter judgment under *CCP § 664.6*.

The Court finds that there was a valid and enforceable settlement entered into.

The opposition argues that judgment should not be entered because there hasn't been a breach of the settlement terms.   But *CCP 664.6*, does not require there to be a breach for a judgment to be entered. (See language *of CCP § 664.6*.)  It contemplates that a judgment will be entered regardless of whether the parties are performing or not performing a settlement.  (See *Viejo Bancorp, Inc. v. Wood* (1989) 217 Cal.App.3d 200, 209 n.4.)

The Court may receive evidence and determine disputed facts upon the motion. Although it is not authorized to create new terms, the Court can interpret the terms and decide what terms the parties themselves agreed to. (*Leeman v. Adams Extract & Spice, LLC* (2015) 236 Cal.App.4th 1367, 1374.) When the same judge presides over the settlement and the enforcement hearing, the judge may avail himself of his own recollections.  (*Kohn v. Jaymar-Ruby, Inc.* (1994) 23 Cal.App.4th 1530, 1533.)

---

CASE TITLE: Avetoom vs. Risbrough                    CASE NO: **30-2015-00820760-CU-FR-NJC**

---

Here, the main dispute lies in the manner in which the Defendant Mrs. Fridman holds the title to the Huntington Beach condominium (the subject property).  As an initial matter, the Court notes that the apparent co-trustee of the Fridman Family Trust established 4/17/2000 [the subject trust], the defendant, Mr. Moisey Fridman has been reported as having passed away some time ago.  [See Minute Order 10/19/18 herein, and see *In re Moisey Fridman and Rosa Fridman* (B.A.P. 9th Cir., July 15, 2016) 2016 WL 3961303, at *2 ("After filing the opening brief in this appeal, Mr. [Moisey] Fridman passed away. A California state court appointed the Fridmans' son Val Fridman as personal representative of Mr. Fridman's estate").)

Mrs. Rosa Fridman was sued individually and as a trustee of the Fridman Family Trust, here.  Thus, Mrs. Fridman has repeatedly appeared in the case in her representative capacity.  [See, *e.g.,* First Amended Complaint, at ¶ 4; Answer f. 2/22/16; and current Opposition, p. 1.]  The Court therefore must conclude that the settlement was entered into by Mrs. Fridman in that capacity also.

Mrs. Fridman represented in the settlement, that she had the power to make the settlement, that the subject trust owns the real property, and that through the trust, she owns 68.3% of the property.  [See Reporter's Transcript of Proceedings, lodged with Court; and see current Opp., Ex. A.]

A settlement agreement is a contract, and the legal principles which apply to contracts generally apply to settlement contracts. (*Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 810.)    "The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties." "[I]f the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it." "'The mutual intention to which the courts give effect is determined by objective manifestations of the parties' intent, including the words used in the agreement, as well as extrinsic evidence of such objective matters as the surrounding circumstances under which the parties negotiated or entered into the contract; the object, nature and subject matter of the contract; and the subsequent conduct of the parties." (*People v. Shelton* (2006) 37 Cal.4th 759, 767.)

For ambiguities, the "trier of fact will consider any available extrinsic evidence to determine what the parties actually intended the words of their contract to mean."  "Where a word or a phrase used in a contract can reasonably be understood in more than one way, the court must admit and consider extrinsic evidence to determine what the parties actually intended the word or phrase to mean." (*Steller v. Sears, Roebuck & Co.* (2010) 189 Cal.App.4th 175, 183.)

The rules of contract interpretation provide:  (1) "A contract must receive such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties" (*Civ. Code §1643*);  (2) "[a] contract may be explained by reference to the circumstances under which it was made, and the matter to which it relates" (*§1647*); and (3) "If the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it" *(§ 1649)*.

Applying the above principles here, the Court can only reasonably conclude that Plaintiff Avetoom is properly seeking to have the judgment reflect Mrs. Fridman's ownership of the condominium, as trustee of the trust.  To interpret otherwise, would violate the principles of contract interpretation and principles on the law of trusts.   Mrs. Fridman herself represented to the Court, and to other parties, that the real property "is owned by Fridman Family Trust as provided in a declaration of trust for the Fridman Family Trust established on April 14th, 2000".    Further, Mrs. Fridman represented that "68.3 percent interest belong[s] to Rosa Fridman…" through that trust.    Therefore, it does not appear to reflect a material change to the terms of the settlement for the judgment to reflect the proper manner in which Mrs. Fridman holds the represented title.

---

CASE TITLE: Avetoom vs. Risbrough                    CASE NO: **30-2015-00820760-CU-FR-NJC**

---

To the extent that any party is suggesting that a trust can hold title to assets this is not the law. The law is clear, a trust is not a person or legal entity that can hold title to assets, nor can it sue, or be sued. Therefore, assets of the trust are held in the name of the trustee, as is the case herein. (See *Galdjie v. Darwish* (2003) 113 Cal.App.4th 1331, 1344; *Greenspan v. LADT, LLC* (2010) 191 Cal.App.4th 486, 496; *Portico Mgmt. Group, LLC v. Harrison* (2011) 202 Cal.App.4th 464, 474.)

Therefore, to give effect to Mrs. Fridman's statements and to interpret the settlement in a way that is lawful and that gives effect to the objective intentions of the parties which the Court reasonably finds were intended, the judgment should reflect the manner in which Mrs. Fridman holds the title to the subject real property.

There was no evidence received to show that Mrs. Fridman is not the trustee of the subject trust, that the real property in question is not an asset of the subject trust, held by Mrs. Fridman as trustee, or that she lacked the power to enter into the settlement.    The partial copy of the trust instrument which the Court received, in fact, reflects that trustees do have the power to dispose of trust assets including real property, as well as to compromise litigation. (See Avetoom Decl. Exhibit 4,  p. 1, ¶ 2.A.(2) and B, p.2 ¶ C,  and pp. 5-7) (See also 1 Cal. Real Est. § 1:97 (4th ed.) ("A third person dealing with a trustee in good faith, for valuable consideration and without actual knowledge that the trustee is exceeding his or her powers, is not required to inquire whether the trustee has the power to enter into the transaction and may assume the existence of the trust power and its proper exercise without further inquiry. The third person is fully protected as though the trustee had the power and was properly exercising it") (citing *Probate Code §18100*); accord 13 Witkin, *Summary* 11th Trusts § 289 (2019).)

To adopt another interpretation than as above, might well require the Court to assume or find that Mrs. Fridman was misrepresenting information during the course of settling the case, and such a finding would appear to violate the principle that contracts should be interpreted in a way to render them operative and lawful.

In addition, there is the notion that, "[an] oral settlement, like any agreement, 'imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." (*Elyaoudayan v. Hoffman* (2003) 104 Cal.App.4th 1421, 1431; see *Pasadena Live v. City of Pasadena* (2004) 114 Cal.App.4th 1089, 1093; *Okun v. Morton* (1988) 203 Cal.App.3d 805, 820 (the law implies in every contract a covenant of good faith and fair dealing which prohibits the parties from doing anything which will deprive the other of the benefits of the agreement).)

For the foregoing reasons, the Motion is **GRANTED**. The Court hears objection in regards to the terms stated in Proposed Judgment . The Court schedules a hearing on the objections to the Proposed Judgment.


Plaintiff shall give notice.



**The Hearing on Objections to Proposed Judgment is scheduled for 02/27/2020 at 01:30 PM in Department C18.**

Objection(s) to be filed no later than 02/27/2020.
Reply to be filed.

---

DATE: 02/13/2020                    MINUTE ORDER                    Page 3
DEPT:  C18                                                          Calendar No.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "3"**

SUPPLEMENTAL MEMORANDUM IN SUPPORT FOR AN ORDER LIFTING THE STAY TO PURSUE ACTION IN
NON-BANKRUPTCY FORUM.

Electronically Received by Superior Court of California, County of Orange, 07/22/2020 10:50:00 PM.
30-2015-00820760-CU-FR-NJC - ROA # 483 - DAVID H. YAMASAKI, Clerk of the Court By Anh Dang, Deputy Clerk.

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**AUG 1 3 2020**

DAVID H. YAMASAKI, Clerk of the Court

BY:_____DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE-CENTRAL JUSTICE CENTER

| | |
|---|---|
| KARL AVETOOM, an individual | Case No: 30-2015-00820760 |
| | Assigned for Trial to: |
| Plaintiff, | |
| | HON.  JUDGE THEODORE HOWARD |
| vs. | Dept: C-18 |
| | [~~PROPOSED~~] JUDGMENT |
| ~~ROBERT RISBROUGH, an individual;~~ | |
| ~~DARLING & RISBROUGH, LLP, a~~ | |
| ~~California Limited Liability Partnership;~~ | |
| ROSA FRIDMAN, an individual, and ROSA | |
| FRIDMAN as Trustee for The Fridman | |
| Family Trust Established On April 14, 2000; | |
| ~~and DOES 1-20, inclusive~~ | |
| Defendants | |

**IT IS HEREBY STIPULATED AND AGREED UPON** between Plaintiff Karl Avetoom and

Defendant Rosa Fridman, as an individual and in her capacity as Trustee for The Fridman

Family Trust Established On April 14, 2000, (collectively "the Parties")(Rosa Fridman is also

known as "Rosa A. Fridman as Trustee to The Fridman Family Trust u/d/t April 14, 2000")

that on July 9, 2019 before the Court that Judgment be entered in favor of Karl Avetoom and

against Rosa Fridman as an individual and as Trustee for The Fridman Family Trust

Established On April 14, 2000, as follows:

     1.    Rosa Fridman stipulates that the judgment in *Avetoom v. Arce, Fridman* Orange

County Superior Court Case No. 30-2010-00345490 is valid against her both individually and

as Trustee for The Fridman Family Trust Established On April 14, 2000.

1

2.    Rosa Fridman hereby represents that 68.3% of the property commonly known as 16542 Blackbeard Lane, # 304, Huntington Beach, CA 92649 (APN 937-71-030)("the Property") is owned by Rosa A. Fridman as Trustee for The Fridman Family Trust under Declaration of Trust for The Fridman Family Trust Established On April 14, 2000.

3.    Rosa Fridman further represents that the only asset in The Fridman Family Trust Established On April 14, 2000 ("the Trust") is her 68.3% interest in the Property commonly known as 16542 Blackbeard Lane, # 304, Huntington Beach, CA 92649 (APN 937-71-030).

4.    Rosa Fridman further represents 68.3% ownership interest of the Property is held under the Declaration of Trust as follows: "MOISEY O. FRIDMAN AND ROSA A. FRIDMAN, as Trustees for The Fridman Family Trust u/d/t April 14, 2000" as provided in the declaration of Trust for The Fridman Family Trust Established On April 14, 2000.  Under the terms of the Trust, after the passing of MOISEY O. FRIDMAN in 2015, ROSA A. FRIDMAN as Trustee for The Fridman Family Trust Established On April 14, 2000 possesses 68.3% ownership of the Property as the surviving spouse.

5.    The remaining interest in the Property is owned by ALEX FRIDMAN, a single man.

6.    The parties hereby stipulate that ALEX FRIDMAN'S interest in the Property is not affected by this Judgment.

7.    The Parties agree to waive any and all claims, known or unknown, between them and waive the protection of Civil Code § 1542.

8.    The Parties agree to not file any action against each other, or family of each other.

9.    The Parties stipulate that the Court shall retain jurisdiction to enforce this Settlement pursuant to Code of Civil Procedure Section 664.6.

10.    The Parties represent that they each have the authority to enter into the Settlement in all capacities.

11.    The Parties stipulate that all claims in this action against Rosa Fridman, as an individual and as Trustee for The Fridman Family Trust Established April 14, 2000 are hereby

2

1    DISMISSED with prejudice upon execution of this Judgment by the Court.

2

3    **IT IS HEREBY ORDERED, ADJUDGED AND DECREED IN ACCORD WITH THE**

4    **ABOVE.**

5

6

7

8    Dated: _August 13, 2020_                    By: _____

9                                                    Hon. Theodore Howard

10                                                   Judge of the Superior Court

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

3

[PROPOSED] JUDGMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
**STATE OF CALIFORNIA**
**COUNTY OF ORANGE**

I, Sal Hanna, am employed in the County of Orange, State of California. I am over eighteen years of age, and not a party to this action; my business address is 7451 Warner Ave #E191 Huntington Beach, CA 92647 714-794-2779. Orange County Registered Process Server ID # 3050

On July 22, 2020, I served the following document:

**[PROPOSED] JUDGMENT**

on the following parties in the associated manner:

**[X] ELECTRONIC SERVICE.**

I am a resident and employed in the county where the service occurred. I caused to be served on the following parties by ELECTRONIC service a copy of the above document, pursuant to the California Rules of Court, to the respective address.

Brad Mokri, Esq.
MOKRI & ASSOCIATES
*(Attorneys for Defendants Rosa Fridman, and Rosa Fridman as Trustee of The Fridman Family Trust)*

1851 East 1st Street
Suite 840, Santa Ana, CA 92705
*electronic service address: bmokri@mokrilaw.com*

I declare under penalty of perjury, pursuant to the laws of the State of California that the foregoing is true and correct.

Executed November 22, 2020 in Huntington Beach, CA.

*/s/ Sal W. Hanna*

By: _____
                    Sal Hanna

1

PROOF OF SERVICE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**EXHIBIT "4"**

27
28

SUPPLEMENTAL MEMORANDUM IN SUPPORT FOR AN ORDER LIFTING THE STAY TO PURSUE ACTION IN
NON-BANKRUPTCY FORUM.

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
(SANTA ANA DIVISION)


IN RE:                          )      CASE NO:  8:21-bk-10513-ES
                                )      CHAPTER 7
                                )
ROSA A. FRIDMAN,                )      Santa Ana, California
                                )
                                )      Thursday, April 15, 2021
            Debtor.             )
_____)      10:30 a.m.


HEARING RE:

(20): CREDITOR KARL AVETOOM'S MOTION TO DISMISS BANKRUPTCY CASE
PURSUANT TO 11 U.S.C. SECTION 707 WITH 180-DAY BAR TO REFILING
[DKT.NO. 14];

(21): DEBTOR'S MOTION TO AVOID LIEN UNDER 11 U.S.C. SECTION
522(f) (REAL PROPERTY)[CREDITOR: KARL AVETOOM AND BEACH CREST
VILLAS OWNERS ASSOCIATION](POTENTIAL PARTIAL ASSIGNEE)
[DKT.NO.13]


BEFORE THE HONORABLE ERITHE SMITH,
UNITED STATES BANKRUPTCY JUDGE

<u>APPEARANCE</u>:


For Debtor:            SCOTT TALKOV, ESQ.

For Creditor:          KARL AVETOOM, PRO SE

Court Recorder [ECRO]:  Tamika Law
                        855 460-9641

Transcribed by:        Exceptional Reporting Services, Inc.
                       P.O. Box 8365
                       Corpus Christi, TX 78468
                       361 949-2988


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

1   <u>Santa Ana, California; Thursday, April 15, 2021; 10:49 a.m.</u>

2                     **(Call to Order)**

3        **THE COURT:**  All right.  Starting with Number 20 in

4 the matter of Rosa Fridman, this is the motion of Karl Avetoom

5 to dismiss the bankruptcy case.

6        Can I get the appearance of the moving party?

7        **MR. AVETOOM:**  Karl Avetoom present, Your Honor.

8        **THE COURT:**  And, Mr. Avetoom, I notice that your

9 pleadings were filed by an attorney.  Are you represented by an

10 attorney in this matter, or are you representing yourself?

11        **MR. AVETOOM:**  I am representing myself now, Your

12 Honor.

13        **THE COURT:**  All right.

14        **MR. AVETOOM:**  I believe a substitution was filed

15 earlier in the week.

16        **THE COURT:**  All right.  Thank you.

17        Is there any appearance on behalf of the debtor, Rosa

18 Fridman?

19        **MR. TALKOV:**  Good morning, Your Honor.  This is Scott

20 Talkov for the debtor.

21        **THE COURT:**  All right.

22    **(Pause)**

23        **THE COURT:**  All right.  Mr. Avetoom, you may go

24 forward.  Let me just tell you again the tentative ruling on

25 this was to deny the motion due to insufficient grounds stated.

28

1   judgment.

2       MR. AVETOOM:  Then, if this --

3       THE COURT:  The judgment -- the judgment purports to

4   include the stipulation, and it doesn't refer to that at all.

5       MR. AVETOOM:  I understand what you're saying, Your

6   Honor, and I think there is a point in *Applebaum* where they

7   basically said if the Court was to consider this to be a

8   consensual lien, the *Applebaum* Court would consider it to be a

9   consensual lien, given that the trial court is in the best

10  position to make a determination of the intent of the parties

11  on this contract, on this settlement, I have the request that

12  the Court should stay its ruling relative to item number 21 to

13  let us return to the trial court and ask the trial court

14  what -- to interpret the intent of the parties.  The trial

15  court's in the best position to determine what the parties

16  intended.

17      THE COURT:  If there was any issue with this order,

18  it should have been addressed in a request for either an

19  amendment or a modification of this judgment.  This is now a

20  final judgment.

21      MR. AVETOOM:  It is still subject to alteration under

22  664.6.  And that is why there is --

23      THE COURT:  Okay.  No.  I'm not doing that.  I'm not.

24  I'm not.  That's -- that's -- no.

25      MR. AVETOOM:  Okay.  So, the last issue I have is,

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                    **April 23, 2021**
            Signed                                              Dated


                    *TONI HUDSON, TRANSCRIBER*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "5"**

SUPPLEMENTAL MEMORANDUM IN SUPPORT FOR AN ORDER LIFTING THE STAY TO PURSUE ACTION IN
NON-BANKRUPTCY FORUM.

Electronically Filed by Superior Court of California, County of Orange, 04/20/2021 11:25:00 PM.
30-2015-00820760-CU-FR-NJC - ROA # 545 - DAVID H. YAMASAKI, Clerk of the Court By James M Haines, Deputy Clerk.

Karl Avetoom
1100 Rutland Road # 9
Newport Beach, CA 92660
(949) 929-4787
Email: kia002@att.net
Plaintiff, In Pro Per

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE-CENTRAL JUSTICE CENTER**

| | |
|---|---|
| KARL AVETOOM, an individual<br><br>    Plaintiff,<br><br> vs.<br><br>ROSA FRIDMAN, an individual, and as Trustee for The Fridman Family Trust Established April 14, 2000; and DOES 1-20, inclusive<br><br>    Defendants | Case No: 30-2015-00820760<br><br>Assigned for Trial to:<br><br>Hon.  Judge Theodore Howard<br>Dept: C-18<br><br>**NOTICE OF RULING**<br><br>**Hearing:**<br>Date:  April 15, 2021<br>Time:  1:30 P.M.<br>Dept:  C-18<br><br>*Related to ROA 528* |

**TO DEFENDANT ROSA FRIDMAN, MR. TOM CASEY, CHAPTER 7 TRUSTEE, AND TO**

**ALL INTERESTED PARTIES**

  On April 15, 2021 the Defendant Rosa Fridman, in her individual capacity and as Trustee to The Fridman Family Trust Established April 14, 2000 ("Fridman") Motion to Vacate came about  for regularly scheduled hearing.

  The Court posted a tentative ruling on the internet requiring counsel for Fridman to appear before the Court and report on the Federal Bankruptcy case commenced by Rosa Fridman, during the pendency of this matter.  The action appears to be stayed.

1

NOTICE OF RULING

**At the hearing, Plaintiff and Counsel for Rosa Fridman appeared before the Court. On the record, the following matters and rulings took place:**

1.      The Court reiterated it was the Defendant's duty to notify the Court of a stay imposed by her filing bankruptcy.

2.      Counsel for Fridman explained to the Court he was taken by surprise by the Bankruptcy filing by Fridman. His client, Fridman, was not in contact with him. Counsel explained a month ago he sent a certified letter with a substitution of counsel that had not been signed and returned.[1] Counsel for Fridman stated he only learned of the Bankruptcy as he had been named as a creditor by Fridman in her bankruptcy.

3.      The Court inquired of the status of the Bankruptcy. The Court was advised of the Bankruptcy Court's rulings on the Motion to Dismiss and Motion to Avoid Liens, including the Settlement Agreement made before the Court. The Court iterated that if any material term from the July 9, 2019 Settlement Agreement was omitted from the entered Judgment, the Court could still modify the Judgment to correctly reflect the terms of the Settlement Agreement by way of motion.

4.      The Court ordered the matter stayed pending outcome of the bankruptcy.

5.      The Court ordered a Status Conference for July 16, 2021 at 9:00 a.m. in Department C-18 requesting an update as to the status of the Bankruptcy. Attendance is not required if a status report is filed prior to the date of the Status Conference.

6.      The Court ordered Plaintiff to give notice.

Dated: April 19, 2021                    By: _____

                                             Karl Avetoom, Plaintiff

_____

[1] On April 19, 2021 Plaintiff received from Fridman's former counsel (Mr. Brad Mokri), a signed Substitution of Counsel, executed by Defendant Rosa Fridman on April 19, 2021.

2

**PROOF OF SERVICE**
**STATE OF CALIFORNIA**
**COUNTY OF ORANGE**

I, Sal Hanna, am employed in the County of Orange, State of California. I am over eighteen years of age, and not a party to this action; my business address is 7451 Warner Ave #E191 Huntington Beach, CA 92647 714-794-2779. Orange County Registered Process Server ID # 3050

On July 20, 2021, I served the following document:

**NOTICE OF RULING**

on the following parties in the associated manner:

[X]    **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.:

Rosa Fridman
16542 Blackbeard Lane, # 304
Huntington Beach, CA 92649

**[X] By Electronic Service:** To the following parties by electronic service through a court approved electronic service provider at the following electronic service addresses:

| Mr. Thomas Casey, Chapter 7 Trustee<br>In re Fridman 21-10513-ES<br><br>tomcasey@tomcaseylaw.com | Ms. Kathy Driggers<br><br>kdriggers@tomcaseylaw.com |
| --- | --- |

I declare under penalty of perjury, pursuant to the laws of the State of California that the foregoing is true and correct.

Executed April 20, 2021 in Huntington Beach, CA.

By: _____
　　　　　　　Sal Hanna

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## EXHIBIT "6"

26
27
28

SUPPLEMENTAL MEMORANDUM IN SUPPORT FOR AN ORDER LIFTING THE STAY TO PURSUE ACTION IN
NON-BANKRUPTCY FORUM.

**From:** **Scott Talkov** scott@talkovlaw.com
**Subject:** Re: Avetoom v. Fridman / In re Fridman ** Settlement Communications **
**Date:** April 19, 2021 at 12:09 PM
**To:** KA kia002@att.net
**Cc:** Nick Moss nick@talkovlaw.com

Mr. Avetoom,

I completely understand your desire to bring an end to this matter in a manner that ensures that you win, and that Rosa Fridman loses. Notably, given that the bankruptcy court has ruled that the property is exempt from collection, it appears as though this is the end of any ability to collect from the property. An article answering your prior question about whether you still have any collection rights is posted here.



As I usually work for creditors, I would like to see you get paid something, rather than nothing. Recovery of nothing appears to be the most likely result if the case is further litigated given the ruling last week that Ms. Fridman's only asset of any value has been deemed exempt from collection efforts.



Scott Talkov | **Attorney, Talkov Law**

e: scott@talkovlaw.com | w: **www.talkovlaw.com**
p: (951) 888-3300

On Fri, Apr 16, 2021 at 3:05 PM KA <kia002@att.net> wrote:
Dear Scott,

See prior email

<<please make your best and final Settlement Offer.>>

Sent from my iPhone

On Apr 15, 2021, at 2:33 PM, Scott Talkov <scott@talkovlaw.com> wrote:

If your clients are serious about a Settlement, that is FINAL, and not subject to capitulation or cold feet, please make your best and final Settlement Offer.

Transferring Exempt Property May Not be a Fraudulent Transfer - Talko...    https://www.talkovlaw.com/exempt-property-fraudulent-transfer/

# Transferring Exempt Property May Not be a Fraudulent Transfer

April 19, 2021 // Scott Talkov



Hi, I'm Leilani with Talkov Law! How can I be of assistance?

Transferring Exempt Property May Not be a Fraudulent Transfer | Talko...    https://www.talkovlaw.com/exempt-property-fraudulent-transfer/

*Fidelity National Title Ins. Co. v. Schroeder* (2009) 179 Cal.App.4th 834, 847.

A number of secondary sources have also discussed this requirement of an of an "injury" to creditor required to attack a transfer as fraudulent under California law. See Requirement of Injury to Creditor., 8 Witkin, Cal. Proc. 5th Enf Judgm § 497 (2020); 16A Cal. Jur. 3d Creditors' Rights and Remedies § 406 ("A creditor has not been injured unless the transfer puts beyond the creditor's reach property that he or she otherwise would be able to subject to the payment of his or her or her debt"); Prelawsuit Considerations, Cal. Prac. Guide Enf. J. & Debt (Rutter Group 2020) Ch. 3-C, 3:318.1 ("*Mehrtash v. Mehrtash* (2001) 93 CA4th 75, 81, 112 CR2d 802, 806—real property conveyance not fraudulent where plaintiff not injured (no evidence that value of property could support net recovery with mortgages, senior liens and homestead exemption)").

## Transferring a Home with No Equity May be Excluded from California's Fraudulent Transfer Laws

The law is that: "A transfer in fraud of creditors may be attacked only by one who is injured by the transfer. A creditor does not sustain injury unless the transfer puts beyond his reach property which he otherwise would be able to subject to the payment of his debt." *Haskins v. Certified Escrow & Mortg. Co.*, (1950) 96 Cal. App. 2d 688, 691. Since a creditor would not have benefited from collecting on a debtor's property with no equity, transferring such property should generally not be considered a fraudulent conveyance.

## Transferring a Home After a 522(f) Motion to Avoid a Lien as Impairing an Exception in Bankruptcy Appears to be Excluded from Attack as a Fraudulent Transfer

One common strategy for debtors to address a recorded abstract of judgment that encumbers their house is to file a bankruptcy, followed by a motion to avoid the judgment l impairing their homestead exemption under 11 U.S.C. 522(f). In fact, various ca the country establish that a homestead is protected under 522(f) despite the poi nondischargeability of a judgment lien recorded on the home. Related to this concept, a motion to avoid a lien under 522(f) is seemingly akin to a finding that a debtor's perso residence has no equity for the creditor beyond the homestead exemption. Upon such a

Hi, I'm Leilani with Talkov Law! How can I be of assistance?

finding, a debtor may be entitled to transfer the property on the basis that it has no equity available for creditors without being subject to a state court attack by the creditor.

Note that research has yet to reveal whether bankruptcy courts in California would reach the same conclusion if a bankruptcy were filed after such a transfer. However, federal courts in California have cited *Mehrtash* with approval. See *Avila v. Bank of America* (N.D. Cal., Sept. 20, 2017, No. 17-CV-00222-HSG) 2017 WL 4168534, at *3 ("In order to state a claim, however, it is not enough to plead '[m]ere intent to delay or defraud.' *Mehrtash v. Mehrtash*, 93 Cal. App. 4th 75, 80 (Cal. Ct. App. 2001). Rather, 'injury to the creditor must be shown affirmatively. In other words, prejudice to the plaintiff is essential.' *Id.* Injury in this context means 'the transfer puts beyond [Plaintiff's] reach property [he] otherwise would be able to subject to the payment of [his] debt.' *Id.*").

## Transferring Homestead With No Equity Beyond an Exception to a Spouse May Not Be a Fraudulent Transfer under California Law

Related to this concept, sometimes, one spouse in a marriage may have a judgment against them or creditors seeking to collect from them. As a result, the spouses may decide to transfer the family home with no equity beyond the homestead exemption to the spouse without creditors. In turn, a creditor may challenge this transfer as a fraud. Thereafter, the spouse receiving the transfer would raise the defense that the transfer was lawful on the basis that the creditor cannot prove any injury as a result of the transfer. As *Mehrtash v. Mehrtash*, (2001) 93 Cal.App.4th 75, 79–80 explained: "Under some circumstances a creditor may sue to set aside a transfer of property by a debtor, where the transfer defrauds that creditor." (Civ.Code, § 3439 et seq., the Uniform Fraudulent Transfer Act.) A well-established principle of the law of fraudulent transfers is, 'A transfer in fraud of creditors may be attacked only by one who is injured thereby.'" Nonetheless, creditors can attack a transmutation as a fraudulent transfer pursuant to *Mejia v. Reed*.

## Property Alleged to be Fraudulent Transferred May Still Subject to Exemption

Hi, I'm Leilani with Talkov Law! How can I be of assistance?

Yet another permutation is that a creditor may claim that particular property has been fraudulently transferred to a third party. In turn, that third party may still be able to claim the

property as exempt. For example the, court in <u>In re Wyman</u> (Bankr. S.D. Ohio, Mar. 15, 2021, No. 19-31851) 2021 WL 1084252, at *16 found that:

> *Under Siegel and Baker, an exemption survives an attempt to avoid the transfer of property to a debtor as a fraudulent conveyance. In both the Fuentes and Rosich decisions the courts specifically held that the exemptions protect the property transferred to the debtor despite the trustee's proof that the exempt property was fraudulently conveyed to the debtor. There is no statutory basis for denying Judy's exemptions in the vehicle. As noted in Siegel, § 522 provides a "meticulous—not to say mind-numbingly detailed—enumeration of exemptions and exceptions to those exemptions" and bankruptcy courts "are not authorized to create additional exceptions." Siegel, 571 U.S. at 424, 134 S.Ct. 1188. Further, as noted in Fuentes, while § 522(g) prohibits the transferor who voluntarily transfers property from claiming an exemption in that property if the trustee recovers that property, it does not preclude the transferee from claiming an exemption in that transferred property. Similarly, § 2329.66 contains numerous exemptions and exceptions to those exemptions, but no exception to Judy's motor vehicle and wildcard exemptions apply. While the Supreme Court noted in Siegel that state law could provide such an exception to an exemption, the Trustee has not pointed one out and the court is not aware of such an exception.*

## Consult a Debtor and Creditor Rights Attorney for an A      the Law on Transfers of Exempt Property

Hi, I'm Leilani with Talkov Law! How can I be of assistance?

Even an innocent misstep in such a complex area of law can lead to disastrous consequences. Indeed, this blog post describes general principles that may vary in application to you      er. As with any area of law, there is no guarantee that every judge will reach the same conclusion.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Karl Avetoom<br>1100 Rutland Road #9<br>Newport Beach, CA 92660<br>(949) 929-4787<br>kia002@att.net<br><br><br>☐ *Attorney for Movant*<br>☒ *Movant appearing without an attorney* | FOR COURT USE ONLY |
|---|---|

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| In re:<br><br>  ROSA FRIDMAN<br><br><br><br><br>                           Debtor | CASE NO.:  8:21-bk-10513-ES<br>CHAPTER:  7 |
|---|---|
| | **SUPPLEMENTAL NOTICE OF HEARING TO BE HELD REMOTELY USING ZOOMGOV AUDIO AND VIDEO** |
| | HEARING DATE:     June 3, 2021<br>HEARING TIME:     10:00 a.m. |

| **Movant:** |
|---|

1. The Movant has filed the following written notice or other pleading ("Notice") advising of a hearing to be held in the above-captioned case, on the date and time indicated above, before the Honorable Erithe A. Smith, United States Bankruptcy Judge *(insert name of pleading and, if available, docket number)*:

> **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations)**
> **(ACTION IN NONBANKRUPTCY FORUM)**

2. **Please be advised that because of the COVID-19 pandemic, the Court will conduct the hearing using ZoomGov audio and video technology.** Information on how to participate in the hearing using ZoomGov is provided on the following page of this notice.

3. Hearing participants and members of the public may participate in and/or observe the hearing using ZoomGov, free of charge.

4. Individuals may connect by ZoomGov audio and video using a personal computer (equipped with camera, microphone and speaker), or a handheld mobile device with an integrated camera, microphone and speaker (such as an iPhone, iPad, Android phone or Android tablet). The connection can be initiated by entering the "Meeting URL" into a web browser on any of these devices, provided the device is connected to the Internet. Individuals connecting in this manner will be prompted for the Meeting ID and Password shown below.

5. Individuals also may connect to the hearing by telephone only, using the telephone number provided below. Individuals connecting in this manner also will be prompted for the Meeting ID and Password.

6. Neither a Zoom nor a ZoomGov account is necessary to participate in or observe the hearing, and no pre-registration is required.

7. The audio portion of the hearing will be recorded electronically by the Court and constitute its official record.

8. All persons are strictly prohibited from making any other recording of court proceedings, whether by video, audio, "screenshot," or otherwise. Violation of this prohibition may result in the imposition of monetary and non-monetary sanctions.

9. The following is the unique ZoomGov connection information for the above-referenced hearing:

> Meeting URL:     https://cacb.zoomgov.com/j/1616390777
> Meeting ID:        161 639 0777
> Password:          3143141
> Telephone:       (669) 254-5252 or 1 (646) 828-7666

10. More information on using ZoomGov to participate in this hearing is available on the Court's website at the following web address: https://www.cacb.uscourts.gov/news/zoom-video-hearing-guide-participants

Date: May 11, 2021

_____
Printed name of law firm (if applicable)

Karl Avetoom    _____
Printed name of individual Movant or attorney for Movant