SCOTT TALKOV, State Bar No. 264676
TALKOV LAW CORP.
2900 Adams St Ste C225
Riverside, California 92504
Telephone: (951) 888-3300
Email: scott@talkovlaw.com

Attorneys for Debtor Rosa A. Fridman

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>ROSA A. FRIDMAN,<br><br>         Debtor. | Case No. 8:21-bk-10513-ES<br><br>Chapter 7<br><br>**DEBTOR'S OPPOSITION TO CREDITOR KARL AVETOOM'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (NON-BANKRUPTCY ACTION) [DKT. NO. 56]**<br><br><u>Hearing on Motion:</u><br>Date:        June 3, 2021<br>Time:       10:00 a.m.<br>Courtroom: Courtroom 5A<br>                    411 W. Fourth Street<br>                    Santa Ana, CA 92701 |

TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, CREDITOR KARL AVETOOM, THE U.S. TRUSTEE, AND ALL PARTIES IN INTEREST:

Rosa A. Fridman ("Ms. Fridman"), Debtor in the above-captioned matter, submits the following opposition to the motion of Creditor Karl Avetoom ("Avetoom") to for relief from the automatic stay under 11 U.S.C. § 362 (the "Motion") as follows:

# I. AVETOOM'S SECOND MOTION FOR RELIEF FROM STAY ESSENTIALLY REQUESTS THAT THE COURT PERMIT AVETOOM TO SEEK RECONSIDERATION IN THE STATE COURT OF THE BANKRUPTCY COURT'S RULING THAT THE JUDGMENT IS A JUDICIAL LIEN

As a foregoing matter, Creditor Karl Avetoom's ("Avetoom") Motion demonstrates his thirst for litigation and unwillingness to reach a reasonable resolution without a court signed order.  Now that this Court has ruled against Avetoom's wishes, he filed this Motion essentially seeking reconsideration of this Court's *Order Granting Debtor's Motion to Avoid Lien Under 11 U.S.C. § 522(f) (Real Property)* (Dkt. No. 45) (the "Order").

In the latest display of Avetoom's propensity for needless litigation, Avetoom argues that the Motion should be granted so that he may return to the state court "to correct his 2020 Judgment to insert an omitted material term, the consensual lien consented to by the Debtor on the record for the Settlement Agreement." [Dkt. No. 56, p. 13, lns. 3-5].  Avetoom continues that: "At the March 15, 2021 hearing [granting Debtor's 522(f) Motion to Avoid Judgment Liens encumbering her declared homestead property], the Court seemingly did not understand that a settlement made under C.C.P. § 664.6 can be made on the record before the court." [Dkt. No. 56, p. 14, lns. 27-28][1].  As such, Avetoom wants to return to state court so that the state court may: "correct the **judgment** *nunc pro tunc* after the entry of the **judgment**." [Dkt. No. 56, p. 16, lns. 3-4 (**emphasis added**].  However, there are two patent issues with the relief requested by Avetoom by way of the Motion for relief from stay.

First, the Motion is essentially requesting relief from stay so that Avetoom may move the state court to reconsider this Court's ruling that the judgment (Motion, Ex. 3) (the "Judgment") is a judicial lien. *See* Dkt. No. 45.  However, the Court has already analyzed this issue and determined that the Judgment is a judicial lien. *See* Dkt. No. 45; 11 U.S.C. § 101(36) (defining "judicial lien" as a "lien obtained by judgment …"; *see also In re Coy*, 552 B.R. 199, 203 (Bankr. C.D. Cal. 2016); *In re*

---

[1] While it is not clear from the Motion how this statement is relevant to any of Avetoom's legal arguments, it appears that Avetoom is reiterating his arguments already made before this Court at the hearing on *Debtor's Motion to Avoid Lien Under 11 U.S.C. § 522(F) (Real Property)* (Dkt. No. 13) and in Avetoom's *Opposition to Debtor's Motion to Avoid Lien Under 11 U.S.C. § 522(F) (Real Property)* (Dkt. No. 22).

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CALIFORNIA 92504
PHONE (951) 888-3300

*Applebaum*, 162 B.R. 548, 552 (Bankr. E.D. Cal. 1993) (both cases cited in the Court's tentative ruling in support of its finding that the Judgment was a judicial lien). Despite Avetoom's wishes, the determination of whether a judgment lien is a judicial lien is properly within the jurisdiction of the bankruptcy court and, therefore, the Court's ruling that the Judgment is a judicial lien is proper.

Second, it is unclear how a *nunc pro tunc* ruling would change the Court's analysis, possibly because Avetoom does not understand the purpose, and limits, of a *nunc pro tunc* order. It is well-established that the general rule in California is that a nunc pro tunc order "may not be made to correct a judicial error involving the merits, or to enlarge the judgment as originally rendered, or to supply a judicial omission or an affirmative action which should have been, but was not, taken by the court, or to show what the court might or should have decided, or intended to decide, as distinguished from what it actually did decide, even if such failure is apparently merely an oversight." *Hamilton v. Laine*, 57 Cal.App.4th 885, 890–91 (1997). Explained another way, a *nunc pro tunc* order "may not be used as a vehicle to review an order for legal or judicial error by 'correcting' the order in order to enter a new one." *Id.* at 890–91. These limits would prevent the Court from amending or modifying the Judgment as Avetoom would be requesting that the state court issue a nunc pro tunc order stating that its judgments are not in fact judgments. And of course, requesting a *nunc pro tunc* order presupposes that it there was an error within the courts control.

However, it appears that Avetoom has forgotten that he is the only person responsible for any purported error in the Judgment. Indeed, it was Avetoom that did not correct or clarify any term of the settlement agreements after they were recited on the record[2]. It was Avetoom's counsel that stated on the record that Avetoom would submit a proposed order for the court's signature pursuant to the settlement agreement. *See* Motion, Ex. 1, pp. 34:25-35:1. It was Avetoom's counsel who stated on the record that the purpose of the Judgment was for it to be recorded with the County Recorder. *See* Motion, Ex. 1, pp. 35, lns. 2-3. And it was Avetoom who personally prepared, filed, and subsequently recorded the Judgment.

---

[2] This is despite Avetoom's state court counsel asking Avetoom if he heard the recitation of the settlement agreements to which Avetoom replied, "Yes, I did", in apparent approval of the recitation set forth in the record. *See* Motion, Ex. 1, p. 30, ln. 12.

- 2 -

**DEBTOR'S OPPOSITION TO CREDITOR KARL AVETOOM'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (NON-BANKRUPTCY ACTION)**

Even further, Avetoom does not seem to understand that, by definition, any *nunc pro tunc* order would be a judicial order, signed by a judge, amending a judicial lien. In turn, the Judgment would still be a judicial lien subject to avoidance under 11 U.S.C. § 522(f). Avetoom would be undertaking quite the effort to obtain the same result. Unfortunately, Avetoom's history with the Debtor and the eleven years of litigation that preceded the Debtor's Petition indicates that Avetoom is not a reasonable litigant who factors in a cost-benefit analysis to their litigation strategy. Rather, litigation appears to be Avetoom's favorite hobby which comes at the expense of judicial resources, Ms. Fridman, and anyone who disagrees with Avetoom's contentions, including this Court.

What Avetoom is really seeking by way of this Motion is a time machine permitting Avetoom reverse the clock to a point in time before Ms. Fridman filed her petition. Indeed, that is the only way Avetoom will be able to reverse the Judgment and reach a settlement with Ms. Fridman that includes a waiver of Avetoom's rights to collect on a judgment lien in exchange for a trust deed signed by Ms. Fridman. Unfortunately for Avetoom, neither this Court nor the state court have a time machine to oblige Avetoom's desire to take back the Judgment.

Instead of requesting that this Court permit Avetoom to further waste judicial resources in his efforts to go back in time, Avetoom should reconsider his choice to decline the Ms. Fridman's attempts to reach an out of court resolution. Indeed, the Motion omits the fact that Ms. Fridman has made a substantial settlement offer to Avetoom from the sale of the Property, despite her homestead exemption preventing Avetoom from any legal right to recover from the proceeds of sale. As the main target of Avetoom's litigation hobby, Ms. Fridman does not have high hopes that Avetoom will realize that the Court's Order is merely another consequence of his inability to reach a rational compromise. Regardless of Avetoom's decision to engage in discussions of a reasonable resolution, the Motion does not provide any ground for relief from stay.

Accordingly, the Ms. Fridman respectfully requests that the Motion is denied.

## II.    CONCLUSION

As set forth above, Avetoom is asking that he be allowed to go back to State Court to have the judicial branch declare that the Judgment is not a judicial lien. Perhaps the judge will also declare that

- 3 -

**DEBTOR'S OPPOSITION TO CREDITOR KARL AVETOOM'S MOTION FOR RELIEF FROM THE
AUTOMATIC STAY UNDER 11 U.S.C. § 362 (NON-BANKRUPTCY ACTION)**

1 | he or she is not a judge, and that the courthouse is not a courthouse.  In reality, Avetoom should have
2 | settled his judicial lien for a voluntary trust deed signed only by Ms. Fridman (not by a judge) if he
3 | sought to avoid the effects of 522(f).  Since the Motion's procedural and substantive errors prevent
4 | Avetoom from obtaining the relief from stay he seeks therein, Avetoom should not be permitted to
5 | engage in the fruitless endeavor of having the state court somehow change the fact that the Judgment
6 | is a judgment, and therefore a judicial lien.

    Accordingly, Ms. Fridman respectfully requests that the Motion is denied.

Date: May 20, 2021                              TALKOV LAW CORP

                                                *Scott Talkov*
                                                _____
                                                Scott Talkov
                                                Attorneys for Debtor Rosa A. Fridman

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CALIFORNIA 92504
PHONE (951) 888-3300

- 4 -

**DEBTOR'S OPPOSITION TO CREDITOR KARL AVETOOM'S MOTION FOR RELIEF FROM THE
AUTOMATIC STAY UNDER 11 U.S.C. § 362 (NON-BANKRUPTCY ACTION)**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

2900 Adams St Ste C-225, Riverside, CA, 92504
**DEBTOR'S OPPOSITION TO CREDITOR KARL AVETOOM'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (NON-BANKRUPTCY ACTION) [DKT. NO. 56]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 5/20/2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Thomas H Casey (TR)    msilva@tomcaseylaw.com, thc@trustesolutions.net
Charles L Murray    cmurray@cm3law.com, cm3esquire@gmail.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On 5/20/2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Erithe Smith, 411 West Fourth Street, Suite 5040, Santa Ana, CA 92701
Karl Avetoom, 1100 Rutland Rd., #9, Newport Beach, CA 92660-4607

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** <u>(state method for each person or entity served)</u>: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 5/20/2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/20/2021 | Leilani Caspillo | *Leilani Caspillo* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                           **F 9013-3.1.PROOF.SERVICE**