SCOTT TALKOV, State Bar No. 264676
TALKOV LAW CORP.
2900 Adams St Ste C225
Riverside, California 92504
Telephone: (951) 888-3300
Email: scott@talkovlaw.com

Attorneys for Debtor Rosa A. Fridman

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| In re | Case. No. 8:21-bk-10513-ES |
|---|---|
| ROSA A. FRIDMAN, | Chapter 7 |
| Debtor. | **LODGMENT OF STATE COURT ORDER DENYING CREDITOR KARL AVETOOM'S STATE COURT MOTION TO RECLASSIFY A JUDGMENT LIEN AS A CONSENSUAL LIEN** |

TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, CREDITOR KARL AVETOOM, THE U.S. TRUSTEE, AND ALL PARTIES IN INTEREST:

Rosa A. Fridman ("Ms. Fridman"), Debtor in the above-captioned matter, submits the following Lodgment of State Court Order Denying Creditor Karl Avetoom's State Court Motion to Reclassify a Previously Recorded Judgment Lien as a Consensual Lien.

Creditor Karl Avetoom moved this Court for relief from the automatic stay so that he may move for the State Court which granted a judgment lien on Ms. Fridman's homestead property for reclassification of the lien as a consensual, rather than judicial, lien. In this Court's June 3, 2021 tentative ruling on Avetoom's Motion for relief from the automatic stay which was later adopted as the final ruling, this Court noted: "Nothing in any of the documents [relied upon by Avetoom] indicate that Debtor agreed to a consensual lien against the subject property, i.e., independent of the agreement to a judgment that may be enforced by the recordation of a lien against the subject

**LODGMENT OF STATE COURT ORDER DENYING CREDITOR KARL AVETOOM'S STATE COURT MOTION TO RECLASSIFY A JUDGMENT LIEN AS A CONSENSUAL LIEN**

1

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1  property. That said, this court shall defer to the state court to make that factual determination."

2  Thus, Avetoom continued to move the state court for a reclassification of the judicial lien as a

3  consensual lien.

4        In line with this Court's review of the documents and facts relied upon by Avetoom, as is

5  shown in the attached minute order, the Superior Court of Orange County vehemently denied

6  Avetoom's motion to reclassify the judgment lien as a consensual lien. As such, there is no doubt

7  that the judicial lien held by Creditor Karl Avetoom was rightfully avoided against Ms. Fridman's

8  homestead property.

9  Date: July 26, 2021                       TALKOV LAW CORP

10

11  *Scott Talkov*

                          _____

                          Scott Talkov

12                            Attorneys for Debtor Rosa A. Fridman

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**LODGMENT OF STATE COURT ORDER DENYING CREDITOR KARL AVETOOM'S STATE COURT
MOTION TO RECLASSIFY A JUDGMENT LIEN AS A CONSENSUAL LIEN**

# Exhibit 1

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 07/22/2021                    TIME: 09:10:00 AM          DEPT:  C18
JUDICIAL OFFICER PRESIDING: Theodore Howard
CLERK: Kathy Peraza
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: None

CASE NO: **30-2015-00820760-CU-FR-NJC**   CASE INIT.DATE: 11/17/2015
CASE TITLE: **Avetoom vs. Risbrough**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Fraud

---

EVENT ID/DOCUMENT ID: 73572786
**EVENT TYPE:** Under Submission Ruling

---

**APPEARANCES**

---

There are no appearances by any party.

The Court, having taken the Plaintiff's Motion to Enforce Settlement under submission on 07/15/2021 and having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, now rules as follows:

Plaintiff Avetoom's Motion to Enforce Settlement (ROA 558) is **DENIED**.

**Authority or Jurisdiction of the Court**

While the Motion is labeled as one to enforce settlement pursuant to CCP 664.6, the cited statute authorizes relief before a judgment has been entered.  Here, however, the court is asked to issue relief, post entry of judgment, the judgment having been entered here, some time ago [See ROA 484, judgment entered 8/13/20; vs. ROA 558, present motion filed 6/2021].

The moving brief refers to *Ames v. Paley* which recognized the power of a trial court to correct a judgment that was entered pursuant to *CCP 664.6*, that is, pursuant to the parties' settlement. Such power arises under a court's inherent powers to make clerical corrections to its records, or by statute such as *CCP 473(d)* which provides for the correction of clerical errors also.  (See  *Ames v. Paley* (2001) 89 Cal.App.4th 668, 672–673 ("A court of general jurisdiction has the power, after final judgment, and regardless of lapse of time, to correct clerical errors or misprisions in its records, whether made by the clerk, counsel or the court itself, so that the records will conform to and speak the truth…").)

It appears that in an appropriate setting, a trial court does have power to correct a judgment that was entered pursuant to a settlement of the parties under *section 664.6*, in order to include an omitted term of the settlement.  (See *Ames v. Paley* (2001) 89 Cal.App.4th 668, 674.)

**Plaintiff Avetoom's Request to Correct or Modify the Judgment**

Plaintiff Avetoom seeks a modification of the Judgment to add and reflect that, through the settlement

---

agreement within the present lawsuit, that defendant Rosa Fridman, voluntarily consented to the creation of a lien against her 68.3% interest in the subject real property (on Blackbeard Lane in Huntington Beach, CA). Plaintiff Avetoom argues that the creation of a lien was an important term of the oral settlement that the parties reached and that was placed on the record on or about 7/9/19.

Under *CCP 664.6*, the court may only enter terms which the parties themselves agreed to. (See *Hernandez v. Board of Education* (2004) 126 Cal. App. 4th 1161, 1176) (the power of a trial court under § 664.6 "is extremely limited".) "'Although a judge hearing a section 664.6 motion may receive evidence, determine disputed facts, and enter the terms of a settlement agreement as a judgment, nothing in section 664.6 authorizes a judge to create the material terms of a settlement, as opposed to deciding what terms the parties themselves have previously agreed upon.'" (*Id.*; accord Leeman v. Adams Extract & Spice, LLC (2015) 236 Cal.App.4th 1367, 1374-75.)

In the present case, the proceedings regarding the entry of judgment and determination of the settlement, spanned several hearings ranging from approximately August of 2019 through June of 2020. (See Register of Action herein, # 387, 389, 451). Considerable time was spent by the parties and the Court in addressing the matter. Plaintiff Avetoom argues that it was intended that the declaratory terms that constituted the oral settlement, would result in a lien. But the portion of the Reporter's Transcript wherein the terms of the settlement were read into the record (see 7/9/19 Reporter's Transcript, pages 2 to 4 and 7 to 8) and which were then orally agreed to by Defendant Fridman and by Plaintiff Avetoom (id.), did not appear to mention the creation of the "lien".

It was rather the Court which construed the agreement of the parties as an agreement to create a lien. (See 7/9/19 Reporter's Transcript p. 11.) However, the Court is not a party which can create a settlement term nor supply party consent. Pursuant to *section 664.6*, what is necessary, is evidence of the party's settlement terms and oral consent. (See, *e.g., 1538 Cahuenga Partners, LLC v. Turmeko Properties, Inc.* (2009) 176 Cal.App.4th 139, 143.)

Plaintiff refers to the portion of the Transcript wherein Plaintiff's counsel (Mr. Murray) stated that the settlement terms – as had just been orally read into the record and agreed to by the litigants – would then be reduced to a formal order of the court, which order would be recorded with the county recorder thereafter. (See Transcript pp. 8-9 and 11.) This would provide support for Plaintiff Avetoom, indeed, being able to record in the County Recorder, the Judgment entered in this case. However it is less clear that this amounted to the Defendant having orally agreed to give any new or other or different lien on the subject property. The record is unclear about this, which generates ambiguity and precludes the granting of the motion.

If a term on which the present case had been settled – was indeed that Defendant Fridman was giving a new, further or different lien, it appears that the parties reasonably could have stated such a fact within the terms that were recited (see Transcript p 2 to 4 and 7 to 8.)

According to the *Civil Code section 2872*, "A lien is a charge imposed in some mode other than by a transfer in trust upon specific property by which it is made security for the performance of an act." "A lien is created: 1. By contract of the parties; or, 2. By operation of law." ( *Civil Code 2881*.)

In the case law, there are examples of language in agreements which has been considered to amount to a lien. (See, *e.g., Hill v. Fricke* (1936) 5 Cal.2d 320, 321–322 ("the appellant Arthur, who was informed that he was free to bring his attorney with him, and the defendant Pearl Fricke met with Hill at the attorney's office and there executed a written agreement fixing the amount of Edwin's advances, … and declaring the same to be a lien upon the ranch property….In other words, the land alone was made subject to the payment of the obligation…"). *In re Smith's Estate* (1927) 200 Cal. 654, 658 (language within a court order read, "In order to secure the payments of said installments, … Walnut Park Bank … be and …are hereby required to hold said trust deed for the security and payment of said support …");

_In re Dickinson_ (Bankr. S.D. Cal. 1982) 24 B.R. 547, 549) (the agreement stated, "… I hereby further give a lien on my case to said doctor against any and all proceeds of any settlement, judgment or verdict ....").

In a case cited by Plaintiff Avetoom, the relevant document had similar words to the above, to support a finding of a lien having been created.    (_In re County of Orange_ (Bankr. C.D. Cal. 1995) 179 B.R. 185, 193 n. 2, n.23 and 194179) (a public entity's written resolution read, "As security for the payment of the principal of and interest on the Notes the County hereby pledges and grants a first lien and charge against [certain unrestricted revenues]....").)    Compare _Raboff v. Albertson_ (1954) 122 Cal.App.2d 555, 556–557 (the defendant delivered to the plaintiff a writing stating, "'I O U $7,500 Lee Albertson August 5th 1946 on my house'") (while "[i]t was the intent of Lee at the time he made the writing to encumber said property with a lien in favor of plaintiff to secure said loan. The said writing was sufficient to create such a lien.")

Here, the terms that were orally recited and then orally consented to by the litigants, did not appear to include similar language.  Thus, the circumstances produce less certainty.

According to the records of the present case, there were several proposed judgments submitted to the court during the time in which these parties were engaged in the proceedings on the settlement and entry of judgment.  Within the Plaintiff's proposed judgments, the terms consistently did not include the words that a lien on the real property is being given, as an express term of the settlement.  (See Proposed Judgments herein, at ROA 389, 420, 483 and ROA 460, 479, 484.)

For these reasons, the Court must **DENY** Plaintiff Avetoom's Motion to correct or modify the judgment.


**Additional Matters**

As for Plaintiff Avetoom's position regarding the intentions of Defendant Fridman in settling the present case, and thereafter pursuing bankruptcy relief, as well as other allegations of Plaintiff Avetoom regarding the actions of the Defendant, these may well become the fodder of future litigation.  However, the Court does not find it necessary to engage with the allegations or accusations of mal-intent at this time.  The material in the reply (the Balakin Declaration) was therefore not considered.  (See also _Jay v. Mahaffey_ (2013) 218 Cal.App.4th 1522, 1537-1538) (new evidence in reply is generally not permitted).

Therefore, Defendant Fridman's objections to the Balakin declaration are **SUSTAINED**.

By the same token, the Defendant Fridman's effort to raise an independent proceeding regarding sanctions is procedurally improper and is unsupported.  The request is therefore denied.  (See _Cal. Code Civ. Proc. 128.5(f)(1)(a)_ and _1003, 1005, 1005.5; Cal. Rule of Court 3.1110, 3.1112, 3.1113(b)._)    As such, the declarations of Defendant Fridman and S. Talkov submitted in the 7/13/21 "Evidentiary Objection and Request for OSC re Sanctions" (ROA 580) were not considered.

The additional evidentiary material, attached to Plaintiff Avetoom's "Response" (Objection) filed 7/13/21, was unnecessary to consider.  (ROA 580.)

Defendant Fridman must remember in the future to adhere to the timeframes provided for in the Code for court filings.  A trial court may disregard late papers especially where good cause is not shown.  (See _California Code of Civil Procedure section 1005; Rancho Mirage Country Club Homeowners Association v. Hazelbaker_ (2016) 2 Cal.App.5th 252, 262 and see ROA 571.)   Where the moving party here, plaintiff Avetoom, filed a reply to the late opposition (see ROA 571, 573), the opposition was thus considered. (See _Mann v. Cracchiolo_ (1985) 38 Cal.3d 18, 30; _Carlton v. Quint_ (2000) 77 Cal.App.4th 690, 698.)

CASE TITLE: Avetoom vs. Risbrough    CASE NO: 30-2015-00820760-CU-FR-NJC

---

*The Clerk shall give notice.*

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2900 Adams Street, Suite C225, Riverside, CA 92504

A true and correct copy of the foregoing document entitled (*specify*): **LODGMENT OF STATE COURT ORDER DENYING CREDITOR KARL AVETOOM'S STATE COURT MOTION TO RECLASSIFY A JUDGMENT LIEN AS A CONSENSUAL LIEN**will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 26, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

> Thomas H Casey (TR)    msilva@tomcaseylaw.com, thc@trustesolutions.net
> Donald W Reid    don@donreidlaw.com, ecf@donreidlaw.com
> United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐    Service information continued on attached page

2. SERVED BY UNITED STATES MAIL:
On (*date*) July 26, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> Hon. Erithe Smith, 411 West Fourth Street, Suite 5040, Santa Ana, CA 92701

☐    Service information continued on attached page

3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 26, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 26, 2021 | Leilani Caspillo | /s/Leilani Caspillo |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

**LODGMENT OF STATE COURT ORDER DENYING CREDITOR KARL AVETOOM'S STATE COURT MOTION TO RECLASSIFY A JUDGMENT LIEN AS A CONSENSUAL LIEN**