| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Karl Avetoom<br>1100 Rutland Road #9<br>Newport Beach, CA 92660<br>(949) 929-4787<br>email:  kia002@att.net<br><br><br>☒ *Individual appearing without attorney*<br>☐ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>Rosa Fridman | CASE NO.: 8:21-bk-10513-ES |
|---|---|
| | CHAPTER: 7 |
| | **NOTICE OF MOTION FOR:**<br><br>AN ORDER DISMISSING BANKRUPTCY CASE, BAR TO REFILING AND VACATING ORDER ON LIEN AVOIDANCE MOTION.<br><br><br><br>*(Specify name of Motion)* |
| Debtor(s). | DATE: 10/21/2021<br>TIME:  10:30 am<br>COURTROOM: 5A<br>PLACE: 411 West Fourth Street, Courtroom 5A<br>       Santa Ana, CA 92701-4593<br>       virtual appearance by Zoom.gov |

1.  TO (*specify name*):  ROSA FRIDMAN AND HER ATTORNEY OF RECORD AND ALL INTERESTED PARTIES

2.  NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3.  **Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date.  If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5.  **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date:  09/30/2021

_____
Printed name of law firm


/s/ Karl Avetoom
_____
Signature


Karl Avetoom
_____
Printed name of attorney

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                         Page 2                         **F 9013-1.1.HEARING.NOTICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

 OPR 7451 Warner Ave #E191 Huntington Beach, CA 92647 Reg'd Process Server # 3050

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION FOR** (*specify name of motion*)
 an order dismissing bankruptcy case, bar to refiling and vacating order on lien avoidance motion.
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
 09/30/2021   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  09/30/2021   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 09/30/2021 | Sal Hanna | |
| *Date* | *Printed Name* | *Signature* |

_____
This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# Mailing Information for Case 8:21-bk-10513-ES

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Karl T Anderson (TR)**    2edansie@gmail.com, kanderson@ecf.axosfs.com
- **Michael J Hauser**    michael.hauser@usdoj.gov
- **Melissa Davis Lowe**    mlowe@shulmanbastian.com, avernon@shulmanbastian.com
- **Charles L Murray**    cmurray@cm3law.com, cm3esquire@gmail.com
- **Scott Talkov**    scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Karl Avetoom**
1100 Rutland Rd #9
Newport Beach, CA 92660-4607

**Victor Balakin**
101 N Ocean Dr Ste 132
Hollywood, CA 33019

## Creditor List

Click the link above to produce a complete list of **creditors** only.

## List of Creditors

Click on the link above to produce a list of **all** creditors and **all** parties in the case. User may sort in columns or raw data format.

Label Matrix for local noticing
0973-8
Case 8:21-bk-10513-ES
Central District of California
Santa Ana
Thu Sep 30 12:27:18 PDT 2021

Santa Ana Division
411 West Fourth Street, Suite 2030,
Santa Ana, CA 92701-4500

Beach Crest Villas Homeowners Association
1100 Rutland Rd
Newport Beach, CA 92660-4607

D. Michael Bush
2575 McCabe Way
Suite 260
Irvine, CA 92614-4298

Darling Risbrough
19200 Von Karman
Suite 750
Irvine, CA 92612-8519

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

I.C. System, Inc
Po Box 64378
Saint Paul, MN 55164-0378

John Daniel Ott
3020 Old Ranch Pkwy
Ste 300
Seal Beach, CA 90740-2751

Karl Avetoom
1100 Rutland Road
Newport Beach, CA 92660-4607

Law Office of John D. Ott, APC
3020 Old Ranch Parkway
Suite 300
3020 Old Ranch Parkway, Suite 300
Seal Beach, CA 90740-2751

Law Offices of Mokri & Associates
1851 E 1st Street
Suite 840
Santa Ana, CA 92705-4053

The Fridman Family Trust Established on Apri

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

Victor Balakin
101 N Ocean Dr Ste 132
Hollywood, CA 93019

CHARLES L MURRAY
8605 Santa Monica Blvd, PMB 82716
West Hollywood, CA 90026 United States 90069-

Karl Avetoom
1100 Rutland Rd #9
Newport Beach, CA 92660-4601

Karl T Anderson (TR)
340 South Farrell Drive, Suite A210
Palm Springs, CA 92262-7932

Rosa A Fridman
16542 Blackbeard Ln Unit 304
Huntington Beach, CA 92649-3439

Scott Talkov
Talkov Law
2900 Adams St Ste C225
Riverside, CA 92504-4385

Victor Balakin
101 N Ocean Dr Ste 132
Hollywood, CA 33019-1796

End of Label Matrix
Mailable recipients    19
Bypassed recipients     0
Total                  19

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Karl Avetoom<br>1100 Rutland Road #9<br>Newport Beach, CA 92660<br>(949) 929-4787<br>Email: kia002@att.net | |
| ☐ *Attorney for Movant*<br>☒ *Movant appearing without an attorney* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| In re:<br><br>ROSA FRIDMAN<br><br>                        Debtor(s) | CASE NO.: 8:21-bk-10513-ES |
|---|---|
| | CHAPTER:  7 |
| | **SUPPLEMENTAL NOTICE OF HEARING TO BE HELD REMOTELY USING ZOOMGOV AUDIO AND VIDEO** |
| | HEARING DATE:      October 21, 2021<br>HEARING TIME:      10:30 a.m. |

| **Movant:**  Karl Avetoom |
|---|

1.  The Movant has filed the following written notice or other pleading ("Notice") advising of a hearing to be held in the above-captioned case, on the date and time indicated above, before the Honorable Erithe A. Smith, United States Bankruptcy Judge *(insert name of pleading and, if available, docket number)*:

> **MOTION FOR AN ORDER DISMISSING BANKRUPTCY CASE, BAR TO REFILING AND VACATING LIEN AVOIDANCE ORDER.**

2.  **Please be advised that because of the COVID-19 pandemic, the Court will conduct the hearing using ZoomGov audio and video technology.** Information on how to participate in the hearing using ZoomGov is provided on the following page of this notice.

3. Hearing participants and members of the public may participate in and/or observe the hearing using ZoomGov, free of charge.

4. Individuals may connect by ZoomGov audio and video using a personal computer (equipped with camera, microphone and speaker), or a handheld mobile device with an integrated camera, microphone and speaker (such as an iPhone, iPad, Android phone or Android tablet). The connection can be initiated by entering the "Meeting URL" into a web browser on any of these devices, provided the device is connected to the Internet. Individuals connecting in this manner will be prompted for the Meeting ID and Password shown below.

5. Individuals also may connect to the hearing by telephone only, using the telephone number provided below. Individuals connecting in this manner also will be prompted for the Meeting ID and Password.

6. Neither a Zoom nor a ZoomGov account is necessary to participate in or observe the hearing, and no pre-registration is required.

7. The audio portion of the hearing will be recorded electronically by the Court and constitute its official record.

8. All persons are strictly prohibited from making any other recording of court proceedings, whether by video, audio, "screenshot," or otherwise. Violation of this prohibition may result in the imposition of monetary and non-monetary sanctions.

9. The following is the unique ZoomGov connection information for the above-referenced hearing:

      Meeting URL: https://cacb.zoomgov.com/j/1618104522

      Meeting ID: 161 810 4522

      Password: 284345

      Telephone: 1 (669) 254 5252 or 1 (646) 828 7666

10. More information on using ZoomGov to participate in this hearing is available on the Court's website at the following web address: https://www.cacb.uscourts.gov/news/zoom-video-hearing-guide-and-training-participants

.

Date: September 30, 2021

_____
Printed name of law firm (if applicable)


Karl Avetoom
_____
Printed name of individual Movant or attorney for Movant

Karl Avetoom
1100 Rutland Road # 9
Newport Beach, CA 92660
(949) 929-4787
Email kia002@att.net

Creditor and Plaintiff, In Pro Per

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

In re:

Rosa Fridman

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No:     8:21-bk-10513-ES

Hon:  Erithe A. Smith

Chapter 7

**PLAINTIFF KARL AVETOOM'S MOTION FOR AN ORDER DISMISSING ROSA FRIDMAN'S BANKRUPTCY CASE PURSUANT TO 11 U.S.C. § 707, BAR TO REFILING 11 U.S.C. § 349 AND VACATING THE COURT'S LIEN AVOIDANCE ORDER. DECLARATIONS OF JAY BHATT OF 001 DEBTORCC, INC., BRIAN SWEZEA, AND KARL AVETOOM.**

Hearing Info:
Date:        October 21, 2021
Time:       10:30 am
Location:    Virtual Hearing via Zoom.gov

**TO THE HONORABLE ERITHE A. SMITH, FEDERAL BANKRUPTCY JUDGE, TO ROSA FRIDMAN AND HER ATTORNEY OF RECORD, AND TO ALL INTERESTED PARTIES:**

Movant and Creditor Karl Avetoom hereby requests this Court issue an order dismissing Debtor's bankruptcy case pursuant to 11 U.S.C. §707(a) for Debtor's failure to take the mandatory educational requirement course under 11 U.S.C. §109(h), bar any refiling for two years, and vacating this Court's Lien Avoidance Order for lack of standing.

i

# TABLE OF CONTENTS

I.    FACTUAL BACKGROUND ............................................................................... 1

II.   SUMMARY OF ARGUMENT ......................................................................... 2

III.  THIS COURT MUST DISMISS ROSA FRIDMAN'S BANKRUPTCY CASE PURSUANT TO 11 U.S.C. § 707 FOR FAILURE TO COMPLY WITH MANDATORY PRE-PETITION CREDIT COUNSELING. ............................................................................... 4

IV.   THE DEBTOR FAILED TO COMPLY WITH SECTION 109(H) THAT MANDATES A PARTY PERSONALLY TAKE AN EDUCATIONAL COURSE PRIOR TO FILING BANKRUPTCY. ............................................................................................. 4

V.    ROSA FRIDMAN CANNOT OBTAIN RELIEF FROM SECTION 109(H) AS THE COURT MAY NOT GRANT ANY RELIEF AT THIS LATE DATE AND SHE DOES NOT FALL WITHIN THE EXCEPTION OF 109(H)(4). ..................................................... 9

VI.   ROSA FRIDMAN SHOULD BE BARRED FROM REFILING FOR TWO YEARS. ............ 11

VII.  AS A MATTER OF LAW THIS COURT MUST VACATE ITS ORDER ON ROSA FRIDMAN'S LIEN AVOIDANCE MOTION. ......................................................... 12

VIII. CONCLUSION. ......................................................................................... 13

1

TABLE OF AUTHORITIES

2

**Cases**

3 Center For Biological Diversity v. Kempthorne (9th Cir. 2009) 588 F.3d 701 ..................................... 12

4 Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth), 455 B.R. 904, 922 (9th Cir. BAP 2011) 11

5 In re Alvarado (N.D. Cal. 2013) 496 B.R. 200.................................................................... passim

6 In re Borges, 440 B.R. 551 (Bankr.D.N.M.2010) ......................................................................... 5

7 In re Carey, 341 B.R. 798 (Bankr.M.D.Fla.2006).......................................................................... 5

8 In re Cleaver, 333 B.R. 430 (Bankr. S.D.Ohio 2005) ................................................................... 7

9 In re Dixon, 338 B.R. 383 (8th Cir. BAP 2006)............................................................................ 7

10 In re Duncan 418 B.R. 278 (8th Cir.BAP 2009) ........................................................................... 5

11 In re Dyer, 381 B.R. 200 (Bankr.W.D.N.C.2007)......................................................................... 5

12 In re Echeverry, 720 Fed. Appx. 598, n.1 (11th Cir. 2018)........................................................... 6

13 In re Elmendorf, 345 B.R. 486 (Bankr. S.D.N.Y. 2006) ............................................................... 6

14 In re Franco (B.A.P. 9th Cir., June 2, 2016, No. 2:15-BK-12214-WB) 2016 WL 3227154 ................. 11

15 In re Gibson (B.A.P. 9th Cir., Dec. 1, 2011, No. BAP CC-10-1399-PAHKI)

16       2011 WL 7145612 ........................................................................................... 2, 4, 5, 6

17 In re Grantham (Bankr. C.D. Cal. 2020) 617 B.R. 344 ....................................................... 2, 4, 5, 6

18 In re Hedquist, 342 B.R. 295  (8th Cir. BAP 2006) ............................................................ 4, 5, 6

19 In re Mingueta, 338 B.R. 833 (Bankr. C.D. Cal. 2006)...................................................... 2, 5, 7, 9

20 In re Padilla 222 F.3d. 1184 (9th Cir. 2000) ..................................................................... 3, 4

21 In re Phillips, 553 B.R. 536 (Bankr. E.D.N.C. 2016)............................................................ 2, 12

22 In re Ramey, 558 B.R. 160 (6th Cir. BAP 2016) ......................................................................... 6

23 In re Ruckdaschel, 364 B.R. 724 (Bankr.D.Idaho 2007)................................................................ 5

24 In re Seaman, 340 B.R. 698, 706 n.3 (Bankr. E.D.N.Y. 2006) ....................................................... 7

25 In re Sosa, 336 B.R. 113 (Bankr. W.D.Tex. 2005)....................................................................... 7

26 In re Tiner (Bankr. N.D. Cal., July 1, 2008, No. 08-42070 TM) 2008 WL 2705103 .............................. 4

27 In re Williams, 359 B.R. 590 (Bankr.E.D.N.C.2007........................................................................ 5

28 In re Zyk (Bankr. D.D.C., Mar. 18, 2019, No. 18-00430) 2019 WL 1282783 .................................. 2, 12

MOTION FOR AN ORDER DISMISSING BANKRUPTCY CASE

*Leavitt v. Soto (In re Leavitt)*, 209 B.R. 935 (9th Cir. BAP 1997), *aff'd,* 171 F.3d 1219 (9th Cir.1999)

........................................................................................................................... 11

United States v. Viltrakis, 108 F.3d 1159 (9th Cir.1997)........................................................ 12

**Statutes**

11 U.S.C. § 109(h)(4) ...................................................................................... 1, 12, 13

11 U.S.C. § 349(b)(1)(B) ................................................................................. 5, 15, 16

11 U.S.C. § 521(a)(1) ............................................................................................... 6

11 U.S.C. § 521(b)(1) ............................................................................................... 6

11 U.S.C. § 522(f) .................................................................................................. 15

11 U.S.C. § 707(a) ........................................................................................... passim

11 U.S.C. §109(h).............................................................................................. passim

**Other Authorities**

H.R.Rep No. 595, 95th Cong., 1st Sess. 338 (1977); S.Rep No. 989, 95th Cong., 2d Sess. 48–49 (1978)

........................................................................................................................... 15

MOTION FOR AN ORDER DISMISSING BANKRUPTCY CASE

The business records obtained from 001 Debtorcc, Inc., who provided the pre-bankruptcy educational course, consists of computer records that captured the geographical location, time, device used, operating system, browser type and IP address.

These reliable business records undeniably prove Rosa Fridman did <u>not</u> take the 11 U.S.C. §109(h) educational course before filing bankruptcy, proving her testimony in her "341" exam completely untrue.  Under 9th Circuit and sister circuit law, failure to take the pre-bankruptcy educational class mandates dismissal of Rosa Fridman's bankruptcy case under Section 707(a) and vacating of this Court's Order granting Rosa Fridman's lien avoidance motion (ECF Doc 45).  Lack of standing, including eligibility can be raised at any time of the proceeding.

While Rosa Fridman will try to create an excuse or explanation, her testimony over two "341" examinations was clear and aided by her attorney and a translator.  The Debtorcc business records disprove Rosa Fridman's testimony and prove she did <u>not</u> personally take the § 109(h) course.

## I.  <u>FACTUAL BACKGROUND.</u>

On February 26, 2021 Rosa Fridman filed her petition for bankruptcy.  Included with her petition Rosa Fridman submitted a Certificate of education counseling performed on February 9, 2021 for the First bankruptcy educational course (the "Course") required under 11 U.S.C. § 109(h).  This Certificate was issued by 001 Debtorcc. Inc., ("Debtorcc").  See ECF Doc. 2.  See a true and correct copy of the same Certificate issued by Debtorcc attached as Exhibit "5" to the Custodian of records, Mr. Jay Batt, President of 001 Debtorcc, Inc. declaration filed herein.

On August 31, 2021 Rosa Fridman testified under oath in her 341 exam that:

- She took the pre-bankruptcy educational course prior to filing her petition at her condo which is in Huntington Beach, CA (Avetoom decl. **Exhibit "1"** RT 31:24~32:15, August 31, 2021 "341" Exam of Rosa Fridman).
- Rosa Fridman testified she has internet access at her condo (Id. at RT 32:16~24).
- Rosa Fridman testified she took this educational class on her "LG tablet" (Id. at RT 32:25~33:16).
- Rosa Fridman testified she personally answered the questions during the course (Id. at RT 34:8~9).

- Rosa Fridman testified it took her four hours to complete the course (Id. at RT 34:10-14).
- At the time Rosa Fridman testified, she was assisted by her attorney and a Russian interpreter.

However, the Debtorcc business records and declaration from the President of Debtorcc, Mr. Jay Bhaat, the company who conducted the pre-bankruptcy educational course, and IT expert Mr. Bryan Swezea establish the following facts:

- The Course was taken in Redmond, Oregon (Declaration of Jay Bhatt, ¶ 10a, Exhibit "3").
- The IP address used to take the Court was 67.204.133.249 (Declaration of Jay Bhatt ¶ 10, Exhibit "3").
- The IP address of 67.204.133.249 belongs to TDS Telecom assigned to Redmond, Oregon. The IP did not belong to Rosa Fridman's internet provider of Frontier Communications.  TDS does not provide internet service in Southern California, which includes Huntington Beach (Swezea decl. ¶¶ 9, 10).
- The Course was taken using an Apple MacIntosh computer using an Intel processor (Bhatt declaration ¶ 10(b), Exh. "3") (not an LG tablet.)
- The Apple computer used to take the course used an Apple operating system of OSX 10.15 (Bhatt declaration ¶ 10(b), Exh. "3").
- The Apple OSX operating system is not available on an LG tablet (Decl. of IT expert Bryan Swezea ¶ 14).
- The Apple computer used to take the course used a web browser of Firefox version 68 (Bhat decl. ¶ 10(b), Exh. "3").
- The business records authenticated by Mr. Bhatt of Debtorcc prove the educational class was completed in nine minutes (Bhatt declaration ¶ 11, Exhibit "4").

## II.  SUMMARY OF ARGUMENT.

As a matter of 9th Circuit law and numerous sister circuits, 11 U.S.C. § 109(h) pre-bankruptcy educational course compliance is "strictly" applied.  Failure to take the course prevents a person from being a "debtor" under Section 109 and requires the bankruptcy case be dismissed.  In re Grantham (Bankr. C.D. Cal. 2020) 617 B.R. 344, 347–348, citing In re Gibson (B.A.P. 9th Cir., Dec. 1, 2011,

1  No. BAP CC-10-1399-PAHKI) 2011 WL 7145612; In re Alvarado (N.D. Cal. 2013) 496 B.R. 200,

2  210; In re Mingueta, 338 B.R. 833, 838 (Bankr. C.D. Cal. 2006).

3      As a matter of law, dismissal mandates vacating of a bankruptcy Court's order granting Lien

4  Avoidance.  11 U.S.C. § 349(b)(1)(B), dismissal of the case "reinstates 'any transfer avoided under

5  section 522....' " In re Phillips, 553 B.R. 536, 545 (Bankr. E.D.N.C. 2016).  In re Zyk (Bankr. D.D.C.,

6  Mar. 18, 2019, No. 18-00430) 2019 WL 1282783, at *6.

7      Proven by the business records of Debtorcc, which consist of trustworthy electronic records,

8  and the authenticating declaration of the President and custodian of records for Debtorcc, Mr. Jay

9  Bhatt, Rosa Fridman's testimony that she took the Course, including her testimony of where, how, and

10  when she took this first course is completely false.  In addition, the IT expert report by Mr. Bryan

11  Swezea, proves there is no way the Debtor completed the first mandatory class from her home in

12  Huntington Beach on her Frontier internet connection, nor did she use her LG tablet and nor did it take

13  4 hours (Swezea declaration ¶¶12-15).  Simply put, Rosa Fridman lied about taking the educational

14  course.  The facts establish that the Course was completed by a third party, not Rosa Fridman.  As a

15  matter of law, Rosa Fridman is ineligible to be a "debtor" in this bankruptcy.

16      The indisputable evidence proves without a doubt that the educational certificate filed with

17  Debtor's petition (ECF No. 2), fraudulently represents Rosa Fridman took the required educational

18  class under 11 U.S.C. § 109(h).  The Debtorcc electronic business records, free from bias and above

19  dispute, prove Rosa Fridman never took the required pre-bankruptcy educational class. In addition,

20  Debtor cannot obtain relief from this Court to retroactively avoid the mandatory requirements under

21  Section 109(h) as more than 45 days has elapsed since Debtor filed her petition using the fraudulently

22  obtained Certificate.

23      Under 9th Circuit case law, Rosa Fridman's failure to personally take the initial educational class

24  is cause under 11 U.S.C. § 707(a) to dismiss her bankruptcy case as debtor's false representation of

25  taking the class required by 11 U.S.C. § 109(h) excludes her as a "debtor" to file bankruptcy, much

26  less have standing to file a lien avoidance motion under the Bankruptcy code or continue to participate

27  in an ongoing appeal.  Age is not an excuse.  Rosa Fridman's history of lying under oath continues and

28  will lead to additional litigation for fraud and contempt.

**III. THIS COURT MUST DISMISS ROSA FRIDMAN'S BANKRUPTCY CASE PURSUANT TO 11 U.S.C. § 707 FOR FAILURE TO COMPLY WITH MANDATORY PRE-PETITION CREDIT COUNSELING.**

A court may dismiss a bankruptcy case under § 707(a) only after notice and hearing and only for cause, including three enumerated causes. In re Sherman, 491 F.3d at 970 (citing 11 U.S.C. § 707(a); Padilla, 222 F.3d at 1193). In re Alvarado (N.D. Cal. 2013) 496 B.R. 200, 206–207. The requirement to file a credit counseling certificate is not listed under 11 U.S.C. § 521(a)(1) but is listed under 11 U.S.C. § 521(b)(1).

The Ninth Circuit has ruled the factors listed in § 707(a) are "illustrative and not exhaustive" and has described the grounds for dismissal under this subsection as "technical and procedural" in nature. In re Padilla, 222 F.3d 1184, 1191–92. The credit counseling requirement is both technical and procedural. Thus, although not expressly noted in § 521, the Court concludes that the Debtors' failure to obtain pre-petition credit counseling is sufficient grounds for dismissal under § 707(a). In re Tiner (Bankr. N.D. Cal., July 1, 2008, No. 08-42070 TM) 2008 WL 2705103, at *3.

In re Grantham (Bankr. C.D. Cal. 2020) 617 B.R. 344 reiterated dismissal is mandatory, strictly applying Section 109(h), citing to In re Hedquist, 342 B.R. 295, 300-301 (8th Cir. BAP 2006) that held "the new requirements in **section 109(h) ... are mandatory** and, therefore, **bankruptcy courts "have no discretion but to dismiss the case"** when debtors fail to obtain prepetition counseling) *emphasis added*. Set forth below are numerous cases across this country that affirm dismissal.

The business records of Debtorcc, consisting of reliable computer records maintained by Debtorcc, prove that Rosa Fridman's testimony that she took the first educational class, is false. The Debtorcc records establish the opposite, that Rosa Fridman did not take the educational course, and as a matter of law cannot be a "debtor" in this bankruptcy.

**IV. THE DEBTOR FAILED TO COMPLY WITH SECTION 109(h) THAT MANDATES A PARTY PERSONALLY TAKE AN EDUCATIONAL COURSE PRIOR TO FILING BANKRUPTCY.**

Section 109(h) of the bankruptcy code is clear and defines "who may be a debtor." Section 109(h) states in relevant part *"an individual may not be a debtor under this title unless such individual*

*has, during the 180-day period ending on the date of filing of the petition by such individual, received*

*from an approved nonprofit budget and credit counseling agency described in section 111(a) an*

*individual or group briefing (including a briefing conducted by telephone or on the Internet) that*

*outlined the opportunities for available credit counseling and assisted such individual in performing a*

*related budget analysis."*

The 9th Circuit BAP in In re Gibson (B.A.P. 9th Cir., Dec. 1, 2011, No. BAP CC-10-1399-PAHKI) 2011 WL 7145612, at *3–4 held "To us, the command of § 109(h) is clear, and, unless one of the stated exceptions applies, an individual 'may not be a debtor' unless she has received credit counseling prior to filing her bankruptcy petition. § 109(h)(1)."  The evidence before this Court proves Rosa Fridman did not take the pre-bankruptcy educational course.  While she was at home in Huntington Beach, California, the class was taken in Redmond, Oregon on a physically different device, an Apple computer, than her claimed LG tablet, and used an internet connection and IP address owned by TDS communications, who does not provide internet service to Huntington Beach, California.  Rosa Fridman's internet service of Frontier Communications was not used to complete the educational class, rather TDS communications in Oregon was used (Decl. of Bryan Swezea ¶¶ 8, 10, and Jay Bhatt of Debtorcc ¶ 10, Exh. "3").  Rosa Fridman's testimony that it took her "four hours" is rejected by the records of the educational provider who represents the course was completed in nine minutes! (Bhatt decl. ¶ 11, Exhibit "4")

The 9th Circuit BAP in In re Gibson 2011 WL 7145612 at *3 reiterated "The majority of courts to address § 109(h) have **strictly** applied the credit counseling requirement and have dismissed cases where debtors have not complied. *See, e.g.,* Duncan v. LaBarge (In re Duncan), 418 B.R. 278, 280–81 (8th Cir.BAP 2009); Hedquist v. Fokkena (In re Hedquist), 342 B.R. 295, 298 (8th Cir. BAP 2006); In re Borges, 440 B.R. 551, 556 (Bankr.D.N.M.2010); In re Ruckdaschel, 364 B.R. 724, 734 (Bankr.D.Idaho 2007); In re Dyer, 381 B.R. 200, 206 (Bankr.W.D.N.C.2007); In re Williams, 359 B.R. 590, 590–91 (Bankr.E.D.N.C.2007); In re Mingueta, 338 B .R. 833, 838–39 (Bankr.C.D.Cal.2006); In re Carey, 341 B.R. 798, 803–04 (Bankr.M.D.Fla.2006). Most often, these courts relied on the plain language of § 109(h), which includes that "an individual may not be a debtor under this title unless such individual has" complied with the credit counseling requirement."

MOTION FOR AN ORDER DISMISSING BANKRUPTCY CASE

See also In re Alvarado (N.D. Cal. 2013) 496 B.R. 200, 210 requirement that debtor must obtain credit counseling within 180 days prior to petition date in order to be eligible for bankruptcy relief must be strictly applied. 11 U.S.C.A. § 109(h).  Chapter 7 debtors' failure to obtain credit counseling in the 180 days immediately preceding petition date constituted "cause" for dismissal of cases under "for cause" dismissal provision. 11 U.S.C.A. §§ 109(h), 707(a).

See also In re Grantham (Bankr. C.D. Cal. 2020) 617 B.R. 344, 347–348 reiterating "a bankruptcy court can dismiss a bankruptcy case sua sponte when a debtor is ineligible for bankruptcy relief due to a failure to obtain pre-petition counseling. Gibson v. Dockery (In re Gibson), 2011 WL 7145612, *4, 2011 Bankr. LEXIS 5084, *14 (9th Cir. BAP 2011) (finding that a bankruptcy court can dismiss a case sua sponte when a debtor fails to obtain pre-petition counseling and stating that the "bankruptcy court's sua sponte order dismissing Debtor's bankruptcy case without prior notice or an opportunity to be heard was appropriate.").

**Grantham 617 B.R. at 347–348 cited similar holdings across our country** "The statute is clear. Obtaining credit counseling prepetition is mandatory and the vast majority of published cases conclude that a bankruptcy case must be dismissed when a debtor fails to obtain pre-petition counseling."

- In re Gibson, 2011 WL 7145612, *4, 2011 Bankr. LEXIS 5084, *14 (9th Cir. BAP 2011) ("Because Debtor did not comply with the § 109(h) pre-bankruptcy credit counseling requirement, Congress has decreed that she was not eligible to be a chapter 13 debtor, and dismissal of her case by the bankruptcy court was appropriate.");

- In re Alvarado, 496 B.R. 200, 210 (N.D. Cal. 2013) ("The court concludes as a matter of law that failure to comply with the credit counseling requirement under section 109(h) establishes cause for dismissal ....");

- In re Ramey, 558 B.R. 160, 163 (6th Cir. BAP 2016) (affirming dismissal stating that the Bankruptcy Code specifically requires "all individual debtors to complete a pre-petition credit briefing.");

- In re Echeverry, 720 Fed. Appx. 598, n.1 (11th Cir. 2018) (affirming dismissal of a case stating that in failing to take the counseling pre-petition the debtor "failed to comply with the

Bankruptcy Code's plain language requirement that a debtor complete the counseling prior to the filing of the case.");

- In re Elmendorf, 345 B.R. 486, 495 (Bankr. S.D.N.Y. 2006) ("Section 109(h) has been strictly construed by courts, and all courts that have decided the issue have stated that a debtor that does not receive credit-counseling prior to filing for bankruptcy relief, or seek and receive an "extension" pursuant to 11 U.S.C. § 109(h)(3), is ineligible to be a debtor.");

- In re Hedquist, 342 B.R. 295, 300-301 (8th Cir. BAP 2006) (affirming dismissal of a bankruptcy case where debtors did not obtain pre-petition counseling and stating that "the new requirements in **section 109(h) ... are mandatory" and, therefore, bankruptcy courts "have no discretion but to dismiss the case**" when debtors fail to obtain prepetition counseling) *emphasis added*;

- In re Dixon, 338 B.R. 383 (8th Cir. BAP 2006) (affirming dismissal of a bankruptcy case in which the debtor did not obtain pre-petition counseling);

- In re Cleaver, 333 B.R. 430 (Bankr. S.D.Ohio 2005) (dismissing a bankruptcy when debtor failed to obtain credit pre-petition counseling);

- In re Sosa, 336 B.R. 113 (Bankr. W.D.Tex. 2005) (dismissing a bankruptcy case when the debtors failed to obtain credit counseling pre-petition);

- In re Mingueta, 338 B.R. 833, 838 (Bankr. C.D. Cal. 2006) (dismissing a bankruptcy case when the debtors failed to obtain credit counseling and stating that "[a]bsent **strict** compliance with § 109(h), individual debtors are ineligible for bankruptcy relief."); *emphasis added.*

- In re Seaman, 340 B.R. 698, 706 n.3 (Bankr. E.D.N.Y. 2006) (dismissing a case in which the debtor failed to obtain pre-petition counseling stating that "[t]his Court also notes that of the thirty-four decisions addressing ineligibility under Section 109(h) to date, thirty-one have resulted in dismissal.").

The evidence before the Court clearly proves Rosa Fridman did not take the first educational class, but rather a third party in Oregon took the class, in nine minutes, using an Apple computer (Bhatt decl. ¶ 10, Exh. "3").  Unaware that the company providing the educational class, Debtorcc,

tracks the IP address, geographical location, computer information and timing to ensure legitimate records, Rosa Fridman's incompatible answers under oath prove she did not take the class.

Each and every answer of Rosa Fridman is proven to be a clear lie by the business computer records of 001 Debtorcc, Inc. ("Debtorcc") who administered the first course. Debtorcc president attests under oath in his declaration that Debtorcc business records, maintained by Debtorcc in the ordinary course of business, recording the acts, events and occurrences at the same time that the records were created (Bhatt decl. ¶¶ 2-5), establish the following:

(1) A third party in Oregon registered with Debtorcc for the first pre-bankruptcy educational class at approximately 5:00 pm, EST (Bhatt Decl. ¶ 8, Exh. "1"). At 5:03 PM EST payment was made (Bhatt decl. ¶ 9, Exh. "2").

(2) The class was taken on a computer connected to the internet in Redmond, Oregon. (Bhatt decl. ¶ 10a, Exh. "3")

(3) The class was taken on an Apple Macintosh Intel based computer running an Apple operating system of OSX 10.15, and a web browser of Mozilla/Firefox version 68. (Bhatt decl. ¶ 10b, Exhibit "3")

(4) The educational class, a chat session, lasted nine minutes. (Bhatt decl. ¶ 11, Exh. "4")

Mr. Bhatt, President of Debtorcc attests that Debtorcc captures this information and has a substantial interest in maintaining accurate business records as Debtorcc is authorized by the Department of Justice to administer these courses for bankruptcy cases in the United States. Bhatt decl. ¶¶ 4, 5. The information captured by Debtorcc's proprietary software on their servers is reliable.

As set forth in the declaration of Mr. Bryan Swezea, an expert in computer forensics, there is no way that Debtor's testimony is credible given the business records consisting of computer reports from Debtorcc (Swezea decl. ¶¶. 11-15). Mr. Swezea professional opinion, having worked in the IT field for some twenty years, is that it is an "impossibility" for Rosa Fridman to have taken the pre-bankruptcy Course (Swezea decl. ¶ 15). In addition, an investigator attempting to serve Rosa Fridman with documents observed Rosa Fridman at the same date and time in Huntington Beach while the person was taking the educational class for her in Oregon (Decl. of Barry Brooks ¶ 3).

It is physically impossible for Rosa Fridman to have been in two states at the same time. It is also physically impossible for her to have taken the course on her LG tablet when the computer business records from Debtorcc establish it was taken on an Apple computer.  It is also impossible that Rosa Fridman spent four hours taking this class when Debtorcc's business records, including the "chat session" prove it was completed in approximately 9 minutes (Bhatt Decl. ¶ 11, Exh. 4).  It is also impossible for Rosa Fridman to have used her home internet of Frontier Communications to complete the class when the internet connection used belonged to TDS Communications, on an assigned IP address in Oregon (Swezea decl.  ¶¶ 9, 10).

The evidence undeniably shows Rosa Fridman did not take the educational class.  Just as her charade before the jury in the 2011 State Court case, Rosa Fridman expected she would get away with lying to the Court, with no expectation that her conduct would again be exposed. Under established law, Rosa Fridman's failure to personally take the mandatory pre-filing educational class mandates dismissal of her bankruptcy case.

## V.    ROSA FRIDMAN CANNOT OBTAIN RELIEF FROM SECTION 109(h) AS THE COURT MAY NOT GRANT ANY RELIEF AT THIS LATE DATE AND SHE DOES NOT FALL WITHIN THE EXCEPTION OF 109(h)(4).

Section 109(h)(3)(A)(i)-(iii) allows a limited window for relief that expires no more than 45 days after the applicant files a petition.  11 U.S.C. §109(h)(3)(B).  This case is well past the 30 plus 15-day deadline as the date of filing was February 26, 2021.

Rosa Fridman is not available for relief under 11 U.S.C. § 109(h)(4).  Rosa Fridman has testified multiple times under oath in this case, submitted numerous declarations under oath, and testified under oath in her "341" examinations to participating in the educational classes, responding to the questions on her own.  She clearly does not fall within the exception for military active duty, incapacity, or disability.

The Court in In re Mingueta (Bankr. C.D. Cal. 2006) 338 B.R. 833, 838 fn. 10 held

> Section 109(h)(4) states that § 109(h)(1) does not apply to a debtor "whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active duty in a military combat zone." 11 U.S.C. § 109(h)(4). "Incapacity," as

9

used in § 109(h)(4), "means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities." *Id.* "Disability," on the other hand, requires that the debtor be "so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing" mandated by § 109(h)(1). 11 U.S.C. § 109(h)(4).

Rosa Fridman is not incapacitated as defined under Section 109(h)(4). She has no mental illness or deficiency rendering her incapable of realizing and making rational decisions with respect to her financial responsibilities. Rosa Fridman testified that she recently signed a Deed against her property for $50,000 lien to her attorney, Scott Talkov, for *future* legal fees and explained she was responsible for repayment (Avetoom decl. Exh. "1" RT 48, RT 50, RT 55). To engage in a new contract with her attorney and understand the obligation of said contract also reinforces that Rosa Fridman is not incapacitated.

Rosa Fridman does not qualify as disabled under Section 109(h)(4) as she has testified under oath in two "341" examinations of her personal financial condition including sources of income and financial responsibilities. Rosa Fridman has repeatedly testified under oath in this case and in the State cases by video and telephone. Rosa Fridman has never alleged that she is so physically impaired that she is unable, after reasonable effort, to participate in an in-person, telephonic or internet briefing required under Section 109(h). Rosa Fridman testified that she participated in an internet educational session on her LG Tablet, while in her home in Huntington Beach, CA. Rosa Fridman may be in her eighties but she is not "disabled" within the definition of Section 109(h)(4).

It is expected that Rosa Fridman's counsel will claim because of her age, she should be exempted. This is too late after being caught submitting a Certificate obtained by using a third party in Oregon to take the mandatory educational class. Rosa Fridman's counsel will also argue that Rosa Fridman should be left alone, and not be forced out of her condo, as he has just made this argument, along with his usual ad homonym attacks this Court warned him of, but Rosa Fridman admits she gave this same attorney a $50,000 deed and is responsible for repayment (Avetoom decl. Exh. "1" RT 48:5~55-:4). Rosa Fridman and her attorney are also asking the BAP to issue an order, as part of the appeal, to be able to immediately sell the property. The only person who is threatening to kick Rosa Fridman out of her condo is her own attorney.

MOTION FOR AN ORDER DISMISSING BANKRUPTCY CASE

Rosa Fridman is barred from seeking any exemption as she does not fulfill the statutory requirements to avoid having to take an educational course that she already lied about taking. See In re Alvarado (N.D. Cal. 2013) 496 B.R. 200, 210 "*the bankruptcy court, except in the limited circumstances set forth in § 109(h)(2), (3), and (4) which were not present here, did not have discretion to ignore, modify, or defer the requirements of § 109(h)(1)."). The court concludes as a matter of law that failure to comply with the credit counseling requirement under section 109(h) establishes cause for dismissal under section 707(a).*"

Such is the case here.  The Court may not fashion a remedy based on sympathy to remedy Rosa Fridman's fraudulent representation of taking her pre-petition course.  There is no age restriction on lying under oath as has been exposed here.

## VI.  **ROSA FRIDMAN SHOULD BE BARRED FROM REFILING FOR TWO YEARS.**

The 9th Circuit BAP held in In re Franco (B.A.P. 9th Cir., June 2, 2016, No. 2:15-BK-12214-WB) 2016 WL 3227154, at *5, "Once a court has determined that cause to dismiss exists, it must then decide what form of dismissal should apply. Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth), 455 B.R. 904, 922 (9th Cir. BAP 2011). Section 349(a) establishes a general rule that dismissal of a case is without prejudice, but expressly grants a bankruptcy court the authority to dismiss the case with prejudice which "bars further bankruptcy proceedings between the parties and is a complete adjudication of the issues." Citing Leavitt v. Soto (In re Leavitt), 209 B.R. 935, 942 (9th Cir. BAP 1997), *aff'd*, 171 F.3d 1219 (9th Cir.1999).

When dismissing with prejudice courts are to consider the following factors: (1) whether debtor misrepresented facts in the petition, unfairly manipulated the Bankruptcy Code, or otherwise filed in an inequitable manner; (2) debtor's history of filing and dismissals; (3) whether debtor only intended to defeat state court litigation; and (4) whether egregious behavior is present. *Id.* at 1224. Id.

In this case Rosa Fridman, no matter what her age, misrepresented taking the educational class that opened the doors of this Court for her.  Lying under oath to taking the mandatory educational class under Section 109(h) is truly inequitable conduct, let alone having a third party take the course for you in another state.  This is Rosa Fridman's second bankruptcy, with her 2012 case lasting for years

MOTION FOR AN ORDER DISMISSING BANKRUPTCY CASE

1  before stipulating to denial of discharge for unlawful conduct, including lying under oath during her

2  bankruptcy (11 U.S.C. § 707(a)(5)).

3       In addition, Rosa Fridman sought to use bankruptcy to avoid the State Court contempt

4  litigation.  Lastly, Rosa Fridman's conduct, a continuation from her 2012 conduct, is again egregious.

5  Lying under oath to taking the educational class that the facts clearly prove was and remains a lie.

6  This proves Rosa Fridman, despite her age, has not changed in her willingness to lie under oath.

7  Regardless of age, race, religion, ethnicity, a lie is a lie.

8       As such, this Court should bar Rosa Fridman from filing a successive petition for a period of

9  two years.

10  **VII.  <u>AS A MATTER OF LAW THIS COURT MUST VACATE ITS ORDER ON ROSA</u>**

11      **<u>FRIDMAN'S LIEN AVOIDANCE MOTION.</u>**

12       Rosa Fridman did not comply with the strict requirements of Section 109(h).  As a matter of

13  law, she is not a "debtor" under the bankruptcy code.   Under Section 11 U.S.C. §522(f) only a debtor

14  can avoid liens [*"the debtor may avoid the fixing of a lien on an interest of the debtor in property to*

15  *the extent that such lien impairs an exemption to which the debtor would have been entitled under*

16  *subsection…"*].  As she was not a debtor as of the date of filing her petition on February 26, 2021, she

17  had no standing to file her motion under 11 U.S.C. § 522(f).  Standing is a jurisdictional requirement

18  that may be raised at any time of the proceedings. <u>Center For Biological Diversity v. Kempthorne</u> (9th

19  Cir. 2009) 588 F.3d 701, 707.  *See* <u>United States v. Viltrakis</u>, 108 F.3d 1159, 1160 (9th Cir.1997).

20       When a case is dismissed, an order avoiding a judicial lien under § 522(f) is vacated, because

21  the dismissal reinstates "any transfer avoided under section 522 ...." The basic purpose of § 349(b) is to

22  protect creditors by reinstating their liens upon dismissal of a case. Congress' intent upon dismissal is

23  "to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in

24  which they were found at the commencement of the case."[1]  <u>In re Petersen</u> (Bankr. D. Utah 2016) 561

25  B.R. 788, 792. Citing 11 U.S.C. § 349(b)(1)(B).  See also <u>In re Phillips</u> (Bankr. E.D.N.C. 2016) 553

26  B.R. 536, 545 (case dismissal vacates avoidance order citing § 349(b)(1)(B)) under 11 U.S.C. §

27  ─────────────────

28  [1] H.R.Rep No. 595, 95th Cong., 1st Sess. 338 (1977); S.Rep No. 989, 95th Cong., 2d Sess. 48–49
(1978)

MOTION FOR AN ORDER DISMISSING BANKRUPTCY CASE

349(b)(1)(B), dismissal of the case "reinstates 'any transfer avoided under section 522....' " <u>In re</u>
<u>Phillips</u>, 553 B.R. 536, 545 (Bankr. E.D.N.C. 2016).  <u>In re Zyk</u> (Bankr. D.D.C., Mar. 18, 2019, No. 18-
00430) 2019 WL 1282783, at *6.

In this case, Rosa Fridman and her accomplice's willingness to fabricate the appearance that
Rosa Fridman completed the first mandatory debtor educational course through Debtorcc, mandates
dismissal under Section 707(a).  As a matter of law, the bankruptcy case is unwound, including this
Court's Order granting Rosa Fridman's lien avoidance motion. See cases cited supra and §
349(b)(1)(B).

While several months have already passed, the information leading to discovery of Rosa
Fridman's fraudulent representation as to taking the mandatory pre-bankruptcy educational program
did not surface until after Debtor's continued "341" exam on August 31, 2021.

As this Court is aware, standing can be raised at any time of the proceedings.  Here Rosa
Fridman filed bankruptcy without qualifying as a "debtor" under Section 109(h).  As a matter of law
her case must be dismissed and the Order granting her Lien Avoidance Motion vacated.

As stated above, dismissal and vacating a lien avoidance motion protects the rights of creditors.
Rosa Fridman cannot be rewarded for fraudulently avoiding the mandatory requirements of Section
109(h).

**VIII.   <u>CONCLUSION.</u>**

Based on the foregoing facts proving Rosa Fridman did not take the mandatory pre-bankruptcy
educational course, Creditor and Movant requests this Court issues the following Orders:

1. Dismiss Rosa Fridman's bankruptcy case,

2. Bar Rosa Fridman from filing any bankruptcy case for a period of two years, and

3. Vacate this Court's Order granting Rosa Fridman's lien avoidance motion. And

4. Any other relief the Court deems just and proper.

Dated: September 30, 2021            By:    */s/ Karl Avetoom*

_____
Karl Avetoom, Creditor and Moving party.

MOTION FOR AN ORDER DISMISSING BANKRUPTCY CASE

1          DECLARATION OF KARL AVETOOM

2    I, Karl Avetoom, hereby declare as follows:

3          1.          I am a creditor in the above entitled bankruptcy case of Rosa Fridman and Plaintiff and

4    Judgment creditor in the State cases.  I have personal knowledge of the following facts and if called

5    upon to testify under oath, I could and would do so competently.

6          2.          I make this declaration in support of my motion to dismiss Rosa Fridman's bankruptcy

7    case currently pending before this Court.

8          3.          Attached to my declaration as Exhibit "1" are true and correct pages from Rosa

9    Fridman's "341" examination conducted on or around August 31, 2021.

10

11   I declare under penalty of perjury under the laws of the United States that the foregoing is true and

12   correct to the best of my knowledge.

13   Executed September 30, 2021 in Newport Beach, Ca.

14

15                              By:    */s/ Karl Avetoom*

16                                     _____

17                                     Karl Avetoom

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "1"

*Reporter's Transcript August 31, 2021*

15

341(a) MEETING OF CREDITORS

CHAPTER 7 BANKRUPTCY

CENTRAL DISTRICT OF CALIFORNIA (SANTA ANA)

IN RE:                          )
                                )
                                )
ROSA A. FRIDMAN,                )    CASE NO:  8:21-bk-10513-ES
                                )
                    Debtor.     )
_____ )

DATE:                TUESDAY, AUGUST 31, 2021

PRESIDING OFFICIAL:  KARL T. ANDERSON

APPEARANCES:              SEE PAGE 2

Transcribed by:           Exceptional Reporting Services, Inc.
                          P.O. Box 8365
                          Corpus Christi, TX 78468
                          361 949-2988

Proceedings recorded by electronic sound recording; transcript
produced by transcription service.

<u>REMOTE APPEARANCES</u>:


For Debtor:              SCOTT TALKOV, ESQ.
                         Talkov Law
                         2900 Adams Street
                         Suite C225
                         Riverside, CA 92504


Also present:            ROSA FRIDMAN


For Karl Avetoom:        KARL AVETOOM, PRO SE
                         1100 Rutland Rd.
                         No. 9
                         Newport Beach, CA 92660


For Trustee,             MELISSA DAVIS LOWE, ESQ.
Karl T. Anderson:        Shulman Bastian Friedman & Bui
                         100 Spectrum Ctr. Drive
                         Suite 600
                         Irvine, CA 92618


Interpreters:            Anna        ID #324631
                         Uri         ID #324662
                         Yevgeniya   ID #324352

3

1                                    <u>INDEX</u>

2    <u>WITNESS EXAMINATION</u>                                      <u>PAGE</u>

3    ROSA FRIDMAN

4     BY MR. ANDERSON                                          6/12

5     BY MS. LOWE                                           15/19/25

6     BY MR. AVETOOM                                           26

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1        Q    Ms. Fridman, did you appear by video in the last

2    two years at your son, Val Fridman's house, for any court

3    proceeding?

4                    RUSSIAN INTERPRETER 324352:  If Interpreter

5    is to understand correctly, "Have you appeared by video in

6    the last two years in your son's, Val's house, for any

7    court proceedings?"  Was that the question?

8                    MR. AVETOOM:  Yes.

9                    RUSSIAN INTERPRETER 324352:  Thank you.

10       A    (Through Interpreter):  I don't remember.

11       Q    So you do remember appearing by video while at

12   Val Fridman's house; is that correct?

13                   MR. TALKOV:  I don't remember her saying

14   that.

15                   MR. ANDERSON:  Mr. Avetoom?

16                   MR. AVETOOM:  She said she remembered.

17                   MR. TALKOV:  She said she didn't remember.

18                   RUSSIAN INTERPRETER 324352:  "I don't

19   remember."  This is Interpreter.  Her last several answers

20   were "I don't remember."

21                   MR. AVETOOM:  Okay.  I thought she said she

22   did remember.

23       BY MR. AVETOOM:

24       Q    Ms. Fridman, did you do the bankruptcy training

25   class before you filed bankruptcy?

1          MR. TALKOV:  This was asked and answered at

2    the prior Meeting of Creditors, Mr. Avetoom.  Do you have

3    any other questions?

4          MR. ANDERSON:  I don't remember it.

5       BY MR. AVETOOM:

6       Q    Were you when you did -- where were you when you

7    -- when you completed the first educational course prior

8    to you filing bankruptcy?

9          RUSSIAN INTERPRETER 324352:  This is

10   Interpreter.  I couldn't hear the answer.

11          (Interprets again)

12       A    (Through Interpreter):  In my apartment.

13       Q    So you completed the online educational class in

14   your apartment?

15       A    (Through Interpreter):  Yes.

16       Q    And do you recall testifying at your last 341

17   examination that you did not have internet access at your

18   apartment?

19          MR. TALKOV:  I don't recall that.

20          RUSSIAN INTERPRETER 324352:  The

21   interpreter apologize.  I couldn't hear the answer.

22          (Interprets again)

23       A    (Through Interpreter):  I said that I had the

24   internet.

25       Q    And what device did you use to take this

1      educational class?

2                      RUSSIAN INTERPRETER 324352:  This is

3      Interpreter.  I couldn't hear the answer.

4                  (Interprets again)

5          A    (In English):  LG tablet.

6                      RUSSIAN INTERPRETER 324352:  This is

7      Interpreter.  I wasn't able to understand the answer.

8      Maybe something "MG tablet".  I'm not absolutely sure.

9                          MR. TALKOV:  I think she said "LG tablet."

10                      MR. AVETOOM:  Let me ask again.

11         BY MR. AVETOOM:

12         Q    Ms. Fridman --

13                      RUSSIAN INTERPRETER 324352:  LG tablet?

14         Q    -- complete the educational online course using

15     your tablet?

16         A    (Through Interpreter):  Yes.

17         Q    And was that educational class in Russian or

18     English?

19         A    (In English):  English.

20         Q    And did you have assistance in completing this

21     class?

22                      RUSSIAN INTERPRETER 324352:  Interpreter

23     couldn't hear.

24                  (Interprets again)

25         A    (Through Interpreter):  My son, Val.

34

1        Q    Did Val answer the questions for you?

2                 RUSSIAN INTERPRETER 324352:  This is

3    Interpreter.  It sounded like she said, "No, he explained

4    something to me," but would you like me to ask her to

5    repeat the answer?  I couldn't hear it clearly.

6                 MR. AVETOOM:  (indisc.)

7                 (Interprets again)

8        A    (Through Interpreter):  My son just explained

9    things to me and I answered.

10       Q    How long did this class take to complete?

11                RUSSIAN INTERPRETER 324352:  The

12    Interpreter -- the Interpreter couldn't hear.

13                (Interprets again)

14       A    (Through Interpreter):  Four hours.

15       Q    Four hours.  What time did you start the online

16    educational program?

17       A    (Through Interpreter):  I don't remember.

18       Q    Do you know what time you sent us the

19    examination -- the online program?

20       A    (Through Interpreter):  I don't know exactly.

21       Q    Where are you right now?  Is she at her

22    condominium in Huntington Beach or?

23       A    (Through Interpreter):  I'm at home.

24                (Continues interpreting) -- condominium

25    Huntington Beach.

1          BY MR. AVETOOM:

2          Q    Did you give a deed of trust to Scott Talkov?

3                    RUSSIAN INTERPRETER 324352:  I'm sorry.

4     Could you repeat the question.  "Deed for?"

5          Q    Ms. Fridman, did you sign a deed of trust to

6     Scott Talkov?

7          A    (Through Interpreter):  Yes.

8          Q    And why did you sign a deed of trust to Scott

9     Talkov?

10          A    (Through Interpreter):  So that I could pay my

11     legal bills to him.

12          Q    And do you intend on repaying Mr. Talkov

13     personally?

14          A    (Through Interpreter):  Yes.

15          Q    And how are you going to pay Mr. Talkov?

16                    RUSSIAN INTERPRETER 324352:  This is

17     Interpreter.  I couldn't hear the answer.  Something in

18     the future but I couldn't hear the rest.

19                    (Interprets again)

20                    RUSSIAN INTERPRETER 324352:  I'm sorry.  I

21     wasn't able to hear the answer clearly.

22          BY MR. AVETOOM:

23          Q    Let me rephrase the question to make it easier

24     on her.

25                    Do you intend on paying Mr. -- do you

1    intend on paying Mr. Talkov with your money from social

2    security?

3           A     (Through Interpreter):  I think so.

4           Q     And you make approximately $1800 a month in

5    social security?

6           A     (Through Interpreter):  Nineteen hundred.  I

7    receive 1,900.

8           Q     And approximately how much do you have leftover

9    every month after you pay for all of your bills, your

10   food, your medication, your Homeowner's Association dues

11   and your insurance?

12                MR. TALKOV:  Objection.  You asked this

13   question at the first Meeting of Creditors.  She doesn't

14   need to answer it again.

15   BY MR. AVETOOM:

16          Q     Ms. Fridman, do you have any money left over

17   every month at the end of the month to pay any other

18   bills?

19                MR. TALKOV:  Objection, asked the same

20   question at the first Meeting of Creditors.

21                MR. AVETOOM:  Well I think she's opened up

22   a new door here because she's saying she's going to pay

23   you out of social security.

24                MR. TALKOV:  These same questions are the

25   questions you asked at the first Meeting of Creditors.

1          MR. AVETOOM:  It doesn't matter, Scott.

2     She's taken on a new debt to you for $50,000 and saying

3     she's going to pay it from social security.

4          BY MR. AVETOOM:

5          Q    Ms. Fridman, are you aware of how much the deed

6     of trust is for?

7          A    (Through Interpreter):  50,000.

8          Q    And do you know -- how long do you have to repay

9     the $50,000?

10               MR. TALKOV:  Objection.  Calls -- relation.

11               MR. AVETOOM:  She can answer.

12          A    (Through Interpreter):  I don't know.

13          Q    Ms. Fridman, do you intend on paying this

14     $50,000 off in your lifetime?

15               MR. TALKOV:  (indisc.)

16          A    (Through Interpreter):  I don't know.

17          Q    Do you intend on paying Mr. Talkov by selling

18     the property, the Blackbeard Lane property?

19               MR. TALKOV:  Objection, calls for (indisc.)

20          A    (Through Interpreter):  No.

21               MR. AVETOOM:  She said "no"?

22               RUSSIAN INTERPRETER 324352:  This is

23     Interpreter.  I believe that she said no but when I asked

24     her to repeat, I didn't hear an answer.

25               MR. AVETOOM:  Okay.  If you could ask her

51

1      to repeat the answer.

2                    (Interprets again)

3                         RUSSIAN INTERPRETER 324352:  This is

4      Interpreter.  I could only hear "I don't know."  I didn't

5      hear the rest of the answer.

6                         MR. AVETOOM:  If you could ask her to

7      repeat the answer.

8                         RUSSIAN INTERPRETER 324352:  This is

9      Interpreter.  Could you please repeat your question

10     please?  The question was, "Are you going to pay by

11     selling the property, Blackbeard Lane property?"  Is that

12     the question.

13          Q    Yes.  Do you plan on paying Mr. Talkov after

14     selling the Blackbeard Lane property?

15          A    (Through Interpreter):  I don't know.

16          Q    So is it possible that you will pay Mr. Talkov

17     by selling the Blackbeard Lane property?

18                         MR. TALKOV:  Objection.  Asked ...

19                         MR. AVETOOM:  You can ask her.

20          A    (Through Interpreter):  Maybe he will be paid

21     after I die.  I don't know.

22          Q    And why do you think he would be paid after you

23     die?

24          A    (Through Interpreter):  I don't know.

25          Q    Do you have any life insurance?

1        A     (Through Interpreter):  No.  No.

2        Q     Do you have any money saved away anywhere?

3        A     (Through Interpreter):  No.

4        Q     Then where -- where do you believe the money

5    will come from to pay Mr. Talkov after you die?

6        A     (Through Interpreter):  I don't know.

7        Q     Ms. Fridman, have you informed any court that

8    you were concerned about me foreclosing on your Blackbeard

9    Lane property in the last --

10             RUSSIAN INTERPRETER 324352:  I'm sorry.

11   "In the last?"

12       Q     In the last -- (indisc.)

13             RUSSIAN INTERPRETER 324352:  Okay.

14       Q     -- for the date (indisc.)

15             In the last two years, Ms. Fridman, did you

16   inform any court that you were concerned that I would

17   foreclose on your Blackbeard Lane property?

18       A     (Through Interpreter):  I don't remember.

19       Q     And earlier Ms. Lowe asked you if you have any

20   liens on your property.  Do you remember that?

21             MR. TALKOV:  Objection (indisc.)

22       A     (Through Interpreter):  Yes.

23       Q     Are you sure there are no liens on your property

24   currently?

25             MR. TALKOV:  Objection, misstates the

53

1      testimony, Mr. Avetoom.  She said there was a trust deed

2      on the property.

3                  MR. AVETOOM:  And what was her answer,

4      Madam Translator?

5                  RUSSIAN INTERPRETER 324352:  I didn't hear

6      the answer, actually.  Did you want me to ask her to

7      repeat the answer?

8                  MR. AVETOOM:  I'll ask this one question.

9        Q    Are you aware if there is a lien on your

10     property right now?

11                 MR. TALKOV:  Objection, calls for a legal

12     conclusion.

13                 MR. AVETOOM:  She can answer.

14       A    (Through Interpreter):  I didn't understand.

15                 MR. AVETOOM:  Do you recall the last

16     question?  I don't know if you typed them out.

17                 RUSSIAN INTERPRETER 324352:  This is

18     Interpreter.  Did you want me to repeat the question,

19     whether she is aware that there is a lien on the property

20     at this time?

21                 MR. AVETOOM:  If you could, I'd appreciate

22     it.

23                 (Interprets again)

24                 RUSSIAN INTERPRETER 324352:  This is

25     Interpreter.  I couldn't hear the answer.

1                    (Interprets again)

2                         RUSSIAN INTERPRETER 324352:  Sorry.  I'm

3          not able to hear clearly the answer.

4                    (Debtor speaking Russian)

5                         RUSSIAN INTERPRETER 324352:  She's repeated

6          the answer several times but I'm not able to understand

7          it.  I'm not sure if it's in Russian or English or mixed.

8                         MR. AVETOOM:  Well can you ask her to break

9          up the answer so we can get something of an answer from

10         her.

11                        MR. ANDERSON:  And don't forget,

12         Mr. Avetoom, it's been two hours so far.  So if you could

13         kindly just sort of wrap it up.

14                        MR. AVETOOM:  Madam Translator, I just --

15         I'll move on to a different question.

16              BY MR. AVETOOM:

17              Q    Ms. Fridman, did you give Mr. Talkov a $50,000

18         deed of trust for legal fees that have already been

19         incurred?

20                        RUSSIAN INTERPRETER 324352:  Could you

21         repeat the question please?  I couldn't hear every word.

22              Q    Ms. Fridman, did you give Mr. Talkov a $50,000

23         deed of trust for legal fees that are already owed by you?

24                        RUSSIAN INTERPRETER 324352:  Thank you.

25              A    (Through Interpreter):  No.

1    Q    Is the $50,000 deed of trust for future legal

2    expenses?

3                MR. TALKOV:  Objection, future.

4    A    (Through Interpreter):  Yes.

5    Q    Have you paid any -- how many trusts do you have

6    currently?

7    A    (Through Interpreter):  Regarding (phonetic)

8    just one.

9    Q    Have you created any new trusts in the last two

10   years?

11   A    (Through Interpreter):  No.

12   Q    Last question.  Have you transferred any of your

13   interests in the Blackbeard Lane property to anyone else

14   in the last two years since January of 2019?

15   A    (Through Interpreter):  No.

16                MR. ANDERSON:  Okay.  Thank you very much.

17                MR. AVETOOM:  (indisc.)

18                MR. ANDERSON:  Go ahead.

19                MR. AVETOOM:  Mr. Anderson, I'm finished.

20   Thank you very much.

21                MR. ANDERSON:  You betcha.

22                Ms. Lowe, do you have any questions?

23                MS. LOWE:  No, nothing further from me.

24                MR. ANDERSON:  Okay.  Do you need a

25   continuance in this?  I mean I have all the questions

thank you.  Bye bye.

            (Hearing concluded)


                    CERTIFICATION


        I certify that the foregoing is a correct transcript

from the electronic sound recording of the proceedings in the

above-entitled matter.




_____          September 28, 2021




                    TONI HUDSON, TRANSCRIBER

1  Karl Avetoom
2  1100 Rutland Road # 9
   Newport Beach, CA 92660
3  (949) 929-4787
   Email kia002@att.net
4

5

6  Creditor and Plaintiff, In Pro Per

7

8              UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

10  In re:                              )   Case No:      8:21-bk-10513-ES
                                        )
11  Rosa Fridman                        )   Hon:  Erithe A. Smith
                                        )
12                                      )   Chapter 7
                                        )
13                                      )   **DECLARATION OF CUSTODIAN OF**
                                        )   **RECORDS FOR 001 DEBTORCC, INC.**
14                                      )
                                        )
15                                      )
                                        )
16  _____

17     **DECLARATION OF CUSTODIAN OF RECORDS FOR 001 DEBTORCC, INC.**

18  I, Jay Bhatt, here by declare as follows:

19        1.      I am the Custodian of Records for 001 Debtorcc, Inc. ("Debtorcc") with authority and

20  knowledge to authenticate the attached business records of Debtorcc.  I have personal knowledge of the

21  following facts and if called upon as a witness, I could and would competently testify to the following

22  facts under oath.

23        2.      I am employed by Debtorcc as President.  Debtorcc is an agency approved pursuant to

24  11 U.S.C. 111 to provide credit counseling in the Central District of California for individuals or group

25  briefing that complies with the provisions of 11 U.S.C. 109(h) and 111.  Debtorcc is authorized to

26  provide pre-bankruptcy educational courses by the United States Department of Justice to provide pre-

27  petition mandatory educational courses.

28

                                        1

3.      The attached business records are made and kept in the ordinary course of business near or at the time of the events reflected herein. The attached records are compiled from Debtorcc's proprietary software that records the user's IP address, geographical location of the party taking the educational course, the customer's communications including chat session logs with time stamps, payment method with time and date, and history used in taking Debtorcc's pre-bankruptcy filing educational course.

4.      The attached records from Debtorcc are obtained by using Debtorcc's proprietary software run on Debtorcc's servers capturing electronic information that is kept in the course of a regularly conducted business activity of Debtorcc; and is the regular practice of Debtorcc to maintain these records and this source of information is captured and maintained on our secure servers and accessible only to authorized employees of Debtorcc.

5.      Debtorcc maintains the electronic records in the ordinary court of business, has a substantial interest in the accuracy of these electronic records and relies on these electronic records as Debtorcc is an approved provider by the United States Department of Justice for bankruptcy educational courses for use in bankruptcy proceedings throughout the United States of America required by statute.

6.      Attached to this declaration as Exhibits are true and copies of Debtorcc's business records relating to the pre-bankruptcy educational course for Certificate Number 15725-CAC-CC-035351376.

7.      I prepared the following electronic business records attached as Exhibits to this declaration relating to the first debtor educational class, taken prior to filing of a bankruptcy petition, for Certificate Number 15725-CAC-CC-035351376.

8.      Attached as **Exhibit "1"** are true and correct copies of Debtorcc's business records for user information for Certificate No. 15725-CAC-CC-035351376 created by Debtorcc showing registration for the first bankruptcy course at 5:50 o'clock PM EST.

9.      Attached as **Exhibit "2"** are true and correct copies of Debtorcc's business records for payment of the first bankruptcy course showing payment using a Visa credit card ending in 3635 at 5:53 o'clock PM EST.

DECLARATION OF CUSTODIAN OF RECORDS FOR 001 DEBTORCC, INC.

10.    Attached as **Exhibit "3"** are true and correct copies of Debtorcc's business records of DebtorCC that captured the IP address of the party taking this first pre-bankruptcy course of 67.204.133.249.

    a.  Debtorcc's proprietary software geographically located the party taking the first course in Redmond, Oregon.

    b.  Debtorcc's software tracked the party who used an Apple "Macintosh" "Intel based" computer using an operating system of Mac OS 10.15 and used a Firefox/Mozilla browser version 68.

11.    Attached as **Exhibit "4"** is a true and correct copy Debtorcc's business records that establish after registration and payment for the first pre-petition course, the applicant logged back into the Debtorcc program to receive her counseling by chat session at approximately 6:24 PM (EST).  The Chat Session for credit counseling was captured by Debtorcc's servers, beginning at approximately 6:24 PM (EST) and was completed approximately nine minutes later at 6:33 PM (EST).  After the nine minute educational course, a Certificate was issued.

12.    Attached as **Exhibit "5"** is a true and correct copy of the Certificate No. 15725-CAC-CC-035351376 issued by Debtorcc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed September 27, 2021 in Jersey City, New Jersey

By:  _____
Jay Bhatt, President
001 Debtorcc, Inc.

DECLARATION OF CUSTODIAN OF RECORDS FOR 001 DEBTORCC, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EXHIBIT "1"*

DECLARATION OF CUSTODIAN OF RECORDS FOR 001 DEBTORCC, INC.

# Certificate Search



| 15725-CAC-CC-035351376 | **SEARCH** |

**Search Results:**  Items per page: 10 ⌄ / 1

---

**User Name:** ROSA FRIDMAN (2772)
**User Certificate No:** 15725-CAC-CC-035351376

---

1

## Update User.

**Course Status:** Certificates Generated Successfully 📄

**Filing Selected:**

● Individual    ○ Joint

| LOCK ACCOUNT | COUNSELING |

| RETURN TO FEE WAIVER |

**Personal Information:**

ROSA

FRIDMAN

2772

**Account Information:**

rosafridman3@gmail.com

Yes ▾

(657) 204-9728

Central District of California ▾

☐ Send me important reminders, case information, and product offerings by SMS (recommended).

In what city were you born? ▾

Kiev

Send me important reminders, case information, and product offerings by SMS (recommended).

| In what city were you born? | Kiev |

2/9/2021 6:33:05 PM

Course Completed

Enter a short note (up to 100 chars)

**Attorney Information:**

scott@talkovlaw.com

**SAVE**    **DELETE**

INCOMING IP    DUPLICATE IP    UPGRADES    UPGRADE LOGS

UNLOCK PAYMENT    REFUND

## ROSA FRIDMAN (2772)

**District:** Central District of California

**Email ID:** rosafridman3@gmail.com
**Password:** update password

LOGIN

**Attorney Name:** Scott Talkov
**Phone:** (951) 888-3300
**Attorney Email ID:** scott@talkovlaw.com



**Date Registered:** Feb 09, 2021 05:50 PM
**Course Status:** Certificates Generated Successfully
**Date Completed:** Feb 09, 2021 06:33 PM
**Certificates:** Certificate Available For Download

**Notes:** *No notes available*

+ add notes

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*EXHIBIT "2"*

DECLARATION OF CUSTODIAN OF RECORDS FOR 001 DEBTORCC, INC.

Print Receipt

# Merchant: 001 DEBTORCC INC

378 SUMMIT AVE
JERSEY CITY, NJ 07306                    800-610-3920
US

## Order Information

Description:          First Bankruptcy Course
Order Number:                            P.O. Number:
Customer ID:                             Invoice Number:

**Billing Information**                  **Shipping Information**
Rosa Fridman

rosafridman3@gmail.com

|  |  |
|---|---|
| Shipping: | 0.00 |
| Tax: | 0.00 |
| **Total: USD 19.95** | |

## Payment Information

Date/Time:            09-Feb-2021 17:53:50 EST
Transaction ID:       62845355039
Transaction Type:     Authorization w/ Auto Capture
Transaction Status:   Settled Successfully
Authorization Code:   080533
Payment Method:       Visa XXXX3635

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

*EXHIBIT "3"*

26
27
28

DECLARATION OF CUSTODIAN OF RECORDS FOR 001 DEBTORCC, INC.

Location

Redmond, Oregon, United States

Browser

Firefox 68.0

Platform

Mac OS 10.15

Device

-

IP address

67.204.133.249

User agent

Mozilla/5.0 (Macintosh; Intel Mac OS X 10.15; rv:68.0) Gecko/20100101 Firefox/68.0

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EXHIBIT "4"*

DECLARATION OF CUSTODIAN OF RECORDS FOR 001 DEBTORCC, INC.

Chat started on Tuesday, February 09, 2021 6:24:44 PM

(6:24:44 PM) *** Visitor 1612913074 has joined the chat ***
(6:24:44 PM) Visitor 1612913074: Hello
(6:24:46 PM) Counseling Department: Hello. This is a mandatory counseling that is required by law before we release your certificate of completion. To begin, please provide me your First Name, Last Name, and Last 4 Digits of your Social Security #. If you have taken a joint course, we will need that information for both of you to begin. Once you input the information, please hit the ENTER key to submit your information.
(6:24:48 PM) *** Landes has joined the chat ***
(6:25:06 PM) Visitor 1612913074: Rosa Fridman
(6:25:29 PM) Visitor 1612913074: SSI: 2772
(6:25:40 PM) Landes has changed the visitor's name to ROSA FRIDMAN.
(6:25:46 PM) Landes: Greetings, please verify your identity:   In what city were you born?
(6:25:52 PM) ROSA FRIDMAN: Kiev
(6:26:09 PM) Landes: Thank you for confirming this, we will now get started with the final briefing - let's look into your debts and assets.
You have listed a monthly payment for mortgage on your list of expenses; however, you have not listed a total amount that you owe for the mortgage. Do you have an outstanding mortgage amount that you owe? If so, how much it is?
(6:26:31 PM) ROSA FRIDMAN: No
(6:26:48 PM) Landes: Thank you. What debt caused you to have the judgments?
(6:27:05 PM) ROSA FRIDMAN: Civil Lawsuit
(6:27:39 PM) Landes: Thank you, what kind of debt caused the lawsuit?
(6:28:10 PM) ROSA FRIDMAN: I was sued by my neighbor, and he was awarded a judgement against me.
(6:28:35 PM) Landes: I understand and thank you for this information. In regards to the mortgage, is the mortgage paid off in full?
(6:29:57 PM) ROSA FRIDMAN: The mortgage is paid off in full, however I listed my other monthly expenses such as home owners, and association dues, etc.
(6:30:30 PM) Landes: I understand and thank you for this information. Your total short-term debt is $1,020,810.80. Your total long-term debt is $0.00. This is debt that is generally structured to take longer than 1 year to pay off.  As a result, the total amount of debt that you owe is $1,020,810.80.

Does this appear to be accurate?
(6:30:42 PM) ROSA FRIDMAN: yes
(6:30:45 PM) Landes: Thank you. Your total liquid assets are $100.00. Liquid assets are those that are either cash or can be converted to cash very quickly. This is very helpful because it is available immediately and may help pay off your current debt. Your total tangible assets are $113,500.15. Tangible assets are those that may take some time to convert to cash. They may or may not be helpful in satisfying your short-term need for cash. You may need to spend time selling/converting them to cash. As a result, your total assets are $113,600.15.

Does this look to be an approximate?
(6:31:01 PM) ROSA FRIDMAN: yes
(6:31:09 PM) Landes: Thank you. Let's look into your income  - It appears that your monthly income is $1,937.00, currently. Does this sound correct?
(6:31:14 PM) ROSA FRIDMAN: yes
(6:31:38 PM) Landes: Thank you. From what you input during the course, your monthly expenses total to $1,933.62.

Your net disposable income is $3.38. This means that you're spending exactly how much money you make every month. Having a positive net disposable income can help you develop

an emergency fund as well as help pay down your current debt. You can use mint.com to budget electronically or the forms we'll provide at the end of the course, once you are able to see income again.

We discussed ways to save during the course on various expense categories - do you have any question for me in reference to these before we continue with the final briefing?
(6:31:53 PM) ROSA FRIDMAN: no
(6:32:00 PM) Landes: Thank you. In regards to your assets; we typically recommend that you use any assets that you may have to try to pay down your debt. In reviewing your assets and debt, it seems that you don't have enough assets to pay down your debt. However, recommend to continue to reduce some monthly expenses, this could be a way to work with your creditors and build an emergency fund. Let's move on to setting up a plan that will help you going forward. Do you have any questions before we move into plans that may be helpful?
(6:32:11 PM) ROSA FRIDMAN: no
(6:32:18 PM) Landes: Thank you. After a judgment, a creditor can take steps to seize part of your wages, freeze your bank account, or try to take your belongings. It's important to prioritize taking care of the judgment. You may want to contact an attorney or the court to determine what options you have to fight the judgment after it has been entered. Another option is to settle the debt with the creditor after the judgment has been entered. Rather than going through the process of collecting from you, the creditor may be willing to accept less to simply settle the debt.
(6:32:44 PM) ROSA FRIDMAN: I understand
(6:32:46 PM) Landes: Thank you. Contacting your creditors is very important because they may be willing to work with you. Although you don't have any disposable income, if your financial hardship is temporary, let your creditors know that although you don't currently have any disposable income, you will very soon. We just overall recommend to calibrate your budget, contact them to see what can be done and if it works, it does. If it does not, you have reached out to them and know where you both stand in regards to the matter.

Bankruptcy is an option that you can also explore. Based on what we presented during the course and our conversation here, you're in a better position to make an informed decision if this is the best option for you. You should discuss this option with your attorney.

Ok, before I email your certificate to you and your attorney if listed, do you have any additional questions about any of the course material?
(6:32:58 PM) ROSA FRIDMAN: no
(6:33:00 PM) Landes: Thank you very much for your time. I am now going to send you your certificate(s) in your email. If you do not have a printer and want a hard copy of the certificate(s) mailed to you, you may request that by logging out of your account and logging back in - you will see information to request a hard copy of your certificate(s).  You should receive an email in the next 5-10 minutes. A copy of your certificate(s) will also be sent to your attorney if you have provided an attorney name or email. Just so you know, you may also download the entire course material from your account. That way you can reference the course material whenever you want. If you have any questions in the future please give us a call and we will be happy to assist you. You may log off now.
(6:33:08 PM) *** Landes has left ***
(6:33:30 PM) ROSA FRIDMAN: thank you
(6:33:32 PM) Counseling Department: Hello. This is a mandatory counseling that is required by law before we release your certificate of completion. To begin, please provide me your First Name, Last Name, and Last 4 Digits of your Social Security #. If you have taken a joint course, we will need that information for both of you to begin. Once you input the information, please hit the ENTER key to submit your information.
(6:33:45 PM) *** Tamara has joined the chat ***
(6:33:48 PM) *** Tamara has left ***

(6:34:32 PM) Credit Counseling Department: We sincerely apologize for the delay. One of our counselors will be with you shortly. We appreciate your patience.
(6:40:37 PM) *** ROSA FRIDMAN has left ***

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

*EXHIBIT "5"*

26
27
28

DECLARATION OF CUSTODIAN OF RECORDS FOR 001 DEBTORCC, INC.

Certificate Number: 15725-CAC-CC-035351376



15725-CAC-CC-035351376

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>February 9, 2021</u>, at <u>6:33</u> o'clock <u>PM EST</u>, <u>Rosa Fridman</u> received from <u>001 Debtorcc, Inc.</u>, an agency approved pursuant to 11 U.S.C. 111 to provide credit counseling in the <u>Central District of California</u>, an individual [or group] briefing that complied with the provisions of 11 U.S.C. 109(h) and 111.

A debt repayment plan <u>was not prepared</u>. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by internet</u>.

Date:   <u>February 9, 2021</u>               By:     <u>/s/Landes Thomas</u>

                                        Name:   <u>Landes Thomas</u>

                                        Title:   <u>Counselor</u>

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. 109(h) and 521(b).

Karl Avetoom
1100 Rutland Road # 9
Newport Beach, CA 92660
(949) 929-4787
Email kia002@att.net


Creditor and Plaintiff, In Pro Per


UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Rosa Fridman | ) Case No:     8:21-bk-10513-ES<br>)<br>) Hon:  Erithe A. Smith<br>)<br>) Chapter 7<br>)<br>) **DECLARATION OF BRYAN SWEZEA.**<br>)<br>) |

## <u>DECLARATION OF BRYAN SWEZEA.</u>

I, Bryan Swezea, here by declare as follows:

    1.    I have personal knowledge of the following facts and if called upon to testify under oath, I could and would do so competently to the following facts.

    2.    I hold a Bachelors of Science degree in Telecommunication Technologies which incorporates Information Technologies ("IT"). I have worked in various technology fields since 1996. I have been a telecommunications and Information technology consultant for 20 years. I specialize in electronic based technologies including IP tracing, IP identification, network security, forensic analysis, data recovery, identity theft prevention, HIPAA compliance, operating systems and browser identification. I have testified in court authenticating internet communications and broadcasting.  I have also provided expert analysis of video files relating to a criminal case in Orange County Superior Court.  I have also provided IT services to multiple attorneys and their clients, related to litigation and unrelated matters.

3.      Based upon the business records I examined from 001 Debtorcc, Inc. relating to the pre-bankruptcy educational course allegedly taken by Debtor Rosa Fridman, it is my professional opinion that Ms. Fridman did not take the pre-bankruptcy filing educational course on February 9, 2021.

4.      It is my professional opinion that based upon the information obtained from 001 Debtorcc, Inc's business records, the following facts are reliable and beyond dispute.

5.      On Tuesday, February 09, 2021 at 5:50 PM EST an account was created for Rosa Fridman with 001 Debtorcc, Inc.  The course was paid at 5:53 PM EST.

6.      On Tuesday, February 09, 2021 at 6:24:44 PM EST a person claiming to be Rosa Fridman started a pre-filing bankruptcy counseling online course with 001 Debtorcc, Inc. The course was completed nine minutes later on February 9, 2021, at 6:33 PM EST according to the business records provided by 001 Debtorcc, Inc.

7.      This course was completed using an Intel Based Macintosh Computer with Operating System 10.15 "Catalina". OSX 10.15 "Catalina" was released on or around October 7, 2019. The Apple computer used to take the course utilized Mozilla Firefox version 68.0 Internet browser. It was released on or around July 9, 2019.

8.      The IP address captured and recorded by 001 Debtorcc, Inc for this account and pre-filing bankruptcy counseling online course is 67.204.133.249.

9.      The IP address 67.204.133.249 is registered to TDS Telecom ("TDS Broadband Service, LLC") and the IP address was assigned to Redmond, Oregon on February 9, 2021 (Exhibit "1" to my declaration is a true and correct copy of 001 Debtorcc, Inc. business record showing the IP address and location).  I researched the owner of this IP address which returned to TDS Telecom (Exhibit "2" to my declaration is a true and correct copy of my research into the holder of this IP address).

10.      TDS communications does not offer internet service in Southern California including Huntington Beach, California.  Rosa Fridman's address of 16542 Blackbeard Lane #304, Huntington Beach, CA 92649 has internet service provided by Frontier Communications based upon my research into internet providers and bank records provided by Rosa Fridman to Mr. Avetoom listing payments made by Rosa Fridman's Wells Fargo account to Frontier Communications.

DECLARATION OF BRYAN SWEZEA

11.      In my professional opinion the pre-filing bankruptcy counseling online course taken on Tuesday, February 09, 2021 ending at 6:24:44 PM EST with 001 Debtorcc, Inc was not taken by Rosa Fridman in Huntington Beach.

12.      I have reviewed the 001 Debtorcc, Inc. business records as well as the reporter's transcript of Rosa Fridman's examination conducted on August 31, 2021 in this bankruptcy case.

13.      The Course was taken on a Macintosh computer in Redmond, Oregon. The course took 9 minutes to complete according to the time stamps on the 001 Debtorcc, Inc. chat session, not four hours as Rosa Fridman testified to. The course was not taken on an LG tablet as Rosa Fridman claims, but rather on an Apple computer running an Apple OSX operating system.

14.      An LG tablet cannot run an Apple OSX or iOS (mobile platform).  The business records from 001 Debtorcc, Inc. appear accurate and trustworthy, disputing Rosa Fridman's testimony that she personally had taken the online course on February 9, 2021.

15.      My professional opinion is that it is an impossibility for Rosa Fridman to have taken the pre-bankruptcy course based upon the reliable computer business records from 001 Debtorcc, Inc. which completely disprove Ms. Fridman's testimony in her bankruptcy examination.


         I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed September 28, 2021 in Huntington Beach, California



                    By:     _____
                            Bryan Swezea (Sep 28, 2021 22:19 PDT)

                            Bryan Swezea

3

DECLARATION OF BRYAN SWEZEA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

EXHIBIT "1"

28

DECLARATION OF BRYAN SWEZEA

Location

Redmond, Oregon, United States

Browser

Firefox 68.0

Platform

Mac OS 10.15

Device

-

IP address

67.204.133.249

User agent

Mozilla/5.0 (Macintosh; Intel Mac OS X 10.15; rv:68.0) Gecko/20100101 Firefox/68.0

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

EXHIBIT "2"

27
28

DECLARATION OF BRYAN SWEZEA



# GeoIP2 Databases Demo

Show Sidebar

IP Addresses

67.204.133.249

Enter up to 25 IP addresses separated by spaces or commas. You can also test your own IP address.

Submit

### GeoIP2 City Results

| IP Address | Country Code | Location | Network | Postal Code | Approximate Coordinates* | Accuracy Radius (km) | ISP | Organization | Do |
|---|---|---|---|---|---|---|---|---|---|
| 67.204.133.249 | US | Redmond, Oregon, United States, North America | 67.204.133.192/26 | 97756 | 44.2762, -121.1847 | 20 | TDS Telecom | TDS Telecom | td |

Is this data incorrect? Please submit correction requests here. You may also be interested in reading our FAQ: How accurate is GeoIP2?

This demo contains data found in the following GeoIP2 databases:

- GeoIP2 Country database
- GeoIP2 City database
- GeoIP2 ISP database
- GeoIP2 Domain database

You may find a data sheet comparing our various GeoIP2 databases here and a high-level overview of our GeoIP2 solutions here.

*Latitude and Longitude are often near the center of population. These values are not precise and should not be used to identify a particular address or household.*

# Decl Bryan Swezea

Final Audit Report                                                                 2021-09-29

| | |
|---|---|
| Created: | 2021-09-29 |
| By: | Karl Avetoom (karl@threelionz.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAo0b7iMmXZ49G2YtuLVHzTucrm9t7O59X |

## "Decl Bryan Swezea" History

📄 Document created by Karl Avetoom (karl@threelionz.com)
2021-09-29 - 5:14:02 AM GMT- IP address: 76.169.238.124

📧 Document emailed to Bryan Swezea (bryan@bryanthecomputerguy.com) for signature
2021-09-29 - 5:15:21 AM GMT

📄 Email viewed by Bryan Swezea (bryan@bryanthecomputerguy.com)
2021-09-29 - 5:18:37 AM GMT- IP address: 66.249.84.223

✍ Document e-signed by Bryan Swezea (bryan@bryanthecomputerguy.com)
Signature Date: 2021-09-29 - 5:19:29 AM GMT - Time Source: server- IP address: 75.82.213.92

✅ Agreement completed.
2021-09-29 - 5:19:29 AM GMT

**Adobe Sign**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

OPR 7451 Warner Ave #E191 Huntington Beach, CA 92647 Reg'd Process Server # 3050

A true and correct copy of the foregoing document entitled *PLAINTIFF KARL AVETOOM'S MOTION FOR AN ORDER DISMISSING ROSA FRIDMAN'S BANKRUPTCY CASE PURSUANT TO 11 U.S.C. § 707, BAR TO REFILING 11 U.S.C. § 349 AND VACATING THE COURT'S LIEN AVOIDANCE ORDER. DECLARATIONS OF JAY BHATT OF 001 DEBTORCC, INC., BRIAN SWEZEA, AND KARL AVETOOM.; SUPPLEMENTAL ZOOM REMOTE HEARING NOTICE* will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 22, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Karl T Anderson (TR) 2edansie@gmail.com, kanderson@ecf.axosfs.com
Michael J Hauser michael.hauser@usdoj.gov
Melissa Davis Lowe mlowe@shulmanbastian.com, avernon@shulmanbastian.com
Charles L Murray cmurray@cm3law.com, cm3esquire@gmail.com
Scott Talkov scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 9/30/2021 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| September 30, 2021 | Sal W. Hanna | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Label Matrix for local noticing
0973-8
Case 8:21-bk-10513-ES
Central District of California
Santa Ana
Thu Sep 30 12:27:18 PDT 2021

Santa Ana Division
411 West Fourth Street, Suite 2030,
Santa Ana, CA 92701-4500

Beach Crest Villas Homeowners Association
1100 Rutland Rd
Newport Beach, CA 92660-4607

D. Michael Bush
2575 McCabe Way
Suite 260
Irvine, CA 92614-4298

Darling Risbrough
19200 Von Karman
Suite 750
Irvine, CA 92612-8519

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

I.C. System, Inc
Po Box 64378
Saint Paul, MN 55164-0378

John Daniel Ott
3020 Old Ranch Pkwy
Ste 300
Seal Beach, CA 90740-2751

Karl Avetoom
1100 Rutland Road
Newport Beach, CA 92660-4607

Law Office of John D. Ott, APC
3020 Old Ranch Parkway
Suite 300
3020 Old Ranch Parkway, Suite 300
Seal Beach, CA 90740-2751

Law Offices of Mokri & Associates
1851 E 1st Street
Suite 840
Santa Ana, CA 92705-4053

The Fridman Family Trust Established on Apri

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

Victor Balakin
101 N Ocean Dr Ste 132
Hollywood, CA 93019

CHARLES L MURRAY
8605 Santa Monica Blvd, PMB 82716
West Hollywood, CA 90026 United States 90069-

Karl Avetoom
1100 Rutland Rd #9
Newport Beach, CA 92660-4601

Karl T Anderson (TR)
340 South Farrell Drive, Suite A210
Palm Springs, CA 92262-7932

Rosa A Fridman
16542 Blackbeard Ln Unit 304
Huntington Beach, CA 92649-3439

Scott Talkov
Talkov Law
2900 Adams St Ste C225
Riverside, CA 92504-4385

Victor Balakin
101 N Ocean Dr Ste 132
Hollywood, CA 33019-1796

End of Label Matrix
Mailable recipients    19
Bypassed recipients     0
Total                  19