Karl Avetoom
1100 Rutland Road # 9
Newport Beach, CA 92660
(949) 929-4787
Email kia002@att.net


Creditor and Plaintiff, In Pro Per


UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Rosa Fridman | Case No:    8:21-bk-10513-ES<br><br>Hon:  Erithe A. Smith<br><br>Chapter 7<br><br>**CREDITOR KARL AVETOOM'S NOTICE OF AND OBJECTION AND AFFIRMATIVE DEFENSES TO ROSA FRIDMAN'S CLAIMED HOMESTEAD EXEMPTION.**<br><br>Hearing Info:<br>Date:        January 20, 2022<br>Time:        2:00 P.M.<br>Location:    Virtual Hearing via Zoom.gov |

**TO THE HONORABLE ERITHE A. SMITH, FEDERAL BANKRUPTCY JUDGE, TO ROSA FRIDMAN AND HER ATTORNEY OF RECORD, AND TO ALL INTERESTED PARTIES:**

PLEASE TAKE NOTICE that on January 20, 2022, at 2:00 p.m., in Courtroom 5A in the above-entitled Court located at 411 W. Fourth Street, Santa Ana, California, the Court will conduct a hearing on the Objection to Debtor's Claimed Homestead Exemptions ("Objection") filed by Karl Avetoom, in his capacity as a Creditor ("Creditor") of the bankruptcy estate of Rosa Fridman ("Debtor"). *Hearing to be conducted remotely via Zoom.gov Supplemental Notice attached.*

This Objection is based upon the Notice of Objection and Objection to the Debtor's Claimed Homestead Exemptions; Memorandum of Points and Authorities; the Declaration of Karl Avetoom,

Declaration of Mr. Jay Bhatt of 001 Debtorcc, Inc. and Mr. Bryan Swezea; the pleadings and documents filed in this case, and upon such further oral and documentary evidence as may be presented prior to or at the time of the hearing.

PLEASE TAKE FURTHER NOTICE that any opposition or other responsive pleadings must be in the form as required by Local Bankruptcy Rules 9013-1 and filed with the Clerk of the above-entitled Court no later than fourteen days (14) prior to the hearing with a copy served on Karl Avetoom at the address indicated above. A copy must also be served on the Office of the United States Trustee, 411 West Fourth Street, Suite 7160, Santa Ana, California 92701. Failure to timely respond may be deemed as acceptance of the relief requested. *See* Local Bankruptcy Rule 9013-1(f).

Dated September 30, 2021                     By:    */s/ Karl Avetoom.*

Karl Avetoom, Creditor and Movant

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

<div align="center">

**MEMORANDUM**

</div>

## I. **BACKGROUND FACTS.**

On November 18, 2011 Judge Karen L. Robinson entered judgment in favor of Creditor Karl Avetoom ("Creditor") and against Debtors Moisey Fridman and Rosa Fridman ("Debtor") in the amount of $1,000,000 (Avetoom decl. Exh. "1").  On or around January 4, 2012 by stipulation of Creditor, the punitive damage award of $400,000 was reduced.  The total judgment was reduced to $650,000.  Orange County Superior Court case *Avetoom v. Arce, et al* 30-2010-00345490.

Between November 2011 and February 2012 Debtors made numerous withdrawals from their bank accounts in excess of $150,000.

On or around February 12, 2012 Debtor filed for bankruptcy in the Central District of California bankruptcy court.  Case No. 8:12-11721-ES.

On or around 2013 the Chapter 7 Trustee charged Debtor filed an adversary complaint under 11 U.S.C. § 727 against Debtor alleging five counts of unlawful conduct intended to hinder, delay and defraud creditors under 11 U.S.C. § 727(a)(2), (4) and (5). (the "727 Complaint")(Avetoom decl. Exhibit "2")

On or around January 2015 Debtor stipulated to all five counts in the § 727 Complaint. (Avetoon decl. Exh. "3")

On February 15, 2015 the bankruptcy court entered judgment against Debtor denying discharge under 11 U.S.C. § 727. (Avetoon decl. Exh. "4")

In 2015, with relief from the bankruptcy court, Creditor filed a fraudulent transfer action against Debtor and her former attorneys.  Orange County Superior Court case *Avetoom v. Risbrough, et al.* Case No. 30-2015-00820760.

On or around July 9, 2019 Debtor entered into a Settlement Agreement on the record and under oath before Judge Theodore Howard.  Part of the Settlement Terms required the preparation of a written judgment incorporating the terms of the settlement, to be executed by the court. (Avetoom decl. Exh. 5. Reporter's Transcript July 9, 2019)

On or around August 13, 2020 the Court signed the Judgment in case 30-2015-00820760. (Avetoom decl. Exhibit "6").

On October 3, 2019 Creditor and Debtor Rosa Fridman, in her personal capacity and in her capacity as Trustee for The Fridman Family Trust Established April 14, 2000 entered into a contract whereby Creditor agreed not to initiate any judicial foreclosure proceedings against Debtor, in return, Debtor consented to give Creditor a lien against her undivided 68.3 percent interest in her Blackbeard Lane real property. (Avetoom decl. Exhibit "7")

On February 9, 2021 a certificate of counseling for the first educational course required under 11 U.S.C. § 109(h) was obtained from 001 Debtorcc. Inc. ("Debtorcc"). (Bhatt decl. Exhibit "5")

On February 26, 2021, Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code.  Debtor filed her schedules listing her property located at 16542 Blackbeard Lane #304, Huntington Beach, CA 92649 (the "Property") as exempt property [ECF Doc. 1].  Rosa Fridman also filed the Certificate of Counseling. [ECF Doc. 2.]  In her Petition, Rosa Fridman listed her Rea Property as exempt in Schedule C of her petition (Case 8:21-bk-10513-ES, Doc 1, Page. 15). (Avetoom decl. Exhibit "8").

On March 9, 2021 as Dk. No. 13, Fridman filed her motion to avoid liens ("LAM") under 11 U.S.C. 522(f) based upon a declared homestead petition, Ca. Civil Code § 704.930. (8:21-bk-10513-ES Doc 13, p. 67)(Avetoom decl. Exh. "9")

On March 24, 2021, as Dk. No. 19, Rosa Fridman filed a Notice of Errata to her LAM motion against listing her declaration of homestead under § 704.930. (Avetoom decl. Exh. "10").

On or around April 15, 2021 the bankruptcy court granted Rosa Fridman's Lien Avoidance Motion ("LAM"). At the hearing, Creditor argued that the lien avoidance was part of a scheme to transfer property from the Rosa Fridman to her son to avoid payment to Creditor.

On April 19, 2021 Rosa Fridman's attorney published a blog article confirming how using 11 U.S.C. § 522(f) could be used to avoid fraudulent transfer liability. https://www.talkovlaw.com/exempt-property-fraudulent-transfer/   (Avetoom decl. Exh. "11").

On June 29, 2021 Rosa Fridman testified in her Section 341 exam that no one had filed any action to foreclose on her real property ("Blackbeard Lane")(Avetoom decl. Exh. "12" RT25).

Since filing bankruptcy, Rosa Fridman has changed her position, claiming that the Settlement Agreement entered into between her and Creditor in the Fraudulent Transfer action never included a

1    lien would be created.

2        On September 14, 2021 the bankruptcy court rejected Rosa Fridman's claim that the 2020

3    Judgment in the fraudulent transfer action replaced the 2011 State Court Judgment.  The Bankruptcy

4    Court explained that the 2020 Judgment gave no consideration to Creditor.

5        On September 27, 2021 Rosa Fridman represented to the 9th Circuit Bankruptcy Appellate

6    Panel that she had elected to use her "declared homestead." (Avetoom decl. Exh. "5" relevant pages)

7    At no time in the history of this bankruptcy case has Rosa Fridman ever claimed her Property was

8    exempt under Article IV's "automatic" homestead exemption.  Rather, Rosa Fridman has, at all times,

9    asserted her rights to a "declared homestead" pursuant to Code of Civil Procedure § 704.930.

10   (Avetoom decl. Exh. "13" relevant pages of Rosa Fridman's Appellee's brief).

11       On August 31, 2021 Rosa Fridman testified under oath, assisted by her attorney and a Russian

12   translator, that she personally took the pre-bankruptcy educational course required under 11 U.S.C.

13   § 109(h) at her home in Huntington Beach.  (Avetoom decl. **Exhibit "14"** RT 31:24~32:15).  Rosa

14   Fridman took the Course on her LG tablet.  (Id. at RT 32:25~33:16)   Rosa Fridman used her internet

15   at home (Huntington Beach, Ca) to take the Course. (Id. at RT 32:16~24).   Rosa Fridman personally

16   answered the Course questions (Id. at RT 34:8~9).   Rosa Fridman testified it took four hours to

17   complete the Course (Id. at RT 34:10-14).

18       On September 27, 2021 Creditor Karl Avetoom obtained the business records from Debtorcc,

19   and the declaration of Debtorcc's custodian of records and President, Mr. Jay Bhatt.  Debtorcc's

20   business records contain electronic records that traced the location that the educational class was taken

21   to Redmond, Oregon (Declaration of Jay Bhatt, ¶ 10a, Exhibit "3").  That the Course took nine minutes

22   to complete in English (Bhatt declaration ¶ 11, Exhibit "4").  That the device that was used to take the

23   Course was an Apple Intel based Macintosh computer (Bhatt declaration ¶ 10(b), Exh. "3").  The

24   Apple computer was using an Apple operating system of 10.15 ("Catalina") (Bhatt declaration ¶ 10(b),

25   Exh. "3").  The web browser was Firefox version 68 (Bhat decl. ¶ 10(b), Exh. "3").  The IP address

26   used to take the Course was 67.204.133.249.  (Bhatt Decl. ¶ 10, Exhibit "3").  This IP address belongs

27   to TDS telecom. (Declaration Bryan Swezea ¶ 9, Exhibit "1").

28

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

On September 30, 2021 Creditor filed a Motion to Dismiss pursuant to 11 U.S.C. §707(a) requesting a dismissal of the bankruptcy case, a bar to refiling and vacating of the Lien Avoidance Order.

## II.  **THE BURDEN OF PROOF**

Debtors are required to file a list of their exempt property. Rule 4003(a) of the Federal Rules of Bankruptcy Procedure ("FRBP").  FRBP 4003(b) states in part that ". . . a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later." The § 341(a) Meeting of Creditors in this case was concluded on August 31, 2021. The deadline to object pursuant to FRBP 4003(b) is thus September 30, 2021.

The burden of proof regarding a disputed claim of exemption based on the provisions of Title 11 rests upon the objecting party. See, FRBP 4003(c). If the exemption is based on state law, however, the burden of proof is governed by state law. *In re Pashenee*, 531 B.R. 834, 837, Case No. 14-30386-B-7, 2015 WL 3577377, at *1 (Bankr. E.D. Cal. June 8, 2015).

Resolution of this objection turns on *Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15 (2000), in which the U.S. Supreme Court held that the burden of proof is a substantive element of a claim and, thus, in bankruptcy it remains the same as under the applicable substantive non-bankruptcy law. As explained below, the substantive non-bankruptcy law applicable in this case is California exemption law which allocates the burden of proof to the debtor as the exemption claimant.

In this case, the Rosa Fridman has asserted a declared homestead exemption pursuant to California Code of Civil Procedure § 704.930 (Avetoom decl. Exhibits "1", "2" and "3"). California law places the burden of proof on the party asserting the exemption. See CCP § 703.580(b). As such, Debtor bears the burden of proof with regard to the validity and amount of the claimed exemption.

## III.  **OBJECTION TO EXEMPTIONS**

Creditor objects to the Homestead Exemption on several basis.  First, Rosa Fridman did not personally take the mandatory pre-bankruptcy educational course required under 11 U.S.C. § 109(h) to be eligible to be a "debtor" filing for bankruptcy.  Only a debtor can seek an exemption in bankruptcy. As Rosa Fridman is not a debtor by law, she cannot use the bankruptcy court and statutes to claim an

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

exemption.

California has opted out of the exemptions provided to Debtors under 11 U.S.C. § 522(b)(2). See CCP § 703.130. Rosa Fridman has repeatedly claimed the declared homestead exemption under California Code of Civil Procedure § 704.930.

As a matter of law, asserting a declared homestead exemption in bankruptcy, does not entitle Rosa Fridman to the protections of an automatic homestead exemption. In re Kelley (B.A.P. 9th Cir. 2003) 300 B.R. 11, 19. "The Ninth Circuit Court of Appeals has determined that a debtor is not automatically entitled to the protections provided in the Article 4 automatic homestead exemption upon showing a valid declaration of homestead under Article 5. Understanding this distinction is imperative, as the Article 4 exemption protections are applicable in a forced sale context (as here, where Debtor has filed his bankruptcy petition)—whereas the Article 5 protections only apply in voluntary sales."

Under 9th Circuit law, the declared homestead grants Rosa Fridman no benefit in a bankruptcy. The BAP in In re Kelley (B.A.P. 9th Cir. 2003) 300 B.R. 11 affirmed a trustee's objection to a declared homestead exemption.

> "This declaration of homestead, however, provides no residential exemption in the bankruptcy context as Debtor is not entitled to the forced sale protections provided in Article 4. Debtor is not entitled to exemption protection in the context of a bankruptcy filing. The Trustee's objection to exemption was properly sustained." Id. at 21.

See also In re Showalter (B.A.P. 9th Cir., Apr. 11, 2013, No. BAP EC-12-1419-DJUMK) 2013 WL 1491003, at *5–6, aff'd (9th Cir. 2015) 617 Fed.Appx. 709 the BAP reiterated "In the context of bankruptcy ... Debtor's declaration of homestead helps him not at all, as the additional benefits conferred in Article 5 would benefit him only in the situation of a voluntary sale." *Kelley* at 19, 21 (citing *Redwood Empire Prod. Credit Ass'n v. Anderson (In re Anderson),* 824 F.2d 754, 757–59 (9th Cir.1987))."

The 9th Circuit Court of Appeals in Showalter affirmed the BAP's upholding of a trustee's objection to a declared homestead: "Showalter sought an Article 5 'declared homestead' exemption …

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

1  But an Article 5 exemption applies only to 'voluntary sales,' and not to 'forced sales' such as the filing

2  of a bankruptcy petition at issue here. *See, e.g., Kelley v. Locke (In re Kelley),* 300 B.R. 11, 20–21

3  (B.A.P. 9th Cir.2003); *Katz v. Pike (In re Pike),* 243 B.R. 66, 70 (B.A.P. 9th Cir.1999)." In re

4  Showalter (9th Cir. 2015) 617 Fed.Appx. 709, 710.

5      As a matter of 9th Circuit law and 9th Circuit BAP law, Rosa Fridman's election of a "declared"

6  homestead does not afford her an exemption in the bankruptcy arena.

7      Rosa Fridman will mistakenly rely on factually opposite case law of In re Zall, No. BAP.EC-

8  05-1476-MOSB, 2006 WL 6811022, at *4 (B.A.P. 9th Cir., Sept. 5, 2006) applied to an automatic

9  homestead, not a declared homestead. ["Unlike the present case, neither In re Morgan nor Bernhanu

10  pertained to the automatic homestead exemption statute."]. In re Mayer, 167 B.R. 186 (B.A.P. 9th Cir.

11  1994) again is an automatic homestead case. ["Mayer claimed a homestead exemption of $100,000 in

12  the property under Calif.Civ.Proc.Code §§ 704.710 and 704.730(a)(3)(C)."] Id. at 187.

13      As a matter of law Rosa Fridman can obtain any declared homestead exemption that give her

14  any benefit in the bankruptcy context of a "forced sale."

15  **IV.  A DEBTOR CANNOT EXEMPT REAL PROPERTY SHE HAS FULLLY IMPAIRED**

16       **VOLUNTARILY.**

17      On October 3, 2019 Movant/Creditor and Rosa Fridman, in her personal capacity and in her

18  capacity as Trustee for The Fridman Family Trust Established April 14, 2000, entered into a written

19  contract.  The terms of the Contract were such that Creditor Karl Avetoom agreed not to initiate any

20  foreclosure proceeding against Debtor's real property, in exchange, Debtor agreed to give Creditor a

21  lien against her undivided 68.3% real property.  The Contract was executed and witnessed.  On August

22  24, 2021 Debtor's attorney, Scott Talkov, contacted one of the witnesses who verified he had

23  witnessed the signing of the October 3.  Scott Talkov then attempted to get the witness to change his

24  testimony (Declaration of Herbert Conrad ¶¶ 2-4).  See also declaration of Karl Avetoom at ¶ 9 who

25  was in the courtroom when Rosa Fridman accepted his offer to enter into a contract to assuage her

26  complaints that Creditor Karl Avetoom would force Debtor out of her home.

27      Under California Civil Code § 2881 a lien is created by contract.  See also Hill v. Fricke (1936)

28  5 Cal.2d 320, 323 where the Court held a lien existed against real property by contract.  "Section 2872

1  of the Civil Code defines a lien as 'a charge imposed in some mode other than by a transfer in trust

2  upon specific property by which it is made security for the performance of an act.' A lien here existed

3  within the statutory definition."  See also <u>Raboff v. Albertson</u> (1954) 122 Cal.App.2d 555, 556–557 "It

4  was the intent of Lee at the time he made the writing to encumber said property with a lien in favor of

5  plaintiff to secure said loan. The said writing was sufficient to create such a lien."

6      Of course the Debtor's attorney and sons want to unwind this Contract.  Val Fridman initially

7  wanted to "hold" the Contract for "two weeks" for some unexplained reason.  Avetoom decl. ¶ 9.  Now

8  the sons have talked their mother into claiming she did not sign the Contract. However. the witnesses

9  affirm that Rosa Fridman signed the Contract before them.  And Rosa Fridman admits in her sworn

10  testimony in her "341" exam that no one, which includes Creditor, had pursued any foreclosure

11  proceedings.

12      **a.**  ***Rosa Fridman Fully Impaired Her Homestead Interest By Contractual Lien.***

13      The Court in <u>In re Keenan</u> (Bankr. D. Colo. 1989) 106 B.R. 239, 243 held "A debtor is not

14  allowed to exempt real property which he has voluntarily impaired." Citing, <u>In re Grosso</u>, 51 B.R. 266

15  (Bankr.D.N.M.1984) (debtor was not entitled to the homestead exemption that he had fully impaired

16  through a consensual lien)".   The Court in <u>In re Grosso,</u> 51 B.R. at 271, explained "If the amount of

17  the consensual lien is equal to or exceeds the allowed exemption, the debtor will be found to have fully

18  impaired his exemption and will not be allowed to avoid judgment liens in order to reclaim it."  Accord

19  <u>In re Murray</u> (Bankr. C.D. Cal. 1989) 105 B.R. 576, 582.

20      Here Debtor agreed to impair her real property claimed as exempt with a voluntary lien for the

21  unpaid balance of the judgment in *Avetoom v. Arce, et al* OCSD 30-2010-00345490.  The unpaid

22  balance stands at $1.19 million (Avetoom decl. Exhibit "7").  Far in excess of the claimed exemption.

23  Debtor has fully impaired her exemption for her real property used as security towards the unpaid

24  balance owed to Creditor.

25      As such, Debtor is not entitled to exempt her real property in Schedule C of her petition (8:21-

26  bk-10513 Doc 1, Page. 15).

27  **V.  <u>AFFRIRMATIVE DEFENSES UNDER STATE LAW.</u>**

28      <u>Law v. Siegel</u> 571 U.S. 415 (2014) makes clear that section 105(a) is not the only basis for

denial of a homestead exemption. Where, as here, a debtor claims a state-created exemption, the scope of the exemption – and any basis for denial of the exemption – must be found in state law. "It is of course true that when a debtor claims a state-created exemption, the exemption's scope is determined by state law, which may provide that certain types of debtor misconduct warrant denial of the exemption." Law, 134 S. Ct. at 1196–97.

The Ninth Circuit Bankruptcy Appellate Panel has also held that after Law v. Siegel, bankruptcy courts must look to state law and not section 105(a) in determining whether there is a basis to disallow an exemption. In re Gray, 523 B.R. 170, 175 (9th Cir. BAP 2014). The Gray case is instructive.  See also In re Gilman (9th Cir. 2018) 887 F.3d 956, 966 (allowing a bankruptcy court to apply state based equitable defenses against a state based exemption).

As the Supreme Court, the Ninth Circuit and Ninth Circuit Bankruptcy Appellate Panel have instructed, this court can apply California state law to determine whether the Debtor's homestead exemption may be disallowed based on the equitable doctrines asserted by the Creditor.
The exemption should be disallowed if, in an action in California state court to seize property claimed as exempt, there would be a basis in California law to disallow the claimed exemption on equitable grounds.

## FIRST AFFIRMATIVE DEFENSE OF UNCLEAN HANDS.

Rosa Fridman should be denied her state based exemption under the doctrine of unclean hands, using the exemption as part of a fraudulent transfer scheme to transfer property to insiders that would have been subject to claw back under state law, Civil Code § 3439.

## SECOND AFFIRMATIVE DEFENSE OF EQUITABLE ESTOPPEL.

Rosa Fridman should be denied her state based exemption under the doctrine of equitable estoppel, as she entered into a Settlement Agreement wherein she agreed to the recordation of a judgment against her.  Then represented to this Court that this formed a "lien" which this Court then avoided, denying Creditor the benefit of the Settlement Agreement.  In addition, Rosa Fridman entered into a Contract that created a consensual lien in October 2019, in consideration for Creditor not initiating a foreclosure action.  Rosa Fridman now wants to avoid performance under the Contractual

1    lien while admitting that no foreclosure action was initiated against her. California courts have long

2    recognized that equitable estoppel applies to homestead exemptions. See, e.g., Jefferson v. Tom, 52

3    Cal. App. 2d 432, 438 (Cal Dist. Ct. App. 1942); see also James v. P. C. S. Ginning Co., 276 Cal. App.

4    2d 19, 24 (Cal. Ct. App. 1969) (recognizing the application of equitable estoppel to exemptions but

5    declining to apply equitable estoppel to the debtor's homestead under the circumstances); Viotti v.

6    Giomi, 230 Cal. App. 2d 730, 738 (Cal. Ct. App. 1964) ("No equities or duties had arisen between [the

7    parties].").

8        The concept of estoppel is now codified in California Evidence Code section 623. "Whenever a

9    party has, by his own statement or conduct, intentionally and deliberately led another to believe a

10   particular thing true and to act upon such belief, he is not, in any litigation arising out of such

11   statement or conduct, permitted to contradict it." Cal. Evid. Code    623. Code recognizes the concept

12   of estoppel—"[n]othing in this chapter abrogates or otherwise affects the principles of waiver and

13   estoppel." Cal. Civ. Proc. Code    583.140.

14       To invoke equitable estoppel under California law, a party must show: "(a) a representation or

15   concealment of material facts; (b) made with knowledge, actual or virtual, of the facts; (c) to a party

16   ignorant, actually and permissibly, of the truth; (d) with the intention, actual or virtual, that the

17   ignorant party act on it; and (e) that party was induced to act on it." Simmons v. Ghaderi, 44 Cal. 4th

18   570, 584 (Cal. 2008) (referencing 13 Witkin, Summary of Cal. Law, Equity, 191, pp. 527–528 (10th

19   ed. 2005). Here Rosa Fridman planned on filing bankruptcy as far back as July 2019 concealing this

20   fact while entering into a Settlement Agreement on July 9, 2019 and a contract to form a consensual

21   lien on October 3, 2019. Rosa Fridman signed up for a bankruptcy class in July 2019 establishing her

22   intent to use bankruptcy to avoid the Settlement Agreement and consensual lien. Rosa Fridman did not

23   disclose her intent to induce the reliance of Creditor, to enter into a Settlement Agreement now worth

24   nothing and a contractual lien she now claims she never agreed to. Movant acted upon Rosa Fridman's

25   statements for the Settlement Agreement that expressly agreed to the recordation of a judgment which

26   Rosa Fridman and this Court holds was a lien against her real property of Blackbeard Lane. Movant

27   agreed to dismiss the fraudulent transfer claims against Rosa Fridman in exchange for this empty

28   Settlement Agreement, a contract under California law. In addition, Creditor did not initiate any

foreclosure proceedings against Rosa Fridman, allowing her to reside in her property as part of the October 3, 2019 Contract.  Had Creditor known of Rosa Fridman and her insiders true intention, Creditor would never have entered into the 2019 Settlement Agreement and would have initiated foreclosure proceedings to collect on his 2011 state court judgment.

## THIRD AFFIRMATIVE DEFENSE OF FRAUD

"Promissory fraud" is a subspecies of the action for fraud and deceit. A promise to do something necessarily implies the intention to perform; hence, where a promise is made without such intention, there is an implied misrepresentation of fact that may be actionable fraud.  In such cases, the plaintiff's claim does not depend upon whether the defendant's promise is ultimately enforceable as a contract. "If it is enforceable, the [plaintiff] ... has a cause of action in tort as an alternative at least, and perhaps in some instances in addition to his cause of action on the contract." (Rest.2d Torts, § 530, subd. (1), com. c, p. 65, cited with approval in Tenzer v. Superscope (1985) 39 Cal.3d 18, 29, 216 Cal.Rptr. 130, 702 P.2d 212.).  See Lazar v. Superior Court (1996) 12 Cal.4th 631, 638.  Here Rosa Fridman promised to perform under the terms of the Settlement Agreement which included creation of a judgment to be recorded in the County Recorder's Office, in exchange for a dismissal in the 2015 fraudulent transfer case against her.  After the judgment was recorded, Rosa Fridman engaged her plan to use bankruptcy to void the effects of the Settlement.  In essence, Rosa Fridman promised to perform, with no intent on performing as she had already anticipated filing bankruptcy.  As this Court explained in September 2021 rejecting Rosa Fridman's claim of waiver, novation and substitution, the 2020 judgment gives Creditor no consideration.

Rosa Fridman as part of the July 2019 Settlement Agreement, a contract under California law agreed under oath to the recording of a judgment against her property.  At that time, Rosa Fridman had signed up for bankruptcy class, not disclosing that she would later use bankruptcy to claim the agreed upon creation of a judgment and its recordation as part of the Settlement would be claimed as an involuntary lien and avoided in a bankruptcy case.  Less than three months after the agreed upon recordation of the Judgment, Rosa Fridman, assisted by her two sons, immediately filed for bankruptcy and unwound the benefit of the Settlement Agreement.  Rosa Fridman made false representations agreeing to the recording of a judgment and then used her concealed intent to use bankruptcy to void

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

the Settlement Agreement.  As this bankruptcy court agreed in September 2021, the 2020 Judgment gives nothing to Creditor.  Put another way, Rosa Fridman concealed her intent to file for bankruptcy during the Settlement, she had already signed up for a bankruptcy educational class establishing knowledge of her intent to use bankruptcy to void the Settlement.  Rosa Fridman concealed her intent to induce Creditor to dismiss the fraudulent transfer case against her.  Creditor justifiably relied on the Settlement Agreement entered on the record by Rosa Fridman, under oath.  The Settlement Agreement resulted in an anticipated judgment in exchange for a dismissal of liability against Rosa Fridman. Creditor was harmed by Rosa Fridman's conduct in dismissing a fraudulent transfer liability case which is non-dischargeable under bankruptcy law.

As iterated by Judge Howard in 2021, Rosa Fridman's conduct will lead to additional litigation as a result of the now disputed Settlement.

## VI.  **CONCLUSION.**

Based upon the foregoing objection and state based affirmative defenses, this Court on equity should:

1. Sustain this Objection; and

2. Disallow the Real Property Schedule "C" Exemption in its entirety; or

3. Set an evidentiary hearing on Creditor's affirmative defenses, and

4. For such other and further relief as the Court deems just and proper.

Dated: September 30, 2021            By:    */s/ Karl Avetoom*

Karl Avetoom, Creditor and Moving party.

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

## <u>DECLARATION OF KARL AVETOOM</u>

I, Karl Avetoom, hereby declare as follows:

1.      I am a creditor in the above entitled bankruptcy case of Rosa Fridman and Plaintiff and Judgment creditor in the State cases.  I have personal knowledge of the following facts and if called upon to testify under oath, I could and would do so competently.

2.      I make this declaration in support of my motion to dismiss Rosa Fridman's bankruptcy case currently pending before this Court.

3.      Attached to my declaration as Exhibit "1" is a true and correct copy of the November 18, 2011 State Court judgment in *Avetoom v. Arce, et al* 30-2010-00345490.

4.      Attached to my declaration as Exhibit "2" is a true and correct copy of the Chapter 7 Trustee's Section 727 Complaint against Rosa Fridman.

5.      Attached to my declaration as Exhibit "3" is a true and correct copy of Rosa Fridman's stipulation to denial of discharge on all counts in the Chapter 7 Trustee's Section 727 Complaint.

6.      Attached to my declaration as Exhibit "4" is a true and correct copy of this Court's Judgment deny Rosa Fridman discharge under Section 727.

7.      Attached to my declaration as Exhibit "5" is a true and correct copy of the Reporter's Transcript from July 9, 2019 in the *Avetoom v. Risbrough, et al* state fraudulent transfer action.

8.      Attached to my declaration as Exhibit "6" is a true and correct copy of the August 15, 2020 Judgment in the *Avetoom v. Risbrough* fraudulent transfer action, the caption changed by the Court to *Avetoom v. Fridman* after the Risbrough defendants were dismissed after settling the case before trial.

9.      Attached to my declaration as Exhibit "7" is a true and correct copy of the Contract entered into between myself and Rosa Fridman on or around October 3, 2019 after Rosa Fridman complained to Judge Sherri Honer that I was going to foreclose on her property and kick her out.  I entered into this Contract that created a consensual lien promising not to initiate foreclosure proceedings in exchange for Rosa Fridman maintaining the property, not transferring the property and agreeing to give me a voluntary consensual lien against the Blackbeard Lane property as security towards the unpaid balance on the 2011 State Court judgment, *Avetoom v. Arce, et al* 30-2010-

1  00345490.  On that day, Rosa Fridman's son, who had been banned from attending the Debtor

2  Examinations due to his interference, demanded he take the "Contract" for two weeks, without

3  explaining why.  I refused to give the Contract to him due to his ongoing interference with my rights to

4  collect on my outstanding 2011 judgment.

5      10.      Attached to my declaration as Exhibit "8" is a true and correct copy of Rosa Fridman's

6  Schedule "C" declaring her real property at Blackbeard Lane as exempt.

7      11.      Attached to my declaration as Exhibit "9" is a true and correct copy of the Declared

8  Homestead declaration filed in Rosa Fridman's Lien Avoidance Motion.

9      12.      Attached to my declaration as Exhibit "10" is a true and correct copy of Rosa Fridman's

10  Notice of Errata, substituting in a recorded copy of Rosa Fridman's Declaration of Homestead.

11      13.      Attached to my declaration as Exhibit "11" is a true and correct copy of Scott Talkov's

12  blog, published a few days after the Court granted the Lien Avoidance Motion explaining how using

13  Section 522(f) could avoid liability under state court fraudulent transfer law.  Rosa Fridman had

14  repeatedly stated in the State Court proceedings that she wanted the Property to go to Alex Fridman,

15  aka Alex Theory, because he is broke.  Alex Theory/Fridman is listed on the initial title report used in

16  Rosa Fridman's LAM.  And blind copied on emails from Scott Talkov relating to the lien avoidance.

17      14.      On June 29, 2021 Rosa Fridman testified in her Section 341 exam that no one had filed

18  any action to foreclose on her real property (Avetoom decl. Exh. "12" RT 25).  Attached to my

19  declaration as Exhibit "12" are true and correct copies of the relevant Reporter's Transcript of that day.

20      15.      Attached to my declaration as Exhibit "13" is a true and correct copy of Rosa Fridman's

21  Appellee's brief relevant pages establishing she asserted a declared homestead.

22      16.      Attached to my declaration as Exhibit "14" is the Reporter's Transcript pages from

23  Rosa Fridman's "341" examination relating to how she claimed to have taken the pre-bankruptcy

24  educational class herself and gave her attorney a $50,000 deed of trust that she remains liable to repay.

25      17.      I contacted several debtor education businesses, one reported that in early July 2019

26  Rosa Fridman enrolled for a pre-bankruptcy course.

27  I declare under penalty of perjury under the laws of the United States that the foregoing is true and

28  correct to the best of my knowledge.

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

1  Executed September 30, 2021 in Newport Beach, Ca.

2                                                By:     */s/ Karl Avetoom*

3                                                        _____

4                                                        Karl Avetoom

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "1"

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

1  Charles Murray, III.  SBN: 195053
   523 West Sixth Street, Suite 707
2  Los Angeles, California 90014
3  T.213.627.5983
   F.213.627.6051
4
   Attorney for Plaintiff
5

6

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF ORANGE-HARBOR JUSTICE CENTER

10
   KARL AVETOOM,                    ) Case No: 30-2010-00345490
11                                   )
          Plaintiff,                 ) Assigned to:
12                                   )
          vs.                        ) HON. JUDGE KAREN L. ROBINSON
13                                   ) Dept: H12
                                     )
14                                   ) [PLAINTIFF'S PROPOSED] JUDGMENT
   MOISEY FRIDMAN and ROSA           )
15                                   )
   FRIDMANS, as individuals, and     )
16                                   )
   DOES 1-50,                        )
17                                   )
          Defendants                 )
18  _____)

19

20      This cause came on regularly for trial on October 18, 2011 in

21  department H12, the Honorable Karen L. Robinson, Judge, presiding.

22  Plaintiff Karl Avetoom appeared by Charles L. Murray III of the Law

23  Offices of Charles L. Murray III, his attorney.  Defendants Moisey

24  and Rosa Fridman appeared by D. Michael Bush of the Law Office of D.

25  Michael Bush, their attorney.

26      The trial was bifurcated. The first phase of the trial

27  consisted of the liability issues on the complaint; the second phase

28  would consist of punitive damages.  A jury of twelve persons was

                              - 1 -

                    [PLAINTIFF'S PROPOSED] JUDGMENT

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
HARBOR JUSTICE CENTER
NOV 18 2011
ALAN CARLSON, Clerk of the Court
BY_____ T. LEWIS _____, DEPUTY

Rec'd
NOV 02 2011
T. LEWIS

Exhibit 1    001

1   regularly impaneled and sworn to try the action.

2         **FIRST PHASE OF THE TRIAL-PLAINTIFF'S SPECIAL VERDICT**

3                  **[MOISEY FRIDMAN]**

4    After hearing the evidence, arguments of counsel, and

5   instructions of the Court, and the following questions as stipulated

6   to by the parties, the jury deliberated and unanimously returned the

7   special verdict on the first phase-complaint, of the trial that

8   stated:

9

10  "We answer the questions submitted to us as follows:

11    1. Was Moisey Fridman's conduct outrageous?

12

13     __X__ Yes _____ No

14

15   If your answer to question 1 is yes, then answer question 2.

16   If you answered no, stop here, answer no further questions,

17   and have the presiding juror sign and date this form.

18

19    2. Did Moisey Fridman intend to cause Karl Avetoom

20   emotional distress?

21      or

22   Did Moisey Fridman act with reckless disregard of the

23   probability that Karl Avetoom would suffer emotional

24   distress, knowing that Karl Avetoom was present when the

25   conduct occurred?

26

27     __X__ Yes _____ No

28

<div align="center">- 2 -</div>

---

<div align="center">[PLAINTIFF'S PROPOSED] JUDGMENT</div>

Exhibit 1    002

1    If your answer to question 2 is yes, then answer question 3.

2    If you answered no, stop here, answer no further questions,

3    and have the presiding juror sign and date this form.

4

5    3. Did Karl Avetoom suffer severe emotional distress?

6

7    __X__ Yes _____ No

8

9    If your answer to question 3 is yes, then answer question 4.

10   If you answered no, stop here, answer no further questions,

11   and have the presiding juror sign and date this form.

12

13   4. Was Moisey Fridman's conduct a substantial factor in

14   causing Karl Avetoom's severe emotional distress?

15

16   __X__ Yes _____ No

17   If your answer to question 4 is yes, then answer question 5.

18   If you answered no, stop here, answer no further questions,

19   and have the presiding juror sign and date this form.

20

21   5. What are Karl Avetoom's damages?

22

23   [a] Past non-economic loss: Emotional distress includes suffering,
     anguish, fright, horror, nervousness, grief, anxiety, worry, shock,
24   humiliation, and shame:............................ $ 200,000.00

25   [b] Future non-economic loss: Emotional distress includes
26   suffering, anguish, fright, horror, nervousness, grief, anxiety,
     worry, shock, humiliation, and shame:................ $ 100,000.00
27

28

- 3 -

[PLAINTIFF'S PROPOSED] JUDGMENT

Exhibit 1    003

1            ...................................... **TOTAL** $300,000.00

2

3      6. Did Defendant Rosa Fridman engage in a Conspiracy with

4      Defendant Moisey Fridman?

5

6                          Or

7      Did Rosa Fridman aide and abet Moisey Fridman to cause Karl

8      Avetoom intentional infliction of emotional distress?

9

10          __X__ Yes _____ No

11

12   Please proceed to question #7

13

14      7.   Did Defendant Moisey Fridman engage in conduct, by clear

15      and convincing evidence, with either "malice", "oppression", or

16      "fraud"?

17          __X__ Yes _____ No

18

19

20    Signed: /s/

21

22    Presiding Juror"

23

24      **FIRST PHASE OF THE TRIAL-PLAINTIFF'S SPECIAL VERDICT**

25                    **[ROSA FRIDMAN]**

26    After hearing the evidence, arguments of counsel, and

27   instructions of the Court, and the following questions as stipulated

28   to by the parties, the jury deliberated and unanimously returned the

                          - 4 -

                    [PLAINTIFF'S PROPOSED] JUDGMENT

Exhibit 1    004

1  special verdict on the first phase-complaint, of the trial that
2  stated:
3  "We answer the questions submitted to us as follows:
4      1. Was Rosa Fridman's conduct outrageous?
5
6      __X__ Yes _____ No
7
8   If your answer to question 1 is yes, then answer question 2.
9   If you answered no, stop here, answer no further questions,
10  and have the presiding juror sign and date this form.
11
12     2. Did Rosa Fridman intend to cause Karl Avetoom emotional
13  distress?
14         or
15  Did Rosa Fridman act with reckless disregard of the
16  probability that Karl Avetoom would suffer emotional
17  distress, knowing that Karl Avetoom was present when the
18  conduct occurred?
19
20     __X__ Yes _____ No
21
22  If your answer to question 2 is yes, then answer question 3.
23  If you answered no, stop here, answer no further questions,
24  and have the presiding juror sign and date this form.
25
26     3. Did Karl Avetoom suffer severe emotional distress?
27
28     __X__ Yes _____ No

- 5 -

[PLAINTIFF'S PROPOSED] JUDGMENT

Exhibit 1    005

If your answer to question 3 is yes, then answer question 4.
If you answered no, stop here, answer no further questions,
and have the presiding juror sign and date this form.


4. Was Rosa Fridman's conduct a substantial factor in
causing Karl Avetoom's severe emotional distress?


__X__ Yes _____ No
If your answer to question 4 is yes, then answer question 5.
If you answered no, stop here, answer no further questions,
and have the presiding juror sign and date this form.


5. What are Karl Avetoom's damages?

[a] Past non-economic loss: Emotional distress includes suffering,
anguish, fright, horror, nervousness, grief, anxiety, worry, shock,
humiliation, and shame:............................ $ 200,000.00

[b] Future non-economic loss: Emotional distress includes
suffering, anguish, fright, horror, nervousness, grief, anxiety,
worry, shock, humiliation, and shame:................ $ 100,00.00


......................................... **TOTAL** $300,000.00


6. Did Defendant Moisey Fridman engage in a Conspiracy with
Defendant Rosa Fridman?


                          Or

Did Moisey Fridman aide and abet Rosa Fridman to cause Karl


- 6 -

[PLAINTIFF'S PROPOSED] JUDGMENT

Exhibit 1   006

1     Avetoom intentional infliction of emotional distress?

2

3     __X__ Yes _____ No

4

5 Please proceed to question #7

6     7.   Did Defendant Rosa Fridman engage in conduct, by clear and

7     convincing evidence, with either "malice", "oppression", or

8     "fraud"?

9     __X__ Yes _____ No

10

11 Signed: /s/

12 Presiding Juror"

13

14         **SECOND PHASE OF THE TRIAL-SPECIAL VERDICT:**

15          **PUNITIVE DAMAGES AGAINST MOISEY FRIDMAN**

16    After hearing the evidence, arguments of counsel, and

17 instructions of the Court, the jury deliberated and unanimously

18 returned a special verdict on the second phase of the trial-punitive

19 damages, awarding:

20    $200,000.00 in punitive damages against Moisey Fridman.

21

22         **SECOND PHASE OF THE TRIAL-SPECIAL VERDICT:**

23          **PUNITIVE DAMAGES AGAINST ROSA FRIDMAN**

24    After hearing the evidence, arguments of counsel, and

25 instructions of the Court, the jury deliberated and unanimously

26 returned a special verdict on the second phase of the trial-punitive

27 damages, awarding:

28    $200,000.00 in punitive damages against Rosa Fridman.

- 7 -

[PLAINTIFF'S PROPOSED] JUDGMENT

1     **NOW, THEREFORE, IT IS ADJUDGED, ORDERED AND DECREED** that

2  judgment be entered in favor of the plaintiff Karl Avetoom and

3  against defendants Moisey Fridman and Rosa Fridman on the complaint,

4  as follows:

5     The Court orders judgment against Moisey Fridman as follows:

6  $300,000.00 non-economic damage for intentional infliction of

7  emotional distress, and $200,000.00 in punitive damages by a finding

8  of clear and convincing evidence of malice, oppression or fraud

9  causing intentional infliction of emotional distress.

10     The Court orders judgment against Rosa Fridman as follows:

11  $300,000.00 non-economic damage for intentional infliction of

12  emotional distress, and $200,000.00 in punitive damages by a finding

13  of clear and convincing evidence of malice, oppression or fraud

14  causing intentional infliction of emotional distress.

15

16     The entire judgment against defendant Moisey Fridman is

17  $500,000.00; ($300,000.00 is joint and several with defendant Rosa

    Fridman for compensatory damages).

18

19     The entire judgment against defendant Rosa Fridman is

20  $500,000.00; ($300,000.00 is joint and several with defendant Moisey

21  Fridman for compensatory damages).

22

23     All sums awarded hereunder will bear interest at the legal rate

24  of 10% per annum from the date ~~of the~~ judgment is entered until

    paid.

25

26

27  Dated:  *11·18·11*

28              Hon. Karen L. Robinson
              Judge of the Superior Court

              - 8 -

---

[PLAINTIFF'S PROPOSED] JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "2"

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

1   TODD A. FREALY (SBN 198780)
    JULIET Y. OH (SBN 211414)
2   LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
    10250 Constellation Boulevard, Suite 1700
3   Los Angeles, California 90067
    Telephone: (310) 229-1234
4   Facsimile: (310) 229-1244
5   Email: taf@lnbyb.com; jyo@lnbyb.com

6   Attorneys for Karl Anderson, Chapter 7 Trustee

7

8             **UNITED STATES BANKRUPTCY COURT**
9             **CENTRAL DISTRICT OF CALIFORNIA**
                 **SANTA ANA DIVISION**
10

11

12   In re                 )   Case No. 8:12-bk-11721-ES
                      )
13   MOISEY O. FRIDMAN and ROSA A.   )   Chapter 7
    FRIDMAN,               )
14                       )
            Debtors.       )
15                       )
  ——————————————————— )
16                       )   Adv. No. 8:13-ap _____-ES
    KARL ANDERSON, Chapter 7 Trustee,  )
17                       )   **COMPLAINT AGAINST DEBTORS**
            Plaintiff,      )   **MOISEY O. FRIDMAN AND ROSA**
18                       )   **A. FRIDMAN FOR DENIAL OF**
    vs.                  )   **DISCHARGE**
19                       )
  MOISEY O. FRIDMAN and ROSA A.   )   Date:   [To Be Set By Summons]
20   FRIDMAN,              )   Time:
                      )   Place:   Courtroom "5A"
21             Defendants.   )            411 West Fourth Street
22   ——————————————————— )            Santa Ana, California

23   **TO THE HONORABLE ERITHE SMITH, UNITED STATES BANKRUPTCY JUDGE:**

24         Plaintiff Karl Anderson, Chapter 7 trustee (the "Trustee" or "Plaintiff") for the bankruptcy

25   estate of Moisey O. Fridman and Rosa A. Fridman, respectfully alleges as follows:

26   ///

27   ///

28

AE   000184

## JURISDICTIONAL ALLEGATIONS

1.      This Court has jurisdiction over this adversary proceeding by virtue of 28 U.S.C.

§§ 151, 157 and 1334; 11 U.S.C. §§ 105 and 727, and the Local Rules of the United States

Bankruptcy Court and the United States District Court for the Central District of California.

2.      Venue is proper in this Court under 28 U.S.C. § 1409 because this adversary

proceeding arises under and in connection with a case filed under Title 11 which is pending in

this district.

3.      This action is a core proceeding under 28 U.S.C. § 157(b).

4.      This action is timely because the Court entered an order on May 16, 2013

extending the time for the Trustee or the United States Trustee to file a complaint objecting to the

Debtors' discharge through and including July 31, 2013.

## GENERAL ALLEGATIONS

5.      On or about February 18, 2010, Karl Avetoom filed a complaint against Moisey

Fridman and Rosa Fridman, the debtors herein (collectively, the "Debtors"), for abuse of

process, civil harassment, intentional infliction of emotional distress, and civil conspiracy (the

"Avetoom Action").

6.      A trial commenced in the Avetoom Action on or about October 18, 2011. The jury

returned a verdict against the Debtors and in favor of Mr. Avetoom on or about October 25, 2011

and awarded damages against the Debtors in the total amount $1,000,000. Mr. Avetoom's

proposed judgment was lodged on or about November 2, 2011 and was signed and entered by

the court on or about November 18, 2011 (the "Avetoom Judgment").

7.      On or about November 9, 2011, Mr. Avetoom filed an ex parte application

pursuant to California Code of Civil Procedure Section 527 for a temporary restraining order

and/or a preliminary injunction restraining the Debtors from assigning assets. Plaintiff is

2

AE 000185

informed and believes that the court issued a temporary restraining order and a preliminary

injunction against the Debtors restraining them from assigning assets or utilizing their home

equity line of credit from November 9, 2011 through January 23, 2012. Plaintiff is further

informed and believes that the restraining order and preliminary injunction terminated on

January 23, 2012.

8.     On February 10, 2012, the Debtors commenced a Chapter 13 bankruptcy case by

filing a voluntary petition for relief under the Bankruptcy Code (the "Petition Date").

9.     On May 24, 2012, the Debtors filed a Notice of Conversion of Bankruptcy Case

From Chapter 13 to Chapter 7.

10.    Thereafter, Karl T. Anderson became the duly appointed Chapter 7 Trustee (the

"Trustee") of the Debtors' bankruptcy estate (the "Estate"). A Notice of Appointment of Trustee

and Fixing of Bond; Acceptance of Appointment As Trustee was filed with the Court on July 11,

2012.

11.    Karl Anderson, is the duly-appointed, qualified and acting Chapter 7 Trustee in

this bankruptcy case and is the Plaintiff herein.

12.    The Debtors filed their Schedules and Statement of Financial Affairs on February

24, 2012.

13.    In the Debtors' Schedule B filed on February 24, 2012, the Debtors disclosed that

they owned 3 bank accounts: 1 checking account with Union Bank; 1 savings account with

Union Bank; 1 account with U.S. Bank.

14.    The Debtors also disclosed in their Schedule B filed on February 24, 2012 that

they owned Individual Retirement Accounts with Fidelity Investments and "West Bank".

15.    Question 3 of the Debtors' Statement of Financial Affairs states: "a. Individual or

joint debtor(s) with primarily consumer debts. List all payments on loans, installment purchases

3

AE  000186

of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600." In response to this question the Debtors checked the box which stated "None".

16.    Question 7 of the Debtors' Statement of Financial Affairs states: "List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable organizations aggregating less than $100 per recipient". In response to this question the Debtors checked the box which stated "None".

17.    Question 10 of the Debtors' Statement of Financial Affairs states: "List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case". In response to this question the Debtors checked the box which stated "None".

18.    Question 11 of the Debtors' Statement of Financial Affairs states: "List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions". In response to this question the Debtors checked the box which stated "None".

19.    Question 12 of the Debtors' Statement of Financial Affairs states: "List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other

4

AE  000187

valuables within one year immediately preceding the commencement of this case". In response

to this question the Debtors checked the box which stated "None".

20.     On May 18, 2012, the Debtors filed an Amended Statement of Financial Affairs.

The Debtors' answers to Questions 3, 7, 11 and 12 in their Amended Statement of Financial

Affairs were "None". The Debtors changed their answer to Question 10 to disclose the transfer

of an interest in a judgment obtained against Beach Crest HOA to their attorney, Robert

Risborough. However, their response to Question 10 did not disclose any other transfers.

21.     On July 6, 2012, the Debtors filed Amended Schedules B and C. In their Amended

Schedules, the Debtors' disclosed that they owned 3 bank accounts: 1 checking account with

Union Bank; 1 savings account with Union Bank; 1 account with U.S. Bank. The Debtors'

Amended Schedules B and C also disclosed ownership of their IRA accounts with Fidelity

Investments and "West Bank".

22.     On May 23, 2011, the Debtors actually owned 3 accounts with U.S. Bank,

including a Silver Elite Checking account number ending 9978, Standard Savings account

number ending 1368 and an Elite Money Market account number ending 2480. As of May 23,

2011, the account balance in their Elite Money Market account number ending 2480 was

$2,500.17.

23.     Thereafter, the Debtors closed their Elite Money Market account number ending

2480. The Debtors testified during their meeting of creditors on July 18, 2013 that they closed

this account because U.S. Bank raised the minimum balance on their money market account to

$10,000. The Debtors' statement dated June 22, 2011 reflects that the balance in their Elite

Money Market account number ending 2480 was $0.

24.     On the Petition Date, the Debtors owned the real property located at 1100 Rutland

Road, #7, Newport Beach, CA 92660 (the "Property"). In September 2011, the only lien which

5

AE  000188

encumbered the Property was a home equity line of credit from Union Bank, N.A. with account number ending 2182. On September 2, 2011, the unpaid balance owed by the Debtors pursuant to the equity line was $14,959.69.

25.    On September 15, 2011, Debtor Moisey Fridman wrote Check No. 102 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $5,000.00. The Debtors also made a payment to Union Bank in the amount of $200 and interest was charged in the amount of $39.12. The Debtors' balance owed to Union Bank for this home equity line of credit on October 1, 2011 was $19,798.81.

26.    On November 2, 2011, the balance owed on the Debtors' home equity line of credit with Union Bank was $19,593.81.

27.    On November 7, 2011, debtor Moisey Fridman wrote Check No. 103 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $9,800.00. Plaintiff is informed and believes that the Debtors cashed this check.

28.    On November 8, 2011, debtor Moisey Fridman wrote Check No. 104 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $14,515.00. Plaintiff is informed and believes that the Debtors cashed this check.

29.    On November 9, 2011, debtor Rosa Fridman wrote Check No. 105 from the Union Bank equity line account number ending 2182 payable to Rosa Fridman in the amount of $10,000.00. Plaintiff is informed and believes that the Debtors cashed this check.

30.    On November 10, 2011, debtor Moisey Fridman wrote Check No. 106 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $8,000.00. Plaintiff is informed and believes that the Debtors cashed this check.

AE  000189

31.     On November 10, 2011, debtor Rosa Fridman wrote Check No. 107 from the Union Bank equity line account number ending 2182 payable to Rosa Fridman in the amount of $6,000. Plaintiff is informed and believes that the Debtors cashed this check.

32.     The checks written by the Debtors to themselves against their equity line account number ending 2182 from November 7, 2011 through November 10, 2011 totaled $48,315. The balance owing on their equity line on December 1, 2011 was $68,966.71.

33.     The balance owing on the Debtors' equity line account number ending 2182 on January 1, 2012 was $69,675.96.

34.     On January 24, 2012, debtor Moisey Fridman wrote Check No. 109 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $3,000.00. Plaintiff is informed and believes that the Debtors cashed this check.

35.     On January 24, 2012, debtor Moisey Fridman wrote Check No. 116 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $10,000.00. The check indicates it was for Morris & Stone LLP, who was the firm handling the Debtors' appeal from the judgment obtained against them in the Avetoom Action. Plaintiff is informed and believes that the Debtors obtained a cashier's check with the funds and delivered the cashier's check to Aaron Morris.

36.     On January 24, 2012, debtor Moisey Fridman wrote Check No. 117 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $15,000.00. The check indicates that it was for an IRA 60-day rollover return. The Debtors obtained a cashier's check with these funds and deposited the cashier's check into their IRA account with Fidelity Investments.

AE  000190

37.    On January 24, 2012, debtor Moisey Fridman wrote Check No. 118 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $9,950.00. Plaintiff is informed and believes that the Debtors cashed this check.

38.    On January 24, 2012, debtor Moisey Fridman wrote Check No. 120 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $1,750.00.

39.    The checks written by the Debtors to themselves against their equity line account number ending 2182 on January 24, 2012 totaled $39,700.00. The balance owing on their equity line on February 1, 2012 was $114,023.61.

40.    On February 3, 2012, debtor Moisey Fridman wrote Check No. 122 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $3,500.00. Plaintiff is informed and believes that the Debtors cashed this check.

41.    On March 1, 2012, the balance owing on the Debtors' Union Bank equity lien account number ending 2182 was $120,818.15.

42.    On February 8, 2011, the Debtors opened a Certificate of Deposit with One West Bank with a deposit of $30,000. The CD had a 60 month term at 2.469% interest and was identified by account number ending 1268.

43.    On November 3, 2011, the Debtors closed their CD with One West Bank and withdrew all of the available funds. The Debtors paid a $600 early termination penalty and received the sum of $29,948.79. On November 3, 2011, the Debtors received this sum in the form of a cashier's check in the amount of $20,000 and $9,948.79 in cash.

44.    On June 8, 2011, the Debtors opened a safe deposit box with Union Bank. The Debtors testified during their meeting of creditors that they still own that safe deposit box as of July 18, 2013.

8

AE  000191

45.     The Trustee examined the Debtors at the continued §341(a) meeting of creditors on October 4, 2012 and again on July 18, 2013.  During the examination, the Debtors testified under penalty of perjury that: (a) they signed their petition, schedules, statements and related documents; (b) they read their bankruptcy papers carefully before signing; (c) they had personal knowledge of the information contained in their bankruptcy papers and that information was true and correct; (d) they listed all of their assets and creditors in their bankruptcy schedules; and (e) there were not any mistakes in their bankruptcy papers other than had been corrected in their amended schedules.

46.     However, in their bankruptcy schedules and statements of financial affairs signed under penalty of perjury and filed with the Court, the Debtors failed to disclose assets and valuable information which would leave to the discovery of assets.

47.     In response to Question 11 of their original Statement of Financial Affairs filed on February 24, 2012 and their Amended Statement of Financial Affairs filed on May 18, 2012, the Debtors failed to disclose that they closed their Money Market Account with U.S. Bank and withdrew the sum of $2,500 in May 2011.

48.     The Debtors failed to disclose that on the Petition Date, they owned two accounts with U.S. Bank.

49.     In response to Question 11 of their original Statement of Financial Affairs filed on February 24, 2012 and their Amended Statement of Financial Affairs filed on May 18, 2012, the Debtors failed to disclose that on November 3, 2011 they closed their CD with One West Bank and withdrew the sum of $29,948.79.

50.     In response to Question 12 of their original Statement of Financial Affairs filed on February 24, 2012 and their Amended Statement of Financial Affairs filed on May 18, 2012, the Debtors failed to disclose that they owned a safe deposit box on the Petition Date.

9

AE  000192

51.     In response to Questions 3, 7 or 10 in their original Statement of Financial Affairs filed on February 24, 2012 and their Amended Statement of Financial Affairs filed on May 18, 2012, the Debtors failed to disclose the withdrawal of $126,463.79 in funds on deposit in their One West CD or borrowed against their Union Bank equity line, and did not disclose the use, transfer or dissipation of these funds.

52.     The Debtors did not disclose that within the 50 days immediately preceding the Petition Date, they paid $25,000 to attorney Aaron Morris to help them with their appeal of the Avetoom Judgment. The Debtor further did not disclose in their Schedule B filed on February 24, 2012 or their Amended Schedule B filed on July 6, 2012, that $12,500 of this sum was held by Mr. Morris on the Petition Date as a deposit against future costs.

53.     The Debtors testified during their continued Section 341(a) meeting of creditors on July 18, 2013, that they transferred the sum of $30,000 in cash to a friend named Victoria Gureyeva during November 2011. However, the Debtors failed to disclose this transfer in their Statement of Financial Affairs filed on February 24, 2012 and May 18, 2012.

54.     The Debtors paid their son Alexander Fridman the sum of $2,000 with a check dated November 9, 2011 and which was honored by Debtors' bank on November 14, 2011. The Debtors testified that this payment was to repay their son for funds he advanced to one of the Debtors' attorneys.  The Debtors did not disclose this payment to their son in their Statement of Financial Affairs. During their Section 341(a) meeting of creditors on October 4, 2013, the Debtors also denied making any payments exceeding $500 to their son Alexander Fridman.

55.     The Debtors testified during their Section 341(a) meeting of creditors on November 15, 2013, that they transferred by wire transfer approximately $5,900 to family in Russia within the 1 year period immediately preceding the Petition Date. This transfer is not

10

AE  000193

disclosed in response to Questions 3, 7 or 10 in their original Statement of Financial Affairs filed

on February 24, 2012 and their Amended Statement of Financial Affairs filed on May 18, 2012.

## FIRST CLAIM FOR RELIEF

### (For Denial of Discharge – 11 U.S.C. § 727(a)(2)(A))

56.    Plaintiff realleges and incorporates herein by reference the allegations in

Paragraphs 1 through 55, as though fully set forth herein.

57.    Plaintiff is informed and believes, and based thereon alleges that the Debtors, with

the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody

of property under the Bankruptcy Code, has transferred, removed, destroyed, mutilated, or

concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed

property of the Debtors within one year before the Petition Date.

58.    The Debtors' discharge should therefore be denied under 11 U.S.C. §

727(a)(2)(A).

## SECOND CLAIM FOR RELIEF

### (For Denial of Discharge – 11 U.S.C. § 727(a)(2)(B))

59.    Plaintiff realleges and incorporates herein by reference the allegations in

Paragraphs 1 through 55, as though fully set forth herein.

60.    Plaintiff is informed and believes, and based thereon alleges that the Debtors, with

the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of

property under the Bankruptcy Code, has transferred, removed, destroyed, mutilated, or

concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed

property of the estate after the Petition Date.

61.    The Debtors' discharge should therefore be denied under 11 U.S.C. §

727(a)(2)(B).

11

AE  000194

## THIRD CLAIM FOR RELIEF

### (For Denial of Discharge – 11 U.S.C. § 727(a)(4)(A))

62.     Plaintiff realleges and incorporates herein by reference the allegations in Paragraphs 1 through 55, as though fully set forth herein.

63.     The Debtors testified at their §341(a) meeting of creditors that they reviewed their Voluntary Petition, Schedules and Statement of Financial Affairs prior to executing them, and that those documents were true and correct.

64.     Plaintiff is informed and believes, and based thereon alleges that the Debtors knowingly and fraudulently, in or in connection with their bankruptcy case, made a false oath or account by failing to disclose assets, transfers, and the closure of valuable financial accounts in their Schedules or Statement of Financial Affairs, which they signed under penalty of perjury.

65.     Plaintiff is informed and believes, and based thereon alleges that the Debtors knowingly and fraudulently, in or in connection with their bankruptcy case, made a false oath or account by testifying at their meeting of creditors that their Petition, Schedules and Statement of Financial Affairs were true and correct, when in fact they failed to disclose assets, transfers and the closure of valuable financial accounts.

66.     The Debtors' discharge should therefore be denied under 11 U.S.C. § 727(a)(4)(A).

## FOURTH CLAIM FOR RELIEF

### (For Denial of Discharge – 11 U.S.C. § 727(a)(4)(D))

67.     Plaintiff realleges and incorporates herein by reference the allegations in Paragraphs 1 through 55, as though fully set forth herein.

68.     Plaintiff is informed and believes, and based thereon alleges that the Debtors knowingly and fraudulently, in or in connection with their bankruptcy case, withheld from an

12

officer of the estate entitled to possession under this title, any recorded information, including

books, documents, records, and papers, relating to the Debtors' property or financial affairs.

69.    Plaintiff is informed and believes, and based thereon alleges that the Debtors

knowingly and fraudulently, in or in connection with their bankruptcy case, withheld from the

Trustee complete copies of the statements from their Union Bank home equity line of credit

account number ending 2182.

70.    Plaintiff is informed and believes, and based thereon alleges that the Debtors

knowingly and fraudulently, in or in connection with their bankruptcy case, withheld from the

Trustee financial account statements other than their statements from their Union Bank home

equity line of credit account number ending 2182.

71.    The Debtors' discharge should therefore be denied under 11 U.S.C. §

727(a)(4)(D).

## FIFTH CLAIM FOR RELIEF

### (For Denial of Discharge – 11 U.S.C. § 727(a)(5))

72.    Plaintiff realleges and incorporates herein by reference the allegations in

Paragraphs 1 through 55, as though fully set forth herein.

73.    The Debtors have failed to explain satisfactorily, before determination of denial of

discharge under this paragraph, any loss of assets or deficiency of assets to meet the Debtors'

liabilities.

74.    The Debtors have failed to explain satisfactorily the dissipation of more than

$126,463.79 in cash which they withdrew from their One West CD and charged against their

Union Bank home equity line of credit, from November 3, 2011 through February 3, 2012.

///

///

13

AE  000196

75.    The Debtors' discharge should therefore be denied under 11 U.S.C. §727(a)(5).

**WHEREFORE,** Plaintiff prays for relief as follows:

1.    For judgment denying the Debtors' discharge pursuant to 11 U.S.C. §727(a)(2)(A);

2.    For judgment denying the Debtors' discharge pursuant to 11 U.S.C. §727(a)(2)(B);

3.    For judgment denying the Debtors' discharge pursuant to 11 U.S.C. §727(a)(4)(A);

4.    For judgment denying the Debtors' discharge pursuant to 11 U.S.C. §727(a)(4)(D);

5.    For judgment denying the Debtors' discharge pursuant to 11 U.S.C. §727(a)(5);

6.    For costs of suit incurred herein; and

7.    For such other and further relief as the Court deems just and proper.

Dated: July 29, 2013

LEVENE, NEALE, BENDER, YOO & BRILL, L.L.P.

By:＿＿＿＿＿ */s/ Todd A. Frealy* ＿＿＿＿＿
TODD A. FREALY
Attorneys for Karl Anderson,
Chapter 7 Trustee

14

AE  000197

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| TODD A. FREALY (SBN 198780)<br>JULIET Y. OH (SBN 211414)<br>LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.<br>10250 Constellation Boulevard, Suite 1700<br>Los Angeles, California 90067<br>Telephone: (310) 229-1234<br>Facsimile: (310) 229-1244<br>Email: taf@lnbyb.com; jyo@lnbyb.com<br><br>*Attorney for Plaintiff* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re:<br>MOISEY O. FRIDMAN and ROSA A. FRIDMAN,<br><br><br><br>Debtor(s). | CASE NO.: 8:12-bk-11721-ES<br><br>CHAPTER: 7<br><br><br>ADVERSARY NUMBER: |
|---|---|
| KARL ANDERSON, Chapter 7 Trustee,<br><br><br><br>Plaintiff(s)<br>Versus<br>MOISEY O. FRIDMAN and ROSA A. FRIDMAN,<br><br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING  [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| Hearing Date: _____<br>Time: _____<br>Courtroom: _____ | Place:<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☒ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012    Page 1    **F 7004-1.SUMMONS.ADV.PROC**

AE  000198

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS. REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
Deputy Clerk

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                    Page 2                        **F 7004-1.SUMMONS.ADV.PROC**

AE  000199

FORM B104  (08/07)                                                    2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS KARL ANDERSON, Chapter 7<br>Trustee, | DEFENDANTS MOISEY O. FRIDMAN and ROSA A.<br>FRIDMAN, |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>LEVENE, NEALE, BENDER, YOO & BRILL<br>L.L.P. 10250 Constellation Blvd., Ste.<br>1700 Los Angeles, CA 90067 310-229-1234 | ATTORNEYS (If Known) |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint against Debtors for Denial of Discharge

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property -§542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 1 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

CCD-B104

AE 000200

FORM B104 (08/07), page 2                                                 2007 USBC, Central District of California

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| MOISEY O. FRIDMAN and ROSA A. FRIDMAN | 8:12-bk-11721-ES |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| CENTRAL | SANTA ANA | ERITHE A. SMITH |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|
| /S/TODD A. FREALY |

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| July 30, 2013 | TODD A. FREALY |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

AE 000201

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "3"

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

1 | LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
   | IRV M. GROSS (SBN 53659)
2 | 10250 Constellation Boulevard, Suite 1700
   | Los Angeles, CA 90067
3 | Telephone: (310) 229-1234
   | Facsimile:  (310) 229-1244
4 | Email: img@lnbyb.com

5 | Attorneys for Karl Anderson, Chapter 7 Trustee

6

7 | **UNITED STATES BANKRUPTCY COURT**

8 | **CENTRAL DISTRICT OF CALIFORNIA**

9 | **SANTA ANA DIVISION**

10 | In re:

| | Bk. No. 8:12-bk-11721-ES
11 | MOISEY O. FRIDMAN and ROSA A. | Chapter 7
12 | FRIDMAN,
| | Adv. No. 8:13-ap-01253-ES
13 | Debtors.

| | **STIPULATION FOR ENTRY OF**
14 | | **JUDGMENT DENYING THE DEBTORS**
| | **THEIR DISCHARGES**
15 | KARL ANDERSON, CHAPTER 7 TRUSTEE,
| | **Trial Date: January 29, 2015**
16 | Plaintiff, | **Time: 9:30 a.m.**
| | **Courtroom: 5A**
17

18 | MOISEY O. FRIDMAN and ROSA A.
19 | FRIDMAN,
| Defendants.
20

21 |   Plaintiff Karl Anderson, the duly appointed and acting Chapter 7 trustee ("Trustee") in
22 | the bankruptcy case of Moisey O. Fridman and Rosa A. Fridman (the "Fridmans"), and the
23 | Fridmans, and each of them, enter into this stipulation for entry of a judgment in favor of the
24 | Trustee and against the Fridmans, and each of them, for denial of their respective discharges, as
25 | follows:
26

27

28 | DALLAS 1796792v2

**RECITALS**

1.    On February 10, 2012, the Fridmans filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court, Central District of California, Santa Ana Division, commencing the bankruptcy case styled *In re Moisey O. Fridman and Rosa A. Fridman., Debtors* ("the Bankruptcy Case"). On May 24, 2012, the Bankruptcy Case was converted to a case under Chapter 7, and the Trustee was thereafter appointed.

2.    On July 30, 2013, the Trustee filed a complaint (the "Complaint") commencing the adversary proceeding styled *Karl Anderson, Chapter 7 Trustee v. Moisey O. Fridman and Rosa A. Fridman*, Adv. No. 2:12-ap-01124-BR. (the "Adversary Proceeding"). The Complaint seeks an order denying the Fridmans, and each of them, their respective discharges in bankruptcy.

3.    On August 26, 2013, the Fridmans filed their answer to the Complaint.

4.    Trial of the Adversary Proceeding was scheduled for January 29, 2015.

WHEREFORE, the Trustee and the Fridmans, and each of them, hereby stipulate:

**STIPULATION**

1.    A judgment ("Judgment") shall be entered on the entire Complaint, and on each Claim for Relief set forth therein, in favor of the Trustee and against the Fridmans, and each of them;

2.    The Judgment shall provide that: (i) Moisey O. Fridman and Rosa A. Fridman, and each of them, shall be and are denied their respective discharges in bankruptcy; (ii) Nothing in the Judgment shall affect any rights the Trustee may have with respect to any person or entity other than the Fridmans, and each of them.

-2-

DALLAS 1796792v2

1    **IT IS SO STIPULATED.**

2

3    Dated: 02/06/2015

4                                              KARL T. ANDERSON
                                               Chapter 7 Trustee
5    Dated: 01/30, 2015

6                                              MOISEY O. FRIDMAN

7    Dated: 01/30, 2015

8                                              ROSA A. FRIDMAN

9                                              .

10   APPROVED AS TO FORM AND CONTENT:

11   LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

12

13
     IRV M. GROSS
14   Attorneys for Karl T. Anderson, Ch. 7 Trustee

15   LAW OFFICES OF JOHN D. OTT
16   A PROFESSIONAL CORPORATION

17

18
     Attorney for Moisey O. Fridman and Rosa A. Fridman
19

20

21

22

23

24

25

26

27                                            -3-

28   DALLAS 1796792v2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067.

True and correct copies of the foregoing documents described as STIPULATION FOR ENTRY OF JUDGMENT DENYING THE DEBTORS THEIR DISCHARGES to be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 9, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Karl T Anderson (TR)
edansie@hotmail.com, kanderson@ecf.epiqsystems.com

Todd A Frealy on behalf of Plaintiff Karl Anderson
taf@lnbrb.com

Irving M Gross on behalf of Plaintiff Karl Anderson
img@lnbrb.com, angela@lnbrb.com

Juliet Y Oh on behalf of Plaintiff Karl Anderson
jyo@lnbyb.com, jyo@lnbrb.com

John D Ott on behalf of Defendant Moisey O. Fridman
Jott@jdolawyers.com

John D Ott on behalf of Defendant Rosa A. Fridman
Jott@jdolawyers.com

Lindsey L Smith on behalf of Plaintiff Karl Anderson
lls@lnbyb.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **February 9, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 9, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Chambers Copies via Overnight Delivery
Hon. Erithe A. Smith
United States Bankruptcy Court
411 West Fourth Street, Chambers 5040
Santa Ana, CA 92701-4593

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 9, 2015 | John Berwick | /s/ John Berwick |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "4"

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
IRV M. GROSS (SBN 53659)
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 229-1234
Facsimile:  (310) 229-1244
Email: img@lnbyb.com

Attorneys for Karl Anderson, Chapter 7 Trustee

FILED & ENTERED

FEB 18 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY steinber   DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>MOISEY O. FRIDMAN and ROSA A. FRIDMAN,<br><br>        Debtors.<br><br>———————————————<br><br>KARL ANDERSON, CHAPTER 7 TRUSTEE,<br><br>        Plaintiff,<br><br>      v.<br><br>MOISEY O. FRIDMAN and ROSA A. FRIDMAN,<br><br>        Defendants. | Bk. No. 8:12-bk-11721-ES<br><br>Chapter 7<br><br>Adv. No. 8:13-ap-01253-ES<br><br>**JUDGMENT DENYING THE DEBTORS THEIR DISCHARGES**<br><br>**Trial Date: January 29, 2015**<br>**Time: 9:30 a.m.**<br>**Courtroom: 5A** |

     The above-referenced adversary proceeding (the "Adversary Proceeding") came on for

trial on January 29, 2015.  Appearances were as noted on the record.

     The Debtors, Moisey O. Fridman and Rosa A. Fridman, and each of them, having stated

on the record that they agreed to have judgment in the Adversary Proceeding entered against

DALLAS 1796792v2

them, and each of them, as set forth below, and the Court having considered the *Stipulation for Entry of Judgment Denying the Debtors Their Discharges* (the "Stipulation") filed herein,

IT IS HEREBY ORDERED AND ADJUDGED:

1.  The Stipulation is approved in its entirety;

2.  A judgment on the Complaint and on each Claim for Relief set forth therein (the "Judgment") in the Adversary Proceeding is awarded to, and shall be entered in favor of, Plaintiff Karl Anderson, the duly appointed and acting Chapter 7 trustee in this bankruptcy case ("Trustee"), and against Moisey O. Fridman and Rosa A. Fridman, and each of them, the Debtors in this bankruptcy case.  Pursuant to the Judgment, Debtors Moisey O. Fridman and Rosa A. Fridman, and each of them, shall be and are denied their respective discharges in bankruptcy.

3.  Nothing in this Judgment does or shall affect any rights the Trustee may have with respect to any person or entity other than the Debtors, Moisey O. Fridman and Rosa A. Fridman.

# # #

Date: February 18, 2015

Erithe Smith
United States Bankruptcy Judge

DALLAS 1796792v2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "5"

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

1                SUPERIOR COURT OF THE STATE OF CALIFORNIA

2                COUNTY OF ORANGE - CENTRAL JUSTICE CENTER

3                          DEPARTMENT C-18

4

    KARL AVETOOM, AN INDIVIDUAL,              )

5                                             )

                                PLAINTIFF,    )

6                                             )

              VS.                             ) CASE NO. 30-2015-

7                                             ) 00820760-CU-FR-CJC

    ROBERT RISBROUGH, AN INDIVIDUAL;          )

8   DARLING & RISBROUGH, LLP, A               )

    CALIFORNIA LIMITED LIABILITY              )

9   PARTNERSHIP; MOISEY FRIDMAN, AN           )

    INDIVIDUAL, ROSA FRIDMAN, AN              )

10  INDIVIDUAL, AND AS TRUSTEE FOR THE        )

    MOISEY FRIDMAN AND ROSA FRIDMAN           )

11  TRUST, AND THE FRIDMAN FAMILY             )

    TRUST, AND DOES 1 THROUGH 20              )

12  INCLUSIVE,                                )

                                DEFENDANTS.   )

13  _____ )

14

15           HONORABLE THEODORE R. HOWARD, JUDGE

16           REPORTER'S TRANSCRIPT OF PROCEEDINGS

17                        JULY 9, 2019

18

19

20

21

22

23

24

25           MARY WEBB, CSR # 4347

26           OFFICIAL REPORTER PRO TEMPORE

1    APPEARANCES:

2    FOR PLAINTIFF:   CHARLES L. MURRAY, III, ESQ.

3                    444 SOUTH FLOWER STREET, SUITE 2530

4                    LOS ANGELES, CALIFORNIA 90071

5                    (213) 627-5983

6

7    FOR DEFENDANTS: MORKI & ASSOCIATES

8                    BY: BRAD A. MOKRI, ESQ.

9                    1851 EAST FIRST STREET, SUITE 900

10                    SANTA ANA, CALIFORNIA 92705

11                    (714)619-9395

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1                          I N D E X

2

3                       JULY 9, 2019

4

5        CHRONOLOGICAL AND ALPHABETICAL INDEX OF WITNESSES

6

7                          (NONE.)

8

9

10

11                      E X H I B I T S

12

13                    (NONE OFFERED.)

14

15

16

17

18

19

20

21

22

23

24

25

26

```
1              SANTA ANA; CALIFORNIA; TUESDAY, JULY 9, 2019

2                         AFTERNOON SESSION

3

4              (THE FOLLOWING PROCEEDINGS WERE HELD

5               IN OPEN COURT:)

6

7         THE COURT:  WE ARE ON THE RECORD AGAIN IN THE

8    MATTER OF AVETOOM VS. RISBROUGH -- IT CHANGED THE NAME --

9    FRIDMAN.  I'M SORRY.

10                   APPEARANCES, COUNSEL?

11        MR. MURRAY:  YES.  CHARLES MURRAY ON BEHALF OF

12   PLAINTIFF.

13        MR. MOKRI:  GOOD AFTERNOON,  YOUR HONOR. BRAD

14   MOKRI ON BEHALF OF DEFENDANT ROSA FRIDMAN, INDIVIDUALLY,

15   AND AS THE TRUSTEE.  I HAVE AT THE COUNSEL TABLE

16   MISS ROSA FRIDMAN.

17              I, ALSO, HAVE VAL FRIDMAN, WHICH IS THE

18   SON OF ROSA FRIDMAN, WHICH WILL HELP IN CASE MISS FRIDMAN

19   HAS SOME LANGUAGE BARRIER OR DOESN'T UNDERSTAND IT.

20        THE COURT:  OH, WHAT LANGUAGE?

21        MR. MOKRI:  RUSSIAN.

22        THE COURT:  OKAY. THANK YOU, VERY MUCH. I

23   UNDERSTAND THERE HAS BEEN A SETTLEMENT REACHED?

24        MR. MURRAY:  YES.

25        MR. MOKRI:  YES, YOUR HONOR.

26        THE COURT:  WHO IS GOING TO RECITE THE TERMS OF
```

1    THE SETTLEMENT?

2         MR. MOKRI:  I'LL PUT THE TERMS ON.

3         MR. MURRAY:  I PROBABLY HAD AS WE DISCUSSED.

4         MR. MOKRI:  THE PARTIES, ROSA FRIDMAN, REPRESENT

5    THAT THE PROPERTY COMMONLY KNOWN AS 16542 BLACKBIRD LANE,

6    NUMBER 304, HUNTINGTON BEACH, CALIFORNIA, ZIP CODE 92649,

7    IS OWNED BY FRIDMAN FAMILY TRUST AS PROVIDED IN A

8    DECLARATION OF TRUST FOR THE FRIDMAN FAMILY TRUST

9    ESTABLISHED ON APRIL 14TH, 2000.

10         ROSA FRIDMAN STIPULATE THAT THE JUDGMENT

11    IN CASE AVETOOM VERSUS ARCE, A-R-C-E, CASE NUMBER

12    30-2010-00345490 IS VALID AGAINST HER INDIVIDUALLY AND AS

13    TRUSTEE OF FRIDMAN FAMILY TRUST.

14         ROSA FRIDMAN REPRESENTS THAT THE ONLY

15    PROPERTY IN FRIDMAN FAMILY TRUST IS THE PROPERTY COMMONLY

16    KNOWN AS 16542 BLACKBIRD LANE, NUMBER 304, HUNTINGTON

17    BEACH, CALIFORNIA.

18         THE PROPERTY HELD IN THE TRUST AS FOLLOWS:

19    68.3 PERCENT INTEREST BELONG TO ROSA FRIDMAN AND THE

20    REMAINDER OF THE INTEREST BELONGS TO ALEX FRIDMAN.

21         PARTIES AGREE THAT ALEX FRIDMAN INTEREST

22    IS NOT AFFECTED BY THE JUDGMENT.

23         PARTIES AGREE TO A MUTUAL RELEASE WITH

24    1542 WAIVER AND DISMISSAL OF THE CASE WITH PREJUDICE WITH

25    A COURT RETAINING JURISDICTION UNDER CCP 664.6.

26         THE PARTIES AGREE THAT WE WILL NOT FILE

1   ANY LEGAL ACTION AGAINST EACH OTHER OR FAMILY OF EACH

2   OTHER.

3                   PARTIES REPRESENT THAT THEY HAVE THE

4   AUTHORITY TO ENTER INTO THIS SETTLEMENT AGREEMENT.

5           MR. MURRAY:  AND THE PARTIES FURTHER AGREE THAT

6   THE DISMISSAL WILL BE, THE DISMISSAL WITH PREJUDICE WILL

7   BE ENTERED UPON THE COURT EXECUTING AN ORDER REFLECTING

8   THE SETTLEMENT AGREEMENT.

9                   THE PURPOSE OF THE ORDER, YOUR HONOR, IS

10  SO THE PLAINTIFF COULD REDUCE THE SETTLEMENT AGREEMENT TO

11  AN ORDER AND THEN RECORD IT WITH THE COUNTY RECORDER'S

12  OFFICE.

13          MR. MOKRI:  YES, YOUR HONOR.

14          THE COURT:  ALL RIGHT.  DO YOU WANT TO INQUIRE OF

15  YOUR CLIENTS FIRST?

16          MR. MOKRI:  YES.  IS IT OKAY IF MY CLIENT SIT

17  DOWN, YOUR HONOR?

18          THE COURT:  IT IS.

19          MR. MOKRI:  THANK YOU.

20                  MISS FRIDMAN, YOU HEARD ME PUTTING THE

21  SETTLEMENT AGREEMENT AND THE TERMS OF THE SETTLEMENT ON

22  THE RECORD AND READ IT FOR THE JUDGE; DO YOU UNDERSTAND

23  THE TERMS?

24                  DO YOU AGREE WITH THE TERMS OF THE

25  SETTLEMENT AGREEMENT?  IN ENGLISH.

26          MS. FRIDMAN:  YES.

1          THE COURT:  THANK YOU.

2          MR. MOKRI:  DO YOU AGREE THAT YOU ARE NOT GOING TO

3    TRY AND YOU UNDERSTAND ALL THE TERMS OF THE SETTLEMENT

4    AGREEMENT?

5          MS. FRIDMAN:  NOT REALLY CLEAR BUT I UNDERSTAND,

6    YES.

7          MR. MOKRI:  NOTHING FURTHER, YOUR HONOR.

8          THE COURT:  DO YOU WANT TO INQUIRE OF YOUR CLIENT?

9          MR. MURRAY:  YES. MR. AVETOOM, DID YOU HEAR THE

10   RECITATION OF THE SETTLEMENT AGREEMENTS READ ON THE

11   RECORD?

12         MR. AVETOOM:  YES, I DID.

13         MR. MURRAY:  DO YOU PLAN ON PREPARING A PROPOSED

14   JUDGMENT INCOMPLIANCE WITH THE SETTLEMENT AGREEMENT?

15         MR. AVETOOM:  YES, I WILL.

16         MR. MURRAY:  DO YOU AGREE TO THE TERMS OF THE

17   SETTLEMENT AGREEMENT?

18         MR. AVETOOM:  YES, I DO.

19         MR. MURRAY:  DO YOU HAVE ANY QUESTIONS REGARDING

20   THE SETTLEMENT AGREEMENT?

21         MR. AVETOOM:  JUST TO CLARIFY IT IS BLACKBEARD

22   LANE AND NOT BLACKBIRD LANE.

23         THE COURT:  IS THAT AGREED, COUNSEL?

24         MR. MURRAY:  YES.

25         MR. MOKRI:  YES, YOUR HONOR.

26         MR. MURRAY:  ARE THERE ANY OTHER QUESTIONS THAT

1    YOU HAVE OR CONCERNS ABOUT THE SETTLEMENT AGREEMENT?

2         MR. AVETOOM:  NO.

3         MR. MURRAY:  ARE YOU ENTERING THE SETTLEMENT

4    AGREEMENT WILLING?

5         MR. AVETOOM:  YES.

6         THE COURT:  I DIDN'T HEAR YOU ASK YOUR CLIENT THAT

7    QUESTION.  I WOULD LIKE TO HAVE YOU ASK IF SHE ENTERED

8    INTO THIS WILLINGLY WITHOUT ANY THREATS OR PROMISES THAT

9    AREN'T PART OF THIS SETTLEMENT.

10         MR. MOKRI:  IF THE COURT PERMIT ME, I WOULD LIKE

11    TO ASK MR. VAL FRIDMAN ALSO THAT HE EXPLAINED --

12         THE COURT:  DO WE HAVE A STIPULATION THAT VAL

13    FRIDMAN CAN SERVE AS AN INTERPRETER FOR THE DEFENDANT?

14         MR. MOKRI:  WE CAN AGREE TO THAT.

15         MR. MURRAY:  I MEAN -- WE ARE GETTING INTO A FUNNY

16    AREA.  ROSA FRIDMAN TESTIFIED IN ENGLISH THE ENTIRE TRIAL

17    IN THE UNDERLYING CASE AND I UNDERSTAND VAL FRIDMAN IS

18    NOT A CERTIFIED INTERPRETER.

19         THE COURT:  NO, HE IS NOT.  THAT IS WHY I NEED A

20    STIPULATION.  IF YOU DON'T WANT TO STIPULATE, THAT'S

21    FINE. JUST GO AHEAD.

22         MR. MOKRI:  MISS FRIDMAN, YOU UNDERSTOOD ALL THE

23    TERMS OF THE SETTLEMENT AGREEMENT, CORRECT?

24         MS. FRIDMAN:  I'M NOT SURE.

25         THE COURT:  SEE THAT IS MY PROBLEM.

26         MR. MOKRI:  THAT IS WHY, YOUR HONOR, I LIKE TO

1    HAVE A STIPULATION FOR VAL FRIDMAN TO EXPLAIN TO HER.

2            THE COURT:  IF HE DOESN'T WANT TO STIPULATE, I

3    CAN'T ENFORCE IT.  LET ME CHECK TO SEE IF WE HAVE A

4    RUSSIAN LANGUAGE INTERPRETER THAT WE CAN GET UP HERE.

5            MR. MURRAY:  THIS IS JUST A THOUGHT.  IT WOULDN'T

6    REQUIRE MY STIPULATION BUT IT WOULD BE A QUESTION FROM

7    COUNSEL, DOES MISS ROSA FRIDMAN AGREE TO WAIVE A

8    CERTIFIED INTERPRETER AND USE THE SERVICES OF HER SON?

9            THE COURT:  I THINK I NEED TO HAVE BOTH OF YOU

10   AGREE TO THAT; OTHERWISE, I CAN'T DO IT.

11           MR. MOKRI:  I AM THE ONE THAT OFFERED, YOUR HONOR.

12           THE COURT:  SURE.  LET ME SEE DO WE HAVE AN

13   INTERPRETER?

14           THE CLERK:  I AM GOING TO CHECK RIGHT NOW.  I WAS

15   GETTING THE PHONE NUMBER.

16           THE COURT:  WE HAVE NO CERTIFIED INTERPRETER.

17           MR. MOKRI:  I PROPOSE, YOUR HONOR, WE STIPULATE TO

18   MR. VAL FRIDMAN, THE SON OF ROSA FRIDMAN, TO ACT AS AN

19   INTERPRETER.

20           MR. MURRAY:  YOUR HONOR, CAN WE GO OFF THE RECORD?

21           THE COURT:  WE CAN GO OFF THE RECORD.

22

23           (OFF THE RECORD DISCUSSION WAS HELD:)

24

25           THE COURT:  WILL THE CLERK, PLEASE, SWEAR IN THE

26   TEMPORARY INTERPRETER.

1          THE CLERK:  RAISE YOUR RIGHT HAND.

2                DO YOU SOLEMNLY STATE THAT YOU WILL

3     INTERPRET THE ENGLISH LANGUAGE INTO THE RUSSIAN LANGUAGE

4     AND THE RUSSIAN LANGUAGE INTO THE ENGLISH LANGUAGE TO THE

5     BEST OF YOUR ABILITY, SO HELP YOU GOD?

6          MR. FRIDMAN:  I DO.

7          THE CLERK:  PLEASE, STATE YOUR FULL NAME AND SPELL

8     YOUR LAST NAME FOR THE RECORD.

9          MR. FRIDMAN:  VAL FRIDMAN, LAST NAME F-R-I-D, AS

10    IN DAVID, M-A-N.

11         THE CLERK:  THANK YOU.

12         THE COURT:  COUNSEL, YOU MAY INQUIRE.

13         MR. MOKRI:  MISS FRIDMAN, YOU HEARD ME PUTTING THE

14    TERMS OF THE SETTLEMENT AGREEMENT ON THE RECORD, CORRECT?

15         MS. FRIDMAN:  YES (IN ENGLISH).

16         MR. MOKRI:  YOU AGREE WITH THE TERMS OF THE

17    SETTLEMENT AGREEMENT AS I PUT IT IN THE RECORD?

18         MS. FRIDMAN:  YES (IN ENGLISH).

19         MR. MOKRI:  WE REVIEWED AND WENT OVER THESE TERMS

20    TWO OR THREE TIMES BEFORE WE COME TO THE COUNSEL TABLE,

21    CORRECT?

22         MS. FRIDMAN:  YES (IN ENGLISH).

23         MR. FRIDMAN:  SHE SAID "YES."

24         MR. MOKRI:  ARE YOU VOLUNTARILY AGREEING TO THE

25    TERMS OF THIS SETTLEMENT AS WE PUT ON THE RECORD?

26         MR. FRIDMAN:  SHE SAID "YES."

```
1           MR. MOKRI:  DO YOU HAVE ANY QUESTIONS FROM ME OR
2     THE COURT ABOUT THE SETTLEMENT AGREEMENT?
3           MR. FRIDMAN:  SHE IS ASKING IF THIS WILL BE THE
4     END OF THIS COURT PROCEEDINGS.
5           MR. MOKRI:  OKAY.  WITH THIS SETTLEMENT AGREEMENT,
6     THIS WILL BE THE END OF THIS COURT PROCEEDING; DO YOU
7     UNDERSTAND THAT?
8           MR. FRIDMAN:  SHE SAID, "YES."
9           MR. MOKRI:  DOES THE COURT HAVE ANY QUESTIONS
10    REGARDING --
11          THE COURT:  NO.  COUNSEL, DO YOU?
12          MR. FRIDMAN:  SHE AGREES WITH THE SETTLEMENT
13    AGREEMENT.  THAT IS WHAT SHE SAID.
14          THE COURT:  DID PLAINTIFF'S COUNSEL HAVE A
15    QUESTION?
16          MR. MURRAY:  I'M OVERLY CAUTIOUS.  BUT YOUR
17    QUESTIONS WERE SOLELY DID SHE UNDERSTAND WHAT YOU READ
18    INTO THE RECORD.
19               I, ALSO, READ PART OF THE SETTLEMENT
20    AGREEMENT INTO THE RECORD AND I WANT TO MAKE SURE SHE
21    UNDERSTANDS AND AGREES WITH THAT.
22               THAT A PROPOSED ORDER WILL BE SUBMITTED
23    FOR THE COURT'S SIGNATURE PURSUANT TO THE SETTLEMENT
24    AGREEMENT.
25               IT WILL CONTAIN THE TERMS OF THE
26    SETTLEMENT AGREEMENT AND THEN IT WILL BE DISMISSED WITH
```

1   PREJUDICE UPON EXECUTION OF THE ORDER BY THE COURT.

2              THE PURPOSE OF THIS ORDER IS TO RECORD IT

3   WITH THE COUNTY RECORDER.

4              MR. FRIDMAN:  SHE IS ASKING IS IT GOING TO BE

5   COMPLETELY DONE ONCE YOU FILE --

6              MR. MURRAY:  THIS CASE WILL BE RESOLVED.

7              MR. FRIDMAN:  WHAT OTHER CASES ARE THERE?

8              MR. MOKRI:  LET ME ASK THE QUESTION.  LET ME JUST

9   CLEAR THAT ISSUE.  MISS FRIDMAN, DO YOU UNDERSTAND THAT

10  AFTER --

11             THE COURT:  COUNSEL, PART OF THE AGREEMENT WAS

12  THERE WOULD BE A 1542 WAIVER AND THAT TAKES CARE OF ANY

13  CLAIMS BETWEEN THESE FOLKS FOR ALL HISTORY.

14             MR. MOKRI:  CORRECT, YOUR HONOR.

15             MISS FRIDMAN, DO YOU UNDERSTAND THAT WITH

16  SIGNING THIS SETTLEMENT AGREEMENT, THIS IS GOING TO

17  RESOLVE THIS CASE BETWEEN YOU AND KARL AVETOOM?

18             THE COURT:  SPEAK UP, LOUD, COUNSEL.  LOOK, MAKE

19  SURE SHE UNDERSTAND THIS COVERS ANY AND ALL CLAIMS EVEN

20  THOSE THAT ARE KNOWN.

21             MR. MOKRI:  MISS FRIDMAN, DO YOU UNDERSTAND THAT

22  THIS SETTLEMENT AGREEMENT COVERS ANY AND ALL CLAIMS KNOWN

23  OR UNKNOWN BETWEEN YOU AND MR. KARL AVETOOM.  TRANSLATE.

24             MS. FRIDMAN:  YES, THANK YOU (IN ENGLISH).

25             THE COURT:  MISS REPORTER, DID YOU GET IT?

26             THE REPORTER:  YES.

1          MR. MOKRI:  MISS FRIDMAN, DO YOU UNDERSTAND THAT

2     COUNSEL FOR MR. AVETOOM WILL PREPARE A PROPOSED ORDER AND

3     SUBMIT IT TO THE JUDGE FOR THE TERMS OF THIS SETTLEMENT

4     AGREEMENT TO BECOME THE ORDER OF THE COURT?

5          MR. FRIDMAN:  AM I GOING TO GET A LETTER?

6          MR. MOKRI:  YEAH, THE PROPOSED ORDER AFTER IT IS

7     SIGNED BY THE JUDGE.

8          MS. FRIDMAN:  CAN I HELP -- CONCLUSION.  THANK

9     YOU, VERY MUCH (IN ENGLISH).

10         THE COURT:  DID SHE UNDERSTAND THAT ANY ORDER THAT

11    I'M BEING ASKED TO SIGN WILL BE SUBMITTED TO HER ATTORNEY

12    FOR APPROVAL AS TO FORM AND CONTENT?

13         MR. MOKRI:  MISS FRIDMAN, DO YOU UNDERSTAND THAT

14    THE ORDER THAT THE JUDGE IS GOING TO BE SIGNING IS GOING

15    TO BE SUBMITTED TO ME TO PROVIDE IT TO YOU TO APPROVE AS

16    TO FORM AND THE CONTENT?

17         MS. FRIDMAN:  YES (IN ENGLISH).

18         MR. FRIDMAN:  SHE UNDERSTANDS SHE IS BEING A

19    LITTLE BIT EMOTIONAL.  SHE KEEPS TALKING ABOUT HER COURT

20    PROCEEDINGS.  IT HAS BEEN GOING ON FOR 12 YEARS.  SHE IS

21    REALLY UPSET ABOUT IT.

22         THE COURT:  THAT IS WHAT I COUNTED 12 YEARS.

23         MR. MURRAY:  YOUR HONOR, I WANT TO MAKE SURE THAT

24    MY CLIENT DOES NOT WAIVE HIS RIGHTS TO ENFORCE THE

25    UNDERLYING JUDGMENT.

26         THE COURT:  PART OF THIS AGREEMENT WAS THAT THEY

1   ARE CONFIRMING THE UNDERLYING JUDGMENT AND ITS

2   ENFORCEABILITY WILL BE OCCASIONED BY THE RECORDING OF THE

3   ORDER YOU ARE GOING TO ASK ME TO SIGN.

4              SO I CAN ONLY ASSUME FROM THAT, THAT PART

5   OF THE AGREEMENT IS THERE WILL BE A LIEN ON PROPERTY THAT

6   WILL BE ESTABLISHED BY THIS AND CONFIRMED BY THIS

7   BECAUSE I THINK THERE IS AN ABSTRACT OF JUDGMENT ALREADY,

8   IF I'M NOT MISTAKEN FROM READING DOCUMENTS.

9              MR. MOKRI:  YES, YOUR HONOR.

10             THE COURT:  THOSE ARE PERFECTED RIGHTS.  WE ARE

11  NOT DOING ANYTHING ABOUT PERFECTED RIGHTS.

12             MR. MOKRI:  YOUR HONOR, THE TERMS OF THE AGREEMENT

13  SAYS ROSA FRIDMAN STIPULATED THAT THE JUDGMENT IS

14  ENFORCED.

15             THE COURT:  YES.  THAT IS WHAT I UNDERSTOOD.

16  THANK YOU.

17             ANYTHING FURTHER?

18             MR. MOKRI:  THAT'S ALL.

19             THE COURT:  THANK YOU, VERY MUCH.

20             MR. MURRAY:  WE WILL PREPARE A PROPOSED ORDER.

21             THE COURT:  MAKE SURE YOU TAKE ALL YOUR DOCUMENTS.

22  WE WILL SET AN OSC RE DISMISSAL.  HOW MUCH TIME DO YOU

23  WANT?

24             MR. MOKRI:  THIRTY DAYS.

25             MR. MURRAY:  THIRTY DAYS.

26             THE COURT:  THIRTY DAYS IS NOT ENOUGH.

12

1          MR. MOKRI:  FORTY-FIVE.

2          THE COURT:  FORTY-FIVE DAYS.  THAT WILL BE

3    SEPTEMBER.  I GUESS IT WOULD BE THE 30TH OF AUGUST AT

4    9:00 O'CLOCK.  IF A DISMISSAL IS FILED BEFORE THEN,

5    NOBODY NEEDS TO APPEAR.

6          THE CLERK:  NOTICE WAIVED?

7          THE COURT:  NOTICE WAIVED?

8          MR. MOKRI:  NOTICE WAIVED.

9          MR. MURRAY:  YES, YOUR HONOR.

10

11                (PROCEEDINGS CONCLUDED.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1          SUPERIOR COURT OF THE STATE OF CALIFORNIA

2             COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

3     DEPARTMENT C-18      HON. THEODORE R. HOWARD, JUDGE

4

5     KARL AVETOOM, AN INDIVIDUAL,         )
                                           )
6                          PLAINTIFF,      )
                                           )
7            VS.                           ) CASE NO. 30-2015-
                                           ) 00820760-CU-FR-CJC
8     ROBERT RISBROUGH, AN INDIVIDUAL;     )
      DARLING & RISBROUGH, LLP, A          ) REPORTER'S
9     CALIFORNIA LIMITED LIABILITY         ) CERTIFICATE
      PARTNERSHIP; MOISEY FRIDMAN, AN      )
10    INDIVIDUAL, ROSA FRIDMAN, AN         )
      INDIVIDUAL, AND AS TRUSTEE FOR THE   )
11    MOISEY FRIDMAN AND ROSA FRIDMAN      )
      TRUST, AND THE FRIDMAN FAMILY        )
12    TRUST, AND DOES 1 THROUGH 20         )
      INCLUSIVE,                           )
13                         DEFENDANTS.     )
      _____)

14

15            I, MARY C. WEBB, OFFICIAL REPORTER OF THE

16    SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE COUNTY

17    OF LOS ANGELES, DO HEREBY CERTIFY THAT THE FOREGOING,

18    PAGES 1 TO 12, COMPRISES A FULL, TRUE AND CORRECT

19    TRANSCRIPT OF THE PROCEEDINGS TAKEN IN THE ABOVE-ENTITLED

20    CAUSE ON JULY 9, 2019.

21            DATED THIS 24TH DAY OF 2019.

22

23            *Mary Catherine Webb*

24

25            CSR #4347

26            OFFICIAL REPORTER PRO TEMPORE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "6"

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

Case 8:21-bk-10513-ES    Doc 93    Filed 09/30/21    Entered 09/30/21 18:01:16    Desc
Main Document    Page 72 of 151
Electronically Received by Superior Court of California, County of Orange, 07/22/2020 10:50:00 PM.
30-2015-00820760-CU-FR-NJC - ROA # 483 - DAVID H. YAMASAKI, Clerk of the Court By Anh Dang, Deputy Clerk.

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

AUG 1 3 2020

DAVID H. YAMASAKI, Clerk of the Court

BY:_____DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE-CENTRAL JUSTICE CENTER

KARL AVETOOM, an individual

Plaintiff,

vs.

~~ROBERT RISBROUGH, an individual;~~
~~DARLING & RISBROUGH, LLP, a~~
~~California Limited Liability Partnership;~~
ROSA FRIDMAN, an individual, and ROSA
FRIDMAN as Trustee for The Fridman
Family Trust Established On April 14, 2000;
and ~~DOES 1-20, inclusive~~

Defendants

Case No: 30-2015-00820760
Assigned for Trial to:

HON.  JUDGE THEODORE HOWARD
Dept: C-18

[~~PROPOSED~~] JUDGMENT

**IT IS HEREBY STIPULATED AND AGREED UPON** between Plaintiff Karl Avetoom and

Defendant Rosa Fridman, as an individual and in her capacity as Trustee for The Fridman

Family Trust Established On April 14, 2000, (collectively "the Parties")(Rosa Fridman is also

known as "Rosa A. Fridman as Trustee to The Fridman Family Trust u/d/t April 14, 2000")

that on July 9, 2019 before the Court that Judgment be entered in favor of Karl Avetoom and

against Rosa Fridman as an individual and as Trustee for The Fridman Family Trust

Established On April 14, 2000, as follows:

    1.    Rosa Fridman stipulates that the judgment in *Avetoom v. Arce, Fridman* Orange

County Superior Court Case No. 30-2010-00345490 is valid against her both individually and

as Trustee for The Fridman Family Trust Established On April 14, 2000.

1

1    2.    Rosa Fridman hereby represents that 68.3% of the property commonly known as

2    16542 Blackbeard Lane, # 304, Huntington Beach, CA 92649 (APN 937-71-030)("the

3    Property") is owned by Rosa A. Fridman as Trustee for The Fridman Family Trust under

4    Declaration of Trust for The Fridman Family Trust Established On April 14, 2000.

5    3.    Rosa Fridman further represents that the only asset in The Fridman Family Trust

6    Established On April 14, 2000 ("the Trust") is her 68.3% interest in the Property commonly

7    known as 16542 Blackbeard Lane, # 304, Huntington Beach, CA 92649 (APN 937-71-030).

8    4.    Rosa Fridman further represents 68.3% ownership interest of the Property is held

9    under the Declaration of Trust as follows: "MOISEY O. FRIDMAN AND ROSA A.

10    FRIDMAN, as Trustees for The Fridman Family Trust u/d/t April 14, 2000" as provided in the

11    declaration of Trust for The Fridman Family Trust Established On April 14, 2000.  Under the

12    terms of the Trust, after the passing of MOISEY O. FRIDMAN in 2015, ROSA A. FRIDMAN

13    as Trustee for The Fridman Family Trust Established On April 14, 2000 possesses 68.3%

14    ownership of the Property as the surviving spouse.

15    5.    The remaining interest in the Property is owned by ALEX FRIDMAN, a single

16    man.

17    6.    The parties hereby stipulate that ALEX FRIDMAN'S interest in the Property is

18    not affected by this Judgment.

19    7.    The Parties agree to waive any and all claims, known or unknown, between them

20    and waive the protection of Civil Code § 1542.

21    8.    The Parties agree to not file any action against each other, or family of each

22    other.

23    9.    The Parties stipulate that the Court shall retain jurisdiction to enforce this

24    Settlement pursuant to Code of Civil Procedure Section 664.6.

25    10.    The Parties represent that they each have the authority to enter into the

26    Settlement in all capacities.

27    11.    The Parties stipulate that all claims in this action against Rosa Fridman, as an

28    individual and as Trustee for The Fridman Family Trust Established April 14, 2000 are hereby

1    DISMISSED with prejudice upon execution of this Judgment by the Court.

2

3    **IT IS HEREBY ORDERED, ADJUDGED AND DECREED IN ACCORD WITH THE**

4    **ABOVE.**

5

6

7

8    Dated: *August 13, 2020*                    By: *[signature]*

9                                                         Hon. Theodore Howard

10                                                       Judge of the Superior Court

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div align="center">3</div>

**PROOF OF SERVICE**
**STATE OF CALIFORNIA**
**COUNTY OF ORANGE**

I, Sal Hanna, am employed in the County of Orange, State of California. I am over eighteen years of age, and not a party to this action; my business address is 7451 Warner Ave #E191 Huntington Beach, CA 92647 714-794-2779. Orange County Registered Process Server ID # 3050

On July 22, 2020, I served the following document:

**[PROPOSED] JUDGMENT**

on the following parties in the associated manner:

**[X] ELECTRONIC SERVICE.**

I am a resident and employed in the county where the service occurred. I caused to be served on the following parties by ELECTRONIC service a copy of the above document, pursuant to the California Rules of Court, to the respective address.

Brad Mokri, Esq.
MOKRI & ASSOCIATES
*(Attorneys for Defendants Rosa Fridman, and Rosa Fridman as Trustee of The Fridman Family Trust)*

1851 East 1st Street
Suite 840, Santa Ana, CA 92705
*electronic service address: bmokri@mokrilaw.com*

I declare under penalty of perjury, pursuant to the laws of the State of California that the foregoing is true and correct.

Executed November 22, 2020 in Huntington Beach, CA.

*/s/ Sal W. Hanna*

By:    _____
Sal Hanna

1

PROOF OF SERVICE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "7"

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

Contract

This agreement ("Contract") is entered into on Oct 3, 2019 between Karl Avetoom ("Creditor") and Rosa Fridman (Debtor") in her personal capacity and, also in her capacity as Trustee to the Fridman family Estate Trust Established April 14, 2000. Creditor hereby promises not to initiate any foreclosure proceedings on Debtor's property known as 16542 Blackbeard Lane #304, Huntington Beach, CA 92647 (APN 931-71-030)("the Property") to satisfy the remaining balance owed to Creditor in Orange county Superior Court case number 30-2010-00345490 (Avetoom v. Avce, Fridman) as long as the Debtor resides in the Property, or until such time that Debtor vacates the property for any reason including assisted living, or in event Debtor files for bankruptcy protection. In consideration, Debtor agrees not to encumber the Property, transfer, assign or otherwise dispose of her interest in the Property, pay all property taxes, pay all HOA dues and assessments on said Property and consents to give Creditor a lien against Debtors undivided interest of 68.3% in the Property as security to satisfy the outstanding balance owed on the judgment obtained by Creditor against Debtor entered November 18, 2011 in 30-2010-00345490.

_____
Creditor

_____
Debtor

Anne Stanton
Oct 3, 2019
Witness

714-853-0761

witness
HERBERT CONRAD
10.3.2019

- END -

##

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "8"

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Rosa A Fridman | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| | | | |
| United States Bankruptcy Court for the: Central District of California | | | |
| | | (State) | |
| Case number | | | |
| (If known) | | | |

☐ Check if this is an amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt                    4/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

| Part 1: | Identify the Property You Claim as Exempt |
|---|---|

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>Check only one box for each exemption | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: 16542 Blackbeard Lane<br><br>Line from Schedule A/B:    1.1 | $ 230,640.22 | ☑ $ 600,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Cal. Civ. Proc. Code § 704.730 (a)(2) |
| Brief description: Other - Pride- Victory Series 9 Medical Disability Scooter<br><br>Line from Schedule A/B:    14 | $ 1,500.00 | ☑ $ 1,500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Cal. Civ. Proc. Code § 704.050 |
| Brief description: Wells Fargo (Closed) (Checking)<br><br>Line from Schedule A/B:    17.1 | $ 0.00 | ☑ $ 2,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Cal. Civ. Proc. Code § 704.080(b)(4) |

3. **Are you claiming a homestead exemption of more than $170,350?**

   (Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☐ No

   ☑ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

       ☑ No

       ☐ Yes

Debtor    Rosa A Fridman
          First Name    Middle Name    Last Name    Case number *(if known)* _____

| Part 2: | Additional Page |

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from Schedule A/B | Amount of the exemption you claim<br><br>Check only one box for each exemption | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: First Bank (Checking)<br><br>Line from *Schedule A/B:* 17.2 | $ 100.00 | ☑ $ 2,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Cal. Civ. Proc. Code § 704.080(b)(4) |
| Brief description:<br><br>Line from *Schedule A/B:* | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br><br>Line from *Schedule A/B:* | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br><br>Line from *Schedule A/B:* | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br><br>Line from *Schedule A/B:* | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br><br>Line from *Schedule A/B:* | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br><br>Line from *Schedule A/B:* | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br><br>Line from *Schedule A/B:* | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br><br>Line from *Schedule A/B:* | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br><br>Line from *Schedule A/B:* | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br><br>Line from *Schedule A/B:* | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br><br>Line from *Schedule A/B:* | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "9"

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

Recording Requested by :

MOISEY O. FRIDMAN
and
ROSA A. FRIDMAN

When recorded mail to:

M. FRIDMAN
16542 BLACKBEARD LN.
#304
HUNTINGTON BEACH,
CA 92649

# HOMESTEAD DECLARATION
## CCP §704.930

SPACE ABOVE THIS LINE FOR RECORDER USE ONLY

APN#: 937-71-030

**1. Name(s) of Declared Homestead owners:** MOISEY O. FRIDMAN

AND ROSA A. FRIDMAN, HUSBAND AND WIFE , do hereby claim a Declared
Homestead in the following real property located in:

the City of HUNTINGTON BEACH, County of ORANGE , State of California,

more commonly known as: 16542 BLACKBEARD LN. #304

*(Insert Common Street Address Above)*

and more particularly described as follows:

LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART
HEREOF AS EXHIBIT "A" (two pages)
*(Insert Property Legal Description Above)*

**2.** The Declared Homestead is the principal dwelling of the Declared Homestead Owner(s) listed above or
such person(s) spouse.

**3.** The Declared Homestead Owner(s) listed above, or such person(s) spouse, resides in the Declared
Homestead on the date this Homestead Declaration is recorded.

**4.** The facts stated in this Homestead Declaration are known to be true as of the personal knowledge of the
person(s) below executing and acknowledging this Homestead Declaration.

Dated: MAY 23, 2013

*Signature of Declared Homestead Owner or Spouse)*

MOISEY O. FRIDMAN
Printed Name of Declared Homestead Owner or Spouse)

*(Signature of Declared Homestead Owner of Spouse)*

ROSA A. FRIDMAN
(Printed Name of Declared Homestead Owner or Spouse)

ER 67

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

STATE OF CALIFORNIA                )
                                   )
COUNTY OF _Orange_                 )
                                   )

On _May 29, 2013_, before me, _Guadalupe Cardenas_, a Notary
    (Date)                        (Notary Name)
Public in and for said State, personally appeared _Moisey O. Fridman & Rosa A. Fridman_
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s)
whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the
instrument).

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing is
true and correct.

WITNESS MY HAND AND OFFICIAL SEAL

Notary Public

GUADALUPE CARDENAS
Commission # 1962350
Notary Public - California
Orange County
My Comm. Expires Dec 2, 2015

---

OPTIONAL: DESCRIPTION OF ATTACHED DOCUMENT

Title of Document:          Homestead Declaration

Date of Document:           _____

Number of Pages:            _____

Capacities Claimed by Signers:  Individual

ER 68

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "10"

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

1 | SCOTT TALKOV, State Bar No. 264676
CHRISTOPHER M. KIERNAN, State Bar No. 319804
2 | FERDEZA ZEKIRI, State Bar No. 335507
**TALKOV LAW CORP.**
3 | 2900 Adams St Ste C225
Riverside, CA 92504
4 | Telephone: (951) 888-3300
Email: scott@talkovlaw.com
5 |        chris@talkovlaw.com
        ferdeza@talkovlaw.com
6 |

7 | Attorneys for Debtor Rosa A. Fridman

8 |                **UNITED STATES BANKRUPTCY COURT**

9 |

10 |       **CENTRAL DISTRICT FO CALIFORNIA – SANTA ANA DIVISION**

11 | In re:                                    CASE NO. 8:21-bk-10513-ES

12 | ROSA A. FRIDMAN                           **DEBTOR'S ERRATA TO THE MOTION
                                            TO AVOID LIEN UNDER 11 U.S.C. §
13 |                                           522(f); LODGMENT OF RECORDED
                                            HOMESTEAD DECLARATION**
14 |        Debtor.

15 |                                           (Unlimited Civil Complaint – Amount
                                            Demanded Exceeds $25,000)
16 |

17 |                                           Hearing on Motion to Avoid Lien
                                            Date:      April 15, 2021
18 |                                           Time:      10:30 am
                                            Courtroom: 5A
19 |

20 |     **TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

21 |         Debtor Rosa A. Fridman ("Debtor") hereby submits this errata to the Motion to Avoid Lien

22 | Under 11 U.S.C. § 522(f) filed on March 9, 2021 [Dckt. No. 13] (the "Motion") in the above-

23 | captioned action, to correct an inadvertent filing error. Specifically, the Motion mistakenly omitted

24 | the recorded homestead declaration and included an unrecorded and incorrect copy of the homestead

25 | declaration [Dckt. No. 13, Pages 67-69].

26 |         Accordingly, Debtor hereby lodges the following to the Motion:

27 |

-1-

**DEBTOR'S ERRATA TO THE MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f); LODGMENT OF
RECORDED HOMESTEAD DECLARATION**

ER 355

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1.    A true and correct copy of the homestead declaration of Moisey O. Fridman and Rosa A. Fridman declaring homestead of the real property describes as 16542 Blackbeard Ln #304, Huntington Beach, CA 92649, dated May 23, 2013, in the Official Records of Orange County as Instrument No. 2013000313820, and referenced as Recorded Declaration of Homestead in the Motion, is attached hereto.

DATED: March 24, 2021                    **TALKOV LAW CORP.**

By: *Scott Talkov*

SCOTT TALKOV
CHRISTOPHER M. KIERNAN
FERDEZA ZEKIRI
Attorneys for Debtor Rosa A. Fridman

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**DEBTOR'S ERRATA TO THE MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f); LODGMENT OF RECORDED HOMESTEAD DECLARATION**

ER 356

Recording Requested by :

MOISEY O. FRIDMAN

and

ROSA A. FRIDMAN

**Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder**

|||||||||||||||||||||||||||||||||||||||||| 18.00
* $ R 0 0 0 5 8 8 7 3 7 8 $ *
**2013000313820 1:47 pm 05/23/13**
**217 414 D04 F13  4**
**0.00 0.00 0.00 0.00 9.00 0.00 0.00 0.00**

When recorded mail to:

M. FRIDMAN
16542 BLACKBEARD LN.
  #304
HUNTINGTON BEACH,
CA 92649

SPACE ABOVE THIS LINE FOR RECORDER USE ONLY

# HOMESTEAD DECLARATION
CCP §704.930

APN#: 937-71-030

**1. Name(s) of Declared Homestead owners:**  MOISEY O. FRIDMAN

AND ROSA A. FRIDMAN, HUSBAND AND WIFE    , do hereby claim a Declared
Homestead in the following real property located in:

the City of  HUNTINGTON BEACH, County of  ORANGE            , State of California,

more commonly known as:  16542 BLACKBEARD LN. #304

*(Insert Common Street Address Above)*

and more particularly described as follows:

LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART
HEREOF AS EXHIBIT "A" (two pages)
*(Insert Property Legal Description Above)*

**2. The Declared Homestead is the principal dwelling of the Declared Homestead Owner(s) listed above or such person(s) spouse.**

**3. The Declared Homestead Owner(s) listed above, or such person(s) spouse, resides in the Declared Homestead on the date this Homestead Declaration is recorded.**

**4. The facts stated in this Homestead Declaration are known to be true as of the personal knowledge of the person(s) below executing and acknowledging this Homestead Declaration.**

Dated: MAY 23, 2013

_____
*(Signature of Declared Homestead Owner or Spouse)*

MOISEY O. FRIDMAN
(Printed Name of Declared Homestead Owner or Spouse)

_____
*(Signature of Declared Homestead Owner of Spouse)*

ROSA A. FRIDMAN
(Printed Name of Declared Homestead Owner or Spouse)

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

STATE OF CALIFORNIA                              )
                                                 )
COUNTY OF ____Orange____                         )
                                                 )
On _May 29, 2013_, before me, _Guadalupe Cardenas_, a Notary
        (Date)                    (Notary Name)
Public in and for said State, personally appeared _Moisey D. Fridman & Rosa A. Fridman_,
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s)
whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the
instrument).

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing is
true and correct.

WITNESS MY HAND AND OFFICIAL SEAL

_____

Notary Public

> GUADALUPE CARDENAS
> Commission # 1962350
> Notary Public - California
> Orange County
> My Comm. Expires Dec 2, 2015

---

OPTIONAL: DESCRIPTION OF ATTACHED DOCUMENT

Title of Document:          Homestead Declaration

Date of Document:           _____

Number of Pages:            _____

Capacities Claimed by Signers:  Individual

EXHIBIT A

THE LAND REFERRED TO HEREIN IS SITUATED IN THE COUNTY OF ORANGE, STATE OF CALIFORNIA, AND IS
DESCRIBED AS FOLLOWS:

A Leasehold Estate created by that certain sublease dated May 14, 1981 sublease, executed by Harbour Vista,
A California Limited Partnership, as lessor, and recorded May 22, 1981 In Book 14070, Page 1729, of Official
Records.

A CONDOMINIUM COMPRISED OF:

PARCEL 1:

UNIT 10 IN BUILDING 2, ON LOTS A, B, C AND LOT 1 OF TRACT NO. 10658, IN THE CITY OF HUNTINGTON
BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN AND DESCRIBED IN THE CONDOMINIUM
PLAN ("PLAN") RECORDED IN BOOK 13710, PAGE 1889, ET SEQ., OFFICIAL RECORDS OF ORANGE COUNTY,
CALIFORNIA.

PARCEL 2:

AN UNDIVIDED 1/120TH INTEREST AS A TENANT IN COMMON IN A SUBLEASEHOLD ESTATE IN AND TO ALL
OF THE REAL PROPERTY, INCLUDING, WITHOUT LIMITATION, THE COMMON AREAS DEFINED IN THE
DECLARATION OF LOTS A, B, C AND LOT 1 OF TRACT NO. 10658, IN THE CITY OF HUNTINGTON BEACH,
COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A MAP RECORDED IN BOOK 466 PAGES 37 AND
38 OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM, UNITS 1 THROUGH 20 INCLUSIVE IN BUILDINGS I THROUGH IV INCLUSIVE ON LOTS A,
B, C AND LOT 1 OF TRACT NO. 10658, AS SHOWN ON THE PLAN.

EXCEPT FURTHER THEREFROM, ALL IMPROVEMENTS AND APPURTENANCES LOCATED OR TO BE LOCATED ON
SAID LOTS A, B, C AND LOT 1 OF TRACT NO. 10658.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS, OTHER HYDROCARBON SUBSTANCES AND UNDERGROUND
WATER LYING BELOW A DEPTH OF 500 FEET, BUT WITH NO RIGHT OF SURFACE ENTRY, AS PROVIDED IN
DEEDS OF RECORD.

PARCEL 3;

NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, USE, ENJOYMENT, DRAINAGE,
ENCROACHMENT, SUPPORT, MAINTENANCE, REPAIRS, AND FOR OTHER PURPOSES, ALL AS SHOWN IN THE
PLAN AND AS DESCRIBED IN THE DECLARATION.

PARCEL 4:

EXCLUSIVE EASEMENTS APPURTENANT TO PARCELS NO. 1 AND NO. 2 DESCRIBED ABOVE, FOR USE AND
OCCUPANCY FOR PATIOS AND DECKS, TO AND OVER THOSE PORTIONS OF LOTS A, B, C AND LOT 1 OF
TRACT 10658, DEFINED AS RESTRICTED COMMON AREAS IN THE DECLARATION AS DESCRIBED AND
ASSIGNED IN THE PLAN.

II. IMPROVEMENTS:

PARCEL NO. 1:

AN UNDIVIDED 1/120TH FEE SIMPLE INTEREST IN ALL THE IMPROVEMENTS AND APPURTENANCES LOCATED
ON LOTS A, B, C AND LOT 1 OF TRACT NO. 10658, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF
ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A MAP RECORDED IN BOOK 466 PAGES 37 AND 38 OF
MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. ("IMPROVEMENTS").

PARCEL NO. 2:

ER 359

NONEXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, USE, ENJOYMENT, DRAINAGE, ENCROACHMENT, SUPPORT, MAINTENANCE, REPAIRS, AND FOR OTHER PURPOSES, ALL SHOWN IN THE PLAN, AND AS DESCRIBED IN THE DECLARATION, TO THE EXTENT SUCH EASEMENTS ARE LOCATED ON THE IMPROVEMENTS.

PARCEL NO. 3

EXCLUSIVE EASEMENTS APPURTENANT TO PARCEL NO. 1 ABOVE, FOR USE AND OCCUPANCY FOR PATIOS AND DECKS, IN, TO AND OVER THOSE PORTIONS OF LOTS A, B, C AND LOT 1 OF TRACT NO. 10658, DEFINED AS RESTRICTED COMMON AREAS IN THE DECLARATION, AS DESCRIBED AND ASSIGNED IN THE PLAN, TO THE EXTENT SUCH EASEMENTS ARE LOCATED ON THE IMPROVEMENTS.

ASSESSOR'S PARCEL NUMBER: 937-71-030

ER 360

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
2900 Adams Street, Suite C-225, Riverside, CA 92504

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S ERRATA TO THE MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f); LODGMENT OF RECORDED HOMESTEAD DECLARATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 24, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Thomas H Casey (TR)    msilva@tomcaseylaw.com, thc@trustesolutions.net
Donald W Reid    don@donreidlaw.com, ecf@donreidlaw.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) March 24, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Erithe Smith, 411 West Fourth Street, Suite 5040, Santa Ana, CA 92701

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 24, 2021 | Leilani Caspillo | /s/ Leilani Caspillo |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Label Matrix for local noticing
0973-8
Case 8:21-bk-10513-ES
Central District of California
Santa Ana
Wed Mar 24 14:21:34 PDT 2021

Santa Ana Division
411 West Fourth Street, Suite 2030,
Santa Ana, CA 92701-4500

Beach Crest Villas Homeowners Association
1100 Rutland Rd
Newport Beach, CA 92660-4607

D. Michael Bush
2575 McCabe Way
Suite 260
Irvine, CA 92614-4298

Darling Risbrough
19200 Von Karman
Suite 750
Irvine, CA 92612-8519

I.C. System, Inc
Po Box 64378
Saint Paul, MN 55164-0378

John Daniel Ott
3020 Old Ranch Pkwy
Ste 300
Seal Beach, CA 90740-2751

Karl Avetoom
1100 Rutland Road
Newport Beach, CA 92660-4607

Law Offices of Mokri & Associates
1851 E 1st Street
Suite 840
Santa Ana, CA 92705-4053

The Fridman Family Trust Established on Apri

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

Karl Avetoom
1100 Rutland Rd #9
Newport Beach, CA 92660-4601

Rosa A Fridman
16542 Blackbeard Ln Unit 304
Huntington Beach, CA 92649-3439

Scott Talkov
Talkov Law
2900 Adams St Ste C225
Riverside, CA 92504-4385

Thomas H Casey (TR)
22342 Avenida Empresa, Suite 245
Rancho Santa Margarita, CA 92688-2141

End of Label Matrix
Mailable recipients    14
Bypassed recipients     0
Total                  14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

EXHIBIT "11"

28

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

**From:** **Scott Talkov**  scott@ta kov aw.com
**Subject:** Re: Avetoom v. Fr dman / In re Fr dman ** Sett ement Commun cat ons **
**Date:** Apr  19, 2021 at 12:09 PM
**To:** KA  k a002@att.net
**Cc:** N ck Moss  n ck@ta kov aw.com

ST

Mr. Avetoom,

I comp ete y understand your des re to br ng an end to th s matter  n a manner that ensures that you w n, and that Rosa Fr dman  oses. Notab y, g ven that the bankruptcy court has ru ed that the property  s exempt from co ect on,  t appears as though th s  s the end of any ab  ty to co  ect from the property. An art c e answer ng your pr or quest on about whether you st   have any co  ect on  r ghts  s [posted here](#).

████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
████████████████████████████████████████████

████████████████████████████████████████████████
█████████████████████



**Scott Talkov | Attorney, Talkov Law**

**e:** [scott@talkovlaw.com](mailto:scott@talkovlaw.com) | **w:** www.talkovlaw.com
**p:** (951) 888-3300

On Fr , Apr 16, 2021 at 3:05 PM KA <[k a002@att.net](mailto:ka002@att.net)> wrote:

Dear Scott,

See pr or ema

<<p ease make your best and fina  Sett ement Offer.>>

Sent from my  Phone

On Apr 16, 2021, at 2:33 PM, Scott Ta kov <[scott@ta kov aw.com](mailto:scott@talkovlaw.com)> wrote:

If your c  ents are ser ous about a Sett ement, that  s FINAL, and not subject to cap tu at on or co d feet, p ease make your best and fina  Sett ement Offer.

# Transferring a Home After a 522(f) Motion to Avoid a Lien as Impairing an Exception in Bankruptcy Appears to be Excluded from Attack as a Fraudulent Transfer

One common strategy for debtors to address a recorded abstract of judgment that encumbers their house is to file a bankruptcy, followed by a motion to avoid the judgment lien as impairing their homestead exemption under 11 U.S.C. 522(f). In fact, various cases throughout the country establish that a homestead is protected under 522(f) despite the potential nondischargeability of a judgment lien recorded on the home. Related to this concept, a motion to avoid a lien under 522(f) is seemingly akin to a finding that a debtor's personal residence has no equity for the creditor beyond the homestead exemption. Upon such a finding, a debtor may be entitled to transfer the property on the basis that it has no equity available for creditors without being subject to a state court attack by the creditor.

Note that research has yet to reveal whether bankruptcy courts in California would reach the same conclusion if a bankruptcy were filed after such a transfer. However, federal courts in California have cited *Mehrtash* with approval. See *Avila v. Bank of America* (N.D. Cal., Sept. 20, 2017, No. 17-CV-00222-HSG) 2017 WL 4168534, at *3 ("In order to state a claim, however, it is not enough to plead '[m]ere intent to delay or defraud.' *Mehrtash v. Mehrtash*, 93 Cal. App. 4th 75, 80 (Cal. Ct. App. 2001). Rather, 'injury to the creditor must be shown affirmatively. In other words, prejudice to the plaintiff is essential.' *Id.* Injury in this context means 'the transfer puts beyond [Plaintiff's] reach property [he] otherwise would be able to subject to the payment of [his] debt.' *Id.*").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "12"

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

341 MEETING OF CREDITORS

CHAPTER 7 BANKRUPTCY

CENTRAL DISTRICT OF CALIFORNIA (SANTA ANA)


|                        |     |                           |
|------------------------|-----|---------------------------|
|                        | )   |                           |
| IN RE:                 | )   |                           |
|                        | )   |                           |
| ROSA A. FRIDMAN,       | )   | CASE NO:  8:21-bk-10513-ES |
|                        | )   |                           |
|              Debtor.   | )   |                           |
|                        | )   |                           |


DATE:            TUESDAY, JUNE 29, 2021


PRESIDING OFFICIAL:  TODD FREALY


<u>APPEARANCES</u>:            SEE PAGE 2


Transcribed by:          Exceptional Reporting Services, Inc.
                         P.O. Box 8365
                         Corpus Christi, TX 78468
                         361 949-2988


Proceedings recorded by electronic sound recording; transcript
produced by transcription service.

<u>APPEARANCES FOR</u>:


Debtor:                    SCOTT TALKOV, ESQ.
                           Talkov Law
                           2900 Adams Street
                           Suite C225
                           Riverside, CA 92504


Karl Avetoom:              KARL AVETOOM, PRO SE
                           1100 Rutland Rd.
                           No. 9
                           Newport Beach, CA 92660


Trustee:                   MELISSA DAVIS LOWE, ESQ.
                           Shulman Bastian Friedman & Bui
                           100 Spectrum Ctr. Drive
                           Suite 600
                           Irvine, CA 92618


Interpreter:               Andrey, ID #324281

3

1                              INDEX

2    WITNESS EXAMINATION                                    PAGE

3    ROSA FRIDMAN

4      BY MR. FREALY                                          5

5      BY MR. AVETOOM                                         9

6      BY MS. LOWE                                           36

7      BY MR. TALKOV                                         41

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1       A     I don't remember when.

2       Q     Did you take any bankruptcy preparation or training

3  classes in 2019?

4       A     No.

5       Q     Has anyone in the last two years -- so let's say from

6  January 2019 until the date you filed your bankruptcy petition -- have

7  they filed any court action to foreclose on your Blackbeard Lane

8  property?

9               MR. TALKOV:  Can you repeat the question?  I didn't

10  understand it.

11       A     I don't know.

12       Q     I'll repeat the question. Since January of 2019 until the

13  date she filed bankruptcy in February of 2021, has anyone filed any

14  legal case to force the sale of her Blackbeard Lane property?

15               MR. TALKOV:  Oh, (indisc.) the foreclosure.  I

16  appreciate you clarifying.  Thank you.

17       A     No.

18       Q     Well, why did you decide to file bankruptcy in 2021 of this

19  year?

20       A     I don't have money.

21       Q     Has your money stayed the same -- your income stayed

22  the same in the last two years?

23               THE INTERPRETER:  I didn't hear that.

24       A     I didn't know what to say.

44

1      (Proceeding ended)

2

3                        CERTIFICATION

4

5       I certify that the foregoing is a correct transcript

6  from the electronic sound recording of the proceedings in the

7  above-entitled matter.

8

9

10  _____          August 9, 2021

11

12

13

14            TONI HUDSON, TRANSCRIBER

15

16

17

18

19

20

21

22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# EXHIBIT "13"

28

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

No. CC-21-1101

_____

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT BANKRUPTCY APPELLATE PANEL

_____

In re ROSA FRIDMAN, *Debtor*

_____

KARL AVETOOM, Creditor,
*Appellant*

v.

ROSA FRIDMAN, Debtor, and
KARL T. ANDERSEN, Chapter 7 Trustee,
*Appellees*

_____

APPEAL FROM THE UNITED STATES BANKRUPTCY COURT,
CENTRAL DISTRICT OF CALIFORNIA

Bankruptcy Case No. 8:21-bk-10513-ES

_____

**APPELLEE'S OPENING BRIEF**

_____

<div style="text-align:right">

SCOTT TALKOV (Cal. Bar 264676)
Talkov Law Corp.
2900 Adams St C225
Riverside, CA 92504
Phone: (951) 888-3300
Email: scott@talkovlaw.com
Attorneys for Appellee/Debtor Rosa
Fridman

</div>

September 27, 2021

1

by the judgment debtor or the judgment debtor's spouse, <u>the judgment creditor has</u>
<u>the burden of proof that the dwelling is not a homestead.</u>"

As one court explained: "Generally, 'the exemption claimant has the burden
of proof.' Cal. Civ. Proc. Code § 703.580(b). 'A more nuanced burden governs
homestead exemptions.' *In re Tallerico*, 532 B.R. [774,] 780 [(Bankr. E.D. Cal.
2015)]. Pursuant to Cal. Civ. Proc. Code § 704.780(a), the burden to show a
debtor's entitlement to a homestead exemption rests with the debtor, <mark>unless a</mark>
<mark>declared homestead has been recorded.</mark> Cal. Civ. Proc. Code § 704.780(a)." *In re*
*Nolan*, 618 B.R. 860, 865 (Bankr. C.D. Cal. 2020), *aff'd*, No. 5:20-CV-01496-
MCS, 2021 WL 528679 (C.D. Cal. Feb. 12, 2021).

<mark>Since the Debtor provided the Bankruptcy Court with a recorded homestead</mark>
<mark>(ER 357),</mark> the burden shifted to the Creditor. Even further, the Debtor declared
under penalty of perjury that: "At all times after the acquisition of my interest in
the Homestead Reinvestment Property, I have lived and have always intended to
live in it as my primary residence. I have no intent of moving out of the Homestead
Reinvestment Property and discontinuing my use of it as my primary residence. I
intend to live in the Homestead Reinvestment Property for as long as my interest in
the same is held." (ER 448.)

If the Creditor's leading argument doesn't fare well, this Court may not be
surprised that the later arguments don't prove any better.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT "14"

26
27
28

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

341(a) MEETING OF CREDITORS

CHAPTER 7 BANKRUPTCY

CENTRAL DISTRICT OF CALIFORNIA (SANTA ANA)


IN RE:                          )
                                )
                                )
ROSA A. FRIDMAN,                )   CASE NO:  8:21-bk-10513-ES
                                )
                    Debtor.     )
_____)


DATE:                TUESDAY, AUGUST 31, 2021


PRESIDING OFFICIAL:  KARL T. ANDERSON


APPEARANCES:             SEE PAGE 2


Transcribed by:          Exceptional Reporting Services, Inc.
                         P.O. Box 8365
                         Corpus Christi, TX 78468
                         361 949-2988


Proceedings recorded by electronic sound recording; transcript produced by transcription service.

<u>REMOTE APPEARANCES</u>:

For Debtor:                    SCOTT TALKOV, ESQ.
                               Talkov Law
                               2900 Adams Street
                               Suite C225
                               Riverside, CA 92504

Also present:                  ROSA FRIDMAN

For Karl Avetoom:              KARL AVETOOM, PRO SE
                               1100 Rutland Rd.
                               No. 9
                               Newport Beach, CA 92660

For Trustee,                   MELISSA DAVIS LOWE, ESQ.
Karl T. Anderson:              Shulman Bastian Friedman & Bui
                               100 Spectrum Ctr. Drive
                               Suite 600
                               Irvine, CA 92618

Interpreters:                  Anna      ID #324631
                               Uri       ID #324662
                               Yevgeniya  ID #324352

3

1                                INDEX

2  <u>WITNESS EXAMINATION</u>                                    <u>PAGE</u>

3  ROSA FRIDMAN

4   BY MR. ANDERSON                                       6/12

5   BY MS. LOWE                                        15/19/25

6   BY MR. AVETOOM                                          26

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1        Q    Ms. Fridman, did you appear by video in the last

2    two years at your son, Val Fridman's house, for any court

3    proceeding?

4                    RUSSIAN INTERPRETER 324352:  If Interpreter

5    is to understand correctly, "Have you appeared by video in

6    the last two years in your son's, Val's house, for any

7    court proceedings?"  Was that the question?

8                    MR. AVETOOM:  Yes.

9                    RUSSIAN INTERPRETER 324352:  Thank you.

10        A    (Through Interpreter):  I don't remember.

11        Q    So you do remember appearing by video while at

12    Val Fridman's house; is that correct?

13                    MR. TALKOV:  I don't remember her saying

14    that.

15                    MR. ANDERSON:  Mr. Avetoom?

16                    MR. AVETOOM:  She said she remembered.

17                    MR. TALKOV:  She said she didn't remember.

18                    RUSSIAN INTERPRETER 324352:  "I don't

19    remember."  This is Interpreter.  Her last several answers

20    were "I don't remember."

21                    MR. AVETOOM:  Okay.  I thought she said she

22    did remember.

23        BY MR. AVETOOM:

24        Q    Ms. Fridman, did you do the bankruptcy training

25    class before you filed bankruptcy?

1        MR. TALKOV:  This was asked and answered at

2    the prior Meeting of Creditors, Mr. Avetoom.  Do you have

3    any other questions?

4        MR. ANDERSON:  I don't remember it.

5        BY MR. AVETOOM:

6    Q    Were you when you did -- where were you when you

7    -- when you completed the first educational course prior

8    to you filing bankruptcy?

9        RUSSIAN INTERPRETER 324352:  This is

10    Interpreter.  I couldn't hear the answer.

11        (Interprets again)

12    A    (Through Interpreter):  In my apartment.

13    Q    So you completed the online educational class in

14    your apartment?

15    A    (Through Interpreter):  Yes.

16    Q    And do you recall testifying at your last 341

17    examination that you did not have internet access at your

18    apartment?

19        MR. TALKOV:  I don't recall that.

20        RUSSIAN INTERPRETER 324352:  The

21    interpreter apologize.  I couldn't hear the answer.

22        (Interprets again)

23    A    (Through Interpreter):  I said that I had the

24    internet.

25    Q    And what device did you use to take this

1      educational class?

2                       RUSSIAN INTERPRETER 324352:  This is

3      Interpreter.  I couldn't hear the answer.

4              (Interprets again)

5      A    (In English):  LG tablet.

6                       RUSSIAN INTERPRETER 324352:  This is

7      Interpreter.  I wasn't able to understand the answer.

8      Maybe something "MG tablet".  I'm not absolutely sure.

9                       MR. TALKOV:  I think she said "LG tablet."

10                     MR. AVETOOM:  Let me ask again.

11     BY MR. AVETOOM:

12     Q    Ms. Fridman --

13                     RUSSIAN INTERPRETER 324352:  LG tablet?

14     Q    -- complete the educational online course using

15     your tablet?

16     A    (Through Interpreter):  Yes.

17     Q    And was that educational class in Russian or

18     English?

19     A    (In English):  English.

20     Q    And did you have assistance in completing this

21     class?

22                     RUSSIAN INTERPRETER 324352:  Interpreter

23     couldn't hear.

24              (Interprets again)

25     A    (Through Interpreter):  My son, Val.

1      Q    Did Val answer the questions for you?

2           RUSSIAN INTERPRETER 324352:  This is

3      Interpreter.  It sounded like she said, "No, he explained

4      something to me," but would you like me to ask her to

5      repeat the answer?  I couldn't hear it clearly.

6           MR. AVETOOM:  (indisc.)

7           (Interprets again)

8      A    (Through Interpreter):  My son just explained

9      things to me and I answered.

10     Q    How long did this class take to complete?

11          RUSSIAN INTERPRETER 324352:  The

12     Interpreter -- the Interpreter couldn't hear.

13          (Interprets again)

14     A    (Through Interpreter):  Four hours.

15     Q    Four hours.  What time did you start the online

16     educational program?

17     A    (Through Interpreter):  I don't remember.

18     Q    Do you know what time you sent us the

19     examination -- the online program?

20     A    (Through Interpreter):  I don't know exactly.

21     Q    Where are you right now?  Is she at her

22     condominium in Huntington Beach or?

23     A    (Through Interpreter):  I'm at home.

24          (Continues interpreting) -- condominium

25     Huntington Beach.

1          MR. AVETOOM:  It doesn't matter, Scott.

2     She's taken on a new debt to you for $50,000 and saying

3     she's going to pay it from social security.

4          BY MR. AVETOOM:

5          Q    Ms. Fridman, are you aware of how much the deed

6     of trust is for?

7          A    (Through Interpreter):  50,000.

8          Q    And do you know -- how long do you have to repay

9     the $50,000?

10              MR. TALKOV:  Objection.  Calls -- relation.

11              MR. AVETOOM:  She can answer.

12         A    (Through Interpreter):  I don't know.

13         Q    Ms. Fridman, do you intend on paying this

14    $50,000 off in your lifetime?

15              MR. TALKOV:  (indisc.)

16         A    (Through Interpreter):  I don't know.

17         Q    Do you intend on paying Mr. Talkov by selling

18    the property, the Blackbeard Lane property?

19              MR. TALKOV:  Objection, calls for (indisc.)

20         A    (Through Interpreter):  No.

21              MR. AVETOOM:  She said "no"?

22              RUSSIAN INTERPRETER 324352:  This is

23    Interpreter.  I believe that she said no but when I asked

24    her to repeat, I didn't hear an answer.

25              MR. AVETOOM:  Okay.  If you could ask her

51

1    to repeat the answer.

2              (Interprets again)

3                   RUSSIAN INTERPRETER 324352:  This is

4    Interpreter.  I could only hear "I don't know."  I didn't

5    hear the rest of the answer.

6                   MR. AVETOOM:  If you could ask her to

7    repeat the answer.

8                   RUSSIAN INTERPRETER 324352:  This is

9    Interpreter.  Could you please repeat your question

10   please?  The question was, "Are you going to pay by

11   selling the property, Blackbeard Lane property?"  Is that

12   the question.

13   Q    Yes.  Do you plan on paying Mr. Talkov after

14   selling the Blackbeard Lane property?

15   A    (Through Interpreter):  I don't know.

16   Q    So is it possible that you will pay Mr. Talkov

17   by selling the Blackbeard Lane property?

18                   MR. TALKOV:  Objection.  Asked ...

19                   MR. AVETOOM:  You can ask her.

20   A    (Through Interpreter):  Maybe he will be paid

21   after I die.  I don't know.

22   Q    And why do you think he would be paid after you

23   die?

24   A    (Through Interpreter):  I don't know.

25   Q    Do you have any life insurance?

52

1          A    (Through Interpreter):  No.  No.

2          Q    Do you have any money saved away anywhere?

3          A    (Through Interpreter):  No.

4          Q    Then where -- where do you believe the money

5     will come from to pay Mr. Talkov after you die?

6          A    (Through Interpreter):  I don't know.

7          Q    Ms. Fridman, have you informed any court that

8     you were concerned about me foreclosing on your Blackbeard

9     Lane property in the last --

10               RUSSIAN INTERPRETER 324352:  I'm sorry.

11     "In the last?"

12          Q    In the last -- (indisc.)

13               RUSSIAN INTERPRETER 324352:  Okay.

14          Q    -- for the date (indisc.)

15               In the last two years, Ms. Fridman, did you

16     inform any court that you were concerned that I would

17     foreclose on your Blackbeard Lane property?

18          A    (Through Interpreter):  I don't remember.

19          Q    And earlier Ms. Lowe asked you if you have any

20     liens on your property.  Do you remember that?

21               MR. TALKOV:  Objection (indisc.)

22          A    (Through Interpreter):  Yes.

23          Q    Are you sure there are no liens on your property

24     currently?

25               MR. TALKOV:  Objection, misstates the

53

1      testimony, Mr. Avetoom.  She said there was a trust deed

2      on the property.

3                       MR. AVETOOM:  And what was her answer,

4      Madam Translator?

5                       RUSSIAN INTERPRETER 324352:  I didn't hear

6      the answer, actually.  Did you want me to ask her to

7      repeat the answer?

8                       MR. AVETOOM:  I'll ask this one question.

9           Q    Are you aware if there is a lien on your

10      property right now?

11                      MR. TALKOV:  Objection, calls for a legal

12      conclusion.

13                      MR. AVETOOM:  She can answer.

14          A    (Through Interpreter):  I didn't understand.

15                      MR. AVETOOM:  Do you recall the last

16      question?  I don't know if you typed them out.

17                      RUSSIAN INTERPRETER 324352:  This is

18      Interpreter.  Did you want me to repeat the question,

19      whether she is aware that there is a lien on the property

20      at this time?

21                      MR. AVETOOM:  If you could, I'd appreciate

22      it.

23               (Interprets again)

24                      RUSSIAN INTERPRETER 324352:  This is

25      Interpreter.  I couldn't hear the answer.

54

1           (Interprets again)

2           RUSSIAN INTERPRETER 324352:  Sorry.  I'm

3    not able to hear clearly the answer.

4           (Debtor speaking Russian)

5           RUSSIAN INTERPRETER 324352:  She's repeated

6    the answer several times but I'm not able to understand

7    it.  I'm not sure if it's in Russian or English or mixed.

8           MR. AVETOOM:  Well can you ask her to break

9    up the answer so we can get something of an answer from

10   her.

11          MR. ANDERSON:  And don't forget,

12   Mr. Avetoom, it's been two hours so far.  So if you could

13   kindly just sort of wrap it up.

14          MR. AVETOOM:  Madam Translator, I just --

15   I'll move on to a different question.

16   BY MR. AVETOOM:

17     Q   Ms. Fridman, did you give Mr. Talkov a $50,000

18   deed of trust for legal fees that have already been

19   incurred?

20          RUSSIAN INTERPRETER 324352:  Could you

21   repeat the question please?  I couldn't hear every word.

22     Q   Ms. Fridman, did you give Mr. Talkov a $50,000

23   deed of trust for legal fees that are already owed by you?

24          RUSSIAN INTERPRETER 324352:  Thank you.

25     A   (Through Interpreter):  No.

1      Q    Is the $50,000 deed of trust for future legal

2    expenses?

3              MR. TALKOV:  Objection, future.

4      A    (Through Interpreter):  Yes.

5      Q    Have you paid any -- how many trusts do you have

6    currently?

7      A    (Through Interpreter):  Regarding (phonetic)

8    just one.

9      Q    Have you created any new trusts in the last two

10   years?

11     A    (Through Interpreter):  No.

12     Q    Last question.  Have you transferred any of your

13   interests in the Blackbeard Lane property to anyone else

14   in the last two years since January of 2019?

15     A    (Through Interpreter):  No.

16              MR. ANDERSON:  Okay.  Thank you very much.

17              MR. AVETOOM:  (indisc.)

18              MR. ANDERSON:  Go ahead.

19              MR. AVETOOM:  Mr. Anderson, I'm finished.

20   Thank you very much.

21              MR. ANDERSON:  You betcha.

22              Ms. Lowe, do you have any questions?

23              MS. LOWE:  No, nothing further from me.

24              MR. ANDERSON:  Okay.  Do you need a

25   continuance in this?  I mean I have all the questions

thank you.  Bye bye.

   (Hearing concluded)


       CERTIFICATION


  I certify that the foregoing is a correct transcript

from the electronic sound recording of the proceedings in the

above-entitled matter.




_____   September 28, 2021




     TONI HUDSON, TRANSCRIBER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# DECLARATION OF MR. JAY BHATT OF 001 DEBTORCC, INC.

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

1   Karl Avetoom
2   1100 Rutland Road # 9
    Newport Beach, CA 92660
3   (949) 929-4787
    Email kia002@att.net
4

5

6   Creditor and Plaintiff, In Pro Per

7

8                   UNITED STATES BANKRUPTCY COURT

9          CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

10  In re:                              )   Case No:      8:21-bk-10513-ES
                                        )
11  Rosa Fridman                        )   Hon:  Erithe A. Smith
                                        )
12                                      )   Chapter 7
                                        )
13                                      )   **DECLARATION OF CUSTODIAN OF**
14                                      )   **RECORDS FOR 001 DEBTORCC, INC.**
                                        )
15                                      )
                                        )
16  _____

17        **DECLARATION OF CUSTODIAN OF RECORDS FOR 001 DEBTORCC, INC.**

18  I, Jay Bhatt, here by declare as follows:

19        1.      I am the Custodian of Records for 001 Debtorcc, Inc. ("Debtorcc") with authority and

20  knowledge to authenticate the attached business records of Debtorcc.  I have personal knowledge of the

21  following facts and if called upon as a witness, I could and would competently testify to the following

22  facts under oath.

23        2.      I am employed by Debtorcc as President.  Debtorcc is an agency approved pursuant to

24  11 U.S.C. 111 to provide credit counseling in the Central District of California for individuals or group

25  briefing that complies with the provisions of 11 U.S.C. 109(h) and 111.  Debtorcc is authorized to

26  provide pre-bankruptcy educational courses by the United States Department of Justice to provide pre-

27  petition mandatory educational courses.

28

                                           1

3.      The attached business records are made and kept in the ordinary course of business near or at the time of the events reflected herein. The attached records are compiled from Debtorcc's proprietary software that records the user's IP address, geographical location of the party taking the educational course, the customer's communications including chat session logs with time stamps, payment method with time and date, and history used in taking Debtorcc's pre-bankruptcy filing educational course.

4.       The attached records from Debtorcc are obtained by using Debtorcc's proprietary software run on Debtorcc's servers capturing electronic information that is kept in the course of a regularly conducted business activity of Debtorcc; and is the regular practice of Debtorcc to maintain these records and this source of information is captured and maintained on our secure servers and accessible only to authorized employees of Debtorcc.

5.      Debtorcc maintains the electronic records in the ordinary court of business, has a substantial interest in the accuracy of these electronic records and relies on these electronic records as Debtorcc is an approved provider by the United States Department of Justice for bankruptcy educational courses for use in bankruptcy proceedings throughout the United States of America required by statute.

6.      Attached to this declaration as Exhibits are true and copies of Debtorcc's business records relating to the pre-bankruptcy educational course for Certificate Number 15725-CAC-CC-035351376.

7.      I prepared the following electronic business records attached as Exhibits to this declaration relating to the first debtor educational class, taken prior to filing of a bankruptcy petition, for Certificate Number 15725-CAC-CC-035351376.

8.      Attached as **Exhibit "1"** are true and correct copies of Debtorcc's business records for user information for Certificate No. 15725-CAC-CC-035351376 created by Debtorcc showing registration for the first bankruptcy course at 5:50 o'clock PM EST.

9.      Attached as **Exhibit "2"** are true and correct copies of Debtorcc's business records for payment of the first bankruptcy course showing payment using a Visa credit card ending in 3635 at 5:53 o'clock PM EST.

DECLARATION OF CUSTODIAN OF RECORDS FOR 001 DEBTORCC, INC.

10.     Attached as **Exhibit "3"** are true and correct copies of Debtorcc's business records of DebtorCC that captured the IP address of the party taking this first pre-bankruptcy course of 67.204.133.249.

    a.  Debtorcc's proprietary software geographically located the party taking the first course in Redmond, Oregon.

    b.  Debtorcc's software tracked the party who used an Apple "Macintosh" "Intel based" computer using an operating system of Mac OS 10.15 and used a Firefox/Mozilla browser version 68.

11.     Attached as **Exhibit "4"** is a true and correct copy Debtorcc's business records that establish after registration and payment for the first pre-petition course, the applicant logged back into the Debtorcc program to receive her counseling by chat session at approximately 6:24 PM (EST).  The Chat Session for credit counseling was captured by Debtorcc's servers, beginning at approximately 6:24 PM (EST) and was completed approximately nine minutes later at 6:33 PM (EST).  After the nine minute educational course, a Certificate was issued.

12.     Attached as **Exhibit "5"** is a true and correct copy of the Certificate No. 15725-CAC-CC-035351376 issued by Debtorcc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed September 27, 2021 in Jersey City, New Jersey

By:    _____
Jay Bhatt, President
001 Debtorcc, Inc.

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EXHIBIT "1"*

DECLARATION OF CUSTODIAN OF RECORDS FOR 001 DEBTORCC, INC.



# Certificate Search

| 15725-CAC-CC-035351376 | **SEARCH** |

≡ **Search Results:**      Items per page: 10 ⌄  /  1

**User Name:** ROSA FRIDMAN (2772)
**User Certificate No:** 15725-CAC-CC-035351376

1

## Update User:

**Course Status:** Certificates Generated Successfully 

**Filing Selected:**

● Individual    ○ Joint

[ LOCK ACCOUNT ]    [ COUNSELING ]

[ RETURN TO FEE WAIVER ]

**Personal Information:**

| ROSA |

| FRIDMAN |

| 2772 |

**Account Information:**

| rosafridman3@gmail.com |

| Yes                                ⌄ |

| (657) 204-9728 |

| Central District of California     ⌄ |

☐ **Send me important reminders, case information, and product offerings by SMS (recommended).**

| In what city were you born?    ⌄ |

| Kiev |



Send me important reminders, case information, and product offerings by SMS (recommended).

In what city were you born?   Kiev

2/9/2021 6:33:05 PM

Course Completed

Enter a short note (up to 100 chars)

**Attorney Information:**

scott@talkovlaw.com

**SAVE**   **DELETE**

**INCOMING IP**   **DUPLICATE IP**   **UPGRADES**   **UPGRADE LOGS**

**UNLOCK PAYMENT**   **REFUND**

## ROSA FRIDMAN (2772)

**District:** Central District of California

**Email ID:** rosafridman3@gmail.com
**Password:** update password

LOGIN

**Attorney Name:** Scott Talkov
**Phone:** (951) 888-3300
**Attorney Email ID:** scott@talkovlaw.com



**Date Registered:** Feb 09, 2021 05:50 PM
**Course Status:** Certificates Generated Successfully
**Date Completed:** Feb 09, 2021 06:33 PM
**Certificates:** **Certificate Available For Download**

**Notes:** *No notes available*

+ add notes

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

*EXHIBIT "2"*

27
28

DECLARATION OF CUSTODIAN OF RECORDS FOR 001 DEBTORCC, INC.

Print Receipt

# Merchant: 001 DEBTORCC INC

378 SUMMIT AVE
JERSEY CITY, NJ 07306        800-610-3920
US

## Order Information

| | | |
|---|---|---|
| Description: | First Bankruptcy Course | |
| Order Number: | | P.O. Number: |
| Customer ID: | | Invoice Number: |

**Billing Information**      **Shipping Information**

Rosa Fridman

rosafridman3@gmail.com

| | |
|---|---|
| Shipping: | 0.00 |
| Tax: | 0.00 |
| **Total: USD** | **19.95** |

## Payment Information

| | |
|---|---|
| Date/Time: | 09-Feb-2021 17:53:50 EST |
| Transaction ID: | 62845355039 |
| Transaction Type: | Authorization w/ Auto Capture |
| Transaction Status: | Settled Successfully |
| Authorization Code: | 080533 |
| Payment Method: | Visa XXXX3635 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

*EXHIBIT "3"*

26
27
28

DECLARATION OF CUSTODIAN OF RECORDS FOR 001 DEBTORCC, INC.

Location

Redmond, Oregon, United States

Browser

Firefox 68.0

Platform

Mac OS 10.15

Device

-

IP address

67.204.133.249

User agent

Mozilla/5.0 (Macintosh; Intel Mac OS X 10.15; rv:68.0) Gecko/20100101 Firefox/68.0

***EXHIBIT "4"***

DECLARATION OF CUSTODIAN OF RECORDS FOR 001 DEBTORCC, INC.

Chat started on Tuesday, February 09, 2021 6:24:44 PM

(6:24:44 PM) *** Visitor 1612913074 has joined the chat ***
(6:24:44 PM) Visitor 1612913074: Hello
(6:24:46 PM) Counseling Department: Hello. This is a mandatory counseling that is required by law before we release your certificate of completion. To begin, please provide me your First Name, Last Name, and Last 4 Digits of your Social Security #. If you have taken a joint course, we will need that information for both of you to begin. Once you input the information, please hit the ENTER key to submit your information.
(6:24:48 PM) *** Landes has joined the chat ***
(6:25:06 PM) Visitor 1612913074: Rosa Fridman
(6:25:29 PM) Visitor 1612913074: SSI: 2772
(6:25:40 PM) Landes has changed the visitor's name to ROSA FRIDMAN.
(6:25:46 PM) Landes: Greetings, please verify your identity:   In what city were you born?
(6:25:52 PM) ROSA FRIDMAN: Kiev
(6:26:09 PM) Landes: Thank you for confirming this, we will now get started with the final briefing - let's look into your debts and assets.
You have listed a monthly payment for mortgage on your list of expenses; however, you have not listed a total amount that you owe for the mortgage. Do you have an outstanding mortgage amount that you owe? If so, how much it is?
(6:26:31 PM) ROSA FRIDMAN: No
(6:26:48 PM) Landes: Thank you. What debt caused you to have the judgments?
(6:27:05 PM) ROSA FRIDMAN: Civil Lawsuit
(6:27:39 PM) Landes: Thank you, what kind of debt caused the lawsuit?
(6:28:10 PM) ROSA FRIDMAN: I was sued by my neighbor, and he was awarded a judgement against me.
(6:28:35 PM) Landes: I understand and thank you for this information. In regards to the mortgage, is the mortgage paid off in full?
(6:29:57 PM) ROSA FRIDMAN: The mortgage is paid off in full, however I listed my other monthly expenses such as home owners, and association dues, etc.
(6:30:30 PM) Landes: I understand and thank you for this information. Your total short-term debt is $1,020,810.80. Your total long-term debt is $0.00. This is debt that is generally structured to take longer than 1 year to pay off.  As a result, the total amount of debt that you owe is $1,020,810.80.

Does this appear to be accurate?
(6:30:42 PM) ROSA FRIDMAN: yes
(6:30:45 PM) Landes: Thank you. Your total liquid assets are $100.00. Liquid assets are those that are either cash or can be converted to cash very quickly. This is very helpful because it is available immediately and may help pay off your current debt. Your total tangible assets are $113,500.15. Tangible assets are those that may take some time to convert to cash. They may or may not be helpful in satisfying your short-term need for cash. You may need to spend time selling/converting them to cash. As a result, your total assets are $113,600.15.

Does this look to be an approximate?
(6:31:01 PM) ROSA FRIDMAN: yes
(6:31:09 PM) Landes: Thank you. Let's look into your income  - It appears that your monthly income is $1,937.00, currently. Does this sound correct?
(6:31:14 PM) ROSA FRIDMAN: yes
(6:31:38 PM) Landes: Thank you. From what you input during the course, your monthly expenses total to $1,933.62.

Your net disposable income is $3.38. This means that you're spending exactly how much money you make every month. Having a positive net disposable income can help you develop

an emergency fund as well as help pay down your current debt. You can use mint.com to budget electronically or the forms we'll provide at the end of the course, once you are able to see income again.

We discussed ways to save during the course on various expense categories - do you have any question for me in reference to these before we continue with the final briefing?
(6:31:53 PM) ROSA FRIDMAN: no
(6:32:00 PM) Landes: Thank you. In regards to your assets; we typically recommend that you use any assets that you may have to try to pay down your debt. In reviewing your assets and debt, it seems that you don't have enough assets to pay down your debt. However, recommend to continue to reduce some monthly expenses, this could be a way to work with your creditors and build an emergency fund. Let's move on to setting up a plan that will help you going forward. Do you have any questions before we move into plans that may be helpful?
(6:32:11 PM) ROSA FRIDMAN: no
(6:32:18 PM) Landes: Thank you. After a judgment, a creditor can take steps to seize part of your wages, freeze your bank account, or try to take your belongings. It's important to prioritize taking care of the judgment. You may want to contact an attorney or the court to determine what options you have to fight the judgment after it has been entered. Another option is to settle the debt with the creditor after the judgment has been entered. Rather than going through the process of collecting from you, the creditor may be willing to accept less to simply settle the debt.
(6:32:44 PM) ROSA FRIDMAN: I understand
(6:32:46 PM) Landes: Thank you. Contacting your creditors is very important because they may be willing to work with you. Although you don't have any disposable income, if your financial hardship is temporary, let your creditors know that although you don't currently have any disposable income, you will very soon. We just overall recommend to calibrate your budget, contact them to see what can be done and if it works, it does. If it does not, you have reached out to them and know where you both stand in regards to the matter.

Bankruptcy is an option that you can also explore. Based on what we presented during the course and our conversation here, you're in a better position to make an informed decision if this is the best option for you. You should discuss this option with your attorney.

Ok, before I email your certificate to you and your attorney if listed, do you have any additional questions about any of the course material?
(6:32:58 PM) ROSA FRIDMAN: no
(6:33:00 PM) Landes: Thank you very much for your time. I am now going to send you your certificate(s) in your email. If you do not have a printer and want a hard copy of the certificate(s) mailed to you, you may request that by logging out of your account and logging back in - you will see information to request a hard copy of your certificate(s).  You should receive an email in the next 5-10 minutes. A copy of your certificate(s) will also be sent to your attorney if you have provided an attorney name or email. Just so you know, you may also download the entire course material from your account. That way you can reference the course material whenever you want. If you have any questions in the future please give us a call and we will be happy to assist you. You may log off now.
(6:33:08 PM) *** Landes has left ***
(6:33:30 PM) ROSA FRIDMAN: thank you
(6:33:32 PM) Counseling Department: Hello. This is a mandatory counseling that is required by law before we release your certificate of completion. To begin, please provide me your First Name, Last Name, and Last 4 Digits of your Social Security #. If you have taken a joint course, we will need that information for both of you to begin. Once you input the information, please hit the ENTER key to submit your information.
(6:33:45 PM) *** Tamara has joined the chat ***
(6:33:48 PM) *** Tamara has left ***

(6:34:32 PM) Credit Counseling Department: We sincerely apologize for the delay. One of our counselors will be with you shortly. We appreciate your patience.
(6:40:37 PM) *** ROSA FRIDMAN has left ***

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EXHIBIT "5"*

DECLARATION OF CUSTODIAN OF RECORDS FOR 001 DEBTORCC, INC.

Certificate Number: 15725-CAC-CC-035351376



15725-CAC-CC-035351376

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>February 9, 2021</u>, at <u>6:33</u> o'clock <u>PM EST</u>, <u>Rosa Fridman</u> received from <u>001 Debtorcc, Inc.</u>, an agency approved pursuant to 11 U.S.C. 111 to provide credit counseling in the <u>Central District of California</u>, an individual [or group] briefing that complied with the provisions of 11 U.S.C. 109(h) and 111.

A debt repayment plan <u>was not prepared</u>. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by internet</u>.

Date:    <u>February 9, 2021</u>              By:      <u>/s/Landes Thomas</u>

                                          Name:   <u>Landes Thomas</u>

                                          Title:    <u>Counselor</u>

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. 109(h) and 521(b).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# DECLARATION OF BRYAN SWEZEA

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

1  Karl Avetoom
2  1100 Rutland Road # 9
   Newport Beach, CA 92660
3  (949) 929-4787
   Email kia002@att.net
4

5

6  Creditor and Plaintiff, In Pro Per

7

8              UNITED STATES BANKRUPTCY COURT

9       CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

10  In re:                          ) Case No:    8:21-bk-10513-ES
                                    )
11  Rosa Fridman                    ) Hon:  Erithe A. Smith
                                    )
12                                  ) Chapter 7
                                    )
13                                  ) **DECLARATION OF BRYAN SWEZEA.**
                                    )
14                                  )
                                    )
15                                  )
    _____)

16              <u>**DECLARATION OF BRYAN SWEZEA.**</u>

17  I, Bryan Swezea, here by declare as follows:

18      1.      I have personal knowledge of the following facts and if called upon to testify under

19  oath, I could and would do so competently to the following facts.

20      2.      I hold a Bachelors of Science degree in Telecommunication Technologies which

21  incorporates Information Technologies ("IT"). I have worked in various technology fields since 1996. I

22  have been a telecommunications and Information technology consultant for 20 years. I specialize in

23  electronic based technologies including IP tracing, IP identification, network security, forensic

24  analysis, data recovery, identity theft prevention, HIPAA compliance, operating systems and browser

25  identification. I have testified in court authenticating internet communications and broadcasting.  I

26  have also provided expert analysis of video files relating to a criminal case in Orange County Superior

27  Court.  I have also provided IT services to multiple attorneys and their clients, related to litigation and

28  unrelated matters.

3. Based upon the business records I examined from 001 Debtorcc, Inc. relating to the pre-bankruptcy educational course allegedly taken by Debtor Rosa Fridman, it is my professional opinion that Ms. Fridman did not take the pre-bankruptcy filing educational course on February 9, 2021.

4. It is my professional opinion that based upon the information obtained from 001 Debtorcc, Inc's business records, the following facts are reliable and beyond dispute.

5. On Tuesday, February 09, 2021 at 5:50 PM EST an account was created for Rosa Fridman with 001 Debtorcc, Inc.  The course was paid at 5:53 PM EST.

6. On Tuesday, February 09, 2021 at 6:24:44 PM EST a person claiming to be Rosa Fridman started a pre-filing bankruptcy counseling online course with 001 Debtorcc, Inc. The course was completed nine minutes later on February 9, 2021, at 6:33 PM EST according to the business records provided by 001 Debtorcc, Inc.

7. This course was completed using an Intel Based Macintosh Computer with Operating System 10.15 "Catalina". OSX 10.15 "Catalina" was released on or around October 7, 2019. The Apple computer used to take the course utilized Mozilla Firefox version 68.0 Internet browser. It was released on or around July 9, 2019.

8. The IP address captured and recorded by 001 Debtorcc, Inc for this account and pre-filing bankruptcy counseling online course is 67.204.133.249.

9. The IP address 67.204.133.249 is registered to TDS Telecom ("TDS Broadband Service, LLC") and the IP address was assigned to Redmond, Oregon on February 9, 2021 (Exhibit "1" to my declaration is a true and correct copy of 001 Debtorcc, Inc. business record showing the IP address and location).  I researched the owner of this IP address which returned to TDS Telecom (Exhibit "2" to my declaration is a true and correct copy of my research into the holder of this IP address).

10. TDS communications does not offer internet service in Southern California including Huntington Beach, California.  Rosa Fridman's address of 16542 Blackbeard Lane #304, Huntington Beach, CA 92649 has internet service provided by Frontier Communications based upon my research into internet providers and bank records provided by Rosa Fridman to Mr. Avetoom listing payments made by Rosa Fridman's Wells Fargo account to Frontier Communications.

DECLARATION OF BRYAN SWEZEA

11.    In my professional opinion the pre-filing bankruptcy counseling online course taken on Tuesday, February 09, 2021 ending at 6:24:44 PM EST with 001 Debtorcc, Inc was not taken by Rosa Fridman in Huntington Beach.

12.    I have reviewed the 001 Debtorcc, Inc. business records as well as the reporter's transcript of Rosa Fridman's examination conducted on August 31, 2021 in this bankruptcy case.

13.    The Course was taken on a Macintosh computer in Redmond, Oregon. The course took 9 minutes to complete according to the time stamps on the 001 Debtorcc, Inc. chat session, not four hours as Rosa Fridman testified to. The course was not taken on an LG tablet as Rosa Fridman claims, but rather on an Apple computer running an Apple OSX operating system.

14.    An LG tablet cannot run an Apple OSX or iOS (mobile platform).  The business records from 001 Debtorcc, Inc. appear accurate and trustworthy, disputing Rosa Fridman's testimony that she personally had taken the online course on February 9, 2021.

15.    My professional opinion is that it is an impossibility for Rosa Fridman to have taken the pre-bankruptcy course based upon the reliable computer business records from 001 Debtorcc, Inc. which completely disprove Ms. Fridman's testimony in her bankruptcy examination.


   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed September 28, 2021 in Huntington Beach, California


By:    _Bryan Swezea (Sep 28, 2021 22:19 PDT)_____

    Bryan Swezea

3

DECLARATION OF BRYAN SWEZEA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "1"

DECLARATION OF BRYAN SWEZEA

Location
Redmond, Oregon, United States

Browser
Firefox 68.0

Platform
Mac OS 10.15

Device
-

IP address
67.204.133.249

User agent
Mozilla/5.0 (Macintosh; Intel Mac OS X 10.15; rv:68.0) Gecko/20100101 Firefox/68.0

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "2"

DECLARATION OF BRYAN SWEZEA



# GeoIP2 Databases Demo

Show Sidebar

IP Addresses

67.204.133.249

Enter up to 25 IP addresses separated by spaces or commas. You can also test your own IP address.

Submit

## GeoIP2 City Results

| IP Address | Country Code | Location | Network | Postal Code | Approximate Coordinates* | Accuracy Radius (km) | ISP | Organization | Dc |
|---|---|---|---|---|---|---|---|---|---|
| 67.204.133.249 | US | Redmond, Oregon, United States, North America | 67.204.133.192/26 | 97756 | 44.2762, -121.1847 | 20 | TDS Telecom | TDS Telecom | td |

Is this data incorrect? Please submit correction requests here. You may also be interested in reading our FAQ: How accurate is GeoIP2?

This demo contains data found in the following GeoIP2 databases:

- GeoIP2 Country database
- GeoIP2 City database
- GeoIP2 ISP database
- GeoIP2 Domain database

You may find a data sheet comparing our various GeoIP2 databases here and a high-level overview of our GeoIP2 solutions here.

*Latitude and Longitude are often near the center of population. These values are not precise and should not be used to identify a particular address or household.*

# Decl Bryan Swezea

**Final Audit Report** 2021-09-29

| | |
|---|---|
| Created: | 2021-09-29 |
| By: | Karl Avetoom (karl@threelionz.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAo0b7iMmXZ49G2YtuLVHzTucrm9t7O59X |

## "Decl Bryan Swezea" History

📄 Document created by Karl Avetoom (karl@threelionz.com)
2021-09-29 - 5:14:02 AM GMT- IP address: 76.169.238.124

📧 Document emailed to Bryan Swezea (bryan@bryanthecomputerguy.com) for signature
2021-09-29 - 5:15:21 AM GMT

📄 Email viewed by Bryan Swezea (bryan@bryanthecomputerguy.com)
2021-09-29 - 5:18:37 AM GMT- IP address: 66.249.84.223

✍️ Document e-signed by Bryan Swezea (bryan@bryanthecomputerguy.com)
Signature Date: 2021-09-29 - 5:19:29 AM GMT - Time Source: server- IP address: 75.82.213.92

✅ Agreement completed.
2021-09-29 - 5:19:29 AM GMT

**Adobe Sign**

## DECLARATION OF HERBERT CONRAD

I, Herbert Conrad, hereby declare as follows:

 1. I am over the age of eighteen and have personal knowledge of the following facts. If called upon to testify under oath, I could and would do so competently.

 2. On August 24, 2021 I received a phone call from an attorney by the name of Scott Talkov. This attorney asked me if I had witnessed the signing of a document at the Orange County Superior Court on or around October 3, 2019. The attorney was trying to put words in my mouth, attempting to have be state that I did not know the people and did not witness the document being signed. The attorney was trying to feed answers to me to get me to take a position on a document from 2019. I eventually asked him to send me by email a copy of the document, which he did. But his email was already filled out falsely representing my statements.

 3. I reviewed the document and recalled that I had been asked by two people at the Orange County Superior Court to be a witness to the signing of a document, the same documents titled "Contract" that the attorney had sent to me via email. I recalled being asked to be a witness and agreed to be a witness to the signing of this document. I explained to attorney Scott Taklov that I had witnessed an older woman sign the document, then followed by two other parties. I signed the document last. The attorney did not seem too happy to hear this and shortly ended the phone call.

 4. I felt uncomfortable by the attorney trying to influence me into answering how he wanted, basically putting words in my mouth and falsely representing my prior statements. I emailed the attorney back and told him that his email representations were not accurate of what I had said.

I declare under penalty of perjury under the laws of the United States that the above it true and correct.

Executed September 30, 2021 in Fullerton, California

By: _____
   Herbert Conrad

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Karl Avetoom<br>1100 Rutland Road #9<br>Newport Beach, CA 92660<br>(949) 929-4787<br>Email: kia002@att.net<br><br>☐ *Attorney for Movant*<br>☒ *Movant appearing without an attorney* | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

</div>

| In re:<br><br>ROSA FRIDMAN<br><br><div align="center">Debtor(s)</div> | CASE NO.: 8:21-bk-10513-ES<br>CHAPTER: 7 |
|---|---|
| | <div align="center">**SUPPLEMENTAL NOTICE OF HEARING TO BE HELD REMOTELY USING ZOOMGOV AUDIO AND VIDEO**</div> |
| | HEARING DATE:   January 20, 2022<br>HEARING TIME:   2:00 p.m. |
| **Movant:**  Karl Avetoom | |

1. The Movant has filed the following written notice or other pleading ("Notice") advising of a hearing to be held in the above-captioned case, on the date and time indicated above, before the Honorable Erithe A. Smith, United States Bankruptcy Judge *(insert name of pleading and, if available, docket number):*

   > **NOTICE OF AND OBJECTION TO HOMESTEAD EXEMPTION**

2. **Please be advised that because of the COVID-19 pandemic, the Court will conduct the hearing using ZoomGov audio and video technology.** Information on how to participate in the hearing using ZoomGov is provided on the following page of this notice.

3. Hearing participants and members of the public may participate in and/or observe the hearing using ZoomGov, free of charge.

4. Individuals may connect by ZoomGov audio and video using a personal computer (equipped with camera, microphone and speaker), or a handheld mobile device with an integrated camera, microphone and speaker (such as an iPhone, iPad, Android phone or Android tablet).  The connection can be initiated by entering the "Meeting URL" into a web browser on any of these devices, provided the device is connected to the Internet.  Individuals connecting in this manner will be prompted for the Meeting ID and Password shown below.

5. Individuals also may connect to the hearing by telephone only, using the telephone number provided below.  Individuals connecting in this manner also will be prompted for the Meeting ID and Password.

6. Neither a Zoom nor a ZoomGov account is necessary to participate in or observe the hearing, and no pre-registration is required.

7. The audio portion of the hearing will be recorded electronically by the Court and constitute its official record.

8. All persons are strictly prohibited from making any other recording of court proceedings, whether by video, audio, "screenshot," or otherwise. Violation of this prohibition may result in the imposition of monetary and non-monetary sanctions.

9. The following is the unique ZoomGov connection information for the above-referenced hearing:

      Meeting URL: TBD

      Meeting ID: TBD

      Password: TBD

      Telephone: 1 (669) 254 5252 or 1 (646) 828 7666

10. More information on using ZoomGov to participate in this hearing is available on the Court's website at the following web address: https://www.cacb.uscourts.gov/news/zoom-video-hearing-guide-and-training-participants

.

Date: September 30, 2021

_____
Printed name of law firm (if applicable)


Karl Avetoom
_____
Printed name of individual Movant or attorney for Movant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

OPR 7451 Warner Ave #E191 Huntington Beach, CA 92647 Reg'd Process Server # 3050

A true and correct copy of the foregoing document entitled *CREDITOR KARL AVETOOM'S NOTICE OF AND OBJECTION AND AFFIRMATIVE DEFENSES TO ROSA FRIDMAN'S CLAIMED HOMESTEAD EXEMPTION* will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 22, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Karl T Anderson (TR) 2edansie@gmail.com, kanderson@ecf.axosfs.com
Michael J Hauser michael.hauser@usdoj.gov
Melissa Davis Lowe mlowe@shulmanbastian.com, avernon@shulmanbastian.com
Charles L Murray cmurray@cm3law.com, cm3esquire@gmail.com
Scott Talkov scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>:**
On (*date*) 9/30/2021 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u> (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 30, 2021 | Sal W. Hanna | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.