SCOTT TALKOV, State Bar No. 264676
TALKOV LAW CORP.
2900 Adams St Ste C225
Riverside, California 92504
Telephone: (951) 888-3300
Email: scott@talkovlaw.com

Attorneys for Debtor Rosa A. Fridman

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case. No. 8:21-bk-10513-ES |
| ROSA A. FRIDMAN, | Chapter 7 |
| Debtor. | **DEBTOR'S OPPOSITION TO AVETOOM'S SECOND MOTION TO DISMISS BANKRUPTCY CASE; DECLARATIONS OF ALEX THEORY, ROSA FRIDMAN, LEILANI CASPILLO, AND SCOTT TALKOV** |
| | Hearing on Motion to Dismiss: |
| | Date:      October 21, 2021 |
| | Time:      10:30 a.m. |
| | Courtroom: Courtroom 5A |
| |         411 W. Fourth Street |
| |         Santa Ana, CA 92701 |
| |         Virtual appearance by Zoom.gov |

TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY

JUDGE, CREDITOR KARL AVETOOM, THE U.S. TRUSTEE, AND ALL PARTIES IN

INTEREST:

Rosa A. Fridman ("Ms. Fridman"), Debtor in the above-captioned matter, hereby submits

the following opposition to the <u>second</u> motion of Creditor Karl Avetoom ("Avetoom") to dismiss

the bankruptcy case pursuant to 11 U.S.C. § 109(h)(1) (the "Motion" filed as BK Doc. 91) as

follows:

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

# <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION.......................................................................................................... 3

II.     THE DEBTOR HAS MET THE REQUIREMENT IN § 109(h)(1) THAT SHE
        "HAS…RECEIVED" THE PREBANKRUPTCY DEBTOR EDUCATION
        COURSE DESPITE THE CREDITOR'S ATTEMPTS TO ADD
        REQUIREMENTS THAT SHE NOT BE ASSISTED IN THAT PROCESS BY
        USING THE TRANSLATION SERVICES OF HER SON TO TAKE THE
        COURSE BY SKYPE SCREENSHARE ......................................................................... 4

III.    EVEN IF THE COURT HAD ANY CONCERNS ABOUT THE ASSISTANCE
        OF THE DEBTOR'S SON AS A TRANSLATOR, COURTS HAVE MADE
        CLEAR THAT DISMISSAL IS NOT REQUIRED .............................................................. 6

IV.     THE REQUEST FOR A BAR TO REFILING IS WITHOUT LEGAL
        AUTHORITY.................................................................................................................. 7

V.      CONCLUSION ............................................................................................................. 8

VI.     DECLARATION OF ALEX THEORY ......................................................................... 10

VII.    DECLARATION OF ROSA FRIDMAN ....................................................................... 13

VIII.   DECLARATION OF LEILANI CASPILLO ................................................................... 15

IX.     DECLARATION OF SCOTT TALKOV ........................................................................ 16

X.      PROOF OF SERVICE OF DOCUMENT ...................................................................... 17

## I.    INTRODUCTION

Creditor Karl Avetoom's first motion to dismiss on alleged bad faith was summarily denied by this Court "due to insufficient grounds stated therefor" in finding that "Movant has the burden of proving that the case was filed for an improper purpose or in bad faith. Movant has failed to meet that burden in this instance." (Decl. Talkov, Ex. 8.)

Avetoom's backup idea swings for the fences in a tongue in cheek motion contending that the Debtor didn't take the prebankruptcy counseling course, but rather that someone who happens to have the name "Rosa Fridman" used their "Visa XXXX3635" to take the course. (BK Doc. 91, p. 52.) In his hope to avoid the Debtor's Constitutionally protected right to bankruptcy protection, he argues that: "The evidence before the Court clearly proves Rosa Fridman did not take the first educational class [on her LG Tablet as she testified at the meeting of creditors], but rather a third party in Oregon took the class, in nine minutes, using an Apple computer." (BK Doc. 91, p. 7, lns. 26-28.) Avetoom presumptuously concludes that "Rosa Fridman lied about taking the educational course. The facts establish that the Course was completed by a third party, not Rosa Fridman. As a matter of law, Rosa Fridman is ineligible to be a 'debtor' in this bankruptcy." (BK Doc. 91, p. 14, lns. 13-15.)

Specifically, Avetoom relies upon 11 U.S.C. § 109(h)(1), which provides that "an individual may not be a debtor under this title unless such <u>individual has</u>…<u>received</u> from an approved nonprofit budget and credit counseling agency…an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis."

As explained below, Avetoom picked various pieces of data assume what he hopes to be true- that she did not take the course. As the old saying goes, when you assume, well, this Court knows the saying.

As it turns out, the Debtor, a native Russian speaker who was then 89-year-old widow (now age 90) did indeed receive credit counseling through a <u>Skype screenshare with her son</u>, who remotely displayed the pre-filing credit counseling course from his Macintosh computer while he

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1  was in Oregon. As a bilingual speaker, her son assisted Rosa Fridman by translating the course

2  into Russian, and then translated her responses, as needed, from Russian back into English. Thus,

3  Rosa indeed "received" the prebankruptcy counseling course as required by law.

4        Ideally, Rosa would have preferred that one of her sons assist her in person in order to

5  complete the aforementioned course. However, she received her first Covid-19 vaccine shot 3

6  three days earlier on February 6, 2021 such that she was not fully inoculated from the virus as it

7  takes several weeks, as well as another shot, for the vaccine to have the intended effect. Given her

8  advanced age, placing her in a very high-risk category of serious illness from Covid-19, she felt

9  more comfortable with Alex assisting her remotely through the Skype screenshare. Rosa

10 Fridman's Covid-19 vaccination card is attached as Exhibit 7.

11       Sadly, this second motion to dismiss reflects Avetoom's hobby of litigating against the

12 Fridmans based on whatever documents he can cobble together. Indeed, the California Court of

13 Appeal made the same observation in affirming the court below that "Avetoom cobbles together

14 various documents to assert there is only one conclusion that can be drawn…. We disagree."

15 *People v. Avetoom*, No. G044659, 2013 WL 1583229, at *11 (Cal. Ct. App. Mar. 8, 2013).

16       There is no question that the Karl Avetoom is displeased by the Debtor's successful

17 motion to avoid his liens. However, Karl Avetoom has not met his burden to show that the Debtor

18 did not receive the prebankruptcy credit counseling course, nor that dismissal is warranted, as

19 explained below.

20 **II.     THE DEBTOR HAS MET THE REQUIREMENT IN § 109(h)(1) THAT SHE**

21 **"HAS…RECEIVED" THE PREBANKRUPTCY DEBTOR EDUCATION COURSE**

22 **DESPITE THE CREDITOR'S ATTEMPTS TO ADD REQUIREMENTS THAT SHE NOT**

23 **BE ASSISTED IN THAT PROCESS BY USING THE TRANSLATION SERVICES OF**

24 **HER SON TO TAKE THE COURSE BY SKYPE SCREENSHARE**

25       Particularly perplexing about the Creditor's motion is that it admits the central

26 requirements of the Section 109(h) in conceding the following:

27

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1)   That a certificate of credit counseling was indeed filed with this Court (BK Doc. 91, p. 60 (attaching BK Doc. 2));

2)   That the certificate of credit counsel indeed bears the name of the Debtor (BK Doc. 91, p. 60 (attaching BK Doc. 2));

3)   That the name of the Debtor matched the debit card used to pay for the certificate of credit counseling (BK Doc. 91, p. 48);

4)   That the credit counseling certificate was completed in the 180 days before the bankruptcy petition date (BK Doc. 91, p. 48);

5)   That the Debtor correctly answered all credit counseling questions as shown in the transcript. (BK 91, pp. 56-57);

Seemingly, this meets the requirements of Section 109(h)(1) that an "<u>individual has</u>…<u>received</u> from an approved nonprofit budget and credit counseling agency…an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis."

However, the Creditor adds his own additional requirements not found in Section 109(h) by claiming that a debtor must complete the credit counseling requirement without the assistance of any other person - even if the debtor is elderly, suffering from glaucoma that impairs her reading ability, or if the debtor is not a native speaker of the language in which the test is generally offered, as is the case herein. This is blatantly untrue.

Rather, the declarations of Rosa Fridman, her son, Alex Theory, and the paralegal at her bankruptcy attorney's office, Leilani Caspillo, make clear that <u>Rosa Fridman did take and complete the prefiling debtor education course required by Section 109(h)(1)</u>. Specifically, Rosa Fridman took the course by Skype screenshare (akin to a Zoom screenshare) so that the Debtor, age 89, could allow her son to translate from Russian to English and English to Russian. Moreover, the Debtor at the time had taken only one Covid-19 vaccine, shot several days before,

1  making the Debtor's presence around her own children a health risk that was easily avoided by

2  using Skype screenshare.

3      Since the motion cites no rule that the Debtor must be trapped alone while completing the

4  debtor education course, Karl Avetoom's motion provides no basis for this Court to provide any

5  remedy he proposes.

6  **III.    EVEN IF THE COURT HAD ANY CONCERNS ABOUT THE ASSISTANCE OF**

7  **THE DEBTOR'S SON AS A TRANSLATOR, COURTS HAVE MADE CLEAR THAT**

8  **DISMISSAL IS NOT REQUIRED**

9      The truth is that Mr. Avetoom, a law school graduate, has made a hobby of litigating

10  against this Debtor. However, his hobby cannot overcome that the authority does not support his

11  position even in extreme cases of the total failure to take the credit counseling course, let alone in

12  what the Creditor's perceives as a technical failure in the credit counseling process.

13      Specifically, Karl Avetoom argues that the "Failure to take the course prevents a person

14  from being a 'debtor' under Section 109 and <u>requires</u> the bankruptcy case be dismissed. *In re*

15  *Grantham* (Bankr. C.D. Cal. 2020) 617 B.R. 344, 347–348." However, *In re Grantham* was

16  merely an order on an unopposed order to show cause re: dismissal.

17      By contrast, when the issue was litigated, other courts have reached differing conclusions.

18  For example, Bankruptcy Judge Zurzolo (who has agreed to mediate this case following Karl

19  Avetoom's rejection of Judge Meredith Jury) concluded under the heading "The Bankruptcy Code

20  Does Not Mandate Dismissal" that: "There is a completely separate statutory basis for concluding

21  that a lack of eligibility does not mandate dismissal. Nowhere in Title 11 is there a provision

22  setting forth the remedy for failure to comply with the Credit Counseling Requirements, while the

23  remedy of dismissal is specifically provided for in other situations." *In re Manalad*, 360 B.R. 288,

24  295 (Bankr. C.D. Cal. 2007). Judge Zurzolo continued that the "cause the consequences of

25  dismissal are so significant, Congress would have mandated dismissal as a remedy for non-

26  compliance with the Credit Counseling Requirements as it did in other situations if it intended

27

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1  dismissal to be the only available remedy." *In re Manalad*, 360 B.R. 288, 307–08 (Bankr. C.D.

2  Cal. 2007). At the conclusion, the opinion notes that:

3      The following judges of the United States Bankruptcy Court of the Central District of
       California join in the conclusions of law reached in the above Opinion:

4      • Honorable Thomas B. Donovan

5      • Honorable Richard M. Neiter

6      The following judges of the United States Bankruptcy Court of the Central District of
       California join in the conclusion of law that § 109(h) eligibility is not jurisdictional:

7      • Honorable Sheri Bluebond

       • Honorable Geraldine Mund

8      • Honorable Samuel L. Bufford

       • Honorable Kathleen Thompson

9      • Honorable Victoria S. Kaufman

10     • Honorable Maureen A. Tighe

11  *In re Manalad*, 360 B.R. 288, 310 (Bankr. C.D. Cal. 2007). Indeed, other courts have reached the

12  same conclusion. See *In re Fiorillo*, 455 B.R. 297, 305 (D MA 2011); *In re Zarnel*, 619 F.3d 156,

13  167-170 (2nd Cir. 2010); *In re Hess*, 347 B.R. 489, 501 (Bankr. D. Vt. 2006) ("when, under the

14  totality of circumstances, enforcing the plain language of § 109(h) would be both manifestly

15  unjust and inconsistent with settled law interpreting related provisions of the bankruptcy code, the

16  Court may exercise its discretion, grant an exemption, deny dismissal, and allow the case to

17  proceed" even over "the U.S. Trustee's motion to dismiss Ms. Madore's case").

18      The idea that dismissal must be entered because the Debtor used a Skype screenshare with

19  her son to translate the debtor education course from Russian to English is a legal fiction.

20  **IV.     THE REQUEST FOR A BAR TO REFILING IS WITHOUT LEGAL AUTHORITY**

21      The Creditor's strategy is obvious: to delay the 90-year-old Debtor from obtaining the

22  bankruptcy relief she is entitled to in the hopes that the Creditor, who is decades younger, will

23  outlive the Debtor's hope of a bankruptcy discharge. He makes this purpose clear in requesting

24  that, based on this alleged technical failure, "Rosa Fridman should be barred from refiling for two

25  years." (BK Doc. 91, p. 22, ln. 12.)

26      However, even the statutory authority on dismissal with a bar for 180 days is available

27  only in limited circumstances if "in the preceding 180 days if the case was dismissed by the court

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1  for <u>willful failure of the debtor to abide by orders of the court</u>, or to appear before the court in

2  proper prosecution of the case." 11 U.S.C. § 109(g)(1).

3      While "[t]he Bankruptcy Code does not define 'willful,'…. [a] debtor's conduct is 'willful'

4  within the meaning of section 109(f)(1) when it is intentional, knowing and voluntary, as opposed

5  to conduct which is accidental or beyond the person's control. A willful failure to do a required act

6  requires a showing that the person had notice of his responsibility and intentionally disregarded it

7  or demonstrated plain indifference." *In re McIver*, 78 B.R. 439, 441 (D.S.C. 1987) (citations

8  omitted).

9      However, Karl Avetoom has not shown plain indifference of the Debtor or intentional,

10  knowing and voluntary failure to abide by orders of the Court. Rather, before filing her case, there

11  was no court that could have made any order as to the manner in which she took her bankruptcy

12  debtor education course.

13      Once again, Karl Avetoom is shooting in the dark and burdening the court with motions

14  that he knows cannot be granted.

15                              **V.    CONCLUSION**

16      The second motion to dismiss reflects Creditor Karl Avetoom's is hoping for a do-over of

17  this prolonged bankruptcy in which nothing has gone his way, including the following:

18      1)  The Debtor's motion to avoid Karl Avetoom's liens, which was granted in full.

19      2)  Avetoom's initial motion to dismiss for bad faith, which was summarily rejected by

20          this Court.

21      3)  Avetoom's state court motion to enforce his judgment requesting a finding that the lien

22          from the Debtor was a consensual lien, rather than being a judicial lien (to be avoided

23          by §522(f)) - which the state court wholly rejected.

24      4)  Avetoom's appeal of the Debtor's motion to avoid the lien, which raises a litany of

25          issues not raised in this Court along with other issues that do not change the outcome

26          of the case.

27

5) Despite Avetoom calling for the election of Karl Anderson as trustee, that new Trustee hiring counsel, and conducting numerous continued meetings of creditors, the Debtor's case has ultimately been declared no asset.

6) Avetoom's adversary seeking nondischargeability, which is now the subject of a forthcoming, scheduled motion for terminating sanctions based on <u>Avetoom's complete failure to deny on the record that he fabricated documents and supporting declarations to this Court with reprehensible content about this Court allegedly written by the Debtor's family</u> (actually written by Karl Avetoom pretending to be the Debtor's family).

It goes without saying that Mr. Avetoom is not pleased with the debtor's decision to file bankruptcy and the results that followed. However, the facts set forth above and in the accompanying declarations make it clear that the Debtor did indeed "receive" the pre bankruptcy counseling as required by Section 109(h)(1). She did so with the assistance of her son acting as translator and providing computer assistance for which the law provides no prohibition related thereto.

This marks the Creditor's second motion to dismiss, this time after the Trustee has declared the case to be no asset, meaning this case will eventually reach its natural end. It is clear that the Creditor will continue to file these motions until this Court makes a clear ruling that whatever issues he had should have already been brought in the first, if not the second, motion to dismiss.

Based on the foregoing, Debtor respectfully requests that this second motion to dismiss be denied with prejudice to any further motions to dismiss.

Date: October 7, 2021                                 TALKOV LAW CORP

*Scott Talkov*
_____
Scott Talkov
Attorneys for Debtor Rosa A. Fridman

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

## VI.    DECLARATION OF ALEX THEORY

I, Alex Theory, declare:

1.    I am the son of Rosa Fridman, the Debtor herein. I am over the age of 18. The facts set forth herein are of my own personal knowledge and if sworn I could and would competently testify thereto.

1.    Prior to and since February 9, 2021, I have regularly used Skype and the Skype screensharing feature to communicate with my mother, Rosa Fridman. Attached as Exhibit 1 is a true and correct copy of the screenshare I conducted with Rosa Fridman on her LG Tablet as captured by her LG tablet to show how the website looked when we conducted our Skype Screenshare so that Rosa could complete the debtor education course.

2.    Attached as Exhibit 2 is a true and correct copy of the screenshare I conducted with Rosa Fridman as captured on my Apple computer to show how the website looked when we conducted our Skype Screenshare so that Rosa could complete the debtor education course.

3.    Attached as Exhibit 3 is a true and correct copy of a screen capture showing an example of a Skype chat with my mother, Rosa, that was conducted before the subject February 9, 2021 call.

4.    Although I am a fluent English speaker, I learned to speak and read Russian from growing up in a household with two native Russian speakers, namely my mother and father. Based on my bilingual abilities, and the fact that Russian is rarely offered as a translated service when completing legally required documents, I often translate from Russian to English and English to Russian to assist my mother, Rosa.

5.    On February 8, 2021, I received an email from Rosa Fridman's law firm at Talkov Law asking if I "could you assist Rosa with completing the online bankruptcy credit counseling course and send the certificate of completion to my email. We will need to file this with the bankruptcy petition: https://www.debtorcc.org/bankruptcy-credit-counseling-

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1  course.aspx#DebtorCCRegistration%20." A true and correct copy of this email is attached as

2  Exhibit 4.

3      6.      Accordingly, on February 9, 2021, I initiated a Skype screenshare with my mother,

4  Rosa Fridman. That screenshare was initiated from my Apple Macintosh laptop. I recall using a

5  Firefox browser and my operating system was 10.15 as noted by the declaration supporting Mr.

6  Avetoom's motion.

7      7.      Unfortunately, I was not able to obtain call logs going back to the date of the

8  particular screenshare on February 9, 2021, as Skype call history only displays calls for the last 6

9  months, and only keeps records of paid calls in Skype according to the Microsoft website, a true

10 and correct copy of which is attached as Exhibit 5.

11     8.      I conducted this Skype screenshare with my mother, Rosa Fridman, while in the

12 Redmond, Oregon area. I was visiting a friend at the time and was staying at their residence. I

13 stayed in the Redmond, Oregon area from approximately January 10, 2021, to February 15, 2021.

14 Attached as Exhibit 6 are true and correct copies of two receipts from my trip to Oregon during

15 that time.

16     9.      During the Skype screenshare with my mother, Rosa Fridman, on February 9,

17 2021, I read all of the text on the screen to my mother in Russian, and then translated her answers

18 back from Russian to English. While Rosa does understand some English, my observations are

19 that she has only a limited understanding of what is occurring when there is no translation to

20 Russian. Given the importance of legal documents and legal proceedings, I felt it was of the

21 utmost importance that Rosa's answers be accurately set forth so that nothing was misunderstood.

22     10.     Furthermore, I preferred using the Skype screenshare with my mother, Rosa

23 Fridman, on February 9, 2021, because she had only received her first Covid-19 vaccination

24 several days before, and was not fully inoculated. I have been informed that my mother is in a

25 high-risk category for serious injury or death if she were to contract Covid-19 based on her

26 advanced age.

27

1    I declare under penalty of perjury under the laws of the State of California that the

2 foregoing is true and correct.

3        Executed on October 7, 2021 at San Francisco, California.

4        _____

5        Alex Theory

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**DEBTOR'S OPPOSITION TO AVETOOM'S SECOND MOTION TO DISMISS BANKRUPTCY CASE**

## VII.    DECLARATION OF ROSA FRIDMAN

I, Rosa Fridman, declare:

1.      I am Rosa Fridman, the Debtor herein. I am over the age of 18, age 90 to be exact. The facts set forth herein are of my own personal knowledge and if sworn I could and would competently testify thereto.

2.      I was born in Kiev, Ukraine in 1931. I immigrated to America in 1976 around age 45. I am a fluent Russian speaker. I do have some comprehension of English, but I regularly find that I have gaps in my understanding of English, particularly when discussing legal matters, which can be complex to understand even for English speakers. During the meetings of creditors in this case, I requested and received a Russian interpreter.

3.      I have also been diagnosed with glaucoma, which decreases my ability to read on a computer screen such that verbal translation from English to Russian increases my understanding of documents.

4.      On the evening of February 9, 2021, I recall using my LG Tablet to take the credit counseling required to file for bankruptcy. On my LG Tablet, I used Skype to connect to my son, Alex Theory. In turn, Alex shared the screen from one of the websites run by 001 Debtorcc Inc., which I believe was https://www.debtoredu.com/, though the company has other websites that appear to be identical (e.g., https://www.debtorcc.org/).

5.      I then completed the bankruptcy credit counseling course by utilizing the translation skills of my son Alex, who translated the text on the screen by reading it to me in Russian, to which I would reply to him verbally in Russian. I understand that Alex then typed my answers on the screen to allow them to be seen by the prebankruptcy counseling course. Attached as Exhibit 1 is a true and correct copy of a screenshare that I conducted with my son, Alex Theory, a few days ago on my LG Tablet to show what the website looked like on my LG Tablet when I completed the debtor education course on February 9, 2021.

6.      The Visa card shown on the receipt provided by the Creditor ending in 3635 (BK Doc. 91, p. 52) was on February 9, 2021 my personal Wells Fargo Visa debit card.

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

7.      I would have preferred that one of my sons assist me in person on my LG Tablet. However, I had at the time only received my first Covid-19 shot on February 6, 2021, just a few days before I completed this course. Attached as Exhibit 7 is a true and correct copy of my Covid-19 vaccination card.

8.      As I understand, it takes a few weeks for the shot to have the intended effect. Given my advanced age placing me in a very high-risk category of serious illness from Covid-19, I felt more comfortable with Alex assisting me remotely through the Skype screenshare process.

9.      I was present on the Skype screenshare during the entirety of the online debtor education course. I was then and still am unaware of any rule that prohibits me from requesting the assistance of my son, Alex Theory, to complete an online debtor education course. Rather, I found his assistance to be of help in understanding the debtor education course.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 7, 2021 at Huntington Beach, California.

Rosa Fridman

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

## VIII.   DECLARATION OF LEILANI CASPILLO

I, Leilani Caspillo, declare:

1.     I am a paralegal with Talkov Law Corp., attorneys of record for Debtor, Rosa Fridman. I am over the age of 18 years of age. The facts set forth herein are of my own personal knowledge and if sworn I could and would competently testify thereto.

2.     Attached as Exhibit 4 is a true and correct copy of the email I sent to Alex Theory, copying Rosa Fridman, on February 8, 2021, requesting that Alex "assist Rosa with completing the online bankruptcy credit counseling course…."

3.     I made this suggestion to Alex based on my knowledge of Rosa's limited English skills and my lack of knowledge of any online credit counseling provided in languages other than English or Spanish. Moreover, I made this suggestion to Alex based on Rosa's age at the time of 89 and what I understand to be her limited ability to use technology.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 7, 2021 at Orange County, California.

*Leilani Caspillo*
Leilani Caspillo

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

## IX.    DECLARATION OF SCOTT TALKOV

I, Scott Talkov, declare:

1.    I am an attorney duly licensed to practice in all court of the State of California and am an Attorney with Talkov Law Corp., attorneys of record for Debtor, Rosa Fridman. The facts set forth herein are of my own personal knowledge and if sworn I could and would competently testify thereto.

2.    Attached as Exhibit 8 is a true and correct copy of this Court's tentative ruling as adopted by this Court denying Karl Avetoom's first motion to dismiss.

3.    The email attached as Exhibit 4 showing my paralegal, Leilani Caspillo, refreshed my recollection that I had asked her to ask Alex Theory to assist the Debtor in completing the online education course based on the Debtor's age, limited understanding of technology, limited understanding of the English language, and complex history of the judgment debt at issue involving Karl Avetoom. Unfortunately, I have no understanding of the Russian language or I would have screenshared with Rosa Fridman to assist her personally in completing the online educational course.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 7, 2021 at Riverside, California.

*Scott Talkov*
Scott Talkov

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

# Exhibit 1

# Screenshot of Rosa Fridman's LG Tablet showing Skype Screenshare from Alex Theory

(Rosa Fridman's Thumbnail / Avatar Shown in Upper Right Corner next to Alex Theory's Thumbnail / Avatar showing Screensharing Iron in Bottom Right Corner)



**<u>Exhibit 2</u>**

Screenshot of Alex Theory's Apple Computer showing Skype Screenshare with Rosa Fridman's LG Tablet
(Rosa Fridman's Thumbnail / Avatar Shown in Middle Right below Alex Theory's Thumbnail / Avatar)



## Exhibit 3

Screencapture of Messaging Between Rosa Fridman and Her Son Alex Theory on February 25, 2018 Nearly 3 Years Before the Skype Screenshare to Complete the Debtor Education Course for Rosa Fridman's Bankruptcy



<u>**Exhibit 4**</u>

M Gmail

Alex Theory <theory411@gmail.com>

---

**Re: In re: Rosa Fridman- documents and information needed**

1 message

---

**Leilani Caspillo** <assistant@talkovlaw.com>                                           Mon, Feb 8, 2021 at 9:41 AM
To: Alex Theory <theory411@gmail.com>
Cc: Rosa Fridman <rosafridman3@gmail.com>

Hi Alex,

One more thing, could you assist Rosa with completing the online bankruptcy credit counseling course and send the certificate of completion to my email. We will need to file this with the bankruptcy petition: https://www.debtorcc.org/bankruptcy-credit-counseling-course.aspx#DebtorCC-Registration%20

Thank you,



**Leilani Caspillo** **| Paralegal, Talkov Law**

**a:** 2900 Adams St. Ste C225 | Riverside, CA 92504
**e:** assistant@talkovlaw.com | **w:** www.talkovlaw.com
**p:** (951) 888-3300

# **Exhibit 5**



CF csa fred Created on April 8, 2018

# how long does skype keep call log

How far back does the call log go back

This thread is locked. You can follow the question or vote as helpful, but you cannot reply to this thread.

I have the same question (18) Subscribe | Report abuse

## Question Info

Last updated May 27, 2021

Views 697

Applies to:

Skype / (Archived) Skype for Windows desktop / Calling / Audio and Video

Microsoft 365

A subscription to make the most of your time

Try one month free

## Answer

KA Karen_[01]
Microsoft Agent | Moderator
Replied on April 9, 2018

Hello csa fred,

We only keep records of the paid calls in Skype, and call history only displays calls for the last 6 months. You can view it on your account by signing in to Skype website > under **Usage**, click the phone icon.

Let me know if you need further assistance.

Karen_E

Skype Community Moderator

Report abuse

1 person found this reply helpful · Was this reply helpful?

Yes No

Replies (1)

## What's new

Surface Pro 8

Surface Laptop Studio

Surface Pro X

Surface Go 3

Surface Duo 2

Surface Pro 7+

Windows 10 apps

HoloLens 2

## Microsoft Store

Account profile

Download Center

Microsoft Store support

Returns

Order tracking

Virtual workshops and training

Microsoft Store Promise

Flexible Payments

## Education

Microsoft in education

Office for students

Office 365 for schools

Deals for students & parents

Microsoft Azure in education

## Enterprise

Azure

AppSource

Automotive

Government

Healthcare

Manufacturing

Financial services

Retail

## Developer

Microsoft Visual Studio

Windows Dev Center

Developer Center

Microsoft developer program

Channel 9

Microsoft 365 Dev Center

Microsoft 365 Developer Program

Microsoft Garage

## Company

Careers

About Microsoft

Company news

Privacy at Microsoft

Investors

Diversity and inclusion

Accessibility

Security

🌐 English (United States)

Sitemap        Contact Microsoft        Privacy        Terms of use        Trademarks        Safety & eco        About our ads        © Microsoft 2021

# **Exhibit 6**

# CREDIT CARD (...9041)

## $25.95
Sale

Jan 25, 2021
Transaction date

Jan 26, 2021
Posted date

Supercuts
Redmond, OR 97756

| | |
|---|---|
| Description | SUPERCUTS REDMOND |
| Also known as | Supercuts |
| Merchant type | Beauty shops and barber shops |
| Method | In person |
| Card number | (...9041) |
| Category | Personal |
| Memo | Alex Theory Haircut |

Transaction details may be preliminary or incomplete and may not match the transaction as it appears on your periodic statement, which is the official record of your account activity.

JPMorgan Chase Bank, N.A. Member FDIC          ©2021 JPMorgan Chase & Co.          Equal Opportunity Lender

# SAFEWAY 🅢

Store 1504 Dir Jerry Newell
Main (541) 383-6500 Rx (541) 383-6509
2650 N.E. Highway 20
BEND OR 97702

### GROCERY

```
2 QTY ETERNAL WA          3.58 S
DEP SFTDK SNGL  FS        0.20 S
  Regular Price     4.58
  Card Savings      1.00-
```

### REFRIG/FROZEN

```
CALIFLOUR PIZZA CH        8.99 S
DAIYA PZA MEATLESS        8.99 S
```

### LIQUOR

```
2 QTY BAREFOOT B         19.98
  Regular Price    25.98
  Card Savings      6.00-

        TAX               0.00
****  BALANCE            41.74
```
------------------------------------
```
Credit Purchase   01/10/21 19:47
CARD # ************9041
REF: 504750490410  AUTH: 00025610D


PAYMENT AMOUNT           41.74
```
------------------------------------
```
AL VISA CREDIT
AID A0000000031010
TVR 0000000000
TSI 0000


      Visa                41.74
```
------------------------------------
```
      CHANGE               0.00
AGE VERIFICATION BYPASSED
TOTAL NUMBER OF ITEMS SOLD =    8
01/10/21 19:47 1504 8 243 9395
```
------------------------------------

### POINTS EARNED TODAY

```
Base Points                   21
```
------------------------------------
```
TOTAL                         21
```
------------------------------------
Points Towards Next Reward 87 of 100

```
REWARDS AVAILABLE              1
```
------------------------------------

### YOUR CASHIER TODAY WAS LESLIE
------------------------------------
HOW WAS YOUR SHOPPING EXPERIENCE?
WE VALUE YOUR FEEDBACK!
ENTER TO WIN A $100.00 GIFT CARD
GO TO: www.safeway.com/survey
ENTER THE SURVEY CODE BELOW:
150401/1019:478/243

### YOUR SAVINGS
```
Card Savings              7.00
Total                     7.00
Total Savings Value       14%
```

▌▌▌▌▌▌▌▌ ▌▌▌ ▌ ▌▌▌▌▌ ▌▌▌ ▌▌▌▌▌▌▌ ▌▌▌▌ ▌▌▌
0015040080243210110194Z
Thank you for shopping Safeway
For just for U or Rewards questions
call 877-276-9637 or Safeway.com

**<u>Exhibit 7</u>**

# COVID-19 Vaccination Record Card

Please keep this record card, which includes medical information about the vaccines you have received.

Por favor, guarde esta tarjeta de registro, que incluye información médica sobre las vacunas que ha recibido.





Fridman                         Rosa

Last Name _____        First Name _____        MI _____

8·01·1931

Date of birth _____    Patient number *(medical record or IIS record number)*

| Vaccine | Product Name/Manufacturer / Lot Number | Date | Healthcare Professional or Clinic Site |
|---|---|---|---|
| 1st Dose COVID-19 | Pfizer COVID – 19 Vaccine  Lot # EN5318 | 2/6/2021 | Hoag Hospital |
| 2nd Dose COVID-19 | Pfizer COVID – 19 Vaccine  Lot EN5318 | 2/27/21 | Hoag Hospital |
| Other | | ___/___/___  mm   dd   yy | |
| Other | | ___/___/___  mm   dd   yy | |

**<u>Exhibit 8</u>**

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Erithe Smith, Presiding**
**Courtroom 5A Calendar**

---

**Thursday, April 15, 2021**                                                     **Hearing Room        5A**

---

10:30 AM
**8:21-10513    Rosa A Fridman**                                                                  **Chapter 7**

   **#20.00**    Hearing RE: Creditor Karl Avetoom's Motion to Dismiss Bankruptcy Case
                  Pursuant to 11 U.S.C. Section 707 with 180 Day Bar to Refiling

                                    Docket       14

**Courtroom Deputy:**
        - NONE LISTED -

**Tentative Ruling:**

   **April 15, 2021**

   Deny the Motion due to insufficient grounds stated therefor.

   Basis for Tentative Ruling

   Movant has the burden of proving that the case was filed for an improper
   purpose or in bad faith.  Movant has failed to meet that burden in this
   instance.

| Party Information |
|---|

**Debtor(s):**

   Rosa A Fridman                               Represented By
                                                 Scott  Talkov

**Movant(s):**

   Karl  Avetoom                                Pro Se

**Trustee(s):**

   Thomas H Casey (TR)                          Pro Se

## X.      PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2900 Adams Street, Suite C225, Riverside, CA 92504

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S OPPOSITION TO AVETOOM'S SECOND MOTION TO DISMISS BANKRUPTCY CASE; DECLARATIONS OF ALEX THEORY, ROSA FRIDMAN, LEILANI CASPILLO, AND SCOTT TALKOV** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 7, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Karl T Anderson (TR)     2edansie@gmail.com, kanderson@ecf.axosfs.com
Michael J Hauser     michael.hauser@usdoj.gov
Melissa Davis Lowe     mlowe@shulmanbastian.com, avernon@shulmanbastian.com
Charles L Murray     cmurray@cm3law.com, cm3esquire@gmail.com
Scott Talkov     scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com
United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov

☐      Service information continued on attached page

2.  SERVED BY UNITED STATES MAIL:
On (*date*) October 7, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Erithe Smith, 411 West Fourth Street, Suite 5040, Santa Ana, CA 92701
☐      Service information continued on attached page

3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 7, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Karl Avetoom, 1100 Rutland Rd #9, Newport Beach, CA 92660-4607
Victor Balakin, 101 N Ocean Dr Ste 132, Hollywood, CA 33019
☐      Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 7, 2021 | Leilani Caspillo | *Leilani Caspillo* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300