Karl Avetoom
1100 Rutland Road # 9
Newport Beach, CA 92660
(949) 929-4787
Email kia002@att.net


Creditor and Plaintiff, In Pro Per


UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No:    8:21-bk-10513-ES |
| Rosa Fridman | Hon:  Erithe A. Smith |
| | Chapter 7 |
| | **CREDITOR KARL AVETOOM'S REPLY TO DEBTOR ROSA FRIDMAN'S OPPOSITION TO CREDITOR'S MOTION TO DISMISS.** |
| | Hearing Info: |
| | Date:       October 21, 2021 |
| | Time:       10:30 A.M. |
| | Courtroom: 5A. *Remote hearing Zoom.gov* |

**TO THE HONORABLE ERITHE A. SMITH, BANKRUPTCY JUDGE, AND TO DEBTOR**

**ROSA FRIDMAN AND HER ATTORNEY OF RECORD:**

Movant Karl Avetoom hereby submits his Reply to Debtor Rosa Fridman's Opposition to

Movant's Motion to Dismiss for failure to personally take the mandatory Section 109(h) prebankruptcy

educational course.  Rosa Fridman does not deny she had lied that Val Fridman translated the Course for

her, and she input the answers on her LG Tablet.  Caught in a lie, Rosa has fabricated, i.e. lied once

again, newly claiming it was her youngest son Alex Fridman, aka Alex Theory, who took the class while

in Oregon.  Rosa Fridman new claim, that she was screen sharing the session on February 9, 2021,  is a

factual impossibility.  She has failed to offer simple evidence of a Skype screen share for 2/9/2021,

which would be present on her own Skype app .  Rosa Fridman never qualified to be a debtor. She failed

to rehabilitate her credibility, offering one fabricated story for another, failing to meet her burden.

Rosa Fridman has not rehabilitated her false testimony, now offering a different fabricated story that is factually disproved. Fatal to her new fabrication, Rosa was at a shopping center at the time the course was taken, and the newly fabricated story of screen sharing with Alex has no admissible supporting evidence of any session on February 9, 2021 and is completely discredited by an IT expert. Even if this lie was true, Rosa Fridman would still not qualify as a debtor. Her most recent fabricated story does not meet the requirements of the law.

Rosa Fridman failed to meet her burden to prove with supporting evidence that she personally took the Section 109(h) course, she just offers more excuses. She did not qualify to be a debtor as a matter of law.  Recent law strictly construes Section 109(h). The same law holds it is an abuse of discretion to not dismiss a bankruptcy case when a person does not personally take the course.  Rosa Fridman's counsel asks this Court to ignore this law.  As a matter of law, the Court must dismiss this case no matter how harsh Debtor believes.  If you don't qualify, you cannot receive the benefits of the bankruptcy code.   Such are the consequences for lying to hide her failure to take the prefiling course.

- Rosa Fridman's claim she was at home and took the course at night, is proven false from the business records of Debtorcc which shows Alex took the course for her between 3 pm and 3:33 pm PST.  At this time, Rosa was out shopping and under surveillance for transferring money.

- The evidence shows Rosa Fridman never participated in any debtor pre-filing educational course.  Her son Alex Fridman did.  Alex Fridman was never mentioned by Rosa Fridman until her "341" testimony was proven completely false.

- Rosa Fridman has failed to produce any evidence of any Skype screen share with Alex Fridman on February 9, 2021 which would be stored on her LG device.

- Rosa Fridman Opposition contains nothing more than a "this is what it would have looked like" screen capture taken recently, but this fails as it is of the wrong web page that is impossible for Rosa Fridman to have taken the first educational course on.

- Rosa Fridman 2018 screen shot of her son and her prove the logs are available for years.  Her Opposition misrepresents Skype call logs are not available past 6 months, however that does not apply to what Rosa Fridman now claims.  Alex Fridman was connected to the TDS

2

broadband IP service to interface with the educational company and could not simultaneously use a Skype phone connection at the same time to screen share with his mother who has a tablet with no phone connection.  He has found a web page to disguise his failure to produce a screen sharing log which would be present on his mother's LG tablet Skype app.

- The conducting company's course policy is that the person taking the course must personally engage with the company's representative to obtain the Certificate, and not take the course indirectly through a third party by screen sharing.

## I. ROSA FRIDMAN'S "341" TESTIMONY WAS ADMITTEDLY A LIE, AS SHE HAS NOW CHANGED STORIES COMPLETELY, REPLACING ONE LIE FOR ANOTHER.

Fabricating a new second set of lies to cover up the first set of lies that prove Rosa Fridman did not take the first mandatory Section 109(h) class cannot save the day.  This is a fraud upon the Court that this Court cannot excuse.  Rosa Fridman, as demonstrated in the moving papers, testified that she was at home when Val translated for her and she input the answers on her LG tablet.   There was no mention of screensharing or any mention that Alex Fridman was even involved Rosa Fridman taking the initial course.  That all came about when Rosa and her sons realized the mother's story was proven a complete lie.

Rosa Fridman has concocted a new story, admitting her son Alex took the course in Redmond, Oregon, and while declaring she is not computer literate, she participated in a "screen sharing" process, with Alex Fridman translating and Rosa telling him how to answer.  That is also a lie, as at the time Rosa Fridman now claims to have done this, she was outside of her house, under surveillance, shopping (Declaration of Barry Brooks ¶ 4).   Just as the Fridmans did not think that their actions were being traced by the educational company 001 Debtorcc, Inc., rather than come clean, they fabricated a new story not knowing Rosa Fridman was under surveillance at the time, watched for her usual visits to the bank with her other son to make cash withdrawals.

Also fabricated is that Alex Fridman claims to have translated a forty minute course from English into Russian, explaining the questions and inputting answers at the mother's direction, all in

nine minutes.  Somehow he did this all without his mother being on the internet, ws out shopping, and her LG tablet only works off a Wi-Fi connection not cellular data (the tablet does not have a built in cell phone required for mobile data).  This is technologically impossible as set forth in the IT expert, Bryan Swezea's declaration ¶ 8.

## II.  **THE NEW CONCOCTED STORY OF A CHAT SESSION AND SCREEN SHARING IS ALSO A FABRICATED STORY TO REPLACE THE INITIAL "341" LIES.**

Rosa Fridman does not deny she lied in her "341" hearing, testifying under oath that it was Val Fridman who came to her house and translated for her, while Rosa input the answers into her LG Tablet in a four hour session.  Rosa and Alex's new claim of screensharing is proven to be another falsehood.  They provided no proof of a chat session, phone call or screen sharing.

Alex Fridman connected to 001 Debtorcc, Inc. first program using the website www.debtorcc.org.   He connected through a broadband connection using the TDS internet broadband connection (Swezea declaration ¶ 8).  Skype chat sessions and screenshare logs are available for several years. (Swezea declaration ¶9).

Alex Fridman offers two screen shots, but fatally they are of the wrong webpage to take the initial bankruptcy course.  (Swezea declaration ¶¶ 5, 7).  In fact, the webpage he claims *this is what it would have looked like when Rosa Fridman took the first class* is also a lie.  The webpage listed is for the second post filing class.  (Swezea declaration ¶ 7)

In a desperate effort to cover up why Rosa Fridman is unable to provide any evidence of a chat or screen sharing session on her LG Tablet, she tries to mislead this Court with misleading evidence of Skype calls that are logged for six months from a third-party webpage.  But these related only two paid Skype phone calls, technologically different from a chat and screen share session Rosa Fridman and he son claim they did, which are maintained for years.  (Swezea declaration ¶8).  Simply put, evidence of any chat session, call or screen sharing would exist on Rosa Fridman's LG tablet to this day.  For obvious reasons, she cannot produce them because they simply do not exist.  (Swezea declaration ¶¶ 8, 11)

The declaration of Leilani Caspillo lacks foundation, as Caspillo has no personal knowledge of who took the Course.  It only proves Caspillo asked Alex to help his mother unless Caspillo, as Mr.

1    Talkov's paralegal, is instructing Alex Fridman to "help" by taking the course for Rosa.  This is a

2    diversion, as the actual evidence proves Rosa Fridmam had nothing to do with taking the Court on

3    February 9, 2021.

4        The law mandates the person seeking to file bankruptcy take the pre-bankruptcy class

5    personally.  Not have a family member do it for her while the debtor goes shopping.  This is in accord

6    with a Section 341 exam.  There is no provision that the debtor need not be present, but a son can

7    respond to a Trustee by chat session, responding on behalf of the debtor.   Imagine people taking the

8    State Bar exam through an intermediary who is screen sharing the exam and asking the applicant at

9    home what to answer.  This is an absurd position.

10        This Court had always confirmed it is bound to follow the 9th Circuit law which state that

11    failure to take the pre-bankruptcy course is cause under Section 707 to dismiss the bankruptcy case.

12    **III.   ROSA FRIDMAN CANNOT MEET HER BURDEN TO PROVE SHE COMPLIED**

13        **WITH SECTION 109(h) AND PERSONALLY TOOK THE COURSE FOR TWO**

14        **REASONS.**

15        First Rosa Fridman's first lie of how Val translated at her house has been conceded as false.

16    Rosa Fridman and Alex Fridman's story is also false as Rosa was not even home when this supposed

17    screen sharing session transpired.  (Brooks decl. ¶ 4).

18        Second, Rosa Fridman and Alex Fridman cannot produce any record of a chat session, screen

19    sharing session, or other record of communication between Alex and Rosa on February 9, 2021 during

20    the relevant time perior the Court was taken for the simple reason, no record exists.

21        The only evidence offered is a purported 2018 Skype chat session with what appears to be Alex

22    Fridman and "Rosa".   Even more fatal, is the screen shots taken by Alex Fridman representing *this is*

23    *what the screen share looked like on February 9, 2021* is completely false according to the IT Expert,

24    Bryan Swezea.  Mr, Swezea confirmed that the webpage address contained in Exhibit "1" and "2" of

25    the Opposition are for the wrong webpage!  In fact, it is impossible for that webpage to be used to take

26    the first Course on February 9, 2021.  (Swezea delcartion ¶ 5).

27        As explained in detail by Mr. Swezea in his declaration at ¶¶ 8 9, the new claim made by Rosa

28    Fridman and Alex Fridman are impossible using the technology purportedly used by Rosa Fridman,

1  Debtorcc, and the IP service of TDS communications, Skype, and all other representations by the Rosa

2  Fridman's Opposition.  As concluded by Mr. Swezea, the evidence in Rosa Fridman's Opposition and

3  the technology supposedly used it is impossible for Rosa Fridman to have taken or participated in any

4  chat session, screen sharing session used to take the Course (Swezea declaration ¶ 10),

5      It is undeniable to this Court that Rosa Fridman failed to provide any evidence from either her

6  son's Apple Computer or her own LG Tablet or their Skype accounts to prove there was a screenshare

7  on February 9, 2021 at the time of the Course.  These Skype records are available on either device for

8  years (Swazea decl. ¶ 9).

9  **IV.  THE EDUCATIONAL COMPANY DOES NOT PERMIT A CUSTOMER TO TAKE**

10     **THE COURSE THROUGH A THIRD PARTY, SCREEN SHARING SET UP.**

11     001 Debtorcc. Inc.'s policy is to have the debtor take the course personally, not to allow a third

12 party screen share to obtain the Certificate. (Avetoom declaration ¶ "7", Exh. "4").  Had Debtorcc

13 known Debtor was supposedly allowing her son to take the class using screen share without Rosa

14 Fridman personally being present, they would not have issued the Certificate.  Rosa Fridman and her

15 family fraudulently obtained a Certificate of counseling without any evidence of her participation,

16 which it believes this Court has the discretion to accept.  Congress and the majority of recent court

17 decisions hold that the requirement of Section 109(h) is strictly construed and failure to take the course

18 personally requires dismissal under 11 U.S.C. § 707(a) no matter how harsh the consequences may

19 seem to the debtor.

20     To further prove that Rosa Fridman did not participate in in taking the first class, the chat

21 session between Alex Fridman and 001 Debtorcc, Inc. admits to $113,600 in assets (Motion, Exhibit

22 "4" to Avetoom declaration).  Yet Rosa Fridman claims she has no assets (Opposition pg. 9, Ln 17).

23 Lastly Rosa Fridman does not deny that she falsely represented she testified that Val Fridman helped

24 translate at her house, but now, she suddenly claims it was her youger son Alex Fridman translated via

25 screen share, while Rosa Fridman was not at home.

26     This Court must not condone the continued fabricated stories by the Debtor, including her

27 family.   The Debtor has lied under oath about taking the Course with her oldest son Val Fridman in

28 her first 341 exam.  That was a lie.  The Debtor then testified under oath she was at home with Val

Fridman on February 9, 2021 when she took the Course, that was also a lie.  The Debtor testified it

took her four hours to complete the course but  the business records of Debtorcc show it took 9 minutes.  Debtor has no explanation for the discrepancy of some four hours.  Nor does Debtor have any valid excuse why she has changed he story from Val Fridman helping her, twice, to now it was Alex Fridman who did her counseling via Skype screenshare.

Rosa Fridman has offered this Court **no evidence** of any chat session on February 9, 2019 because no chat or screen share session occurred. Why? Because Rosa Fridman had gone shopping at the same time Alex Fridman was taking the class for her.

This Court is obligated to protect the integrity of the Bankruptcy Process, that mandates a person actually take the course before filing bankruptcy, must dismiss this bankruptcy.  For what a screen shot would have looked like, and a 2018 chat session, is **not** evidence that any chat session actually occurred. And even if it had, which it didn't, it would not have lawfully obtained a valid Certificate for Rosa Fridman to have become a Debtor in this bankruptcy.  This is a standing issue that is raised after Rosa Fridman was repeatedly asked how, when and where she took this Course. Each answer turned out to be a lie, and is replaced with more fabrications.

## V.   ROSA FRIDMAN FABRICATED YET ANOTHER STORY TO REBUT HER PRIOR LIES ABOUT TAKING THE BANKRUPTCY PRE-FILNG COURSE PERSONALLY.

Rosa Fridman in her initial "341" exam testified that her oldest son Val Fridman came to her house and took the pre-filing educational course.  On August 31, 2021 Rosa Fridman against testified with the assistance of a translator and her attorney, and confirmed Val Fridman translated for her (Motion Avetoom decl. Exh 1, RT 33), she took the Course on her LG tablet and input the answers herself (Motion Avetoom decl. Exh. "1" RT 34).  She claimed it took four hours (Id.).   She never once mentioned Alex Fridman was involved.

Now that it has been exposed that the person actually taking the Course was Alex Fridman in Redmond, Oregon, and **not** Huntington Beach, CA, and Val Fridman, Rosa Fridman and her family have concocted another story that is not only physically impossible, but lacks any credible evidence to support this latest fabrication done to mislead this Court into diverging from recent holdings that mandate dismissal for cause under Section 707(a).

Rosa Fridman, was under surveillance for several days and at the time she claims she was "screen sharing" with Alex taking the Course, she was out shopping.  (Brooks Decl. ¶¶ 4, 5).

Per the declaration of Bryan Swezea, an expert in computer IT, Skype keeps all logs of chats and screen shares for years (Swezea declaration ¶¶ 6, 9).   The false representation offered by Alex Fridman as Exhibit "5" to the Opposition, falsely represents the logs are only available for six months. Mr. Swezea explains that Skype paid phone logs, where a user pays for a personal phone number for approximately $6.50/month, is not the same as a chat session and/or screen share session, which are available for over four years (Swezea declaration ¶ 8).  Mr. Swezea further concludes that the claimed paid call could not have been used to interface with 001 Debtorcc, Inc. to take the first class (Swezea Decl. ¶ 9).

If there was a chat session, Rosa Fridman, Alex Fridman, Leilani Caspillo and Attorney Scott Talkov have provided **no evidence** to support this, because it does not exist.  They are counting on this Court being technologically blind and will simply believe their latest fabricated story.

## VI.    <u>THE COMPANY OFFERING THE PRE-BANKRUPTCY EDUCATIONAL CLASS WILL NOT ISSUE A CERTIFICATE WHEN A COURSE IS TAKEN THROUGH A THIRD PARTY WITH THE CLIENT NOT PERSONALLY PRESENT.</u>

On October 8, 2021 Movant signed up for the pre-bankruptcy class, with the same company used by Alex Fridman for his mother, to see if it was possible to take it through a third party screen share as Rosa Fridman and her attorney now claim.  As shown at Exhibit "1" to the declaration of Karl Avetoom, the moment the issue that the customer was not present, and was watching via a screenshare, as the Fridmans now claim, Debtorcc clearly refused to continue with the educational class and issue a certificate. (Avetoom declaration ¶ 7, Exh. "3").  Clearly Alex Fridman never disclosed that he was taking the course for his mother, screen sharing or otherwise, which would have caused Debtorcc from issuing the Certificate.   Claiming this is a "fiction" is insufficient when Talkov's clients have been caught repeatedlying in the "341" meetings and their new fabricated claim also is nothing more than a fabrication to avoid their initial fraud.

Nothing about the Fridman's newly fabricated facts is even factually possible.  The FACTS clearly establish the younger son took the class for the mother while he was in Redmond, Oregon.

There is **evidence** that Rosa Fridman was not  home taking the course with either son.  There is **no** evidence that there was a screen sharing session on the date and time in question.  This is yet another fabricated story, a pure lie, when combined with the other all lies, is a blatant attempt to subvert the law and the integrity of the court system.

**VII.**  **THIS IS AN ISSUE OF STANDING, AS COURTS HOLD THAT TO BE A "DEBTOR" ONE MUST ACTUALLY TAKE THE PRE-EDUCATIONAL CLASS UNDER 109(h).**

Section 109(h) mandates that for any person to be a "debtor" in a bankruptcy, they must first take the pre-bankruptcy educational class within the 180 days prior to filing bankruptcy.[1]  Section 109 has been interpreted as a standing issue, not a jurisdictional issue for the bankruptcy court.  Although it is questionable how a bankruptcy court can provide relief from a part who does not qualify to be a "debtor" under the bankruptcy code.

The 11 U.S.C. § 109(h) pre-bankruptcy educational course compliance is "strictly" applied.  Failure to take the course <u>prevents</u> a person from being a "debtor" under Section 109 and requires the bankruptcy case be dismissed.  <u>In re Grantham</u> (Bankr. C.D. Cal. 2020) 617 B.R. 344, 347–348, citing <u>In re Gibson</u> (B.A.P. 9th Cir., Dec. 1, 2011, No. BAP CC-10-1399-PAHKI) 2011 WL 7145612; <u>In re Alvarado</u> (N.D. Cal. 2013) 496 B.R. 200, 210; <u>In re Mingueta</u>, 338 B.R. 833, 838 (Bankr. C.D. Cal. 2006).

**Dismissal is mandatory and the Court has no discretion to allow Rosa Fridman to be a debtor in this bankruptcy having failed to take the pre-bankruptcy course.**  <u>In re Grantham</u> (Bankr. C.D. Cal. 2020) 617 B.R. 344 reiterated dismissal is mandatory, strictly applying Section 109(h), citing to <u>In re Hedquist</u>, 342 B.R. 295, 300-301 (8th Cir. BAP 2006) that held "the new requirements in **section 109(h) ... are mandatory" and, therefore, bankruptcy courts "have no discretion but to dismiss the case**" when debtors fail to obtain prepetition counseling).

The Opposition cites to <u>In re Manalad</u>, 360 B.R. 288, 295 (Bankr. C.D. Cal. 2007) which does

---

[1] Section 109(h) of the bankruptcy code is clear and defines "who may be a debtor."  Section 109(h) states in relevant part *"an individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis."*

not apply to this case.  Manalad was a 2007 Chapter 13 case.  Talkov omits the law from Manalad, which held that the debtor in a Chapter 13 case was excused because he had a reasonable explanation, the debtor was advised by counsel that taking the counseling course was <u>not</u> required. Manalad at 308 [*"Debtor has a reasonable explanation. Debtor's Counsel advised him that the Credit Counseling Requirements only applied to debtors with consumer debts, while Debtor's debts were non-consumer in nature, being debts for past taxes and child support payments. Though the advice of Debtor's Counsel was erroneous, nevertheless Debtor is entitled to rely on his attorney's advice."*].  Here, Talkov does not take the position that he gave the wrong advice, e.g. not to take the course.

Rather his own exhibit and declarations state that Rosa Fridman was told to take the Course. Lastly in <u>Manalad</u>, the debtor proposed a full pay out to all creditors under a Chapter 13 plan.  Here Rosa Fridman has lied to become a debtor, to file a bankruptcy to deny payment to her creditors. Ironically claiming this is a no asset case, Talkov forgets that the chat session on February 9, 2021 with Alex Fridman admits there is over $100,000 in assets, clearly Talkov's clients informed Debtorcc that this is an asset case.

## VIII.  <u>CONCLUSION.</u>

Rosa Fridman has failed to rehabilitate her credibility, failed to establish she personally took the mandatory 109(h) course.  She is therefore not qualified to be a debtor and receive the benefits of the bankruptcy code. Based on the foregoing evidence, Movant requests this Court follow current circuit law and issue an Order:

1.  Dismissing Rosa Fridman's bankruptcy case for cause under Section 707(a),

2.  Bar refiling for two years, and

3.  Vacate the orders issued since Rosa Fridman fraudulently appeared as a debtor in this case.


*/s/ Karl Avetoom*

Dated October 14, 2021                          By:  _____

                                                          Karl Avetoom

Karl Avetoom
1100 Rutland Road # 9
Newport Beach, CA 92660
(949) 929-4787
Email kia002@att.net


Creditor and Plaintiff, In Pro Per


UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Rosa Fridman | Case No:     8:21-bk-10513-ES<br><br>Hon:  Erithe A. Smith<br><br>Chapter 7<br><br>**DECLARATION OF BRYAN SWEZEA.** |

## <u>DECLARATION OF BRYAN SWEZEA.</u>

I, Bryan Swezea, here by declare as follows:

    1.     I have personal knowledge of the following facts and if called upon to testify under oath, I could and would do so competently to the following facts.

    2.     I hold a Bachelors of Science degree in Telecommunication Technologies which incorporates Information Technologies ("IT"). I have worked in various technology fields since 1996. I have been a telecommunications and Information technology consultant for 20 years. I specialize in electronic based technologies including IP tracing, IP identification, network security, forensic analysis, data recovery, identity theft prevention, HIPAA compliance, operating systems and browser identification. I have testified in court authenticating internet communications and broadcasting.  I have also provided expert analysis of video files relating to a criminal case in Orange County Superior Court.  I have also provided IT services to multiple attorneys and their clients, related to litigation and unrelated matters.

DECLARATION OF BRYAN SWEZEA

3.      I make this Declaration in support of the Reply to Rosa Fridman's Opposition that represents Rosa Fridman's son took the pre-bankruptcy educational course (the "Course") in Oregon, while screensharing the Course via Skype with Rosa Fridman who provided the answers for the son, Alex Fridman/Alex Theory to input the responses to the Course.

4.      After reviewing the Opposition, the declarations and exhibits, and the transcripts and business records from 001 Debtorcc, Inc.  It remains my professional opinion that Rosa Fridman did not take part and/or participate in the February 9, 2021 pre-bankruptcy course.

5.      The screenshots, Exhibits "1" and "2" to the Opposition, are for the wrong website that would have been used to take the first educational pre-filing course on February 9, 2021.  There is no way for this website, www.debtoredu.com, could have been used to take the first bankruptcy pre-filing course.

6.      Exhibit "3" to the Opposition of Rosa Fridman is a 2018 Skype chat session between what is represented to be Alex Theory and Rosa Fridman.  What this proves is that the Skype accounts have records at least three years old, but neither Alex Theory or Rosa Fridman provided any evidence of a chat and/or screen sharing session for February 9, 2021 which would be present if such a screen sharing/chat session had been performed between Rosa Fridman and Alex Theory.  The specific absence of any evidence in the Opposition of a Skype interaction on February 9, 2021 leads me to the conclusion that no such record exists as no such Skype communication was made on that date.

7.      Exhibit "4" to the Opposition is an email represented to be from a member of the law firm to Alex Theory, instructing him to use the website "https://www.debtorcc.org/bankruptcy-credit-counseling-course.aspx#DebtorCC-Registration%20" to help Rosa Fridman take the first pre-filing course.  The Debtorcc.org and the debtoredu.com use two separate servers with different IP addresses.  Based upon the Opposition's evidence, and the separate URL website addresses and different server IP addresses, there is no way that Rosa Fridman used "www.debtoredu.com" on February 9, 2021 to take the pre-filing educational course as represented in the declarations of Alex Theory and Rosa Fridman and Exhibits "1" and "2".

8.      Exhibit "5" to the Opposition, as represented in Paragraph "7" of the Alex Theory declaration, is also incorrect.  Mr. Theory in my opinion is attempting to explain why there is no log of

DECLARATION OF BRYAN SWEZEA

any screen sharing on February 9, 2021 with Rosa Fridman.  The website he referenced, Exhibit "5" to

the Opposition is for paid calls which is not what happened here.  Based upon the evidence it is

impossible for Mr. Theory to have connected to the debtorcc servers to take the course using a

broadband IP address, and at the same time, make a paid call with screen sharing function, while still

on a broadband IP TDS connection.  Regardless the LG tablet reportedly used in Exhibit "1" does not

have telephone capabilities.  Additionally, any screen sharing log or any communication log for

February 9, 2021 with Mr. Theory would still be present on the LG Tablet showing time, duration and

parties connected.  I am experienced in web broadcasting including use of Skype.  It is my professional

opinion that the blog used in Exhibit "5" to the Opposition would not apply to any Skype log entry on

the LG tablet of Rosa Fridman.  The absence of any log from either the LG Tablet and/or the Apple

computer used by Mr. Theory leads me to believe that no screensharing ever took place on February 9,

2021.

9.      In addition, the existence of the TDS Communications IP address in Oregon interfacing

with Debtorcc's servers would not have been possible with a private Skype phone number, the two are

incompatible.   Additionally, the Skype phone number could not have been used to communicate with

Debtorcc's webpage and course session.  Skype also retains records in its application of all chat

sessions and screen share sessions for at least four years.  I have performed a screen sharing session

which trapped and recorded the date and time of the chat and screen sharing session in detail,

participants, time, date and duration.  None of this has been provided by Rosa Fridman and her son in

the Opposition.  Had there have been an actual screen sharing session, there would be evidence of the

session, including date, time, duration and participants stored on the Skype application on both Rosa

Fridman's LG tablet that she testified she used, and the Apple computer used by the son Alex Fridman

(aka Alex Theory).

10.      The evidence provided by Rosa Fridman in her Opposition leaves me with no other

opinion as an IT expert of over twenty years, that Rosa Fridman did not use a chat session on February

9, 2021 to take the first educational course.  Rosa Fridman's Opposition also failed to explain the

difference in four hours to take the course, which by Debtorcc's records only took nine minutes.  Also

the chat session completed in Oregon listed assets over $100,000 available to satisfy debts, where Rosa

Signature: *Bryan Swezea*
Bryan Swezea (Oct 14, 2021 01:03 PDT)

Email: bswezea@gmail.com

1    Fridman's testimony claims she has no assets and no money.  Rosa Fridman in two transcripts of what

2    appear to be "341" examinations performed by the Chapter 7 Trustee, never once mentions Alex

3    Fridman's involvement in taking the pre-filing bankruptcy course.  Rosa Fridman repeatedly claimed

4    she took the course, with Val Fridman translating for her in her Huntington Beach apartment.

5        11.       My professional opinion is that it is an impossibility for Rosa Fridman to have

6    participated in the pre-bankruptcy course based upon the reliable computer business records from 001

7    Debtorcc, Inc. which completely disprove Ms. Fridman's initial testimony of how she completed the

8    Course, and the new contradictory explanation offered in her Opposition that is both technologically

9    impossible based on the records and evidence provided in the Opposition.

10       12.       It is my professional opinion that based on all of the foregoing, Rosa Fridman's son

11   Alex Fridman aka Alex Theory, took the pre-bankruptcy educational course for his mother Rosa

12   Fridman and had access to his Rosa Frdman's email according to Rosa Fridman's testimony on August

13   31, 2021 Reporter's Transcript page 45, so he could set up the Debtorcc account and obtain the

14   certificate on behalf of his mother.

15

16       I declare under penalty of perjury under the laws of the United States of America that the

17   foregoing is true and correct.

18       Executed October 13, 2021 in Huntington Beach, California

19

20

21       By: _____

22       Bryan Swezea

Bryan Swezea

23

24

25

26

27

28

4

# Decl Bryan Swezea Reply

Final Audit Report                                                          2021-10-14

| | |
|---|---|
| Created: | 2021-10-14 |
| By: | Karl Avetoom (karl@threelionz.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAIzx5CLEg_QzCkvl5vyoYl6l1cFfTYtXi |

## "Decl Bryan Swezea Reply" History

📄 Document created by Karl Avetoom (karl@threelionz.com)
2021-10-14 - 8:02:11 AM GMT- IP address: 76.169.238.124

📧 Document emailed to Bryan Swezea (bswezea@gmail.com) for signature
2021-10-14 - 8:03:11 AM GMT

📄 Email viewed by Bryan Swezea (bswezea@gmail.com)
2021-10-14 - 8:03:19 AM GMT- IP address: 66.249.80.31

✍️ Document e-signed by Bryan Swezea (bswezea@gmail.com)
Signature Date: 2021-10-14 - 8:03:52 AM GMT - Time Source: server- IP address: 75.82.213.92

✅ Agreement completed.
2021-10-14 - 8:03:52 AM GMT

October 14, 2021



**21st Century Investigations**
**Investigations and Risk Assessment**
PI License 21688
714 244-6959
P.O. Box 3223 Costa Mesa Ca. 92628
21.detectiveagency@gmail.com

I, Barry Q. Brooks, hereby declare as follows:

1.      I am a private investigator, license number PI21688, licensed by the State of California.  I am also retired law enforcement with twenty-five years experience in investigations and surveillance.  I am also a former Senior State Bar investigator for the office of Chief Trial Counsel, California Supreme Court. I have personal knowledge of the following facts.  If called upon to testify under oath, I could and would do so competently to the following facts.

2.      I have conducted surveillance on subject Rosa Fridman relating to debt collection activities in the *Avetoom v. Fridman*, Orange County Superior Court case number 30-2010-00345490.  I was retained to perform surveillance by Mr. Avetoom to trace withdrawals from bank accounts involving Rosa Fridman and her son Val Fridman.  I met Val Fridman several years ago during a prior investigation involving his parents.

3.      During the weeks of February 1, 2021 through February 14, 2021 my company, 21st Century Investigations, had Rosa Fridman under surveillance as it was customary for Rosa Fridman and her son Val Fridman to withdraw cash from Rosa Fridman's bank account at Wells Fargo which would go unaccounted for.

4.      On or around February 9, 2021 between the hours of 11 AM to 6 PM I was performing static surveillance on Rosa Fridman's condominium located at 16542 Blackbeard Lane, Unit 304, in Huntington Beach, California.  The unit is on the third floor and is serviced by

an elevator. The static surveillance turned into mobile surveillance between the hours of 3 PM to 4:20 PM when Rosa Fridman left her condominium and visited a shopping center with a Jon's marketplace located on Goldenwest Street in Westminster, CA. Rosa Fridman was driven by a male, approximately mid 50s, dark hair, believed to be her older son, Val Fridman.

5.      Our surveillance ended upon Rosa Fridman's return to her condominium at approximately 4:20 PM. Rosa Fridman entered her residence and remained there until our surveillance session ended at approximately 6 pm.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed October 13, 2021 in Costa Mesa, CA.       By

### DECLARATION OF KARL AVETOOM

I, Karl Avetoom, hereby declare as follows:

1.      I am the moving party and creditor for this Motion to Dismiss based upon Rosa Fridman's failure to personally take the pre-bankruptcy educational course.  I have personal knowledge of the following facts and if called upon to testify under oath, I could and would do so to the following facts.

2.      On or around August 31, 2021 Rosa Fridman testified that her son Val Fridman translated for her while Rosa Fridman took the first educational class.

3.      I obtained the business records of 001 Debtorcc, Inc. who administers the first course.  The IP address was captured in Redmond, Oregon.

4.      I have received the Opposition which now claims Alex Fridman took the class on his Apple laptop, while screensharing with his mother who used an LG Tablet.

5.      On or around October 8, 2021 I spoke to 001 Debtorcc, Inc. who informed me I could take the course to see how long and how the course works.

6.      On or around October 8, 2021 I signed up for the first educational class.  I answered all of the questions as fast as possible, not requiring a translator as Rosa Fridman claims to have used.  It took me approximately 30 minutes to take the first course and I did not even finish, contrary to Rosa Fridman's records showing nine minutes.

7.      During the final "chat session" I disclosed that the Course was being conducted by screen sharing and the answers were being remotely provided.  The company, 001 Debtorcc, Inc. immediately stopped the course because the course was not being personally taken. They did not allow for screen sharing.  I called the company who confirmed this is their policy.  Attached to my declaration as **Exhibit "1"** is a true and correct copy of my educational course chat session which was ended when I stated that the course was being taken remotely via screen share.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Executed October 14, 2021 in Newport Beach, CA.    By:     _/s/ Karl Avetoom_____

                                                        Karl Avetoom

**DECLARATION OF KARL AVETOOM**

*Exhibit "1"*

DebtorCC.org

https://v2.zopim.com/widget/livechat.html?api_calls=[]&hostname=debtorcc.org&key=2PX5R2JpWuoz7IOMtuFdIAznpU7jix7x&lang=en&

**DebtorCC.org**

**Anabel**
Customer support

**Anabel**
What is this for? Credit card, personal loan, medical, a bill etc?

**KARL AVETOOM**
Personal injury jury award

**Anabel**
This is a debt someone owes you or what you owe them?

**KARL AVETOOM**
Karl owes them.  I am not Karl but I am telling him about the counseling by chat, he's in another state right now.

**Anabel**
Understand, however unfortunately being this account is under Karl's name we will need them to be present for the final briefing and the course. Please call in order to proceed. A three way is okay if necessary .

1 (800) 610-3920  ext 3.

**KARL AVETOOM**
So I can't just do a screen share with him and he can tell me what to say to you?

**Anabel**
Unfortunately, they have to be presently speaking to us. The only way someone else can take the course for an individual is with a Power of Attorney that must be emailed to us.

*Type your message here*

Options                                                                                       zendesk

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

OPR 7451 Warner Ave #E191 Huntington Beach, CA 92647 Reg'd Process Server # 3050

A true and correct copy of the foregoing document entitled CREDITOR KARL AVETOOM'S REPLY TO DEBTOR ROSA FRIDMAN'S OPPOSITON TO MOTION TO DISMISS will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 22, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Karl T Anderson (TR) 2edansie@gmail.com, kanderson@ecf.axosfs.com;  Michael J Hauser michael.hauser@usdoj.gov; Melissa Davis Lowe mlowe@shulmanbastian.com, avernon@shulmanbastian.com;  Charles L Murray cmurray@cm3law.com, cm3esquire@gmail.com; Scott Talkov scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com; United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 14, 2021 | Sal W. Hanna | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.