Karl Avetoom
1100 Rutland Road # 9
Newport Beach, CA 92660
(949) 929-4787
Email kia002@att.net

Creditor and Plaintiff, In Pro Per

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Rosa Fridman | Case No:    8:21-bk-10513-ES<br><br>Hon:  Erithe A. Smith<br><br>Chapter 7<br><br>**CREDITOR KARL AVETOOM'S SUPPLEMENT TO OBJECTION AND AFFIRMATIVE DEFENSES TO ROSA FRIDMAN'S CLAIMED HOMESTEAD EXEMPTION.**<br><br>Continued Hearing Info:<br>Date:        February 10, 2022<br>Time:        2:00 P.M.<br>Location:   Virtual Hearing via Zoom.gov |

**TO THE HONORABLE ERITHE A. SMITH, FEDERAL BANKRUPTCY JUDGE, TO ROSA FRIDMAN AND HER ATTORNEY OF RECORD, AND TO ALL INTERESTED PARTIES:**

PLEASE TAKE NOTICE that on February 10, at 2:00 p.m., in Courtroom 5A in the above-entitled Court located at 411 W. Fourth Street, Santa Ana, California, the Court will conduct a hearing on the Objection to Debtor's Claimed Homestead Exemptions ("Objection") filed by Karl Avetoom, in his capacity as a Creditor ("Creditor") of the bankruptcy estate of Rosa Fridman ("Debtor"). *Hearing to be conducted remotely via Zoom.gov Supplemental Notice attached.*

This Objection is based upon the Notice of Objection and Objection to the Debtor's Claimed Homestead Exemptions; Memorandum of Points and Authorities; the Declaration of Karl Avetoom,

i

1  Declaration of Mr. Jay Bhatt of 001 Debtorcc, Inc. and Mr. Bryan Swezea; the pleadings and

2  documents filed in this case, and upon such further oral and documentary evidence as may be

3  presented prior to or at the time of the hearing.

4      PLEASE TAKE FURTHER NOTICE that any opposition or other responsive pleadings must

5  be in the form as required by Local Bankruptcy Rules 9013-1 and filed with the Clerk of the above-

6  entitled Court no later than fourteen days (14) prior to the hearing with a copy served on Karl Avetoom

7  at the address indicated above. A copy must also be served on the Office of the United States Trustee,

8  411 West Fourth Street, Suite 7160, Santa Ana, California 92701. Failure to timely respond may be

9  deemed as acceptance of the relief requested. *See* Local Bankruptcy Rule 9013-1(f).

10

11

12  Dated January 20, 2022                    By:    */s/ Karl Avetoom.*

13                                                  Karl Avetoom, Creditor and Movant

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPPLEMENT TO OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Karl Avetoom<br>1100 Rutland Road #9<br>Newport Beach, CA 92660<br>(949) 929-4787<br>eMail: kia002@att.net<br><br>☐ *Attorney for Movant*<br>☒ *Movant appearing without an attorney* | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

</div>

| In re:<br><br>ROSA FRIDMAN<br><br><div align="center">Debtor(s)</div> | CASE NO.: 8:21-bk-10513-ES<br><br>CHAPTER: 7 |
|---|---|
| | <div align="center">**SUPPLEMENTAL NOTICE OF HEARING TO BE HELD REMOTELY USING ZOOMGOV AUDIO AND VIDEO**</div> |
| | HEARING DATE: FEBRUARY 10, 2022<br>HEARING TIME:  2:00 P.M.<br>*Related to Doc. 93*<br>*Zoom information was unavailable at the time the original objection was filed due to Covid court issue.* |
| **Movant:**  Karl Avetoom | |

1. The Movant has filed the following written notice or other pleading ("Notice") advising of a hearing to be held in the above-captioned case, on the date and time indicated above, before the Honorable Erithe A. Smith, United States Bankruptcy Judge *(insert name of pleading and, if available, docket number)*:

> Plaintiff's Objections and Affirmative Defenses to Debtor's claimed Exemption (Doc 93).  Creditor Karl Avetoom's Supplement To Objection And Affirmative Defenses To Rosa Fridman's Claimed Homestead Exemption.

2. **Please be advised that because of the COVID-19 pandemic, the Court will conduct the hearing using ZoomGov audio and video technology.** Information on how to participate in the hearing using ZoomGov is provided on the following page of this notice.

3. Hearing participants and members of the public may participate in and/or observe the hearing using ZoomGov, free of charge.

4. Individuals may connect by ZoomGov audio and video using a personal computer (equipped with camera, microphone and speaker), or a handheld mobile device with an integrated camera, microphone and speaker (such as an iPhone, iPad, Android phone or Android tablet).  The connection can be initiated by entering the "Meeting URL" into a web browser on any of these devices, provided the device is connected to the Internet.  Individuals connecting in this manner will be prompted for the Meeting ID and Password shown below.

5. Individuals also may connect to the hearing by telephone only, using the telephone number provided below.  Individuals connecting in this manner also will be prompted for the Meeting ID and Password.

6. Neither a Zoom nor a ZoomGov account is necessary to participate in or observe the hearing, and no pre-registration is required.

7. The audio portion of the hearing will be recorded electronically by the Court and constitute its official record.

8. All persons are strictly prohibited from making any other recording of court proceedings, whether by video, audio, "screenshot," or otherwise. Violation of this prohibition may result in the imposition of monetary and non-monetary sanctions.

9. The following is the unique ZoomGov connection information for the above-referenced hearing:

> Meeting URL: https://cacb.zoomgov.com/j/1603317847
> Meeting ID: 160 331 7847
> Password: 690988
> Telephone conference lines: 1 (669) 254 5252 or 1 (646) 828 7666

10. More information on using ZoomGov to participate in this hearing is available on the Court's website at the following web address: https://www.cacb.uscourts.gov/news/zoom-video-hearing-guide-and-training-participants

.

Date: January 20, 2022

_____
Printed name of law firm (if applicable)


Karl Avetoom
_____
Printed name of individual Movant or attorney for Movant

## MEMORANDUM

### I. <u>OBJECTION TO EXEMPTIONS</u>

Creditor objects to the Homestead Exemption on additional basis.

As a matter of law Rosa Fridman can obtain any declared homestead exemption that give her any benefit in the bankruptcy context of a "forced sale."

### II. <u>THE EXEMPTION MUST BE DENIED OR REDUCED PURSUANT TO 9TH CIRCUIT LAW.</u>

The 9th Circuit law of *In re Jacobsen,* 676 F.3d 1193 (9th Cir. 2012) and *In re Anderson* (BAP 9th Cir. 2020), as well as SCOTUS law requires the Bankruptcy Court evaluate the entirety of the state's full exemption law, to determine the "value" of the claimed exemption. The 9th Circuit law of *Jacobsen* controls.

The Ninth Circuit has held that if debtors exempt a homestead under a state statute, they must comply with the entire statute; they cannot choose favorable provisions and discard unfavorable ones. *See generally Golden*, 789 F.2d at 700-01. Put differently, "When a debtor elects to avail himself of the exemptions the state provides, he agrees to take the fat with the lean ...." *Zibman v. Tow (In re Zibman)*, 268 F.3d 298, 304 (5th Cir. 2001). This rule is illustrated in two Ninth Circuit cases that ultimately control: *England v. Golden (In re Golden)*, 789 F.2d 698 (9th Cir. 1986), and *Wolfe v. Jacobson (In re Jacobson)*, 676 F.3d 1193 (9th Cir. 2012).

Debtor has filed a declared homestead (ECF Case 8:21-bk-10513-ES Doc 27, Pg. 26 ¶ 4, and ECF Doc. 19 *Notice of Errata*). Under the declared homestead California law, since there were liens in place *before* the January 1, 2021 increase in the homestead value, Debtor is subject to a statutory limitation under C.C.P. § 704.965. By statute Debtor is not subject to the increased value she now claims. Under *Jacobsen*, she must take the bad with the good, which includes the restriction to value of her exemption back to the date of her first recorded lien (C.C.P. § 703.050).

The Court is bound by the controlling 9th Circuit law from *Jacobsen* which requires application of the entire California homestead act, including any restriction to the valuation of the homestead under California law. This would reduce the amount of the homestead to approximately $146,450 the

amount of her homestead as determined by this Court in the Debtor's prior bankruptcy case (8:12-bk-11721-ES, Doc. 230).  Under the Supreme Court law <u>Law v. Siegel</u> 571 U.S. 415 (2014) a bankruptcy court may deny an exemption based on state based equitable defenses.  "It is of course true that when a debtor claims a state-created exemption, the exemption's scope is determined by state law, **which may provide that certain types of debtor misconduct warrant denial of the exemption**." <u>Law</u>, 134 S. Ct. at 1196–97.

### III.  AFFRIRMATIVE EQUITABLE DEFENSES UNDER STATE LAW.

<u>Law v. Siegel</u> 571 U.S. 415 (2014) makes clear that section 105(a) is not the only basis for denial of a homestead exemption. Where, as here, a debtor claims a state-created exemption, the scope of the exemption – and any basis for denial of the exemption – must be found in state law. "It is of course true that when a debtor claims a state-created exemption, the exemption's scope is determined by state law, **which may provide that certain types of debtor misconduct warrant denial of the exemption**." <u>Law</u>, 134 S. Ct. at 1196–97. *Emphasis added.*

The Ninth Circuit Bankruptcy Appellate Panel has also held that after <u>Law v. Siegel</u>, bankruptcy courts must look to state law and not section 105(a) in determining whether there is a basis to disallow an exemption. <u>In re Gray</u>, 523 B.R. 170, 175 (9th Cir. BAP 2014). The Gray case is instructive.  See also <u>In re Gilman</u> (9th Cir. 2018) 887 F.3d 956, 966 (allowing a bankruptcy court to apply state based equitable defenses against a state based exemption).

As the Supreme Court, the Ninth Circuit and Ninth Circuit Bankruptcy Appellate Panel have instructed, this court can apply California state law to determine whether the Debtor's homestead exemption may be disallowed based on the equitable doctrines asserted by the Creditor. The exemption should be disallowed if, in an action in California state court to seize property claimed as exempt, there would be a basis in California law to disallow the claimed exemption on equitable grounds.

### <u>FIRST AFFIRMATIVE DEFENSE OF UNCLEAN HANDS.</u>

To supplement the First Affirmative Defense, Rosa Fridman should be denied her state based exemption under the doctrine of unclean hands for the additional reason that the Debtor has admittedly acted with intent to hinder, delay and/or defraud her creditors, by concealing and failing to account for

nearly $160,000 in cash personally withdrawn from her bank accounts on the eve of filing bankruptcy. See Exhibits, "1" *Trustee's Complaint,* Exhibit "2", *Debtor's Stipulation* and Exhibit "3" to Avetoom declaration, Judgment denying discharge.  These monies remain unaccounted for and deprived creditors of recovery in the Debtor's 2012 related bankruptcy.

During Debtor's pre-bankruptcy educational course, the Debtor admitted under oath to having $113,500.15 of assets that could be used to pay creditors (Filed Objection Doc. 93, Declaration of Custodian of Records and attorney Jay Bhatt of Debtor CC, Inc., page 134).  Yet Debtor refuses to pay her creditors, representing she has no assets.

Debtor has been held in Contempt numerous times for violating court orders relating to avoiding payment to Creditor.  See Exhibits "4".  The State Court has held Debtor and her former co-debtor in contempt for refusing to produce financial information, including making findings of fact that Debtor had engaged in conduct to hinder, delay and/or defraud creditor.

Under *Law v. Siegel* a state based exemption can be disallowed by state based equitable defenses.   Under *Jacobsen,* the bankruptcy Court must defer to the State's interest in balancing the rights of creditors and debtors.  Here Debtor has done everything to conceal and defraud creditors. Debtor represents her only asset is her home.  This Court must determine the valuation of Debtor's homestead exemption under 9th Circuit law of *Jacobsen,* and *9th Cir. BAP* case of *In re Anderson,* in determining the "snapshot" rule of exemptions.  Accordingly the amount of the exemption can be taxed to a lower amount. Under the declared homestead act used by Debtor, she is precluded from receiving a full $600,000 increased valuation.  She may only receive the lower amount of $146,450 from her prior surcharged homestead, as Debtor admits there were liens in place *before* the amendment to the bankruptcy value.  See C.C.P. § 704.965.

Moreover under *Law v. Siegel* the Supreme Court of the United States has ruled that using state based equitable defenses, a bankruptcy court may reduce or completely deny the exemption.

After some ten years of concealment and fighting collections, discovery violations, sanctions, etc, etc, that continue to this day, Creditors will likely have to look to any sale proceeds of the Debtor's home.  Accordingly, denying the state based homestead exemption for Debtor's admitted fraud, and

1 refusal to comply with financial discovery in her 2012 bankruptcy case and her state court collection

2 proceedings, warrants denial of her exemption.

3 <u>**SECOND AFFIRMATIVE DEFENSE OF EQUITABLE ESTOPPEL.**</u>

4 In addition, estoppel also applies as by Debtor's own admission Creditor has not sought judicial

5 foreclosure, upon Debtor's representation that the property would be used to satisfy her debts, in

6 accordance with her own Trust directives, Creditors should not be denied recovery because they gave

7 the benefit of not previously seeking foreclosure under the promise that the property would pass to the

8 Creditor as payment towards Debtor's outstanding balance.  Had Creditor known that Debtor would

9 reject her promise, Creditor would have pursued judicial foreclosure years ago rather than set down

10 what this Court has urged.  Indeed, every single promise and settlement has been breached by the

11 Debtor.  This Court can do equity and invoke both unclean hands and/or estoppel to deny the

12 exemption.

13 The concept of estoppel is now codified in California Evidence Code section 623. "Whenever a

14 party has, by his own statement or conduct, intentionally and deliberately led another to believe a

15 particular thing true and to act upon such belief, he is not, in any litigation arising out of such

16 statement or conduct, permitted to contradict it." Cal. Evid. Code § 623. Code recognizes the concept

17 of estoppel—"[n]othing in this chapter abrogates or otherwise affects the principles of waiver and

18 estoppel." Cal. Civ. Proc. Code   583.140.

19 To invoke equitable estoppel under California law, a party must show: "(a) a representation or

20 concealment of material facts; (b) made with knowledge, actual or virtual, of the facts; (c) to a party

21 ignorant, actually and permissibly, of the truth; (d) with the intention, actual or virtual, that the

22 ignorant party act on it; and (e) that party was induced to act on it." <u>Simmons v. Ghaderi</u>, 44 Cal. 4th

23 570, 584 (Cal. 2008) (referencing 13 Witkin, Summary of Cal. Law, Equity, 191, pp. 527–528 (10th

24 ed. 2005).  Here Rosa Fridman planned on filing bankruptcy as far back as July 2019 concealing this

25 fact while entering into a Settlement Agreement on July 9, 2019 and a contract to form a consensual

26 lien on October 3, 2019.  Rosa Fridman signed up for a bankruptcy class in July 2019 establishing her

27 intent to use bankruptcy to avoid the Settlement Agreement and consensual lien.  Rosa Fridman did not

28 disclose her intent to induce the reliance of Creditor, to enter into a Settlement Agreement now worth

nothing and a contractual lien she now claims she never agreed to.  Movant acted upon Rosa Fridman's

statements for the Settlement Agreement that expressly agreed to the recordation of a judgment which

Rosa Fridman and this Court holds was a lien against her real property of Blackbeard Lane.  Movant

agreed to dismiss the fraudulent transfer claims against Rosa Fridman in exchange for this empty

Settlement Agreement, a contract under California law.  In addition, Creditor did not initiate any

foreclosure proceedings against Rosa Fridman, allowing her to reside in her property as part of the

October 3, 2019 Contract.  Had Creditor known of Rosa Fridman and her insiders true intention,

Creditor would never have entered into the 2019 Settlement Agreement or October 2019 Settlement

Contract and would have initiated foreclosure proceedings to collect on his 2011 state court judgment.

### THIRD AFFIRMATIVE DEFENSE OF FRAUD

"Promissory fraud" is a subspecies of the action for fraud and deceit. A promise to do

something necessarily implies the intention to perform; hence, where a promise is made without such

intention, there is an implied misrepresentation of fact that may be actionable fraud.  In such cases, the

plaintiff's claim does not depend upon whether the defendant's promise is ultimately enforceable as a

contract. "If it is enforceable, the [plaintiff] ... has a cause of action in tort as an alternative at least, and

perhaps in some instances in addition to his cause of action on the contract." (Rest.2d Torts, § 530,

subd. (1), com. c, p. 65, cited with approval in Tenzer v. Superscope (1985) 39 Cal.3d 18, 29, 216

Cal.Rptr. 130, 702 P.2d 212.).  See Lazar v. Superior Court (1996) 12 Cal.4th 631, 638.  Here Rosa

Fridman promised to perform under the terms of the Settlement Agreement which included creation of

a judgment to be recorded in the County Recorder's Office, in exchange for a dismissal in the 2015

fraudulent transfer case against her.  After the judgment was recorded, Rosa Fridman engaged her plan

to use bankruptcy to void the effects of the Settlement.  In essence, Rosa Fridman promised to perform,

with no intent on performing as she had already anticipated filing bankruptcy.  As this Court explained

in September 2021 rejecting Rosa Fridman's claim of waiver, novation and substitution, the 2020

judgment gives Creditor no consideration.

Rosa Fridman as part of the July 2019 Settlement Agreement, a contract under California law

agreed under oath to the recording of a judgment against her property.  At that time, Rosa Fridman had

signed up for bankruptcy class, not disclosing that she would later use bankruptcy to claim the agreed

upon creation of a judgment and its recordation as part of the Settlement would be claimed as an involuntary lien and avoided in a bankruptcy case.  Less than three months after the agreed upon recordation of the Judgment, Rosa Fridman, assisted by her two sons, immediately filed for bankruptcy and unwound the benefit of the Settlement Agreement.  Rosa Fridman made false representations agreeing to the recording of a judgment and then used her concealed intent to use bankruptcy to void the Settlement Agreement.  As this bankruptcy court agreed in September 2021, the 2020 Judgment gives nothing to Creditor.  Put another way, Rosa Fridman concealed her intent to file for bankruptcy during the Settlement, she had already signed up for a bankruptcy educational class establishing knowledge of her intent to use bankruptcy to void the Settlement.  Rosa Fridman concealed her intent to induce Creditor to dismiss the fraudulent transfer case against her.  Creditor justifiably relied on the Settlement Agreement entered on the record by Rosa Fridman, under oath.  The Settlement Agreement resulted in an anticipated judgment in exchange for a dismissal of liability against Rosa Fridman. Creditor was harmed by Rosa Fridman's conduct in dismissing a fraudulent transfer liability case which is non-dischargeable under bankruptcy law.

As iterated by Judge Howard in 2021, Rosa Fridman's conduct will lead to additional litigation as a result of the now disputed Settlement.

## IV.  <u>CONCLUSION.</u>

Based upon the foregoing supplemental objection and state based affirmative defenses, this Court on equity should:

       1. Sustain this Objection; and

       2. Disallow the Real Property Schedule "C" Exemption in its entirety; or

       3. Set an evidentiary hearing on Creditor's affirmative defenses, and

       4. For such other and further relief as the Court deems just and proper.


Dated: January 20, 2022          By:    */s/ Karl Avetoom*

                                   Karl Avetoom, Creditor and Moving party.

## DECLARATION OF KARL AVETOOM

I, Karl Avetoom, hereby declare as follows:

1.      I am a creditor in the above entitled bankruptcy case of Rosa Fridman and Plaintiff and Judgment creditor in the State cases.  I have personal knowledge of the following facts and if called upon to testify under oath, I could and would do so competently.

2.      I make this declaration in support of my supplement to my objection to Rosa Fridman's claimed homestead exemption.

3.      Attached to my declaration as **Exhibit "1"** is a true and correct copy of the Chapter 7 Trustee's adversary "727" complaint filed in the Debtor's prior bankruptcy case, 8:12-bk-11721-ES.

4.      Attached to my declaration as **Exhibit "2"** is a true and correct copy of the Stipulation signed by the Debtor admitting to the allegations in the Trustee's "727" Complaint.

5.      Attached to my declaration as **Exhibit "3"** is a true and correct copy of the judgment denying discharge of Debtor under 11 U.S.C. § 727(a)(2), (4) and (5).

6.      Attached to my declaration as Exhibit "4" is a true and correct copy of State Court contempt orders against Debtor and her former co-debtor.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed January 20, 2022 in Newport Beach, Ca.

By:    */s/ Karl Avetoom*

_____

Karl Avetoom

SUPPLEMENT TO OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "1"

SUPPLEMENT TO OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

1  TODD A. FREALY (SBN 198780)
   JULIET Y. OH (SBN 211414)
2  LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
   10250 Constellation Boulevard, Suite 1700
3  Los Angeles, California 90067
   Telephone: (310) 229-1234
4  Facsimile: (310) 229-1244
   Email: taf@lnbyb.com; jyo@lnbyb.com
5

6  Attorneys for Karl Anderson, Chapter 7 Trustee

7

8              UNITED STATES BANKRUPTCY COURT
9              CENTRAL DISTRICT OF CALIFORNIA
                      SANTA ANA DIVISION
10

11

12  In re                          ) Case No. 8:12-bk-11721-ES
                                    )
13  MOISEY O. FRIDMAN and ROSA A.   ) Chapter 7
    FRIDMAN,                        )
14                                  )
            Debtors.                )
15  _____  )
                                    )
16                                  ) Adv. No. 8:13-ap _____-ES
    KARL ANDERSON, Chapter 7 Trustee, )
17                                  ) **COMPLAINT AGAINST DEBTORS**
            Plaintiff,              ) **MOISEY O. FRIDMAN AND ROSA**
18                                  ) **A. FRIDMAN FOR DENIAL OF**
    vs.                             ) **DISCHARGE**
19                                  )
    MOISEY O. FRIDMAN and ROSA A.   ) Date:   [To Be Set By Summons]
20  FRIDMAN,                        ) Time:
                                    ) Place:  Courtroom "5A"
21          Defendants.             )         411 West Fourth Street
22  _____  )         Santa Ana, California

23  **TO THE HONORABLE ERITHE SMITH, UNITED STATES BANKRUPTCY JUDGE:**

24          Plaintiff Karl Anderson, Chapter 7 trustee (the "Trustee" or "Plaintiff") for the bankruptcy

25  estate of Moisey O. Fridman and Rosa A. Fridman, respectfully alleges as follows:

26  ///

27  ///

28  ///

## JURISDICTIONAL ALLEGATIONS

1.      This Court has jurisdiction over this adversary proceeding by virtue of 28 U.S.C.

§§ 151, 157 and 1334; 11 U.S.C. §§ 105 and 727, and the Local Rules of the United States

Bankruptcy Court and the United States District Court for the Central District of California.

2.      Venue is proper in this Court under 28 U.S.C. § 1409 because this adversary

proceeding arises under and in connection with a case filed under Title 11 which is pending in

this district.

3.      This action is a core proceeding under 28 U.S.C. § 157(b).

4.      This action is timely because the Court entered an order on May 16, 2013

extending the time for the Trustee or the United States Trustee to file a complaint objecting to the

Debtors' discharge through and including July 31, 2013.

## GENERAL ALLEGATIONS

5.      On or about February 18, 2010, Karl Avetoom filed a complaint against Moisey

Fridman and Rosa Fridman, the debtors herein (collectively, the "Debtors"), for abuse of

process, civil harassment, intentional infliction of emotional distress, and civil conspiracy (the

"Avetoom Action").

6.      A trial commenced in the Avetoom Action on or about October 18, 2011. The jury

returned a verdict against the Debtors and in favor of Mr. Avetoom on or about October 25, 2011

and awarded damages against the Debtors in the total amount $1,000,000. Mr. Avetoom's

proposed judgment was lodged on or about November 2, 2011 and was signed and entered by

the court on or about November 18, 2011 (the "Avetoom Judgment").

7.      On or about November 9, 2011, Mr. Avetoom filed an ex parte application

pursuant to California Code of Civil Procedure Section 527 for a temporary restraining order

and/or a preliminary injunction restraining the Debtors from assigning assets. Plaintiff is

2

AE  000185

informed and believes that the court issued a temporary restraining order and a preliminary

injunction against the Debtors restraining them from assigning assets or utilizing their home

equity line of credit from November 9, 2011 through January 23, 2012. Plaintiff is further

informed and believes that the restraining order and preliminary injunction terminated on

January 23, 2012.

8.      On February 10, 2012, the Debtors commenced a Chapter 13 bankruptcy case by

filing a voluntary petition for relief under the Bankruptcy Code (the "Petition Date").

9.      On May 24, 2012, the Debtors filed a Notice of Conversion of Bankruptcy Case

From Chapter 13 to Chapter 7.

10.     Thereafter, Karl T. Anderson became the duly appointed Chapter 7 Trustee (the

"Trustee") of the Debtors' bankruptcy estate (the "Estate"). A Notice of Appointment of Trustee

and Fixing of Bond; Acceptance of Appointment As Trustee was filed with the Court on July 11,

2012.

11.     Karl Anderson, is the duly-appointed, qualified and acting Chapter 7 Trustee in

this bankruptcy case and is the Plaintiff herein.

12.     The Debtors filed their Schedules and Statement of Financial Affairs on February

24, 2012.

13.     In the Debtors' Schedule B filed on February 24, 2012, the Debtors disclosed that

they owned 3 bank accounts: 1 checking account with Union Bank; 1 savings account with

Union Bank; 1 account with U.S. Bank.

14.     The Debtors also disclosed in their Schedule B filed on February 24, 2012 that

they owned Individual Retirement Accounts with Fidelity Investments and "West Bank".

15.     Question 3 of the Debtors' Statement of Financial Affairs states: "a. Individual or

joint debtor(s) with primarily consumer debts. List all payments on loans, installment purchases

3

AE  000186

of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600." In response to this question the Debtors checked the box which stated "None".

16.     Question 7 of the Debtors' Statement of Financial Affairs states: "List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable organizations aggregating less than $100 per recipient". In response to this question the Debtors checked the box which stated "None".

17.     Question 10 of the Debtors' Statement of Financial Affairs states: "List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case". In response to this question the Debtors checked the box which stated "None".

18.     Question 11 of the Debtors' Statement of Financial Affairs states: "List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions". In response to this question the Debtors checked the box which stated "None".

19.     Question 12 of the Debtors' Statement of Financial Affairs states: "List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other

4

AE  000187

valuables within one year immediately preceding the commencement of this case". In response

to this question the Debtors checked the box which stated "None".

20.     On May 18, 2012, the Debtors filed an Amended Statement of Financial Affairs.

The Debtors' answers to Questions 3, 7, 11 and 12 in their Amended Statement of Financial

Affairs were "None". The Debtors changed their answer to Question 10 to disclose the transfer

of an interest in a judgment obtained against Beach Crest HOA to their attorney, Robert

Risborough. However, their response to Question 10 did not disclose any other transfers.

21.     On July 6, 2012, the Debtors filed Amended Schedules B and C. In their Amended

Schedules, the Debtors' disclosed that they owned 3 bank accounts: 1 checking account with

Union Bank; 1 savings account with Union Bank; 1 account with U.S. Bank. The Debtors'

Amended Schedules B and C also disclosed ownership of their IRA accounts with Fidelity

Investments and "West Bank".

22.     On May 23, 2011, the Debtors actually owned 3 accounts with U.S. Bank,

including a Silver Elite Checking account number ending 9978, Standard Savings account

number ending 1368 and an Elite Money Market account number ending 2480. As of May 23,

2011, the account balance in their Elite Money Market account number ending 2480 was

$2,500.17.

23.     Thereafter, the Debtors closed their Elite Money Market account number ending

2480. The Debtors testified during their meeting of creditors on July 18, 2013 that they closed

this account because U.S. Bank raised the minimum balance on their money market account to

$10,000. The Debtors' statement dated June 22, 2011 reflects that the balance in their Elite

Money Market account number ending 2480 was $0.

24.     On the Petition Date, the Debtors owned the real property located at 1100 Rutland

Road, #7, Newport Beach, CA 92660 (the "Property"). In September 2011, the only lien which

AE 000188

encumbered the Property was a home equity line of credit from Union Bank, N.A. with account number ending 2182. On September 2, 2011, the unpaid balance owed by the Debtors pursuant to the equity line was $14,959.69.

25.    On September 15, 2011, Debtor Moisey Fridman wrote Check No. 102 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $5,000.00. The Debtors also made a payment to Union Bank in the amount of $200 and interest was charged in the amount of $39.12. The Debtors' balance owed to Union Bank for this home equity line of credit on October 1, 2011 was $19,798.81.

26.    On November 2, 2011, the balance owed on the Debtors' home equity line of credit with Union Bank was $19,593.81.

27.    On November 7, 2011, debtor Moisey Fridman wrote Check No. 103 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $9,800.00. Plaintiff is informed and believes that the Debtors cashed this check.

28.    On November 8, 2011, debtor Moisey Fridman wrote Check No. 104 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $14,515.00. Plaintiff is informed and believes that the Debtors cashed this check.

29.    On November 9, 2011, debtor Rosa Fridman wrote Check No. 105 from the Union Bank equity line account number ending 2182 payable to Rosa Fridman in the amount of $10,000.00. Plaintiff is informed and believes that the Debtors cashed this check.

30.    On November 10, 2011, debtor Moisey Fridman wrote Check No. 106 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $8,000.00. Plaintiff is informed and believes that the Debtors cashed this check.

6

AE 000189

31.     On November 10, 2011, debtor Rosa Fridman wrote Check No. 107 from the Union Bank equity line account number ending 2182 payable to Rosa Fridman in the amount of $6,000. Plaintiff is informed and believes that the Debtors cashed this check.

32.     The checks written by the Debtors to themselves against their equity line account number ending 2182 from November 7, 2011 through November 10, 2011 totaled $48,315. The balance owing on their equity line on December 1, 2011 was $68,966.71.

33.     The balance owing on the Debtors' equity line account number ending 2182 on January 1, 2012 was $69,675.96.

34.     On January 24, 2012, debtor Moisey Fridman wrote Check No. 109 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $3,000.00. Plaintiff is informed and believes that the Debtors cashed this check.

35.     On January 24, 2012, debtor Moisey Fridman wrote Check No. 116 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $10,000.00. The check indicates it was for Morris & Stone LLP, who was the firm handling the Debtors' appeal from the judgment obtained against them in the Avetoom Action. Plaintiff is informed and believes that the Debtors obtained a cashier's check with the funds and delivered the cashier's check to Aaron Morris.

36.     On January 24, 2012, debtor Moisey Fridman wrote Check No. 117 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $15,000.00. The check indicates that it was for an IRA 60-day rollover return. The Debtors obtained a cashier's check with these funds and deposited the cashier's check into their IRA account with Fidelity Investments.

7

AE  000190

37.     On January 24, 2012, debtor Moisey Fridman wrote Check No. 118 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $9,950.00. Plaintiff is informed and believes that the Debtors cashed this check.

38.     On January 24, 2012, debtor Moisey Fridman wrote Check No. 120 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $1,750.00.

39.     The checks written by the Debtors to themselves against their equity line account number ending 2182 on January 24, 2012 totaled $39,700.00. The balance owing on their equity line on February 1, 2012 was $114,023.61.

40.     On February 3, 2012, debtor Moisey Fridman wrote Check No. 122 from the Union Bank equity line account number ending 2182 payable to Moisey Fridman in the amount of $3,500.00. Plaintiff is informed and believes that the Debtors cashed this check.

41.     On March 1, 2012, the balance owing on the Debtors' Union Bank equity lien account number ending 2182 was $120,818.15.

42.     On February 8, 2011, the Debtors opened a Certificate of Deposit with One West Bank with a deposit of $30,000. The CD had a 60 month term at 2.469% interest and was identified by account number ending 1268.

43.     On November 3, 2011, the Debtors closed their CD with One West Bank and withdrew all of the available funds. The Debtors paid a $600 early termination penalty and received the sum of $29,948.79. On November 3, 2011, the Debtors received this sum in the form of a cashier's check in the amount of $20,000 and $9,948.79 in cash.

44.     On June 8, 2011, the Debtors opened a safe deposit box with Union Bank. The Debtors testified during their meeting of creditors that they still own that safe deposit box as of July 18, 2013.

8

AE   000191

45.    The Trustee examined the Debtors at the continued §341(a) meeting of creditors on October 4, 2012 and again on July 18, 2013.  During the examination, the Debtors testified under penalty of perjury that: (a) they signed their petition, schedules, statements and related documents; (b) they read their bankruptcy papers carefully before signing; (c) they had personal knowledge of the information contained in their bankruptcy papers and that information was true and correct; (d) they listed all of their assets and creditors in their bankruptcy schedules; and (e) there were not any mistakes in their bankruptcy papers other than had been corrected in their amended schedules.

46.    However, in their bankruptcy schedules and statements of financial affairs signed under penalty of perjury and filed with the Court, the Debtors failed to disclose assets and valuable information which would leave to the discovery of assets.

47.    In response to Question 11 of their original Statement of Financial Affairs filed on February 24, 2012 and their Amended Statement of Financial Affairs filed on May 18, 2012, the Debtors failed to disclose that they closed their Money Market Account with U.S. Bank and withdrew the sum of $2,500 in May 2011.

48.    The Debtors failed to disclose that on the Petition Date, they owned two accounts with U.S. Bank.

49.    In response to Question 11 of their original Statement of Financial Affairs filed on February 24, 2012 and their Amended Statement of Financial Affairs filed on May 18, 2012, the Debtors failed to disclose that on November 3, 2011 they closed their CD with One West Bank and withdrew the sum of $29,948.79.

50.    In response to Question 12 of their original Statement of Financial Affairs filed on February 24, 2012 and their Amended Statement of Financial Affairs filed on May 18, 2012, the Debtors failed to disclose that they owned a safe deposit box on the Petition Date.

9

AE  000192

51.    In response to Questions 3, 7 or 10 in their original Statement of Financial Affairs filed on February 24, 2012 and their Amended Statement of Financial Affairs filed on May 18, 2012, the Debtors failed to disclose the withdrawal of $126,463.79 in funds on deposit in their One West CD or borrowed against their Union Bank equity line, and did not disclose the use, transfer or dissipation of these funds.

52.    The Debtors did not disclose that within the 50 days immediately preceding the Petition Date, they paid $25,000 to attorney Aaron Morris to help them with their appeal of the Avetoom Judgment. The Debtor further did not disclose in their Schedule B filed on February 24, 2012 or their Amended Schedule B filed on July 6, 2012, that $12,500 of this sum was held by Mr. Morris on the Petition Date as a deposit against future costs.

53.    The Debtors testified during their continued Section 341(a) meeting of creditors on July 18, 2013, that they transferred the sum of $30,000 in cash to a friend named Victoria Gureyeva during November 2011. However, the Debtors failed to disclose this transfer in their Statement of Financial Affairs filed on February 24, 2012 and May 18, 2012.

54.    The Debtors paid their son Alexander Fridman the sum of $2,000 with a check dated November 9, 2011 and which was honored by Debtors' bank on November 14, 2011. The Debtors testified that this payment was to repay their son for funds he advanced to one of the Debtors' attorneys. The Debtors did not disclose this payment to their son in their Statement of Financial Affairs. During their Section 341(a) meeting of creditors on October 4, 2013, the Debtors also denied making any payments exceeding $500 to their son Alexander Fridman.

55.    The Debtors testified during their Section 341(a) meeting of creditors on November 15, 2013, that they transferred by wire transfer approximately $5,900 to family in Russia within the 1 year period immediately preceding the Petition Date. This transfer is not

10

AE  000193

disclosed in response to Questions 3, 7 or 10 in their original Statement of Financial Affairs filed on February 24, 2012 and their Amended Statement of Financial Affairs filed on May 18, 2012.

## FIRST CLAIM FOR RELIEF

### (For Denial of Discharge – 11 U.S.C. § 727(a)(2)(A))

56.     Plaintiff realleges and incorporates herein by reference the allegations in Paragraphs 1 through 55, as though fully set forth herein.

57.     Plaintiff is informed and believes, and based thereon alleges that the Debtors, with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under the Bankruptcy Code, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the Debtors within one year before the Petition Date.

58.     The Debtors' discharge should therefore be denied under 11 U.S.C. § 727(a)(2)(A).

## SECOND CLAIM FOR RELIEF

### (For Denial of Discharge – 11 U.S.C. § 727(a)(2)(B))

59.     Plaintiff realleges and incorporates herein by reference the allegations in Paragraphs 1 through 55, as though fully set forth herein.

60.     Plaintiff is informed and believes, and based thereon alleges that the Debtors, with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under the Bankruptcy Code, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the estate after the Petition Date.

61.     The Debtors' discharge should therefore be denied under 11 U.S.C. § 727(a)(2)(B).

11

AE  000194

## THIRD CLAIM FOR RELIEF

### (For Denial of Discharge – 11 U.S.C. § 727(a)(4)(A))

62.    Plaintiff realleges and incorporates herein by reference the allegations in Paragraphs 1 through 55, as though fully set forth herein.

63.    The Debtors testified at their §341(a) meeting of creditors that they reviewed their Voluntary Petition, Schedules and Statement of Financial Affairs prior to executing them, and that those documents were true and correct.

64.    Plaintiff is informed and believes, and based thereon alleges that the Debtors knowingly and fraudulently, in or in connection with their bankruptcy case, made a false oath or account by failing to disclose assets, transfers, and the closure of valuable financial accounts in their Schedules or Statement of Financial Affairs, which they signed under penalty of perjury.

65.    Plaintiff is informed and believes, and based thereon alleges that the Debtors knowingly and fraudulently, in or in connection with their bankruptcy case, made a false oath or account by testifying at their meeting of creditors that their Petition, Schedules and Statement of Financial Affairs were true and correct, when in fact they failed to disclose assets, transfers and the closure of valuable financial accounts.

66.    The Debtors' discharge should therefore be denied under 11 U.S.C. § 727(a)(4)(A).

## FOURTH CLAIM FOR RELIEF

### (For Denial of Discharge – 11 U.S.C. § 727(a)(4)(D))

67.    Plaintiff realleges and incorporates herein by reference the allegations in Paragraphs 1 through 55, as though fully set forth herein.

68.    Plaintiff is informed and believes, and based thereon alleges that the Debtors knowingly and fraudulently, in or in connection with their bankruptcy case, withheld from an

12

AE  000195

officer of the estate entitled to possession under this title, any recorded information, including

books, documents, records, and papers, relating to the Debtors' property or financial affairs.

69.     Plaintiff is informed and believes, and based thereon alleges that the Debtors

knowingly and fraudulently, in or in connection with their bankruptcy case, withheld from the

Trustee complete copies of the statements from their Union Bank home equity line of credit

account number ending 2182.

70.     Plaintiff is informed and believes, and based thereon alleges that the Debtors

knowingly and fraudulently, in or in connection with their bankruptcy case, withheld from the

Trustee financial account statements other than their statements from their Union Bank home

equity line of credit account number ending 2182.

71.     The Debtors' discharge should therefore be denied under 11 U.S.C. §

727(a)(4)(D).

## FIFTH CLAIM FOR RELIEF

### (For Denial of Discharge – 11 U.S.C. § 727(a)(5))

72.     Plaintiff realleges and incorporates herein by reference the allegations in

Paragraphs 1 through 55, as though fully set forth herein.

73.     The Debtors have failed to explain satisfactorily, before determination of denial of

discharge under this paragraph, any loss of assets or deficiency of assets to meet the Debtors'

liabilities.

74.     The Debtors have failed to explain satisfactorily the dissipation of more than

$126,463.79 in cash which they withdrew from their One West CD and charged against their

Union Bank home equity line of credit, from November 3, 2011 through February 3, 2012.

///

///

13

AE  000196

75.    The Debtors' discharge should therefore be denied under 11 U.S.C. §727(a)(5).

**WHEREFORE,** Plaintiff prays for relief as follows:

1.    For judgment denying the Debtors' discharge pursuant to 11 U.S.C. §727(a)(2)(A);

2.    For judgment denying the Debtors' discharge pursuant to 11 U.S.C. §727(a)(2)(B);

3.    For judgment denying the Debtors' discharge pursuant to 11 U.S.C. §727(a)(4)(A);

4.    For judgment denying the Debtors' discharge pursuant to 11 U.S.C. §727(a)(4)(D);

5.    For judgment denying the Debtors' discharge pursuant to 11 U.S.C. §727(a)(5);

6.    For costs of suit incurred herein; and

7.    For such other and further relief as the Court deems just and proper.

Dated: July 29, 2013                                LEVENE, NEALE, BENDER, YOO &
                                                    BRILL, L.L.P.


                                                    By:_____/s/ Todd A. Frealy_____
                                                            TODD A. FREALY
                                                    Attorneys for Karl Anderson,
                                                    Chapter 7 Trustee

14

AE  000197

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| TODD A. FREALY (SBN 198780)<br>JULIET Y. OH (SBN 211414)<br>LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.<br>10250 Constellation Boulevard, Suite 1700<br>Los Angeles, California 90067<br>Telephone: (310) 229-1234<br>Facsimile: (310) 229-1244<br>Email: taf@lnbyb.com; jyo@lnbyb.com<br><br>*Attorney for Plaintiff* | |

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re:<br>MOISEY O. FRIDMAN and ROSA A. FRIDMAN,<br><br><br><br>Debtor(s). | CASE NO.: 8:12-bk-11721-ES<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: |
|---|---|
| KARL ANDERSON, Chapter 7 Trustee,<br><br><br><br>Plaintiff(s)<br>Versus<br>MOISEY O. FRIDMAN and ROSA A. FRIDMAN,<br><br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING  [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| Hearing Date: _____ | **Place:** |
|---|---|
| Time: _____ | ☐ 255 East Temple Street, Los Angeles, CA 90012 |
| Courtroom: _____ | ☐ 3420 Twelfth Street, Riverside, CA 92501 |
| | ☒ 411 West Fourth Street, Santa Ana, CA 92701 |
| | ☐ 1415 State Street, Santa Barbara, CA 93101 |
| | ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                        Page 1                          **F 7004-1.SUMMONS.ADV.PROC**

AE   000198

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS. REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT


Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____



By: _____
                    Deputy Clerk

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    Page 2                    **F 7004-1.SUMMONS.ADV.PROC**

AE  000199

FORM B104 (08/07)                                                    2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| **PLAINTIFFS** KARL ANDERSON, Chapter 7 Trustee, | **DEFENDANTS** MOISEY O. FRIDMAN and ROSA A. FRIDMAN, |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) LEVENE, NEALE, BENDER, YOO & BRILL L.L.P. 10250 Constellation Blvd., Ste. 1700 Los Angeles, CA 90067 310-229-1234 | **ATTORNEYS** (If Known) |

| PARTY (Check One Box Only) | | PARTY (Check One Box Only) | |
|---|---|---|---|
| ☐ Debtor | ☐ U.S. Trustee/Bankruptcy Admin | ☒ Debtor | ☐ U.S. Trustee/Bankruptcy Admin |
| ☐ Creditor | ☐ Other | ☐ Creditor | ☐ Other |
| ☒ Trustee | | ☐ Trustee | |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint against Debtors for Denial of Discharge

| NATURE OF SUIT (Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.) | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property** ☐ 11-Recovery of money/property –§542 turnover of property ☐ 12-Recovery of money/property - §547 preference ☐ 13-Recovery of money/property - §548 fraudulent transfer ☐ 14-Recovery of money/property - other | **FRBP 7001(6) – Dischargeability (continued)** ☐ 61-Dischargeability - §523(a)(5), domestic support ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury ☐ 63-Dischargeability - §523(a)(8), student loan ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) ☐ 65-Dischargeability - other |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien** ☐ 21-Validity, priority or extent of lien or other interest in property | |
| **FRBP 7001(3) – Approval of Sale of Property** ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | **FRBP 7001(7) – Injunctive Relief** ☐ 71-Injunctive relief – imposition of stay ☐ 72-Injunctive relief - other |
| **FRBP 7001(4) – Objection/Revocation of Discharge** ☐ 1 41-Objection / revocation of discharge - §727(c),(d),(e) | **FRBP 7001(8) Subordination of Claim or Interest** ☐ 81-Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation** ☐ 51-Revocation of confirmation | **FRBP 7001(9) Declaratory Judgment** ☐ 91-Declaratory judgment |
| **FRBP 7001(6) – Dischargeability** ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny | **FRBP 7001(10) Determination of Removed Action** ☐ 01-Determination of removed claim or cause **Other** ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq. ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| **(continued next column)** | |

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

CCD-B104

AE 000200

FORM B104 (08/07), page 2                                                          2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
| --- | --- |
| NAME OF DEBTOR<br>MOISEY O. FRIDMAN and ROSA A. FRIDMAN | BANKRUPTCY CASE NO.<br>8:12-bk-11721-ES |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| --- | --- | --- |
| CENTRAL | SANTA ANA | ERITHE A. SMITH |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| --- | --- | --- |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| | | |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| --- | --- | --- |
| | | |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
| --- |
| /S/TODD A. FREALY |

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
| --- | --- |
| July 30, 2013 | TODD A. FREALY |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

AE  000201

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "2"

SUPPLEMENT TO OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

1    LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
     IRV M. GROSS (SBN 53659)
2    10250 Constellation Boulevard, Suite 1700
     Los Angeles, CA 90067
3    Telephone: (310) 229-1234
     Facsimile: (310) 229-1244
4    Email: img@lnbyb.com

5    Attorneys for Karl Anderson, Chapter 7 Trustee

6

7                    UNITED STATES BANKRUPTCY COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9                         SANTA ANA DIVISION

10   In re:                                    Bk. No. 8:12-bk-11721-ES

11   MOISEY O. FRIDMAN and ROSA A.             Chapter 7
     FRIDMAN,
12                                             Adv. No. 8:13-ap-01253-ES

13                Debtors.
                                               **STIPULATION FOR ENTRY OF**
14   _____       **JUDGMENT DENYING THE DEBTORS**
                                               **THEIR DISCHARGES**
15   KARL ANDERSON, CHAPTER 7 TRUSTEE,
                                               **Trial Date: January 29, 2015**
16               Plaintiff,                    **Time: 9:30 a.m.**
                                               **Courtroom: 5A**
17

18   MOISEY O. FRIDMAN and ROSA A.
     FRIDMAN,
19                Defendants.

20

21          Plaintiff Karl Anderson, the duly appointed and acting Chapter 7 trustee ("Trustee") in

22   the bankruptcy case of Moisey O. Fridman and Rosa A. Fridman (the "Fridmans"), and the

23   Fridmans, and each of them, enter into this stipulation for entry of a judgment in favor of the

24   Trustee and against the Fridmans, and each of them, for denial of their respective discharges, as

25   follows:

26

27

28   DALLAS 1796792v2

# RECITALS

1.    On February 10, 2012, the Fridmans filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court, Central District of California, Santa Ana Division, commencing the bankruptcy case styled *In re Moisey O. Fridman and Rosa A. Fridman., Debtors* ("the Bankruptcy Case"). On May 24, 2012, the Bankruptcy Case was converted to a case under Chapter 7, and the Trustee was thereafter appointed.

2.    On July 30, 2013, the Trustee filed a complaint (the "Complaint") commencing the adversary proceeding styled *Karl Anderson, Chapter 7 Trustee v. Moisey O. Fridman and Rosa A. Fridman*, Adv. No. 2:12-ap-01124-BR. (the "Adversary Proceeding"). The Complaint seeks an order denying the Fridmans, and each of them, their respective discharges in bankruptcy.

3.    On August 26, 2013, the Fridmans filed their answer to the Complaint.

4.    Trial of the Adversary Proceeding was scheduled for January 29, 2015.

WHEREFORE, the Trustee and the Fridmans, and each of them, hereby stipulate:

# STIPULATION

1.    A judgment ("Judgment") shall be entered on the entire Complaint, and on each Claim for Relief set forth therein, in favor of the Trustee and against the Fridmans, and each of them;

2.    The Judgment shall provide that: (i) Moisey O. Fridman and Rosa A. Fridman, and each of them, shall be and are denied their respective discharges in bankruptcy; (ii) Nothing in the Judgment shall affect any rights the Trustee may have with respect to any person or entity other than the Fridmans, and each of them.

DALLAS 1796792v2

**IT IS SO STIPULATED.**

Dated: 02/06/2015

KARL T. ANDERSON
Chapter 7 Trustee

Dated: 01/30, 2015

MOISEY O. FRIDMAN

Dated: 01/30, 2015

ROSA A. FRIDMAN

APPROVED AS TO FORM AND CONTENT:

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

IRV M. GROSS
Attorneys for Karl T. Anderson, Ch. 7 Trustee

LAW OFFICES OF JOHN D. OTT
A PROFESSIONAL CORPORATION

Attorney for Moisey O. Fridman and Rosa A. Fridman

-3-

DALLAS 1796792v2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067.

True and correct copies of the foregoing documents described as STIPULATION FOR ENTRY OF JUDGMENT DENYING THE DEBTORS THEIR DISCHARGES to be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 9, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Karl T Anderson (TR)
edansie@hotmail.com, kanderson@ecf.epiqsystems.com

Todd A Frealy on behalf of Plaintiff Karl Anderson
taf@lnbrb.com

Irving M Gross on behalf of Plaintiff Karl Anderson
img@lnbrb.com, angela@lnbrb.com

Juliet Y Oh on behalf of Plaintiff Karl Anderson
jyo@lnbyb.com, jyo@lnbrb.com

John D Ott on behalf of Defendant Moisey O. Fridman
Jott@jdolawyers.com

John D Ott on behalf of Defendant Rosa A. Fridman
Jott@jdolawyers.com

Lindsey L Smith on behalf of Plaintiff Karl Anderson
lls@lnbyb.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **February 9, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 9, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Erithe A. Smith
United States Bankruptcy Court
411 West Fourth Street, Chambers 5040
Santa Ana, CA 92701-4593

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 9, 2015 | John Berwick | /s/ John Berwick |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "3"

SUPPLEMENT TO OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

1 │ LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
  │ IRV M. GROSS (SBN 53659)
2 │ 10250 Constellation Boulevard, Suite 1700
  │ Los Angeles, CA 90067
3 │ Telephone: (310) 229-1234
  │ Facsimile: (310) 229-1244
4 │ Email: img@lnbyb.com
5 │ Attorneys for Karl Anderson, Chapter 7 Trustee

<table>
<tr><td>FILED & ENTERED</td></tr>
<tr><td>FEB 18 2015</td></tr>
<tr><td>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY steinber  DEPUTY CLERK</td></tr>
</table>

7 │ **UNITED STATES BANKRUPTCY COURT**

8 │ **CENTRAL DISTRICT OF CALIFORNIA**

9 │ **SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>MOISEY O. FRIDMAN and ROSA A. FRIDMAN,<br><br>       Debtors.<br>_____<br>KARL ANDERSON, CHAPTER 7 TRUSTEE,<br><br>       Plaintiff,<br><br>       v.<br><br>MOISEY O. FRIDMAN and ROSA A. FRIDMAN,<br>       Defendants. | Bk. No. 8:12-bk-11721-ES<br><br>Chapter 7<br><br>Adv. No. 8:13-ap-01253-ES<br><br>**JUDGMENT DENYING THE DEBTORS THEIR DISCHARGES**<br><br>**Trial Date: January 29, 2015**<br>**Time: 9:30 a.m.**<br>**Courtroom: 5A** |

The above-referenced adversary proceeding (the "Adversary Proceeding") came on for trial on January 29, 2015.  Appearances were as noted on the record.

The Debtors, Moisey O. Fridman and Rosa A. Fridman, and each of them, having stated on the record that they agreed to have judgment in the Adversary Proceeding entered against

DALLAS 1796792v2

them, and each of them, as set forth below, and the Court having considered the *Stipulation for Entry of Judgment Denying the Debtors Their Discharges* (the "Stipulation") filed herein,

IT IS HEREBY ORDERED AND ADJUDGED:

1. The Stipulation is approved in its entirety;

2. A judgment on the Complaint and on each Claim for Relief set forth therein (the "Judgment") in the Adversary Proceeding is awarded to, and shall be entered in favor of, Plaintiff Karl Anderson, the duly appointed and acting Chapter 7 trustee in this bankruptcy case ("Trustee"), and against Moisey O. Fridman and Rosa A. Fridman, and each of them, the Debtors in this bankruptcy case.  Pursuant to the Judgment, Debtors Moisey O. Fridman and Rosa A. Fridman, and each of them, shall be and are denied their respective discharges in bankruptcy.

3. Nothing in this Judgment does or shall affect any rights the Trustee may have with respect to any person or entity other than the Debtors, Moisey O. Fridman and Rosa A. Fridman.

# # #

Date: February 18, 2015

Erithe Smith
United States Bankruptcy Judge

DALLAS 1796792v2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "4"

SUPPLEMENT TO OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

FILED
SUPERIOR COURT OF CALIF
COUNTY OF ORANGE
HARBOR JUSTICE CENTER
JUL 16 2014
ALAN CARLSON, Clerk of the Court
BY: T. LEWIS
DEPUTY

1    SUPERIOR COURT OF THE STATE OF CALIFORNIA

2    COUNTY OF ORANGE – HARBOR JUSTICE CENTER-NEWPORT BEACH

|  |  |
|---|---|
| IN THE MATTER OF KARL AVETOOM<br>vs. MOISEY FRIDMAN and ROSA<br>FRIDMAN | CASE NO. 30-2010-00345490 |
|  | **ORDER AND JUDGMENT**<br>**OF CONTEMPT-Moisey Fridman** |
| Moisey Fridman, Contemner | (C.C.P. §1209) |

1.     In the course of proceedings in the case of Karl Avetoom v. Lynsey Arce, aka Lynsey Diosa, Moisey Fridman and Rosa Fridman, Case No. 30-2010-00345490, the court issued a Temporary Restraining Order on November 9, 2011 after a C.C.P. §527 *Ex Parte* hearing, restraining contemner, Moisey Fridman, from assigning, recording, or otherwise disposing of the right to payment, or assigning or transferring assets to third parties.  Judy Altshuler personally served the Temporary Restraining Order on contemner, Moisey Fridman, on November 9, 2011, in the evening at his home.

Contemner willfully failed to comply with the Temporary Restraining Order (TRO) as follows:

(a)     On November 10, 2011, contemner, Moisey Fridman, made check #106, from his Union Bank of California account,

-1-

Exhibit 21    001

1            payable to himself in the amount of $8,000.00;

2

3        (b)    On November 10, 2011 contemner presented check #106 to

4              Union Bank for payment and contemner received $8,000.00

5              cash; and

6

7        (c)    Contemner disposed of the $8,000.00 cash.

8

9     2.    The court heard and considered contemner's explanation for the conduct and rejected

10 it, because the court did not find it credible. Contemner explained that: (1) he was not served with

11 the TRO; (2) if he was served with the TRO, he did not become aware of its content until after he

12 cashed check 106; (3) he did not understand what the TRO prohibited him from doing; (4) he used

13 the money from check 106 for medical necessities; and (5) he did not intend to violate the TRO. The

14 evidence presented established beyond a reasonable doubt however, that contemner was personally

15 served with the TRO on November 9, 2011, did know of its content and did understand exactly what

16 it prohibited him from doing before he cashed check 106 and disposed of the cash. Further, there was

17 no credible evidence to support contemner's explanation that the money from check 106 was used for

18 medical necessities or that he did not intend to violate the TRO.

19     Specifically, in a declaration filed with the court dated November 13, 2011, contemner

20 declared under penalty of perjury that he was personally served with the TRO by Judy Altshuler in

21 the evening on November 9, 2011. Judy Altshuler testified in this proceeding that she personally

22 served contemner with the TRO in the evening on November 9, 2011. Plaintiff, Karl Avetoom

23 testified that he watched Judy Altshuler serve the TRO on contemner in the evening on November 9,

24 2011. Plaintiff further testified that shortly after contemner was served with the TRO on November 9,

25 2011, he saw contemner post a typed note (Ex. 8) addressed to "ALL BEACH CREST OWNERS"

26 acknowledging receipt of the TRO by he and contemner, Rosa Fridman, and acknowledging that the

27 TRO "stop[ped]" him and Rosa Fridman from "using our money." The note indicates that it is from

28

Exhibit 21    002

1   "Moisey and Rosa Fridman (Owners Unit 7)."  Plaintiff took a photo of the note as posted which

2   bears a date stamp of "Nov 9 2011." (Ex. 7).  The day after contemner was served with the TRO he

3   wrote check 106 on his Union Bank Account out to himself thereby creating a right to payment of

4   $8,000.00 to himself.  He then took that check to his bank and had it cashed.  No credible evidence

5   was presented to show contemner kept the cash and the court does not find contemner's testimony

6   that he placed it in an envelope and kept it at his home credible.  He no longer has the $8,000.00 and

7   he produced no credible evidence showing that it was spent on medical necessities.  Contemner's

8   conduct in writing check 106, cashing check 106 and disposing of the $8,000.00 proceeds from check

9   106 was deliberate and wilful all having been done after contemner was personally served with the

10  TRO and after he knew and understood exactly what it prohibited him from doing.

12          3.      After due consideration, the court finds beyond a reasonable doubt:

13                  (a)     That the contemner is guilty of contempt of court in violation of

14                          section 1209 of the Code of Civil Procedure, subsection (a)(5) –

15                          Disobedience of any lawful judgment, order, or process of the

16                          court;

18                  (b)     That contemner had knowledge of the order, was able to comply

19                          at the time of the order and wilfully failed to comply with the

20                          order;

22                  (c)     That contemner is sentenced to pay a fine of $1,000.00;

24                  (d)     That execution of the sentence of the court is not stayed, and

25                          contemner is ordered to pay the fine by August 14, 2014.

27                  (e)     That the clerk of the court is ordered immediately to file this

Exhibit 21    003

1          order and enter the contempt on the docket of the court and to

2          deliver to contemner a copy of this order.

3

4   **IT IS SO ORDERED.**

5

6

7   Dated: July 16, 2014

8                                Karen L. Robinson
                                 Judge of the Superior Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 21    004

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE – HARBOR JUSTICE CENTER-NEWPORT BEACH

IN THE MATTER OF KARL AVETOOM )            CASE NO. 30-2010-00345490
vs. MOISEY FRIDMAN and ROSA      )
FRIDMAN                          )
                                 )
                                 )            **ORDER AND JUDGMENT**
                                 )            **OF CONTEMPT-Rosa Fridman**
                                 )
Rosa Fridman, Contemner         )                (C.C.P. §1209)
                                 )
                                 )
_____ )

    1.    In the course of proceedings in the case of Karl Avetoom v. Lynsey Arce, aka Lynsey Diosa, Moisey Fridman and Rosa Fridman, Case No. 30-2010-00345490, the court issued a Temporary Restraining Order on November 9, 2011 after a C.C.P. §527 *Ex Parte* hearing, restraining contemner, Rosa Fridman, from assigning, recording, or otherwise disposing of the right to payment, or assigning or transferring assets to third parties. Judy Altshuler personally served the Temporary Restraining Order on contemner, Rosa Fridman, on November 9, 2011, in the evening at her home.

    Contemner willfully failed to comply with the Temporary Restraining Order (TRO) as follows:

        (a)    On November 10, 2011, contemner, Rosa Fridman, made
                check #107, from her Union Bank of California account,

-1-

Exhibit 21   005

payable to herself in the amount of $6,000.00;

(b)     On November 10, 2011 contemner presented check #107 to
        Union Bank for payment and contemner received $6,000.00
        cash; and

(c)     Contemner disposed of the $6,000.00 cash.

2.      The court heard and considered contemner's explanation for the conduct through her
counsel of record and rejected it, because the court did not find it credible.

Judy Altshuler testified in this proceeding that she personally served contemner with the TRO
in the evening on November 9, 2011.  Plaintiff, Karl Avetoom testified that he watched Judy
Altshuler serve the TRO on contemner in the evening on November 9, 2011.  Plaintiff further
testified that shortly after contemner was served with the TRO on November 9, 2011, he saw
contemner, Moisey Fridman post a typed note (Ex. 8) addressed to "ALL BEACH CREST
OWNERS" acknowledging receipt of the TRO by he and contemner, Rosa Fridman, and
acknowledging that the TRO "stop[ped]" him and Rosa Fridman from "using our money."  The note
indicates it is from "Moisey and Rosa Fridman (Owners Unit 7)."  Plaintiff took a photo of the note
as posted which bears a date stamp of "Nov 9 2011." (Ex. 7).  The day after contemner was served
with the TRO she wrote check 107 on her Union Bank Account out to herself thereby creating a right
to payment of $6,000.00 to herself.  She then took that check to her bank and had it cashed.  No
credible evidence was presented to show contemner kept the cash and the court does not find
testimony of contemner, Moisey Fridman, that the cash was placed in an envelope and kept at
contemner's home credible. Contemner Rosa Fridman's conduct in writing check 107, cashing check
107 and disposing of the $6,000.00 proceeds from check 107 was deliberate and wilful all having
been done after contemner was personally served with the TRO and after she knew and understood

Exhibit 21   006

1   exactly what it prohibited her from doing.

2

3         3.       After due consideration, the court finds beyond a reasonable doubt:

4               (a)     That the contemner is guilty of contempt of court in violation of

5                       section 1209 of the Code of Civil Procedure, subsection (a)(5) –

6                       Disobedience of any lawful judgment, order, or process of the

7                       court;

8

9               (b)     That contemner had knowledge of the order, was able to comply

10                      at the time of the order and wilfully failed to comply with the

11                      order;

12

13              (c)     That contemner is sentenced to pay a fine of $1,000.00;

14

15              (d)     That execution of the sentence of the court is not stayed, and

16                      contemner is ordered to pay the fine by August 14, 2014.

17

18              (e)     That the clerk of the court is ordered immediately to file this

19                      order and enter the contempt on the docket of the court and to

20                      deliver to contemner a copy of this order.

21

22   IT IS SO ORDERED.

23

24

25   Dated: July 16, 2014                      _____

26                                             Karen L. Robinson
                                               Judge of the Superior Court
27

28

-3-

Exhibit 21   007

1

2

3

4

5

6

7

8

9

10

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JAN 16 2015

ALAN CARLSON, Clerk of the Court
D. Lamm
BY  D LAMM

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE-CENTRAL JUSTICE CENTER**

| | |
|---|---|
| Karl Avetoom, | ) Case No: 30-2010-00345490 |
| | ) |
| Plaintiff, | ) *Assigned for all purposes to:* |
| | ) |
| vs. | ) HON. Timothy Stafford |
| | ) Dept: C-66 |
| | ) |
| | ) **ORDER AND JUDGMENT OF CONTEMPT -** |
| | ) **JUDGMENT DEBTOR MOISEY FRIDMAN** |
| MOISEY FRIDMAN AND ROSA | ) **[C.C.P. § 1209(a)(5)]** |
| FRIDMAN, as individuals, and | ) |
| | ) Date:          1/15/2015 |
| DOES 1-50, | ) Time:          9:00 A.M. |
| | ) Department:   C-66 |
| Defendants | ) |

On January 15, 2015 at 9:00 A.M. in Dept. C-66 before the Honorable Timothy J. Stafford,

Judge of the Superior Court, Defendant MOISEY FRIDMAN appeared for his court ordered judgment

debtor examination, continuing from Debtors MOISEY FRIDMAN and ROSA FRIDMAN'S July 16,

2014 Judgments for contempt for willfully violating Judge Karen L. Robinson's November 9, 2011

temporary restraining Order prohibiting Debtors MOISEY FRIDMAN and ROSA FRIDMAN from

assigning, transfering, or otherwise disposing of the right to payment on November 10, 2011.

Appearing on the record were Assignee of record/Plaintiff Karl Avetoom, in pro per, and

Defendants Moisey Fridman and Rosa Fridman, in pro per.

- 1 -

ORDER AND JUDGMENT OF CONTEMPT - DEBTOR MOISEY FRIDMAN

Exhibit 21   008

2/19/2019

In the course of proceedings, the Court, the Honorable Timothy J. Stafford, determined that

Judgment Debtor MOISEY FRIDMAN had willfully violated the Court's December 31, 2014 and

January 8, 2015 Orders by hindering and delaying Judgment Creditor KARL AVETOOM attempts to

examine Debtor MOISEY FRIDMAN in relation to the underlying judgments issued by Judge Karel L.

Robinson relating to the November 9, 2011 TRO violations regarding Debtors disposal of their right to

payment on November 10, 2011 by drawing funds from their HELOC and diposing of them .

**THE COURT, AFTER REVIEWING ALL OF THE EVIDENCE, AND AFTER HEARING**

**ORAL ARGUMENT FROM THE PARTIES, THE COURT FINDS DEBTOR MOISEY**

**FRIDMAN IN CONTEMPT OF COURT BEYOND A REASONABLE DOUBT AS FOLLOWS:**

**1.** (a) The Contemner MOISEY FRIDMAN is guilty of direct contempt of court in
violation of C.C.P. § 1209(a)(5). Disobedience of any lawful judgment, order, or
process of the court.

(b) The Contemner had knowledge of the Court's orders, was repeatedly warned to
comply with said Orders, was able to comply at the time of the orders, and
willfully failed to comply with the orders.

(c) That Contemner MOISEY FRIDMAN is sentenced to pay a fine of $1,000.00 to
the court.

(d) Execution of this sentence is not stayed, and Contemnor MOISEY FRIDMAN
is hereby Ordered to pay $1,000.00 to this court within thirty days from entry of
this Order.

(e) The Clerk of the Court shall serve Contemnor with a copy of this Order.

**2.** (a) The Court finds Contemnor MOISEY FRIDMAN continues to engage in conduct
intended to hinder or delay Plaintiff KARL AVETOOM'S investigation and
collections on his underlying judgments through Debtors disposal of their right
to payment on November 10, 2011 by contemptuously violating Judge Karen L.
Robinson's November 9, 2011 TRO.

- 2 -

ORDER AND JUDGMENT OF CONTEMPT - DEBTOR MOISEY FRIDMAN

Exhibit 21   009

2/19/2019

1

2    **3.** (a) Plaintiff KARL AVETOOM is granted leave to file his motion for attorney fees

3            pursuant to C.C.P. § 1218, due to be heard concurrently with Plaintiff's Motion

4            for Sanctions pursuant to C.C.P. § 128.7 on February 19, 2015 at 1:30 P.M.

5

6    **IT IS HEREBY ADJUDGED, ORDERED AND DECREED.**

7

8

9

10

11

12   Dated: **JAN 1 5 2015**            Signed:            TIMOTHY J. STAFFORD
                                                 _____
13                                               HON. TIMOTHY J. STAFFORD
                                                 JUDGE OF THE SUPERIOR COURT

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

ORDER AND JUDGMENT OF CONTEMPT - DEBTOR MOISEY FRIDMAN

Exhibit 21    010

2/19/2019

1

2

3

4

5

6

7

8

FILED

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

FEB 4 2016

ALAN CARLSON, Clerk of the Court

D. Freeman

BY: D. FREEMAN

9

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

10

### FOR THE COUNTY OF ORANGE-CENTRAL JUSTICE CENTER

11

| | |
|---|---|
| Karl Avetoom, | ) Case No: 30-2010-00345490 |
| Plaintiff, | ) *Assigned to:* |
| vs. | ) HON. Timothy J. Stafford<br>) Dept: C-66 |
| MOISEY FRIDMAN AND ROSA FRIDMAN, as individuals, and DOES 1-50, | ) **ORDER AND JUDGMENT OF CONTEMPT -**<br>) **JUDGMENT DEBTOR MOISEY FRIDMAN**<br>) **[C.C.P. § 1209(a)(5)]** |
| Defendants | ) Date:          2/4/2016<br>) Time:          9:00 A.M.<br>) Department:   C-66 |

12

13

14

15

16

17

18

19

20

21

On February 4, 2016 at 9:00 A.M. in Dept. C-66 before the Honorable Timothy J. Stafford,

22

Judge of the Superior Court, Defendant ROSA FRIDMAN appeared for her court ordered judgment

23

debtor examination, continued from January 21, 2016.

24

Appearing on the record were Plaintiff Karl Avetoom, in pro per, and Defendant Rosa Fridman,

25

represented by Brad Morki, Esq.

26

In the course of proceedings, the Court, the Honorable Timothy J. Stafford, made findings of

27

fact and conclusions of law that Judgment Debtor ROSA FRIDMAN had willfully violated the Court's

28

Order to Appear for Examination issued December 3, 2014, and set for January 21, 2016. On January

- 1 -

ORDER AND JUDGMENT OF CONTEMPT - DEBTOR ROSA FRIDMAN

Exhibit 21    011

2/19/2019

1    21, 2016 Judgment Debtor failed to appear with the subpoenaed documents. On January 21, 2016 the

2    Court issued a bench warrant and ordered Judgment Debtor ROSA FRIDMAN to appear on February

3    4, 2016 at 9:00 A.M. in Department C-66 of the above entitled court, with the documents subpoenaed

4    by Plaintiff.

5        On February 4, 2016 Judgment Debtor ROSA FRIDMAN appeared but failed to produce the

6    subpoenaed financial documents pursuant to this Court's January 21, 2016 Order. The Court, after

7    hearing argument by both Plaintiff and Judgment Debtors counsel also found Defendant ROSA

8    FRIDMAN continued to engage in conduct intended to hinder, delay or defraud Plaintiff in his

9    collection of the Judgment owed to him in the above entitled case.

10

11    **THE COURT, AFTER REVIEWING ALL OF THE EVIDENCE, AND AFTER HEARING**

12    **ORAL ARGUMENT FROM THE PARTIES, THE COURT FINDS DEBTOR ROSA**

13    **FRIDMAN IN CONTEMPT OF COURT BEYOND A REASONABLE DOUBT AS FOLLOWS:**

14

15        **1.** (a) The Contemner ROSA FRIDMAN is hereby found guilty of direct contempt of

16            court in violation of  C.C.P. § 1209(a)(5): Disobedience of any lawful judgment,

17            order, or process of the court.

18          (b) The Contemner had knowledge of the Court's Order to appear and be examined

19            and produce documents, was warned to comply with said Order, was able to

20            comply at the time of the Order, and willfully failed to comply with the Order.

21          (c) That Contemner ROSA FRIDMAN is sentenced to pay a fine of $1,000.00 to

22            the court.

23          (d) Execution of this sentence is not stayed, and Contemnor ROSA FRIDMAN  is

24            hereby Ordered to pay $1,000.00 to this court within thirty days from entry of

25            this Order.

26       ~~(e) The Clerk of the Court shall serve Contemner with a copy of this Order.~~

27

28

ORDER AND JUDGMENT OF CONTEMPT - DEBTOR ROSA FRIDMAN

Exhibit 21   012

2/19/2019

1    **2.**    The Court finds Contemnor ROSA FRIDMAN continues to engage in conduct

2            intended to hinder, delay or defraud Plaintiff's collection on his Judgment in the

3            above entitled proceeding.

4

5    **3.**    Plaintiff KARL AVETOOM is granted leave to file a request for costs

6            associated with the February 4, 2016 Judgment Debtor Examination of

7            Judgment Debtor ROSA FRIDMAN.

8

9    **4.**    Judgment Debtor ROSA FRIDMAN is hereby Ordered to appear on February

10           26, 2016 at ~~1:30 P.M.~~ 9:00 Am in Department C-66 of the above entitled court for

11           examination before the Court.

12

13  **IT IS HEREBY ADJUDGED, ORDERED AND DECREED.**

14

15

16

17

18

19  Dated: **FEB 0 8 2016**        Signed:         **TIMOTHY J. STAFFORD**

20                                    HON. TIMOTHY J. STAFFORD
                                    JUDGE OF THE SUPERIOR COURT

21

22

23

24

25

26

27

28

ORDER AND JUDGMENT OF CONTEMPT - DEBTOR ROSA FRIDMAN

Exhibit 21  013

2/19/2019

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE – HARBOR JUSTICE CENTER-NEWPORT BEACH

**FILED**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**JAN 27 2015**

ALAN CARLSON, Clerk of the Court

K Williams K
BY K. WILLIAMS

IN THE MATTER OF KARL AVETOOM )      CASE NO. 30-2010-00345490
vs. MOISEY FRIDMAN and ROSA       )
FRIDMAN                            )
                                  )
                                  )      **ORDER AND JUDGMENT**
                                  )      **OF CONTEMPT-Moisey Fridman**
                                  )
Moisey Fridman, Contemner         )      (C.C.P. §1209)
                                  )
                                  )
_____ )

1.      In the course of proceedings in the case of Karl Avetoom v. Lynsey Arce, aka Lynsey Diosa, Moisey Fridman and Rosa Fridman, Case No. 30-2010-00345490, the court issued a Preliminary Injunction on November 22, 2011 after a November 18, 2011 hearing, restraining contemner Moisey Fridman from assigning, recording, encumbering or otherwise disposing of the right to payment, or assigning, recording, encumbering and/or transferring any assets to third parties. The Preliminary Injunction permitted contemner, together with his wife, contemner Rosa Fridman to "spend up to $3,000.00, in total, per month for food, clothing, healthcare, vehicle maintenance, household expenses and other necessities for life without violating this injunction." The Preliminary Injunction further ordered that contemner Moisey Fridman "must obtain prior court approval by regularly scheduled motion, or via ex parte application in an emergency situation to spend more than $3,000.00 per month." The Injunction terminated at the close of business on January 23, 2012. Contemner Moisey Fridman was present at the November 18, 2011 hearing when the court

-1-

Exhibit 21    014

1  announced that it was issuing the preliminary injunction and that it prohibited contemners from

2  transferring assets to third parties and spending more than $3,000.00 per month without first

3  obtaining court approval.    Thereafter, on December 1, 2011, in compliance with the Preliminary

4  Injunction, contemner and his wife filed an *ex parte* motion seeking court approval to pay, among

5  other expenses, legal fees and costs above the $3,000.00 monthly limit.  The *ex parte* motion was

6  heard and denied, without prejudice, on December 2, 2011. Contemner Moisey Fridman was present

7  at that hearing.

8

9        Contemner willfully failed to comply with the Preliminary Injunction as follows:

10             (a)      By withdrawing $15,000.00 from his IRA account and

11                      providing it to US Bank in exchange for two cashier's checks

12                      dated December 22, 2011 made payable to Morris & Stone LLP

13                      in the amount of $12,500.00 and $2,500.00; and

14             (b)      By giving Morris & Stone the $12,500.00 and $2,500.00 US

15                      Bank cashier's checks without first obtaining court approval.

16

17        2.      The court heard and considered contemner's excuse and explanation for the conduct

18  and rejected it, because the court did not find contemner's testimony to be credible.  Contemner was

19  present at the November 18, 2011 hearing on the Preliminary Injunction and knew that contemners

20  together could only spend $3,000.00 per month for necessities of life, and that they must obtain prior

21  court approval to spend anything above that amount.  In compliance with the Preliminary Injunction,

22  contemner filed an ex parte motion on December 2, 2011, seeking court approval to pay claimed

23  legal expenses and costs above the $3,000.00 monthly limit.  The ex parte motion was denied without

24  prejudice and contemner was present at that hearing.   Nonetheless, contemner went ahead and

25  withdrew funds from his IRA and transferred those funds to a third party, Morris & Stone, via two

26  US Bank Cashier's checks dated December 22, 2011. The "Purpose/Remitter" notation on the

27  $12,500.00 check states "Moisey & Rosa Fridman (ATTORNEY FEES)" and on the $2,500.00 check

28

-2-

Exhibit 21    015

1 "Moisey & Rosa Fridman (COURT EXPENSES). Contemner's explanation that the $15,000.00 used

2 to pay Morris & Stone was taken from an Individual Retirement Account and therefore was exempt

3 from and not subject to the Preliminary Injunction is meritless. The law is very well settled that once

4 funds are withdrawn from an IRA they are no longer exempt.

6    3.     After due consideration, the court finds beyond a reasonable doubt:

7        (a)     That the contemner is guilty of contempt of court in violation of

8                section 1209 of the Code of Civil Procedure, subsection (a)(5) –

9                Disobedience of any lawful judgment, order, or process of the

10                court;

12        (b)     That contemner had knowledge of the order, was able to comply

13                at the time of the order and willfully failed to comply with the

14                order;

16        (c)     That contemner is sentenced to pay a fine of $1,000.00;

18        (d)     That execution of the sentence of the court is not stayed, and

19                contemner is ordered to pay the fine by February 26, 2015.

21        (e)     That the clerk of the court is ordered immediately to file this

22                order and enter the contempt on the docket of the court and to

23                deliver to contemner a copy of this order.

25 **IT IS SO ORDERED.**

27 Dated: January 27, 2015

Karen L. Robinson
Judge of the Superior Court

-3-

Exhibit 21   016

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE – HARBOR JUSTICE CENTER-NEWPORT BEACH

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER
Hub
**JAN 27 2015**

ALAN CARLSON, Clerk of the Court
K Williamsh
BY  K. WILLIAMS

IN THE MATTER OF KARL AVETOOM )      CASE NO. 30-2010-00345490
vs. MOISEY FRIDMAN and ROSA          )
FRIDMAN                              )
                                     )
                                     )      **ORDER AND JUDGMENT**
                                     )      **OF CONTEMPT-Rosa Fridman**
                                     )
Rosa Fridman, Contemner              )      (C.C.P. §1209)
                                     )
                                     )
_____)

    1.     In the course of proceedings in the case of Karl Avetoom v. Lynsey Arce, aka Lynsey

Diosa, Moisey Fridman and Rosa Fridman, Case No. 30-2010-00345490, the court issued a

Preliminary Injunction on November 22, 2011 after a November 18, 2011 hearing, restraining

contemner Rosa Fridman from assigning, recording, encumbering or otherwise disposing of the right

to payment, or assigning, recording, encumbering and/or transferring any assets to third parties. The

Preliminary Injunction permitted contemner, together with her husband, contemner Moisey Fridman

to "spend up to $3,000.00, in total, per month for food, clothing, healthcare, vehicle maintenance,

household expenses and other necessities for life without violating this injunction." The Preliminary

Injunction further ordered that contemner Rosa Fridman "must obtain prior court approval by

regularly scheduled motion, or via ex parte application in an emergency situation to spend more than

$3,000.00 per month." The Injunction terminated at the close of business on January 23, 2012.

-1-

Exhibit 21   017

1   Contemner Rosa Fridman was present at the November 18, 2011 hearing when the court announced

2   that it was issuing the preliminary injunction and that it prohibited contemners from transferring

3   assets to third parties and spending more than $3,000.00 per month without first obtaining court

4   approval.      Thereafter, on December 1, 2011, in compliance with the Preliminary Injunction,

5   contemner and her husband filed an *ex parte* motion seeking court approval to pay, among other

6   expenses, legal fees and costs above the $3,000.00 monthly limit. The *ex parte* motion was heard and

7   denied, without prejudice, on December 2, 2011. Contemner Rosa Fridman was present at that

8   hearing.

9

10          Contemner willfully failed to comply with the Preliminary Injunction as follows:

11                  (a)     By obtaining two cashier's checks dated December 22, 2011

12                          made payable to Morris & Stone LLP in the amount of

13                          $12,500.00 and $2,500.00 from US Bank; and

14                  (b)     By giving Morris & Stone the $12,500.00 and $2,500.00 US

15                          Bank cashier's checks without first obtaining court approval to

16                          do so.

17

18          2.      The court offered the contemner an opportunity to present an explanation or excuse for

19   the conduct and the contemner declined.

20

21          3.      After due consideration, the court finds beyond a reasonable doubt:

22                  (a)     That the contemner is guilty of contempt of court in violation of

23                          section 1209 of the Code of Civil Procedure, subsection (a)(5) –

24                          Disobedience of any lawful judgment, order, or process of the

25                          court;

26

27                  (b)     That contemner had knowledge of the order, was able to comply

28

-2-

Exhibit 21   018

1    at the time of the order and willfully failed to comply with the

2    order;

3

4    (c)    That contemner is sentenced to pay a fine of $1,000.00;

5

6    (d)    That execution of the sentence of the court is not stayed, and

7    contemner is ordered to pay the fine by February 26, 2015.

8

9    (e)    That the clerk of the court is ordered immediately to file this

10    order and enter the contempt on the docket of the court and to

11    deliver to contemner a copy of this order.

12

13    **IT IS SO ORDERED.**

14

15

16    Dated: January _27_, 2015

17    Karen L. Robinson
     Judge of the Superior Court

18

19

20

21

22

23

24

25

26

27

28

-3-

Exhibit 21    019

1

1          SUPERIOR COURT OF CALIFORNIA

2      COUNTY OF ORANGE, HARBOR JUSTICE CENTER

3              DEPARTMENT H-12

4

5                                      **ORIGINAL**

6   KARL AVETOOM,                    )
                                     )
7                  PLAINTIFF,        )
                                     )
8        VS.                         )CASE# 30-2010-
                                     )00345490-CU-PO-CJC
9                                    )
                                     )
10  LYNSEY ARCE, AKA LYNSEY DIOSA    )
    ARCE; MOISEY FRIDMAN; AND ROSA   )
11  FRIDMAN,                         )
                                     )
12                 DEFENDANTS.       )
    _____)

13

14          HONORABLE KAREN L. ROBINSON, JUDGE

15              REPORTER'S TRANSCRIPT

16               JANUARY 27, 2015

17

18  APPEARANCES OF COUNSEL:

19

20  FOR THE PLAINTIFF:        KARL AVETOOM
                              IN PRO PER
21
    FOR THE DEFENDANTS:       MOISEY FRIDMAN
22                            ROSA FRIDMAN
                              IN PRO PER
23

24

25          KAREN K. PUCKETT, CSR #12081
               OFFICIAL COURT REPORTER
26

Exhibit 21    020

```
 1                          I N D E X

 2

 3     WITNESS:                DIRECT  CROSS  REDIRECT  RECROSS

 4

 5     FOR THE PLAINTIFF:

 6                             (NONE)

 7

 8

 9     FOR THE DEFENDANTS:

10                             (NONE)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
```

Exhibit 21    021

3

1                            E X H I B I T S

2

3

4    PLAINTIFF'S EXHIBITS:      FOR IDENTIFICATION   IN EVIDENCE

5

6                               (NONE)

7

8

9    DEFENDANT'S EXHIBITS:

10

11                              (NONE)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Exhibit 21   022

4

1      NEWPORT BEACH, CALIFORNIA - TUESDAY, JANUARY 27, 2015

2                    AFTERNOON SESSION

3                      * * * * *

4

5      (THE FOLLOWING PROCEEDINGS WERE HAD IN OPEN COURT:)

6

7         THE COURT:  ALL RIGHT.  GOOD AFTERNOON, FOLKS.  WE

8    ARE HERE IN THE MATTER OF KARL AVETOOM VERSUS LYNSEY

9    ARCE AND MOISEY FRIDMAN AND ROSA FRIDMAN, CASE NUMBER

10   30-2010-00345490.

11             YOUR APPEARANCES FOR THE RECORD, PLEASE?

12        KARL AVETOOM:  KARL AVETOOM, PLAINTIFF.

13        MOISEY FRIDMAN:  MOISEY FRIDMAN AND ROSA FRIDMAN.

14        ROSA FRIDMAN:  ROSA FRIDMAN.

15        MOISEY FRIDMAN:  DEFENDANTS.

16        THE COURT:  THANK YOU.  WE ARE HERE TODAY FOR THE

17   CONTINUED HEARING ON THE CONTEMPT PROCEEDING THAT WAS

18   CONDUCTED AND ALL THE EVIDENCE WAS CONCLUDED YESTERDAY.

19   THE ONLY THING LEFT WAS THE COURT TO RENDER ITS

20   DECISION, SO THAT'S WHAT WE ARE HERE TO DO TODAY.

21             THE PETITIONER, THE PLAINTIFF, THE PARTY

22   SEEKING THE CONTEMPT ORDER, HAS THE BURDEN OF PROVING

23   THE CONTEMPT BEYOND A REASONABLE DOUBT.  AND THAT IS

24   ALSO TO ESTABLISH THE COURT'S JURISDICTION AND THAT HAS

25   BEEN ESTABLISHED WITH THE ORDER, ENTRY ORDER OF

26   CONTEMPT.

Exhibit 21   023

5

1          THE ORDER TO SHOW CAUSE FOR CONTEMPT, THAT

2   WAS PERSONALLY SERVED ON BOTH OF THE DEFENDANTS IN THIS

3   CASE.

4          THE PETITIONER OR PLAINTIFF IS ALSO REQUIRED

5   TO ESTABLISH THE EXISTENCE OF A VALID ORDER, AND THEY

6   HAVE ESTABLISHED THAT BEYOND A REASONABLE DOUBT AND

7   THAT IS THE PRELIMINARY INJUNCTION THAT WAS ISSUED ON

8   NOVEMBER 22ND, 2011.

9          THEY ARE ALSO REQUIRED TO PROVE BEYOND A

10  REASONABLE DOUBT THAT THE DEFENDANT HAD KNOWLEDGE OF

11  THE PRELIMINARY INJUNCTION, THE ORDER.  THE EVIDENCE IS

12  UNDISPUTED THAT BOTH THE CONTENDERS, MOISEY FRIDMAN AND

13  ROSA FRIDMAN, BOTH HAVE KNOWLEDGE OF THE PRELIMINARY

14  INJUNCTION.  THEY WERE BOTH IN ATTENDANCE AT THE

15  HEARING ON THE PRELIMINARY INJUNCTION AND HEARD THE

16  COURT'S RULING OF THE PRELIMINARY INJUNCTION.

17         THEY CAME IN ON DECEMBER 1ST OR FILED PAPERS

18  ON DECEMBER 1ST AND CAME IN FOR A HEARING ON

19  DECEMBER 2ND OF 2011 IN AN EFFORT TO COMPLY WITH THE

20  PRELIMINARY INJUNCTION BY ASKING THIS COURT TO GIVE

21  THEM AUTHORITY TO GO OVER THE $3,000 LIMIT.  SO THERE

22  IS NO QUESTION THAT BOTH CONTENDERS KNEW ABOUT THE

23  PRELIMINARY INJUNCTION AND WHAT IT REQUIRED.

24         THE PETITIONER OR PLAINTIFF IS ALSO REQUIRED

25  TO PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANTS

26  DISOBEYED THE PRELIMINARY INJUNCTION.  THE EVIDENCE IN

Exhibit 21   024

1   THE CONTEMPT PROCEEDING ESTABLISHED BEYOND A REASONABLE

2   DOUBT THAT BOTH ROSA FRIDMAN AND MOISEY FRIDMAN

3   DISOBEYED OR VIOLATED THE PRELIMINARY INJUNCTION WHEN

4   ON DECEMBER 22ND, THEY TOOK FUNDS FROM AN INDIVIDUAL

5   I.R.A. ACCOUNT IN THE AMOUNT OF $15,000 AND TRANSFERRED

6   THAT TO U.S. BANK, AND IN EXCHANGE FOR THAT $15,000,

7   RECEIVED TWO CASHIERS CHECKS MADE PAYABLE TO MORRIS AND

8   STONE WITH THE NOTATION ON THE $12,500 CHECK STATING

9   THE PURPOSE/REMITTER NOTATION ON THE $12,500 CHECK

10  STATES QUOTE "MOISEY AND ROSA FRIDMAN, IN PARENTHESES,

11  ATTORNEYS FEES".  AND ON THE $2,500 CHECK, THE

12  PURPOSE/REMITTER NOTATION IS QUOTE "MOISEY AND ROSA

13  FRIDMAN COURT EXPENSES".

14       SO THE VIOLATION OF THE PRELIMINARY

15  INJUNCTION WAS GETTING THOSE TWO CHECKS AND THEN

16  DELIVERING THOSE TWO CHECKS TO MORRIS AND STONE.  THERE

17  IS -- IT WAS ESTABLISHED BEYOND A REASONABLE DOUBT THAT

18  NEITHER OF THE CONTENDERS CAME INTO COURT TO GET

19  APPROVAL FOR THE EXPENDITURE OF THE $15,000 ABOVE THE

20  $3,000 LIMIT IMPOSED BY THE PRELIMINARY INJUNCTION.

21       THE PLAINTIFF OR PETITIONER IS ALSO REQUIRED

22  TO ESTABLISH BEYOND A REASONABLE DOUBT THAT THE

23  DEFENDANTS HAD THE ABILITY TO COMPLY WITH THE

24  PRELIMINARY INJUNCTION AS NOTED.  THEY HAVE ESTABLISHED

25  THAT BEYOND A REASONABLE DOUBT BECAUSE THE DEFENDANTS

26  DID, IN FACT, TRY TO COMPLY WITH THE PRELIMINARY

Exhibit 21   025

1   INJUNCTION IN THE FIRST INSTANCE BY COMING INTO COURT

2   SEEKING AUTHORIZATION TO PAY FEES IN EXCESS OF THE

3   $3,000 LIMIT SET BY THE PRELIMINARY INJUNCTION.

4        WHEN THAT WAS DENIED, THE CONTENDERS DECIDED

5   TO JUST IGNORE THE COURT'S ORDER AND DO IT ANYWAY BY

6   GOING AHEAD AND GETTING THOSE CHECKS AND MAKING THEM

7   PAYABLE TO MORRIS AND STONE.

8        SO CLEARLY THEY HAD THE ABILITY NOT TO

9   DISOBEY THE PRELIMINARY INJUNCTION AND THEY WILLFULLY

10  DISOBEYED IT BY DOING EXACTLY WHAT THE COURT HAD DENIED

11  THEM AUTHORIZATION TO DO.  AFTER THE COURT HAD ISSUED

12  THE PRELIMINARY INJUNCTION, AFTER THE COURT HAD DENIED

13  THEIR REQUEST FOR AUTHORIZATION TO GO ABOVE $3,000 PER

14  MONTH, THEY STILL DID IT ANYWAY AND THAT WAS WILLFUL

15  DISOBEDIENCE OF THE ORDER.

16       SO THE PETITIONER PLAINTIFF HAS MET THEIR

17  BURDEN OF PROVING ALL OF THE ELEMENTS OF THE INDIRECT

18  CONTEMPT BEYOND A REASONABLE DOUBT.

19       HERE IS THE COURT'S ORDER AND JUDGMENT AS IT

20  RELATES TO MOISEY FRIDMAN:

21       NUMBER ONE, IN THE COURSE OF PROCEEDINGS IN

22  THE CASE OF KARL AVETOOM VERSUS LYNSEY ARCE, AKA LYNSEY

23  DIOSA, D-I-O-S-A, MOISEY FRIDMAN AND ROSA FRIDMAN, CASE

24  NUMBER 30-2010-00345490, THE COURT ISSUED A PRELIMINARY

25  INJUNCTION ON NOVEMBER 22ND, 2011 AFTER A NOVEMBER 18,

26  2011 HEARING RESTRAINING CONTENDER MOISEY FRIDMAN FROM

Exhibit 21   026

8

1   ASSIGNING, RECORDING, ENCUMBERING OR OTHERWISE

2   DISPOSING OF THE RIGHT TO PAYMENT, OR ASSIGNING,

3   RECORDING, ENCUMBERING AND/OR TRANSFERRING ANY ASSETS

4   TO THE PARTIES.

5          THE PRELIMINARY INJUNCTION PERMITTED

6   CONTENDER, TOGETHER WITH HIS WIFE, CONTENDER ROSA

7   FRIDMAN, TO SPEND UP TO $3,000 IN TOTAL PER MONTH FOR

8   FOOD, CLOTHING, HEALTHCARE, VEHICLE MAINTENANCE,

9   HOUSEHOLD EXPENSES AND OTHER NECESSITIES FOR LIFE

10  WITHOUT VIOLATING THIS INJUNCTION.

11          THE PRELIMINARY INJUNCTION FURTHER ORDERED

12  THAT CONTENDER MOISEY FRIDMAN MUST OBTAIN PRIOR COURT

13  APPROVAL BY A REGULARLY SCHEDULED MOTION OR VIA

14  EX PARTE APPLICATION IN AN EMERGENCY SITUATION TO SPEND

15  MORE THAN $3,000 PER MONTH.

16          THE INJUNCTION TERMINATED AT THE CLOSE OF

17  BUSINESS ON JANUARY 23, 2012.

18          CONTENDER MOISEY FRIDMAN WAS PRESENT AT THE

19  NOVEMBER 18, 2011 HEARING WHEN THE COURT ANNOUNCED THAT

20  IT WAS ISSUING THE PRELIMINARY INJUNCTION, AND THAT IT

21  PROHIBITED CONTENDERS FROM TRANSFERRING ASSETS TO THIRD

22  PARTIES AND SPENDING MORE THAN $3,000 PER MONTH WITHOUT

23  FIRST OBTAINING COURT APPROVAL.

24          THEREAFTER, ON DECEMBER 1, 2011, IN

25  COMPLIANCE WITH THE PRELIMINARY INJUNCTION, CONTENDER

26  AND HIS WIFE FILED AN EX PARTE MOTION SEEKING COURT

Exhibit 21   027

1   APPROVAL TO PAY, AMONG OTHER EXPENSES, LEGAL FEES AND

2   COSTS ABOVE THE $3,000 MONTHLY LIMIT.  THE EX PARTE

3   MOTION WAS HEARD AND DENIED WITHOUT PREJUDICE ON

4   DECEMBER 2ND, 2011.  CONTENDER MOISEY FRIDMAN WAS

5   PRESENT AT THAT HEARING.

6          CONTENDER WILLFULLY FAILED TO COMPLY WITH THE

7   PRELIMINARY INJUNCTION AS FOLLOWS:

8          (A), BY WITHDRAWING $15,000 FROM HIS I.R.A.

9   ACCOUNT AND PROVIDING IT TO U.S. BANK IN EXCHANGE FOR

10  TWO CASHIERS CHECKS DATED DECEMBER 22ND, 2011 MADE

11  PAYABLE TO MORRIS AND STONE, L.L.P. IN THE AMOUNT OF

12  $12,500 AND $2,500;

13         AND (B), BY GIVING MORRIS AND STONE THE

14  $12,500 AND THE $2,500 U.S. BANK CASHIERS CHECKS

15  WITHOUT FIRST OBTAINING COURT APPROVAL.

16         THE COURT HEARD AND CONSIDERED CONTENDERS'

17  EXCUSE AND EXPLANATION FOR THE CONDUCT AND REJECTED IT

18  BECAUSE THE COURT DID NOT FIND CONTENDERS' TESTIMONY TO

19  BE CREDIBLE.

20         CONTENDER WAS PRESENT AT THE NOVEMBER 18,

21  2011 HEARING ON THE PRELIMINARY INJUNCTION AND KNEW THE

22  CONTENDERS TOGETHER COULD ONLY SPEND $3,000 PER MONTH

23  FOR NECESSITIES OF LIFE, AND THAT THEY MUST FIRST

24  OBTAIN PRIOR COURT APPROVAL TO SPEND ANYTHING ABOVE

25  THAT AMOUNT.

26         IN COMPLIANCE WITH THE PRELIMINARY

Exhibit 21   028

10

1   INJUNCTION, THE CONTENDER FILED AN EX PARTE MOTION ON

2   DECEMBER 2ND, 2011 SEEKING COURT APPROVAL TO PAY

3   CLAIMED LEGAL EXPENSES AND COSTS ABOVE THE $3,000

4   MONTHLY LIMIT.  THE EX PARTE MOTION WAS DENIED WITHOUT

5   PREJUDICE AND CONTENDER WAS PRESENT AT THAT HEARING.

6          NONETHELESS, CONTENDER WENT AHEAD AND

7   WITHDREW FUNDS FROM HIS I.R.A. AND TRANSFERRED THOSE

8   FUNDS TO A THIRD PARTY, MORRIS AND STONE, VIA TWO U.S.

9   BANK CASHIERS CHECKS DATED DECEMBER 22, 2011.

10         THE PURPOSE/REMITTER NOTATION ON THE $12,500

11   CHECK STATES QUOTE "MOISEY AND ROSA FRIDMAN, IN

12   PARENTHESES ATTORNEYS FEES", UNQUOTE.  AND ON THE

13   $2,500 CHECK, QUOTE "MOISEY AND ROSA FRIDMAN, OPEN

14   PARENTHESES COURT EXPENSES," END QUOTE.

15         CONTENDERS' EXPLANATION THAT THE $15,000 USED

16   TO PAY MORRIS AND STONE WAS TAKEN FROM AN INDIVIDUAL

17   RETIREMENT ACCOUNT, AN I.R.A., AND THEREFORE WAS EXEMPT

18   FROM AND NOT SUBJECT TO THE PRELIMINARY INJUNCTION IS

19   MERITLESS.  THE LAW IS VERY WELL SETTLED THAT ONCE

20   FUNDS ARE WITHDRAWN FROM AN I.R.A., THEY ARE NO LONGER

21   EXEMPT.

22         NUMBER THREE, AFTER DUE CONSIDERATION, THE

23   COURT FINDS BEYOND A REASONABLE DOUBT:

24         (A), THAT THE CONTENDER IS GUILTY OF CONTEMPT

25   OF COURT IN VIOLATION OF SECTION 1209 OF THE CODE OF

26   CIVIL PROCEDURE, SECTION (A)(5), DISOBEDIENCE OF ANY

Exhibit 21   029

11

1    LAWFUL JUDGMENT, ORDER OR PROCESS OF THE COURT;

2              (B), THAT CONTENDER HAD KNOWLEDGE OF THE

3    ORDER, WAS ABLE TO COMPLY AT THE TIME OF THE ORDER, AND

4    WILLFULLY FAILED TO COMPLY WITH THE ORDER;

5              (C), THAT CONTENDER IS SENTENCED TO PAY A

6    FINE OF $1000;

7              (D), THAT EXECUTION OF THE SENTENCE OF THE

8    COURT IS NOT STAYED AND CONTENDER IS ORDERED TO PAY THE

9    FINE BY FEBRUARY 26, 2015;

10             AND (E), THAT THE CLERK OF THE COURT IS

11   ORDERED IMMEDIATELY TO FILE THIS ORDER AND ENTER THE

12   CONTEMPT ON THE DOCKET OF THE COURT AND TO DELIVER TO

13   CONTENDER A COPY OF THIS ORDER.  I'M SIGNING THIS ORDER

14   NOW.

15             AND THE ORDER AND JUDGMENT OF CONTEMPT AS IT

16   RELATES TO ROSA FRIDMAN IS AS FOLLOWS:

17             ONE, IN THE COURSE OF PROCEEDINGS IN THE CASE

18   OF KARL AVETOOM VERSUS LYNSEY ARCE, AKA LYNSEY DIOSA,

19   MOISEY FRIDMAN AND ROSA FRIDMAN, CASE NUMBER

20   30-2010-00345490, THE COURT ISSUED A PRELIMINARY

21   INJUNCTION ON NOVEMBER 22, 2011 AFTER A NOVEMBER 18,

22   2011 HEARING RESTRAINING CONTENDER ROSA FRIDMAN FROM

23   ASSIGNING, RECORDING, ENCUMBERING OR OTHERWISE

24   DISPOSING OF THE RIGHT TO PAYMENT, OR ASSIGNING,

25   RECORDING, ENCUMBERING AND/OR TRANSFERRING ANY ASSETS

26   TO THIRD PARTIES.

Exhibit 21   030

1      THE PRELIMINARY INJUNCTION PERMITTED

2  CONTENDER, TOGETHER WITH HER HUSBAND, CONTENDER MOISEY

3  FRIDMAN, TO SPEND UP TO $3,000 IN TOTAL PER MONTH FOR

4  FOOD, CLOTHING, HEALTHCARE, VEHICLE MAINTENANCE,

5  HOUSEHOLD EXPENSES AND OTHER NECESSITIES FOR LIFE

6  WITHOUT VIOLATING THIS INJUNCTION.

7      THE PRELIMINARY INJUNCTION FURTHER ORDERED

8  THAT CONTENDER ROSA FRIDMAN MUST OBTAIN PRIOR COURT

9  APPROVAL BY REGULARLY SCHEDULED MOTION OR VIA EX PARTE

10  APPLICATION IN AN EMERGENCY SITUATION TO SPEND MORE

11  THAN $3,000 PER MONTH.

12      THE INJUNCTION TERMINATED AT THE CLOSE OF

13  BUSINESS ON JANUARY 23RD, 2012.

14      CONTENDER ROSA FRIDMAN WAS PRESENT AT THE

15  NOVEMBER 18, 2011 HEARING WHEN THE COURT ANNOUNCED THAT

16  IT WAS ISSUING THE PRELIMINARY INJUNCTION, AND THAT IT

17  PROHIBITED CONTENDERS FROM TRANSFERRING ASSETS TO THIRD

18  PARTIES AND SPENDING MORE THAN $3,000 PER MONTH WITHOUT

19  FIRST OBTAINING COURT APPROVAL.

20      THEREAFTER, ON DECEMBER 1, 2011, IN

21  COMPLIANCE WITH THE PRELIMINARY INJUNCTION, CONTENDER

22  AND HER HUSBAND FILED AN EX PARTE MOTION SEEKING COURT

23  APPROVAL TO PAY, AMONG OTHER EXPENSES, LEGAL FEES AND

24  COSTS ABOVE THE $3,000 MONTHLY LIMIT.  THE EX PARTE

25  MOTION WAS HEARD AND DENIED WITHOUT PREJUDICE ON

26  DECEMBER 2, 2011.  CONTENDER ROSA FRIDMAN WAS PRESENT

Exhibit 21    031

1    AT THAT HEARING.

2         CONTENDER WILLFULLY FAILED TO COMPLY WITH THE

3    PRELIMINARY INJUNCTION AS FOLLOWS:

4         BY OBTAINING TWO CASHIER'S CHECKS DATED

5    DECEMBER 22, 2011, MADE PAYABLE TO MORRIS AND STONE,

6    L.L.P. IN THE AMOUNT OF $12,500 AND $2,500 FROM U.S.

7    BANK;

8         AND (B), BY GIVING MORRIS AND STONE THE

9    $12,500 AND $2,500 U.S. BANK CASHIERS CHECKS WITHOUT

10   FIRST OBTAINING COURT APPROVAL TO DO SO.

11        NUMBER TWO, THE COURT ORDERED -- EXCUSE ME --

12   NUMBER TWO, THE COURT OFFERED THE CONTENDER AN

13   OPPORTUNITY TO PRESENT AN EXPLANATION OR EXCUSE FOR THE

14   CONDUCT AND THE CONTENDER DECLINED;

15        THREE, AFTER DUE CONSIDERATION, THE COURT

16   FINDS BEYOND A REASONABLE DOUBT:

17        (A), THAT CONTENDER IS GUILTY OF CONTEMPT OF

18   COURT IN VIOLATION OF SECTION 1209 OF THE CODE OF CIVIL

19   PROCEDURE, SECTION (A)(5), DISOBEDIENCE OF ANY LAWFUL

20   JUDGMENT, ORDER OR PROCESS OF THE COURT;

21        (B), THAT CONTENDER HAD KNOWLEDGE OF THE

22   ORDER, WAS ABLE TO COMPLY AT THE TIME OF THE ORDER, AND

23   WILLFULLY FAILED TO COMPLY WITH THE ORDER;

24        (C), THAT CONTENDER IS SENTENCED TO PAY A

25   FINE OF $1000;

26        (D), THAT EXECUTION OF THE SENTENCE OF THE

Exhibit 21   032

14

1   COURT IS NOT STAYED AND CONTENDER IS ORDERED TO PAY THE

2   FINE BY FEBRUARY 26TH, 2015;

3          (E), THAT THE CLERK OF THE COURT IS ORDERED

4   IMMEDIATELY TO FILE THIS ORDER AND ENTER THE CONTEMPT

5   ON THE DOCKET OF THE COURT AND TO DELIVER TO CONTENDER

6   A COPY OF THIS ORDER.

7          NOW DURING THE COURSE OF THESE PROCEEDINGS,

8   THE PETITIONER OR PLAINTIFF REQUESTED THAT THE COURT

9   ALSO ORDER THAT THE CONTENDERS PAY THE $15,000 BACK TO

10  THE TRUSTEE, THE BANKRUPTCY TRUSTEE.  THE LAW IS

11  WELL-SETTLED THAT AN AWARD OF COMPENSATORY DAMAGES TO

12  THE OPPOSING PARTY IN THE CONTEMPT PROCEEDING IS NOT

13  APPROPRIATE.

14         THE PURPOSE OF A CONTEMPT ORDER IS NOT TO

15  VINDICATE THE OPPOSING PARTY'S RIGHTS, BUT TO PRESERVE

16  THE DIGNITY AND AUTHORITY OF THE COURT.  THERE ARE

17  SEPARATE PROCEEDINGS FOR THE RECOVERY OF THOSE MONIES,

18  BUT THE CONTEMPT PROCEEDING IS NOT THE APPROPRIATE

19  VEHICLE FOR THAT.

20         LET THERE BE NO MISTAKE, MR. AND MRS.

21  FRIDMAN, THAT THIS COURT FINDS YOUR CONDUCT IN

22  VIOLATING THE PRELIMINARY INJUNCTION INCREDIBLY

23  OFFENSIVE TO OUR ENTIRE SYSTEM OF JUSTICE.

24         NOT ONLY DID YOU KNOW THAT YOU COULD NOT

25  SPEND ANYTHING OVER $3,000 OR TRANSFER ASSETS, BECAUSE

26  YOU WERE BOTH PRESENT AT ALL OF THE HEARINGS, THE

Exhibit 21   033

1   PRELIMINARY INJUNCTION HEARING WHERE THE COURT ISSUED

2   THE PRELIMINARY INJUNCTION, BUT YOU CAME IN EX PARTE

3   ASKING THE COURT SPECIFICALLY TO GIVE YOU ADDITIONAL

4   MONIES OVER $3,000.  YOU WOULD ONLY DO THAT IF YOU KNEW

5   THE TERMS AND CONDITIONS OF THE PRELIMINARY INJUNCTION

6   WHICH REQUIRED YOU TO COME IN AND GET THAT APPROVAL.

7           YOU SPECIFICALLY SOUGHT APPROVAL FOR

8   ATTORNEY'S FEES AND COSTS IN EXCESS OF $3,000.  AND I

9   RECALL AT THAT HEARING, YOU PROVIDED NO EVIDENCE OF

10  SUPPORT FOR THE THINGS THAT YOU WERE REQUESTING AND

11  THAT IS PRECISELY WHY IT WAS DENIED AT THAT TIME.  THIS

12  COURT GAVE YOU EVERY OPPORTUNITY TO PRESENT EVIDENCE TO

13  THIS COURT WHY IT SHOULD GIVE YOU MONEY OVER $3,000.

14          WHEN THE COURT DENIED YOUR MOTION, WHAT DID

15  YOU DO?  YOU DEFIED THE COURT'S ORDER, THE PRELIMINARY

16  INJUNCTION, AND YOU DID IT ANYWAY UNDER THE GUISE OF

17  IT'S I.R.A. MONEY AND IT'S EXEMPT.

18          YOU KNOW, MR. FRIDMAN, MS. FRIDMAN, ONCE YOU

19  WITHDRAW MONEY FROM AN I.R.A., IT'S NOT IN THE I.R.A.

20  ANYMORE.  IF IT'S NOT IN THE I.R.A. ANYMORE, IT'S NOT

21  EXEMPT.  IT'S FREE MONEY FOR ANYBODY, YOU TO USE AND

22  YOUR CREDITORS TO GET.  AND ONCE YOU HAD THE RIGHT TO

23  USE THAT MONEY OUTSIDE OF THE I.R.A., YOU TOOK IT TO

24  THE BANK AND YOU GOT TWO CHECKS AND YOU GAVE THEM TO

25  MORRIS AND STONE.  THAT'S A BLATANT VIOLATION OF THE

26  COURT'S ORDER.  SO THAT IS PRECISELY WHY YOU FOLKS WERE

Exhibit 21    034

16

1   HELD IN CONTEMPT YET AGAIN.

2          YOU WILL BE SERVED WITH THE ORDER.  THIS

3   MATTER IS NOW CONCLUDED.

4       MOISEY FRIDMAN:  YOUR HONOR, MAY I?

5       KARL AVETOOM:  YOUR HONOR, WE WOULD REQUEST THE

6   MOTION FOR ATTORNEYS FEES?

7       THE COURT:  YES, YOU FILED YOUR MOTION FOR

8   ATTORNEYS FEES IN THE REGULARLY-NOTICED MOTION.  YOU

9   WILL BE AWARDED THE ATTORNEYS FEES.

10      KARL AVETOOM:  THANK YOU, YOUR HONOR.

11      MOISEY FRIDMAN:  YOUR HONOR?

12      THE COURT:  THE PROCEEDING IS CONCLUDED.

13      KARL AVETOOM:  THANK YOU, YOUR HONOR.

14      MOISEY FRIDMAN:  YOUR HONOR?

15      THE COURT:  YES.

16      MOISEY FRIDMAN:  MAY I SAY SOMETHING?

17      THE COURT:  IF IT'S ABOUT WHAT WE JUST HANDLED,

18  NO.  IF YOU HAVE A QUESTION ABOUT WHERE TO PAY THE

19  FINES, IT IS TO THE ORANGE COUNTY SUPERIOR COURT.

20      MOISEY FRIDMAN:  I UNDERSTAND.

21      THE COURT:  BUT I CAN'T HEAR ANYTHING MORE FROM

22  YOU OR HIM AT ALL ON THIS MATTER.  WE ARE DONE.  IT'S

23  OVER.

24      KARL AVETOOM:  I UNDERSTOOD THAT YESTERDAY.

25      MOISEY FRIDMAN:  YOUR HONOR, ROSA HAS NOTHING TO

26  DO -- IT'S --

Exhibit 21   035

17

1          THE COURT:  MR. FRIDMAN, THAT'S DONE.

2          MOISEY FRIDMAN:  IT'S FROM MY I.R.A.

3          THE COURT:  IF YOU HAVE NO FURTHER QUESTIONS ABOUT

4     HOW TO COMPLY WITH THE COURT'S CONTEMPT ORDER, I CAN'T

5     ANSWER ANY OTHER QUESTIONS THAT YOU HAVE OR HEAR

6     ANYTHING ELSE ABOUT THIS MATTER, OKAY?  IT IS

7     CONCLUDED.

8          KARL AVETOOM:  WE UNDERSTOOD THAT YESTERDAY.

9     THANK YOU.

10         THE COURT:  THANK YOU.

11                    (END OF PROCEEDINGS).

12                         *****

13                         *****

14

15

16

17

18

19

20

21

22

23

24

25

26

Exhibit 21    036

18

1                         REPORTER'S CERTIFICATE

2

3    STATE OF CALIFORNIA          )

4                                 ) SS.

5    COUNTY OF ORANGE             )

6

7         I, KAREN K. PUCKETT, CSR #12081, OFFICIAL COURT

8    REPORTER IN AND FOR THE SUPERIOR COURT OF THE STATE OF

9    CALIFORNIA, COUNTY OF ORANGE, DO HEREBY CERTIFY THAT

10   THE FOREGOING TRANSCRIPT IS A FULL, TRUE, AND CORRECT

11   TRANSCRIPT OF MY SHORTHAND NOTES AND A FULL, TRUE, AND

12   CORRECT STATEMENT OF THE PROCEEDINGS HAD IN SAID CAUSE.

13

14              DATED:_____January 28_____, 2015

15

16

17

18              _____

19                   KAREN K. PUCKETT, CSR #12081

20                   OFFICIAL COURT REPORTER

21

22

23

24

25

26

Exhibit 21    037

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

OPR 7451 Warner Ave #E191 Huntington Beach, CA 92647 Reg'd Process Server # 3050

A true and correct copy of the foregoing document entitled *Supplement to Plaintiff Karl Avetoom's Objections and Affirmative Defenses to Debtor's Claimed Homestead Exemption and Zoom Hearing Information* will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 22, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Karl T Anderson (TR) 2edansie@gmail.com, kanderson@ecf.axosfs.com
Michael J Hauser michael.hauser@usdoj.gov
Melissa Davis Lowe mlowe@shulmanbastian.com, avernon@shulmanbastian.com
Charles L Murray cmurray@cm3law.com, cm3esquire@gmail.com
Scott Talkov scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐   Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  9/30/2021  I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒   Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| January 20, 2022 | Sal W. Hanna | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-8
Case 8:21-bk-10513-ES
Central District of California
Santa Ana
Thu Sep 30 12:27:18 PDT 2021

Santa Ana Division
411 West Fourth Street, Suite 2030,
Santa Ana, CA 92701-4500

Beach Crest Villas Homeowners Association
1100 Rutland Rd
Newport Beach, CA 92660-4607

D. Michael Bush
2575 McCabe Way
Suite 260
Irvine, CA 92614-4298

Darling Risbrough
19200 Von Karman
Suite 750
Irvine, CA 92612-8519

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

I.C. System, Inc
Po Box 64378
Saint Paul, MN 55164-0378

John Daniel Ott
3020 Old Ranch Pkwy
Ste 300
Seal Beach, CA 90740-2751

Karl Avetoom
1100 Rutland Road
Newport Beach, CA 92660-4607

Law Office of John D. Ott, APC
3020 Old Ranch Parkway
Suite 300
3020 Old Ranch Parkway, Suite 300
Seal Beach, CA 90740-2751

Law Offices of Mokri & Associates
1851 E 1st Street
Suite 840
Santa Ana, CA 92705-4053

The Fridman Family Trust Established on Apri

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

Victor Balakin
101 N Ocean Dr Ste 132
Hollywood, CA 93019

CHARLES L MURRAY
8605 Santa Monica Blvd, PMB 82716
West Hollywood, CA 90026 United States 90069-

Karl Avetoom
1100 Rutland Rd #9
Newport Beach, CA 92660-4601

Karl T Anderson (TR)
340 South Farrell Drive, Suite A210
Palm Springs, CA 92262-7932

Rosa A Fridman
16542 Blackbeard Ln Unit 304
Huntington Beach, CA 92649-3439

Scott Talkov
Talkov Law
2900 Adams St Ste C225
Riverside, CA 92504-4385

Victor Balakin
101 N Ocean Dr Ste 132
Hollywood, CA 33019-1796

End of Label Matrix
Mailable recipients    19
Bypassed recipients     0
Total                  19