1  SCOTT TALKOV, State Bar No. 264676
TALKOV LAW CORP.
2  2900 Adams St Ste C225
Riverside, California 92504
3  Telephone: (951) 888-3300
Email: scott@talkovlaw.com
4

5  Attorneys for Debtor Rosa A. Fridman

6

7                    **UNITED STATES BANKRUPTCY COURT**

8            **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

9  In re                                          Case. No. 8:21-bk-10513-ES

10 ROSA A. FRIDMAN,                               Chapter 7

11            Debtor.                             **DEBTOR'S OPPOSITION TO
                                                  AVETOOM'S OBJECTION TO
12                                                HOMESTEAD EXEMPTION;
                                                  DECLARATIONS OF SCOTT TALKOV
13                                                AND ROSA FRIDMAN**

14                                                Hearing on Avetoom's Objection to Homestead
                                                  Exemption:
15                                                Date:      February 10, 2022
                                                  Time:      2:00 p.m.
16                                                Courtroom: Courtroom 5A
                                                             411 W. Fourth Street
17                                                           Santa Ana, CA 92701
                                                             Virtual appearance by Zoom.gov
18

19

20      TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY

21 JUDGE, CREDITOR KARL AVETOOM, THE U.S. TRUSTEE, AND ALL PARTIES IN

22 INTEREST:

23      Rosa A. Fridman ("Ms. Fridman"), Debtor in the above-captioned matter, hereby submits

24 the following opposition to objection of Creditor Karl Avetoom ("Avetoom") to the homestead

25 exemption of Ms. Fridman (the "Objection to Homestead Exemption" filed as BK Doc. 93) and

26 supplement thereto ("Supplement" filed as BK Doc. 112) as follows:

27

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION .................................................................................................. 3

II.     AVETOOM'S OBJECTION TO THE HOMESTEAD EXEMPTION DOES NOT
        STATE A CLAIM ................................................................................................ 4

        A.      Avetoom is Mistaken that the Debtor Did Not Claim the Automatic
                Homestead Exemption .............................................................................. 4

        B.      The Objection Fails to State Any Recognized Objection to the California
                Homestead Exemption .............................................................................. 6

III.    AVETOOM'S ALLEGED "CONTRACT" IS IRRELEVANT TO AN
        OBJECTION TO A CALIFORNIA HOMESTEAD EXEMPTION ...................... 8

        A.      The Case Relied Upon by Avetoom Found Consensual Liens of Relevance
                Only to Determining Whether a Judgment Impairs a Homestead Under
                522(f) .......................................................................................................... 8

        B.      The Unrecorded "Contract" is Not a "Lien" ............................................. 9

        C.      Avetoom's Own Declaration Admits the Alleged "Contract," Even if
                Relevant, is Unenforceable as it was Never Delivered as Required for
                Contract Formation ................................................................................... 9

        D.      Sadly, the "Contract" is Yet Another Fabricated Document, This Time with
                a Forged Signature of the Debtor ............................................................ 10

IV.     AVETOOM'S NEW THEORIES IN HIS "SUPPLEMENT" DO NOT FARE ANY
        BETTER ............................................................................................................. 11

        A.      The Automatic Homestead Claimed by the Debtor Controls Over the
                Outdated Limits on the Declared Homestead ........................................ 12

        B.      Avetoom's Reading of *Law v. Siegel* Merely Created a Waste of Judicial
                Resources in the case Cited by Avetoom ................................................. 14

        C.      First Alleged "Affirmative Defense" of Unclean Hands Doesn't Pan Out as
                Mr. Avetoom Fails to Draw the Required Connection to the Homestead
                Exemption ................................................................................................. 14

        D.      The Alleged "Contract" Does Not Support the Alleged Second "Affirmative
                Defense" of Equitable Estoppel ............................................................... 16

        E.      Third Alleged "Affirmative Defense" of Fraud Based on the Alleged
                "Contract" is Another *Non Sequitur* ...................................................... 17

V.      CONCLUSION .................................................................................................. 18

VI.     DECLARATION OF SCOTT TALKOV ............................................................. 20

VII.    DECLARATION OF ROSA FRIDMAN ............................................................. 22

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

## I.    INTRODUCTION

On April 28, 2021, this Court granted the Debtor's 522(f) motion to avoid Avetoom's liens as impairing her homestead exemption ("Order Granting 522(f) Motion"), overruling Mr. Avetoom's claims that the 2020 judgment is not a judicial lien that can be avoided. (Decl. Talkov, Ex. 1 (BK Doc. 45).)

On July 22, 2021, the state court rejected Avetoom's motion for "a modification of the Judgment to add and reflect that, through the settlement agreement within the present lawsuit, that defendant Rosa Fridman, voluntarily consented to the creation of a lien against her 68.3% interest in the subject real property (on Blackbeard Lane in Huntington Beach, CA)," finding that the "Court must DENY Plaintiff Avetoom's Motion to correct or modify the judgment." (Decl. Talkov, Ex. 2 (BK Doc. 86).)

On May 28, 2021, Shulman Bastian Friedman & Bui filed an application to be employed as counsel for Karl Anderson to "analyz[e] potential objections to the Homestead Exemption in the Property." (Decl. Talkov, Ex 3 (BK Doc. 75).)

On September 1, 2021, Karl Anderson, the Trustee hand-picked by Karl Avetoom, assisted by counsel from Shulman Bastian Friedman & Bui, issued a <u>no-asset</u> report after hours of examination of the 90-year-old widow without any objection to the Debtor's homestead exemption. (Decl. Talkov, Ex. 4 (BK Doc. Entry Dated Sep. 1, 2021).)

On September 27, 2021, the Debtor filed her appellee's brief in Avetoom's appeal the Order Granting 522(f) Motion explaining that none of Mr. Avetoom's litany of alleged issues on appeal could ever result in reversal of this Court's Order Granting 522(f) Motion. (Decl. Talkov, Ex. 5 (BAP Doc. 11).)

<u>Just three days later, on September 30, 2021</u>, Avetoom filed his Objection to Debtor's Claimed Homestead Exemptions ("Objection to Homestead Exemption"), setting forth numerous grounds upon which he believes the Debtor's homestead in her fractional interest in a modest condo should not apply. (BK Doc. 93.)

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1    Then, on January 20, 2022, Avetoom filed his supplement to the Objection to Homestead

2  Exemption ("Supplement to Objection to Homestead Exemption") raising another batch of issues.

3  (BK Doc. 112.)

4    The Objection to Homestead Exemption and Supplement thereto reflect that the Creditor

5  has no "ability to weed out claims that have no likelihood of success, instead of throwing in a

6  kitchen sink full of arguments with the hope that some argument will persuade the court." *Pollard*

7  *v. White*, 119 F.3d 1430, 1435 (9th Cir. 1997).

8    As explained below, none of Mr. Avetoom's theories pan out factually or legally. Instead,

9  Avetoom appears to be hoping that this Court spots some theory he has not already briefed.

10  Unfortunately, there is no such theory as the Debtor residing in the property on the petition date

11  with an intent to remain was sufficient to claim the automatic homestead, which easily covers her

12  modest, fractional interest in the small Orange County condo.[1]

13  **II.    AVETOOM'S OBJECTION TO THE HOMESTEAD EXEMPTION DOES NOT**

14  **STATE A CLAIM**

15    The essence of Mr. Avetoom's concerns are that he is having trouble understanding the

16  interplay between the automatic homestead, relevant for the amount of the homestead on the date

17  of the forced sale via the bankruptcy petition date, and the declared homestead, the latter relevant

18  only for the burden of proof largely irrelevant in this case, as explained below.

19    **A.    Avetoom is Mistaken that the Debtor Did <u>Not</u> Claim the Automatic**

20    **Homestead Exemption**

21    "Under California law, two species of homestead protection are available to judgment

22  debtors, the 'automatic' (or Article 4) homestead exemption and the 'declared' (or Article 5)

23  homestead protection, respectively. These protections are available under different circumstances,

24

25  _____

[1] Due to the disjointed and voluminous nature of the objections, this opposition attempts to
26  respond in a coherent matter to all of the concerns of Mr. Avetoom. If the Court believes any
concerns were not addressed, counsel for Debtor is glad to address them.

27

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1  they serve different purposes and they confer different rights on debtors." *In re Pass*, 553 B.R.

2  749, 756–57 (B.A.P. 9th Cir. 2016). *Pass* goes on to cite to the Ninth Circuit BAP ruling in *In re*

3  *Diaz*, 547 B.R. 329, 334 (B.A.P. 9th Cir. 2016), which found that: "The automatic homestead

4  exemption protects a debtor from a forced sale and requires that the debtor reside in the homestead

5  property at the time of a forced sale… Cal.Civ.Proc.Code §§ 704.710(a)-(c), 704.720, **704.730**,

6  704.740. The filing of a bankruptcy petition constitutes a forced sale for purposes of the automatic

7  homestead exemption." As the Ninth Circuit BAP made clear in 2020: "Cal. Code of Civil

8  Procedure ('C.C.P.') § 704.730 [is] also known as California's automatic…homestead exemption."

9  *In re Schaefers*, 623 B.R. 777, 781 (B.A.P. 9th Cir. 2020).

10         Contrary to this well-established rule of law, Avetoom's Objection to Homestead

11  Exemption sets forth its false premise as follows: "At no time in the history of this bankruptcy

12  case has Rosa Fridman ever claimed her Property was exempt under Article IV's 'automatic'

13  homestead exemption. Rather, Rosa Fridman has, at all times, asserted her rights to a 'declared

14  homestead' pursuant to Code of Civil Procedure § 704.930." (BK Doc. 93, p. 5, lns. 7-9.)

15         Avetoom is simply mistaken. Indeed, Ms. Fridman's one and only Schedule C listing her

16  exemptions accompanied her petition as BK Doc. 1, page 15, claiming her homestead exemption

17  in her fractional interest in the modest Blackbeard Lane condo under "704.730(a)(2)" as shown

18  below and attached as Exhibit 6:

19  

## Schedule C: The Property You Claim as Exempt    4/19

**Part 1:    Identify the Property You Claim as Exempt**

1.  Which set of exemptions are you claiming? *Check one only, even if your spouse is filing with you.*
    ☑ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)
    ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2.  For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>Check only one box for each exemption | Specific laws that allow exemption |
|---|---|---|---|
| 16542 Blackbeard Lane<br>Brief description:<br>Line from | $ 230,640.22 | ☑ $ 600,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Cal. Civ. Proc. Code § 704.730 (a)(2) |

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1    Mr. Avetoom's belief that the Debtor did not claim the automatic homestead exemption is

2    simply a mistake of law.

3    In fact, Mr. Avetoom doubles down on his misunderstanding in claiming that: "Under 9th

4    Circuit law, the declared homestead grants Rosa Fridman no benefit in a bankruptcy." (BK Doc.

5    93, p. 7, ln. 13.) *Rutter* draws a contrary conclusion in finding that "homeowners who create a

6    'declared homestead' by recording a homestead declaration and satisfying the residency

7    requirement receive certain benefits *in addition* to those provided by the 'automatic' homestead

8    exemption. [See Calif. CCP § 704.910(a)]" *Rutter*, Specific Exemptions, Cal. Prac. Guide

9    Bankruptcy Ch. 7-D, 7:506.

10    As to these benefits, Judge Clarkson explained these well in *Nolan* as follows: "Generally,

11    'the exemption claimant has the burden of proof.' Cal. Civ. Proc. Code § 703.580(b). 'A more

12    nuanced burden governs homestead exemptions.' *Tallerico*, 532 B.R. at 780. Pursuant to Cal. Civ.

13    Proc. Code § 704.780(a), the burden to show a debtor's entitlement to a homestead exemption rests

14    with the debtor, <u>unless a declared homestead has been recorded</u>. Cal. Civ. Proc. Code §

15    704.780(a)." *In re Nolan*, 618 B.R. 860, 865 (Bankr. C.D. Cal. 2020), *aff'd*, No. 5:20-CV-01496-

16    MCS, 2021 WL 528679 (C.D. Cal. Feb. 12, 2021).

17    Accordingly, the Debtor properly claimed the automatic homestead and gained the benefit

18    of shifting the burden of proof to Mr. Avetoom to show that she is not entitled to the automatic

19    homestead. As such, Mr. Avetoom's misreading of the facts and the law appear to be at the center

20    of his Objection to Homestead Exemption, not any reasoned view of the law.

21    **B.    The Objection Fails to State Any Recognized Objection to the California**

22    **Homestead Exemption**

23    "Thus, the automatic homestead exemption…is an 'exemption' in the familiar bankruptcy

24    law sense: it prevents the judgment creditor (or the bankruptcy trustee) from forcing a sale of the

25    homestead unless there is sufficient equity to pay the debtor the amount of the exemption. The

26    debtor is entitled to be paid ahead of the judgment creditor or trustee. CCP § 704.850(a)(1)-(4).

27    The exemption protects a 'homestead,' defined as a dwelling in which the debtor or the debtor's

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1  spouse resided on the date the judgment creditor's lien attached (in bankruptcy, the petition date)

2  and has resided continuously until the court's determination that the dwelling is a homestead. CCP

3  § 704.710(c). Thus, this protection is available in bankruptcy if the debtor was living in the home

4  on the petition date. The exemption is 'automatic' in the sense that it requires no affirmative act by

5  the debtor to make it effective; rather, it applies automatically to any dwelling that meets the

6  definition." *In re Pass*, 553 B.R. 749, 757 (B.A.P. 9th Cir. 2016).

7      There are generally two common grounds for an objection to a California homestead

8  exemption. First: "The homestead exemption applies to the principal 'dwelling' in which the

9  debtor or debtor's spouse resided on the date the bankruptcy petition was filed. [See Calif. CCP §

10  704.710(c); *In re Kelley* (9th Cir. BAP 2003) 300 BR 11, 21—debtor who did not reside at

11  property on petition date not entitled to homestead exemption….]" *Rutter*, Specific Exemptions,

12  Cal. Prac. Guide Bankruptcy Ch. 7-D, 7:494.

13      However, Avetoom's Objection to Homestead Exemption makes no allegation that the

14  Blackbeard Property was not the principal dwelling in which Ms. Fridman resided on the date the

15  bankruptcy petition was filed. Indeed, the Debtor declared just the opposite. (Decl. Talkov, Ex. 7

16  (BK Doc. 27, p. 26, ¶ 5).)

17      The second common ground for an objection to a California homestead exemption that the

18  debtor's interest in the property exceeds the monetary cap: "Effective January 1, 2021, the

19  homestead exemption amount is…the countywide median sale price for a single-family home in

20  the calendar year prior to the year in which the judgment debtor claims the exemption, not to

21  exceed $600,000." *Rutter*, Specific Exemptions, Cal. Prac. Guide Bankruptcy Ch. 7-D, 7:512.

22      However, Avetoom's Objection to Exemption makes no allegation that the Debtor's 68.3%

23  interest in the Blackbeard Property with a total value of $337,687 could possible be worth more

24  than $600,000. (See BK Doc. 13, p. 71, ¶ 6.)

25      Given that Avetoom's Objection to Homestead Exemption makes no objections on any

26  recognized grounds, a close reading of the Objection suggests it should simply be denied out of

27  hand as failing to state any claim upon which this Court could grant relief.

---

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**III.    AVETOOM'S ALLEGED "CONTRACT" IS IRRELEVANT TO AN OBJECTION TO A CALIFORNIA HOMESTEAD EXEMPTION**

Luckily for this Court, it need not delve into the "Contract" alleged by the Debtor to be, sadly, another fabrication. Rather, the document, even if valid, is wholly irrelevant to an objection to homestead exemption, contrary to Mr. Avetoom's belief.

**A.    The Case Relied Upon by Avetoom Found Consensual Liens of Relevance Only to Determining Whether a Judgment Impairs a Homestead Under 522(f)**

The essence of Avetoom's Objection to Homestead Exemption is under the heading "A Debtor Cannot Exempt Real Property She Has Fullly [*sic*] Impaired Voluntarily." (BK Doc. 93, p. 8, lns. 15-16.)

In support of this argument, Avetoom cites two cases addressing <u>only 522(f) lien avoidance motions</u> as follows: "The Court in *In re Keenan* (Bankr. D. Colo. 1989) 106 B.R. 239, 243 held 'A debtor is not allowed to exempt real property which he has voluntarily impaired.' Citing*, In re Grosso,* 51 B.R. 266 (Bankr.D.N.M.1984) (debtor was not entitled to the homestead exemption that he had fully impaired through a consensual lien)". The Court in *In re Grosso*, 51 B.R. at 271, explained 'If the amount of the consensual lien is equal to or exceeds the allowed exemption, the debtor will be found to have fully impaired his exemption and will not be allowed to avoid judgment liens in order to reclaim it. Accord *In re Murray* (Bankr. C.D. Cal. 1989) 105 B.R. 576, 582." (BK Doc. 93, p. 9, lns. 13-19.)

Unfortunately for Mr. Avetoom, he is simply quoting cases relating to 522(f) motions to avoid liens. Notably, the quote from *In re Keenan*, 106 B.R. 239, 243 (Bankr. D. Colo. 1989) merely relates to the issue of "whether the debtor is entitled to void this creditor's judicial lien pursuant to § 522(f)." In fact, *Keenan* made clear that the case did not relate to any objection to exemption, instead finding that "a judicial lien creditor does not have a burden to object to a homestead exemption claim within the time allowed under Rule 4003 and may raise an objection to the exemption claimed as a defense to the § 522(f) lien avoidance proceeding." *In re Keenan*, 106 B.R. 239, 243 (Bankr. D. Colo. 1989).

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1    In fact, *Grosso* is also another 522(f) case, which found that: "If the amount of the

2    consensual lien is equal to or exceeds the allowed exemption, the debtor will be found to have

3    fully impaired his exemption and will not be allowed to avoid judgment liens [under 522(f)] in

4    order to reclaim it." *In re Grosso*, 51 B.R. 266, 271 (Bankr. D.N.M. 1984)

5    Even further, *Murray* merely rated to the "Lien Avoidance Claim of Debtor, 11 U.S.C. §

6    522(f)." *In re Murray*, 105 B.R. 576, 580 (Bankr. C.D. Cal. 1989).

7    Avetoom's citations to *Keenan*, *Grosso*, and *Murray* are to cases related to lien avoidance

8    under 522(f), not to objections to exemption under FRBP 4003(b). Since the authorities have

9    nothing to do with this area of law, the argument about voluntary liens being relevant to a

10    homestead exemption should be summarily rejected.

11    **B.    The Unrecorded "Contract" is Not a "Lien"**

12    While the Objection to Homestead Exemption refers to the unrecorded "Contract" as a

13    lien, the law provides otherwise. "A lien to enforce a simple contractual obligation, however,

14    cannot be created unless the party has reduced the obligation to a judgment and an abstract of

15    judgment is filed in the County Recorder's Office." *Isaac vs. City of Los Angeles* (1998) 66 Cal.

16    App. 4th 586, 598. Since Mr. Avetoom did not perfect his "Contract" in advance of bankruptcy,

17    there is no reason to indulge the argument of whether a lien was created under some extraordinary

18    exception to the general rule of perfection.

19    **C.    Avetoom's Own Declaration Admits the Alleged "Contract," Even if Relevant,**

20    **is Unenforceable as it was Never Delivered as Required for Contract Formation**

21    In attempting to provide a believable story as to why no one other than Mr. Avetoom has

22    ever seen the "Contract," Avetoom accidentally admitted that the "Contract" is missing an element

23    needed for contract formation.

24    Specifically, Mr. Avetoom's declaration sets forth (at ¶ 9) that: "Attached to my

25    declaration as Exhibit "7" is a true and correct copy of the Contract entered into between myself

26    and Rosa Fridman on or around October 3, 2019 after Rosa Fridman" at the Orange County

27    Superior Courthouse – Central Justice Center. He continues that: "On that day, Rosa Fridman's

---

**DEBTOR'S OPPOSITION TO AVETOOM'S OBJECTION TO HOMESTEAD EXEMPTION;**
**DECLARATIONS OF SCOTT TALKOV AND ROSA FRIDMAN**

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1    son… demanded he take the 'Contract' for two weeks, without explaining why. <u>I refused to give</u>

2    <u>the Contract to him</u>…." Reading between the lines, Mr. Avetoom is stating that he never provided

3    the Debtor or anyone acting as her agent, i.e., her son, with the "Contract."

4    Unfortunately for Mr. Avetoom, the law would treat any document not provided to both

5    parties as a mere draft. "It is, of course, elementary that delivery of an instrument is a prerequisite

6    to its validity and its binding effect upon the party signing the same. Without delivery, it is a mere

7    scrap of paper, and is ineffective for any purpose." *Hudemann v. Dodson*, 215 Cal. 3, 6 (Cal.

8    1932).

9    Since Mr. Avetoom admits that he merely placed the "Contract" in his back pocket and

10    never provided it to the Debtor at any time prior to the Petition Date, the document is a mere piece

11    of paper, ineffective for any purpose. Ergo, this Court can simply ignore the section that follows

12    alleging that, once again, a preponderance of the evidence suggests that the "Contract" is yet

13    another manufactured document intended to interfere with the truth seeking function of the Court.

14    **D.    Sadly, the "Contract" is Yet Another Fabricated Document, This Time with a**

15    **Forged Signature of the Debtor**

16    Luckily for this Court, the lack of authenticity of the alleged "Contract" is wholly

17    irrelevant to the Debtor's entitlement to a homestead exemption. However, if this Court finds the

18    document relevant to any established rule of law, it should rest assured that the document is a mere

19    fabrication, which explains why it has magically appeared in this case with no evidence that it ever

20    existed prior to Avetoom (mistakenly) believing the document would be relevant.

21    Notably, the alleged "Contract" is dated the same day as a minute order of the Court where

22    no mention is made of this allegedly important document having been signed, despite the minute

23    order reflecting the far less important payment of "$59" by the Debtor to Mr. Avetoom. (Decl.

24    Talkov, Ex. 8.) This Court can rest assured that Mr. Avetoom, a law school graduate, would have

25    been sure to place on the record the more important fact of the alleged "Contract" being signed, if

26    it was really signed on that day.

27

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1       Most telling of all is Mr. Avetoom's trademark for his forged (or at least questioned)

2  documents: He always goes overboard to produce a document that, if real, is so beyond question

3  that is becomes a "smoking gun." In typical fashion, the alleged "Contract" goes overboard in

4  trying to prove that Rosa Fridman signed the document by including not one but two witnesses-

5  mere "bystanders" who allegedly just happened to have been watching.

6       As it turns out, both signatures are mere accomplices of Avetoom's forgery ring centered

7  around "Litigation Investigators" (https://www.litigationinvestigators.com/), an outfit that appears

8  to provide any witness that Mr. Avetoom may need in litigation (apparently, once the

9  "investigation" runs dry). Indeed, the signature of "Amy Stanton" is a mere associate of Litigation

10  Investigators who has signed countless proofs of service claiming to have served Rosa Fridman.

11  (Decl. Talkov, Ex. 9 and ¶ 10.)

12       Even more unfortunate is that Mr. Avetoom is having trouble keeping his story straight

13  about the other supposed witness, "Herbert Conrad," a "former" LAPD officer. This Court should

14  not be required to determine whether Mr. Avetoom was being less than candid in his state court

15  action to set aside his criminal conviction for forgery by claiming that he received in the mail in

16  July 2020 a document signed by Mr. Conrad in 1996 that proves his innocence just to find this

17  document to be potentially admissible. (Decl. Talkov, Ex. 10 (Adv. Doc. 78) (fully explaining this

18  issue).) Rather, the "Contract" should simply be excluded as both legally irrelevant and

19  inadmissible based on a lack of foundation.

20       Luckily for this Court, it need not weigh in on whether the document is a mere forgery

21  bearing backdated signatures of supposed witnesses who never witnessed this non-existent event.

22  Rather, this Court can simply deny the motion because the "Contract" is totally irrelevant to an

23  objection to homestead.

24  **IV.     AVETOOM'S NEW THEORIES IN HIS "SUPPLEMENT" DO NOT FARE ANY**

25                      **BETTER**

26

27

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1    In what appears to be a tacit admission that the Objection to Homestead Exemption does

2 not state a claim, Avetoom filed a Supplement to the Objection to Homestead Exemption.

3 However, none of these new theories pan out, either.

4    **A.    The Automatic Homestead Claimed by the Debtor Controls Over the**

5    **Outdated Limits on the Declared Homestead**

6    Recycling an argument that has been long rejected the Ninth Circuit BAP, the Supplement

7 to Objection to Homestead Exemption argues that: "Under the declared homestead California law,

8 since there were liens in place before the January 1, 2021 increase in the homestead value, Debtor

9 is subject to a statutory limitation under C.C.P. § 704.965. By statute Debtor is not subject to the

10 increased value she now claims." (BK. Doc. 112, p. 5, lns. 21-24.)

11    The Ninth Circuit BAP wholly rejected this theory in *In re Zall*, No. BAP.EC-05-1476-

12 MOSB, 2006 WL 6811022, at *4 (B.A.P. 9th Cir., Sept. 5, 2006), finding that:

13    Creditor relies primarily on two cases to make its argument. In *In re Morgan*, 157 B.R. 467
    (Bankr.C.D.Cal.1993), the bankruptcy court relied on state court decisions and language in
14    CCP § 704.965 to hold that the debtor was only eligible for the lesser, earlier declared
    homestead exemption amount. *Id*. at 469, 470. The second case, *Bernhanu v. Metzger*, 12
15    Cal.App. 4th 445 (Cal.Ct.App.1992), does not address the application of the section 522
    exemption laws. In *Bernhanu*, the court limited the debtor to the lower exemption amount
16    that was in effect at the date the judgment lien was fixed, relying also on CCP § 704.965.
    *Id.* at 448.
17

18    Unlike the present case, neither *In re Morgan* nor *Bernhanu* pertained to the automatic
    homestead exemption statute. Further, both cases were decided prior to the 1994 revisions
19    of the Bankruptcy Code that altered section 522. Most importantly, since these cases were
    decided, this panel has issued *In re Mayer*[, 167 B.R. 186, 188–189 (B.A.P. 9th Cir. 1994)]
20    and held that the date for the determination of the homestead exemption amount is the date
    on which debtors file a bankruptcy petition.
21

22    Creditor asserts that because California opted out of the federal bankruptcy scheme as
    permitted under section 522(b)(2)(A), California exemption rules alone should apply.
23    Indeed, CCP § 703.050 states that the exemption amount is determined "by application of
    the exemption statutes in effect (1) at the time the judgment creditor's lien on the property
24    was created." The policy, however, of allowing states to opt out of the federal exemption
    scheme is not absolute. Rather, courts must apply state exemption statutes "along with
25    whatever other competing or limiting policies the statute contains." *Owen,* 500 U.S. at 315.
    Essentially, the state law exemption statutes must not conflict with the general policies
26    underlying the Bankruptcy Code, or section 522 specifically. *In re Charnock*, 318 B.R. at
    727. "To the extent that the California exemption law attempts to establish a procedure that
27

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

overrides the well-settled bankruptcy law regarding the date for determining an exemption, it is preempted." *In re Kim*, 257 at 687.

The Ninth Circuit BAP also rejected this theory in the case of *In re Mayer*, 167 B.R. 186, 188–189 (B.A.P. 9th Cir. 1994), reaching the same conclusion that:

> **Exemptions are determined as of the date the bankruptcy petition was filed.** *In re Herman*, 120 B.R. 127, 130 (9th Cir. BAP 1990), *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), § 522(b)(2)(A).
>
> Mayer relied on Cal.Civ.Proc.Code §§ 704.710 and 704.730(a)(3)(C) to claim a homestead exemption of $100,000 in the property…. Mayer fulfilled all the requirements for the homestead exemption which he claimed. He lived on the property on the date he filed bankruptcy, he was over 55, married, and his household income was under $20,000. Therefore, on the date the petition was filed, he qualified for a homestead exemption in the property in the amount of $100,000 under Cal.Civ.Proc.Code § 704.730(a)(3)(C).
>
> The Nadels' judgment lien is not relevant in determining whether Mayer is entitled to the homestead exemption listed in his schedules. The filing of the petition constitutes an attempt by the trustee to levy on the property. It is this hypothetical levy the court must focus on in analyzing Mayer's entitlement to a homestead exemption. See, *Morgan*, 149 B.R. at 153. The existence of the Nadels' judgment lien may impact a trustee's decision to abandon or sell property of the estate, but it does not affect the exemption that Mayer is entitled to claim.

*In re Mayer* relied upon the Ninth Circuit BAP in *In re Thomas K. Morgan*, 149 B.R. 147, 153 (B.A.P. 9th Cir. 1993) to reach the same conclusion in finding that "the court must essentially treat the judicial lien as non-existent <u>until the date of the bankruptcy at which time there is a hypothetical attempt to levy on the property by the trustee.</u>"

Even the California Court of Appeal in *Webb v. Trippet*, 235 Cal.App.3d 647, 651 (Cal. App. 1991) reached the same conclusion in finding that: "The declared homestead provisions and the automatic exemption law each confer different rights on the homesteader, and there is no overlap between these rights. One may have rights under the declared homestead law, or rights under the automatic exemption law, or both, or neither. (See *In re Anderson* (9th Cir.1987) 824 F.2d 754, 756.) However, the fact that one set of statutes refers to the other in some manner does not blur the distinctions between the rights each confers on the homesteader."

---

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1    This Court should reject Avetoom's invitation to reversable error by ignoring that the

2    automatic homestead controls in bankruptcy even if a debtor has previously recorded a declared

3    homestead.

4    **B.     Avetoom's Reading of *Law v. Siegel* Merely Created a Waste of Judicial**

5    **Resources in the case Cited by Avetoom**

6    The essence of Avetoom's supposed "affirmative defenses" to a homestead are that "the

7    Supreme Court, the Ninth Circuit and Ninth Circuit Bankruptcy Appellate Panel have instructed

8    [that] this court can apply California state law to determine whether the Debtor's homestead

9    exemption may be disallowed based on the equitable doctrines asserted by the Creditor." (BK.

10   Doc. 112, p. 6, lns. 20-22.) Specifically, he claims that: "The Ninth Circuit Bankruptcy Appellate

11   Panel has…held that after *Law v. Siegel*, bankruptcy courts must look to state law and not section

12   105(a) in determining whether there is a basis to disallow an exemption," claiming as "instructive"

13   the case of "*In re Gilman* (9th Cir. 2018) 887 F.3d 956, 966," which Avetoom describes as

14   "allowing a bankruptcy court to apply state based equitable defenses against a state based

15   exemption." (BK Doc. 112, p. 6, lns. 15-19.)

16   However, *Gillman* was merely another creditor with theories that didn't pan out, as Judge

17   Kaufman of the Central District of California Bankruptcy Court held "that the equitable theories

18   set forth by Creditors do not prevent Debtor from claiming a homestead exemption under CCP §

19   704.730. The Court will overrule the Objection." *In re Gilman*, 608 B.R. 714, 730 (Bankr. C.D.

20   Cal. 2019), *aff'd*, No. 1:11-BK-11603-VK, 2020 WL 7087703 (C.D. Cal. Oct. 28, 2020).

21   This Court need not indulge Avetoom in a waste of judicial resources on "affirmative

22   defenses" that do not state a claim.

23   **C.     First Alleged "Affirmative Defense" of Unclean Hands Doesn't Pan Out as**

24   **Mr. Avetoom Fails to Draw the Required Connection to the Homestead Exemption**

25   In the adversary, this Court showed a particular reluctance to engage in an unclean hands

26   defense upon the allegation that Mr. Avetoom had submitted fabricated documents in that

27

1   adversary. (See Adv. Doc. 35 (Debtor's motion to amend answer to allege unclean hands; Denied

2   by Court).)

3       However, Avetoom seeks to apply unclean hands in this homestead exemption by alleging

4   facts that do not meet the law. (BK Doc. 112, p. 7, lns. 1-3.)

5       Even in the case cited by Avetoom, Judge Kaufman found that "none of the cases cited by

6   Creditors involved a court disallowing a homestead exemption based on a debtor's 'unclean

7   hands.'" *In re Gilman*, 608 B.R. 714, 724–25 (Bankr. C.D. Cal. 2019), *aff'd*, No. 1:11-BK-11603-

8   VK, 2020 WL 7087703 (C.D. Cal. Oct. 28, 2020). Instead, Judge Kaufman in *Gilman* cited "the

9   general legal standard for the doctrine of unclean hands" as showing that the claim had no merit as

10  follows:

> The misconduct that brings the unclean hands doctrine into play must relate directly to the
> cause at issue. Past improper conduct or prior misconduct that only indirectly affects the
> problem before the court does not suffice. <u>The determination of the unclean hands defense</u>
> <u>cannot be distorted into a proceeding to try the general morals of the parties.</u> Courts have
> expressed this relationship requirement in various ways. <u>The misconduct "must relate</u>
> <u>directly to the transaction concerning which the complaint is made, i.e., it must pertain to</u>
> <u>the very subject matter involved and affect the equitable relations between the litigants."</u>
> "[T]here must be a direct relationship between the misconduct and the claimed injuries ...
> so that it would be inequitable to grant [the requested] relief." "The issue is not that the
> plaintiff's hands are dirty, but rather that the manner of dirtying renders inequitable the
> assertion of such rights against the defendant." The misconduct must "prejudicially affect
> ... the rights of the person against whom the relief is sought so that it would be inequitable
> to grant such relief.''

19      Here, Avetoom draws no connection between the Debtor's miniscule homestead worth

20  about $230,000 purchased with the Debtor's homestead from her prior bankruptcy where her

21  home was sold by the Chapter 7 Trustee and any alleged bad acts. Instead, Avetoom offers his

22  interpretation of the Debtor's pre-bankruptcy counseling course responses to argue that there must

23  be unscheduled assets, none of which he can identify and none of which the Trustee located before

24  declaring this case to be "no asset." (BK Doc. 112, p. 7, lns. 5-8.) Avetoom also cites his state

25  court orders obtained through his persistent litigation as supposedly showing that the Debtor must

26  be an awful person. (BK Doc. 112, p. 7, lns. 9-12.) None of this is relevant to unclean hands.

27

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1    This Court should reject Avetoom's invitation to try the general moral of the parties by

2    denying this alleged affirmative defense, to the extent it even exists as a matter of law.

3    **D.    The Alleged "Contract" Does Not Support the Alleged Second "Affirmative**

4    **Defense" of Equitable Estoppel**

5    Avetoom's Supplement to Objection to Homestead Objection claims that the alleged

6    "Contract" also supports an affirmative defense of equable estoppel.

7    Even in the case cited by Avetoom, Judge Kaufman found that: "Once again, Creditors do

8    not present California law applying the doctrine of equitable estoppel to bar a debtor's claim of a

9    homestead exemption." *In re Gilman*, 608 B.R. 714, 727 (Bankr. C.D. Cal. 2019), *aff'd*, No. 1:11-

10    BK-11603-VK, 2020 WL 7087703 (C.D. Cal. Oct. 28, 2020). Ultimately, Judge Kaufman found

11    that: "Creditors' equitable estoppel theory does not serve to bar Debtor's claim of a homestead

12    exemption."

13    "The doctrine of equitable estoppel…provides that a person may not deny the existence of

14    a state of facts if he intentionally led another to believe a particular circumstance to be true and to

15    rely upon such belief to his detriment. The elements of the doctrine are that (1) the party to be

16    estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or

17    must so act that the party asserting the estoppel has a right to believe it was so intended; (3) the

18    other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his

19    injury." *Alameda Cty. Deputy Sheriff's Ass'n v. Alameda Cty. Employees' Ret. Ass'n*, 9 Cal. 5th

20    1032, 1072 (Cal. 2020).

21    Here, Avetoom claims the Debtor signed the alleged "Contract," that the "Contract" called

22    for Avetoom not to initiate foreclosure, and that it also represents that the Debtor would not file

23    for bankruptcy protection. (BK Doc. 112, p. 8, lns. 4-12.) However, the alleged "Contract" doesn't

24    contain any representations about not filing for bankruptcy. Rather, the document sets forth that

25    Avetoom will not "initiate any foreclosure" so long as certain conditions have not occurred. In

26    turn, it provides that the Debtor will pay the taxes, HOA dues, etc. (BK Doc. 93, p. 77.) In fact,

27

1   seemingly, any alleged "Contract" would be superseded by the 2020 judgment entered into one

2   year later. (BK Doc. 93, p. 72-74.)

3        Even if the alleged "Contract" did say what Avetoom thinks it says, there are no facts to

4   support Avetoom's claim that "Rosa Fridman planned on filing bankruptcy as far back as July

5   2019 concealing this fact while entering into a Settlement Agreement on July 9, 2019 and a

6   contract to form a consensual lien on October 3, 2019. Rosa Fridman signed up for a bankruptcy

7   class in July 2019 establishing her intent to use bankruptcy to avoid the Settlement Agreement and

8   consensual lien." (BK. Doc. 112, p. 8, lns. 24-27.) If Avetoom had any evidence in support of this

9   theory, he would have attached it to his motion. This failure is dispositive.

10       There is simply no law, no facts, nor any plausible theory in support of this affirmative

11   defense. The Debtor, then age 88, did not outsmart Mr. Avetoom, a law school graduate, in the

12   negotiation of the alleged "Contract." Rather, this theory should be wholly rejected.

13   **E.    Third Alleged "Affirmative Defense" of Fraud Based on the Alleged**

14        **"Contract" is Another _Non Sequitur_**

15       In the last and final alleged "affirmative defense" in the Supplement to the Objection to

16   Homestead Exemption, Avetoom claims that "fraud" can be the source of the denial of a

17   homestead exemption without citation to any case that has ever accepted such a premise.

18       Specifically, the Supplement claims that the Debtor "promised to perform [under the 2020

19   stipulated judgment], with no intent on performing as she had already anticipated filing

20   bankruptcy." (BK Doc. 112, p. 9, lns. 18-23.)

21       However, no evidence is provided supporting this theory that the Debtor "had already

22   anticipated filing bankruptcy." Rather, Avetoom made a strategic decision to hold off on a

23   sheriff's sale of the Debtor's house due to the Debtor's homestead exemption then of $175,000 as

24   it would have produced little value from her interest worth perhaps $230,000. Instead, he hoped to

25   execute only once the Debtor could not claim a homestead, e.g., after moving out of the property.

26       Unfortunately for Avetoom, that strategic decision did not turn out well. Rather, on August

27   13, 2020, Avetoom and the Debtor entered into a stipulated judgment. (BK Doc. 93, p. 72-74.)

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1  Just one month later on September 18, 2020, Governor Newsom signed AB 1885 into law[2],

2  thereby increasing the homestead exemption to $600,000 for Orange County. This protected the

3  entirety of the Debtor's homestead interest.

4      The change in the homestead law effective January 1, 2021, has been to the chagrin of

5  many creditors, Mr. Avetoom included. However, this displeasure with the California legislature

6  does not create a cause of action against every debtor in bankruptcy, or an affirmative defense to

7  the use of the new homestead law.

8      Indeed, Avetoom claims that "as part of the July 2019 Settlement Agreement," the Debtor

9  did "not disclos[e] that she would later use bankruptcy to claim the agreed upon creation of a

10  judgment and its recordation as part of the Settlement would be claimed as an involuntary lien and

11  avoided in a bankruptcy case." (BK Doc. 112, pp. 9:27-10:2.) In reality, this is Avetoom's way of

12  objecting to the decided law from *In re Applebaum*, 162 B.R. 548 (Bankr. E.D. Cal. 1993) that the

13  2020 stipulated judgment is indeed a judicial lien that can be avoided in bankruptcy, as this Court

14  already declared in granting the lien avoidance motion. (See BK Doc. 45.) The documents

15  presented by Avetoom present no affirmative representation that the Debtor would never use

16  bankruptcy, supposing such a representation would even give rise to any claim for relief.

17      As explained above, the Supplement to Objection to Homestead Objection merely lists

18  several theories, none of which pan out. The truth is that Mr. Avetoom is hoping this Court

19  independently spots some wrongdoing that he has yet to find. Unfortunately for Mr. Avetoom,

20  there is no such wrongdoing.

21                          **V.      CONCLUSION**

22      The Objection to Homestead Exemption reflects Creditor Karl Avetoom's is hoping for a

23  do-over of this prolonged bankruptcy in which nothing has gone his way, including the following:

24      1)  The Debtor's motion to avoid Karl Avetoom's liens, which was granted in full.

25  _____

26      [2] The legislative history is online at:
    https://leginfo.legislature.ca.gov/faces/billHistoryClient.xhtml?bill_id=201920200AB1885

27

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

2) Avetoom's initial motion to dismiss for bad faith, which was summarily rejected by this Court.

3) Avetoom's state court motion to enforce his judgment requesting a finding that the lien from the Debtor was a consensual lien, rather than being a judicial lien (to be avoided by §522(f)) - which the state court wholly rejected.

4) Avetoom's appeal of the Debtor's motion to avoid the lien, which raises a litany of issues not raised in this Court along with other issues that do not change the outcome of the case.

5) Despite Avetoom calling for the election of Karl Anderson as trustee, and that new Trustee hiring counsel, along with conducting numerous continued meetings of creditors, the Debtor's case has ultimately been declared no asset.

6) Avetoom's second motion to dismiss, which was denied by this Court upon declaring that it represented "a new low" for the creditor's litigation strategy.

7) Avetoom's adversary seeking nondischargeability, which is now the subject of a forthcoming motion for monetary sanctions for what the Debtor has alleged is Avetoom's fabrication of documents in that adversary.

It goes without saying that Mr. Avetoom is not pleased with the legislature's decision to increase the homestead exemption, nor Debtor's decision to file bankruptcy to utilize this new law. However, Avetoom's Objection to Homestead Exemption fails to state a claim for relief.

It is time for this base bankruptcy case to reach its natural conclusion. Based on the foregoing, Debtor respectfully requests that this Objection to Homestead Exemption be denied with prejudice.

Date: January 27, 2022

TALKOV LAW CORP

*Scott Talkov*

Scott Talkov
Attorneys for Debtor Rosa A. Fridman

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

## VI.    DECLARATION OF SCOTT TALKOV

I, Scott Talkov, declare:

1.      I am an attorney duly licensed to practice in all court of the State of California and am an Attorney with Talkov Law Corp., attorneys of record for Debtor, Rosa Fridman. The facts set forth herein are of my own personal knowledge and if sworn I could and would competently testify thereto.

2.      Attached as Exhibit 1 is a true and correct copy of this Court's order granting the Debtor's motion to avoid liens under 522(f).

3.      Attached as 2 is a true and correct copy of the lodgment of the state court order denying Mr. Avetoom's motion to declare that the 2020 judgment was not a judicial lien for which Mr. Avetoom asked the Ninth Circuit BAP for additional time to allow this ruling to come out under the belief it would help his case.

4.      Attached as Exhibit 3 is a true and correct copy of the application to employ counsel by Karl Anderson, the Chapter 7 trustee selected by Karl Avetoom in this action.

5.      Attached as Exhibit 4 is a true and correct copy of the no asset report I received.

6.      Attached as Exhibit 5 is a true and correct copy of the face page and table of contents of the briefing on appeal of the order granting the 522(f) motion to avoid liens reflecting the numerous issues raised by Karl Avetoom that were not raised in this Court.

7.      Attached as Exhibit 6 is a true and correct copies of the portion of the Debtor's schedules claiming the automatic homestead exemption up to $600,000.

8.      Attached as Exhibit 7 is a true and correct copy of the declaration of the Debtor attesting to her intent to reside at the residence filed as BK Doc. 27, p. 26.

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

9.      Attached as Exhibit 8 is the minute order of the state court dated October 3, 2019, the same date as the alleged "Contract," as filed by Karl Avetoom as BK Doc. 31, pp. 28-29. The minute order notes unimportant events, such as "Judgment Creditor was handed $59 in cash in open court," but does not mention the alleged "Contract."

10.     The purported "Contract" supposedly bears the signature of "Amy Stanton." Attached as Exhibit 9 is a true and correct copy of a proof of service as to Rosa Fridman filed post-petition by Karl Avetoom (in apparent violation of the automatic stay) that is signed by "Amy Stanton" of "Litigation Investigators." As previously provided to this Court, Barry Brooks, a declarant used by Karl Avetoom, appeared on the website of Litigation Investigator. Further, Bryan Swezea, another declarant used by Karl Avetoom, also appeared on the website of Litigation Investigator as its webmaster.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 27, 2022 at Riverside, California.

*Scott Talkov*
Scott Talkov

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1

## VII.    DECLARATION OF ROSA FRIDMAN

2      I, Rosa Fridman, declare:

3      1.      I am Rosa Fridman, the Debtor herein. I am over the age of 18, age 90 to be exact.

4  The facts set forth herein are of my own personal knowledge and if sworn I could and would

5  competently testify thereto.

6      2.      I have reviewed the document entitled "Contract" attached to Karl Avetoom's

7  Objection to Homestead Exemption as Bankruptcy Doc. 93, page 77, referred to herein as the

8  alleged "Contract."

9      3.      The signature above the word "Debtor" on the alleged "Contract" is not my

10 signature.

11     4.      Sadly, I believe this purported signature on the alleged "Contract" to be a forgery.

12     I declare under penalty of perjury under the laws of the State of California that the

13 foregoing is true and correct.

14     Executed on January 27, 2022 at Huntington Beach, California.

15

16                                                                 _____

17                                                                 Rosa Fridman

18

19

20

21

22

23

24

25

26

27

# Exhibit 1

SCOTT TALKOV, State Bar No. 264676
TALKOV LAW CORP.
2900 Adams St Ste C225
Riverside, California 92504
Telephone: (951) 888-3300
Email: scott@talkovlaw.com

Counsel for Debtor Rosa Fridman



FILED & ENTERED

APR 28 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY duarte    DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

In re

ROSA A. FRIDMAN,

Debtor.

Case No. 8:21-bk-10513-ES

Chapter 7

**ORDER GRANTING DEBTOR'S MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f) (REAL PROPERTY)**

**Hearing on Motion to Avoid Lien:**
Date:          April 15, 2021
Time:          10:30 a.m.
Courtroom:     5A
               411 West Fourth Street,
               Santa Ana, CA 92701

On April 15, 2021, at 10:30 a.m., this matter came before the Court on the *Debtor's Motion to Avoid Lien Under 11 U.S.C. § 522(f) (REAL PROPERTY)* [Dkt. No. 13] (the "Motion") filed by Debtor Rosa M. Fridman (the "Debtor").

The Court having reviewed the Motion, *the Notice of Opposition and Request for a Hearing* (the "Notice of Opposition") [Dkt. No. 16], *the Opposition to Debtor Rosa Fridman's Motion to Avoid Liens Pursuant to 11 U.S.C. § 522(f)* (the "Opposition") [Dkt. No. 22], *the Objection and Opposition*

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CALIFORNIA 92504
PHONE (951) 888-3300

1    by Lien Holder Attorney Charles L. Murray III to Debtor's Motion to Avoid Liens, Supporting

2    Declaration of Attorney Charles L. Murray III (the "Murray Opposition") [Dkt. No. 25]; the Debtor's

3    Reply to Opposition to Motion to Avoid Lien Under 11 U.S.C. 522(f); Declaration of Rosa Fridman;

4    Declaration of Scott Talkov (the "Reply") [Dkt. No. 27], the Objection to Case and Declaration

5    Supporting Motion to Dismiss Bankruptcy Case and Lien Avoidance Motion (the "Balakin

6    Opposition") [Dkt. No. 30], and the Creditor Karl Avetoom's Evidentiary Objections to Debtor Rosa

7    Fridman's Lien Avoidance Motion (the "Evidentiary Objections") [Dkt. No. 33]; and the Court having

8    considered the Motion, the Notice of Opposition, the Opposition, the Murray Opposition, the Reply,

9    the Balakin Opposition, and the Evidentiary Objections, and all pleadings and papers filed in

10   connection with the Motion; and it appearing that the relief requested in the Motion is in the best

11   interests of the Debtor's estate, its creditors, and all other parties in interest, and for good cause

12   appearing,

13        **IT IS HEREBY ORDERED THAT:**

14        1.    The Motion is GRANTED;

15        2.    The seven (7) judgment liens identified in Exhibit A hereto recorded in Orange County

16   in favor of creditor Karl Avetoom comprising of Title Exception Nos. 14, 15 (Part 1), 15 (Part 2), 17,

17   18, 21, and 22 as listed on Schedule B of Dkt. No. 13 (the "Avetoom Liens") are AVOIDED and no

18   longer encumber Debtor's condominium located at 16542 Blackbeard Lane #304, Huntington Beach,

19   CA 92649, Orange County Assessor's Parcel Number: 937-71-030;

20        3.    In accordance with 11 U.S.C. 522(c), the "property exempted under [11 U.S.C. 522(f)]

21   is not liable during or after the case for any debt of the debtor that arose … before the commencement

22   of the case" such that the exempted property at 16542 Blackbeard Lane #304, Huntington Beach, CA

23   92649, APN: 937-71-030 is not liable during or after the instant bankruptcy case for any debt of

24   Debtor Rosa Fridman which arose before the petition date of February 26, 2021 in the instant case.

25   / / /

26   / / /

27

28

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CALIFORNIA 92504
PHONE (951) 888-3300

**ORDER GRANTING DEBTOR'S MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f) (REAL PROPERTY)**

Specifically, the property located at 16542 Blackbeard Lane #304, Huntington Beach, CA 92649,

APN: 937-71-030 is not liable during or after the case for any wrongs committed by the Debtor Rosa

Fridman before the February 26, 2021 petition date in the instant case as alleged in Orange County

Superior Court Case No. 30-2010-00345490 and Orange County Superior Court Case No. 30-2015-

00820760.

# # #

Date: April 28, 2021

Erithe Smith
United States Bankruptcy Judge

**ORDER GRANTING DEBTOR'S MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f) (REAL PROPERTY)**

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CALIFORNIA 92504
PHONE (951) 888-3300

## Exhibit A – Liens Avoided by Bankruptcy Court Order

Re: 16542 Blackbeard Lane #304, Huntington Beach, CA 92649

| Preliminary Exception No. | Judgment Entry Date | Judgment Recording Date | Official Records of Orange County Instrument Number | Court | Case |
|---|---|---|---|---|---|
| "Exception 14" | 11/18/11 | 11/18/11 | 2011-000590354 | OC Superior Court | *Avetoom v. Mosey and Rosa Fridman* (30-2010-003454 90) ("2010 IIED Action") |
| "Exception 15" | 11/18/11 | 1/17/12 | 2012-000023845 | Same | 2010 IIED Action |
| "Exception 17" | 8/13/14 | 9/30/14 | 2014-000398135 | Same | 2010 IIED Action |
| "Exception 15-Amendment" | 11/18/11 | 3/11/15 | 2015-000126500 | Same | 2010 IIED Action |
| "Exception 18" | 3/6/15 | 3/11/15 | 2015-000126507 | Same | 2010 IIED Action |
| "Exception 21" | 8/13/20 | 11/19/20 | 2020-000673156 | Same | *Avetoom v. Risbrough, et al.* (30-2015-008207 60) ("2015 Fraudulent Transfer Action") |
| "Exception 22" | 10/6/20 | 11/19/20 | 2020-000673157 | Same | 2015 Fraudulent Transfer Action |

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CALIFORNIA 92504
PHONE (951) 888-3300

**ORDER GRANTING DEBTOR'S MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f) (REAL PROPERTY)**

# **Exhibit 2**

1 SCOTT TALKOV, State Bar No. 264676
TALKOV LAW CORP.
2 2900 Adams St Ste C225
Riverside, California 92504
3 Telephone: (951) 888-3300
Email: scott@talkovlaw.com
4

5 Attorneys for Debtor Rosa A. Fridman

6 **UNITED STATES BANKRUPTCY COURT**

7 **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

8 In re                                    Case. No. 8:21-bk-10513-ES

9 ROSA A. FRIDMAN,                         Chapter 7

10       Debtor.                           **LODGMENT OF STATE COURT ORDER**
                                           **DENYING CREDITOR KARL**
11                                         **AVETOOM'S STATE COURT MOTION TO**
                                           **RECLASSIFY A JUDGMENT LIEN AS A**
12                                         **CONSENSUAL LIEN**

13

14

15       TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY

16 JUDGE, CREDITOR KARL AVETOOM, THE U.S. TRUSTEE, AND ALL PARTIES IN

17 INTEREST:

18       Rosa A. Fridman ("Ms. Fridman"), Debtor in the above-captioned matter, submits the

19 following Lodgment of State Court Order Denying Creditor Karl Avetoom's State Court Motion

20 to Reclassify a Previously Recorded Judgment Lien as a Consensual Lien.

21       Creditor Karl Avetoom moved this Court for relief from the automatic stay so that he may

22 move for the State Court which granted a judgment lien on Ms. Fridman's homestead property for

23 reclassification of the lien as a consensual, rather than judicial, lien. In this Court's June 3, 2021

24 tentative ruling on Avetoom's Motion for relief from the automatic stay which was later adopted

25 as the final ruling, this Court noted: "Nothing in any of the documents [relied upon by Avetoom]

26 indicate that Debtor agreed to a consensual lien against the subject property, i.e., independent of

27 the agreement to a judgment that may be enforced by the recordation of a lien against the subject

**LODGMENT OF STATE COURT ORDER DENYING CREDITOR KARL AVETOOM'S STATE COURT**
**MOTION TO RECLASSIFY A JUDGMENT LIEN AS A CONSENSUAL LIEN**

1

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1  property. That said, this court shall defer to the state court to make that factual determination."

2  Thus, Avetoom continued to move the state court for a reclassification of the judicial lien as a

3  consensual lien.

4          In line with this Court's review of the documents and facts relied upon by Avetoom, as is

5  shown in the attached minute order, the Superior Court of Orange County vehemently denied

6  Avetoom's motion to reclassify the judgment lien as a consensual lien. As such, there is no doubt

7  that the judicial lien held by Creditor Karl Avetoom was rightfully avoided against Ms. Fridman's

8  homestead property.

9  Date: July 26, 2021                           TALKOV LAW CORP

10

11                                                *Scott Talkov*
                                                   _____
12                                                 Scott Talkov
                                                   Attorneys for Debtor Rosa A. Fridman
13

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**LODGMENT OF STATE COURT ORDER DENYING CREDITOR KARL AVETOOM'S STATE COURT
MOTION TO RECLASSIFY A JUDGMENT LIEN AS A CONSENSUAL LIEN**

# Exhibit 1

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 07/22/2021               TIME: 09:10:00 AM          DEPT:  C18
JUDICIAL OFFICER PRESIDING: Theodore Howard
CLERK: Kathy Peraza
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: None

CASE NO: **30-2015-00820760-CU-FR-NJC**   CASE INIT.DATE: 11/17/2015
CASE TITLE: **Avetoom vs. Risbrough**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Fraud

---

EVENT ID/DOCUMENT ID: 73572786
**EVENT TYPE:** Under Submission Ruling

---

**APPEARANCES**

---

There are no appearances by any party.

The Court, having taken the Plaintiff's Motion to Enforce Settlement under submission on 07/15/2021 and having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, now rules as follows:

Plaintiff Avetoom's Motion to Enforce Settlement (ROA 558) is **DENIED**.

**Authority or Jurisdiction of the Court**

While the Motion is labeled as one to enforce settlement pursuant to CCP 664.6, the cited statute authorizes relief before a judgment has been entered.  Here, however, the court is asked to issue relief, post entry of judgment, the judgment having been entered here, some time ago [See ROA 484, judgment entered 8/13/20; vs. ROA 558, present motion filed 6/2021].

The moving brief refers to *Ames v. Paley* which recognized the power of a trial court to correct a judgment that was entered pursuant to *CCP 664.6*, that is, pursuant to the parties' settlement. Such power arises under a court's inherent powers to make clerical corrections to its records, or by statute such as *CCP 473(d)* which provides for the correction of clerical errors also.  (See  *Ames v. Paley* (2001) 89 Cal.App.4th 668, 672–673 ("A court of general jurisdiction has the power, after final judgment, and regardless of lapse of time, to correct clerical errors or misprisions in its records, whether made by the clerk, counsel or the court itself, so that the records will conform to and speak the truth…").)

It appears that in an appropriate setting, a trial court does have power to correct a judgment that was entered pursuant to a settlement of the parties under *section 664.6*, in order to include an omitted term of the settlement.  (See *Ames v. Paley* (2001) 89 Cal.App.4th 668, 674.)

**Plaintiff Avetoom's Request to Correct or Modify the Judgment**

Plaintiff Avetoom seeks a modification of the Judgment to add and reflect that, through the settlement

---

DATE: 07/22/2021                            MINUTE ORDER                               Page 1
DEPT:  C18                                                                        Calendar No.

agreement within the present lawsuit, that defendant Rosa Fridman, voluntarily consented to the creation of a lien against her 68.3% interest in the subject real property (on Blackbeard Lane in Huntington Beach, CA). Plaintiff Avetoom argues that the creation of a lien was an important term of the oral settlement that the parties reached and that was placed on the record on or about 7/9/19.

Under *CCP 664.6*, the court may only enter terms which the parties themselves agreed to. (See *Hernandez v. Board of Education* (2004) 126 Cal. App. 4th 1161, 1176) (the power of a trial court under *§ 664.6* "is extremely limited".) "'Although a judge hearing a section 664.6 motion may receive evidence, determine disputed facts, and enter the terms of a settlement agreement as a judgment, nothing in section 664.6 authorizes a judge to create the material terms of a settlement, as opposed to deciding what terms the parties themselves have previously agreed upon.'" (*Id.*; accord <u>Leeman v. Adams Extract & Spice, LLC</u> (2015) 236 Cal.App.4th 1367, 1374-75.)

In the present case, the proceedings regarding the entry of judgment and determination of the settlement, spanned several hearings ranging from approximately August of 2019 through June of 2020. (See Register of Action herein, # 387, 389, 451). Considerable time was spent by the parties and the Court in addressing the matter. Plaintiff Avetoom argues that it was intended that the declaratory terms that constituted the oral settlement, would result in a lien. But the portion of the Reporter's Transcript wherein the terms of the settlement were read into the record (see 7/9/19 Reporter's Transcript, pages 2 to 4 and 7 to 8) and which were then orally agreed to by Defendant Fridman and by Plaintiff Avetoom (id.), did not appear to mention the creation of the "lien".

It was rather the Court which construed the agreement of the parties as an agreement to create a lien. (See 7/9/19 Reporter's Transcript p. 11.) However, the Court is not a party which can create a settlement term nor supply party consent. Pursuant to *section 664.6*, what is necessary, is evidence of the party's settlement terms and oral consent. (See, *e.g., 1538 Cahuenga Partners, LLC v. Turmeko Properties, Inc.* (2009) 176 Cal.App.4th 139, 143.)

Plaintiff refers to the portion of the Transcript wherein Plaintiff's counsel (Mr. Murray) stated that the settlement terms – as had just been orally read into the record and agreed to by the litigants – would then be reduced to a formal order of the court, which order would be recorded with the county recorder thereafter. (See Transcript pp. 8-9 and 11.) This would provide support for Plaintiff Avetoom, indeed, being able to record in the County Recorder, the Judgment entered in this case. However it is less clear that this amounted to the Defendant having orally agreed to give any new or other or different lien on the subject property. The record is unclear about this, which generates ambiguity and precludes the granting of the motion.

If a term on which the present case had been settled – was indeed that Defendant Fridman was giving a new, further or different lien, it appears that the parties reasonably could have stated such a fact within the terms that were recited (see Transcript p 2 to 4 and 7 to 8.)

According to the *Civil Code section 2872*, "A lien is a charge imposed in some mode other than by a transfer in trust upon specific property by which it is made security for the performance of an act." "A lien is created: 1. By contract of the parties; or, 2. By operation of law." ( *Civil Code 2881*.)

In the case law, there are examples of language in agreements which has been considered to amount to a lien. (See, *e.g., Hill v. Fricke* (1936) 5 Cal.2d 320, 321–322 ("the appellant Arthur, who was informed that he was free to bring his attorney with him, and the defendant Pearl Fricke met with Hill at the attorney's office and there executed a written agreement fixing the amount of Edwin's advances, … and declaring the same to be a lien upon the ranch property….In other words, the land alone was made subject to the payment of the obligation…"). *In re Smith's Estate* (1927) 200 Cal. 654, 658 (language within a court order read, "In order to secure the payments of said installments, … Walnut Park Bank … be and …are hereby required to hold said trust deed for the security and payment of said support …");

Case 8:21-bk-10513-ES    Doc 364    Filed 07/25/22    Entered 07/25/22 15:25:21    Desc
Main Document    Page 34 of 117

CASE TITLE: Avetoom vs. Risbrough    CASE NO: 30-2015-00820760-CU-FR-NJC

_In re Dickinson_ (Bankr. S.D. Cal. 1982) 24 B.R. 547, 549) (the agreement stated, "… I hereby further give a lien on my case to said doctor against any and all proceeds of any settlement, judgment or verdict ....").

In a case cited by Plaintiff Avetoom, the relevant document had similar words to the above, to support a finding of a lien having been created.    (_In re County of Orange_ (Bankr. C.D. Cal. 1995) 179 B.R. 185, 193 n. 2, n.23 and 194179) (a public entity's written resolution read, "As security for the payment of the principal of and interest on the Notes the County hereby pledges and grants a first lien and charge against [certain unrestricted revenues]....").)    Compare _Raboff v. Albertson_ (1954) 122 Cal.App.2d 555, 556–557 (the defendant delivered to the plaintiff a writing stating, "'I O U $7,500 Lee Albertson August 5th 1946 on my house'") (while "[i]t was the intent of Lee at the time he made the writing to encumber said property with a lien in favor of plaintiff to secure said loan. The said writing was sufficient to create such a lien.")

Here, the terms that were orally recited and then orally consented to by the litigants, did not appear to include similar language.  Thus, the circumstances produce less certainty.

According to the records of the present case, there were several proposed judgments submitted to the court during the time in which these parties were engaged in the proceedings on the settlement and entry of judgment.  Within the Plaintiff's proposed judgments, the terms consistently did not include the words that a lien on the real property is being given, as an express term of the settlement.  (See Proposed Judgments herein, at ROA 389, 420, 483 and ROA 460, 479, 484.)

For these reasons, the Court must **DENY** Plaintiff Avetoom's Motion to correct or modify the judgment.


**Additional Matters**

As for Plaintiff Avetoom's position regarding the intentions of Defendant Fridman in settling the present case, and thereafter pursuing bankruptcy relief, as well as other allegations of Plaintiff Avetoom regarding the actions of the Defendant, these may well become the fodder of future litigation.  However, the Court does not find it necessary to engage with the allegations or accusations of mal-intent at this time.  The material in the reply (the Balakin Declaration) was therefore not considered.  (See also _Jay v. Mahaffey_ (2013) 218 Cal.App.4th 1522, 1537-1538) (new evidence in reply is generally not permitted).

Therefore, Defendant Fridman's objections to the Balakin declaration are **SUSTAINED**.

By the same token, the Defendant Fridman's effort to raise an independent proceeding regarding sanctions is procedurally improper and is unsupported.  The request is therefore denied.  (See _Cal. Code Civ. Proc. 128.5(f)(1)(a)_ and _1003, 1005, 1005.5; Cal. Rule of Court 3.1110, 3.1112, 3.1113(b)._)    As such, the declarations of Defendant Fridman and S. Talkov submitted in the 7/13/21 "Evidentiary Objection and Request for OSC re Sanctions" (ROA 580) were not considered.

The additional evidentiary material, attached to Plaintiff Avetoom's "Response" (Objection) filed 7/13/21, was unnecessary to consider.  (ROA 580.)

Defendant Fridman must remember in the future to adhere to the timeframes provided for in the Code for court filings.  A trial court may disregard late papers especially where good cause is not shown.  (See _California Code of Civil Procedure section 1005; Rancho Mirage Country Club Homeowners Association v. Hazelbaker_ (2016) 2 Cal.App.5th 252, 262 and see ROA 571.)    Where the moving party here, plaintiff Avetoom, filed a reply to the late opposition (see ROA 571, 573), the opposition was thus considered. (See _Mann v. Cracchiolo_ (1985) 38 Cal.3d 18, 30; _Carlton v. Quint_ (2000) 77 Cal.App.4th 690, 698.)



CASE TITLE: Avetoom vs. Risbrough      CASE NO: 30-2015-00820760-CU-FR-NJC

*The Clerk shall give notice.*

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2900 Adams Street, Suite C225, Riverside, CA 92504

A true and correct copy of the foregoing document entitled (*specify*): **LODGMENT OF STATE COURT ORDER DENYING CREDITOR KARL AVETOOM'S STATE COURT MOTION TO RECLASSIFY A JUDGMENT LIEN AS A CONSENSUAL LIEN** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 26, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

> Thomas H Casey (TR)    msilva@tomcaseylaw.com, thc@trustesolutions.net
> Donald W Reid    don@donreidlaw.com, ecf@donreidlaw.com
> United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐    Service information continued on attached page

2. SERVED BY UNITED STATES MAIL:
On (*date*) July 26, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

> Hon. Erithe Smith, 411 West Fourth Street, Suite 5040, Santa Ana, CA 92701

☐    Service information continued on attached page

3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 26, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 26, 2021 | Leilani Caspillo | /s/Leilani Caspillo |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**LODGMENT OF STATE COURT ORDER DENYING CREDITOR KARL AVETOOM'S STATE COURT
MOTION TO RECLASSIFY A JUDGMENT LIEN AS A CONSENSUAL LIEN**

3

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

# **Exhibit 3**

1  Leonard M. Shulman – Bar No. 126349
   Melissa Davis Lowe – Bar No. 245521
2  **SHULMAN BASTIAN FRIEDMAN & BUI LLP**
   100 Spectrum Center Drive, Suite 600
3  Irvine, California 92618
   Telephone:     (949) 340-3400
4  Facsimile:     (949) 340-3000
   Email:         lshulman@shulmanbastian.com
5                 mlowe@shulmanbastian.com

6  Proposed Attorneys for Karl T. Anderson,
   Chapter 7 Trustee
7

8              **UNITED STATES BANKRUPTCY COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

10

11  In re                          | Case No.  8:21-bk-10513-ES

12  **ROSA M. FRIDMAN,**           | Chapter  7

13  Debtor.                        | **CHAPTER 7 TRUSTEE'S APPLICATION TO
                                    | EMPLOY SHULMAN BASTIAN FRIEDMAN
14                                  | & BUI LLP AS GENERAL COUNSEL;
                                    | DECLARATION OF LEONARD M. SHULMAN
15                                  | IN SUPPORT THEREOF**

16                                  | [No Hearing Set Pursuant to Local Bankruptcy Rule
                                    | 2014-1(b)]
17

18  **TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE,**

19  **THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES**:

20         Karl T. Anderson ("Trustee"), the duly appointed, qualified and acting Chapter 7 trustee for

21  the bankruptcy estate ("Estate") of Rosa M. Fridman ("Debtor"), brings this Application for an order

22  authorizing the employment of Shulman Bastian Friedman & Bui LLP ("Firm") as general counsel

23  in this bankruptcy case effective as of April 27, 2021.  In support thereof, the Trustee respectfully

24  represents as follows:

25                     I.      **NEED FOR LEGAL COUNSEL**

26         The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February

27  26, 2021 ("Petition Date").  Thomas Casey was appointed as the interim Chapter 7 trustee.  At the

28  initial Section 341(a) Meeting of Creditors held on April 5, 2021, a creditor appeared and called for

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1

Employ App SBF&B (Fridman)
6371-000

the election of a different Chapter 7 trustee.  On May 3, 2021, Karl T. Anderson was appointed as the Chapter 7 trustee.

The continued Section 341(a) Meeting of Creditors is currently scheduled for June 29, 2021.

The deadline for the filing of proofs of claim in the case is August 23, 2021.  As of the date of the filing of this Application, one general unsecured claim has been filed in the amount of $1,000,000.00.  The Debtor's Schedules indicate there are secured claims of $2,670,810.80, priority claims of $0.00, and general unsecured claims of $100,315.81.

Based on the Trustee's initial investigation into this case, he anticipates that after liquidating available assets, there may be a meaningful distribution to unsecured creditors.   In order to accomplish this, however, the Trustee has determined that there is a need to retain counsel to advise the Trustee on various matters affecting the recovery and liquidation of potential assets based on the following:

- On her Schedule A/B filed on the Petition Date (docket number 1), the Debtor lists a "tenants in common" ownership interest in a condominium located at 16542 Blackbeard Lane, Unit 304, Huntington Beach, California 92649 ("Property"). The Debtor valued the Property at $337,687.00 and valued her interest at $230,640.22. On her Schedule D, the Debtor listed seven judgment liens in favor of Karl Avetoom in the amount of $2,670,810.80 (the "Avetoom Liens"). On her Schedule C, the Debtor claimed an exemption against the Property under C.C.P. § 704.730(a)(2) in the amount of $600,000.00 ("Homestead Exemption").  Pursuant to Court Order entered April 28, 2021, the Avetoom Liens were avoided and no longer encumber the Property.  Mr. Avetoom and the Debtor have been embroiled in litigation for over ten years.  As reflected in the Debtor's Statement of Financial Affairs, there is litigation pending in the Orange County Superior Court captioned, Avetoom v. Fridman, Case No. 30-2015-00820760.

- The Trustee has learned that in May 2013, the Debtor and her now-deceased husband, Moisey Fridman, and her son, Alex Fridman, took title to the Property as follows:  "Moisy Fridman and Rosa Fridman, Husband and Wife as to an undivided 68.3% interest and Alex Fridman, a Single Man as to an undivided 31.7% interest, all as Tenants in Common" (the "Transfer").

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Employ App SBF&B (Fridman)
6371-000

1    The Trustee needs assistance with legal matters related to the Property and the Transfer

2    which may include (i) investigating the Transfer, and possibly other transfers of assets, to determine

3    if the transfer(s) is/are avoidable and recoverable by the Trustee under his avoidance powers under

4    the Bankruptcy Code; (ii) if deemed appropriate, commencing an adversary proceeding to seek

5    recovery of the Transfer, any additional improper transfers, declaratory relief and/or recovery of

6    assets of the Estate; (iii) investigating the potential equity in the Property for benefit of the Estate

7    and its creditors; (iv) analyzing potential objections to the Homestead Exemption in the Property;

8    and (v) if necessary, the Trustee may need assistance in the sale of the Property.  The sale of the

9    Property will likely not be a simple or "routine" sale as the Property is occupied by the Debtor and

10   the Trustee may need assistance to seek turnover of the Property to the Estate.  Furthermore, based

11   on the Trustee's information and experience, it is possible the Debtor (or any non-debtor occupants)

12   may oppose the sale of the Property and/or reach an agreement with the Trustee regarding the

13   Property, all of which the Trustee will need legal assistance with related to negotiations, preparation

14   of transactional documents and obtaining Court approval(s).

15   For obvious reasons, the Trustee is not able to disclose in this Application all possible

16   circumstances that can develop in a case, what he believes are all the potential assets or his entire

17   case strategy.  However, based upon the foregoing, and in order to assist the Trustee in the

18   administration of the Chapter 7 case, the Trustee seeks to employ the Firm as his general counsel at

19   the Firm's hourly billing rates, which may be subject to adjustment from time to time, plus costs.

20   The Trustee believes that employment of the Firm will be in the best interest of the Estate.

21   **II.    PROPOSED EMPLOYMENT AND QUALIFICATIONS OF THE FIRM**

22   **A.    Services to be Performed**

23   The Trustee seeks to employ the Firm as general counsel to render, among others, the

24   following types of professional services:

25   •    Consult with the Trustee concerning legal issues impacting the administration of the

26   bankruptcy case.

27   •    Investigate the acts, conduct, assets, liabilities and financial condition of the Debtor,

28   and any other matters relevant to the case or the preservation of assets for the benefit of creditors.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

3

Employ App SBF&B (Fridman)
6371-000

1    The Firm has agreed to be employed and compensated subject to the provisions of

2  Bankruptcy Code Section 330. In compliance with Sections 330 and 331 of the Bankruptcy Code,

3  the Firm intends to file applications for allowance of fees and reimbursement of costs as and when

4  appropriate. The Firm has not shared or agreed to share any compensation to be received by it in

5  this case with any other person, except as among partners of the Firm.

6    **WHEREFORE,** the Trustee requests that he be authorized to employ the Firm as general

7  counsel in this Chapter 7 case effective as of April 27, 2021, at the Firm's hourly rates, which may

8  be subject to adjustment from time to time, plus costs, with any compensation and reimbursement

9  of costs to be paid upon further application and approval of this Court, and for such other and further

10  relief as is just and proper under the circumstances of this case.

11

12  Dated: May 27, 2021

13  _____
    Karl T. Anderson
14  Chapter 7 trustee for the bankruptcy estate of
    *In re Rosa A. Fridman,* Case No. 8:21-bk-10513-ES

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

7

Employ App SBF&B (Fridman)
6371-000

## Exhibit 4

Gmail

Scott Talkov <scott@talkovlaw.com>

---

## 8:21-bk-10513-ES Chapter 7 Trustee's Report of No Distribution

**cmecfhelpdesk@cacb.uscourts.gov** <cmecfhelpdesk@cacb.uscourts.gov>          Wed, Sep 1, 2021 at 12:00 PM
To: Courtmail@cacb.uscourts.gov

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of
record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed
electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To
avoid later charges, download a copy of each document during this first viewing. However, if the referenced
document is a transcript, the free copy and 30-page limit do not apply.**

**U.S. Bankruptcy Court**

**Central District of California**

Notice of Electronic Filing

The following transaction was received from Karl T Anderson (TR) entered on 9/1/2021 at 12:00 PM PDT and filed on
9/1/2021
**Case Name:**        Rosa A Fridman
**Case Number:**      8:21-bk-10513-ES
**Document Number:**

**Docket Text:**
Chapter 7 Trustee's Report of No Distribution: I, Karl T Anderson (TR), having been appointed trustee of the estate of the
above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate;
that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to
the estate; and that there is no property available for distribution from the estate over and above that exempted by law.
Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully
administered. I request that I be discharged from any further duties as trustee. Key information about this case as
reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 6 months.
Assets Abandoned (without deducting any secured claims): $ 0.00, Assets Exempt: $ 605500.00, Claims Scheduled: $
771126.61, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the
value of collateral or debts excepted from discharge): $ 771126.61. Filed by Trustee Karl T Anderson (TR) (RE: related
document(s)[85] Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to
be held on 08/02/21 at 01:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE.
Debtor appeared. (Anderson (TR), Karl)). (Anderson (TR), Karl)

The following document(s) are associated with this transaction:

**8:21-bk-10513-ES Notice will be electronically mailed to:**

Karl T Anderson (TR)
2edansie@gmail.com, kanderson@ecf.axosfs.com

Michael J Hauser on behalf of U.S. Trustee United States Trustee (SA)
michael.hauser@usdoj.gov

Melissa Davis Lowe on behalf of Trustee Karl T Anderson (TR)
mlowe@shulmanbastian.com, avernon@shulmanbastian.com

Charles L Murray, III on behalf of Creditor CHARLES L MURRAY
cmurray@cm3law.com, cm3esquire@gmail.com

Scott Talkov on behalf of Debtor Rosa A Fridman
scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com

Scott Talkov on behalf of Defendant Rosa Fridman
scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com

Scott Talkov on behalf of Interested Party Courtesy NEF
scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

**8:21-bk-10513-ES Notice will not be electronically mailed to:**

Karl Avetoom
1100 Rutland Rd #9
Newport Beach, CA 92660-4607

Victor Balakin
101 N Ocean Dr Ste 132
Hollywood, CA 33019

# **Exhibit 5**

No. CC-21-1101

_____

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT BANKRUPTCY APPELLATE PANEL

_____

In re ROSA FRIDMAN, *Debtor*

_____

KARL AVETOOM, Creditor,
*Appellant*

v.

ROSA FRIDMAN, Debtor, and
KARL T. ANDERSEN, Chapter 7 Trustee,
*Appellees*

_____

APPEAL FROM THE UNITED STATES BANKRUPTCY COURT,
CENTRAL DISTRICT OF CALIFORNIA

Bankruptcy Case No. 8:21-bk-10513-ES

_____

## APPELLEE'S OPENING BRIEF

_____

SCOTT TALKOV (Cal. Bar 264676)
Talkov Law Corp.
2900 Adams St C225
Riverside, CA 92504
Phone: (951) 888-3300
Email: scott@talkovlaw.com

September 27, 2021          Attorneys for Appellee/Debtor Rosa
Fridman

1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......................................................................4

I. INTRODUCTION .............................................................................6

II. JURISDICTION ..............................................................................7

III. STATEMENT OF ISSUE PRESENTED ......................................7

IV. STANDARD OF REVIEW..............................................................7

V. STATEMENT OF THE CASE ........................................................7

VI. SUMMARY OF ARGUMENT........................................................9

VII. ARGUMENT ...................................................................................9

   a. Any Burden Was Appropriately Placed on the Creditor Based on the
   Recorded Homestead Exemption ............................................................9

   b. Argument that Outdated Homestead Exemption Applies Has Been
   Repeatedly Rejected by This Court.......................................................11

   c. The Bankruptcy Court Was Entitled to Reject the Creditor's Speculative
   Theory that a 522(f) Motion is Wrongful Both Factually and Under *Law vs.
   Siegel*....................................................................................................13

   d. The Bankruptcy Court Correctly Applied the Snapshot Approach to
   Determine Exemptions ..........................................................................14

   e. Creditor's Claim that the Recording of the 2020 Judgment Referencing the
   2011 Money Judgment Does Not Constitute a Lien Was Rightfully Rejected by
   the Bankruptcy Court.............................................................................16

   f. Creditor's Proclaimed Miscalculation of the Liens to Determine Impairment
   Was Never Raised Below, Presumably Because the Exemption is Greater than
   the Value of the Property.......................................................................19

   g. Creditor's Argument that the 2011 Judgment (Exception 14) Was Not a
   "Lien" Cannot be Considered as Having Been Raised for the First Time on
   Appeal....................................................................................................20

VIII. THIS COURT SHOULD DISMISS THIS APPEAL BASED ON

CREDITOR'S SUBMISSION OF ADMITTEDLY FABRICATED

DOCUMENTS .................................................................................................21

IX.   THIS APPEAL IS A REFLECTION OF THE CREDITOR'S ADDICTION

TO LITIGATION ...........................................................................................23

X.    CONCLUSION .............................................................................................25

XI.   STATEMENT OF RELATED CASES ...........................................................27

XII.   CERTIFICATE OF COMPLIANCE .............................................................28

XIII.   CERTIFICATE OF SERVICE .....................................................................29

# **Exhibit 6**

| Fill in this information to identify your case: |
| --- |

United States Bankruptcy Court for the:

### Central District of California

Case number (*If known*): _____

Chapter you are filing under:
- ☑ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

☐ Check if this is an amended filing

## Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy    04/20

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
| --- | --- |

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
| --- | --- | --- |
| **1. Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | Rosa<br>First name<br><br>A<br>Middle name<br><br>Fridman<br>Last name<br><br>_____<br>Suffix (Sr., Jr., II, III) | _____<br>First name<br><br>_____<br>Middle name<br><br>_____<br>Last name<br><br>_____<br>Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br><br>Include your married or maiden names. | | |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx – xx – 2 7 7 2<br>OR<br>9 xx – xx – ___ ___ ___ ___ | xxx – xx – ___ ___ ___ ___<br>OR<br>9 xx – xx – ___ ___ ___ ___ |

Debtor 1    Rosa A Fridman            Case number (if known)_____

First Name    Middle Name     Last Name

---

| Part 6: | Answer These Questions for Reporting Purposes |
|---|---|

**16. What kind of debts do you have?**

**16a. Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☑ Yes. Go to line 17.

**16b. Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.

_____  _____

_____

---

**17. Are you filing under Chapter 7?**

☐ No. I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☑ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☑ No
☐ Yes

---

**18. How many creditors do you estimate that you owe?**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**19. How much do you estimate your assets to be worth?**

☐ $0-$50,000
☐ $50,001-$100,000
☑ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**20. How much do you estimate your liabilities to be?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☑ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

| Part 7: | Sign Below |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

X _____  X _____
Signature of Debtor 1                  Signature of Debtor 2

Executed on   02/25/2021              Executed on _____
         MM / DD /YYYY                        MM / DD /YYYY

---

**Fill in this information to identify your case and this filing:**

Debtor 1  Rosa A Fridman
_____
First Name          Middle Name          Last Name

Debtor 2
(Spouse, if filing) _____
First Name          Middle Name          Last Name

United States Bankruptcy Court for the:  Central District of
California

Case number _____
(if know)

☐ Check if this is an
   amended filing

Official Form 106A/B

# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:  Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1.  **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2
☑ Yes. Where is the property?

1.1  16542 Blackbeard Lane
_____
Street address, if available, or other description

Unit 304
_____

Huntington Beach  CA      92649
_____
City          State    ZIP Code

Orange County
_____

_____
Country

**What is the property?** Check all that apply
☐ Single-family home
☐ Duplex or multi-unit building
☑ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other_____

**Who has an interest in the property?** Check one
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property:*

**Current value of the entire property?**
$ 337,687.00

**Current value of the portion you own?**
$ 230,640.22

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

Tenants in Common
_____

☐ Check if this is community property

2.  **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here**........................................................................►
$ 230,640.22

## Part 2:  Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3.  **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**
☑ No
☐ Yes

4.  **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories
☑ No
☐ Yes

5.  **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here**........................................................................►
$ 0.00

## Part 3:  Describe Your Personal and Household Items

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Rosa A Fridman | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Central District of California | | |
| Case number | | | |
| (If known) | | | |

☐ Check if this is an
amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt          4/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

## Part 1:    Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>Check only one box for each exemption | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: 16542 Blackbeard Lane<br><br>Line from *Schedule A/B*: 1.1 | $ 230,640.22 | ☑ $ 600,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Cal. Civ. Proc. Code § 704.730 (a)(2) |
| Brief description: Other - Pride- Victory Series 9 Medical Disability Scooter<br><br>Line from *Schedule A/B*: 14 | $ 1,500.00 | ☑ $ 1,500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Cal. Civ. Proc. Code § 704.050 |
| Brief description: Wells Fargo (Closed) (Checking)<br><br>Line from *Schedule A/B*: 17.1 | $ 0.00 | ☑ $ 2,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Cal. Civ. Proc. Code § 704.080(b)(4) |

3. **Are you claiming a homestead exemption of more than $170,350?**

   (Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☐ No

   ☑ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

       ☑ No

       ☐ Yes

# **Exhibit 7**

## VI.    DECLARATION OF ROSA FRIDMAN

I, Rosa Fridman, declare:

1.    I am the Debtor in the above-described case. The facts set forth herein are of my own personal knowledge and, if sworn, I could and would competently testify thereto.

2.    I own a 68.3% interest in the Homestead Reinvestment Property commonly known as 16542 Blackbeard Lane, #304, Huntington Beach, CA 92649 with Assessor's Parcel Number 937-71-030.

3.    I acquired my interest in the Homestead Reinvestment Property by way of a Grant Deed recorded in the Official Records of Orange County on May 21, 2015 with Instrument Number 2013000308409. (Doc 13, p. 81-83.)

4.    On May 23, 2013, I caused a Homestead Declaration to be recorded in the Orange County Official Records with Instrument No. 2013000313820 where I declared that the Homestead Reinvestment Property to be my homestead. (Doc. 19, p. 3-6.)

5.    At all times after the acquisition of my interest in the Homestead Reinvestment Property, I have lived and have always intended to live in it as my primary residence.

6.    I have no intent of moving out of the Homestead Reinvestment Property and discontinuing my use of it as my primary residence.

7.    I intend to live in the Homestead Reinvestment Property for as long as my interest in the same is held.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 8, 2021 at Huntington Beach, California.

Rosa Fridman

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**Exhibit 8**

### SUPERIOR COURT OF CALIFORNIA,
### COUNTY OF ORANGE
### CENTRAL JUSTICE CENTER

### MINUTE ORDER

DATE: 10/03/2019                 TIME: 09:00:00 AM        DEPT: C66
JUDICIAL OFFICER PRESIDING: Sherri Honer
CLERK: A. Arreola
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: Davon Velasquez, J McMillion

CASE NO: **30-2010-00345490-CU-PO-CJC**  CASE INIT.DATE: 02/18/2010
CASE TITLE: **Avetoom vs. Arce**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: PI/PD/WD - Other

---

EVENT ID/DOCUMENT ID: 73119833
**EVENT TYPE:** Appearance and Examination of Judgment Debtor
MOVING PARTY: Karl Avetoom
CAUSAL DOCUMENT/DATE FILED: Application and Order for Appearance and Examination of
Judgment Debtor, 07/16/2019

**APPEARANCES**
Karl Avetoom, Plaintiff is present.
Rosa Fridman, Interested Party is present.
Rosa Fridman, self represented Witness, present.

Certified interpreter Boshyan, Liliya / Armenian (Eastern), Badge Number 301041 is present.  The
certification or registration number has been validated and identification has been verified by the badge
issued by the Judicial Council.  The interpreter oath is on file.  The court provided interpreter is present
to interpret for Rosa Fridman.

Discussion held regarding passed issues with previous examinations. The Court orders both parties to
proceed with the Judgment Debtor Examination.

Back in open court, the Court and both parties discuss further issues with the examination and
production of documents. Judgment Creditor also requests Judgment Debtor's son not be present during
the examination because of constant interruptions during the examination.

Judgment Creditor is also requesting a turn over order in the courtroom.

Judgment Creditor was handed $59.00 in cash in open court.

Judgment Creditor requests a continuance to have Judgment Debtor produce page 3 of the trust.

Appearance and Examination of Judgment Debtor Rosa Fridman continued to 10/31/2019 at 09:00 AM
in this department pursuant to party's motion.

Judgment Debtor to produce page 3 of the trust document discussed in open court.

---

DATE: 10/03/2019                        MINUTE ORDER                        Page 1
DEPT: C66                                                        Calendar No.

CASE TITLE: Avetoom vs. Arce                CASE NO: **30-2010-00345490-CU-PO-CJC**

The Court informs Judgment Debtor her son may not be present during the examination.

Rosa Fridman is/are ordered to return.

**Russian Interpreter is/are ordered to return.**

DATE: 10/03/2019                MINUTE ORDER                Page 2
DEPT: C66                                                   Calendar No.

## **Exhibit 9**

Electronically Filed by Superior Court of California, County of Orange, 02/26/2021 11:56:09 PM.
30-2010-00345490-CU-PO-CJC - ROA # 1220 - DAVID H. YAMASAKI, Clerk of the Court By James M Haines, Deputy Clerk.
Main Document          Page 60 of 117

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Karl Avetoom<br>1100 Rutland Road # 9<br>Newport Beach, CA 92660<br><br>TELEPHONE NO. 949.929.4787    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: kia002@att.net<br>ATTORNEY FOR *(Name)*: Plaintiff and Judgment Creditor | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

PETITIONER/PLAINTIFF:          Avetoom

RESPONDENT/DEFENDANT:          Arce, Fridman et al

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL<br>RELATED TO ROA # 1215 | CASE NUMBER:<br>30-2010-00345490 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:

   Litigation Investigations OPR 7451 Warner Ave #E191 Huntington Bch, CA 92647

3. On *(date)* 02/22/2021          I mailed from *(city and state)*: Costa Mesa, CA
   the following documents *(specify)*:
   (1) NOTICE OF RENEWAL OF JUDGMENT, (2) APPLICATION FOR AND RENEWAL OF JUDGMENT, (3) DECLARATION IN SUPPORT OF APPLICATION FOR RENEWAL OF JUDGMENT RE: MEMORANDUM OF FEES AND COSTS

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one)*:
   a. ☒ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served: Rosa Fridman
   b. **Address** of person served:

      16542 Blackbeard Lane, # 304 Huntington Beach, CA 92649

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 02/22/2021

Ami Stanton
_____
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)

_____
(SIGNATURE OF PERSON COMPLETING THIS FORM)

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-030 [New January 1, 2005] | **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**<br>**(Proof of Service)**<br>RELATED TO ROA # 1215 | Code of Civil Procedure, §§ 1013, 1013a<br>*www.courtinfo.ca.gov* |
|---|---|---|

# **Exhibit 10**

SCOTT TALKOV, State Bar No. 264676
TALKOV LAW CORP.
2900 Adams St Ste C225
Riverside, California 92504
Telephone: (951) 888-3300
Email: scott@talkovlaw.com

Attorney for Defendant Rosa A. Fridman

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>Rosa Fridman,<br><br>Debtor. | Case. No. 8:21-bk-10513-ES<br><br>Adversary Case No. 8:21-ap-01023-ES<br><br>Chapter 7<br>Assigned To: Hon. Erithe A. Smith |
| Karl Avetoom,<br><br>        Plaintiff,<br><br>v.<br><br>Rosa Fridman,<br><br>        Defendant. | **DEFENDANT'S REQUEST FOR JUDICIAL NOTICE OF KARL AVETOOM PLEADINGS SHOWING THAT AN <u>ADDITIONAL</u>, SUBSTANTIVE DOCUMENT IN KARL AVETOOM'S SUMMARY JUDGMENT WAS A FABRICATION; SUPPORTING DECLARATIONS OF SCOTT TALKOV AND LEILANI CASPILLO**<br><br><u>Hearing Set by Court on Defendant's Motion for Terminating Sanctions:</u><br>Date:    December 16, 2021<br>Time:    2:00 P.M.<br>        Courtroom 5A (via remote appearance)<br>        411 W. Fourth St.<br>        Santa Ana CA 92701<br>        *See ZoomGov Notice (Adv. Doc. 59)* |

TO THE HONORABLE ERITHE SMITH, UNITED STATES BANKRUPTCY JUDGE,

THE OFFICE OF THE UNITED STATES TRUSTEE, PLAINTIFF, AND ALL OTHER

INTERESTED PARTIES:

PLEASE TAKE NOTICE that Defendant Rosa Fridman ("Defendant") will, and hereby

does, request that this Court take judicial notice of pleadings filed by Karl Avetoom in his pending

**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE OF KARL AVETOOM PLEADINGS SHOWING THAT AN <u>ADDITIONAL</u>, SUBSTANTIVE DOCUMENT IN KARL AVETOOM'S SUMMARY JUDGMENT WAS A FABRICATION; SUPPORTING DECLARATIONS OF SCOTT TALKOV AND LEILANI CASPILLO**

1

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

state court motion and the factual assertion to be drawn therefrom that an <u>additional</u>, material

document submitted by Karl Avetoom as part of his motion for summary judgment in this

adversary was fabricated pursuant to Rule 201 of the Federal Rules of Evidence. This fabricated

document found as Adv. Doc. 25 at page 45 is in addition to the two bogus webpages alleged to be

falsely authenticated by Karl Avetoom as briefed in the motion for terminating sanctions. (Adv.

Doc. 59.) This <u>additional</u>, material document was only provable as a forgery after the motion for

terminating sanctions was filed on November 16, 2021, as Defendant's counsel subsequently

obtained the state court documents establishing the fraud on November 23, 2021. (Decl. Leilani

Caspillo.)

As relevant to terminating sanctions, according to the Ninth Circuit: "Whether or not the

documents would have changed the outcome of the trial is **<u>not</u>** the issue in determining prejudice."

*Anheuser-Busch, Inc. v. Nat. Beverage Distributors*, 69 F.3d 337, 354 (9th Cir. 1995). Rather:

"The prejudice inquiry looks to whether the [responding party's] actions…***threatened to interfere

with the rightful decision of the case*.**" *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006).

As set briefed in the reply on the motion for terminating sanctions as Doc. 71, pages 14

through 17, Mr. Avetoom relied upon the fraudulent "Contract" between himself and the

Defendant as material to his case to show that the Defendant did <u>not</u> waive any rights to the 2011

judgment that he sought to declare nondischargeable herein. Indeed, the Defendant had contended

in opposition to summary judgment that there was a waiver or novation.  As it turns out, the

supposed contract is a pure work of fiction, just like the other bogus documents exposed through

Defendant's pleadings herein.

## I.     KARL AVETOOM FALSELY AUTHENTICATED HIS FRAUDULENT "CONTRACT" IN HIS REPLY TO SUMMARY JUDGMENT

After Defendant's opposition to summary judgment raised the issue of waiver and

novation, Karl Avetoom submitted his reply attesting as follows about the bogus "Contract":

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

11          4.    Attached to my declaration as Exhibit "2" is a true and correct copy of a Contract

12    executed by Defendant and myself on October 3, 2019 that affirms Defendant's knowledge that the

13    2011 Judgment remains enforceable by consenting to a lien against her property to satisfy the unpaid

14    balance on the 2011 State Court judgment in OCSC case no 30-2010-00345490.

(Ex. 1 (Adv. Doc. 25), p. 20, ¶ 4.) Mr. Avetoom also authenticated the same "Contract" in his

objection to the Debtor's homestead. (Ex. 3 (BK Doc. 93), p. 14, ¶ 9.)

The fraudulent "Contract" was in turn attached to his reply brief supposedly bearing the

signature of a witness "Herbert Conrad" dated "10·3·**2019**," as shown below:

**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE OF KARL AVETOOM PLEADINGS SHOWING
THAT AN <u>ADDITIONAL</u>, SUBSTANTIVE DOCUMENT IN KARL AVETOOM'S SUMMARY JUDGMENT
WAS A FABRICATION; SUPPORTING DECLARATIONS OF SCOTT TALKOV AND LEILANI
CASPILLO**

3

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

(Ex. 1 (Adv. Doc. 25), p. 45.) As Mr. Avetoom had previously attached this same document to

Claim 7-1, counsel for Defendant had attempted to disprove the document by calling Herbert

Conrad, who doubled down that the document was legitimate. (Decl. Talkov, ¶¶ 3-7; Adv. Doc.

71, p. 29 at ¶ 8 and p. 148.)

However, as shown by Mr. Avetoom's own declarations and pleadings in his motion to set

aside, he claims to have met Herbert Conrad for the first time sometime after July 2020.

Specifically, the motion attached a declaration of Karl Avetoom, who declares in Paragraph 7 that

he received a "**July 2020** envelope" from the LAPD with documents that proved his innocence

signed by "an LAPD Officer named B. Brooks" and another LAPD Officer "H. Conrad," as

shown below:

> 7. In or around May 2020 and July 2020 I received additional correspondence from Los
> Angeles Police Department Discovery Unit. Within the July 2020 envelope was a copy of a VIN
> verification performed by an LAPD Officer named B. Brooks. The envelope also contained a VIN
> verification performed by an H. Conrad. I learned both LAPD Officers B. Brooks and H Conrad
> were retired and no longer working for LAPD.
>
> 8. I contacted Mr. Barry Brooks through a private investigator who gave me his home
> address. I had been unable to contact Mr. Brooks for several weeks and learned that he had some

(Ex. 5 at Declaration of Karl Avetoom, ¶¶ 7-8.)

The declaration of Karl Avetoom goes on explain his alleged struggles to contact retired

LAPD Officer Herbert Conrad sometime after July 2020 in Paragraph 9 as follows:

> 9. I was having difficulty contacting Mr. Conrad. Exhausting my other avenues, I asked
> Mr. Brooks if he could assist me in contacting Mr. Conrad. In or around March or April 2021, Mr.
> Brooks informed me that he was able to contact Herbert Conrad. Shortly thereafter, he arranged for
> me to meet with Mr. Conrad at The Yard House for lunch. During the meeting, Mr. Conrad was able
> to authenticate the VIN verification document that was performed on August 15, 1996. Mr. Conrad

(Ex. 5, Declaration of Karl Avetoom, ¶ 9.)

The story told under penalty of perjury by Mr. Avetoom and corroborated by two "retired"

LAPD officers was simple: That Mr. Avetoom first learned in July 2020 of the existence of

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1 <u>Herbert Conrad in discovering that he had signed official government documents in 1996, that</u>

2 <u>proved the innocence of Karl Avetoom.</u>

3      By contrast, the alleged "Contract" supposedly signed by Herbert Conrad dated **2019**

4 appears below the phone number "714-853-0761," despite Mr. Avetoom's claim under penalty of

5 perjury that he was "having difficulty contacting Mr. Conrad" after he supposedly received the

6 envelope in July 2020. (Ex. 5, Declaration of Karl Avetoom, ¶ 9.)

7      Further, Herbert Conrad himself doubled down on the authenticity of his signature dated

8 October 3, 2019, in his declaration under penalty of perjury in the 2021 bankruptcy of Rosa

9 Fridman attached hereto as Exhibit 3 at page 77 and shown below:



> 3. I reviewed the document and recalled that I had been asked by two people at the
> Orange County Superior Court to be a witness to the signing of a document, the same documents
> titled "Contract" that the attorney had sent to me via email. I recalled being asked to be a
> witness and agreed to be a witness to the signing of this document. I explained to attorney Scott
> Taklov that I had witnessed an older woman sign the document, then followed by two other
> parties. I signed the document last. The attorney did not seem too happy to hear this and shortly
> ended the phone call.

16      Given that Mr. Avetoom has declared under penalty of perjury that he did not have the

17 phone number for and had no prior association with Herbert Conrad, there is only one conclusion

18 to be drawn about the "Contract" supposedly signed by Rosa Fridman and witnessed by Herbert

19 Conrad on October 3, 2019: <u>it is fraudulent</u>.

20      In reality, these documents are pure works of fiction bearing no relationship to the truth,

21 just as the Defendant has alleged in her pending motion for terminating sanctions.

22      Accordingly, the Defendant respectfully request that the Court take judicial notice of these

23 pleadings submitted by Karl Avetoom in the state court proceedings and this bankruptcy, and

24 consider them in connection with the Defendant's pending motion for terminating sanctions and

25 Plaintiff's motion to strike. Judges exist to apply real evidence to the law, not to play cat and

26

27

1  mouse with document forgers. This brazen disregard for the American system of justice cannot be

2  allowed.

3  Date: December 9, 2021                                    TALKOV LAW CORP

4                                                           *Scott Talkov*
                                                           _____

5                                                           Scott Talkov
                                                           Attorney for Defendant Rosa Fridman

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

# DECLARATION OF SCOTT TALKOV

I, Scott Talkov, declare:

1.      I am an Attorney with and the President of Talkov Law Corp, attorneys of record for Defendant in this matter. The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

2.      Attached as Exhibit 1 is a true and correct copy of certain portions of Karl Avetoom's reply to opposition to summary judgment filed in this adversary case as Adv. Doc. 25.

3.      Attached as Exhibit 2 is a true and correct copy of the email I sent to Herbert Conrad on August 24, 2021, during my call with him. The email accurately recites that up to that point in the call, Mr. Conrad "indicated having no recollection of anyone by the name of Karl Avetoom or having witnessed any document that he may have asked you to witness."

4.      After Mr. Conrad indicated that he received the email and reviewed the attachment, he then informed me that he vaguely remembered being at court that day and witnessing an older female sign a document.

5.      I made the call to Mr. Conrad on August 24, 2021, based on information that had been provided to me suggesting that the "Contract" was a forgery.

6.      Attached as Exhibit 3 is a true and correct copy of portions of Karl Avetoom's objection to Rosa Fridman's homestead filed in the underling bankruptcy case as BK Doc. 93, which attaches both the alleged "Contract" and a declaration of Herbert Conrad attesting to the August 24, 2021, phone call with my office relating to the "Contract."

7.      The declaration of Herbert Conrad referenced above sets forth in Paragraph 4, *inter alia*, that he "emailed the attorney back and told him that his email representations were not accurate of what I had said."

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1    8.    On December 9, 2021, I confirmed that I have not received any email from Herbert

2  Conrad < hconrad67@gmail.com>, meaning I have not received any email claiming that the

3  representations in my email were not accurate of what Mr. Conrad said.

4    I declare under penalty of perjury under the laws of the State of California that the

5  foregoing is true and correct.

6    Executed on December 9, 2021, at Riverside, California.

7    *Scott Talkov*

8    Scott Talkov

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE OF KARL AVETOOM PLEADINGS SHOWING
THAT AN <u>ADDITIONAL</u>, SUBSTANTIVE DOCUMENT IN KARL AVETOOM'S SUMMARY JUDGMENT
WAS A FABRICATION; SUPPORTING DECLARATIONS OF SCOTT TALKOV AND LEILANI
CASPILLO**

8

# DECLARATION OF LEILANI CASPILLO

I, Leilani Caspillo, declare:

1.      I am a Paralegal with Talkov Law Corp, attorneys of record for Defendant in this matter. The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

2.      On Tuesday, November 23, 2021, I received a copy of Karl Avetoom's motion to vacate a judgment portions of which are attached as Exhibit 5 hereto from a court running service as shown in the email attached as Exhibit 4.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 9, 2021, at Riverside, California.

*Leilani Caspillo*
Leilani Caspillo

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

---

**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE OF KARL AVETOOM PLEADINGS SHOWING THAT AN <u>ADDITIONAL</u>, SUBSTANTIVE DOCUMENT IN KARL AVETOOM'S SUMMARY JUDGMENT WAS A FABRICATION; SUPPORTING DECLARATIONS OF SCOTT TALKOV AND LEILANI CASPILLO**

9

# Exhibit 1

1   Karl Avetoom
2   1100 Rutland Road # 9
    Newport Beach, CA 92660
3   (949) 929-4787
    Email kia002@att.net
4

5
    Creditor and Plaintiff, In Pro Per
6

7

8                    UNITED STATES BANKRUPTCY COURT

9          CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

10  In re:                              )  Case No:    8:21-bk-10513-ES
                                        )
11  Rosa Fridman                        )  Adversary Case No:  8:21-ap-01023-ES
                                        )
12                          Debtor      )  Hon:  Erithe A. Smith
                                        )
13  _____    )  Chapter 7
                                        )
14  Karl Avetoom                        )  **PLAINTIFF'S REPLY TO DEFENDANT'S**
                                        )  **OPPOSITION TO MOTION FOR SUMMARY**
15                          Plaintiff   )  **JUDGMENT.  SUPPORTING DECLARATIONS**
                                        )  **OF CHARLES L. MURRAY AND KARL**
16          v.                          )  **AVETOOM**
                                        )
17  Rosa Fridman                        )
                                        )  **Hearing Info:**
18                          Defendant   )  September 9, 2021 2:00 p.m.
                                        )  Crtrm. 5A 411 W. Fourth St. Santa Ana CA 92701
19                                      )
    _____    )
20
    **TO THE HONORABLE ERITHE A. SMITH, FEDERAL BANKRUPTCY JUDGE, TO**
21
    **DEFENDANT ROSA FRIDMAN AND HER ATTORNEY OF RECORD, AND TO ALL**
22
    **OTHER INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**  Plaintiff KARL
23
    AVETOOM ("Plaintiff") hereby submits his Reply to Defendant's Opposition to Plaintiff's Motion for
24
    Summary Judgment pursuant to 11 U.S.C. § 523(a)(10).
25

26

27

28

                                        i
_____
            PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT.

1    In addition, the State Court ruled on February 13, 2020 that the Trust cannot legally own any assets.

2    ECF 9, page 249 ¶ 1.

3

4    **To the extent that any party is suggesting that a trust can hold title to
     assets this is not the law. The law is clear, a trust is not a person or
     legal entity that can hold title to assets, nor can it sue, or be sued.**

5    Therefore, assets of the trust are held in the name of the trustee, as is the

6    case herein. (See Galdjie v. Darwish (2003) 113 Cal.App.4th 1331, 1344;
     Greenspan v. LADT, LLC (2010) 191 Cal.App.4th 486, 496; Portico

7    Mgmt. Group, LLC v. Harrison (2011) 202 Cal.App.4th 464, 474.)

8    Again, Defendant's representations that the Trust would be liable is soundly rejected by

9    Defendant's prior representation under oath that she remains liable individually and in her capacity as a

10   Trustee, not the Trust.  Unless Defendant is now admitting that she intended to defraud Plaintiff into

11   entering into a Settlement, a contract under California law, that offered no consideration to escape liability

12   for the fraudulent transfer case.

13   The Fridmans and their attorneys have still not learned that they cannot change stories from one

14   court to another.  This Court admonished Defendant's counsel in 2015 for doing so.  The Court of Appeal

15   did so in *Fridman v. Beach Crest* where Defendant's attorney claimed the Fridmans retained an interest in

16   the same judgment that *this* Court previously ruled the Fridmans had no legal or equitable interest in.  Now

17   the Debtor lists a claim against these attorneys after threatening them with a lawsuit for breach of fiduciary

18   duty.  See ECF Doc 9, pg. 222.

19   The 2020 Judgment arose from the July 9, 2019 Settlement where Debtor agreed under oath

20   that the 2011 Judgment was still enforceable and that the Settlement and its terms, including the 1542

21   waiver, only applied to the 2015 fraudulent transfer case.  Defendant can only rely on her continued

22   "sham" offerings which are contradicted by years of her sworn testimony and pleadings affirming her

23   belief that the 2011 Judgment remains independently enforceable.

24   Defendant signed a contract on October 3, 2019 affirming her position that the 2011 judgment

25   remains independently enforceable, conveying a consensual lien in exchange for Plaintiff not initiating

26   judicial foreclosure proceedings on her to satisfy part of his unpaid debt.

27   //

28   //

2

1    case no. 30-2010-00345490.  On August 20, 2021 Defendant and her Bankruptcy attorney Scott

2    Talkov appeared before the State Court in the 2011 judgment enforcement proceedings and again

3    never claimed that the 2011 Judgment was not enforceable.

4         Debtor's conduct, attending numerous Judgment Debtor Exams for the 2011 State Court

5    judgment since 2019 through 2021, Defendant's January 2021 "Notice of Compliance" filed in the

6    State Court containing nineteen answers stating she has complied with producing records for the

7    enforcement of the 2011 Judgment never once stated the judgment was waived, substituted, erased by

8    a novation, or no longer enforceable.  Defendant, supported by Scott Talkov, filed an Answer to the

9    Order to Show cause, again failing to raise at any time the 2011 Judgment was no longer enforceable.

10        On August 20, 2021 Defendant and Scott Talkov appeared for Defendant's arraignment for two

11   counts of contempt.  Again, no mention that the court was conducting a contempt proceeding

12   stemming from an unenforceable judgment.

13        The biggest problems are Defendant's stipulation that the 2011 Judgment against her remains

14   enforceable against her as demonstrated in her 2019 stipulation under oath before the State Court, and

15   in the 2020 incarnation of the relating Judgment (Avetoom declaration Exhibit "1", Reporter's

16   Transcript July 9, 2015 *Avetoom v. Risbrough, et al*).

17        In addition on October 3, 2019 after Defendant now desperately and fraudulently claims she

18   didn't believe the 2011 judgment was enforceable, Defendant signed a contract with Plaintiff affirming

19   the continued enforceability of the 2011 judgment, exchanging a consensual lien for Plaintiff's promise

20   not to initiate foreclosure proceedings against Defendant (Avetoom declaration Exhibit "2").

21        In addition, Defendant continues to appear for enforcement proceedings for the 2011 Judgment

22   (OCSC Case No. 30-2010-00345390).  And Defendant was served with a judgment debtor

23   examination Order for the 2015 case, relating to the separate 2020 judgment (Exhibit "3").

24        Defendant Rosa Fridman falsely asserts in her Declaration in Opposition that she opined the

25   2011 judgment was no longer enforceable (Rosa Fridman Decl. ¶¶ 3, 4).

26        However, Defendant has acted to the contrary by participating, testifying under oath and by

27   submitting documents for the enforcement of the 2011 Judgment in *Avetoom v. Arce, Fridman* OCSC

28   Case No. 30-2010-00345490 for over two years.

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT.

1    The Supreme Court has explained that the "[s]ummary judgment procedure is properly regarded

2    not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole,

3    which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex*

4    *Corp. v. Catrett,* 477 U.S. 317, 327 (1986) (internal quotation marks omitted). Some form of the sham

5    affidavit rule is necessary to maintain this principle. This is because, as we have explained, **"if a party**

6    **who has been examined at length on deposition could raise an issue of fact simply by submitting**

7    **an affidavit contradicting his own prior testimony, this would greatly diminish the utility of**

8    **summary judgment as a procedure for screening out sham issues of fact."** *Kennedy,* 952 F.2d at

9    266 (quoting *Foster v. Arcata Assocs., Inc.,* 772 F.2d 1453, 1462 (9th Cir.1985)). See *Van Asdale v.*

10    *International Game Technology* (9th Cir. 2009) 577 F.3d 989, 998.

11    Defendant's Opposition offers Defendant's declaration new illogical claim that she believed the

12    2011 Judgment was no longer enforceable (Declaration Rosa Fridman ¶¶ 3, 4).

13    Rosa Fridman's claim of *"I was under the impression. . ."* is a sham, another fraudulent

14    statement that contrdicts her prior sworn testimony in a 2019 Settlement proceeding, her 2019 through

15    2020 debtor exams under oath, and Defendant's numerous pleadings in the 2011 judgment

16    enforcement proceedings, all of which affirmed she understood the proceedings where she represented

17    she was complying with her obligations in enforcement proceedings relative to  the **2011 judgment**.

18    Defendant's last-minute amendment to her schedules, to now "dispute" the 2011 Judgment,

19    demonstrates that the Defendant and her attorney are willing to offer false evidence in a vain attempt to

20    overcome all of the Defendant's prior testimony under oath in the State Court.

21    Defendant's "sham" affidavit and sham amendments are insufficient to overcome her prior

22    sworn testimony, her filings under oath, and her October 3, 2019 Contract that affirms Defendant knew

23    the 2011 Judgment remained enforceable.

24

25    IX.    **DEFENDANT HAS NOT JUSTIFIED HER NEED FOR DISCOVERY THAT**

26    **WARRARNTS DENIAL OF PLAINTIFF'S MOTION. RATHER HER NEED**

27    **DEMONSTRATES HER PROPENSITY FOR DISCOVERY ABUSE.**

28

---

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT.

**DECLARATION OF KARL AVETOOM**

I, Karl Avetoom, hereby declare as follows:

1.    I am the Plaintiff in the above entitled adversary proceeding, a creditor to the main bankruptcy case and Defendant's former bankruptcy case.  I have personal knowledge of the following facts and if called upon to testify under oath, I could and would do so competently to the following facts.

2.    I make this declaration in support of my Reply to Defendant's Opposition to my motion for summary judgment pending before this Court.

3.    Attached to my declaration as Exhibit "1" is a true and correct copy of the Repeter's Transcript of proceedings for July 9, 2019 before Hon. Theodore Howard in *Avetoom v. Risbrough*.

4.    Attached to my declaration as Exhibit "2" is a true and correct copy of a Contract executed by Defendant and myself on October 3, 2019 that affirms Defendant's knowledge that the 2011 Judgment remains enforceable by consenting to a lien against her property to satisfy the unpaid balance on the 2011 State Court judgment in OCSC case no 30-2010-00345490.

5.    Attached to my declaration as Exhibit "3" is a true and correct copy of an August 29, 2019 Minute Order for a *Judgment Debtor Exam for the 2011 Judgment*.

6.    Attached to my declaration as Exhibit "4" is a true and correct copy of an October 3, 2019 Minute Order for a *Judgment Debtor Exam for 2011 Judgment*.

7.    Attached to my declaration as Exhibit "5" is a true and correct copy of an October 31, 2019 Minute Order for a *Judgment Debtor Exam for 2011 Judgment*.

8.    Attached to my declaration as Exhibit "6" is a true and correct copy of an August 31, 2020 Minute Order for a *Judgment Debtor Exam for the 2011 Judgment*.

9.    Attached to my declaration as Exhibit "7" is a true and correct copy of a September 21, 2020 Minute Order for a *Judgment Debtor Exam for 2011 Judgment*.

10.    Attached to my declaration as Exhibit "8" is a true and correct copy of a November 16, 2020 Minute Order for a Judgment Debtor Exam for the 2011 Judgment & Motion to Compel Production of Documents to Enforce the 2011 Judgment.

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT.

1   to help him get out of the case because of problems with the Defendant's sons.  At a later hearing in

2   2021 Mr. Mokri was informed that I was still able to independently pursue collection of my 2011

3   Judgment as the 2019 Settlement only resolved the 2015 case, and did not stop the enforcement of the

4   2011 judgment separately.

5          21.  Since the 2019 Settlement which gave rise to the 2020 Judgment, Defendant has

6   attended numerous judgment enforcement proceedings, testified under oath on numerous occasions

7   and represented to the Court that she is complying with enforcement of the 2011 judgment.  Defendant

8   has even filed a Notice of Compliance *after* the 2020 judgment was entered, stating that she is

9   complying with the State Court proceedings for enforcement of the 2011 judgment.  At no time has

10  Defendant/Debtor or her attorney claimed the 2011 Judgment was no longer enforceable.

11

12         I declare under penalty of perjury under the laws of the State of California that the

13  foregoing is true and correct.

14  Executed August 27, 2021 in Newport Beach, CA

15

16                                    By:    */s/  Karl Avetoom*

17                                           Karl Avetoom

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EXHIBIT "2"*

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT.

*Contract*

This agreement ("Contract") is entered into on Oct 3, 2019 between Karl Avetoom ("creditor") and Rosa Fridman (Debtor") in her personal capacity and, also in her capacity as Trustee to the Fridman family Trust Estate Established April 14, 2000. Creditor hereby promises not to initiate any foreclosure proceedings on Debtor's property known as 16542-Blackbeard Lane. #304, Huntington Beach, CA 92647 (APN 931-71-080) ("the Property") to satisfy the remaining balance owed to Creditor in Orange county superior court case number 30-2010-00345490 (Avetoom v. Avce, Fridman) as long as the Debtor resides in the property, or until such time that resides in the property for any reason Debtor vacates the property, for any reason including assisted living, or in event Debtor files for bankruptcy protection. In consideration, Debtor agrees not to encumber the property, transfer, assign or otherwise dispose of her interest in the property, pay all property taxes pay all HOA dues and assessments on said property and consents to give creditor a lien against Debtor's undivided interest of 68.3% in the property as security to satisfy the outstanding balance owed on the judgment obtained by creditor against Debtor entered November 18, 2011 in 30-2010-00345490.

_(signature)_

Creditor

_(signature)_

Debtor

Anu Stanton
Oct 3, 2019
Witness

_(signature)_
714-853-0761

witness

HERBERT CONRAD
10-3-2019

- END -

##

### DECLARATION OF CHARLES L. MURRAY

I, Charles L. Murray, hereby declare as follows:

1.      I am an attorney duly licensed to practice law before the California Courts, and admitted to the Federal District Federal and Bankruptcy Courts for the central district of California. I have personal knowledge of the following facts and if called upon to testify under oath, I could and would do so competently to the following facts.

2.      I was the attorney of record for Plaintiff Karl Avetoom in *Avetoom v. Risbrough, et al.* OCSC Case No. 30-2015-00820760-CU-FR-NJC.

3.      On or around July 9, 2019 I was counsel of record for Karl Avetoom and present when the parties, Plaintiff Karl Avetoom and Defendant Rosa Fridman, placed their Settlement on the record, under oath, before the Court. Both parties agreed that the 2011 Judgment in *Avetoom v. Arce, Fridman,* OCSC Case No. 30-2010-00345490 would remain enforceable by Karl Avetoom. The Trial Court, Hon. Theodore Howard, clarified that the Settlement including the Section 1542 waiver applied only to claims in the 2015 matter of *Avetoom v. Risbrough, et al.* I confirmed with the Trial Court that my client, Mr. Avetoom, was not waiving his right to individually enforce the 2011 Judgment in *Avetoom v. Arce.*

4.      Between August 30, 2019 and September 13, 2019 at a continued Order to Show Cause Re: Dismissal, the Trial Court informed the parties and their counsel that Mr. Avetoom was free to continue enforcement of his 2011 Judgment before Judge Honer in *Avetoom v. Arce, Fridman* 30-2010-00345490, including continued judgment debtor examinations, as the 2015 case and its 2019 Settlement did not prevent Mr. Avetoom from continuing his judgment enforcement of the 2011 judgment. The Trial Court informed the parties, including Defendant's counsel, that the 2019 Settlement did not affect enforcement of Plaintiff's 2011 Judgment

5.      I have personal knowledge the Defendant Rosa Fridman has continued to attend judgment enforcement proceedings for the 2011 Judgment in case no. 30-2010-00345490.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed August 26, 2021 in <u>Los Angeles</u>, CA    By: _____

                                                                *Charles L. Murray* ♪♪♪

                                                                Charles L. Murray III.

# Exhibit 2



Scott Talkov <scott@talkovlaw.com>

---

## Document Indicating That You Witnessed a Signature

**Scott Talkov** <scott@talkovlaw.com>                                    Tue, Aug 24, 2021 at 5:38 PM
To: hconrad67@gmail.com

Hi Herbert,

It was a pleasure to speak with you today where you indicated having no recollection of anyone by the name of Karl Avetoom, or having witnessed any document that he may have asked you to witness. The document is attached for your reference.

All the best,



**Scott Talkov | Attorney, Talkov Law**

**e:** scott@talkovlaw.com | **w:** www.talkovlaw.com
**p:** (951) 888-3300

---

**2 attachments**



📄 **7-1- Claim 7 filed by Karl Avetoom Amount claimed 270000 00 (Electronic.pdf**
54K

📄 **7-1_2- Claim 7 filed by Karl Avetoom Amount claimed 270000 00 (Electronic.pdf**
1871K

# Exhibit 3

Case 8:21-bk-10513-ES    Doc 93    Filed 09/30/21    Entered 09/30/21 18:01:16    Desc
Main Document    Page 1 of 151

1  Karl Avetoom
2  1100 Rutland Road # 9
   Newport Beach, CA 92660
3  (949) 929-4787
   Email kia002@att.net
4

5
   Creditor and Plaintiff, In Pro Per
6

7

8              UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

10  In re:                          )  Case No:    8:21-bk-10513-ES
                                    )
11  Rosa Fridman                    )  Hon:  Erithe A. Smith
                                    )
12                                  )  Chapter 7
                                    )
13                                  )  **CREDITOR KARL AVETOOM'S NOTICE**
                                    )  **OF AND OBJECTION AND AFFIRMATIVE**
14                                  )  **DEFENSES TO ROSA FRIDMAN'S**
                                    )  **CLAIMED HOMESTEAD EXEMPTION.**
15                                  )
                                    )
16                                  )
                                    )  Hearing Info:
17                                  )  Date:      January 20, 2022
                                    )  Time:      2:00 P.M.
18                                  )  Location:  Virtual Hearing via Zoom.gov
                                    )
19  _____     )

20  **TO THE HONORABLE ERITHE A. SMITH, FEDERAL BANKRUPTCY JUDGE, TO ROSA**

21  **FRIDMAN AND HER ATTORNEY OF RECORD, AND TO ALL INTERESTED PARTIES:**

22       PLEASE TAKE NOTICE that on January 20, 2022, at 2:00 p.m., in Courtroom 5A in the

23  above-entitled Court located at 411 W. Fourth Street, Santa Ana, California, the Court will conduct a

24  hearing on the Objection to Debtor's Claimed Homestead Exemptions ("Objection") filed by Karl

25  Avetoom, in his capacity as a Creditor ("Creditor") of the bankruptcy estate of Rosa Fridman

26  ("Debtor"). *Hearing to be conducted remotely via Zoom.gov Supplemental Notice attached.*

27       This Objection is based upon the Notice of Objection and Objection to the Debtor's Claimed

28  Homestead Exemptions; Memorandum of Points and Authorities; the Declaration of Karl Avetoom,

                                    i
_____

1  But an Article 5 exemption applies only to 'voluntary sales,' and not to 'forced sales' such as the filing

2  of a bankruptcy petition at issue here. *See, e.g., Kelley v. Locke (In re Kelley),* 300 B.R. 11, 20–21

3  (B.A.P. 9th Cir.2003); *Katz v. Pike (In re Pike),* 243 B.R. 66, 70 (B.A.P. 9th Cir.1999)." In re

4  Showalter (9th Cir. 2015) 617 Fed.Appx. 709, 710.

5      As a matter of 9th Circuit law and 9th Circuit BAP law, Rosa Fridman's election of a "declared"

6  homestead does not afford her an exemption in the bankruptcy arena.

7      Rosa Fridman will mistakenly rely on factually opposite case law of In re Zall, No. BAP.EC-

8  05-1476-MOSB, 2006 WL 6811022, at *4 (B.A.P. 9th Cir., Sept. 5, 2006) applied to an automatic

9  homestead, not a declared homestead. ["Unlike the present case, neither In re Morgan nor Bernhanu

10  pertained to the automatic homestead exemption statute."]. In re Mayer, 167 B.R. 186 (B.A.P. 9th Cir.

11  1994) again is an automatic homestead case. ["Mayer claimed a homestead exemption of $100,000 in

12  the property under Calif.Civ.Proc.Code §§ 704.710 and 704.730(a)(3)(C)."] Id. at 187.

13      As a matter of law Rosa Fridman can obtain any declared homestead exemption that give her

14  any benefit in the bankruptcy context of a "forced sale."

15  **IV.  A DEBTOR CANNOT EXEMPT REAL PROPERTY SHE HAS FULLLY IMPAIRED**

16  **VOLUNTARILY.**

17      On October 3, 2019 Movant/Creditor and Rosa Fridman, in her personal capacity and in her

18  capacity as Trustee for The Fridman Family Trust Established April 14, 2000, entered into a written

19  contract.  The terms of the Contract were such that Creditor Karl Avetoom agreed not to initiate any

20  foreclosure proceeding against Debtor's real property, in exchange, Debtor agreed to give Creditor a

21  lien against her undivided 68.3% real property.  The Contract was executed and witnessed.  On August

22  24, 2021 Debtor's attorney, Scott Talkov, contacted one of the witnesses who verified he had

23  witnessed the signing of the October 3.  Scott Talkov then attempted to get the witness to change his

24  testimony (Declaration of Herbert Conrad ¶¶ 2-4).  See also declaration of Karl Avetoom at ¶ 9 who

25  was in the courtroom when Rosa Fridman accepted his offer to enter into a contract to assuage her

26  complaints that Creditor Karl Avetoom would force Debtor out of her home.

27      Under California Civil Code § 2881 a lien is created by contract.  See also Hill v. Fricke (1936)

28  5 Cal.2d 320, 323 where the Court held a lien existed against real property by contract.  "Section 2872

1    the Settlement Agreement.  As this bankruptcy court agreed in September 2021, the 2020 Judgment

2    gives nothing to Creditor.  Put another way, Rosa Fridman concealed her intent to file for bankruptcy

3    during the Settlement, she had already signed up for a bankruptcy educational class establishing

4    knowledge of her intent to use bankruptcy to void the Settlement.  Rosa Fridman concealed her intent

5    to induce Creditor to dismiss the fraudulent transfer case against her.  Creditor justifiably relied on the

6    Settlement Agreement entered on the record by Rosa Fridman, under oath.  The Settlement Agreement

7    resulted in an anticipated judgment in exchange for a dismissal of liability against Rosa Fridman.

8    Creditor was harmed by Rosa Fridman's conduct in dismissing a fraudulent transfer liability case

9    which is non-dischargeable under bankruptcy law.

10         As iterated by Judge Howard in 2021, Rosa Fridman's conduct will lead to additional litigation

11   as a result of the now disputed Settlement.

12

13   **VI.   <u>CONCLUSION.</u>**

14         Based upon the foregoing objection and state based affirmative defenses, this Court on equity

15   should:

16              1. Sustain this Objection; and

17

18              2. Disallow the Real Property Schedule "C" Exemption in its entirety; or

19

20              3. Set an evidentiary hearing on Creditor's affirmative defenses, and

21

22              4. For such other and further relief as the Court deems just and proper.

23

24   Dated: September 30, 2021              By:    */s/ Karl Avetoom*

25                                                 _____
                                                   Karl Avetoom, Creditor and Moving party.
26

27

28

11

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

Case 8:21-bk-10513-ES    Doc 93    Filed 09/30/21    Entered 09/30/21 18:01:16    Desc
Main Document    Page 14 of 151

<u>**DECLARATION OF KARL AVETOOM**</u>

I, Karl Avetoom, hereby declare as follows:

1.      I am a creditor in the above entitled bankruptcy case of Rosa Fridman and Plaintiff and Judgment creditor in the State cases.  I have personal knowledge of the following facts and if called upon to testify under oath, I could and would do so competently.

2.      I make this declaration in support of my motion to dismiss Rosa Fridman's bankruptcy case currently pending before this Court.

3.      Attached to my declaration as Exhibit "1" is a true and correct copy of the November 18, 2011 State Court judgment in *Avetoom v. Arce, et al* 30-2010-00345490.

4.      Attached to my declaration as Exhibit "2" is a true and correct copy of the Chapter 7 Trustee's Section 727 Complaint against Rosa Fridman.

5.      Attached to my declaration as Exhibit "3" is a true and correct copy of Rosa Fridman's stipulation to denial of discharge on all counts in the Chapter 7 Trustee's Section 727 Complaint.

6.      Attached to my declaration as Exhibit "4" is a true and correct copy of this Court's Judgment deny Rosa Fridman discharge under Section 727.

7.      Attached to my declaration as Exhibit "5" is a true and correct copy of the Reporter's Transcript from July 9, 2019 in the *Avetoom v. Risbrough, et al* state fraudulent transfer action.

8.      Attached to my declaration as Exhibit "6" is a true and correct copy of the August 15, 2020 Judgment in the *Avetoom v. Risbrough* fraudulent transfer action, the caption changed by the Court to *Avetoom v. Fridman* after the Risbrough defendants were dismissed after settling the case before trial.

9.      Attached to my declaration as Exhibit "7" is a true and correct copy of the Contract entered into between myself and Rosa Fridman on or around October 3, 2019 after Rosa Fridman complained to Judge Sherri Honer that I was going to foreclose on her property and kick her out.  I entered into this Contract that created a consensual lien promising not to initiate foreclosure proceedings in exchange for Rosa Fridman maintaining the property, not transferring the property and agreeing to give me a voluntary consensual lien against the Blackbeard Lane property as security towards the unpaid balance on the 2011 State Court judgment, *Avetoom v. Arce, et al* 30-2010-

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

1    00345490.  On that day, Rosa Fridman's son, who had been banned from attending the Debtor

2    Examinations due to his interference, demanded he take the "Contract" for two weeks, without

3    explaining why.  I refused to give the Contract to him due to his ongoing interference with my rights to

4    collect on my outstanding 2011 judgment.

5        10.    Attached to my declaration as Exhibit "8" is a true and correct copy of Rosa Fridman's

6    Schedule "C" declaring her real property at Blackbeard Lane as exempt.

7        11.    Attached to my declaration as Exhibit "9" is a true and correct copy of the Declared

8    Homestead declaration filed in Rosa Fridman's Lien Avoidance Motion.

9        12.    Attached to my declaration as Exhibit "10" is a true and correct copy of Rosa Fridman's

10   Notice of Errata, substituting in a recorded copy of Rosa Fridman's Declaration of Homestead.

11       13.    Attached to my declaration as Exhibit "11" is a true and correct copy of Scott Talkov's

12   blog, published a few days after the Court granted the Lien Avoidance Motion explaining how using

13   Section 522(f) could avoid liability under state court fraudulent transfer law.  Rosa Fridman had

14   repeatedly stated in the State Court proceedings that she wanted the Property to go to Alex Fridman,

15   aka Alex Theory, because he is broke.  Alex Theory/Fridman is listed on the initial title report used in

16   Rosa Fridman's LAM.  And blind copied on emails from Scott Talkov relating to the lien avoidance.

17       14.    On June 29, 2021 Rosa Fridman testified in her Section 341 exam that no one had filed

18   any action to foreclose on her real property (Avetoom decl. Exh. "12" RT 25).  Attached to my

19   declaration as Exhibit "12" are true and correct copies of the relevant Reporter's Transcript of that day.

20       15.    Attached to my declaration as Exhibit "13" is a true and correct copy of Rosa Fridman's

21   Appellee's brief relevant pages establishing she asserted a declared homestead.

22       16.    Attached to my declaration as Exhibit "14" is the Reporter's Transcript pages from

23   Rosa Fridman's "341" examination relating to how she claimed to have taken the pre-bankruptcy

24   educational class herself and gave her attorney a $50,000 deed of trust that she remains liable to repay.

25       17.    I contacted several debtor education businesses, one reported that in early July 2019

26   Rosa Fridman enrolled for a pre-bankruptcy course.

27   I declare under penalty of perjury under the laws of the United States that the foregoing is true and

28   correct to the best of my knowledge.

---

13

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

1    Executed September 30, 2021 in Newport Beach, Ca.

2                                                    By:    */s/ Karl Avetoom*

3                                                           _____

4                                                           Karl Avetoom

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

Case 8:21-bk-10513-ES    Doc 93    Filed 09/30/21    Entered 09/30/21 18:01:16    Desc
Main Document      Page 76 of 151

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "7"

NOTICE OF OBJECTION TO ROSA FRIDMAN'S HOMESTEAD EXEMPTION

This agreement ("Contract") is entered into on Oct 3, 2019 between Karl Avetoom ("Creditor") and Rosa Fridman ("Debtor") in her personal capacity and, also in her capacity as Trustee to the Fridman family Trust Estate Established April 14, 2000. Creditor hereby promises not to initiate any foreclosure proceedings on Debtor's property known as 16542 Blackbeard Lane, #304, Huntington Beach, CA 92647 (APN 931-71-080) ("the Property") to satisfy the remaining balance owed to Creditor in Orange County Superior Court case number 30-2010-00345490 (Avetoom v. Avce, Fridman) as long as the Debtor resides in the Property, or until such time that Debtor vacates the Property for any reason including assisted living, or in event Debtor files for bankruptcy protection. In consideration, Debtor agrees not to encumber the property, transfer, assign or otherwise dispose of her interest in the Property, pay all property taxes pay all HOA dues and assessments on said Property and consents to give Creditor a lien against Debtor's undivided interest of 68.3% in the Property as security to satisfy the outstanding balance owed on the Judgment obtained by Creditor against Debtor entered November 18, 2011 in 30-2010-00345490.

_[signature]_
Creditor

Anne Stanton
Oct 3, 2019
Witness

_[signature]_
Debtor

_[signature]_
714-853-0761

witness
HERBERT CONRAD
10.3.2019

- END -

# #

## DECLARATION OF HERBERT CONRAD

I, Herbert Conrad, hereby declare as follows:

     1.    I am over the age of eighteen and have personal knowledge of the following facts. If called upon to testify under oath, I could and would do so competently.

     2.    On August 24, 2021 I received a phone call from an attorney by the name of Scott Talkov. This attorney asked me if I had witnessed the signing of a document at the Orange County Superior Court on or around October 3, 2019. The attorney was trying to put words in my mouth, attempting to have be state that I did not know the people and did not witness the document being signed. The attorney was trying to feed answers to me to get me to take a position on a document from 2019. I eventually asked him to send me by email a copy of the document, which he did. But his email was already filled out falsely representing my statements.

     3.    I reviewed the document and recalled that I had been asked by two people at the Orange County Superior Court to be a witness to the signing of a document, the same documents titled "Contract" that the attorney had sent to me via email. I recalled being asked to be a witness and agreed to be a witness to the signing of this document. I explained to attorney Scott Taklov that I had witnessed an older woman sign the document, then followed by two other parties. I signed the document last. The attorney did not seem too happy to hear this and shortly ended the phone call.

     4.    I felt uncomfortable by the attorney trying to influence me into answering how he wanted, basically putting words in my mouth and falsely representing my prior statements. I emailed the attorney back and told him that his email representations were not accurate of what I had said.

I declare under penalty of perjury under the laws of the United States that the above it true and correct.

Executed September 30, 2021 in Fullerton, California

By: _____

Herbert Conrad

# Exhibit 4

M Gmail                                                      Leilani Caspillo <assistant@talkovlaw.com>

## Remaining Copies re: KARL IVAN AVERTOOM (LA32000358)
1 message

**LA@asaplegal.com** <LA@asaplegal.com>                      Tue, Nov 23, 2021 at 2:46 PM
To: "assistant@talkovlaw.com" <assistant@talkovlaw.com>
Cc: "LA@asaplegal.com" <LA@asaplegal.com>

Hello Leilani,

Attached are the remaining copies re: KARL IVAN AVERTOOM

**\*Have a safe & happy holiday with your loved ones\***

Thank you,

*Anthony Hernandez*

*Office Manager – Los Angeles*

*ASAP* LEGAL, LLC

1607 James M. Wood Blvd.

Los Angeles, CA 90015

T 213.252.2000 | F 213.252-2003

Email: la@asaplegal.com

Web:  www.asaplegal.com



---

**4 attachments**

 **img-Y23142559-0001.pdf**
170K

**img-Y23142613-0001.pdf**
363K

 **img-Y23142726-0001.pdf**
2754K

**img-Y23142942-0001.pdf**

2789K

# Exhibit 5

1   Sandra Nassar, SBN 199305
2   Law Offices of Sandra Nassar, A Professional Corporation
    19200 Von Karman Ave. Suite 400
3   Irvine, CA 92612
    Office: 949-622-5442
4   sandra@snassarlaw.com
5   *Attorney for Petitioner/Defendant Karl Ivan Avetoom*
6

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**OCT 13 2021**

DAVID H. YAMASAKI, Clerk of the Court

BY: R. SANCHEZ-VEGA , DEPUTY

7          **THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8       **IN AND FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

9
10   PEOPLE OF THE STATE OF CALIFORNIA,    Case No.: 96HF 0016

         Plaintiff,
11
12   vs.                                    MOTION TO VACATE A JUDGEMENT
                                            PURSUANT TO PENAL CODE SECTION
13   KARL IVAN AVETOOM,                     1473.6; POINTS AND AUTHORITIES IN
                                            SUPPORT THEREOF
14       Defendant
15
16

17      **PLEASE TAKE NOTICE THAT** on November 12, 2021, at 9:00 a.m., or as soon

18   thereafter as the matter may be heard in Department C5, or the assigned department, of the

19   above-entitled court. Defendant KARL IVAN AVETOOM, by and through attorneys, will move

20   the Court for an order to vacate his 1997 convictions in this case pursuant to Penal Code Section

21   1473.6, based upon newly discovered evidence. The newly discovered evidence demonstrates

22   fraud by a member of the prosecution team that completely undermines the prosecution's case,

23   that is conclusive, and points unerringly to his innocence. The newly discovered evidence proves

24   that a member of the prosecution team testified falsely at trial, resulting in the conviction, and

25   that the testimony of the government official was substantially probative on the issue of guilt or

26   punishment. The newly discovered evidence establishes that misconduct by a member of the

27
28

MOTION TO VACATE JUDGMENT - 1

prosecution team was committed in the underlying case that resulted in fabrication of evidence substantially material and probative on the issue of guilt or punishment.

The Motion will be based upon this Notice of Motion and Motion for relief under Penal Code Section 1473.6, Declaration of Karl Avetoom, Declaration of Barry Brooks, Declaration of Luke Loy, Declaration of Herbert Conrad, other exhibits, the Memorandum of Points and Authorities, all pleadings and records on file herein, and any other documentary or testimonial evidence submitted at the hearing of this Motion. It is respectfully requested that this Court take judicial notice of the transcripts, files, briefs, motions, appellate decisions, and records in this case. (Evid. Code sections 452, subdivision (d)(1), 453, and 459.)

Dated this 12th day of October, 2021

*Sandra Nassar*

Sandra Nassar

Charles L. Murray III

H. G. Robert Fong

Patricia Gitre, Pro Hac Vice

Attorneys for Karl Ivan Avetoom

MOTION TO VACATE JUDGMENT - 2

# TABLE OF CONTENTS

I.  TABLE OF EXHIBITS.................................................................8

II. INTRODUCTION .................................................................9

III. PROCEDURAL HISTORY ......................................................13

IV. STATEMENT OF THE CASE ...................................................15

V.  1473.6 PC MOTION BROUGHT IN 2010......................................17

VI. NEWLY DISCOVERED EVIDENCE ...........................................19

    A.  LETTER FROM DOT / NHTSA AND DECLARATION FROM LUKE LOY .......20

    B.  VIN VERIFICATION AND DECLARATION FROM FORMER LAPD OFFICER BARRY
       BROOKS ...................................................................22

    C.  VIN VERIFICATION AND DECLARATION FROM FORMER LAPD OFFICER HERBERT
       CONRAD AND VIN ASSIST. ...............................................23

    D.  OCATT DETECTIVE ADMISSION OF DESTRUCTION OF EVIDENCE. OBLITERATING
       THE VIN .................................................................24

VII. MEMORANDUM OF POINTS AND AUTHORITIES AND ARGUMENT...........26

    E.  ALL OF THE EVIDENCE IS NEWLY DISCOVERED.............................27

    F.  THE NEWLY DISCOVERED EVIDENCE OF FRAUD BY A GOVERNMENT OFFICIAL
       COMPLETELY UNDERMINES THE PROSECUTION'S CASE, IS CONCLUSIVE, AND
       POINTS UNERRINGLY TO MR. AVETOOM'S INNOCENCE. ......................29

    G.  THE NEWLY DISCOVERED EVIDENCE DEMONSTRATES THAT A GOVERNMENT
       OFFICIAL TESTIFIED FALSELY AT THE TRIAL THAT RESULTED IN THE CONVICTIONS

MOTION TO VACATE JUDGMENT - 5

I. **TABLE OF EXHIBITS**

**EXHIBIT**              **DESCRIPTION**

1                        Declaration of Karl Avetoom

2                        Declaration of Barry Brooks

3                        Declaration of Luke Loy

4                        Declaration of Herbert Conrad

5                        Email from Elizabeth Molfetta (09/15/10)

6                        Felony Complaint in case 95HF0561

7                        Information in case 96HF0016

8                        Letter from Los Angeles Police Department (08/06/19)

9                        Letter from OCATT to Alfonso Gayton (09/06/95)

10                       Picture of motorcycle frame with 380 VIN

11                       Picture of motorcycle frame with 880 VIN

12                       Picture of obliterated VIN

13                       Expert's report comparing both motorcycle VINs

14                       VIN Assist

MOTION TO VACATE JUDGMENT - 8

2. A DMV "Verification of a Vehicle" form that was performed and signed by LAPD Officer Brooks in December 1994 in which he verifies the existence of a Suzuki motorcycle with an intact VIN and it is the exact same VIN that ends in 880. LAPD Officer Brooks inspected this 880 VIN Suzuki before it supposedly came into existence according to the prosecution's theory, because the date of the inspection was prior to when Cruz's motorcycle was stolen and supposedly altered.

3. Another DMV "Verification of a Vehicle" form that was performed and signed by LAPD Officer Herbert Conrad in August 1996 in which he verifies the existence of a 1990 Suzuki motorcycle with an intact VIN and it is the exact same VIN that ends in 380, which is Cruz's motorcycle. LAPD Officer Conrad inspected this 380 VIN Suzuki after it supposedly no longer existed according to the prosecution's theory, because the date of the inspection was after Cruz's motorcycle was stolen and supposedly permanently altered. This is compelling evidence that law enforcement did not seize the Cruz motorcycle, especially considering the VIN on the motorcycle that law enforcement possessed was obliterated by them, causing the VIN to be unreadable, almost a year before this inspection found the 380 VIN intact and unaltered.

Mr. Avetoom could not have altered the Cruz motorcycle VIN as the evidence demonstrates it was never altered. Further, the evidence proves the existence of a 1990 Suzuki with a VIN that ends in 880. In light of this newly discovered evidence, the People cannot still maintain their theory that the 880 VIN motorcycle never existed but was only the altered 380 VIN motorcycle. There are government documents and law enforcement witnesses that prove otherwise. Worse for the prosecution, the newly discovered evidence was in the possession of the prosecution team

MOTION TO VACATE JUDGMENT - 11

altered after it was stolen to the 880 VIN is now proven impossible because the motorcycle with the 880 VIN was observed to exist before Duane Cruz's motorcycle was stolen and supposedly altered. This evidence also proves that the LAPD / LA TRAP, which was part of the prosecution team, had this evidence and failed to provide it to Mr. Avetoom or his legal defense team. Even more damning is the fact that Detective Wiseman went to see LAPD Officer Brooks and discussed his VIN verification with him. So not only did the prosecution team have knowledge of this evidence but the main investigator on the case and the designated investigating officer at trial, Detective Wiseman, personally knew. Appallingly, this evidence was never provided to the defense. Again, this misconduct rises to Constitutional levels and deprived Mr. Avetoom of a fair trial, allowing the judge and jury to be deceived by fraudulent evidence and false testimony.

**c. VIN Verification and Declaration from Former LAPD Officer Herbert Conrad and VIN Assist.**

The VIN Verification and corresponding declaration from former Los Angeles Police Officer Herbert Conrad demonstrates that the 1990 Suzuki motorcycle with VIN 380 was observed with a VIN intact in August 1996. (EXHIBIT 4.) This is significant because August 1996 is months after Detective Wiseman said he observed the supposedly true 380 VIN motorcycle to be permanently altered to 880. This is also almost a year after an OCATT detective obliterated the VIN number on that motorcycle so that the VIN was unreadable. This evidence conclusively demonstrates that the 380 motorcycle was still in existence, even after the prosecution's evidence supposedly rendered that impossible.

Even more telling is other newly discovered evidence, that the People provided to the defense for the first time on March 4, 2021, the VIN Assist. (EXHIBIT 14.) The VIN Assist shows the engine that belongs to VIN 380 is V710106071, which is what Officer Conrad listed.

MOTION TO VACATE JUDGMENT - 23

This establishes the veracity of the Conrad verification and that the 380 VIN motorcycle was never altered, including the engine. The VIN and engine are consistent with each other. At trial, the evidence indicated the engine in the Suzuki motorcycle was a different type and number. The engine and 380 VIN could only match years later if the motorcycle seized by the prosecution team was not the 380 VIN.

The logical conclusion is that the OCATT detectives did not observe an altered 380 motorcycle or obliterate the VIN on the 380 motorcycle, but instead observed the true 880 VIN motorcycle and then obliterated its VIN which is why the 380 motorcycle still existed. This also explains why Mr. Avetoom was able to find the frame of the 380 VIN motorcycle years later with it appearing unaltered. Shockingly, this evidence, that exonerates Mr. Avetoom was in the possession of the prosecution team a year before Mr. Avetoom's jury trial. This evidence alone, much less combined with the other evidence, proves that Detectives Wiseman and Thrasher's testimony at trial was false and untrue.

### d. OCATT Detective Admission of Destruction of Evidence, Obliterating the VIN

In 1995, a detective with OCATT obliterated the VIN on the motorcycle and gave it to State Farm Insurance. This was done prior to any hearings being held on the case. It prevented any real investigation of the alleged altered VIN by the defense. It further prevented any fact finders, such as the judge or jury, from observing the VIN for themselves. Instead, they had to rely on Detective Wiseman and Detective Thrasher and their opinion about it being altered. The only other evidence was a picture of the 880 VIN that did not appear altered. (EXHIBIT 11.) However, at the time, the prosecutor never revealed that the motorcycle VIN was obliterated or even that the motorcycle was no longer in law enforcement custody. It is unclear if the prosecutor was aware of the actions by the prosecution team's law enforcementa. The

MOTION TO VACATE JUDGMENT - 24

put into evidence the DMV history of the 880 VIN motorcycle to show that it was a non-conforming VIN. The prosecution's theory of the case, that a true 880 VIN motorcycle never existed but was instead a 380 VIN motorcycle that had been altered to depict 880, is completely undermined by the newly discovered evidence. It is conclusive and points to Mr. Avetoom's innocence. The prosecution's theory is wrong and refuted by the evidence that was in their possession the entire time.

We now know without a doubt that a motorcycle with the 880 VIN did exist and that the motorcycle that Detective Wiseman observed and quickly obliterated the VIN of could not have been the 380 VIN motorcycle but was in fact the real 880 VIN motorcycle. Because Detective Wiseman obliterated the VIN and gave the motorcycle to State Farm Insurance company in January 1996, no one involved in the prosecution or defense of the case, other than Detective Wiseman and Detective Thrasher, ever saw the motorcycle. The defense never had an opportunity to inspect the motorcycle as it was no longer in the possession of law enforcement. This also meant that no trier of fact such as a judge or jury ever saw or inspected the motorcycle.

The Department of Transportation letter and declaration of Luke Loy explains that the 880 VIN motorcycle existed. The VIN verification by LAPD Officer Brooks shows that the 880 VIN motorcycle was observed and was in existence in the Los Angeles area before the 380 VIN motorcycle was ever stolen. And the existence of the 380 VIN motorcycle after the VIN was supposedly altered and then obliterated, as evidenced by the VIN verification done in 1996 by then LAPD Officer Herbert Conrad, shows that the real 380 VIN motorcycle was not the motorcycle that Detectives Wiseman and Thrasher observed. This evidence undermines the prosecution case, is conclusive, and points to Mr. Avetoom's innocence. The evidence proves that the motorcycle that Detectives Wiseman and Thrasher observed was in fact the 880 VIN

MOTION TO VACATE JUDGMENT - 30

## DECLARATION OF KARL AVETOOM

I, Karl Avetoom, hereby declare as follows:

1.     I have personal knowledge of the following facts and if called upon to testify under oath, I could and would do so to the following facts. I was the defendant in the matter of People v. Karl Avetoom, Orange County Superior Court case number 96HF0016. I make this declaration in support of my Penal Code § 1473.6 Motion.

2.     In or around August 2019, I was contacted from an employee of the office of my former attorney, William Kopeny, who was deceased at the time. I was informed that Mr. Kopeny received a letter indicating that a law enforcement agency had a file related to my case. I was not given any further details. I was told that another attorney was handling Mr. Kopeny's cases. Arrangements were made for me to meet with that attorney. I do not recall his name at this time. A few weeks later I met the attorney at Harbor Justice Center in Newport Beach, CA. I was given a letter that was from the Los Angeles Police Department and written to William Kopeny. The letter indicated there was a joint investigation file related to me. The letter stated that the contents of the file were going to be destroyed and if the contents of the file were wanted then I request would need to be made within a certain timeframe.

3.     I wrote to the Los Angeles Police Department and informed them that Mr. Kopeny had passed away, but any documents they had could be sent to my home address. I also called the Los Angeles Police Department Discovery Unit to inquire about the documents. I recall speaking on the telephone with a gentleman who worked for the discovery unit. He informed me that the documents appeared to be related to motorcycles.

4.     In or around the last week of October 2019, I received a brown thick envelope addressed to me from Los Angeles Police Department. I had been assisting attorneys Charles L. Murray and former Los Angeles District Attorney Steve Cooley on an insurance appeal board case for a member of law enforcement and upon meeting for lunch with Mr. Cooley and the client, I showed Mr. Cooley the envelope. I asked him to be a witness to opening the envelope and inspecting the contents. On or about November 18, 2019, after lunch, Mr. Cooley unsealed the envelope and we inspected the contents which included a complete executed search warrant signed by Detective Eric Wiseman, and Hon. Suzanne Shaw (Ret.) complete with a copy of a return to the search warrant. I

1

DECLARATION OF KARL AVETOOM

## DECLARATION OF KARL AVETOOM

1    Entwistle only to learn that he no longer worked for NHTSA. I had a private investigator try and

2    locate Mr. Entwistle. Of the several phone numbers I received only one was related to Mr. Entwistle.

3    It was the phone number of his son. I spoke with him. He told me that he would pass on my

4    information to his father and if his father wanted anything to do with NHTSA, he would contact me. I

5    never heard back from Mr. George Entwistle. I was finally able to locate another person that worked

6    at DOT/NHTSA at that time the letter was written and still worked for them. Mr. Luke Loy, who at

7    the time was working for another department of NHTSA, told me that he worked with George

8    Entwisle in the department that oversaw vehicle importation. I explained to Mr. Loy that I was trying

9    to authenticate the letter I possessed from DOT/NHTSA. Mr. Loy said he could do that as he worked

10   in the department that approved importation of vehicles. He stated that he actually wrote the letters

11   approving importation of vehicles and then he would have Mr. Entwistle sign them. I emailed the

12   letter to Mr. Loy who read the contents and verified his office would have written the letter and that it

13   was Mr. Entwistle's authentic signature on the letter.

14          6.      Based on the information we discussed, I sent a declaration to Mr. Loy in or around

15   December 2019, for him to sign. The declaration was to authenticate the NHTSA letter for the

16   importation of the 1990 Suzuki motorcycle with VIN JS1GV78A8L2100880. I received the

17   declaration back from Mr. Loy. It was signed but contained no place of execution. So, I had to wait

18   for Mr. Loy to return from his vacation to have the location of execution added to the declaration.

19          7.      In or around May 2020 and July 2020 I received additional correspondence from Los

20   Angeles Police Department Discovery Unit. Within the July 2020 envelope was a copy of a VIN

21   verification performed by an LAPD Officer named B. Brooks. The envelope also contained a VIN

22   verification performed by an H. Conrad. I learned, both LAPD Officers B. Brooks and H Conrad,

23   were retired and no longer working for LAPD.

24          8.      I contacted Mr. Barry Brooks through a private investigator who gave me his home

25   address. I had been unable to contact Mr. Brooks for several weeks and learned that he had some

26   health conditions. Mr. Brooks was not able to meet with me because he was hospitalized due to a

27   medical condition and then because of the COVID-19 pandemic risk. I had to wait for his health to

28   improve before he could review the VIN verification of a 1990 Suzuki motocycle that was completed

DECLARATION OF KARL AVETOOM

## DECLARATION OF KARL AVETOOM

1  in December 1994 confirming an unaltered VIN of JS1GV78A8L2100880 in Los Angeles, California.
2  Mr. Brooks contacted me and stated the document contained his signature and handwriting on the VIN
3  verification. In addition, Mr. Brooks stated that he kept records of his work and had looked through
4  them and found a business card from Eric Wiseman. Mr. Brooks informed me he recalled being asked
5  about the VIN verification by a law enforcement member in or around early 1997 and collected the
6  business card as part of his habit and custom. I obtained Mr. Brooks declaration authenticating the
7  document on or around October 3, 2020.
8      9.      I was having difficulty contacting Mr. Conrad. Exhausting my other avenues, I asked
9  Mr. Brooks if he could assist me in contacting Mr. Conrad. In or around March or April 2021, Mr.
10 Brooks informed me that he was able to contact Herbert Conrad. Shortly thereafter, he arranged for
11 me to meet with Mr. Conrad at The Yard House for lunch. During the meeting, Mr. Conrad was able
12 to authenticate the VIN verification document that was performed on August 15, 1996. Mr. Conrad
13 also had health issues and had been unavailable due to a medical condition and had been recovering
14 from surgery. During this time, I was waiting to get a declaration supporting the authenticating of the
15 document; however, he was not available to meet with me due to COVID-19 issues.
16     10.     In 2020, the Orange County Superior Courts were closed to the public because of the
17 world-wide pandemic due to COVID-19. On or about August 2020 through October 2020, I tried
18 several times to get in contact with the Orange County Superior Court criminal operations to inquire
19 about how to file a motion pursuant to Penal Code §§ 1473.6 and/or 1473.7. I eventually was able to
20 speak to a clerk in department C-5 who informed me that they were not taking any filings of those
21 motions at that time. The clerk said I needed to fill out a Covid Felony Request form and send it in
22 and they would contact me when they could accept them. I did so on or about September 16, 2020 and
23 sent it to the email address COVIDFelRequestCJC@occourts.org. (See Attachment 1 to my
24 Declaration.)
25     11.     Several months later on December 23, 2020, I received a message on my cell phone
26 from a Criminal Operations Supervisor who asked me to call her back. I did so and was informed that
27 the court was now hearing these motions, which had been delayed due to COVID, in department C-37
28 and I would have to contact that department to set up a date and time with the department. I forwarded

4

DECLARATION OF KARL AVETOOM

## DECLARATION OF KARL AVETOOM

1  the voicemail from Orange County Superior Court's criminal operations division to Attorney Charles

2  L. Murray and we began preparing a Penal Code section 1473.7 motion to file as soon as possible.

3  Because there is no actual firm statutory deadline to file such a motion and in order to avoid a claim of

4  untimeliness, we filed a brief on December 30, 2020 and calendared it for January 29, 2021.

5        12.    On or around March 4, 2021 my attorneys received additional documentation from the

6  People which they forwarded to me. Included in this emailed production was a "VIN assist" document

7  that contained several pages relating to the JS1GV73A8L2100380 Suzuki motorcycle. The VIN Assist

8  also listed this Suzuki being shipped with an engine number of V710106071. This engine number

9  matches the exact engine number on the VIN verification performed by Officer Conrad in or around

10  August 1996. The People had previously claimed that the engine number contained on Mr. Cruz's title

11  and registration was not a legitimate number. March 4, 2021 is the first time the People disclosed the

12  true ending number of V710106071.

13        13.    On or around March 16, 2021, the People sent a copy of their Opposition to my motion

14  which contained an admission that an OCATT detective had destroyed the VIN on the 1990 Suzuki

15  motorcycle before it was given to State Farm Insurance in January 1996. At no prior time had the

16  People ever disclosed that law enforcement investigating the case had obliterated and destroyed the

17  VIN on the motorcycle I was charged with possessing and selling with an altered VIN. In the motion,

18  the People also included photographs of the VIN they obliterated in or around the end of 1995 or

19  January 1996. This was done prior to the refiling of the complaint in case number 96HF0016, but after

20  the People had disclosed in an August 14, 1995 preliminary hearing conducted during the first filing in

21  case 95HF0561, when they mentioned and knew of this Suzuki motorcycle. This was also prior to that

22  Suzuki motorcycle being charged, as it was not included in the first prosecution. My attorney at that

23  time, Mr. Todd Langren, had made repeated requests to inspect the VINs and engine numbers on the

24  motorcycles in the case. The People always had an excuse why they could not show them to us.

25  Eventually Judge Turner instructed Deputy District Attorney Tomas Crofoot to allow us to inspect the

26  motorcycles. The People showed Mr. Landgren and I two motorcycles; however, they were unrelated

27  to my case. The People, then represented by Mr. Tomas Crofoot, said that they would produce all of

28  the motorcycles at trial. Mr. Crofoot further represented that the People would not release any

5

DECLARATION OF KARL AVETOOM

## DECLARATION OF KARL AVETOOM

1  VIN and disposed of the Suzuki motorcycle before my indictment, depriving me and any fact finder of

2  ever viewing the claimed evidence against me

3     23.    I attended law school with a young lady who interned at the Orange County District

4  Attorney's office. I was informed by this OCDA intern that around the time of my last Penal Code

5  1473.6 motion, Detective Wiseman would routinely meet with Deputy District Attorney Molfetta and

6  he would argue against her providing any form of relief for me. She relayed to me that she heard

7  Detective Wiseman tell Deputy District Attorney Molfetta that if the OCDA's office were to give me

8  relief, the fallout would affect other cases he testified in for the OCDA's office, including the "Han"

9  case.

10

11     I declare under penalty of perjury under the laws of the State of California that the foregoing is

12  true and correct.

13     Executed  October 11, 2021 in Newport Beach, California

14

15

16

17                    By:  _Karl Avetoom_____

18                         Karl Avetoom

19

20

21

22

23

24

25

26

27

28

9

DECLARATION OF KARL AVETOOM

# EXHIBIT

# EXHIBIT 4

## DECLARATION OF HERBERT CONRAD

I, Herbert Conrad, hereby declare as follows:

1. I have personal knowledge of the following facts and if called upon to testify under oath, I could and would do so to the following facts.

2. I was a sworn peace officer with the Los Angeles Police Department from 1995 to 2006. From about 1995 to 1997, I was assigned to the Northeast Station as a patrol officer. Part of my duties included doing verifications of vehicles.

3. During my time as a peace officer, I received training in how to do a verification of a vehicle and how to complete the DMV paperwork related to that verification. Over the years, I would estimate I conducted over a hundred verifications of vehicles, including motorcycles.

4. Around April 2021, I was contact by a former Los Angeles Police Department officer named Barry Brooks regarding a verification of a vehicle I completed in August 1996 while I was a peace officer with Los Angeles Police Department.

5. I was shown a document that was a DMV form titled "Verification of Vehicle" that was a verification of a 1990 Suzuki GSX 1100 with a VIN of JS1GV73A8L2100380 that was dated August 15, 1996 and had my name H. Conrad and my badge number on it. I recognized the writing as my own. I recognized the signature as mine, as well. In addition, the information on the document, such as my badge number and work address, were correct. This was the type of form that I completed routinely many times while I was a peace officer.

DECLARATION OF HERBERT CONRAD - 1

6. On August 15, 1996, I believe I conducted a VIN (Vehicle identification number) verification of a vehicle on 1990 Suzuki GSX 1100 with a VIN of JS1GV73A8L2100380 that appeared unaltered. Attached to my declaration as "Exhibit 1" is a true and correct copy of the Verification of Vehicle form I performed.

7. I would have created that document only if I actually observed the motorcycle with that VIN and I would have documented my observations at the time as a true and accurate reflection of my observations.

8. On the document, it is marked that the VIN and engine "appears okay." I would have only marked this if, after personally observing the VIN and engine, they appeared to be intact and unaltered. I would have made a notation and marked a different box if I made observations that the VIN or engine was altered, damaged, illegible, missing, or anything other than okay.

9. In addition to physically observing the vehicle, it was my practice to also run a DMV computer history search of the vehicle in conjunction with filling out the Verification of Vehicle form. Had this vehicle come back as stolen, I would not have performed a VIN verification.

10. I also observed on the second page of the DMV form under "Remarks" is my writing that says "OCATT – Det. Wiseman 714-634-1385". My practice would have been to note in the Remarks of the Verification of Vehicle if there was paperwork with Detective Wiseman's information on it or if I spoke to him personally about the vehicle. It was my practice to write any significant information about a vehicle or an interaction on the form to assist me in recalling the information at a later time. However, given the twenty-five

DECLARATION OF HERBERT CONRAD - 2

1    year delay in time, I do not recall specifically if I spoke with Detective Wiseman or if
2    *there was paperwork with his information on it, but I do know that I documented it*
3    because it was significant to me at the time and wanted to memorialized it and Mr.
4    
5    Wiseman's association with the vehicle relative to my VIN verification.
6
7    I declare under penalty of perjury under the law of the State of California that the foregoing is
8    true and correct.
9
10
11   *Executed on October 4, 2021 in Fullerton, California.*
12
13
14                    By:
15
16                            Herbert Conrad
17
18
19
20
21
22
23
24
25
26
27
28
     DECLARATION OF HERBERT CONRAD - 3

# EXHIBIT 4

# ATTACHMENT TO EXHIBIT 4 - EXHIBIT 1

# DMV
*A Public Service Agency*

## VERIFICATION OF VEHICLE

**THIS FORM *MUST* BE COMPLETED IN FULL — *Only* by authorized DMV representatives, California licensed vehicle verifiers, or peace officers.**

**WARNING: Alterations or erasures will void this form.**

LICENSE PLATES ON VEHICLE:
☒ None    ☐ Dealer    ☐ Temporary Permit

| LICENSE NO. | STATE | EXP. DATE |
|---|---|---|
| N/A | | |

| MODEL YEAR | MAKE | MODEL OR SERIES |
|---|---|---|
| 1990 | Suzuki | RX 1100 |

| BODY TYPE | AXLES | MOTOR POWER (FUEL) | NET WEIGHT (TRAILERS) |
|---|---|---|---|
| N/A | 2 | AH-1 | |

VEHICLE IDENTIFICATION NO. (VIN)
J S 1 G V 7 3 1 A I L 2 1 1 0 0 5 8 0

ENGINE NO. (MOTORCYCLE)
V-10-106077
☐ None-new engine or case

**VIN General Location:**
☐ Visible through windshield
☐ Body-Left (driver side)
☐ Body-Right
☐ Engine compartment
☐ Trunk
☒ Frame
☐ Other: ___

**Attached by:**
☐ Not visible
☐ Rosette rivets
☐ Round rivets
☐ Screws
☐ Adhesive
☐ Not applicable
☐ Other: ___

**Type:**
☐ Metal plate
☐ Stamped on body

☒ Stamped on Frame
☐ Label
☐ Other ___

VIN/ENGINE NO. (MOTORCYCLE MARK BOTH VIN AND ENG BOXES)
VIN/ENG
☒ ☐ Appears okay
☐ ☐ Altered/Tampered
☐ ☐ Illegible/Damaged
☐ ☐ Missing

VIN ENG
☐ ☐ Cannot locate
☐ ☐ None-Newly built
☐ ☐ Assigned by F/O
☐ ☐ See REMARKS

FEDERAL CERTIFICATION LABEL (1970 AND SUBSEQUENT YEAR MODELS):
☒ Agrees with VIN    ☐ Illegible/Damaged    ☐ Non-NA
☐ Disagrees with VIN    ☐ Missing    ☐ See REMARKS

| ODOMETER READING | | 6 6 2 4 V |10 | ☒ miles | ☐ kilometers |
|---|---|---|---|---|---|

SUPPORTING DOCUMENTS:
☒ Agrees with VIN    ☐ See REVERSE    ☐ See REMARKS
☐ Disagrees with VIN    ☐ None    ☐ No VIN on documents

EMISSION LABEL INDICATES:
☒ Vehicle meets US EPA standards
☐ Vehicle meets US EPA standards and California standards
☐ Vehicle meets California standards only
☐ See REMARKS on reverse

*I certify under penalty of perjury under the laws of the State of California that I examined the vehicle described above and I find the description of the vehicle to be as indicated.*

VERIFIER (PRINT NAME)    TITLE/BADGE/ID NO.
M. CONRAD    #3215-NB

ADDRESS
☐ Above address
☒ Other (specify): ___

VERIFIED AT    CITY    STATE
3353 N. San Fernando B, LA    CA

DATE    SIGNATURE
8-15-1996    M. Conrad

EMPLOYER
☐ DMV    ☐ Vehicle Verifier    ☐ Auto Club    ☒ Other (specify): LAPD

REG. 31 (REV. 10/90)



**STATEMENT OF FACTS
CONCERNING IDENTIFICATION NUMBER
OR ENGINE NUMBER ERROR**

## TO BE USED WITH NONRESIDENT APPLICATION ONLY

The undersigned hereby certifies to be owner(s) of Make _____
now registered in the State of _____ under
19 ___. _____ License Plate No. _____.

That the _____ show Identification/or
REGISTRATION CERTIFICATE TITLE AND/OR BILL OF SALE
Engine No. _____ but on verifying
the described vehicle, the Identification/or Engine Number proves to be
_____

- **CHECK ONE:**

☐ That the undersigned had no knowledge of the difference in the Engine Number and that no change whatsoever has been made in the Engine Number as stamped on the frame or as shown on the Engine Block, as long as the vehicle has been in my possession.

☐ That the undersigned had no knowledge of the difference in the Identification Number and that no change whatsoever has been made in the Identification Number as stamped on the frame or as shown on the Identification Number Plate, as long as the vehicle has been in possession.

*I certify under penalty of perjury under the laws of the State of California that the information entered by me on this document is true and correct.*

| DATE | SIGNATURE OF OWNER |
|------|--------------------|
|      | X                  |

ADDRESS _____

REMARKS *OLATT - JET WISEMAN*
*714 - 634 - 1385*

90 58598    REG 31 (REV. 10/90)

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2900 Adams Street, Suite C225, Riverside, CA 92504

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S OPPOSITION TO AVETOOM'S OBJECTION TO HOMESTEAD EXEMPTION; DECLARATIONS OF SCOTT TALKOV AND ROSA FRIDMAN** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 27, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Karl T Anderson (TR)    2edansie@gmail.com, kanderson@ecf.axosfs.com
Michael J Hauser    michael.hauser@usdoj.gov
Melissa Davis Lowe    mlowe@shulmanbastian.com, avernon@shulmanbastian.com
Charles L Murray    cmurray@cm3law.com, cm3esquire@gmail.com
Scott Talkov    scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐    Service information continued on attached page

2. SERVED BY UNITED STATES MAIL:
On (*date*) ____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) January 27, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Karl Avetoom, 1100 Rutland Rd #9, Newport Beach, CA 92660-4607
Victor Balakin, 101 N Ocean Dr Ste 132, Hollywood, CA 33019

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 27, 2022 | Leilani Caspillo | *Leilani Caspillo* |
| *Date* | *Printed Name* | *Signature* |

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300