SCOTT TALKOV, State Bar No. 264676
TALKOV LAW CORP.
2900 Adams St Ste C225
Riverside, California 92504
Telephone: (951) 888-3300
Email: scott@talkovlaw.com

Attorneys for Debtor Rosa A. Fridman

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re | Case. No. 8:21-bk-10513-ES |
| ROSA A. FRIDMAN, | Chapter 7 |
| Debtor. | **DEBTOR'S OPPOSITION TO AVETOOM'S REQUEST FOR EXTENSION OF TIME TO REPLY TO OPPOSITION TO HOMESTEAD EXEMPTION; DECLARATION OF SCOTT TALKOV** |
| | Hearing on Avetoom's Objection to Homestead Exemption: |
| | Date:        February 10, 2022 |
| | Time:        2:00 p.m. |
| | Courtroom: Courtroom 5A |
| | 411 W. Fourth Street |
| | Santa Ana, CA 92701 |
| | Virtual appearance by Zoom.gov |

TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY

JUDGE, CREDITOR KARL AVETOOM, THE U.S. TRUSTEE, AND ALL PARTIES IN

INTEREST:

Rosa A. Fridman ("Ms. Fridman"), Debtor in the above-captioned matter, hereby submits

the following opposition to Creditor Karl Avetoom ("Avetoom") request for extension of time to

file a reply to opposition (filed as BK Doc. 114) to the homestead exemption of Ms. Fridman (the

"Objection to Homestead Exemption" filed as BK Doc. 93) and supplement thereto

("Supplement" filed as BK Doc. 112) as follows:

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**MR. AVETOOM IS A SKILLED LAW SCHOOL GRADUATE AND LAW CLERK WHO ADMITTED ON THE RECORD THAT HE HAS ACCESS TO PACER WHILE USING IT FOR THIS CASE, DESPITE HIS INSISTENCE ON U.S. MAIL SERVICE FOR THE PURPOSE OF LITIGATION GAMESMANSHIP**

Mr. Avetoom's brief requests additional time to file a reply to the Debtor's opposition to his homestead exemption without any claim that he did not download the pleading timely from PACER. Instead, based on alleged non-receipt of the USPS mail, he proceeds on the premise of this request is that: "The Debtor and her attorney continue to interfere, intentionally, with my due process rights in a blatant attempt to gain any advantage." (BK Doc. 115, p. 2, lns. 2-3.)

Unfortunately for Mr. Avetoom, he accidentally admitted that he has PACER access during a hearing before this Court on September 9, 2021, at 2:00 p.m. Specifically, the Court asked Mr. Avetoom "I want to know in your opposition where you raise it -- where you raise Mr. Bellican. That's where I am right now." (Decl. Talkov, Ex. 1 (Transcript of Hearing on Sep. 9, 2021), p. 52, lns. 13-15.)

Mr. Avetoom responded on the record to this Court by admitting that he would "download it from PACER <u>right now</u>," as shown below:

```
24          MR. AVETOOM:  I'll download it from PACER right now
25    and point it out, but it's -- it's in there.
```

(Decl. Talkov, Ex. 1 (Transcript of Hearing on Sep. 9, 2021), p. 52, lns. 24-25.)

Despite this access to PACER, Mr. Avetoom declares that: "Nearly every mailing comes from 'Case Mail' which when tracked, originates from mainly Michigan or Delaware. This causes substantial delay in receiving filins [*sic* – filings]." (BK Doc. 115, p. 4, ¶ 4.) However, Mr. Avetoom never explains how he filed an 11-page motion to strike the Debtor's amendment to her answer in the adversary served only by U.S. Postal Service mail just <u>twenty-two hours</u> after the Debtor filed her amendment. *Compare* Adv. Doc. 31 (Debtor's amendment to answer "Filed 09/21/21" at "17:47:15") *with* Adv. Doc. 32 (Mr. Avetoom's "Motion to Strike Defendant's

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

---

1    Amendment to Her Answer" "Filed 09/22/21" at "15:50:46"). Most law firms would have

2    difficulty achieving such an impressive turnaround.

3         In fact, Mr. Avetoom didn't like email or even hand delivery of a deposition notice in the

4    adversary, which caused him to file a motion for protective order objecting to being "improperly

5    serve[d] by email." (Adv. Doc. 18, p. 2, ln. 2.) He then filed an "emergency" motion for protective

6    order focused on issues of "service," which was denied out of hand. (Adv. Doc. 53.) For Mr.

7    Avetoom, the soup is either too cold or too hot, but it's never just right.

8         Particularly illustrative is Mr. Avetoom's first email ever to counsel for Debtor in this case

9    stating in no uncertain terms (bold in original) "**I do not accept electronic service and service**

10    **must be effectuated and complete by mail.**" (Decl. Talkov, Ex. E.) Mr. Avetoom said the same

11    thing in his protective order motion. (Adv. Doc. 18, p. 13, ¶ 3.) Unfortunately for Mr. Avetoom,

12    service is not about ensure that he receives the information as a matter of due process. Rather, it

13    just another game he likes to play in litigation.

14         The truth is that Mr. Avetoom holds a Juris Doctorate and works as a law clerk for private

15    practice attorneys, making him perhaps among the most skilled self represented litigants. He has

16    repeatedly filed declarations attesting that attorneys are assisting him in his work, which regularly

17    includes case citations available on WestLaw, Lexis Nexis or otherwise. In fact, Mr. Avetoom

18    admitted under penalty of perjury that around "October 2019," he had "been assisting attorneys

19    Charles L. Murray and former Los Angeles District Attorney Steve Cooley on an insurance appeal

20    board case" and even had a "meeting for lunch with Mr. Cooley and the client." (Adv. Doc. 78, p.

21    44, lns. 21-25 (attaching declaration of Karl Avetoom in support of state court motion to vacate a

22    judgment of conviction).) Not only is Mr. Avetoom a skilled law clerk, but he hob nobs with some

23    of the most important attorneys in California. Mr. Avetoom's skills and connections are in stark

24    contrast to his claims herein that he has been victimized by his lack of access to justice. Nothing of

25    the sort is occurring.

26         While Mr. Avetoom declares that he has not received the opposition in the mail, he fails to

27    declare whether he downloaded the pleading on PACER. (See BK Doc. 115, p. 4, ¶ 3.) Mr.

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

---

**DEBTOR'S OPPOSITION TO AVETOOM'S REQUEST FOR EXTENSION OF TIME TO REPLY TO
OPPOSITION TO HOMESTEAD EXEMPTION; DECLARATION OF SCOTT TALKOV**

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1  Avetoom clearly has docketing knowledge and access to calendaring programs. However, for

2  reasons unknown, he insulates that he did not check the docket to determine if an opposition had

3  been filed after failing to receive such an opposition. Interestingly, he somehow knew exactly

4  when his reply was due and knew how to determine if there was a pleading he had not received by

5  "calling" the PACER help desk.

6      The idea that the Debtor and her attorney would fail to serve Mr. Avetoom in the hopes

7  that he would not obtain access to a pleading is a work of fiction. Mr. Avetoom's PACER access

8  and extraordinary diligence in protecting his perceived rights ensures that such a strategy would

9  never be successful, which is why it has never and would never be pursued. Rather, for Mr.

10  Avetoom, service by mail is a favorite pastime where only he gets to declare whether or not

11  something was received.

12      More importantly, the truth is that Mr. Avetoom is requesting more time because he cannot

13  locate any pertinent authorities to suggest that the Debtor, a 90-year-old widow who has

14  unquestionably occupies the subject condo for many years, should not be entitled to a homestead.

15  This is despite admitting that he learned of the opposition two days before filing his new brief

16  "[o]n February 5, 2022." (BK Doc. 115, p. 1, lns. 24-26.) Seemingly, if he could file a motion to

17  strike an amendment to an answer in the adversary in 22 hours, he should have had no difficulty

18  addressing the concerns in the opposition. The silence is deafening.

19      For some creditors, it is quiet shocking that a debtor who owes money to a creditor would

20  be entitled to retain property, such as a homestead. However, this is indeed the state of the law.

21  Mr. Avetoom is welcome to lobby the California legislature. In the meantime, this Court should

22  reject Mr. Avetoom's frantic efforts to avoid the end of this prolonged, no-asset bankruptcy case

23  for which there are no other outstanding issues. All that remains is the closing of the case.

24  Date: February 7, 2022                    TALKOV LAW CORP

25                                            *Scott Talkov*

26                                            _____
                                             Scott Talkov

27                                            Attorneys for Debtor Rosa A. Fridman

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

## I.    DECLARATION OF SCOTT TALKOV

I, Scott Talkov, declare:

1.    I am an attorney duly licensed to practice in all court of the State of California and am an Attorney with Talkov Law Corp., attorneys of record for Debtor, Rosa Fridman. The facts set forth herein are of my own personal knowledge and if sworn I could and would competently testify thereto.

2.    Attached as Exhibit A is a true and correct copy of certain portions of the transcript of this Court's hearing in the adversary on September 9, 2021, including where Mr. Avetoom admitted to having access to PACER in stating: "MR. AVETOOM: I'll download it from PACER right now and point it out, but it's -- it's in there."

3.    Mr. Avetoom's opposition contends that: "In December 2021 this Court instructed Debtor's counsel to serve via overnight UPS or equivalent. Debtor's counsel now ignores this Court's instruction." I have no recollection of any such instruction by this Court to serve all pleadings by UPS.

4.    Rather, Mr. Avetoom appears to be recalling this Court's discussion of service of a deposition notice at the hearing in the adversary on September 9, 2021, as follows: "THE COURT: And did we resolve the method of service of any notice of deposition? Did we agree that FedEx or some other overnight mail will suffice? MR. AVETOOM: Overnight mail would be fine with me, Your Honor. THE COURT: Okay. MR. AVETOOM: FedEx, UPS, whatever. THE COURT: Okay. All right." This portion of the transcript is attached as Exhibit 1 hereto.

5.    Attached as Exhibit B is a true and correct copy of a portion of the declaration of Karl Avetoom filed herein as Adv. Doc. 78 where Mr. Avetoom boasted of his skills working for and having lunch with "attorney Charles Murray and former Los Angeles District Attorney Steve Cooley" in addition to admitting that he attended "law school."

6.    Attached as Exhibit C reflecting the first e-mail I received from Mr. Avetoom dated March 17, 2021, and my response thereto dated March 19, 2021. The essence of his email was his

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1   position that "I do not accept electronic service and service must be effectuated and complete by

2   mail." The remainder of the thread related to Mr. Avetoom challenging whether he had received

3   by mail a document that I had over-served by providing him with a copy by email. Related to his

4   lack of receipt by mail of a document he admits to having received by email, Mr. Avetoom hoped

5   to obtain an advantage, notably a delay, in requesting "Please withdraw and refile your Motion

6   and please serve by mail service that can be confirmed. I don't want to file an objection for

7   ineffective service and cause additional delay."

8       7.    Attached hereto as Exhibit 18 is a true and correct copy of portions of Mr.

9   Avetoom's motion for protective order that led with the primary argument of lack of service,

10  declaring under penalty of perjury attaching "a March 17, 2021, email I sent to Defense counsel

11  stating that I do not accept electronic service. This is based on a history of the Fridmans and their

12  counsel claiming to have emailed me documents…that are never actually emailed."

13      8.    In my opinion, Mr. Avetoom refuses to accept email service because it creates an

14  easily provable trail of whether or not service was made. Instead, he prefers the uncertainty of mail

15  service, thereby allowing him (and only him) to declare whether or not a document was

16  sufficiently served.

17      9.    Mr. Avetoom decision to refuse email service and insist that documents not be

18  served on him by email is the reason my office does not provide him with service by email,

19  instead resulting in uncertainty in every pleading whether or not Mr. Avetoom will admit to

20  having received the document or downloading it online, or will claim he needs more time.

21      10.    Despite Mr. Avetoom's refusal to "accept" email service, I will be serving this

22  pleading on him by email immediately upon filing with this Court.

23      I declare under penalty of perjury under the laws of the State of California that the

24  foregoing is true and correct. Executed on February 7, 2022 at Riverside, California.

25            *Scott Talkov*

26            Scott Talkov

27

# EXHIBIT A

1              UNITED STATES BANKRUPTCY COURT

2              CENTRAL DISTRICT OF CALIFORNIA

3                          -oOo-

4    In Re:                    ) Case No. 8:21-bk-10513-ES
                               ) Chapter 7
5    ROSA A. FRIDMAN,          )
                               ) Santa Ana, California
6                    Debtor.   ) Thursday, September 9, 2021
     _____ ) 2:00 PM
7
                                 ADV#: 8:21-ap-01023-ES
8                                KARL AVETOOM v. ROSA A.
                                 FRIDMAN
9
                                 #27.00 MOTION FOR PROTECTIVE
10                               ORDER

11                               #26.00 MOTION FOR SUMMARY
                                 JUDGMENT
12
                      TRANSCRIPT OF PROCEEDINGS
13           BEFORE THE HONORABLE ERITHE A. SMITH
                 UNITED STATES BANKRUPTCY JUDGE
14

15   APPEARANCES (All present by video or telephone):

16   Pro se Plaintiff:        KARL AVETOOM

17   For the Defendant:       SCOTT TALKOV, ESQ.
                              Talkov Law Corp.
18                            2900 Adams Street
                              Suite C225
19                            Riverside, CA 92504
                              (951)888-3300
20

21

22

23

24

25

```
1    Court Recorder:            TAMIKA LAW
                                United States Bankruptcy Court
2                               Ronald Reagan Federal Building
                                411 West Fourth Street
3                               Santa Ana, CA 92701
                                (855)460-9641
4
     Transcriber:               JULIE CHANDLER
5                               eScribers, LLC
                                7227 N. 16th Street
6                               Suite #207
                                Phoenix, AZ 85020
7                               (973)406-2250

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
     Proceedings recorded by electronic sound recording;
25   transcript provided by transcription service.
```

ROSA A. FRIDMAN; KARL AVETOOM V. ROSA A. FRIDMAN

1    I did not.  This is in response to Mr. Talkov raising it saying

2    Rosa Fridman needs to conduct discovery into the issue of a

3    creditor being inserted into this case.  My position is he's

4    not inserted into this case.  And this -- he wants to conduct

5    discovery in the adversary --

6            THE COURT:  Okay, what page is that in the opposition?

7            MR. AVETOOM:  I have to pull up his opposition, Your

8    Honor.  I'm sorry about that.

9            THE COURT:  Mr. Talkov?

10           MR. TALKOV:  Your Honor, there's a better example that

11   I think is more poignant to all of this, which is doc 25, page

12   21.

13           THE COURT:  No.  I want to know in your opposition

14   where you raise it -- where you raise Mr. Bellican.  That's

15   where I am right now.

16           MR. TALKOV:  I appreciate it.  Thank you.  Let me

17   look.

18           I don't see it at all.  The only references to

19   Bellican in doc 21 are in the minute order attachment from the

20   state court, which is on page 32 of 81 on doc 21.

21           MR. AVETOOM:  I'm pretty sure it's in the opposition,

22   Your Honor.  I'll --

23           MR. TALKOV:  Well --

24           MR. AVETOOM:  I'll download it from PACER right now

25   and point it out, but it's -- it's in there.

ROSA A. FRIDMAN; KARL AVETOOM V. ROSA A. FRIDMAN

1      (Pause.)

2           THE COURT:  Well, so far I haven't found it.

3           MR. AVETOOM:  It is on document 21, and he's included

4  it in this -- on page 32 of 81, Mr. Bellican is referenced.

5  He's attached the minute order from the -- from the state court

6  proceeding, which was Exhibit 2 to his opposition.  So doc 21,

7  page 31, I believe it is.

8           THE COURT:  I mean, what is the first sentence in the

9  paragraph?

10          MR. AVETOOM:  It's under additional matters.  He

11  attached this minute order from the state court referencing Mr.

12  Bellican.  He conver -- he also filed this, and he lodged it in

13  the main bankruptcy as well.  But it's on page 32 of 81,

14  document 21.  And this is -- this is basically him asking for

15  the same sort of sanctions in the state court.  State court

16  denied them.  He asked for the same sanctions --

17          THE COURT:  Okay, he has not raised -- he did not

18  raise this issue that would have or should have provoked you to

19  file everything that you filed.  It's attached as a minute

20  order, okay, and the material parts of the minute order are

21  everything above additional matters.  Additional matters is

22  sort of the side issues here.  As a matter of fact, the judge

23  says that the material in the reply, the Bellican declaration,

24  was not even considered.

25          MR. AVETOOM:  Yes.



ROSA A. FRIDMAN; KARL AVETOOM V. ROSA A. FRIDMAN

1    mean, a lot of other judges would be envious to be there.

2           THE COURT:  Well, yeah, we feel very fortunate.

3           Okay, so I think we're done with that.

4           And just with respect to that motion for a protective

5    order, it's denied as moot.  And the adversary rules will apply

6    with respect to any discovery that needs to be taken in

7    connection with the motions.

8           And did we resolve the method of service of any notice

9    of deposition?  Did we agree that FedEx or some other overnight

10   mail will suffice?

11          MR. AVETOOM:  Overnight mail would be fine with me,

12   Your Honor.

13          THE COURT:  Okay.

14          MR. AVETOOM:  FedEx, UPS, whatever.

15          THE COURT:  Okay.  All right.

16          MR. AVETOOM:  And quick question.  We are -- so the --

17   the mo -- protective order is moot.  Are we going to be

18   conducting discovery -- or the depositions, really -- are they

19   limited to this protective order, or are we -- are we doing

20   depo --

21          THE COURT:  No, no, no, no.  They're limited to --

22   well, the depositions are limited by the scope of the motion

23   that's -- that defendant intends to file.

24          MR. AVETOOM:  Okay.  So limited in scope to the -- to

25   the terminating sanctions.  It's not we're doing depositions

1                    C E R T I F I C A T I O N

2

3    I, Julie Chandler, certify that the foregoing transcript is a

4    true and accurate record of the proceedings.

5

6

7                    *Julie Chandler*

8    _____

9    /s/ JULIE CHANDLER, CDLT-242

10

11   eScribers

12   7227 N. 16th Street, Suite #207

13   Phoenix, AZ 85020

14

15   Date:  November 2, 2021

16

17

18

19

20

21

22

23

24

25

# EXHIBIT B

SCOTT TALKOV, State Bar No. 264676
TALKOV LAW CORP.
2900 Adams St Ste C225
Riverside, California 92504
Telephone: (951) 888-3300
Email: scott@talkovlaw.com

Attorney for Debtor and Defendant Rosa Fridman

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:21-bk-10513-ES |
| Rosa Fridman, | Chapter 7 Case |
| Debtor. | Adv. No. 8:21-ap-01023-ES |
| | Assigned To: Hon. Erithe A. Smith |
| Karl Avetoom, | **DEFENDANT ROSA FRIDMAN'S AMENDMENT TO ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT RE: UNCLEAN HANDS AFFIRMATIVE DEFENSE BASED ON FABRICATED DOCUMENTS AND PERJURIOUS DECLARATIONS** |
| Plaintiff, | |
| v. | |
| Rosa Fridman, | |
| Defendant. | |

Debtor and Defendant Rosa Fridman, an individual, ("Defendant"), hereby amends her answer to the complaint (the "Complaint") filed by Plaintiff Karl Avetoom (the "Plaintiff"), in his capacity as a creditor of the bankruptcy estate of Defendant, and states as follows:

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff Karl Avetoom is precluded from collecting on the Judgment sought to be enforced herein under the affirmative defense of unclean hands. "Because bankruptcy courts are courts of equity, a plaintiff deemed to have unclean hands cannot obtain a judgment of nondischargeability." *Northbay Wellness Grp., Inc. v. Beyrie*s, 789 F.3d 956, 959 (9th Cir. 2015). Indeed, "courts

- 1 -

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CALIFORNIA 92504
PHONE (951) 888-3300

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **2900 Adams St Ste C225, Riverside, CA 92504.**

A true and correct copy of the foregoing document entitled (*specify*): **DEFENDANT ROSA FRIDMAN'S AMENDMENT TO ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT RE: UNCLEAN HANDS AFFIRMATIVE DEFENSE BASED ON FABRICATED DOCUMENTS AND PERJURIOUS DECLARATIONS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 9/21/2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Karl T Anderson (TR)    2edansie@gmail.com, kanderson@ecf.axosfs.com
Scott Talkov      scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) 9/21/2021 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Karl Avetoom
1100 Rutland Road #9
Newport Beach, CA 92660

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 9/21/2021 | Leilani Caspillo | *Leilani Caspillo* |
| Date | Printed Name | Signature |

- 4 -

**DEFENDANT ROSA FRIDMAN'S AMENDMENT TO ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT RE: UNCLEAN HANDS AFFIRMATIVE DEFENSE BASED ON FABRICATED DOCUMENTS
AND PERJURIOUS DECLARATIONS**

# **EXHIBIT C**

Karl Avetoom
1100 Rutland Road # 9
Newport Beach, CA 92660
(949) 929-4787
Email kia002@att.net


Creditor and Plaintiff, In Pro Per


### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:                                              ) | Case No:     8:21-bk-10513-ES |
| Rosa Fridman                                  ) | Adversary Case No:   8:21-ap-01023-ES |
|                                    Debtor     ) | Hon:  Erithe A. Smith |
| _____ ) | Chapter 7 |
| Karl Avetoom                                  ) | **PLAINTIFFF KARL AVETOOM'S MOTION TO STRIKE DEFENDANT'S AMENDMENT TO HER ANSWER UNLAWFULLY FILED BY ATTORNEY SCOTT TALKOV IN VIOLATION OF LBR 7015-1, FRBP 7015 INCORPORATING F.R.CIV.P. 15. DECLARATION OF KARL AVETOOM.** |
|                                 Plaintiff     ) | *(Related to Doc 31)* |
|                       v.                         ) | **Hearing Info:** |
| Rosa Fridman                                  ) | October 14, 2021 |
|                             Defendant     ) | 10:30 a.m. |
| _____ ) | Courtroom 5A (via remote appearance) |
|                                                      ) | 411 W. Fourth St. Santa Ana CA 92701 |

**TO THE HONORABLE ERITHE A. SMITH, FEDERAL BANKRUPTCY JUDGE, TO DEFENDANT ROSA FRIDMAN AND HER ATTORNEY OF RECORD, AND TO ALL OTHER INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Karl Avetoom ("Plaintiff") hereby submits his Motion to Strike the unlawfully filed Amendment to an Answer of Defendant Rosa Fridman ("Defendant"), filed months past the twenty-one-day period and without leave of court to amend, violating LBR 7015-1, F.R.Bank.P. 7015

MOTION TO STRIKE DEFENDANT'S UNLAWFULLY FILED AMENDMENT TO ANSWER.

# EXHIBIT D

1  SCOTT TALKOV, State Bar No. 264676
   TALKOV LAW CORP.
2  2900 Adams St Ste C225
   Riverside, California 92504
3  Telephone: (951) 888-3300
   Email: scott@talkovlaw.com
4

5  Attorney for Defendant Rosa A. Fridman

6              **UNITED STATES BANKRUPTCY COURT**

7       **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

8  In re                                 | Case. No. 8:21-bk-10513-ES

9  Rosa Fridman,                         | Adversary Case No. 8:21-ap-01023-ES

10 Debtor.                               | Chapter 7
                                         | Assigned To: Hon. Erithe A. Smith
11 _____

12                                       | **DEFENDANT'S REQUEST FOR JUDICIAL**
   Karl Avetoom,                         | **NOTICE OF KARL AVETOOM**
13                                       | **PLEADINGS SHOWING THAT AN**
            Plaintiff,                   | **ADDITIONAL, SUBSTANTIVE**
14                                       | **DOCUMENT IN KARL AVETOOM'S**
   v.                                    | **SUMMARY JUDGMENT WAS A**
15                                       | **FABRICATION; SUPPORTING**
   Rosa Fridman,                         | **DECLARATIONS OF SCOTT TALKOV**
16                                       | **AND LEILANI CASPILLO**
            Defendant.
17                                       | Hearing Set by Court on Defendant's Motion for
                                         | Terminating Sanctions:
18                                       | Date:    December 16, 2021
                                         | Time:    2:00 P.M.
19                                       |          Courtroom 5A (via remote appearance)
                                         |          411 W. Fourth St.
20                                       |          Santa Ana CA 92701
                                         |          *See ZoomGov Notice (Adv. Doc. 59)*
21
22         TO THE HONORABLE ERITHE SMITH, UNITED STATES BANKRUPTCY JUDGE,

23  THE OFFICE OF THE UNITED STATES TRUSTEE, PLAINTIFF, AND ALL OTHER

24  INTERESTED PARTIES:

25         PLEASE TAKE NOTICE that Defendant Rosa Fridman ("Defendant") will, and hereby

26  does, request that this Court take judicial notice of pleadings filed by Karl Avetoom in his pending

27

**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE OF KARL AVETOOM PLEADINGS SHOWING
THAT AN ADDITIONAL, SUBSTANTIVE DOCUMENT IN KARL AVETOOM'S SUMMARY JUDGMENT
WAS A FABRICATION; SUPPORTING DECLARATIONS OF SCOTT TALKOV AND LEILANI
CASPILLO**
1

*(left margin, vertical text)* TALKOV LAW / 2900 ADAMS ST STE C225 / RIVERSIDE, CA 92504 / TELEPHONE (951) 888-3300

## DECLARATION OF KARL AVETOOM

I, Karl Avetoom, hereby declare as follows:

1.    I have personal knowledge of the following facts and if called upon to testify under oath, I could and would do so to the following facts. I was the defendant in the matter of People v. Karl Avetoom, Orange County Superior Court case number 96HF0016. I make this declaration in support of my Penal Code § 1473.6 Motion.

2.    In or around August 2019, I was contacted from an employee of the office of my former attorney, William Kopeny, who was deceased at the time. I was informed that Mr. Kopeny received a letter indicating that a law enforcement agency had a file related to my case. I was not given any further details. I was told that another attorney was handling Mr. Kopeny's cases. Arrangements were made for me to meet with that attorney. I do not recall his name at this time. A few weeks later I met the attorney at Harbor Justice Center in Newport Beach, CA. I was given a letter that was from the Los Angeles Police Department and written to William Kopeny. The letter indicated there was a joint investigation file related to me. The letter stated that the contents of the file were going to be destroyed and if the contents of the file were wanted then I request would need to be made within a certain timeframe.

3.    I wrote to the Los Angeles Police Department and informed them that Mr. Kopeny had passed away, but any documents they had could be sent to my home address. I also called the Los Angeles Police Department Discovery Unit to inquire about the documents. I recall speaking on the telephone with a gentleman who worked for the discovery unit. He informed me that the documents appeared to be related to motorcycles.

4.    In or around the last week of October 2019, I received a brown thick envelope addressed to me from Los Angeles Police Department. I had been assisting attorneys Charles L. Murray and former Los Angeles District Attorney Steve Cooley on an insurance appeal board case for a member of law enforcement and upon meeting for lunch with Mr. Cooley and the client, I showed Mr. Cooley the envelope. I asked him to be a witness to opening the envelope and inspecting the contents. On or about November 18, 2019, after lunch, Mr. Cooley unsealed the envelope and we inspected the contents which included a complete executed search warrant signed by Detective Eric Wiseman, and Hon. Suzanne Shaw (Ret.) complete with a copy of a return to the search warrant. I

1

### DECLARATION OF KARL AVETOOM

### DECLARATION OF KARL AVETOOM

1   Entwistle only to learn that he no longer worked for NHTSA. I had a private investigator try and

2   locate Mr. Entwistle. Of the several phone numbers I received only one was related to Mr. Entwistle.

3   It was the phone number of his son. I spoke with him. He told me that he would pass on my

4   information to his father and if his father wanted anything to do with NHTSA, he would contact me. I

5   never heard back from Mr. George Entwistle. I was finally able to locate another person that worked

6   at DOT/NHTSA at that time the letter was written and still worked for them. Mr. Luke Loy, who at

7   the time was working for another department of NHTSA, told me that he worked with George

8   Entwisle in the department that oversaw vehicle importation. I explained to Mr. Loy that I was trying

9   to authenticate the letter I possessed from DOT/NHTSA. Mr. Loy said he could do that as he worked

10  in the department that approved importation of vehicles. He stated that he actually wrote the letters

11  approving importation of vehicles and then he would have Mr. Entwistle sign them. I emailed the

12  letter to Mr. Loy who read the contents and verified his office would have written the letter and that it

13  was Mr. Entwistle's authentic signature on the letter.

14       6.      Based on the information we discussed, I sent a declaration to Mr. Loy in or around

15  December 2019, for him to sign. The declaration was to authenticate the NHTSA letter for the

16  importation of the 1990 Suzuki motorcycle with VIN JS1GV78A8L2100880. I received the

17  declaration back from Mr. Loy. It was signed but contained no place of execution. So, I had to wait

18  for Mr. Loy to return from his vacation to have the location of execution added to the declaration.

19       7.      In or around May 2020 and July 2020 I received additional correspondence from Los

20  Angeles Police Department Discovery Unit. Within the July 2020 envelope was a copy of a VIN

21  verification performed by an LAPD Officer named B. Brooks. The envelope also contained a VIN

22  verification performed by an H. Conrad. I learned. both LAPD Officers B. Brooks and H Conrad.

23  were retired and no longer working for LAPD.

24       8.      I contacted Mr. Barry Brooks through a private investigator who gave me his home

25  address. I had been unable to contact Mr. Brooks for several weeks and learned that he had some

26  health conditions. Mr. Brooks was not able to meet with me because he was hospitalized due to a

27  medical condition and then because of the COVID-19 pandemic risk. I had to wait for his health to

28  improve before he could review the VIN verification of a 1990 Suzuki motocycle that was completed

3

### DECLARATION OF KARL AVETOOM

1  in December 1994 confirming an unaltered VIN of JS1GV78A8L2100880 in Los Angeles, California.

2  Mr. Brooks contacted me and stated the document contained his signature and handwriting on the VIN

3  verification. In addition, Mr. Brooks stated that he kept records of his work and had looked through

4  them and found a business card from Eric Wiseman. Mr. Brooks informed me he recalled being asked

5  about the VIN verification by a law enforcement member in or around early 1997 and collected the

6  business card as part of his habit and custom. I obtained Mr. Brooks declaration authenticating the

7  document on or around October 3, 2020.

8       9.    I was having difficulty contacting Mr. Conrad. Exhausting my other avenues, I asked

9  Mr. Brooks if he could assist me in contacting Mr. Conrad. In or around March or April 2021, Mr.

10  Brooks informed me that he was able to contact Herbert Conrad. Shortly thereafter, he arranged for

11  me to meet with Mr. Conrad at The Yard House for lunch. During the meeting, Mr. Conrad was able

12  to authenticate the VIN verification document that was performed on August 15, 1996. Mr. Conrad

13  also had health issues and had been unavailable due to a medical condition and had been recovering

14  from surgery. During this time, I was waiting to get a declaration supporting the authenticating of the

15  document; however, he was not available to meet with me due to COVID-19 issues.

16       10.    In 2020, the Orange County Superior Courts were closed to the public because of the

17  world-wide pandemic due to COVID-19. On or about August 2020 through October 2020, I tried

18  several times to get in contact with the Orange County Superior Court criminal operations to inquire

19  about how to file a motion pursuant to Penal Code §§ 1473.6 and/or 1473.7. I eventually was able to

20  speak to a clerk in department C-5 who informed me that they were not taking any filings of those

21  motions at that time. The clerk said I needed to fill out a Covid Felony Request form and send it in

22  and they would contact me when they could accept them. I did so on or about September 16, 2020 and

23  sent it to the email address COVIDFelRequestCJC@occourts.org. (See Attachment 1 to my

24  Declaration.)

25       11.    Several months later on December 23, 2020, I received a message on my cell phone

26  from a Criminal Operations Supervisor who asked me to call her back. I did so and was informed that

27  the court was now hearing these motions, which had been delayed due to COVID, in department C-37

28  and I would have to contact that department to set up a date and time with the department. I forwarded

4

DECLARATION OF KARL AVETOOM

## DECLARATION OF KARL AVETOOM

1   the voicemail from Orange County Superior Court's criminal operations division to Attorney Charles

2   L. Murray and we began preparing a Penal Code section 1473.7 motion to file as soon as possible.

3   Because there is no actual firm statutory deadline to file such a motion and in order to avoid a claim of

4   untimeliness, we filed a brief on December 30, 2020 and calendared it for January 29, 2021.

5       12.    On or around March 4, 2021 my attorneys received additional documentation from the

6   People which they forwarded to me. Included in this emailed production was a "VIN assist" document

7   that contained several pages relating to the JS1GV73A8L2100380 Suzuki motorcycle. The VIN Assist

8   also listed this Suzuki being shipped with an engine number of V710106071. This engine number

9   matches the exact engine number on the VIN verification performed by Officer Conrad in or around

10  August 1996. The People had previously claimed that the engine number contained on Mr. Cruz's title

11  and registration was not a legitimate number. March 4, 2021 is the first time the People disclosed the

12  true ending number of V710106071.

13      13.    On or around March 16, 2021, the People sent a copy of their Opposition to my motion

14  which contained an admission that an OCATT detective had destroyed the VIN on the 1990 Suzuki

15  motorcycle before it was given to State Farm Insurance in January 1996. At no prior time had the

16  People ever disclosed that law enforcement investigating the case had obliterated and destroyed the

17  VIN on the motorcycle I was charged with possessing and selling with an altered VIN. In the motion,

18  the People also included photographs of the VIN they obliterated in or around the end of 1995 or

19  January 1996. This was done prior to the refiling of the complaint in case number 96HF0016, but after

20  the People had disclosed in an August 14, 1995 preliminary hearing conducted during the first filing in

21  case 95HF0561, when they mentioned and knew of this Suzuki motorcycle. This was also prior to that

22  Suzuki motorcycle being charged, as it was not included in the first prosecution. My attorney at that

23  time, Mr. Todd Langren, had made repeated requests to inspect the VINs and engine numbers on the

24  motorcycles in the case. The People always had an excuse why they could not show them to us.

25  Eventually Judge Turner instructed Deputy District Attorney Tomas Crofoot to allow us to inspect the

26  motorcycles. The People showed Mr. Landgren and I two motorcycles; however, they were unrelated

27  to my case. The People, then represented by Mr. Tomas Crofoot, said that they would produce all of

28  the motorcycles at trial. Mr. Crofoot further represented that the People would not release any

5

### DECLARATION OF KARL AVETOOM

### DECLARATION OF KARL AVETOOM

1   VIN and disposed of the Suzuki motorcycle before my indictment, depriving me and any fact finder of

2   ever viewing the claimed evidence against me

3       23.    I attended law school with a young lady who interned at the Orange County District

4   Attorney's office. I was informed by this OCDA intern that around the time of my last Penal Code

5   1473.6 motion, Detective Wiseman would routinely meet with Deputy District Attorney Molfetta and

6   he would argue against her providing any form of relief for me.  She relayed to me that she heard

7   Detective Wiseman tell Deputy District Attorney Molfetta that if the OCDA's office were to give me

8   relief, the fallout would affect other cases he testified in for the OCDA's office, including the "Han"

9   case.

10

11       I declare under penalty of perjury under the laws of the State of California that the foregoing is

12   true and correct.

13   Executed  October 11, 2021 in Newport Beach, California

14

15

16

17   By:  _Karl Avetoom_

18        Karl Avetoom

19

20

21

22

23

24

25

26

27

28

9

DECLARATION OF KARL AVETOOM

# **EXHIBIT E**



Scott Talkov <scott@talkovlaw.com>

---

### In re Fridman service list

**Scott Talkov** <scott@talkovlaw.com>                                                    Fri, Mar 19, 2021 at 5:41 PM
To: kia002 <kia002@att.net>
Cc: Leilani Caspillo <assistant@talkovlaw.com>

Mr. Avetoom,

I hope this email finds you well. I must admit that your email represents the most extraordinary effort that I have ever seen anyone go to in order to confirm that a document they received electronically from an opposing party was not received by mail. Indeed, your knowledge that I sent the documents to you by certified mail through CaseMail came from my voluntary effort to provide you with extra service of the motion by email dated March 9, 2021 to the very email you replied from (kia002@att.net). My email attached the exact motion that you are now claiming you did not receive by mail.

Given what I am interpreting as your extraordinary interest in a paper copy of the same motion that you already have, my office sent and has received confirmation that Debtor's Notice of Motion and Motion to Avoid Lien under 11 U.S.C. Section 522(f) (Real Property) filed with the Court as Doc. 13 was <u>delivered today</u> by UPS at 4:34 p.m. "to your front door"  and by USPS at 3:04 p.m. "in or at your mailbox."

As a courtesy, I've attached yet another copy of this same motion as it appears on the court's docket. Although perhaps you have forgotten, it appears that you previously registered with the court to accept electronic service given that the court's Bankruptcy Notice Center ("BNC") identifies on its notices in this case your email address "kia002@att.net" as having a BNC "Recip ID" of "40676349."

To the extent your only concern with the motion relates to service, the appropriate remedy is for the moving party to re-serve the motion. Accordingly, there is no reason for my office to withdraw the motion that has been filed, as you have requested.

Readings between the lines, I am gathering that you are having trouble locating any legal basis to oppose the motion. If you would like me to inquire if I can obtain a nominal payment for a stipulation to bring an end to the disputes between you and the debtor, please let me know.

All the best,



**Scott Talkov** | Attorney, Talkov Law
**e:** scott@talkovlaw.com | **w:** www.talkovlaw.com
**p:** (951) 888-3300

---

On Wed, Mar 17, 2021 at 8:27 PM kia002 <kia002@att.net> wrote:
Mr. Talkov,

Please make sure that any service is sent to my full address 1100 Rutland Road Apt 9, Newport Beach, CA 92660.

It appears you have filed a motion to avoid liens without serving me. Please check your records to confirm you mailed your motion to the correct address.  I have contacted Case Mail, who your designated to mail your filing before it was ECF'd who provided me with a Certified Mail ID # of

**92148901324734001369193164**

which by tracking on USPS.com shows it has not been delivered, it has been delayed.

**I do not accept electronic service and service must be effectuated and complete by mail.**

Please withdraw and refile your Motion and please serve by mail service that can be confirmed.

I don't want to file an objection for ineffective service and cause additional delay.

Regards

Karl Avetoom

---

📄 **13- Motion to Avoid Lien Judgments from Orange County Superior Court Case.pdf**
12760K

# **EXHIBIT F**

Karl Avetoom
1100 Rutland Road # 9
Newport Beach, CA 92660
(949) 929-4787
Email kia002@att.net

Creditor and Plaintiff, In Pro Per

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Rosa Fridman<br><br>               Debtor<br><hr><br>Karl Avetoom<br><br>           Plaintiff<br><br>     v.<br><br>Rosa Fridman<br><br>          Defendant | Case No:    8:21-bk-10513-ES<br><br>Adversary Case No:   8:21-ap-01023-ES<br><br>Hon:  Erithe A. Smith<br><br>Chapter 7<br><br>**PLAINTIFFF KARL AVETOOM'S MOTION FOR A PROTECTIVE ORDER OR ALTERNATIVELY FOR AN ORDER QUASHING FALSE SERVICE OF DEPOSITION SUBPOENA. DECLARATIONS OF KARL AVETOOM AND BARRY Q. BROOKS IN SUPPORT.**<br><br>**Hearing Info:**<br>September 9, 2021<br>10:30 a.m.<br>Courtroom 5A (via remote appearance)<br>411 W. Fourth St. Santa Ana CA 92701 |

**TO THE HONORABLE ERITHE A. SMITH, FEDERAL BANKRUPTCY JUDGE, TO**

**DEFENDANT ROSA FRIDMAN AND HER ATTORNEY OF RECORD, AND TO ALL**

**OTHER INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

     Plaintiff and Moving Party, Karl Avetoom, ("Plaintiff") hereby requests this Court issue an

order quashing the unlawfully served deposition subpoena and for a protective order against Defendant

through counsel ("Defendant") attempt to compel discovery in violation of F.R.Civ. P. 26, 30 and 45.

1

As set forth below, before seeking this Court's intervention, Plaintiff attempted for weeks to resolve this discovery dispute over a deposition improperly serve by email, overly broad scope exceeding the scope of Rule 26, continuing "day to day" in excess of the 7 hour, one day rule, and conducting needless discovery when a pending motion to resolve this case is set for hearing on September 9, 2021 requiring only the Court to rule on an issue of law.  However, after Defense counsel's avoidance of Plaintiff's requests to meet and confer, Plaintiff and Defense counsel met and conferred, but ultimately refused to resolve discovery issues, and has now attempted to falsify service.

- The Notice of Deposition was unlawfully served by email, without consent, ignoring notice by Plaintiff that he would not accept service by email.

- A licensed private investigator, also a former state bar investigator and retired law enforcement, witnessed Defense counsel's associate visit Plaintiff residence, make no attempt to come to the front door to attempt personal service, but rather taped documents to a wooden dog gate, take a picture then remove the documents and leave. Later passing this off as "personal service."   Defense counsel's associated was seemingly unaware that Plaintiff's unit and complex has video security.[1]  Defense counsel abandoned this sham personal service claim, and now relies on a false mailing.

- Lastly a single envelope was received on April 2, 2021, hand addressed to Plaintiff with no notice inside, matching the purported proof of service by mail signed by Defense counsel's paralegal.  Defense counsel previously mailed documents from Michigan to Plaintiff that either arrived late or not at all.

---

[1] The video cameras were installed after Rosa Fridman physically assaulted another owner over fifty cents, and Moisey and Rosa Fridmans repeated attempts to obtain insurance payouts from their HOA, that included forging documents and signatures of other homeowners.

MOTION FOR PROTECTIVE ORDER AND QUASHING DEPOSITION NOTICE.

## DECLARATION OF KARL AVETOOM

I, KARL AVETOOM, hereby declare as follows:

1.     I have personal knowledge of the following facts and if called upon to testify under oath, I could and would do so competently to the following facts.

2.     I have attempted for several weeks to resolve this discovery dispute, including numerous email exchanges, and repeated requests to meet and confer before having to bring this motion for a protective order or order quashing the deposition subpoena falsely represented as served on me by Defendant's counsel.  Despite all of these emails and a 45 minutes telephonic meet and confer, witnessed by a licensed private investigator, former state bar investigator and retired law enforcement, Mr. Barry Brooks I was unable to get any resolution on multiple discovery issues in dispute.

3.     Attached to my declaration as **Exhibit "1"** is a true and correct copy of a March 17, 2021 email I sent to Defense counsel stating that I do not accept electronic service.  This is based on a history of the Fridmans and their counsel claiming to have emailed me documents, which continues to this day, that are never actually emailed.

4.     Attached to my declaration as **Exhibit "2"** is a true and correct copy of an email received I received on August 3, 2021 from Defense counsel representing "personal service" by temporarily sticking a deposition notice to a dog gate, which, as attested to by Mr. Barry Brooks, the server never attempted to come to the front door which has Ring video and removed said notice and left on foot. The dog gate is not locked, not permanent and as seen in the photographs, UPS managed to come to my front door and leave a box there.

5.     Attached to my declaration as **Exhibit "3"** is a true and correct copy of my email to Defense counsel objecting to the false representation of service.

6.     Attached to my declaration as **Exhibit "4"** is a true and correct copy of my attempts via email to resolve the discovery dispute over scope, issues under Section 523(a)(10), including my requests to meet and confer by telephone with Defense counsel as required.

7.     Attached to my declaration as **Exhibit "5"** is a true and correct copy of the filed Separate Statement in support of my Motion for Summary Judgment (8:21-ap-01023-ES Doc 12) setting forth

MOTION FOR PROTECTIVE ORDER AND QUASHING DEPOSITION NOTICE.

1   both required elements under Section 523(a)(10), the Debtor's admission to denial of discharge of her

2   2012 Chapter 7 bankruptcy case under 11 U.S.C. § 727(a)(2), (4) and (5), and her schedules signed

3   under oath in both her 2012 and 2021 case listing the same claim, my 2011 State Court Judgment.

4       8.      Attached to my declaration as **Exhibit "6"** is a true and correct copy of the relevant portio

5   of the USPS mail notification showing the envelope postmarked July 31, 2021 that Defendant's

6   counsel claims was served on me.  As set forth in the declaration of Barry Brooks, Mr. Brooks opened

7   this envelope which contained blank pages.  I received no other mail addressed to me since July 30,

8   2021 through August 3, 2021.  On August 4, 2021 Defense counsel emailed me, this time dropping

9   their claim of "personal service" after I had replied to them informing them that my HOA has video

10  security and so does my unit, which will prove any representation of "personal service" to be a lie.

11

12  I declare under penalty of perjury under the laws of the United States, that the foregoing is true and

13  correct

14

15                                                  */s Karl Avetoom*

16  Executed August 4, 2021 in Newport Beach, CA.     By:     _____

17                                                  Karl Avetoom
                                                    Creditor and Plaintiff, In Pro Per
18

19

20

21

22

23

24

25

26

27

28

MOTION FOR PROTECTIVE ORDER AND QUASHING DEPOSITION NOTICE.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2900 Adams Street, Suite C225, Riverside, CA 92504

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S OPPOSITION TO AVETOOM'S REQUEST FOR EXTENSION OF TIME TO REPLY TO OPPOSITION TO HOMESTEAD EXEMPTION; DECLARATION OF SCOTT TALKOV** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 7, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Karl T Anderson (TR)    2edansie@gmail.com, kanderson@ecf.axosfs.com
Michael J Hauser    michael.hauser@usdoj.gov
Melissa Davis Lowe    mlowe@shulmanbastian.com, avernon@shulmanbastian.com
Charles L Murray    cmurray@cm3law.com, cm3esquire@gmail.com
Scott Talkov    scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐    Service information continued on attached page

2. <u>SERVED BY UNITED STATES MAIL</u>:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐    Service information continued on attached page

3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)</u>: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 7, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Karl Avetoom, 1100 Rutland Rd #9, Newport Beach, CA 92660-4607 – U.S.P.S. and Email (despite Mr. Avetoom's refusal to accept service by email)
Victor Balakin, 101 N Ocean Dr Ste 132, Hollywood, CA 33019

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 7, 2022 | Scott Talkov | *Scott Talkov* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300