| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Karl Avetoom<br>1100 Rutland Road #9<br>Newport Beach, CA 92660<br>kia002@att.net<br>(949) 929-4787<br><br>☒ *Individual appearing without attorney*<br>☐ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - *SANTA ANA DIVISION***

| In re:<br><br>ROSA A. FRIDMAN<br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:21-bk-10513-ES<br><br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION FOR:**<br>Order compelling third party Microsoft Corporation to provide a declaration of no records in response to a subpoena for Skype records for a Skype username and email debtor represented to have used to access Skype, or alternatively provide any records Microsoft maintains in their ordinary course of business<br><br>*(**Specify name of Motion**)* |
| | DATE: 07/21/2022<br>TIME:  10:30 am<br>COURTROOM: 5A<br>PLACE: Virtual Hearing via Zoom.gov<br>        Supplemental Zoom form attached. |

1.  TO (*specify name*):  Microsoft Corporation and its attorney of record and to all interested parties

2.  NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3.  **Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date.  If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date:  06/27/2022

_____
Printed name of law firm


/s/ Karl Avetoom
_____
Signature


Karl Avetoom, In Pro Per
_____
Printed name of attorney

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

913 Louise St. Santa Ana, CA 92703.

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION FOR** (*specify name of motion*) FOR AN ORDER COMPELLING THIRD PARTY MICORSOFT CORPORATION TO PROVIDE A DECLARATION OF NO RECORDS IN RESPONSE TO A SUBPOENA FOR SKYPE RECORDS..ALTERNATIVELY PROVIDE RECORD will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 05/27/2022   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

cmurray@cm3law.com cm3esquire@gmail.com,  2edansie@gmail.com kanderson@ecf.axosfs.com mlowe@shulmanbastian.com avernon@shulmanbastian.com, michael.hauser@usdoj.gov scott@talkovlaw.com talkovlaw@ecf.courtdrive.com, ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 06/27/2022   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Joe Shickich c/o Fox Rothschild LLP 1001 Fourth Ave., Suite 4400 Seattle, WA 98154-1065 (Counsel for Microsoft) CSC Lawyers Incorporating Service. 2710 Gateway Oaks Drive Suite 150N Sacramento, Ca 95833 (Agent of Process for Microsoft Corporation)

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (*state method for each person or entity served*):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

06/27/2022 _____    AMI STANTON _____    *[signature]* _____
Date                             Printed Name                                        Signature

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                    Page 3                          **F 9013-1.1.HEARING.NOTICE**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Karl Avetoom<br>1100 Rutland Road #9<br>Newport Beach, CA 92660<br>Email: kia002@att.net<br>(949) 929-4787<br><br><br><br>☐ *Attorney for Movant*<br>☒ *Movant appearing without an attorney* | FOR COURT USE ONLY |
|---|---|

<table>
<tr><td colspan="2" align="center"><b>UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION</b></td></tr>
<tr><td rowspan="2">In re:<br><br>Rosa A. Fridman<br><br><br><br><br>Debtor(s)</td><td>CASE NO.: 8:21-bk-10513-ES<br><br>CHAPTER: 7</td></tr>
<tr><td><b>SUPPLEMENTAL NOTICE OF HEARING<br>TO BE HELD REMOTELY USING ZOOMGOV<br>AUDIO AND VIDEO</b><br><br><br>HEARING DATE:  July 21, 2022<br>HEARING TIME:  10:30 a.m.</td></tr>
<tr><td colspan="2"><b>Movant:</b>  Karl Avetoom</td></tr>
</table>

1.  The Movant has filed the following written notice or other pleading ("Notice") advising of a hearing to be held in the above-captioned case, on the date and time indicated above, before the Honorable Erithe A. Smith, United States Bankruptcy Judge *(insert name of pleading and, if available, docket number)*:

> PLAINTIFF'S MOTION FOR AN ORDER COMPELLING THIRD PARTY MICROSOFT, CORPORATION TO PROVIDE A DECLARATION OF NO RECORDS IN RESPONSE TO A SUBPOENA FOR SKYPE RECORDS FOR A SKYPE USERNAME AND EMAIL DEBTOR REPRESENTED TO HAVE USED TO ACCESS SKYPE, OR ALTERNATIVELY PROVIDE ANY RECORDS MICROSOFT MAINTAINS MICROSOFT MAINTAINS IN THEIR ORDINARY COURSE OF BUSINESS. MAINTAINED IN THEIR ORDINARY COURSE OF BUSINESS; DECL. KARL AVETOOM

2.  **Please be advised that because of the COVID-19 pandemic, the Court will conduct the hearing using ZoomGov audio and video technology.** Information on how to participate in the hearing using ZoomGov is provided on the following page of this notice.

3.  Hearing participants and members of the public may participate in and/or observe the hearing using ZoomGov, free of charge.

4.  Individuals may connect by ZoomGov audio and video using a personal computer (equipped with camera, microphone and speaker), or a handheld mobile device with an integrated camera, microphone and speaker (such as an iPhone, iPad, Android phone or Android tablet).  The connection can be initiated by entering the "Meeting URL" into a web browser on any of these devices, provided the device is connected to the Internet.  Individuals connecting in this manner will be prompted for the Meeting ID and Password shown below.

5.  Individuals also may connect to the hearing by telephone only, using the telephone number provided below.  Individuals connecting in this manner also will be prompted for the Meeting ID and Password.

6.  Neither a Zoom nor a ZoomGov account is necessary to participate in or observe the hearing, and no pre-registration is required.

7.  The audio portion of the hearing will be recorded electronically by the Court and constitute its official record.

8.  All persons are strictly prohibited from making any other recording of court proceedings, whether by video, audio, "screenshot," or otherwise. Violation of this prohibition may result in the imposition of monetary and non-monetary sanctions.

9.  The following is the unique ZoomGov connection information for the above-referenced hearing:

> Meeting URL: https://cacb.zoomgov.com/j/1610141306
> Meeting ID: 161 014 1306
> Password: 644417
> Telephone conference lines: 1 (669) 254 5252 or 1 (646) 828 7666

10. More information on using ZoomGov to participate in this hearing is available on the Court's website at the following web address: https://www.cacb.uscourts.gov/news/zoom-video-hearing-guide-and-training-participants

.

Date:

_____
Printed name of law firm (if applicable)


Karl Avetoom
_____
Printed name of individual Movant or attorney for Movant

Karl Avetoom
1100 Rutland Road # 9
Newport Beach, CA 92660
(949) 929-4787
Email kia002@att.net

Creditor and Plaintiff, In Pro Per

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Rosa Fridman<br><br>                                   Debtor | Case No:    8:21-bk-10513-ES<br><br>Hon:  Erithe A. Smith<br><br>Chapter 7<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR AN ORDER COMPELLING THIRD PARTY MICROSOFT, CORPORATION TO PROVIDE A DECLARATION OF NO RECORDS IN RESPONSE TO A SUBPOENA FOR SKYPE RECORDS FOR A SKYPE USERNAME AND EMAIL DEBTOR REPRESENTED TO HAVE USED TO ACCESS SKYPE OR ALTERNATIVELY PROVIDE ANY RECORDS MICROSOFT MAINTAINS IN THEIR ORDINARY COURSE OF BUSINESS; DECL. KARL AVETOOM**<br><br>Hearing Info:<br>Date    July 21, 2022<br>Time    10:30 a.m.<br>Location Courtroom 5A, Virtual Zoom |

1

**TO THE HONORABLE ERITHE A. SMITH, FEDERAL BANKRUPTCY JUDGE,
AND TO DEBTOR ROSA FRIDMAN AND HER ATTORNEY OF RECORD,
MICROSOFT, CORPORATION AND ITS ATTORNEYS OF RECORD AND TO
ALL INTERESTED PARTIES:**

Creditor and Moving Party Karl Avetoom ("Creditor") hereby moves this Court for
an order compelling third-party witness, Microsoft Corporation, obey the subpoena served
upon them and provide all requested documents under the subpoena relating to records
related to Debtor's declared Skype username of "Rosa Fridman" and email address of
"rosafridman3@gmail.com" that were provided by Debtor's responses to Creditor's Special
Interrogatory No. 1 and No. 2.

Alternatively, since Microsoft's attorney recently represented on June 22, 2022 that
Microsoft has located no records in an email to the parties, that states in relevant part
below, Microsoft should return promptly a declaration of no records in compliance with
FRE 903(11) and 803(6):

> **This is to let you know that Microsoft has found neither a
> Skype user name of "Rosa Fridman," nor an email address
> of rosafridman3@gmail.com relating to a Skype user name
> account.**

Creditor requests Microsoft's custodian of records be ordered to return a declaration
of no records in response to the subpoena.  On June 22, 2022 Creditor sent a written request
by email to Microsoft's attorney requesting a declaration of no records under FRE 902(11)
and 803(6).  As of the date of service and filing of this Motion, Microsoft's counsel has not
responded to the request.

Creditor requires this declaration for his Motion to Dismiss that is to be filed under
this Court's April 14, 2022 ruling and subsequent order.  Debtor was asked to provide her
Skype user name and email address that she used to access Microsoft's Skype service on
February 9, 2021 to allegedly take the Section 109(h) course.  Debtor provided responses
under oath after thirty-day listing a Skype username of "Rosa Fridman" and an email of
"rosafridman3@gmail.com".  Said responses were relied upon by Creditor and included in
the subpoena to Microsoft. Debtor's counsel is attempting to blame Microsoft and Creditor

for the lack of Microsoft's records that he would have hoped, support Debtor's claim.  Rather the absence of records in response to Debtor's provided answers is a tacit admission that Debtor never took the Section 109(h) course, is ineligible warranting dismissal of her bankruptcy case as noted by this Court on April 14, 2022.

The return to the subpoena by Microsoft is material to the issue of Creditor's claim that Debtor has lied about using Skype on February 9, 2021 to take the prepetition course, making the Debtor ineligible for filing bankruptcy.  As this Court noted on April 14, 2022 if the Debtor did not take the course, she was ineligible and would be grounds to dismiss the bankruptcy case for lack of eligibility, and "negate" all prior orders.  The 9th Circuit has stayed appellate proceedings pending this Court's determination of the Motion to Dismiss.

## I.  <u>RELEVANT BACKGROUND.</u>

On April 14, 2022 this Court granted Creditor the ability to conduct discovery into the issue of Debtor taking the Section 109(h) course.  **Exhibit "1".**  The Court incorporated this right by including it in its May 24, 2022 Order incorporating Rule 9014.

The Debtor had initially testified that she had taken the course with her son Val Fridman.  **Exhibit "2".**  When records were obtained from the course provider that showed the course was taken not in Huntington Beach, California, but rather in or around Bend, Oregon, the Debtor changed stories.

Debtor then claimed in a declaration to this Court that she used Skype to "connect" to her other son, Alex Fridman, aka Alex Theory, to take the Section 109(h) course in the evening of February 9, 2021.  Debtor alleged she had used her LG tablet to use Skype and take the course.  **Exhibit "3".**  Debtor now claims she destroyed the tablet with water, preventing producton.  This would be a fourth time Debtor has destroyed a device in litigation preventing inspection.

On or around April 20, 2022 Creditor served upon Debtor in this action: Special Interrogatories-Set One (**Exhibit "4"**) and Request for Production.  Special Interrogatory Nos. 1 and 2 state as follows:[1]

---

[1] Creditor included Debtor's declaration filed with this Court Doc 96 Filed 10/07/21

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL MICROSOFT

**INTERROGATORY NO. 1:**
State the username YOU used to sign in to Skype on February 9, 2021 that YOU claim YOU used to screen-share with YOUR son, Alex Theory, to take the Prepetition Bankruptcy Educational Course.

**INTERROGATORY NO. 2:**
State the email address YOU used to sign in to Skype on February 9, 2021 that YOU claim YOU used to take the Prepetition Bankruptcy Educational Course.

On or around May 23, 2022 Debtor served responses under penalty of perjury to Interrogatory Nos. 1 and 2 as follows (**Exhibit "5"**):

**RESPONSE TO INTERROGATORY NO. 1:  Rosa Fridman**

**RESPONSE TO INTERROGATORY NO. 2:  rosafridman3@gmail.com**

In reliance on the sworn Responses, Creditor sent a Subpoena to Microsoft for business records relating to the provided answers by Debtor, *i.e.* seeking log in information, Skype usage for the relevant timeframe, for the username and email Debtor swears to have used.  See Microsoft subpoena.  **Exhibit "6"**.  The Subpoena was served on all interested parties on May 25, 2022 and on Microsoft's agent for service of process May 27, 2022 (Id.).

On or around June 9, 2022 Microsoft, by the through its attorney, served boilerplate written objections.  Creditor attempted to meet and confer with Microsoft's counsel for several weeks with no response.  Ultimately the objections became moot with Microsoft ultimately writing their attempts to locate yielded no records.

On June 22, 2022 Microsoft's attorney emailed the parties and represented that Microsoft has found no records for the user name of "Rosa Fridman" or email of "rosafridman3@gmail.com" that were provided by the Debtor and her counsel. **Exhibit "7".**

Creditor requested Microsoft provide a Declaration of No Records on June 22, 2022 consistent with FRE 903(11) and 803(6) (**Exhibit "8"**).   No response has been received as of the date of service and filing of this Motion.

## II.  BASIS FOR MOTION TO COMPEL.

Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure provides that if a person

served with a document subpoena objects to the subpoena, then "[a]t any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection." FRCP Rule 45(c)(2)(B)(i).   Microsoft's objections now appear to be moot or waived as Microsoft has since responded they had no records to provide related to the subpoena and incorporated Skype username and email used to access Skype provided by the Debtor in her verified Responses to Special Interrogatories.

### III. THE REQUESTED DOCUMENTS AND DECLARATION OF NO DOCUMENTS ARE MATERIAL TO DEBTOR'S FABRICATED CLAIM TO HAVE USED SKYPE TO TAKE THE SECTION 109(h) COURSE.

The scope or permitted discovery is very broad. Discovery is permitted into any nonprivileged matter relevant to a party's claim or defense. [Fed. R. Civ. P. Rule 26(b)(1).] Information need only "[appear] reasonably calculated to lead to the discovery of admissible evidence" in order to be relevant. [Fed. R. Civ. P. Rule 26(b)(1).] The documents sought by Creditor's subpoena to Microsoft for Skype records are highly relevant to Creditor's claim that Debtor never personally had taken the Section 109(h) prefiling course and to discover information related to Creditor's assessment of Debtor's claim of supposed Skype usage.

Alternatively, if Microsoft has no such records, then an admissible declaration of no records under F.R.Evid. 903(11) and 803(6) are required as a response under penalty of perjury by Microsoft for use in Creditor's Motion to Dismiss.

### IV. MICROSOFT'S INITIAL OBJECTIONS ARE MOOT AS MICROSOFT NOW REPRESENTS THEY HAVE NO RECORDS THAT MATCH THE INFORMATION, PROVIDED BY THE DEBTOR, IN THE SUBPOENA.

On June 22, 2022 Microsoft's attorney wrote that Microsoft had no records on Debtor's represented user name of "Rosa Fridman" and "rosafridman3@gmail.com". Creditor has requested a declaration under FRE 903(11) and 803(6) but received no response.

In the event Microsoft promptly provides a sufficient admissible declaration stating they have found no records pursuant to the subpoena, this Motion can be taken off calendar.

## V. **<u>CONCLUSION.</u>**

Based on Microsoft's counsel's representation that Microsoft has no records for information provided by Debtor Rosa Fridman under oath, a simple declaration attesting under oath, consistent with FRE 903(11) and 803(6) would be an appropriate response to the subpoena.  Or, if Microsoft has any records, they should produce them pursuant to the subpoena served upon them.

Creditor requests this Court issue an order compelling third-party Microsoft, Inc., to provide the following in response to the subpoena:

1.  Produce a declaration of no records consistent with FRE 903(11) and 803(6) within 48 hours, or alternatively,
2.  Provide any records Microsoft has pursuant to the subpoena within 48 hours.
3.  For any other relief this Court deems reasonable and equitable.

Dated June 27, 2022                         By:     _/s/ Karl Avetoom_

Karl Avetoom, Creditor and Moving Party

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL MICROSOFT

# DECLARATION OF KARL AVETOOM

I, Karl Avetoom, hereby declare as follows:

1.      I am a Creditor in the above referenced bankruptcy case, In re Rosa A. Fridman 8:21-bk-10513-ES.  I have personal knowledge of the following facts and if called upon to testify under oath, I could and would do so to the following facts.

2.      On or around April 14, 2022 this Court granted my request to file a motion to dismiss for lack of eligibility for Debtor to have filed for bankruptcy under Section 109(h). True and correct copies of the relevant pages from the Reporter's Transcript are attached hereto as **Exhibit "1"**.

3.      On August 31, 2021 Debtor testified that her son Val Fridman helped her take the Section 109(h) course, which took "four hours." A true and correct copy of the relevant pages from Debtor's testimony is attached hereto as **Exhibit "2"**.

4.      Attached hereto as **Exhibit "3"** is a true and correct copy of Debtor's declaration filed before this Court on or around October 7, 2021 now representing she used Skype to "connect" with her other son, Alex, to screenshare to take the Section 109(h) course.

5.      Attached hereto as **Exhibit "4"** is a true and correct copy of the Special Interrogatories I served on Debtor's counsel on or around April 20, 2022.

6.      Attached hereto as **Exhibit "5"** is a true  and correct copy of Debtor's Responses to the Special Interrogatories stating under oath Debtor used a Skype username of "Rosa Fridman" and an email of "rosafridman3@gmail.com" to access Skype to take the Section 109(h) prefiling course.  See Response Nos. 1 and 2.

7.      Attached hereto as **Exhibit "6"** is a true and correct copy of the Subpoena I had served upon Microsoft Corporation's agent for service of process seeking Skype records maintained by Microsoft for the information provided in Debtor's responses Nos. 1 and 2 to my Special Interrogatories.

8.      On June 22, 2022 Microsoft's attorneys emailed Creditor, Debtor's counsel and Counsel for the Chapter 7 Trustee stating Microsoft could find no records using the

---

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL MICROSOFT

Debtor's provided user name and provided password:

"Mr. Avatoom, Mr. Talkov and Ms. Davis Lowe,

**This is to let you know that Microsoft has found neither a Skype user name of "Rosa Fridman," nor an email address of rosafridman3@gmail.com relating to a Skype user name account."**

Attached hereto is a true and correct copy of said email from Microsoft's attorney as **Exhibit "7"**.

9.      Attached hereto as **Exhibit "8"** is a true and correct copy of the email I sent to Microsoft's attorney requesting a declaration attesting to Microsoft having no records, consistent with FRE 903(11) and 803(6).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed June 27, 2022 in Newport Beach, Ca

By:    */s/ Karl Avetoom*

Karl Avetoom

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL MICROSOFT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "1"

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL MICROSOFT

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
(SOUTHERN DIVISION - SANTA ANA)

| | | |
|---|---|---|
| IN RE: | ) | CASE NO:  8:21-bk-10513-ES |
| | ) | CHAPTER 7 |
| | ) | |
| ROSA A. FRIDMAN, | ) | Santa Ana, California |
| | ) | |
| | ) | Thursday, April 14, 2022 |
| Debtor. | ) | |
| | ) | 2:00 p.m. |

CONTINUED HEARING RE:

CREDITOR KARL AVETOOM'S OBJECTION AND AFFIRMATIVE DEFENSES
TO ROSA FRIDMAN'S CLAIMED HOMESTEAD EXEMPTION [DKT.NO.93]

BEFORE THE HONORABLE ERITHE SMITH,
UNITED STATES BANKRUPTCY JUDGE

<u>APPEARANCE</u>:

For Debtor:                    SCOTT TALKOV, ESQ.
                               Talkov Law
                               2900 Adams St., Suite C225
                               Riverside, CA 92504
                               951-888-3300

For Creditor:                  KARL AVETOOM, PRO SE, ESQ.
                               1100 Rutland Rd., Suite 9
                               Newport Beach, CA 92660
                               949-929-4787

Court Recorder [ECRO]:   Tamika Law
                         855 460-9641

Transcribed by:          Exceptional Reporting Services, Inc.
                         P.O. Box 8365
                         Corpus Christi, TX 78468
                         361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

1          **THE COURT:**  Yes, yes.  Because Mr. Talkov, let's look

2     at the reality here.  Okay?  The reality is, Mr. Avetoom, in

3     his reply has raised some really serios allegations, okay?

4     Now, I don't have a complete record of everything because for

5     example, the transcript of the hearing only goes up to page 12

6     or 13, okay, so I don't have everything.  But he has raised

7     some serious issues here and I cannot unsee them, I can't

8     unread them, okay?  And so what I am saying to you --

9          **MR. TALKOV:**  (indisc.).

10         **THE COURT:**  I am trying to give you an opportunity if

11    your client would like to respond, comment, or whatever, in a

12    formal way before the Court in a way that I can consider it

13    other than oral argument, so that is what I'm trying to get to

14    here.

15         And it seems that what you're wanting me to do is

16    just decide not to consider it at all.  And I'm saying to you

17    that I think that's relatively shortsighted, okay, because

18    there are serious issues raised here.  I'm not making any

19    ruling factually about any of the allegations but what I'm

20    saying is that the allegations are serious ones.

21         **MR. TALKOV:**  Your Honor, I understand. (inaudible)

22       **(Talkovers; (inaudible)**

23         **MR. AVETOOM:**  Sorry, Mr. Talkov.  I was just giving

24    her the dates.

25         4/28 is the date for the Continued Judgment Debtor

1   wasn't there, I'm not speculating so let's not even do that;

2   we're sliding now.

3          **MR. TALKOV:**  All right.  If Your Honor wants live

4   testimony, I think Your Honor will have no question as to

5   whether this Debtor --

6      **(Talkover)**

7          **THE COURT:**  I asked a simple question, what do you

8   want me to --

9          **MR. TALKOV:**  -- has --

10     **(Talkover)**

11         **THE COURT:**  What do you want me to do at this point?

12  I asked you what was your suggestion.  I've heard --

13         **MR. TALKOV:**  I would prefer --

14         **THE COURT:**  I've heard Mr. Avetoom's suggestion and I

15  want to hear your suggestion in light of the allegations that

16  have been made.

17         **MR. TALKOV:**  My suggestion is that the motion with

18  regard to homestead exemption should be denied.  Period.  And

19  if Mr. Avetoom would like to bring up in whatever forum he

20  would like -- I'm not his attorney -- as to his concerns about

21  the bankruptcy credit counseling course, he can bring that up

22  in whatever appropriate forum.  Your Honor is correct, his

23  questions relate to whether she's allowed to be a debtor, not

24  whether she's allowed to claim a homestead.

25         **THE COURT:**  Okay.  So what I'm going to do -- and I

1  think I almost have to do this, given the way that this case

2  has gone, I do think -- and I don't think Mr. Avetoom will

3  disagree with this -- the issue of the Debtor's eligibility

4  goes to whether or not the bankruptcy case should stay in

5  place, okay?  And currently, I don't have any California state

6  law that says that the Debtor should be denied the homestead

7  exemption.  And this is now harkening back to the argument made

8  by Mr. Avetoom with respect to a contract, with respect to the

9  settlement agreement, okay?  I don't have any case law that

10  supports denial of the homestead exemption on that basis.

11          Now, I do think that the eligibility issue relates to

12  the entire case, not just the homestead.  The homestead

13  actually would be a byproduct.  In other words, if it is

14  determined that Ms. Fridman was not eligible to be a debtor

15  because of (a), she didn't take the credit counseling course as

16  a matter of fact -- and I'm not saying she didn't, I'm just

17  saying hypothetically -- and (b), she did not timely avail

18  herself of an extension to obtain the credit counseling or to

19  obtain a waiver of the credit counseling.  And if the Court is

20  persuaded that what this means then is that she isn't eligible

21  to be in a Chapter 7, then at that point there would be a basis

22  for dismissing the entire case; and obviously, that would

23  negate the Court's rulings with respect to whatever orders I've

24  entered because the case is dismissed.

25          Now, what I would not like to see happen -- and this

1    is why I'm going to rule the way that I am -- is I'm inclined

2    to deny the motion with respect to the homestead exemption

3    because I really don't have a basis for denying the homestead

4    exemption under the law at this point.  However, what I am

5    concerned about is the position being taken by the Debtor that

6    because of the denial of this objection to the exemption, that

7    Mr. Avetoom is somehow hamstringed from pursuing another motion

8    to dismiss and is also hamstringed from even developing

9    evidence or conducting discovery with respect to the same.  So

10   either there is a stipulation on the record that Mr. Avetoom is

11   free to conduct discovery on the issue of eligibility, or I

12   should just let this matter remain open so that he can conduct

13   that discovery.

14          MR. TALKOV:  Your Honor, can I just make this even

15   clearer?

16          I understand that your ruling today is not in any way

17   based on any findings one way or the other with regard to

18   whether the debtor took by Skype or otherwise the

19   109 bankruptcy eligibility course.  I understand that perfectly

20   and there's been no finding one way or the other with regard to

21   that matter.  Is that --

22          THE COURT:  Kind of, not quite though.  Because what

23   I don't want to have is yet another fight over whether or not

24   Mr. Avetoom can conduct discovery or can attempt to develop his

25   evidence in support of his argument regarding eligibility if

1   this current matter regarding the homestead exemption is no

2   longer in play.  Because right now, he has alleged as part of

3   that objection, the eligibility as a basis; meaning that, well,

4   if she's not eligible to be in a Chapter 7, then she can't make

5   this homestead exemption claim either because that will go away

6   as well.  And I see it as more of an eligibility issue than I

7   do a homestead exemption issue but I don't want to then see

8   fights developing in this court over whether he can do any

9   discovery on the eligibility issue because there's technically

10   no motion pending.

11         MR. TALKOV:  Do we want to just have the motion

12   pending for some period of time, 30 or 60 days and then bring

13   this to an end?  I mean at some point it's got to end.

14         THE COURT:  I'm sorry, what was your -- what were you

15   suggesting?

16         MR. TALKOV:  Can we treat this as a motion pending

17   with regard to a motion to dismiss but for some time limit?  I

18   mean this has got to end at some point, for the next 30 or

19   60 days perhaps?

20         MR. AVETOOM:  I would agree to the six months

21   Mr. Talkov got in the other case, Your Honor, and I think that

22   makes it fair.

23         MR. TALKOV:  There wasn't a --

24         MR. AVETOOM:  He was given 90 days.  He came back

25   again and made another allegation that there was forged

1    day in court, yet another his third day in court for another

2    motion to dismiss.  I think it's time to bring an end to this

3    homestead exemption issue.

4        **THE COURT:**  So here's the thing.  I don't think that

5    we're necessarily talking apples and oranges with respect to

6    what happened the first time.  And I don't think that it harms

7    you in any sense because you still have the right to file the

8    motion to dismiss and develop that.  The reason why I was

9    wanting to put it into the order is because of your concern,

10   Mr. Avetoom, that there was going to be some resistance to your

11   conducting discovery.

12       **MR. TALKOV:**  (indisc.).

13       **THE COURT:**  Oh, you may want to mute, Mr. Talkov.

14       That you thought there might be some resistance to

15   your propounding discovery in the context of a motion to

16   dismiss.  And so that's why I suggested putting it in the order

17   so that at least there wouldn't have to be a fight over that.

18   But either way, whether it's provisionally approved or whether

19   it's denied, you still have the motion -- excuse me -- the

20   right to file a motion to dismiss and to propound discovery and

21   that doesn't change.  And that allows you to do it on your own

22   time schedule because I wouldn't have to -- if I do it

23   provisionally I ought to give some outside date but if you're

24   just going to file your motion to dismiss, you set the time

25   schedule based on whatever evidence you've already, you know,

53

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                    **May 9, 2022**

            Signed                                              Dated


                    *TONI HUDSON, TRANSCRIBER*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "2"

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL MICROSOFT

341(a) MEETING OF CREDITORS

CHAPTER 7 BANKRUPTCY

CENTRAL DISTRICT OF CALIFORNIA (SANTA ANA)

|  |  |
|---|---|
| IN RE: | ) |
| ROSA A. FRIDMAN, | ) CASE NO:  8:21-bk-10513-ES |
| Debtor. | ) |

DATE:          TUESDAY, AUGUST 31, 2021

PRESIDING OFFICIAL:  KARL T. ANDERSON

APPEARANCES:          SEE PAGE 2

Transcribed by:          Exceptional Reporting Services, Inc.
P.O. Box 8365
Corpus Christi, TX 78468
361 949-2988

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

2

<u>REMOTE APPEARANCES</u>:


For Debtor:            SCOTT TALKOV, ESQ.
                       Talkov Law
                       2900 Adams Street
                       Suite C225
                       Riverside, CA 92504


Also present:          ROSA FRIDMAN


For Karl Avetoom:      KARL AVETOOM, PRO SE
                       1100 Rutland Rd.
                       No. 9
                       Newport Beach, CA 92660


For Trustee,           MELISSA DAVIS LOWE, ESQ.
Karl T. Anderson:      Shulman Bastian Friedman & Bui
                       100 Spectrum Ctr. Drive
                       Suite 600
                       Irvine, CA 92618


Interpreters:          Anna        ID #324631
                       Uri         ID #324662
                       Yevgeniya   ID #324352

1      Q    Ms. Fridman, did you appear by video in the last

2    two years at your son, Val Fridman's house, for any court

3    proceeding?

4                    RUSSIAN INTERPRETER 324352:  If Interpreter

5    is to understand correctly, "Have you appeared by video in

6    the last two years in your son's, Val's house, for any

7    court proceedings?"  Was that the question?

8                    MR. AVETOOM:  Yes.

9                    RUSSIAN INTERPRETER 324352:  Thank you.

10     A    (Through Interpreter):  I don't remember.

11     Q    So you do remember appearing by video while at

12   Val Fridman's house; is that correct?

13                   MR. TALKOV:  I don't remember her saying

14   that.

15                   MR. ANDERSON:  Mr. Avetoom?

16                   MR. AVETOOM:  She said she remembered.

17                   MR. TALKOV:  She said she didn't remember.

18                   RUSSIAN INTERPRETER 324352:  "I don't

19   remember."  This is Interpreter.  Her last several answers

20   were "I don't remember."

21                   MR. AVETOOM:  Okay.  I thought she said she

22   did remember.

23     BY MR. AVETOOM:

24     Q    Ms. Fridman, did you do the bankruptcy training

25   class before you filed bankruptcy?

1          MR. TALKOV:  This was asked and answered at

2    the prior Meeting of Creditors, Mr. Avetoom.  Do you have

3    any other questions?

4          MR. ANDERSON:  I don't remember it.

5       BY MR. AVETOOM:

6       Q    Were you when you did -- where were you when you

7    -- when you completed the first educational course prior

8    to you filing bankruptcy?

9              RUSSIAN INTERPRETER 324352:  This is

10   Interpreter.  I couldn't hear the answer.

11              (Interprets again)

12      A    (Through Interpreter):  In my apartment.

13      Q    So you completed the online educational class in

14   your apartment?

15      A    (Through Interpreter):  Yes.

16      Q    And do you recall testifying at your last 341

17   examination that you did not have internet access at your

18   apartment?

19          MR. TALKOV:  I don't recall that.

20          RUSSIAN INTERPRETER 324352:  The

21   interpreter apologize.  I couldn't hear the answer.

22              (Interprets again)

23      A    (Through Interpreter):  I said that I had the

24   internet.

25      Q    And what device did you use to take this

1      educational class?

2                          RUSSIAN INTERPRETER 324352:  This is

3      Interpreter.  I couldn't hear the answer.

4                 (Interprets again)

5          A    (In English):  LG tablet.

6                          RUSSIAN INTERPRETER 324352:  This is

7      Interpreter.  I wasn't able to understand the answer.

8      Maybe something "MG tablet".  I'm not absolutely sure.

9                     MR. TALKOV:  I think she said "LG tablet."

10                    MR. AVETOOM:  Let me ask again.

11         BY MR. AVETOOM:

12         Q    Ms. Fridman --

13                         RUSSIAN INTERPRETER 324352:  LG tablet?

14         Q    -- complete the educational online course using

15     your tablet?

16         A    (Through Interpreter):  Yes.

17         Q    And was that educational class in Russian or

18     English?

19         A    (In English):  English.

20         Q    And did you have assistance in completing this

21     class?

22                         RUSSIAN INTERPRETER 324352:  Interpreter

23     couldn't hear.

24                 (Interprets again)

25         A    (Through Interpreter):  My son, Val.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "3"

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL MICROSOFT

## VII.    DECLARATION OF ROSA FRIDMAN

I, Rosa Fridman, declare:

1.    I am Rosa Fridman, the Debtor herein. I am over the age of 18, age 90 to be exact. The facts set forth herein are of my own personal knowledge and if sworn I could and would competently testify thereto.

2.    I was born in Kiev, Ukraine in 1931. I immigrated to America in 1976 around age 45. I am a fluent Russian speaker. I do have some comprehension of English, but I regularly find that I have gaps in my understanding of English, particularly when discussing legal matters, which can be complex to understand even for English speakers. During the meetings of creditors in this case, I requested and received a Russian interpreter.

3.    I have also been diagnosed with glaucoma, which decreases my ability to read on a computer screen such that verbal translation from English to Russian increases my understanding of documents.

4.    On the evening of February 9, 2021, I recall using my LG Tablet to take the credit counseling required to file for bankruptcy. On my LG Tablet, I used Skype to connect to my son, Alex Theory. In turn, Alex shared the screen from one of the websites run by 001 Debtorcc Inc., which I believe was https://www.debtoredu.com/, though the company has other websites that appear to be identical (e.g., https://www.debtorcc.org/).

5.    I then completed the bankruptcy credit counseling course by utilizing the translation skills of my son Alex, who translated the text on the screen by reading it to me in Russian, to which I would reply to him verbally in Russian. I understand that Alex then typed my answers on the screen to allow them to be seen by the prebankruptcy counseling course. Attached as Exhibit 1 is a true and correct copy of a screenshare that I conducted with my son, Alex Theory, a few days ago on my LG Tablet to show what the website looked like on my LG Tablet when I completed the debtor education course on February 9, 2021.

6.    The Visa card shown on the receipt provided by the Creditor ending in 3635 (BK Doc. 91, p. 52) was on February 9, 2021 my personal Wells Fargo Visa debit card.

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

7.      I would have preferred that one of my sons assist me in person on my LG Tablet.
However, I had at the time only received my first Covid-19 shot on February 6, 2021, just a few
days before I completed this course. Attached as Exhibit 7 is a true and correct copy of my Covid-
19 vaccination card.

8.      As I understand, it takes a few weeks for the shot to have the intended effect. Given
my advanced age placing me in a very high-risk category of serious illness from Covid-19, I felt
more comfortable with Alex assisting me remotely through the Skype screenshare process.

9.      I was present on the Skype screenshare during the entirety of the online debtor
education course. I was then and still am unaware of any rule that prohibits me from requesting the
assistance of my son, Alex Theory, to complete an online debtor education course. Rather, I found
his assistance to be of help in understanding the debtor education course.

I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

Executed on October 7, 2021 at Huntington Beach, California.

Rosa Fridman

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

DEBTOR-037

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "4"

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL MICROSOFT

1  Karl Avetoom
   1100 Rutland Road # 9
2  Newport Beach, CA 92660
   (949) 929-4787
3  Email kia002@att.net

4

5  Creditor and Plaintiff, In Pro Per

6

7

8              UNITED STATES BANKRUPTCY COURT

9      CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

10

11 In re:                          ) Case No:    8:21-bk-10513-ES
                                    )
12 Rosa Fridman                     )
                        Debtor      ) Hon: Erithe A. Smith
13                                  )
                                    )
14                                  ) Chapter 7
                                    )
15                                  ) **PLAINTIFF KARL AVETOOM'S**
                                    ) **INTERROGATORIES TO DEBTOR**
16                                  ) **ROSA FRIDMAN.**
                                    ) **(SET ONE)**
17                                  )
                                    )
18                                  )
                                    )
19                                  )
                                    )
20                                  )

21

22

23

24

25

26

27

28

1       **PROPOUNDING PARTY:**      **CREDITOR KARL AVETOOM**

2       **RESPONDING PARTY:**      **DEBTOR ROSA A. FRIDMAN**

3       **SET NUMBER:**           **ONE**

4

5         **TO DEBTOR ROSA A. FRIDMAN, AND HER ATTORNEY OF**

6 **RECORD:**

7        **PLEASE TAKE NOTICE** that pursuant to F.R.Bankr.R 7033, incorporating the

8 Federal Rule of Civil Procedure 33, Creditor Karl Avetoom ("Creditor") submits the

9 following Interrogatories to Debtor Rosa A. Fridman ("Debtor") to be responded to fully

10 within thirty (30) days of service thereto.

11                         **DEFINITIONS**

12        Unless the context clearly requires otherwise, the following definitions and

13 instructions shall apply to these interrogatories and all other discovery requests in this action

14 unless otherwise Stated:

15

16     1.      As used herein, the term "AND" includes "OR," and the term "OR" includes

17 "AND."

18

19     2.      "YOU" or "YOUR" (or any derivative thereof) shall refer to ROSA A.

20 FRIDMAN aka ROSA FRIDMAN, aka ROSA FRIDMAN in her capacity as Trustee for the

21 Fridman Family Trust established April 14, 2000, including its employees, agents, officers,

22 contractors, accountants, consultants, investigators, subsidiaries, parent companies,

23 predecessors and successors-in-interest and all persons acting or purporting to act on its

24 behalf.

25

26     3.      "ALEX FRIDMAN" shall refer to YOUR son Alex Fridman aka Alex Theory,

27 aka Moses Theory, aka Alexander Fridman.

28

Interrogatories to Debtor Rosa Fridman (Set One)

4.    "VAL" shall refer to YOUR son Val Fridman.

5.    "RELEVANT PERIOD" shall refer to the period of time from January 1, 2021 to December 31, 2021.

6.    "Section 109(h)" shall refer to the 11 U.S.C. § 109(h).

7.    "Prepetition Bankruptcy Educational Course" shall refer to the bankruptcy educational course YOU claimed to have completed on February 9, 2021 before filing YOUR current bankruptcy petition.  The term "Prepetition Bankruptcy Educational Course" shall also refer to the "credit counseling" referred to in paragraph "4" and "online debtor education course" in paragraph "9" of your declaration to Debtor's Opposition To Avetoom's Second Motion To Dismiss Bankruptcy Case (document 96, pages 13-14), a true and correct copy is attached hereto.

8.    "SKYPE" shall mean the application or program operated by Skype Technologies, a division of Microsoft Corporation, that provides Voice over IP based videotelephony video conferencing, video, text, chat, screen sharing and/or phone calls. SKYPE shall also mean SKYPE service, program, application, app, browser plug in, or other means of using SKYPE on any desktop (PC or Mac based), mobile or game console platform.  The term Skype shall also refer to the Skype screen sharing process referred to in YOUR declaration to Debtor's Opposition To Avetoom's Second Motion To Dismiss Bankruptcy Case (Document 96, pages 13-14), a true and correct copy is attached hereto.

9.    "DOCUMENT(S)" means any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence, including but not limited to, any written, printed, typed, recorded, or other graphic matter of any kind or nature and shall include, without limitation, all writings, drawings, graphs, charts, books, technical materials, photographs, microfilm,

1  magnetic media, computer records, e-mails, text messages, electronically stored information,

2  and other media from which information can be obtained.  This will include, without

3  limitation, initials, stamped indicia, comments, or notations not part of the original text or

4  photographic reproduction thereof, is a separate document.  "DOCUMENT" shall also

5  include any data compilations from which information can be obtained or translated as

6  necessary by YOU through detection devices into reasonably useable form.

7

8      10.    When referring to a person, "TO IDENTIFY" means to give, to the extent

9  known, the person's full name, present or last known address, and, when referring to a

10  natural person, the present or last known place of employment.  When referring to a

11  company, "TO IDENTIFY" means to give, to the extent known, the company's full corporate

12  name, a brief description of the general nature of the business, its state of incorporation, the

13  address and principal place of business; and the identity of the officers or other persons

14  having knowledge of the matter with respect to which the company has been identified.

15  Once a person or company has been identified in accordance with this subparagraph, only the

16  name of that person or company need be listed in response to subsequent discovery

17  requesting the identification of that person or company.

18

19      11.    When referring to documents, "TO IDENTIFY" means to give, to the extent

20  known, the (a) type of document; (b) general subject matter; (c) date of the document; and

21  (d) author(s), addressee(s), and recipient(s).

22

23      12.    "DESCRIBE," "REFER," "RELATE," "RELATING TO" and "RELATES

24  TO" mean, without limitation, relating to, regarding, constituting, concerning, mentioning,

25  referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, or

26  tending to prove, disprove, or explain.

27

28      13.    "CORRESPONDENCE" means any letter, memorandum, email, chat session,

Interrogatories to Debtor Rosa Fridman (Set One)

1   screen sharing, text messaging, fax or other writing.

2

3       14.    "CONCERNING" means referring to, describing, evidencing.

4

5       15.    "COMMUNICATION(S)" means any transfer of information of any kind,

6   orally, in writing, or by any other manner, at any time or place, and under any circumstances

7   whatsoever and shall include, but is not limited to, the following: contracts or agreements;

8   drawings or sketches; invoices, orders, or acknowledgements; diaries or reports; forecasts or

9   appraisals; memoranda of telephonic or in person communications by or with any person;

10  other memoranda, letters, telegrams, telexes, or cables prepared, drafted, received or sent;

11  tapes transcripts, or recordings; photographs, pictures, or films; electronic mail, computer

12  programs, computer data, or computer printouts; or graphic, symbolic, recorded, or written

13  materials of any nature whatsoever.

14

15      16.    "PERSON" includes, without limitation, any natural person, proprietorship,

16  corporation, partnership, trust, joint venture, association, organization, business entity or

17  governmental agency.

18

19      17.    The use of the singular includes the plural, and vice versa.

20

21      18.    The use of one gender includes all others, appropriate in context.

22

23

24

25

26

27

28

Interrogatories to Debtor Rosa Fridman (Set One)

## **INSTRUCTIONS**

1.     In the event any communication or information responsive to any of the following interrogatories are withheld from production on the basis of privilege, IDENTIFY each person who participated in or had knowledge of the communication or other information and State the following:

      a.   The privilege or protection that YOU claim precludes disclosure;

      b.   The subject matter of the communication or information (without revealing the content as to which privilege is claimed); and

      c.   Any additional facts on which YOU base YOUR claim of privilege or protection.

2.     When an interrogatory requires YOU to state information, YOU are required to supply all information known by or available to YOU or YOUR employees, agents, family members, representative(s), attorneys and experts.  If YOU cannot completely produce the information requested after making diligent efforts to do so, please so state.

3.     If YOU later discover additional responsive information, YOU are obligated to amend YOUR responses pursuant to Federal Rule of Civil Procedure 26(e).

# INTERROGATORIES

## INTERROGATORY NO. 1:

State the username YOU used to sign in to Skype on February 9, 2021 that YOU claim YOU used to screen-share with YOUR son, Alex Theory, to take the Prepetition Bankruptcy Educational Course.

## INTERROGATORY NO. 2:

State the email address YOU used to sign in to Skype on February 9, 2021 that YOU claim YOU used to take the Prepetition Bankruptcy Educational Course.

## INTERROGATORY NO. 3:

State the telephone number YOU used to sign in to Skype on February 9, 2021 that YOU claim YOU used to take the Prepetition Bankruptcy Educational Course.

## INTERROGATORY NO. 4:

State the Skype username for YOUR son Alex Fridman aka Alex Theory YOU claim was used to screen share with YOU on February 9, 2021 to take the Prepetition Bankruptcy Educational Course.

## INTERROGATORY NO. 5:

State the email address for the Skype service YOU claim YOUR son Alex Fridman aka Alex Theory, used to screen-share with YOU on February 9, 2021 to take the Prepetition Bankruptcy Educational Course.

## INTERROGATORY NO. 6:

State the phone number for the Skype service YOU claim YOUR son Alex Fridman aka Alex Theory used to screen share with YOU on February 9, 2021 to take the Prepetition Bankruptcy Educational Course.

**INTERROGATORY NO. 7:**

State the make, model and serial number of the tablet YOU claim to have used on February 9, 2021 to take the Prepetition Bankruptcy Educational Course.

**INTERROGATORY NO. 8:**

State any landline or Voice over IP ("VOIP") telephone number installed at YOUR property located at 16542 Blackbeard Lane # 304, Huntington Beach, CA 92649 on February 9, 2021.

**INTERROGATORY NO. 9:**

State any cell phone number used by YOU on February 9, 2021.

**INTERROGATORY NO. 10:**

State all facts supporting YOUR claim that YOU took the Prepetition Bankruptcy Educational Course on February 9, 2021.

**INTERROGATORY NO. 11:**

State all email addresses used by YOU on February 9, 2021.

**INTERROGATORY NO. 12:**

State all facts supporting YOUR claim that VAL FRIDMAN helped YOU in completing the Prepetition Bankruptcy Educational Course on February 9, 2021.

**INTERROGATORY NO. 13:**

State the internet service used by YOU to access the internet on February 9, 2021 to take the Prepetition Bankruptcy Educational Course.

**INTERROGATORY NO. 14:**

1    State all persons who YOU know had access to YOUR email account(s) between

2  January 1, 2021 and December 31, 2021.

3

4  **INTERROGATORY NO. 15:**

5    State YOUR location on February 9, 2021 between the hours of 12:00 noon (PST)

6  and 7:00 PM (PST).

7

8  **INTERROGATORY NO. 16:**

9    State all Prepetition Bankruptcy Educational Courses YOU registered for, completed

10  or not, since June 1, 2019 to February 10, 2021.

11

12  **INTERROGATORY NO. 16:**

13    State all persons who had access to any electronic device, including but not limited to

14  electronic tablet, computer or other device, YOU claim YOU used on February 9, 2021 to

15  take the Prepetition Bankruptcy Educational Course.

16

17  **INTERROGATORY NO. 17:**

18    State all persons with knowledge of the SKYPE account YOU claim YOU used on

19  February 9, 2021 to take the Prepetition Bankruptcy Educational Course.

20

21  Dated: April 20, 2022

22

23                                                Karl Avetoom

24                                                Creditor In Pro Per

25

26

27

28

Interrogatories to Debtor Rosa Fridman (Set One)

## VII.    DECLARATION OF ROSA FRIDMAN

I, Rosa Fridman, declare:

1.      I am Rosa Fridman, the Debtor herein. I am over the age of 18, age 90 to be exact. The facts set forth herein are of my own personal knowledge and if sworn I could and would competently testify thereto.

2.      I was born in Kiev, Ukraine in 1931. I immigrated to America in 1976 around age 45. I am a fluent Russian speaker. I do have some comprehension of English, but I regularly find that I have gaps in my understanding of English, particularly when discussing legal matters, which can be complex to understand even for English speakers. During the meetings of creditors in this case, I requested and received a Russian interpreter.

3.      I have also been diagnosed with glaucoma, which decreases my ability to read on a computer screen such that verbal translation from English to Russian increases my understanding of documents.

4.      On the evening of February 9, 2021, I recall using my LG Tablet to take the credit counseling required to file for bankruptcy. On my LG Tablet, I used Skype to connect to my son, Alex Theory. In turn, Alex shared the screen from one of the websites run by 001 Debtorcc Inc., which I believe was https://www.debtoredu.com/, though the company has other websites that appear to be identical (e.g., https://www.debtorcc.org/).

5.      I then completed the bankruptcy credit counseling course by utilizing the translation skills of my son Alex, who translated the text on the screen by reading it to me in Russian, to which I would reply to him verbally in Russian. I understand that Alex then typed my answers on the screen to allow them to be seen by the prebankruptcy counseling course. Attached as Exhibit 1 is a true and correct copy of a screenshare that I conducted with my son, Alex Theory, a few days ago on my LG Tablet to show what the website looked like on my LG Tablet when I completed the debtor education course on February 9, 2021.

6.      The Visa card shown on the receipt provided by the Creditor ending in 3635 (BK Doc. 91, p. 52) was on February 9, 2021 my personal Wells Fargo Visa debit card.

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

---

**DEBTOR'S OPPOSITION TO AVETOOM'S SECOND MOTION TO DISMISS BANKRUPTCY CASE**

1   7.  I would have preferred that one of my sons assist me in person on my LG Tablet.

2 However, I had at the time only received my first Covid-19 shot on February 6, 2021, just a few

3 days before I completed this course. Attached as Exhibit 7 is a true and correct copy of my Covid-

4 19 vaccination card.

5   8.  As I understand, it takes a few weeks for the shot to have the intended effect. Given

6 my advanced age placing me in a very high-risk category of serious illness from Covid-19, I felt

7 more comfortable with Alex assisting me remotely through the Skype screenshare process.

8   9.  I was present on the Skype screenshare during the entirety of the online debtor

9 education course. I was then and still am unaware of any rule that prohibits me from requesting the

10 assistance of my son, Alex Theory, to complete an online debtor education course. Rather, I found

11 his assistance to be of help in understanding the debtor education course.

12   I declare under penalty of perjury under the laws of the State of California that the

13 foregoing is true and correct.

14   Executed on October 7, 2021 at Huntington Beach, California.

16     Rosa Fridman

17

18

19

20

21

22

23

24

25

26

27

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

---

**DEBTOR'S OPPOSITION TO AVETOOM'S SECOND MOTION TO DISMISS BANKRUPTCY CASE**

**PROOF OF SERVICE**
Central District of California

I, the undersigned, declare as follows:

I am a licensed process server in the County of Orange, State of California (OC Lic. 6258). I am over the age of 18 years, and not a party to the within action. My business address is: 913 Louise St. Santa Ana, CA 92703.

On April 20, 2022, I served the following document(s):

**CREDITOR KARL AVETOOM'S INTERROGATORIES TO DEBTOR ROSA FRIDMAN (SET ONE)**

on the interested parties in this action by placing a true and correct copy of each document thereof, enclosed in a sealed envelope, addressed as follows:

> Scott Talkov
> Talkov Law
> 2900 Adams St. Ste C225 Riverside, CA 92504

☒ **By U.S. Mail:** I deposited the attached document postage prepaid for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, in the United States mail at Fountain Valley, California.

☐ **By Overnight Courier:** I caused the above-referenced document(s) to be delivered to an overnight courier service for delivery to the above address(es).

☐ **By Electronic Mail:** I caused the above-referenced document(s) to be transmitted to the above-named persons at the following electronic mail address(es):

☐ **By Personal Service:** I personally served the above-referenced document to the above address(es).

Executed on April 20, 2022, at Fountain Valley, California.

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct.

_Ami Stanton_
Ami Stanton

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "5"

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL MICROSOFT

1  SCOTT TALKOV, State Bar No. 264676
   TALKOV LAW CORP.
2  2900 Adams St Ste C225
   Riverside, California 92504
3  Telephone: (951) 888-3300
   Email: scott@talkovlaw.com
4
5  Attorneys for Debtor Rosa A. Fridman

6
7              UNITED STATES BANKRUPTCY COURT

8       CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

9  In re                            Case. No. 8:21-bk-10513-ES

10 ROSA A. FRIDMAN,                 Chapter 7

11            Debtor.               **DEBTOR'S RESPONSES TO
                                    "PLAINTIFF [*SIC*] KARL AVETOOM'S
12                                  INTERROGATORIES TO DEBTOR
                                    ROSA FRIDMAN (SET ONE)"**
13

14

15

16

17

18 PROPOUNDING PARTY:   Creditor Karl Avetoom

19 RESPONDING PARTY:    Debtor Rosa Fridman

20 SET:                 One

21        In this matter, investigation and discovery by Debtor Rosa Fridman, is continuing in

22 nature. As investigation and discovery proceed, witnesses, facts, documents, and other evidence

23 may be learned which are not set forth hereinafter, yet which may have been responsive to an

24 Interrogatory propounded by Creditor Karl Avetoom if known at the time thereof. Facts and other

25 evidence, though known, may be imperfectly understood, or the relevance or import of such facts

26 and evidence may be imperfectly understood and, accordingly, such facts and evidence may, in

27 good faith, not be included in the following responses.

*(left margin, vertical text)* TALKOV LAW 2900 ADAMS ST STE C225 RIVERSIDE, CA 92504 TELEPHONE (951) 888-3300

1    Responding Party reserves the right to refer to, conduct discovery with reference to, or

2  offer as evidence hereafter, such facts and evidence which may have, in good faith, not been

3  included in the responses hereafter, despite such absence herein.

4    Further, to the extent that the interrogatories propounded by Propounding Party request

5  information and evidence not personally known to Responding Party, but available to, or

6  ascertained by counsel for Responding Party, certain information provided hereinafter may not be

7  within the personal knowledge of Responding Party.

8    Responding Party objects to the "instructions" provided with the requests on the basis that

9  no such instructions are permitted under the FRCP, including under Rule 33, incorporated by

10  reference by FRBP 7033.

11    Responding Party objects that the discovery is not likely to lead to the discovery of

12  admissible evidence on the basis that the Bankruptcy Court already denied the Propounding

13  Party's second motion to dismiss filed as BK Doc. 91 on October 21, 2021. The Court's initial

14  tentative ruling before the hearing in which this second motion to dismiss was described by the

15  Court as "a new low" for the creditor, set forth as follows:

16    The court is not persuaded that Movant has met his burden of proof that this
      case should be dismissed. It would appear that the Motion is stems from the
17    longstanding vendetta the parties have against the other. The court has
      reviewed Movant's evidence in detail and finds it wholly unconvincing.
18    Furthermore, the [court] may exercise its discretion not dismiss this eight-month old
      case on the basis of an alleged failure to attend pre-filing credit counseling.
19    Indeed, even if Debtor did not attend the pre-filing counseling, the failure to
      do so is not jurisdictional, dismissal of the case is not mandatory and the
20    court has discretion to fashion a reasonable remedy. See *In re Manalad*, 360
      B.R. 288 (Bankr. C.D.Cal. 2007). As the court noted in *Manalad* " because
21    the consequences of dismissal are so significant, Congress would *308 have
      mandated dismissal as a remedy for non-compliance with the Credit
22    Counseling Requirements as it did in other" situations if it intended dismissal
      to be the only available remedy."
23    Out of an abundance of caution, the court will order Debtor to complete a
      credit counseling course by or before November 30, 2021.
24    Evidentiary Rulings: Sustain Debtor's evidentiary objections to the
      declarations of Mssrs. Sweza and Brooks.
25

26

27

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**DEBTOR'S RESPONSES TO "PLAINTIFF [*SIC*] KARL AVETOOM'S INTERROGATORIES TO DEBTOR
ROSA FRIDMAN (SET ONE)"**

1

## RESPONSES TO INTERROGATORIES

2 **RESPONSE TO INTERROGATORY NO. 1:**

3    Rosa Fridman

4 **RESPONSE TO INTERROGATORY NO. 2:**

5    rosafridman3@gmail.com

6 **RESPONSE TO INTERROGATORY NO. 3:**

7    The responding party herby states that there is no telephone number associated with the

8 Skype account in question. This is because responding party only used the free "Skype-to-Skype"

9 calling features that are not connected with any "telephone numbers," which relate to the paid

10 portion of Skype. As set forth on Skype's website, this Skype-to-Skype calling feature does not

11 produce a call log as the call logs are apparently maintained only for Skype's billing purposes on

12 paid calls.

13 **RESPONSE TO INTERROGATORY NO. 4:**

14    Alex Theory

15 **RESPONSE TO INTERROGATORY NO. 5:**

16    Objection: Lack of personal knowledge.

17    Responding party lacks personal knowledge of the email address that was or is associated

18 with the Skype account used by Alex Fridman, AKA Alex Theory, to screenshare with responding

19 party to complete the pre-bankruptcy educational course on February 9, 2021. On this basis,

20 responding party is unable to respond.

21 **RESPONSE TO INTERROGATORY NO. 6:**

22    Objection: Lack of personal knowledge.

23    Responding party lacks personal knowledge of any "phone number" that was or is

24 associated with the Skype account used by Alex Fridman, AKA Alex Theory, to screenshare with

25 responding party to complete the pre-bankruptcy educational course on February 9, 2021. On this

26 basis, responding party is unable to respond.

27 **RESPONSE TO INTERROGATORY NO. 7:**

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1    LG G Pad 8 / Serial No. 505CQQX095404

2    **RESPONSE TO INTERROGATORY NO. 8:**

3        (657) 204 9728

4    **RESPONSE TO INTERROGATORY NO. 9:**

5        Responding party is unable to respond as responding party did not have a cell phone

6    number on February 9, 2021.

7    **RESPONSE TO INTERROGATORY NO. 10:**

8        As previously provided in response filed as BK Doc. 96 to the Creditor's already denied

9    second motion to dismiss filed in this case as BK Doc. 91, responding party explained the facts

10   supporting her use of Skype to take the prebankruptcy debtor education course. For ease of the

11   court, responding party refereed to the program as "Skype," though responding party, whose

12   technology skills at age 90 are minimal, generally refers to this technology in everyday

13   communication as "talking on the computer" or "video chatting," not by the brand name of the

14   application used to accomplish this task, e.g., Skype or FaceTime.

15       Moreover, documents containing the forged signature of the responding party have been

16   submitted by Karl Avetoom in this bankruptcy and the related adversary. Examples include BK

17   Doc. 93, page 77 and Adv. Doc. 25, page 45. This document was exposed as a forgery and shown

18   to be "witnessed" by a mere friend of Karl Avetoom who Karl Avetoom claimed in his pending

19   motion to set aside his felony forgery conviction was someone he didn't know before June 2020,

20   despite the signature of the responding party allegedly being witnessed on October 3, 2019.

21   Propounding Party is directed to Adv. Doc. 66 and Adv. Doc. 78, as well as BK. Doc. 114, pages

22   10-11. Since these objections have been raised to this forged document, the supposed witness to

23   the signing of the document, Herbert Conrad, has gone missing.

24       As a result of Karl Avetoom's attempts to introduce forged documents, Responding Party

25   erroneously misidentified only two pages of BK Doc. 96 (pages 13-14) handed to her on the

26   witness stand as not authentic. They were, in fact, authentic. Those pages accurately set forth "all

27

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**DEBTOR'S RESPONSES TO "PLAINTIFF [*SIC*] KARL AVETOOM'S INTERROGATORIES TO DEBTOR ROSA FRIDMAN (SET ONE)"**

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1    facts supporting YOUR claim that YOU took the Prepetition Bankruptcy Educational Course on

2    February 9, 2021" quoted below and adopted by reference as follows:

3          I was born in Kiev, Ukraine in 1931. I immigrated to America in 1976 around age
       45. I am a fluent Russian speaker. I do have some comprehension of English, but I
4      regularly find that I have gaps in my understanding of English, particularly when
       discussing legal matters, which can be complex to understand even for English speakers.
5      During the meetings of creditors in this case, I requested and received a Russian
       interpreter.
6

7          I have also been diagnosed with glaucoma, which decreases my ability to read on a
       computer screen such that verbal translation from English to Russian increases my
8      understanding of documents.

9          On the evening of February 9, 2021, I recall using my LG Tablet to take the credit
       counseling required to file for bankruptcy. On my LG Tablet, I used Skype to connect to
10     my son, Alex Theory. In turn, Alex shared the screen from one of the websites run by 001
       Debtorcc Inc., which I believe was https://www.debtoredu.com/, though the company has
11     other websites that appear to be identical (e.g., https://www.debtorcc.org/).

12         I then completed the bankruptcy credit counseling course by utilizing the
       translation skills of my son Alex, who translated the text on the screen by reading it to me
13     in Russian, to which I would reply to him verbally in Russian. I understand that Alex then
       typed my answers on the screen to allow them to be seen by the prebankruptcy counseling
14     course. Attached as Exhibit 1 is a true and correct copy of a screenshare that I conducted
       with my son, Alex Theory, a few days ago on my LG Tablet to show what the website
15     looked like on my LG Tablet when I completed the debtor education course on February 9,
       2021.
16

17         The Visa card shown on the receipt provided by the Creditor ending in 3635 (BK
       Doc. 91, p. 52) was on February 9, 2021 my personal Wells Fargo Visa debit card.
18

19         I would have preferred that one of my sons assist me in person on my LG Tablet.
       However, I had at the time only received my first Covid-19 shot on February 6, 2021, just
20     a few days before I completed this course. Attached as Exhibit 7 is a true and correct copy
       of my Covid-19 vaccination card.
21

22         As I understand, it takes a few weeks for the shot to have the intended effect. Given
       my advanced age placing me in a very high-risk category of serious illness from Covid-19,
23     I felt more comfortable with Alex assisting me remotely through the Skype screenshare
       process.
24

25         I was present on the Skype screenshare during the entirety of the online debtor
       education course. I was then and still am unaware of any rule that prohibits me from
26     requesting the assistance of my son, Alex Theory, to complete an online debtor education
       course. Rather, I found his assistance to be of help in understanding the debtor education
27     course.

---

1  **RESPONSE TO INTERROGATORY NO. 11:**

2      rosafridman3@gmail.com

3  **RESPONSE TO INTERROGATORY NO. 12:**

4      OBJECTION: Misstates the evidence. I have never claimed that Val Fridman helped me

5  complete the prepetition bankruptcy education course on February 9, 2021. I have instead

6  explained that my other son, Alex Theory AKA Alex Fridman, helped me complete the prepetition

7  bankruptcy education course on February 9, 2021.

8      Accordingly, I have no recollection of Val Fridman helping me complete the prepetition

9  bankruptcy education course on February 9, 2021.

10      Note that Val Fridman has, from time to time, helped me use tablets used to communicate

11  with my sons, and did help me prior to February 9, 2021 with the tablet that I used on February 9,

12  2021.

13  **RESPONSE TO INTERROGATORY NO. 13:**

14      Frontier.

15  **RESPONSE TO INTERROGATORY NO. 14:**

16      Responding party is unaware of any persons who had access to responding party's email

17  account(s) between January 1, 2021 and December 31, 2021.

18  **RESPONSE TO INTERROGATORY NO. 15:**

19      Huntington Beach, California.

20  **RESPONSE TO <u>FIRST</u> INTERROGATORY NO. 16:**

21      Debtor has registered and/or completed the prebankruptcy counseling course only once

22  during the operative time period, which occurred on February 9, 2021. The name of the provider is

23  referred to alternatively as Debtor CC, DebtorCC.org, 001 DebtorCC, Inc., 001 Debtorcc, Inc.,

24  Debtor Edu, DebtorEDU.com, 001 DebtorEdu, LLC, and/or Debtoredu LLC.

25  **RESPONSE TO <u>SECOND</u> INTERROGATORY NO. 16 [*sic* 17]**

26      Objection: Vague and ambiguous as to the word "persons."

27

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1    To the extent persons includes organizations, Skype had access to responding party's LG

2    Tablet on February 9, 2021 when responding party used the tablet to screenshare with Alex

3    Theory AKA Alex Fridman to assist responding party in completing the prebankruptcy

4    educational course.

5    **RESPONSE TO INTERROGATORY NO. 17 [*sic* 18]**

6    Lana Rovinsky AKA Svetlana Rovinsky, Alex Theory AKA Alex Fridman, and Val

7    Fridman have knowledge of responding party's use of the Skype account that responding party

8    used to screenshare with Alex Theory AKA Alex Fridman to assist responding party in

9    completing the prebankruptcy educational course.

10    SIGNED BY COUNSEL AS TO OBJECTIONS ONLY:

11    Date: May 23, 2022                    TALKOV LAW CORP

12                                          *Scott Talkov*

13                                          Scott Talkov
                                            Attorneys for Debtor Rosa A. Fridman

14

15

16

17

18

19

20

21

22

23

24

25

26

27

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1

**VERIFICATION**

2     I am the Debtor in the above-entitled action; I have read the foregoing DEBTOR'S

3 RESPONSES TO "PLAINTIFF [SIC] KARL AVETOOM'S INTERROGATORIES TO

4 DEBTOR ROSA FRIDMAN (SET ONE)" and know the contents thereof.

5     I certify that the same is true of my own knowledge, except as to those matters which are

6 therein stated upon my information or belief, and as to those matters, I believe it to be true.

7     I declare under penalty of perjury under the laws of the State of California and the United

8 States of America that the foregoing is true and correct, and that this declaration was executed on

9 the date written below.

10     Executed on May 23, 2022 at Huntington Beach, California.

11

12                   Rosa Fridman

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

1

**PROOF OF SERVICE OF DOCUMENT**

2

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2900 Adams Street, Suite C225, Riverside, CA 92504

3

4

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S RESPONSES TO "PLAINTIFF [*SIC*] KARL AVETOOM'S INTERROGATORIES TO DEBTOR ROSA FRIDMAN (SET ONE)"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

5

6

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

7

8

9

☐      Service information continued on attached page

10

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) May 23, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

11

12

13

Karl Avetoom, 1100 Rutland Rd #9, Newport Beach, CA 92660-4607

14

15

☐      Service information continued on attached page

16

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) May 23, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

17

18

19

Karl Avetoom, 1100 Rutland Rd #9, Newport Beach, CA 92660-4607 – Email

20

☐      Service information continued on attached page

21

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

22

| May 23, 2022 | Noor Haleem | *Noor Haleem* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

23

24

25

26

27

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

---

**DEBTOR'S RESPONSES TO "PLAINTIFF [*SIC*] KARL AVETOOM'S INTERROGATORIES TO DEBTOR ROSA FRIDMAN (SET ONE)"**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "6"

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL MICROSOFT

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Central _____ District of ___California_____

In re ___Rosa A. Fridman_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __8:21-bk-10513-ES__

Chapter __7__

_____
Plaintiff
v.
_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Microsoft Corporation Online Custodian Of Records_____

*(Name of person to whom the subpoena is directed)*

[x] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: __See ATTACHMENT FOR SUBPOENA PRODUCTION attached hereto.__

| PLACE | DATE AND TIME |
|---|---|
| Litigation Investigators 7451 Warner Ave E-191 Huntington Beach, CA 92647 | June 27, 2022  10:00 a.m. |

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **MAY 25 2022**

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
411 W. 4th ST., SUITE 2074
SANTA ANA, CA 92701-4593

CLERK OF COURT

_____        OR        _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Karl Avetoom_____, who issues or requests this subpoena, are:
1100 Rutland Road #9 Newport Beach, CA 92660  kia002@att.net  (949) 929-4787

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## ATTACHMENT FOR SUBPOENA PRODUCTION

Please provide the following metadata/data maintained by Microsoft Corp. for related to the Skype user name ("user account") **"Rosa Fridman"** using an email address for the user account **"rosafridman3@gmail.com"** relating to Skype user name account, as well as any other video communications platforms in the Microsoft realm used by the User.

Skype user name "Rosa Fridman" and/or any Skype account using the email address of "rosafridman3@gmail.com" shall be referred to as "User Account" or "User's Account".

**We request that this shall include but not be limited to the following:**

- All login history from 01/01/2021 to 02/10/2021

- All call/chat/video conference history from 01/01/2021 to 02/10/2021

- All associated metadata from logins (dates, times, IP address, login success, log in failure)

- All associated metadata from call/chat/video conference history (dates, times, IP address, login success, failure)

- All available audit logs for the user between the dates of 01/01/2021 to 02/10/2021

- Account creation date

- Account deletion date

- All devices associated with this account

- Any alternate/recovery email addresses or approved users

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 - Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information, or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## PROOF OF SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: Microsoft Corporation Online Custodian of Records
on *(date)* 05/25/20 .

☑ I served the subpoena by delivering a copy to the named person as follows: CSC Lawyers Incorporating Service
Trudy Desbiens. 2710 Gateway Oaks Drive Suite 150N Sacramento, Ca 95833
_____ on *(date)* 5/27/2022 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____

My fees are $ _____ for travel and $ 125 for services, for a total of $ 125 .

    I declare under penalty of perjury that this information is true and correct.

Date: 06/02/20

                                        _____
                                            *Server's signature*

                                        Lance Casey Process Server
                                            *Printed name and title*

                                        5015 Madison Ave Unit A90
                                        Sacramento, Ca 95841
                                            *Server's address*

Additional information concerning attempted service, etc.:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "7"

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL MICROSOFT

**From:** **Shickich, Joseph E.** jshickich@foxrothschild.com
**Subject:** RE: In re Rosa A. Friedman (Bankr. CDCA 21-10513-ES) - Subpoena by Karl Avetoom to Microsoft Corporation
**Date:** June 22, 2022 at 2:24 PM
**To:** kia002@att.net
**Cc:** scott@talkovlaw.com, mlowe@shulmanbastian.com



Mr. Avatoom, Mr. Talkov and Ms. Davis Lowe,

This is to let you know that Microsoft has found neither a Skype user name of "Rosa Fridman," nor an email address of rosafridman3@gmail.com relating to a Skype user name account.

Sincerely,

**Joe Shickich**
Partner
**Fox Rothschild LLP**
1001 Fourth Ave., Suite 4400
Seattle, WA 98154-1065
(206) 389-1772 – direct
(206) 954-4043 - mobile
(206) 389-1708 - fax
jshickich@foxrothschild.com
www.foxrothschild.com

Please note that our Suite has
changed from 4500 to 4400

---

**From:** Shickich, Joseph E. <jshickich@foxrothschild.com>
**Sent:** June 9, 2022 11:53 AM
**To:** kia002@att.net
**Cc:** scott@talkovlaw.com; mlowe@shulmanbastian.com
**Subject:** In re Rosa A. Friedman (Bankr. CDCA 21-10513-ES) - Subpoena by Karl Avetoom to Microsoft Corporation

Mr. Avetoom,

We represent Microsoft Corporation, and attached is the written objection to your Subpoena that we are making on Microsoft's behalf.

Sincerely,

**Joe Shickich**
Partner
**Fox Rothschild LLP**
1001 Fourth Ave., Suite 4400
Seattle, WA 98154-1065
(206) 389-1772 – direct
(206) 954-4043 - mobile

(206) 389-1708 - fax
jshickich@foxrothschild.com
www.foxrothschild.com

Please note that our Suite has
changed from 4500 to 4400

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or
agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have
received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original

    

and reply emails. Thank you.    SUB- In re Rosa      In re Rosa A
A. Frid...-C.pdf     Fridma...)-C.pdf

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "8"

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL MICROSOFT

**From:** KA kia002@att.net
**Subject:** Re: In re Rosa A. Friedman (Bankr. CDCA 21-10513-ES) - Subpoena by Karl Avetoom to Microsoft Corporation
**Date:** June 22, 2022 at 4:05 PM
**To:** Shickich, Joseph E.  jshickich@foxrothschild.com



Mr. Shickich,

Thank you for your email. I had reserved a date for a motion to compel which I can take off calendar if Microsoft's Custodian of Records would fill out a declaration pursuant to FRE 902(11) and 803(6).

I can send you a copy for the Custodian to sign and return if you would like that would obviate the need for any motion to compel Microsoft to comply with the subpoena.

Regards

Karl Avetoom


> On Jun 22, 2022, at 2:23 PM, Shickich, Joseph E. <jshickich@foxrothschild.com> wrote:
>
> Mr. Avatoom, Mr. Talkov and Ms. Davis Lowe,
>
> This is to let you know that Microsoft has found neither a Skype user name of "Rosa Fridman," nor an email address of rosafridman3@gmail.com relating to a Skype user name account.
>
> Sincerely,
>
> **Joe Shickich**
> Partner
> **Fox Rothschild LLP**
> 1001 Fourth Ave., Suite 4400
> Seattle, WA 98154-1065
> (206) 389-1772 – direct
> (206) 954-4043 - mobile
> (206) 389-1708 - fax
> jshickich@foxrothschild.com
> www.foxrothschild.com
>
> Please note that our Suite has
> changed from 4500 to 4400
>
> ---
>
> **From:** Shickich, Joseph E. <jshickich@foxrothschild.com>
> **Sent:** June 9, 2022 11:53 AM
> **To:** kia002@att.net
> **Cc:** scott@talkovlaw.com; mlowe@shulmanbastian.com
> **Subject:** In re Rosa A. Friedman (Bankr. CDCA 21-10513-ES) - Subpoena by Karl Avetoom to Microsoft Corporation
>
> Mr. Avetoom,
>
> We represent Microsoft Corporation, and attached is the written objection to your Subpoena

that we are making on Microsoft's behalf.

Sincerely,

**Joe Shickich**
Partner
**Fox Rothschild LLP**
1001 Fourth Ave., Suite 4400
Seattle, WA 98154-1065
(206) 389-1772 – direct
(206) 954-4043 - mobile
(206) 389-1708 - fax
jshickich@foxrothschild.com
www.foxrothschild.com

Please note that our Suite has
changed from 4500 to 4400

This email contains information that may be confidential and/or privileged. If you are not the intended
recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy,
disclose or use any contents in this email. If you have received this email in error, please immediately notify
the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank
you.<SUB- In re Rosa A. Fridman-C.pdf><In re Rosa A Fridman - Ch 7 Bankr CD CA 21-10513 - 6-9-22 Letter by J Shickich
r(134947483.1)-C.pdf>

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

913 Louise St. Santa Ana, CA 92703.

A true and correct copy of the foregoing document entitled (*specify*):

 will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below: PLAINITFF'S MOTION FOR AN ORDER COMPELLING THIRD PARTY MICROSOFT, CORPORATION TO  PROVIDE A DECLARATION OF NO RECORDS IN RESPONSE TO A SUBPOENA FOR SKYPE RECORDS FOR A SKYPE USERNAME AND EMAIL DEBTOR REPRESENTED TO HAVE USED TO ACCESS SKYPE OR ALTERNATIVELY PROVIDE ANY RECORDS MICROSOFT MAINTAINS IN THEIR ORDINARY COURSE OF BUSINESS; DECL. KARL AVETOOM

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 27, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

cmurray@cm3law.com cm3esquire@gmail.com, 2edansie@gmail.com kanderson@ecf.axosfs.com
mlowe@shulmanbastian.com avernon@shulmanbastian.com, michael.hauser@usdoj.gov
scott@talkovlaw.com talkovlaw@ecf.courtdrive.com, ustpregion16.sa.ecf@usdoj.gov

Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) June 27, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Joe Shickich c/o Fox Rothschild LLP 1001 Fourth Ave., Suite 4400 Seattle, WA 98154-1065 (Counsel for Microsoft)
CSC Lawyers Incorporing Service. 2710 Gateway Oaks Drive Suite 150N Sacramento, Ca 95833 (Agent of Process for Microsoft Corporation)

☐   Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 27, 2022 | Ami Stanton | /s/ Ami Stanton |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.