Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

Karl Avetoom
1100 Rutland Road #9
Newport Beach, CA 92660
(949) 929-4787
kia002@att.net

☒ *Individual appearing without attorney*
☐ *Attorney for:*

FOR COURT USE ONLY

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

In re:

Rosa Fridman

Debtor(s).

CASE NO.: 8:21-bk-10513-ES

CHAPTER: 7

## NOTICE OF MOTION FOR:

AN ORDER TO COMPEL DEPOSITION OF VAL FRIDMAN AND FOR SANCTIONS IN THE AMOUNT OF $ 1,660.00 AGAINST VAL FRIDMAN FOR FAILING TO OBEY RULE 45 SUBPOENA

(***Specify name of Motion***)

DATE: 08/11/2022
TIME: 10:30 am
COURTROOM: 5A
PLACE: 411 West Fourth Street Courtroom 5A
Santa Ana, CA 92701
virtual hearing via Zoom.gov

1. TO (*specify name*): VAL FRIDMAN and to all interested parties and their attorneys of record

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012* Page 1 **F 9013-1.1.HEARING.NOTICE**

Main Document Page 2 of 47

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date: 07/20/2022

______________________________
Printed name of law firm

/s/ Karl Avetoom
Signature

Karl Avetoom, In Pro Per
Printed name of attorney

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012* Page 2 **F 9013-1.1.HEARING.NOTICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 913 Louise St. Santa Ana, CA 92703

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION FOR** (*specify name of motion)* AN ORDER TO COMPEL DEPOSITION OF VAL FRIDMAN AND FOR SANCTIONS IN THE AMOUNT OF $ 1,660.00 AGAINST VAL FRIDMAN FOR FAILING TO OBEY RULE 45 SUBPOENA will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 05/27/2022 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

cmurray@cm3law.com cm3esquire@gmail.com; 2edansie@gmail.com kanderson@ecf.axosfs.com
mlowe@shulmanbastian.com avernon@shulmanbastian.com, michael.hauser@usdoj.gov
scott@talkovlaw.com talkovlaw@ecf.courtdrive.com, ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) ___________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 07/20/2022 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Val Fridman 18274 Santa Stephana Cir, Fountain Valley, CA, 92708 (Overnight Service)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/20/2022 | Ami Stanton | /s/ Ami Stanton |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012* Page 3 **F 9013-1.1.HEARING.NOTICE**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Karl Avetoom<br>1100 Rutland Road #9<br>Newport Beach, CA 92660<br>(949) 929-4787<br>eMail: kia002@att.net<br><br>☐ *Attorney for Movant*<br>☒ *Movant appearing without an attorney* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| In re:<br><br>ROSA FRIDMAN<br><br>Debtor(s) | CASE NO.: 8:21-bk-10513-ES<br>CHAPTER: 7<br><br>**SUPPLEMENTAL NOTICE OF HEARING TO BE HELD REMOTELY USING ZOOMGOV AUDIO AND VIDEO**<br><br>HEARING DATE: Aug. 11, 2022<br>HEARING TIME: 10:30 a.m. |
|---|---|

**Movant:** Karl Avetoom

1. The Movant has filed the following written notice or other pleading ("Notice") advising of a hearing to be held in the above-captioned case, on the date and time indicated above, before the Honorable Erithe A. Smith, United States Bankruptcy Judge *(insert name of pleading and, if available, docket number):*

   MOTION FOR AN ORDER TO COMPEL DEPOSITION OF VAL FRIDMAN AND FOR SANCTIONS IN THE AMOUNT OF $ 1,660.00 AGAINST VAL FRIDMAN FOR FAILING TO OBEY RULE 45 SUBPOENA

2. **Please be advised that because of the COVID-19 pandemic, the Court will conduct the hearing using ZoomGov audio and video technology**. Information on how to participate in the hearing using ZoomGov is provided on the following page of this notice.

3. Hearing participants and members of the public may participate in and/or observe the hearing using ZoomGov, free of charge.
4. Individuals may connect by ZoomGov audio and video using a personal computer (equipped with camera, microphone and speaker), or a handheld mobile device with an integrated camera, microphone and speaker (such as an iPhone, iPad, Android phone or Android tablet). The connection can be initiated by entering the "Meeting URL" into a web browser on any of these devices, provided the device is connected to the Internet. Individuals connecting in this manner will be prompted for the Meeting ID and Password shown below.
5. Individuals also may connect to the hearing by telephone only, using the telephone number provided below. Individuals connecting in this manner also will be prompted for the Meeting ID and Password.
6. Neither a Zoom nor a ZoomGov account is necessary to participate in or observe the hearing, and no pre-registration is required.
7. The audio portion of the hearing will be recorded electronically by the Court and constitute its official record.
8. All persons are strictly prohibited from making any other recording of court proceedings, whether by video, audio, "screenshot," or otherwise. Violation of this prohibition may result in the imposition of monetary and non-monetary sanctions.
9. The following is the unique ZoomGov connection information for the above-referenced hearing:

   Meeting URL: https://cacb.zoomgov.com/j/1600248532
   Meeting ID: 160 024 8532
   Password: 127220
   Telephone conference lines: 1 (669) 254 5252 or 1 (646) 828 7666

10. More information on using ZoomGov to participate in this hearing is available on the Court's website at the following web address: https://www.cacb.uscourts.gov/news/zoom-video-hearing-guide-and-training-participants

.

Date:

______________________________________
Printed name of law firm (if applicable)

Karl Avetoom
______________________________________
Printed name of individual Movant or attorney for Movant

Karl Avetoom
1100 Rutland Road # 9
Newport Beach, CA 92660
(949) 929-4787
Email kia002@att.net

Creditor, In Pro Per

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

In re:

Rosa Fridman

Debtor

Case No: 8:21-bk-10513-ES
Hon: Erithe A. Smith
Chapter 7

**MEMORADUM IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF VAL FRIDMAN AND FOR SANCTIONS IN THE AMOUNT OF $ 1,660.00 AGAINST VAL FRIDMAN FOR FAILING TO OBEY RULE 45 SUBPOENA. DECLARATION OF KARL AVETOOM.**

**Hearing Info:**
August 11, 2022
10:30 a.m.
Courtroom 5A (via remote appearance)
411 W. Fourth St. Santa Ana CA 92701

**TO THE HONORABLE ERITHE A. SMITH, TO THIRD PARTY VAL FRIDMAN, DEBTOR ROSA FRIDMAN AND HER ATTORNEY OF RECORD, AND TO ALL OTHER INTERESTED PARTIES:** Creditor Karl Avetoom ("Creditor") moves this Court for an order compelling a third party witness, VAL FRIDMAN, that Debtor alleges replaced Debtor's destroyed LG tablet prior to it being inspected by Creditor's expert and supposedly knows of the alleged Skype session Microsoft has no records for. VAL FRIDMAN repeatedly refused to open his front door and accept the Rule 45 subpoena from a licensed process server. After a second licensed process server executed personal service upon VAL FRIDMAN, VAL FRIDMAN defiantly threw a second Rule 45 subpoena into the street, in his usual modus operandi to claim non-service and avoid discovery. Creditor requests relief by an order immediately commanding the deposition of VAL FRIDMAN.

## I. FACTUAL BACKGROUND OF SERVICE OF THE RULE 45 SUBPOENA UPON VAL FRIDMAN AND THE DEFIANCE OF THE COURT ISSUED SUBPOENA.

**June 1, 2022 through June 9, 2022:** Ms. Stanton made numerous attempts to have VAL FRIDMAN and/or his wife open their front door to accept service. In blatant defiance the FRIDMAN'S stated they would not accept any court documents (Decl. Ami Stanton ¶ 4). Ms. Stanton made repeated attempts to have VAL FRIDMAN accept the subpoena, with the same result, a complete refusal to accept the subpoena. (Id.). Eventually after VAL FRIDMAN and his wife refused to open the door and accept the subpoena, Ms. Stanton taped it to the front door, where is was in plain sight of the Fridmans' video cameras placed on the property. (Id. at ¶ 5).

**June 10, 2022 Service And Defiance by Val Fridman:** On or around June 10, 2022 another process server, Mr. Ronne Johnsen, waited outside VAL FRIDMAN'S home for over two hours to serve the Rule 45 deposition subpoena. (Decl. Ronne Johnsen ¶ 3)(**Exhibit "1"** to Johnsen decl. *Subpoena with Proof of Service*). At approximately 6:10 p.m. VAL FRIDMAN exited his property to walk his dog. Mr. Johnsen pulled up beside VAL FRIDMAN, exited his vehicle and called to VAL FRIDMAN. VAL FRIDMAN turned to the process server (Johnsen) and responded to his name (Johnsen Decl. ¶ 4).

Mr. Johnsen placed the subpoena with a Cashier's Check in the amount of $49 for witness fees and mileage upon VAL FRIDMAN (Id. at ¶ 5). VAL FRIDMAN then dropped the envelope in the road (Id. at ¶ 6). Because of the Cashier's Check dropped into the street after it had been served onto VAL FRIDMAN, Mr. Johnsen picked up the documents, subpoena and cashier's check, and placed it onto the front gate of VAL FRIDMAN's residence (Id. at ¶ 6). Immediately after being served, VAL FRIDMAN, was seen making a call on his call phone, most likely to Attorney Scott Talkov.

It is anticipated that Talkov, despite representing to this Court he does not represent VAL FRIDMAN or ALEX FRIDMAN, will immediately step in to protect his own financial interest in the Debtor's property, seeking to prevent discovery into the alleged Skype call on the Debtor's destroyed LG Tablet last alleged to be in the possession of VAL FRIDMAN.

Based upon VAL FRIDMAN and Scott Talkov's failed attempts to claim no personal service in the State Court, using edited videos, they will try again before this Court to claim there was no personal service, again using more edited and redacted images from VAL FRIDMAN'S home camera to tell ½ of

the story, again, to avoid the process server's presumption of valid personal service. On March 18, 2022 both Ms. Stanton and Mr. Johnsen testified in an evidentiary hearing in State Court. Mr. Talkov presented several edited and redacted videos provided by VAL FRIDMAN, one after the other, but failed to convince the State Court there was no personal service. The State Court found service was effectuated, the two process servers testimony was reliable, Debtor's allegations of fraud without merit, and held that it would not rule out that Scott Talkov's videos, had not been altered. (Stanton Decl. ¶ 6, Johnsen decl. ¶ 8).

On April 14, 2022 Creditor explained to this Court that there would be substantial resistance to discovery. Debtor's protective order motion failed to prevent Debtor from having to attend her deposition on July 14, 2022. Debtor and her family continue to avoid or delay their depositions, to prevent discovery. On June 24, 2022 VAL FRIDMAN failed to appear at his deposition. As a result, Deponent VAL FRIDMAN, should be ordered to pay Creditor his costs for VAL FRIDMAN'S defiance of the Subpoenas.

Third party VAL FRIDMAN has failed to respond to two letters sent to him to resolve his non-attendance of his Deposition. (Avetoom declaration ¶ 3).

## II. RULE 45 SUBPOENAS APPLY TO THIRD PARTY PROVIDING FOR DISCOVERY.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things..." F.R.C.P. 26. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.

The procedure which governs subpoenas is established by Fed.R.Civ.P. 45 which is adopted by F.R.B.P. 9016. This Rule provides, in subclause (g) "The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." In addition the "failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued." In addition, F.R.B.P. 7037, which adopted Fed.R.Civ.P. 37, provides for the imposition of sanctions against a party who has failed to obey an order providing or permitting discovery. Fed.R.Civ.P. 37(b)(2)(D). As well as § 105.

Rule 45, like the Federal Rules generally, affords parties the right to broad discovery. "The scope of discovery under a Rule 45 subpoena to non-parties is the same as that permitted under Rule

26. . . . [which is] construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Berwick v. Hartford Fire Insurance Co.*, 2012 WL 2856117, at *1 (D. Ariz. July 11, 2012) (citations omitted); *see also Brown v. Brown*, 2014 WL 172407, at *2 (N.D. Cal. Jan. 15, 2014) ("The scope of the discovery that can be requested through a subpoena under Rule 45 is the same as the scope under Rule 26(b).") (citation and quotation omitted); *United States ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002). Where discovery sought is relevant and cannot easily be attained elsewhere, courts typically compel production. *See, e.g.*, *Berwick*, 2012 WL 2856117, at *1; *Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 338-39 (N.D. Cal. 1995).

Here Debtor in her Response to Creditor's Special Interrogatories identified three people with knowledge of the alleged Skype session which Microsoft has no records of, "Svetlan Rovinsky" which Debtor has failed to provide sworn amended responses to, VAL FRIDMAN and ALEX THEORY. (Exhibits "2" and "3" to Avetoom declaration).

**INTERROGATORY NO. 17:**

State all persons with knowledge of the SKYPE account YOU claim YOU used on February 9, 2021 to take the Prepetition Bankruptcy Educational Course.

**RESPONSE TO INTERROGATORY NO. 17 [*sic* 18]**

Lana Rovinsky AKA Svetlana Rovinsky, Alex Theory AKA Alex Fridman, and Val Fridman have knowledge of responding party's use of the Skype account that responding party used to screenshare with Alex Theory AKA Alex Fridman to assist responding party in completing the prebankruptcy educational course.

SIGNED BY COUNSEL AS TO OBJECTIONS ONLY:

Date: May 23, 2022

TALKOV LAW CORP

Scott Talkov

Scott Talkov
Attorneys for Debtor Rosa A. Fridman

Debtor also responded to Interrogatory No. 17, that VAL FRIDMAN replaced the LG tablet which was also allegedly destroyed by water preventing its production. Debtor has also represented to

that Debtor's two sons, VAL FRIDMAN and ALEX FRIDMAN both assisted the Debtor in taking the Section 109(h) course using Skype, for which Microsoft attests there are no records for.

Given the broad scope of Rule 26 and the need for evidence for Creditor's claim and Debtor's defense of how she supposedly used Skype with an invalid user name and email to take the Section 109(h) course, discovery by Rule 45 deposition is required.

## III. THIRD PARTY VAL FRIDMAN HAS BEEN PERSONALLY SERVED, THROWING THE SUBPOENA INTO THE STREET AND REFUSING TO ATTEND HIS DEPOSITION WARRANTS SANCTIONS TO REIMBURSE CREDITOR HIS COSTS.

As stated above, VAL FRIDMAN, was on notice of the Rule 45 subpoena but refused to accept it. Days later another licensed process server, Mr. Johnsen, served a Rule 45 subpoena issued by this Court upon VAL FRIDMAN after two hours of surveillance,. At that time, VAL FRIDMAN, was served. That VAL FRIDMAN willfully threw it away afterwards into the street does not unwind personal service. Nor does the fact that the process server logically picked up the subpoena and money order from the street and placed it onto VAL FRIDMAN's front gate void service,

Rule 45 subpoenas are not without teeth. Disobedience, such as VAL FRIDMAN's willful disobedience of the Subpoena, throwing it into the street to ignore its authority, is sanctionable via Rule 45(g) contempt power. While an award of attorney fees is not available under Rule 45(g), an award of reasonable fees is awardable.

Another process server met with the same conduct, Deborah and Val Fridman, interfering with service of process upon the Debtor, with the Fridmans throwing a state issued Order to Appear into the street claiming they were not served. To date there have been at least ten attempts by the Fridman family to dispose of subpoenas or evade service, each time claiming they were not served. Each time their attempt to avoid appearing has failed.

## IV. THIS COURT IS AUTHORIZED TO AWARD REASONABLE COSTS ASSOCIATED WITH VAL FRIDMAN'S DISOBEDIENCE OF THE RULE 45 SUBPOENA.

Rule 9016 incorporates F.R.Civ.P. 45 which allows issuance of a subpoena for witnesses or document production and provides that the court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Rule 45(g)

(emphasis added). In addition, this Court has civil contempt powers under § 105(a) and under all bankruptcy courts' inherent sanctioning authority. *In re Dyer*, 322 F.3d 1178, 1189-90 (9th Cir. 2003).

In this case, there is substantial evidence that VAL FRIDMAN actively and willfully avoided service of the Rule 45 subpoena, and then willfully defied the Subpoena to appear for his deposition. Accordingly, Creditor requests reimbursement for both ot VAL FRIDMAN'S non-appearances in the amount of $1,660.00. (Avetoom declaration **Exhibit "1"**).

If the Court continues to allow the Debtor and her family to avoid discovery without any consequences, it will only reward non-compliance of discovery including Rule 45 subpoenas. No third party would ever appear, for the outcome would be a litigant unfairly incurring substantial costs, with the worse the willful offender will encounter is an order to appear, much later, without any penalty.

## V. CONCLUSION.

Third party witness VAL FRIDMAN has been listed as a person with knowledge by the Debtor and her attorney, Scott Talkov. Rule 26 broad scope includes obtaining evidence that pertains to Creditor's motion, therefore VAL FRIDMAN must be ordered to appear on or before July 29, 2022 for his deposition. Creditor concurrently files an application to shorten time as there is not enough time to have this motion heard on regular schedule before Creditor's Motion to Dismiss was ordered to be filed on August 8, 2022.

**Creditor requests an Order for the following relief:**

1. Third Party Val Fridman is ordered to attend his deposition pursuant to Rule 45 on or before July 29, 2022;
2. Third Party VAL FRIDMAN is ordered to pay Creditor $1,660.00 in costs for VAL FRIDMAN'S willful failure to appear at his depositions; and
3. Any other relief this Court finds fair and equitable.

Dated July 20, 2022

By: */s/ Karl Avetoom*
____________________
Karl Avetoom

DECLARATION OF KARL AVETOOM

I, Karl Avetoom, hereby declare as follows:

1. I am a creditor in the above entitled bankruptcy and moving party to this Motion. I have personal knowledge of the following facts and if called upon to testify under oath, I could and would do so competently to the following facts.

2. On or around May 23, 2022 I obtained a Rule 45 deposition subpoena for VAL FRIDMAN from the Clerk of the Court. A true and correct copy is attached to the declaration of Ami Stanton, a licensed process server. The Deposition was scheduled for June 13, 2022. VAL FRIDMAN did not appear for his deposition.

3. On or around May 23, 2022 I obtained a Rule 45 deposition subpoena for VAL FRIDMAN from the Clerk of the Court. A true and correct copy is attached to the declaration of Ami Stanton, a licensed process server. The Deposition was scheduled for June 13, 2022. VAL FRIDMAN did not appear for his deposition.

4. After receiving an email from Scott Talkov representing that VAL FRIDMAN was not personally served, out of an abundance of caution due to time constraints for the court's prior scheduling of the filing of my motion to dismiss, I obtained another subpoena which was personally served upon VAL FRIDMAN on July 10, 2022 by Mr. Ronne Johnsen. See declaration of Mr. Ronne Johnsen filed concurrently. On June 24, 2022 VAL FRIDMAN failed to appear for his deposition for a second time.

5. Attached to my declaration as **Exhibit "1"** is a true and correct copy of the costs I incurred as the result of VAL FRIDMAN's two failure to appear at his deposition.

6. Attached to my declaration as **Exhibit "2"** is a true and correct copy of the relevant pages from the Special Interrogatories I served upon Debtor requesting she identify persons with knowledge of the alleged Skype session.

7. Attached to my declaration as **Exhibit "3"** is a true and correct copy of the relevant pages from Debtor's Responses to my Special Interrogatories relating to persons with knowledge of the alleged Skype session and listing Val Fridman as the person who allegedly replaced Debtor's tablet.

8.      On or around March 18, 2022 Debtor's counsel, Scott Talkov, appeared before the State Court.  I had requested the two licensed process servers appear before the Court to rebut the scurrilous allegations of Scott Talkov, again accusing other participants of misconduct.  A special service of making allegations against third parties as advertised on Mr. Talkov's webpage to attract potential clients.  After the hearing, where Mr. Talkov attempted to play and offer into evidence several videos, the State Court overruled all of Mr. Talkov's objections, and sustained my objections as to authenticity and foundation for Debtor's videos.  The State Court ruled that service had been effectuated, vacated Debtor's motion to quash based upon fraud, ordered a bench warrant against Debtor, and stated that it would not rule out that Debtor's attorney's video evidence had not been altered.

9.      On or around March 23, 2022 Debtor appeared for her debtor exam in State Court.  Debtor denied knowing a declaration filed by her attorney relating to a motion to dismiss in October 2021, statements made by Debtor to the Section 109(h) course referring to assets, and testified her signature was forged.  Mr. Talkov's objections were all overruled in his attempt to prevent discovery.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my personal knowledge.

Executed July 20, 2022 in Newport Beach, California.

By:      /s/ Karl Avetoom

Karl Avetoom

EXHIBIT “1”

9

MOTION TO COMPEL DEPOSITION AND FOR SANCTIONS

**Veritext, LLC**
**California Region**

**Bill To:** Karl Avetoom J.D.
1100 Rutland Rd.
Suite 9
Newport Beach CA 92660

**Remit To:** Veritext
P.O. Box 71303
Chicago IL 60694-1303

## Statement of Account

For questions regarding this statement please contact Marie Vernon at 1-800-955-2421 or finance@veritext.com

| **Statement Date: 7/9/2022** | | | | | | | **Total Balance Due:** | **$1,660.00** |
|---|---|---|---|---|---|---|---|---|
| **Invoice #** | **Invoice Date** | **Job #** | **Job Date** | **Caption** | **Contact** | **Type** | **Aged** | **Balance Due** |
| 5868861 | 6/24/2022 | 5277803 | 6/24/2022 | In Re Rosa Fridman v | Karl Avetoom J.D. | O | 15 | $850.00 |
| 5874475 | 6/28/2022 | 5254218 | 6/13/2022 | In Re Rosa Fridman v | Karl Avetoom J.D. | O | 11 | $810.00 |
| | | | | | | | **Total:** | $1,660.00 |

| Current | 31-60 Days | 61-90 Days | > 90 Days | Total |
|---|---|---|---|---|
| $1,660.00 | $0.00 | $0.00 | $0.00 | $1,660.00 |

Please Remit Payment To: Veritext
P.O. Box 71303
Chicago IL 60694-1303

Fed. Tax ID: 20-3132569

Visa, Mastercard & American Express Accepted

TERMS: Payable upon receipt. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors. No adjustments or refunds will be made after 90 days.

Main Document Page 16 of 47

EXHIBIT “2”

10

MOTION TO COMPEL DEPOSITION AND FOR SANCTIONS

Karl Avetoom
1100 Rutland Road # 9
Newport Beach, CA 92660
(949) 929-4787
Email kia002@att.net

Creditor and Plaintiff, In Pro Per

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

In re:
Rosa Fridman
Debtor

Case No: 8:21-bk-10513-ES

Hon: Erithe A. Smith

Chapter 7

**PLAINTIFF KARL AVETOOM'S INTERROGATORIES TO DEBTOR ROSA FRIDMAN. (SET ONE)**

magnetic media, computer records, e-mails, text messages, electronically stored information, and other media from which information can be obtained. This will include, without limitation, initials, stamped indicia, comments, or notations not part of the original text or photographic reproduction thereof, is a separate document. "DOCUMENT" shall also include any data compilations from which information can be obtained or translated as necessary by YOU through detection devices into reasonably useable form.

10. When referring to a person, "TO IDENTIFY" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. When referring to a company, "TO IDENTIFY" means to give, to the extent known, the company's full corporate name, a brief description of the general nature of the business, its state of incorporation, the address and principal place of business; and the identity of the officers or other persons having knowledge of the matter with respect to which the company has been identified. Once a person or company has been identified in accordance with this subparagraph, only the name of that person or company need be listed in response to subsequent discovery requesting the identification of that person or company.

11. When referring to documents, "TO IDENTIFY" means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

12. "DESCRIBE," "REFER," "RELATE," "RELATING TO" and "RELATES TO" mean, without limitation, relating to, regarding, constituting, concerning, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, or tending to prove, disprove, or explain.

13. "CORRESPONDENCE" means any letter, memorandum, email, chat session,

# INTERROGATORIES

**INTERROGATORY NO. 1:**

State the username YOU used to sign in to Skype on February 9, 2021 that YOU claim YOU used to screen-share with YOUR son, Alex Theory, to take the Prepetition Bankruptcy Educational Course.

**INTERROGATORY NO. 2:**

State the email address YOU used to sign in to Skype on February 9, 2021 that YOU claim YOU used to take the Prepetition Bankruptcy Educational Course.

**INTERROGATORY NO. 3:**

State the telephone number YOU used to sign in to Skype on February 9, 2021 that YOU claim YOU used to take the Prepetition Bankruptcy Educational Course.

**INTERROGATORY NO. 4:**

State the Skype username for YOUR son Alex Fridman aka Alex Theory YOU claim was used to screen share with YOU on February 9, 2021 to take the Prepetition Bankruptcy Educational Course.

**INTERROGATORY NO. 5:**

State the email address for the Skype service YOU claim YOUR son Alex Fridman aka Alex Theory, used to screen share with YOU on February 9, 2021 to take the Prepetition Bankruptcy Educational Course.

**INTERROGATORY NO. 6:**

State the phone number for the Skype service YOU claim YOUR son Alex Fridman aka Alex Theory used to screen share with YOU on February 9, 2021 to take the Prepetition Bankruptcy Educational Course.

State all persons who YOU know had access to YOUR email account(s) between January 1, 2021 and December 31, 2021.

**INTERROGATORY NO. 15:**

State YOUR location on February 9, 2021 between the hours of 12:00 noon (PST) and 7:00 PM (PST).

**INTERROGATORY NO. 16:**

State all Prepetition Bankruptcy Educational Courses YOU registered for, completed or not, since June 1, 2019 to February 10, 2021.

**INTERROGATORY NO. 16:**

State all persons who had access to any electronic device, including but not limited to electronic tablet, computer or other device, YOU claim YOU used on February 9, 2021 to take the Prepetition Bankruptcy Educational Course.

**INTERROGATORY NO. 17:**

State all persons with knowledge of the SKYPE account YOU claim YOU used on February 9, 2021 to take the Prepetition Bankruptcy Educational Course.

Dated: April 20, 2022

Karl Avetoom
Creditor In Pro Per

Case 8:21-bk-10513-ES Doc 96 Filed 10/07/21 Entered 10/07/21 17:44:04 Desc Main Document Page 13 of 35

## VII. DECLARATION OF ROSA FRIDMAN

I, Rosa Fridman, declare:

1. I am Rosa Fridman, the Debtor herein. I am over the age of 18, age 90 to be exact. The facts set forth herein are of my own personal knowledge and if sworn I could and would competently testify thereto.

2. I was born in Kiev, Ukraine in 1931. I immigrated to America in 1976 around age 45. I am a fluent Russian speaker. I do have some comprehension of English, but I regularly find that I have gaps in my understanding of English, particularly when discussing legal matters, which can be complex to understand even for English speakers. During the meetings of creditors in this case, I requested and received a Russian interpreter.

3. I have also been diagnosed with glaucoma, which decreases my ability to read on a computer screen such that verbal translation from English to Russian increases my understanding of documents.

4. On the evening of February 9, 2021, I recall using my LG Tablet to take the credit counseling required to file for bankruptcy. On my LG Tablet, I used Skype to connect to my son, Alex Theory. In turn, Alex shared the screen from one of the websites run by 001 Debtorcc Inc., which I believe was https://www.debtoredu.com/, though the company has other websites that appear to be identical (e.g., https://www.debtorcc.org/).

5. I then completed the bankruptcy credit counseling course by utilizing the translation skills of my son Alex, who translated the text on the screen by reading it to me in Russian, to which I would reply to him verbally in Russian. I understand that Alex then typed my answers on the screen to allow them to be seen by the prebankruptcy counseling course. Attached as Exhibit 1 is a true and correct copy of a screenshare that I conducted with my son, Alex Theory, a few days ago on my LG Tablet to show what the website looked like on my LG Tablet when I completed the debtor education course on February 9, 2021.

6. The Visa card shown on the receipt provided by the Creditor ending in 3635 (BK Doc. 91, p. 52) was on February 9, 2021 my personal Wells Fargo Visa debit card.

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

7. I would have preferred that one of my sons assist me in person on my LG Tablet. However, I had at the time only received my first Covid-19 shot on February 6, 2021, just a few days before I completed this course. Attached as Exhibit 7 is a true and correct copy of my Covid-19 vaccination card.

8. As I understand, it takes a few weeks for the shot to have the intended effect. Given my advanced age placing me in a very high-risk category of serious illness from Covid-19, I felt more comfortable with Alex assisting me remotely through the Skype screenshare process.

9. I was present on the Skype screenshare during the entirety of the online debtor education course. I was then and still am unaware of any rule that prohibits me from requesting the assistance of my son, Alex Theory, to complete an online debtor education course. Rather, I found his assistance to be of help in understanding the debtor education course.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 7, 2021 at Huntington Beach, California.

[signature]

Rosa Fridman

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**PROOF OF SERVICE**
Central District of California

I, the undersigned, declare as follows:

I am a licensed process server in the County of Orange, State of California (OC Lic. 6258). I am over the age of 18 years, and not a party to the within action. My business address is: 913 Louise St. Santa Ana, CA 92703.

On April 20, 2022, I served the following document(s):

**CREDITOR KARL AVETOOM'S INTERROGATORIES TO DEBTOR ROSA FRIDMAN (SET ONE)**

on the interested parties in this action by placing a true and correct copy of each document thereof, enclosed in a sealed envelope, addressed as follows:

Scott Talkov
Talkov Law
2900 Adams St. Ste C225 Riverside, CA 92504

☒ **By U.S. Mail:** I deposited the attached document postage prepaid for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, in the United States mail at Fountain Valley, California.

☐ **By Overnight Courier:** I caused the above-referenced document(s) to be delivered to an overnight courier service for delivery to the above address(es).

☐ **By Electronic Mail:** I caused the above-referenced document(s) to be transmitted to the above-named persons at the following electronic mail address(es):

☐ **By Personal Service:** I personally served the above-referenced document to the above address(es).

Executed on April 20, 2022, at Fountain Valley, California.

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct.

Ami Stanton
Ami Stanton

EXHIBIT "3"

11

MOTION TO COMPEL DEPOSITION AND FOR SANCTIONS

SCOTT TALKOV, State Bar No. 264676
TALKOV LAW CORP.
2900 Adams St Ste C225
Riverside, California 92504
Telephone: (951) 888-3300
Email: scott@talkovlaw.com

Attorneys for Debtor Rosa A. Fridman

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>ROSA A. FRIDMAN,<br><br>Debtor. | Case. No. 8:21-bk-10513-ES<br><br>Chapter 7<br><br>**DEBTOR'S RESPONSES TO "PLAINTIFF [*SIC*] KARL AVETOOM'S INTERROGATORIES TO DEBTOR ROSA FRIDMAN (SET ONE)"** |

PROPOUNDING PARTY: Creditor Karl Avetoom

RESPONDING PARTY: Debtor Rosa Fridman

SET: One

In this matter, investigation and discovery by Debtor Rosa Fridman, is continuing in nature. As investigation and discovery proceed, witnesses, facts, documents, and other evidence may be learned which are not set forth hereinafter, yet which may have been responsive to an Interrogatory propounded by Creditor Karl Avetoom if known at the time thereof. Facts and other evidence, though known, may be imperfectly understood, or the relevance or import of such facts and evidence may be imperfectly understood and, accordingly, such facts and evidence may, in good faith, not be included in the following responses.

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**RESPONSES TO INTERROGATORIES**

**RESPONSE TO INTERROGATORY NO. 1:**

Rosa Fridman

**RESPONSE TO INTERROGATORY NO. 2:**

rosafridman3@gmail.com

**RESPONSE TO INTERROGATORY NO. 3:**

The responding party herby states that there is no telephone number associated with the Skype account in question. This is because responding party only used the free "Skype-to-Skype" calling features that are not connected with any "telephone numbers," which relate to the paid portion of Skype. As set forth on Skype's website, this Skype-to-Skype calling feature does not produce a call log as the call logs are apparently maintained only for Skype's billing purposes on paid calls.

**RESPONSE TO INTERROGATORY NO. 4:**

Alex Theory

**RESPONSE TO INTERROGATORY NO. 5:**

Objection: Lack of personal knowledge.

Responding party lacks personal knowledge of the email address that was or is associated with the Skype account used by Alex Fridman, AKA Alex Theory, to screenshare with responding party to complete the pre-bankruptcy educational course on February 9, 2021. On this basis, responding party is unable to respond.

**RESPONSE TO INTERROGATORY NO. 6:**

Objection: Lack of personal knowledge.

Responding party lacks personal knowledge of any "phone number" that was or is associated with the Skype account used by Alex Fridman, AKA Alex Theory, to screenshare with responding party to complete the pre-bankruptcy educational course on February 9, 2021. On this basis, responding party is unable to respond.

**RESPONSE TO INTERROGATORY NO. 7:**

To the extent persons includes organizations, Skype had access to responding party's LG Tablet on February 9, 2021 when responding party used the tablet to screenshare with Alex Theory AKA Alex Fridman to assist responding party in completing the prebankruptcy educational course.

**RESPONSE TO INTERROGATORY NO. 17 [*sic* 18]**

Lana Rovinsky AKA Svetlana Rovinsky, Alex Theory AKA Alex Fridman, and Val Fridman have knowledge of responding party's use of the Skype account that responding party used to screenshare with Alex Theory AKA Alex Fridman to assist responding party in completing the prebankruptcy educational course.

SIGNED BY COUNSEL AS TO OBJECTIONS ONLY:

Date: May 23, 2022

TALKOV LAW CORP

*Scott Talkov*

Scott Talkov
Attorneys for Debtor Rosa A. Fridman

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CA 92504
TELEPHONE (951) 888-3300

**VERIFICATION**

I am the Debtor in the above-entitled action; I have read the foregoing DEBTOR'S RESPONSES TO "PLAINTIFF [SIC] KARL AVETOOM'S INTERROGATORIES TO DEBTOR ROSA FRIDMAN (SET ONE)" and know the contents thereof.

I certify that the same is true of my own knowledge, except as to those matters which are therein stated upon my information or belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on the date written below.

Executed on May 23, 2022 at Huntington Beach, California.

Rosa Fridman

Karl Avetoom
1100 Rutland Road # 9
Newport Beach, CA 92660
(949) 929-4787
Email kia002@att.net

Creditor, In Pro Per

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

In re:

Rosa Fridman

Debtor

Case No: 8:21-bk-10513-ES

Hon: Erithe A. Smith
Chapter 7

**DECLARATION OF AMI STANTON, REGISTERED PROCESS SERVER IN SUPPORT OF CREDITOR KARL AVETOOM'S MOTION TO COMPEL DEPOSITION OF VAL FRIDMAN AND FOR SANCTIONS IN THE AMOUNT OF $ 1,660 AGAINST VAL FRIDMAN FOR FAILING TO OBEY RULE 45 DEPOSITION SUBPOENA.**

**Hearing Info:**
August 11, 2022
10:30 a.m. Virtual by Zoom.gov.

**DECLARATION OF AMI STANTON**

I, Ami Statnton, hereby declare as follows:

1. I am a licensed, and bonded process server, registered in the County of Orange. I have personal knowledge of the following facts and if called upon to testify under oath, I could and would do so competently to the following facts.

2. I have served many documents in this matter personally upon the Debtor in the State Court action and this Bankruptcy action. Nearly every time in State Court, to avoid a judgment debtor

exam, the Debtor and her son, VAL FRIDMAN, represent to the State Court that they were not personally served. The State Court rejects the Fridman's representations of non-service.

3. Mr. Avetoom hired me to serve a SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY PROCEEDING (OR ADVERSARY PROCEEDING) on VAL FRIDMAN (the "Deponent"). A true and correct copy of the subpoena is attached as **Exhibit "1"**.

4. Between June 1, 2022 and June 9, 2022 my daughter and I visited the Deponent's residence on Santa Stephana to serve the Subpoena and tender a check in the amount of $49 for witness appearance and travel fees on multiple occassions. I noticed that the Deponent's house had many cameras installed including one adjacent to the front door. I knocked and spoke to Deponent's wife, DEBORAH FRIDMAN. I stated I was a process server with court documents, a subpoena, to serve and had DEBORAH FRIDMAN confirm her identity. DEBORAH FRIDMAN would not open the front door. I am familiar with the voice of VAL FRIDMAN, having seen him in State Court attempting to argue no personal service of an Order to Appear and Be Examined served that I had also served. On each occasion the State Court rejected the Fridman's claim of no personal service. I could hear the Deponent's voice, VAL FRIDMAN, behind the door. I showed the paperwork to the camera adjacent to the front door. Deborah Fridman asked what the paperwork was, when I stated it was a court document, a subpoena, Ms. Fridman stated ***"no, we're not accepting any court documents."*** I could clearly hear both Deborah Fridman and Val Fridman talking and attempting to quiet their dog's barking.

5. Attached to my declaration as **Exhibit "2"** is a true and correct copy of a photograph I took of the subpoena and check attached to the front door of Deponent's residence after I was told they would not accept any court documents and refused to open the front door.

6. On or around March 18th, 2022 I appeared in state court as a witness as the debtor, ROSA FRIDMAN, and her attorney alleged I, as well, as another process server had not personally served the debtor with an ORAP. Debtor's counsel highly edited videos in an attempt to prove there was no personal service. None of the videos were admitted into evidence by the State Court. The State Court ruled service had been performed and the Court commented it would not rule out video evidence presented by the Debtor had not been altered.

Main Document Page 31 of 47

I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct to the best of my personal knowledge.

Executed July 19, 2022 in Fountain Valley, CA. By: ______________________
Ami Stanton

3

DECLARATION IN SUPPORT OF MOTION TO COMPEL DEPOSITION AND FOR SANCTIONS

***EXHIBIT "1"***

4

DECLARATION IN SUPPORT OF MOTION TO COMPEL DEPOSITION AND FOR SANCTIONS

B256 (Form 256 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

Central District of California

In re Rosa A. Fridman
Debtor

Case No. 8:21-bk-10513-ES

*(Complete if issued in an adversary proceeding)*

Chapter 7

Plaintiff
v.

Adv. Proc. No.

Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Val Fridman
*(Name of person to whom the subpoena is directed)*

[x] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Veritext 611 Anton Blvd #500, Costa Mesa, CA 92626 | June 13, 2022 9:00 a.m. |

The deposition will be recorded by this method:
Stenographically

[ ] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: MAY 25 2022

CLERK OF COURT

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
411 W. 4th ST., SUITE 2074
SANTA ANA, CA 92701-4593

N. Nguyen
*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Karl Avetoom, who issues or requests this subpoena, are:
1100 Rutland Road #9 Newport Beach, CA 92660 kia002@att.net (949) 929-4787

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**PROOF OF SERVICE**

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: Val Fridman
on *(date)* June 1, 2022

☐ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________ on *(date)* ______________ ; or

☒ I returned the subpoena unexecuted because: Deponent refused to open the door and accept the subpoena on multiple ocassions.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ 49.00 .

My fees are $ ______ for travel and $ 100.00 for services, for a total of $ 100.00 .

I declare under penalty of perjury that this information is true and correct.

Date: July 19. 2022

______________________
*Server's signature*

Ami Stanton, OC Process Server No.6258
*Printed name and title*

913 Louise St. Santa Ana, CA 92703
*Server's address*

Additional information concerning attempted service, etc.:

**Between June 1, 2022 and June 9, 2022 I attempted to serve Deponent VAL FRIDMAN on several occasions. The Deponent and his wife refused to answer their front door, and their residence has multiple cameras pointed at the door and monitoring their front yard. I spoke to DEBORAH FRIDMAN who asked why I wanted to see VAL FRIDMAN, when I told her that I had a federal subpoena for him, a court document, she responded that "they" were not accepting any court documents. During the visit I could hear VAL FRIDMAN talking behind the front door, I am familiar with his voice as I have seen him in Court on several occasions and I have served him before.**

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

***EXHIBIT "2"***

5

DECLARATION IN SUPPORT OF MOTION TO COMPEL DEPOSITION AND FOR SANCTIONS



Karl Avetoom
1100 Rutland Road # 9
Newport Beach, CA 92660
(949) 929-4787
Email kia002@att.net

Creditor, In Pro Per

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

In re:

Rosa Fridman

Debtor

Case No: 8:21-bk-10513-ES

Hon: Erithe A. Smith
Chapter 7

**DECLARATION OF RONNE JOHNSEN, REGISTERED PROCESS SERVER IN SUPPORT OF CREDITOR KARL AVETOOM'S MOTION TO COMPEL DEPOSITION OF VAL FRIDMAN AND FOR SANCTIONS IN THE AMOUNT OF $ 1,660.00 AGAINST VAL FRIDMAN FOR FAILING TO OBEY RULE 45 DEPOSITION SUBPOENA.**

Hearing Info:
August 11, 2022
10:30 a.m.
Courtroom 5A, Virtual Hearing via Zoom.gov

**DECLARATION OF RONNE JOHNSEN**

I, Ronne Johnsen, hereby declare as follows:

1. I am a licensed, and bonded process server, registered in the County of Orange, Lic. No. 2777. I have served approximately 13,000 documents since 2012. I have personal knowledge of the following facts and if called upon to testify under oath, I could and would do so competently to the following facts.

2. I was hired to serve a SUBPOENA TO TESTIFY AT A DEPOSITION IN A

BANKRUPTCY PROCEEDING (OR ADVERSARY PROCEEDING) on one VAL FRIDMAN (the "Deponent"). A true and correct copy of the subpoena and proof of service is attached as **Exhibit "1"**.

3. On or around June 10th 2022 I was parked at the southwest corner of Mackenzie River Ave and Santa Stephana Circle in Fountain Valley, CA 92708 in clear vision of the Deponent's residence located at 18274 Santa Stephana Circle, Fountain Valley CA 92708. I waited outside the Deponent's residence from approximately 4:00 PM until Deponent, VAL FRIDMAN, exited the residence to walk a white dog at approximately 6:10 PM.

4. Deponent VAL FRIDMAN was at the southeast corner of Mackenzie River when I pulled my vehicle alongside him. I exited my vehicle and followed the Deponent, VAL FRIDMAN, on foot and called his name. Deponent VAL FRIDMAN turned, faced me and answered to his name. I informed the deponent I had a court subpoena for him. The Deponent initially attempted to avoid accepting the envelope containing the subpoena and money order, however I delivered the envelope containing the subpoena and money order in the amount of $49 for witness fees onto his person.

5. Deponent VAL FRIDMAN dropped the envelope containing the subpoena and money order in the street.

6. Because there was a money order with the subpoena, I picked up the envelope containing the subpoena and money order and placed it on the front gate of Deponent's residence. After I drove away I could see the Deponent VAL FRIDMAN immediately make a phone call on his cell phone.

7. Attached to my declaration as **Exhibit "2"** is a true and correct copy of a photograph I took of the Deponent, VAL FRIDMAN, immediately after I had personally served him.

8. On or around March 18th, 2022 I appeared in state court as a witness as the debtor, ROSA FRIDMAN, and her attorney had alleged I and another process server had not personally served the debtor with in order to appear for a judgment debtor exam. Debtor's counsel played edited videos in an attempt to prove there was no personal service. After the evidentiary hearing, the state court ruled that service had been performed, a bench warrant was issued against the Debtor, and the Court commented it would not rule out video evidence presented by the Debtor was not altered.

Main Document Page 40 of 47

I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct to the best of my personal knowledge.

Executed July 18, 2022 in Newport Beach, CA. By: /s/ Ronne Johnsen

Ronne Johnsen
Aplus Process Service
5000 Birch St. Suite 3000
Newport Beach, CA 92660

3

DECLARATION IN SUPPORT OF MOTION TO COMPEL DEPOSITION AND FOR SANCTIONS

***EXHIBIT "1"***

4

DECLARATION IN SUPPORT OF MOTION TO COMPEL DEPOSITION AND FOR SANCTIONS

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

CENTRAL District of CALIFORNIA

In re ROSA A. FRIDMAN
Debtor

Case No. 8:21-BK-10513-ES

(Complete if issued in an adversary proceeding)

Chapter 7

Plaintiff
v.

Adv. Proc. No.

Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: VAL FRIDMAN
*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Veritext 611 Anton Blvd #500, Costa Mesa, CA 92626 | June 24, 2022 9:00 a.m. |

The deposition will be recorded by this method: Stenographically

☐ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: JUN 09 2022

Kathleen J Campbell
KATHLEEN J. CAMPBELL
CLERK OF COURT

OR

Tina Shimizu
*Signature of Clerk or Deputy Clerk*

*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Karl Avetoom, who issues or requests this subpoena, are:
1100 Rutland Rd #9 Newport Beach, CA 92660 kia002@att.net (949) 929-4787

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: VAL FRIDMAN
on *(date)* 06/10/2022 .

☒ I served the subpoena by delivering a copy to the named person as follows: VAL FRIDMAN
on *(date)* JUNE 10, 2022 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ 49.00 .

My fees are $ 0.00 for travel and $ 239.00 for services, for a total of $ 239.00 .

I declare under penalty of perjury that this information is true and correct.

Date: June 15, 2022

*Server's signature*

Ronne Johnsen, Aplus Process Service
*Printed name and title*

5000 Birch Street, Suite 3000, Newport Beach, CA 92660
*Server's address*

Ronne Johnsen Aplus Process Service
5000 Birch Street, Suite 3000
Newport Beach, CA 92660
888-992-7587
Orange / RPS: #2777

Additional information concerning ~~attempted~~ service, etc.:

As a bonded, insured and licensed Process Server since 2012, and having served over 13,000 documents, I was hired to serve A Subpoena To Testify At A Deposition In A Bankruptcy Proceeding (or Adversary Proceeding) on one VAL FRIDMAN. I was parked at the South/West Corner of Mackenzie River Ave & Santa Stephana Circle in Fountain Valley, California 92708 in clear vision of the deponent's residence located at 18274 Santa Stephana, Circle, Fountain Valley, CA 92708.. I Waited outside deponent's residence at 18274 Santa Stephana Circle from approximately 4:00 p.m. until deponent, VAL FRIDMAN, exited the residence to walk a white dog at approximately 6:10 p.m..

Deponent VAL FRIDMAN was at the S/E corner of Mackenzie River, where I pulled my vehicle up along side him. I exited my vehicle and followed deponent VAL FRIDMAN and called his name. Deponent VAL FRIDMAN turned, faced me and answered to his name. I informed deponent I had a court subpoena for him. The deponent initially attempted to avoid accepting the envelope with the subpoena and money order. However I delivered the envelope containing the subpoena and Money Order in the amount of $49 for witness fees onto his person. Deponent VAL FRIDMAN then dropped the envelope containing the subpoena and Money Order in the street. As there was a Money Order with the subpoena in the envelope, I picked up the envelope containing the subpoena and Money Order and placed it on the front gate of deponent's residence. After I drove away, I could see deponent VAL FRIDMAN immediately make a phone call on his cell phone.

I am a registered process server, County of Orange. RPS 2777

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

Main Document Page 45 of 47

***EXHIBIT "2"***

5

DECLARATION IN SUPPORT OF MOTION TO COMPEL DEPOSITION AND FOR SANCTIONS



Main Document Page 47 of 47

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

913 Louise St. Santa Ana, CA 92703

A true and correct copy of the foregoing document entitled (*specify*): Application To Set Hearing On Shortened Notice, Proposed Order For Application To Shorten Time, Notice Of Motion And Motion To Compel Deposition Of Val Fridman And For Sanctions In The Amount Of $ 1,660.00 Against Val Fridman For Failing To Obey Rule 45 Deposition Subpoena. Declaration Of Ami Stanton and Ronne Johnsen. will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 27, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

cmurray@cm3law.com cm3esquire@gmail.com, 2edansie@gmail.com kanderson@ecf.axosfs.com
mlowe@shulmanbastian.com avernon@shulmanbastian.com, michael.hauser@usdoj.gov
scott@talkovlaw.com talkovlaw@ecf.courtdrive.com, ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _______________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 20, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Val Fridman 18274 Santa Stephana Cir, Fountain Valley, CA, 92708 (Overnight Service) also served in same envelope, APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE [LBR 9075-1(b)].

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 20, 2022 | Ami Stanton | Ami Stanton |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**