Karl Avetoom
1100 Rutland Road # 9
Newport Beach, CA 92660
(949) 929-4787
Email kia002@att.net

Creditor and Plaintiff, In Pro Per

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

|  |  |
|---|---|
| In re:<br><br>Rosa Fridman<br><br><br>Debtor | Case No:    8:21-bk-10513-ES<br><br>Hon:  Erithe A. Smith<br>Chapter 7<br><br>**CREDITOR'S REPLY TO DEBTOR'S OPPOSITION AND SCOTT TALKOV'S FABRICATED AND UNDISCLOSED EVIDENCE OPPOSING MOTION TO DISMISS BANKRUPTCY CASE AND SANCTIONS FOR SPOILIATION OF EVIDENCE, BAR TO REFILING AND DISGORGEMENT OF FEES FOR FILING OF FRAUDULENT PETITION.**<br><br>Hearing Info:<br>Date    August 25, 2022<br>Time    11:00 a.m.<br>Location Courtroom 5A, Virtual Zoom.gov |

**TO THE HONORABLE ERITHE A. SMITH, BANKRUPTCY JUDGE, DEBTOR ROSA FRIDMAN AND HER ATTORNEY OF RECORD AND TO ALL INTERESTED PARTIES.**

Creditor Karl Avetoom hereby submits his Reply to the Opposition to his Motion to Dismiss Debtor's Bankruptcy Case For Failure To Comply With 11 U.S.C. § 109(h), Sanctions for Spoiliation of Evidence, Bar to Refiling, and Disgorgement of Fees.

# TABLE OF CONTENTS

I.    SUMMARY OF ARGUMENT: THERE IS NO ADMISSABLE, CREDIBLE AND AUTHENTICATED EVIDENCE TO SUPPORT DEBTOR'S CLAIM SHE HAD TAKEN THE MANDATORY PREPETITION COURSE. .................................................1

II.   DISCOVERY HISTORY. ...........................................................................2

III.  DEBTOR'S BURDEN TO PROVE ELIGIBILITY WAS SET FORTH IN THE MOTION.  DEBTOR'S FAILURE TO PROVIDE CREDIBLE AND ADMISSIBLE EVIDENCE AND HER DESTRUCTION OF EVIDENCE CREATES A PRESUMPTION SHE DID NOT TAKE THE PREPETITION COURSE. ....................5

IV.   SCOTT TALKOV'S NEWLY FABRICATED USERNAME IN THE OPPOSITION IS NOT AUTHENTICATED AND AROSE ONLY AFTER THE MOTION WAS FILED AND DEBTOR'S PRIOR RESPONSES WERE PROVEN AS LIES. ...........................7

V.    AS A MATTER OF LAW, THE COURT IS PRECLUDED FROM CONSIDERING DEBTOR'S NEWLY FABRICATED, UNDISCLOSED AND UNAUTHENTICAED EVIDENCE...............................................................................................8

      a.    Debtor and Talkov's Late Insertion Of The Fabricated Username Of "Rosa.Fridman" Is Not Substantially Justified...................................10

      b.    The Attempted Use Of A Newly Fabricated Username Is Not Harmless. .........11

VI.   DEBTOR'S FABRICATED CLAIM OF USING SKYPE TO TAKE THE PREPETITION COURSE IS PROVEN FALSE BY HER FRAUDULENT DISCOVERY RESPONSES AND NEWLY FABRICATED USERNAME. ................11

VII.  DEBTOR'S FAILURE TO PROVIDE A VALID SKYPE USERNAME AND ACCOUNT LOGS DISPROVES HER FABRICATED STORY OF USING SKYPE TO TAKE THE PREPETION COURSE ON FEBRUARY 9, 2021....................................13

      c.    Scott Talkov Falsely Represents He Disclosed The Newly Fabricated Username Based On His Same Evidence Used Previously For Another Fake Username. .14

      d.    Debtor False Representation Of Creditor's Forensic Expert Conviction. ..........14

VIII. DEBTOR AGAIN CITES TO FACTUALLY INAPPLICABLE SECTION 109 CASE

LAW TO AVOID MANDATORY DISMISSAL. ............................................... 16

IX.  DEBTOR FALSELY CLAIMS THIS COURT MADE A FINDING THAT DEBTOR

COMPLETED THE PREPETITION COURSE.  THE RECORD SHOWS THIS

COURT RULED ONLY ON THE POST PETITION COURSE................................... 17

X.  MR. BROOKS HAS NOT DISAPPEARED, DESPITE SCOTT TALKOV'S

ATTEMPTS TO PREVENT HIM TESTIFYING, AND MR. BROOKS

DECLARATION, ADMITTED INTO EVIDENCE ON OCTOBER 21, 2021, IS

MORE POWERFUL AND CREDIBLE THAN EVER.................................................. 20

XI.  COLLATERAL ESTOPPEL DOES NOT APPLY AND HAS BEEN REJECTED BY

THIS COURT AND THE BAP. ....................................................................... 21

e.  Creditor's Motion Is Timely................................................. 22

XII.  DEBTOR'S SCREEN SHOTS ARE INADMISSBLE FABRICATED EVIDENCE. ... 23

XIII.  TALKOV'S ATTACK ON TWO ATTORNEYS ATTESTING THAT DEBTOR HAS

PREVIOUSLY USED THE SAME DESTROYED EVIDENCE BY WATER

DAMAGE EXCUSE IS WITHOUT MERIT. ................................................... 25

XIV.  CONCLUSION. ........................................................................................ 25

REPLY TO OPPOSITION TO MOTION TO DISMISS

1

2

# TABLE OF AUTHORITIES

3

Cases

4

Arthrex, Inc. v. Hilton (M.D. Fla., Mar. 8, 2022) 2022 WL 685496 .........................................15

5

Iglesia Ni Cristo v. Cayabyab (N.D. Cal., Mar. 31, 2020, No. 18-CV-00561-BLF) 2020 WL

6

1531349 ..........................................................................................................................................24

7

In re Amir, 436 BR 1, 22 (6th Cir. BAP 2010), .............................................................................16

8

In re Soames Lane Trust (B.A.P. 9th Cir., Aug. 8, 2016, No. 2:15-BK-24678-BB) 2016 WL

9

4198426 ....................................................................................................................................16, 17

10

In re Sussman (11th Cir. 2020) 816 Fed.Appx. 410 ................................................................passim

11

La Force v. GoSmith, Inc., No. 17-CV-05101-YGR, 2017 WL 9938681, at *3 (N.D. Cal. Dec.

12

12, 2017).........................................................................................................................................25

13

U.S. v. Hassan (4th Cir. 2014) 742 F.3d 104 ..................................................................................24

14

Yeti by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) .2, 8, 10, 11

15

Statutes

16

11 U.S.C. § 109(h)....................................................................................................................passim

17

Federal Rule of Civil Procedure 26 ........................................................................................passim

18

Federal Rule of Civil Procedure 37 ........................................................................................passim

19

Fed. R. Evid. 801 .....................................................................................................................14, 23

20

Fed. R. Evid. 901 ...........................................................................................................................24

21

Fed. R. Evid. 902 .....................................................................................................................24, 25

22

23

24

25

26

27

28

REPLY TO OPPOSITION TO MOTION TO DISMISS

## I.  **SUMMARY OF ARGUMENT: THERE IS NO ADMISSABLE, CREDIBLE AND  AUTHENTICATED EVIDENCE TO SUPPORT DEBTOR'S CLAIM SHE HAD TAKEN THE MANDATORY PREPETITION COURSE.**

The "narrow" issue before this Court is: **Did the debtor take the mandatory prepetition educational course on February 9, 2021 to be eligible for bankruptcy relief? Based on the evidence, the answer is no.**  As in In re Sussman (11th Cir. 2020) 816 Fed.Appx. 410, just because a debtor submits a certificate, it does not mean the debtor personally has taken the mandatory course.  In this case Debtor first claimed she had taken the course with Val Fridman, over four hours in Huntington Beach, CA.  Debtor changed her story after it was discovered the prepetition course had been taken in Bend, Oregon in thirty minutes.  Then on October 7, 2021 Debtor represented to this Court she used Skype on February 9, 2021 to take the prepetition course.  For this to be true, during four months of discovery, the Debtor would have been able to produce one valid Skype username or log to prove her claim.  Since the Court ordered discovery for this matter, the following chart shows Debtor's changing discovery responses for the reader's ease.

| DATE | DEBTOR'S SKYPE RESPONSES | SOURCE |
|---|---|---|
| April 14, 2022 | Court Orders Discovery | ECF Doc. 153 Hearing 4/14/2022 |
| May 23, 2022 | Debtor provides "Rosa Fridman" and "rosafridman3@gmail.com" | Debtor's response to ROG No. 1 (Doc 238, p. 130) |
| July 10, 2022 | Microsoft responds to subpoena, no record of "Rosa Fridman" and "rosafridman3@gmail.com" | Microsoft email and declaration from custodian of records (Doc 238 pp. 209-216) |
| July 14, 2022 | Debtor supplements responses to include "rosa_fridman" and "live:rosa_fridman" [underscores] | Debtor's supplemental response ROG No. 1 (Doc 238, p. 220) |
| July 27, 2022 | Debtor testifies to "Rosa Fridman" using "rosa_fridman" "live:rosa_fridman" | Debtor's deposition. (Doc 238, pp. 253-255) |
| **August 8, 2022** | **Creditor files Motion to Dismiss** | **Doc No. 235** |
| August 15, 2022 | Debtor's counsel inserts new name of "rosa.fridman" [dot] for first time. | Opposition (Doc 241, p. 3:16) |

For four months since this Court ordered discovery, Debtor has provided three false Skype usernames, and an email unassociated with any Skype account.  Debtor's untimely

insertion of a fourth undisclosed and unauthenticated username, the main evidence used in

Debtor's Opposition, is barred from consideration. As a matter of binding 9th Circuit law,

FRCP 26 and 37, Debtor is not permitted to use undisclosed information in a motion or

hearing. <u>Yeti by Molly Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1106 (9th Cir. 2001).

This forecloses consideration by this Court of the newly fabricated username of "rosa.fridman"

and Talkov's Exhibit "12" an unauthenticated screen shot, also not produced in discovery,

which is also inadmissible as it is not properly authenticated.

As shown below, Debtor's deposition testimony is not credible.  Debtor's deposition

testimony is contradicted by her prior testimony of not having a Skype account, providing

under oath three false Skype usernames, in her deposition testifying she used

"live:rosa_fridman" which proved invalid, and is contradicted by her own attorney inserting a

different undisclosed and unauthenticated username of "rosa.fridman" into the Opposition less

than a month later.  Simply put, Debtor's testimony is not credible and leads to the end result

that Debtor has no supporting evidence of ever taking the prepetition course.

Debtor has misrepresented this Court's prior ruling.  Debtor's counsel claims this Court

made a finding that Debtor had taken the prepetition course, but the transcript shows this Court

had found Debtor had taken the second post-petition course, rendering taking the prepetition

course unnecessary.  Lastly collateral estoppel does not apply as a matter of law as set forth in

Creditor's moving papers under binding Supreme Court law that bars application of collateral

estoppel when there are new facts since the prior ruling as there are here, or an unfair hearing.

**II.  <u>DISCOVERY HISTORY.</u>**

Debtor initially testified she had taken the course at home in Huntington Beach, with

her son Val Fridman helping her, with the Course taking "four hours."  (Doc 238 p.37)

This Court ordered discovery on or around April 14, 2022.  In discovery Debtor first

provided an alleged username of "Rosa Fridman" and email of "rosafridman3@gmail.com"

she claimed she used to log into Skype (Doc 238, p. 130).   On June 22, 2022 and July 13,

2022 Microsoft, who takes 6-8 weeks to respond to subpoena, rejected these as valid Skype

accounts (Doc.238 pp. 209, 212).  Debtor's counsel then changed and claimed the username

REPLY TO OPPOSITION TO MOTION TO DISMISS AND NEWLY FABRICATED
UNDISCLOSED EVIDENCE

was "rosa_fridman" or "live:rosa_fridman".  On July 14, 2022 Debtor provided two more user

names in Supplemental Discovery Responses: "rosa_fridman" and "live:rosa_fridman"

[underscores] (Doc. 238 P. 220).  On or around August 7, 2022 an IT forensic expert

determined these two names were also false Skype usernames (Doc. 236 Rohr Decl.).

     On August 15, 2022, after Creditor had filed his Motion to Dismiss, Debtor changed

her story once again to deceive this Court into believing there was yet another Skype username

(Doc. 241 pp.4, 19 ¶6).  Debtor's Opposition now contains a FOURTH fabricated and

unauthenticated username of "rosa.fridman" [dot] that was never disclosed in discovery and

appeared only in the Opposition.

     Debtor's counsel intentionally inserted this fourth fabricated name so late, that no

discovery is possible.  In addition, Debtor's son Alex Theory, who had declared he was on the

Skype call, failed to produce any Skype records and avoided his deposition after his October 7,

2021 declaration that Skype logs do not exist past six months, also turned out to be false.

     Debtor has testified to destroying and throwing away her LG tablet she declared was

used to take the course via Skype.  Debtor's destruction of her tablet came after the tablet was

requested for forensic inspection to disprove her alleged Skype use.

     After four months of discovery, there is a clear pattern of Debtor providing false

responses that all undermine the Debtor's deposition testimony.  What is left is a misleading

Opposition built on Debtor's continued affirmative discovery misconduct that proves Debtor

failed to take the prepetition course as she declared on October 7, 2021. Debtor is ineligible for

bankruptcy relief.  Dismissal is required as a matter of law.

     The following facts prove Debtor continually lied about taking the prepetition course.

Debtor has provided no plausible facts to corroborate her story.

- On August 31, 2021 Debtor testified she had taken the prepetition course with her older
  son Val Fridman, in Huntington Beach, taking four hours.  No mention of Alex Theory.
  (Doc 238 p. 37)

- On September 28, 2021 the course provider Debtoredu, Inc, through its attorney owner,
  declared the course was taken in Redmond, Oregon.  Not Huntington Beach, California.
  (Doc 238 P. 43 ¶ 10)

REPLY TO OPPOSITION TO MOTION TO DISMISS AND NEWLY FABRICATED
UNDISCLOSED EVIDENCE

*Fabrication No . 1*

- On October 7, 2021 the Debtor and her son fabricated a new story.  Debtor filed a declaration with this Court declaring she used Skype to take the course through her other son, Alex who was in Oregon.   Alex falsely declared he could not produce corroborating records because Skype does not retain records older than 6 months. This is not true. (Doc 238 pp. 58-63 *Declarations*)

- On March 25, 2022 in State Court, Debtor testified her October 7, 2021 declaration filed before this Court contained her forged signature and did not know what the declaration was for.  Debtor denied having a Skype account or knew of the course counseling. (Doc 238 p. 87)

- On April 14, 2022 this Court ordered discovery into this "serious" issue.  The 9th Circuit would stay all briefing, and the BAP remanded to determine the issue of initial eligibility.  (May 24, 2022 Order from April 14, 2022 hearing: Doc. 238 p.92)

*Fabrication No. 2*

- On May 23, 2022 Debtor and Debtor's Counsel, Scott Talkov, in sworn discovery responses provided a fake Skype username of "Rosa Fridman" and email of "rosafridman3@gmail.com" that Debtor swore she used to take the prepetition course. (Doc 238 pp. 130 Responses Nos. 1-2)

- On June 22, 2022 Microsoft responded it had no records for a Skype username of "Rosa Fridman" nor is the email "rosafridman3@gmail.com" associated with Skype. (Doc 238 pp. 209-216 eMail and Declaration by Custodian of Records)

*Fabrication No. 3.*

- On July 14, 2022 Debtor and Scott Talkov provided supplemental discovery responses with two additional alternate usernames: "rosa_fridman" or "live:rosa_fridman" both underscores.  The supplemental responses never included "rosa.fridman" the fourth username created post filing of the Motion. (Doc 238 pp. 220:13-16)

- On July 27, 2022 Debtor testified in her deposition that she used "rosa_fridman" to log into Skype on February 9, 2021 to take the prepetition course. (Doc 238 pp. 255)

- On August 7, 2022 Mr. Rohr, E-Hounds senior forensic examiner <u>who has no felony convictions</u>, proved all three Skype usernames he found in Debtor's responses were fake. (Doc 236)

- Mr. Rohr also disproved Alex Theory's October 7, 2021 claim that Alex could not provide a call log of the Skype session on February 9, 2021 with the Debtor because Skype does not have call logs older than six months.  Mr. Rohr easily proved Skype retains all call and video logs back to 2017.  Rohr provided how to access Microsoft's download log page and produced undisputed evidence of logs of free calls back to 2017. (Doc 236)

- On August 8, 2022 Creditor filed his Motion to Dismiss relying on the three fraudulent discovery responses for Skype usernames provided by Debtor and Scott Talkov.

***Fabrication No. 4***

- On August 15, 2022 Scott Talkov, without any new supporting declaration from any member of the Debtor or her family, filed his Opposition containing a newly fabricated username of "rosa.fridman" [dot].  No Fridman has authenticated or verified this name. (Doc 241 p.3:16 )
- Scott Talkov misrepresents he disclosed the newly fabricated name of "rosa.fridman" in discovery, but his own declaration and evidence relies on the same Exhibit "13" he produced to prove the false name of "rosa_fridman".  The document never references "rosa.fridman"!  (Doc 244  p 19, ¶ 6)

The evidence shows no discovery response has ever contained "rosa.fridman", including Exhibit 13, which Debtor's counsel previously claimed was for a different username.

## III.  <u>DEBTOR'S BURDEN TO PROVE ELIGIBILITY WAS SET FORTH IN THE MOTION.  DEBTOR'S FAILURE TO PROVIDE CREDIBLE AND ADMISSIBLE EVIDENCE AND HER DESTRUCTION OF EVIDENCE CREATES A PRESUMPTION SHE DID NOT TAKE THE PREPETITION COURSE.</u>

REPLY TO OPPOSITION TO MOTION TO DISMISS AND NEWLY FABRICATED
UNDISCLOSED EVIDENCE

1    Creditor set forth in his moving papers numerous authority that places the burden on

2    the debtor to prove eligibility.  As in In re Sussman (11th Cir. 2020) 816 Fed.Appx. 410, 416 a

3    debtor's failure to provide sufficient admissible evidence and destruction of evidence creates a

4    presumption that Debtor has not taken the prepetition course and is therefore, ineligible for

5    bankruptcy relief.  This conforms with Congress enacting Section 109's eligibility requirement

6    in BACBPA, adding an extra layer of protection for creditors.  After four months of discovery,

7    this Court and Creditor should be able to rely on at least one of Debtor's sworn responses.  The

8    evidence shows, without a doubt, Debtor refused to provide one single valid username and

9    credible evidence to support Debtor used Skype to take the prepetition course as she claims.

10    Debtor's deposition testimony is not credible as she repeatedly declared under oath to

11    using three Skype usernames that turned out to be frauds, and an email not linked to any Skype

12    account according to Microsoft.  Debtor deposition testimony also included that Debtor used

13    "live:rosa_fridman" to log into Skype.  That name proved to be false.  Now Debtor's counsel

14    undermines Debtor's deposition testimony by inserting a newly fabricated and different

15    username of "rosa.fridman".  Simply put, Debtor's deposition testimony is not credible or

16    remotely reliable to prove she had taken the prepetition course using Skype. For Debtor has yet

17    in five months been able to provide evidence to corroborate her prior testimony of using

18    Skype.  In addition, on March 23, 2022 Debtor testified she had no Skype account which is

19    consistent with Microsoft and the IT expert's testimony that all of Debtor's sworn discovery

20    Skype responses are fake. Debtor admitted destruction of her LG tablet preventing inspection

21    by Creditor's expert to disprove Debtor's claimed Skype use to take the prepetition course.

22    In addition, Debtor and her son Alex Theory had the ability to produce evidence of

23    their alleged Skype call, but neither did so.  The excuse of Microsoft not having records older

24    than six months has conclusively been proven as a lie and the IT expert has provided expert

25    testimony that one can easily fabricate the false appearance of Skype usernames and chat

26    sessions.  The only reliable sources of evidence for Debtor's alleged Skype use was Microsoft

27    who declared it had no records for Debtor's Skype discovery responses, and Debtor's LG tablet

28    which Debtor admits she destroyed and then threw away before forensic inspection.

REPLY TO OPPOSITION TO MOTION TO DISMISS AND NEWLY FABRICATED
UNDISCLOSED EVIDENCE

As in <u>Sussman</u> this Court should draw a negative inference and presumption that Debtor did not take the prepetition course.  Debtor has <u>no</u> credible evidence to support her testimony.

## IV.  <u>SCOTT TALKOV'S NEWLY FABRICATED USERNAME IN THE OPPOSITION IS NOT AUTHENTICATED AND AROSE ONLY AFTER THE MOTION WAS FILED AND DEBTOR'S PRIOR RESPONSES WERE PROVEN AS LIES.</u>

The evidence shows the newly fabricated username of "rosa.fridman" appeared nowhere in discovery, and only appeared in the Opposition after Creditor and Microsoft proved all of the Debtor's prior Skype responses were frauds.  <u>Scott Talkov cannot blame anyone for not investigating a username he did not produce in discovery for four months and used only after the Motion was filed</u>.  FRCP 26 placed an affirmative duty <u>on the Debtor</u> to supplement discovery responses in a timely manner.  Failure to do so results in preclusion of undisclosed material at a trial or hearing.  Talkov cannot avoid Rule 26 and the "bite" of Rule 37 by fabricating a new username for the first time in his Opposition.  This fabrication falls entirely on Scott Talkov for the following reasons.

Not even Debtor, nor any member of her family, offer a current authenticating and supporting declaration to the Opposition to authenticate Talkov's newly fabricated name of "rosa.fridman".  Debtor cannot because that would mean Debtor admittedly lied in her initial response of "Rosa Fridman", her supplemental response of "rosa_fridman" and "live:rosa_fridman" and perjured herself in her deposition claiming to have used "rosa_fridman" on February 9, 2021.  Notably in Debtor's errata page, she has not corrected any of her Skype answers which proved to be false.  Scott Talkov, by inserting the newly fabricated name has proven Debtor's discovery responses, over a period of four months, were simply a series of lies to this Court, Creditor and Microsoft spanning four months of discovery.

Talkov, now without any evidentiary support from the Debtor and her family, created this new name <u>after</u> providing three prior false usernames, and <u>after</u> Creditor filed his Motion with his expert's declaration.  <u>This name was fabricated and inserted in the Opposition for the</u>

first time on August 15, 2022 so late as to prevent any discovery into this fabricated name

before the hearing.   Microsoft takes 6-8 weeks to investigate any records and this Court is set

to adjudicate this issue ten days after Talkov fabricated this name.  (Doc 238 P. 202 ¶1).

As shown below, the 9th Circuit and FRCP prohibits consideration any material in any

motion or hearing that was undisclosed in discovery, which includes the fourth newly

fabricated Skype username.

## V.   AS A MATTER OF LAW, THE COURT IS PRECLUDED FROM CONSIDERING DEBTOR'S NEWLY FABRICATED, UNDISCLOSED AND UNAUTHENTICAED EVIDENCE.

Debtor's counsel's fabricated FOURTH Skype username in the Opposition, was never

mentioned in any form until he filed his Opposition on August 15, 2022.

Under binding 9th Circuit law, FRCP 26 and 37, Debtor is not permitted to use any

undisclosed information in a motion or hearing.  Yeti by Molly Ltd. v. Deckers Outdoor Corp.,

259 F.3d 1101, 1106 (9th Cir. 2001).  This forecloses this Court's ability to consider the newly

fabricated evidence of a username of "rosa.fridman" and Talkov's Exhibit 12 an

unauthenticated screen shot, also not produced in discovery, which is also inadmissible as it is

not properly authenticated.

Federal Rule of Civil Procedure 37(c)(1) gives teeth to Rule 26(e)(2). It provides that

"[a] party that **without substantial justification** fails to ... amend a prior response to discovery

as required by Rule 26(e)(2), **is not**, unless such failure is **harmless, permitted to use as**

**evidence at a trial, at a hearing, or on a motion** any … **information not so disclosed**." Fed.

R. Civ. P. 37(c)(1); Yeti by Molly Ltd., 259 F.3d at 1106 ("Courts have upheld the use of the

sanction even when a litigant's entire cause of action or defense has been precluded ... and

even absent a showing in the record of bad faith or willfulness....") *emphasis added*.   Federal

Rule of Civil Procedure 26(e)(2) provides that "[a] party is under a duty seasonably to amend a

prior response to an interrogatory ... if the party learns that the response is in some material

respect incomplete or incorrect …"  In this case, Debtor and Talkov did not comply with Rule

26 simply because they thought only to fabricate a new name after the Motion was filed to

1    deceive this Court and engage in illegal litigation.

2        Debtor's Opposition main premise is that Microsoft, Creditor and Creditor's expert

3    cannot verify Debtor's fabricated Skype use because they all should have been looking for the

4    username Talkov recently fabricated of "rosa.fridman".  The evidence proves this name was

5    never disclosed in discovery.  One cannot investigate material that is undisclosed by his

6    opponent.  Thus the 9th Circuit forecloses use of undisclosed evidence in this Motion.

7        In May 2022 Debtor swore her Skype username was "Rosa Fridman".  On July 14,

8    2022 Debtor provided Talkov's Exhibit 13 an email to prove the username of "rosa_fridman"

9    and also "live:rosa_fridman".  Those names turned out to be false and the email altered.  On

10   August 15 2022 Talkov now claims this same Exhibit 13 is for "rosa.fridman".  Talkov either

11   thinks this Court cannot read, or that it will ignore his exhibits, or that everyone is ignorant of

12   the English language and spelling of a username.

13       Creditor relied upon two sets of sworn responses that listed Skype user names, none of

14   which included "rosa.fridman" [dot]. See Motion KA decl. (Doc. 238, pgs 130 and 220).  The

15   two user name spellings are not synonymous nor interchangeable.  Debtor and Talkov had five

16   months to make their discovery disclosures.  Debtor and Taklov cannot fabricate new names in

17   perpetuity to maintain the sham of Debtor taking the prepetition course.

18       Debtor, nor Scott Talkov, has provided any evidence that the alleged username of

19   "rosa.fridman" was ever provided in discovery.   Attorney Talkov's late use of this fabricated

20   name is clearly done to mislead this Court and prejudice Creditor.  Microsoft requires 6-8

21   weeks to return business records pursuant to receipt of a subpoena (Doc 238, P.202).  Talkov

22   was on notice that Microsoft requires six to eight weeks to respond to a subpoena, so Talkov

23   waited until his Opposition to fabricate a new username, ten days before the hearing on this

24   Motion.  Talkov now demands this Court deny the motion with prejudice to make sure he is

25   not caught in another lie.

26       On August 18, 2022 Microsoft's counsel responded that a new subpoena would be

27   required.  This would require another six to eight weeks before any results come back.  Talkov

28   had four months to make truthful disclosures, instead he opted to fabricate three false

9

REPLY TO OPPOSITION TO MOTION TO DISMISS AND NEWLY FABRICATED
UNDISCLOSED EVIDENCE

usernames, one after the other, and then when those proved false, fabricated a new username

one week before the hearing on this Motion.  Fatally the 9th Circuit bars consideration by this

Court of this fabrication.

### a.    Debtor and Talkov's Late Insertion Of The Fabricated Username Of "Rosa.Fridman" Is Not Substantially Justified.

Talkov raised this newly fabricated username the first time in his August 15, 2022

Opposition and his declaration.  Debtor and Talkov cannot substantially justify a failure to

correct under Rule 26 because fabrication of a new username **after** the filing of a motion

violates Rule 26[1] and FRCP 37.  <u>In this case, Debtor and Talkov provided supplemental</u>

<u>responses to interrogatories and request for production on July 14, 2022 that represented only</u>

<u>three fake Skype usernames Debtor alleged to have used to take the prepetition course: "Rosa</u>

<u>Fridman", "rosa_fridman" and "live:rosa_fridman".</u>  Debtor produced an unauthenticated

document, an alleged 2019 email from Skype to a user of "rosa_fridman" to prove

"rosa_fridman" or "live:rosa_fridman" (Exhibit "13" to Talkov declaration).  Now he claims it

is for a different username altogether. While Rule 26 and 37 requires correction of incomplete

responses, Debtor and Talkov to avoid timely disclosure of a FOURTH fraudulent name, chose

to insert false information in their Opposition to deceive this Court and hope for a rushed

decision.  Talkov even writes that Creditor should be denied and take his chances on appeal,

where the Appellate Court's cannot make factual findings, and accept new evidence. However,

Rule 60 will always apply and Debtor and Talkov's FOURTH fraudulent name will remain to

haunt them.  Regardless, the 9th Circuit decision of <u>Yeti by Molly</u> and FRCP 26 and 37 bars

consideration of this undisclosed and fabricated material introduced under false pretenses in

the Opposition.

---

[1] F.R.C.P. 26(e):  Supplementing Disclosures and Responses. (1) *In General.* A party who has made a disclosure under Rule 26(a)—**or who has responded to an interrogatory**, **request for production**, …must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court.

REPLY TO OPPOSITION TO MOTION TO DISMISS AND NEWLY FABRICATED
UNDISCLOSED EVIDENCE

### b.  The Attempted Use Of A Newly Fabricated Username Is Not Harmless.

Evidence shows the FOURTH name, "rosa.fridman" <u>first appeared in the Opposition filed **after** Creditor filed his Motion</u>.  This cannot be harmless for it violates due process rights to meaningful discovery and presentation of evidence to this Court of Debtor's false claim using Skype to take the prepetition course.  There is no "quibbling" as Talkov claims, just his egregious fabrication of Skype usernames offered under oath in discovery, and his fabrication of a FOURTH username, after the Motion was filed.  FRCP and the 9th Circuit prevents consideration of false and undisclosed material at any hearing.

Implicit in Rule 37(c)(1) is that the burden is on the party facing exclusionary sanctions to prove harmlessness.  <u>Yeti by Molly, Ltd.,</u> 259 F.3d at 1107.  Debtor cannot prove her deceit **for four months** is harmless.  Debtor and Talkov's continued fabrication of fake Skype names is intended to deceive this Court, inserting fabricated evidence four months after Debtor's discovery responses were served, that Microsoft cannot respond to before the hearing.

Under 9th Circuit law Debtor cannot use the undisclosed and newly fabricated username of "rosa.fridman" to conceal Debtor lied about taking the prepetition course.

## VI.  <u>DEBTOR'S FABRICATED CLAIM OF USING SKYPE TO TAKE THE PREPETITION COURSE IS PROVEN FALSE BY HER FRAUDULENT DISCOVERY RESPONSES AND NEWLY FABRICATED USERNAME.</u>

Debtor's initial testimony of taking the prepetition course over four hours with Val Fridman in Huntington Beach was proven a lie.  Then Microsoft and the Forensic Expert proved Debtor's first, second and third Skype discovery responses were fake.  Scott Talkov, without any evidentiary support from the Fridmans, fabricated a fourth username in his Opposition and demanded this Court deny the motion, retire, and prevent further discovery into his undisclosed and unauthenticated fabricated username.  It is axiomatic that his late insertion of undisclosed fabricated username comes after the filing of the Motion so no one can challenge it.  This Court should not accept this disingenuous litigation tactic and representation as part of the Opposition.

REPLY TO OPPOSITION TO MOTION TO DISMISS AND NEWLY FABRICATED
UNDISCLOSED EVIDENCE

**Debtor has provided no credible and legitimate evidence to rebut Creditor's evidence that Debtor lied about taking the prepetition course.**  For Debtor to prove she had taken the prepetition course on February 9, 2021 using Skype, Debtor would need to provide credible evidence that Debtor: (1) had an active Skype account on February 9, 2021, and (2) Debtor accessed Skype on February 9, 2021 using a valid Skype username and/or email address associated with her Skype account, and (3) there are records of a Skype session between Debtor and Alex Theory on February 9, 2021 at the time the course was taken.  The Course was taken at approximately 3:00 PM to 3:30 PM according to the course provider 001 DebtorCC, Inc.  Debror has failed to provide any credible evidence of any of these requirements, leading to the obvious result that Debtor never personally took the mandatory prepetition course.

**Microsoft and the forensic expert have both proved Debtor's three discovery responses are invalid and fake.**  With nowhere to go, and with Debtor and her family unwilling to sign a declaration for the Opposition to authenticate the fourth post filing fabricated username, Scott Talkov took it upon himself to (1) fabricate a fourth fake name, (2) insert an unauthenticated and inadmissible screenshot, (3) conclude it must be Debtors, and (4) falsely represent disclosure in discovery using his same Exhibit 13 that he tried to use months earlier on July 14, 2022 to mislead Creditor into believing there was a username of "rosa_fridman".

Scott Talkov now tries to deceive this Court using **the same** Exhibit 13, addressed to "rosa_fridman", as evidence of "rosa.fridman"  which he never produced in discovery.  Scott Talkov is estopped from blaming others for not investigating the username of "rosa.fridman" he never disclosed because he fabricated it <u>after</u> Creditor filed his Motion.  Scott Talkov is also estopped from trying to use his Exhibit 13, addressed to "rosa_fridman" which he represented to Creditor on July 14, 2022 was for the false username of "rosa_fridman".  One thing is for sure, Scott Talkov wants this Court to deny the motion on his false evidence, retire and prevent anyone from proving his latest fabricated username is also a fraud.  However, this Court should not shy away from the evidence and should follow the law and dismiss this case.  Debtor's

refusal to provide one single piece of credible, admissible and verifiable evidence should not be accepted.  Seriously, four months is long enough to provide a valid Skype username and a tablet Debtor represented that she used to take the prepetition course.

This Court had informed Debtor's counsel on April 14, 2022, that the allegations of Debtor falsely reporting she had taken the prepetition course was "serious".  A competent and credible attorney would have immediately investigated to produce one valid Skype username or email that was used to log into Skype on February 9, 2021, and provide the Skype history available since 2017, to prove the Debtor took the prepetition course. Rather, Debtor and Debtor's counsel manufactured three fraudulent Skype usernames producing them over a four-month period to cause delay, and a fraudulent email not linked to <u>any</u> Skype account during four months of discovery.  Debtor <u>also</u> admittedly destroyed and discarded a piece of evidence that would undermine Debtor's Skype claim.  After Creditor filed his Motion, they then fabricated a **new** username which was never produced in discovery nor subjected to review by Microsoft.

This Court, as the court in <u>Sussman</u> did, based on Creditor's authenticated and admissible rebuttal evidence, that disproves Debtor's evasive and fraudulent discovery, must find Debtor did not take the prepetition course and dismiss this fraudulent bankruptcy case.  As a reminder <u>Sussman</u> had identical facts. A debtor's family member had taken the course in a different state than where the debtor was in at the time of the course.  In <u>Sussman</u> the debtor, when requested to produce her device, destroyed the device she claimed to have used to take the prepetition course.  The Bankruptcy Court invalidated the educational certificate which was meaningless as the debtor did not take the course.  The same applies in this case.

## VII.   <u>DEBTOR'S FAILURE TO PROVIDE A VALID SKYPE USERNAME AND ACCOUNT LOGS DISPROVES HER FABRICATED STORY OF USING SKYPE TO TAKE THE PREPETION COURSE ON FEBRUARY 9, 2021.</u>

The facts above show Debtor and her counsel, over four long months of discovery, provided only false usernames and an email unassociated with any Skype account in February 9, 2021.  In a blatant attempt to mislead this Court, after the filing of the Motion and the expert

declaration, Debtor's counsel newly inserts a newly fabricated username of "rosa.fridman" [dot] in the Opposition. The new screenshot in the Opposition (Exhibit 12) is unauthenticated and was not produced. The Debtor did not provide any declaration after her initial responses turned out to be fraudulent and not even when the newly fabricated name of "rosa.fridman" was inserted by Talkov on August 15, 2022. In fact Debtor has provided no evidence that Debtor ever used this newly fabricated Skype username on February 9, 2021 to take the prepetition course!

Scott Talkov inserted into his Opposition, an unauthenticated, undated, and unproduced screenshot (Exhibit 12) representing a username of "rosa.fridman" claiming it is related to "ro*****@gmail.com" and concludes it must be "rosafridman3@gmail.com". The screenshot is hearsay, unauthenticated and inadmissible, *infra*. FRE 801 and conclusions are not evidence.

The Opposition relies on a fabricated username and unauthenticated screenshot, that were never disclosed and only used after Creditor's Motion was filed. Under 9th Circuit law, FRCP 26 and FRCP 37, Debtor is prohibited from attempting to introduce this newly fabricated material, she had not disclosed during four months of discovery.

**c.    Scott Talkov Falsely Represents He Disclosed The Newly Fabricated Username Based On His Same Evidence Used Previously For Another Fake Username.**

The newly fabricated username of "rosa.fridman" is not only unauthenticated, but falsely represented as being produced in discovery. First, this name does not appear in Debtor's initial discovery responses nor does it appear in Debtor's supplemental responses. However only after this Motion was filed Scott Talkov executed a declaration on or around August 15, 2022 trying to claim he produced "rosa.fridman" in discovery by using the same Exhibit 13, addressed to "rosa_fridman" that he sent in discovery to Creditor on July 14, 2022, to try and prove the invalid username of "rosa_fridman". Notably Exhibit 13 never references "rosa.fridman" [dot].

**d.    Debtor False Representation Of Creditor's Forensic Expert Conviction.**

On July 26, 2022 this Court admonished Debtor's counsel for filing a scurrilous pleading that attacked Mr. Barry Brooks who had declared Rosa Fridman was out shopping

REPLY TO OPPOSITION TO MOTION TO DISMISS AND NEWLY FABRICATED UNDISCLOSED EVIDENCE

1   when she claimed to have been at home taking the prepetition course.  This Court admonished

2   Scott Talkov for (1) attacking Mr. Brooks because he was going through a divorce and has a

3   pending misdemeanor domestic violence case, (2) attacking two process servers, Ami Stanton

4   and Ronne Johnsen, for having filed bankruptcy in the past.  This Court held these issues were

5   irrelevant.

6          Ignoring this Court, Scott Talkov now falsely represents the IT forensic expert, Mr.

7   Robert Rohr, has a felony conviction.   Rather than provide truthful Skype evidence for four

8   months, Scott Talkov chose to spend his time trying to dig up dirt to create diversions and

9   slander anyone who would cause dismissal of this case, invalidating his $100,000 lien for

10  attorney fees he recorded against the Debtor's home.

11         **Attached to this Reply are court records that prove there was no finding of guilt in**

12  **Mr. Rohr's case.**  (Avetoom Reply decl. Exh. "1").  The court <u>deferred adjudication</u> and later

13  dismissed the case against Mr. Rohr.  As a matter of law, Mr. Rohr has no criminal

14  convictions.  Mr. Rohr is the lead forensic examiner for E-Hounds, the forensic experts who

15  testified in the <u>Sussman</u> case, factually identical to this case.  Mr. Rohr, had Scott Talkov

16  actually searched Westlaw, still testifies as an expert as referenced in Federal District Court:

17  <u>Arthrex, Inc. v. Hilton</u> (M.D. Fla., Mar. 8, 2022) 2022 WL 685496, at *7. See also CV of Mr.

18  Rohr for numerous additional cases.

19         If litigation was decided on making false allegations and ad hominem attacks, then

20  raising the arrests of Mr. Talkov, his family members convictions, Talkov's recent sanctions by

21  the Riverside Superior Court for harassing conduct, would also be dispositive to this motion.

22  Debtor having failed to produce any credible and admissible evidence to prove she had taken

23  the prepetition course via Skype as she declared on October 7, 2021 simply resorts to the usual

24  diversionary tactics of ad hominem attacks and making wild accusations, alleging conspiracies,

25  all to deflect from the simple truth.  There is no evidence Debtor has taken the prepetition

26  course.  A certificate proves nothing, as anyone can take the course for a "debtor" over the

27  internet, as found in <u>Sussman</u> and this case.  All you need is your mother's social security

28  number and her debit card number.

REPLY TO OPPOSITION TO MOTION TO DISMISS AND NEWLY FABRICATED
UNDISCLOSED EVIDENCE

**VIII.   DEBTOR AGAIN CITES TO FACTUALLY INAPPLICABLE SECTION 109 CASE LAW TO AVOID MANDATORY DISMISSAL.**

The Opposition, seemingly admitting the Debtor was not eligible for bankruptcy relief due to her failure to take the prepetition course, offers two factually and legally inapplicable cases to mislead this Court into believing it can avoid mandatory application of Section 109(h) eligibility and dismissal as a matter of current law.

The Opposition cites In re Amir, 436 BR 1, 22 (6th Cir. BAP 2010), and In re Soames Lane Trust (B.A.P. 9th Cir., Aug. 8, 2016, No. 2:15-BK-24678-BB) 2016 WL 4198426 (Opposition p. 4).  Both cases involved debtors who tried to dismiss their cases to avoid loss of their assets.  Amir was decided on debtor's waiver of eligibility to avoid loss of property to the estate.  Soames held the debtor was judicially estopped from trying to change its prior position of an eligible debtor under section 109(h), to a business trust.   Talkov fails again to research his own case law which does not apply.  Hoping that this Court will also not research the law.

In re Amir (B.A.P. 6th Cir. 2010) 436 B.R. 1, 22 held:

> … the bankruptcy court concluded that Amir [debtor] had waived his right to move for dismissal based on his failure to comply with § 109(h). A waiver can be either express or constructive and can be inferred from conduct.
>
> **It was only after the bankruptcy court avoided IMC's lien on the Gates Mills [debtor's] property and ruled that it was property of the estate, that Amir began asserting he was ineligible for bankruptcy relief under § 109(h)**. The bankruptcy court's conclusion that Amir waived his § 109(h) argument was not clearly erroneous. Moreover, the facts in this case demonstrate the exact type of abuse of process that the Marrama decision was designed to protect against. Accordingly, the bankruptcy court did not abuse its discretion in denying Amir's motion to dismiss his case for failure to comply with § 109(h) and the decision is affirmed.

Scott Talkov then blatantly misrepresents the BAP's unpublished decision of In re Soames Lane Trust (B.A.P. 9th Cir., Aug. 8, 2016, No. 2:15-BK-24678-BB) 2016 WL 4198426.  Soames reiterated Section 109(h) determines eligibility to file for bankruptcy relief

(Id. at p. 5).  The bankruptcy court denied the debtor's (a trust) motion to dismiss to avoid

conversion to Chapter 7 and liquidation.  The debtor had represented it was eligible as an

individual debtor under Section 109.  To avoid conversion and liquidation, the debtor in

Soames changed stories and claimed it was a business trust and moved to dismiss its case.  The

Bankruptcy Court applied judicial estoppel and denied the debtor Trust's Motion to dismiss.

> It made misrepresentations [of eligibility as an individual under §
> 109] to the court and, as a result, gained approximately half a year
> of bankruptcy protection between the time of the bankruptcy filing
> and the denial of the Third Motion to Dismiss (and almost two
> years overall), during which time the Property was protected from
> foreclosure. It would be unfair to allow the Trust to benefit from
> its underhanded conduct.
> …
> Therefore, the court did not abuse its discretion in applying
> judicial estoppel to preclude the Trust from arguing that it is not a
> business trust. Soames at ** 6-7.

The Opposition has provided no valid and factually applicable law to avoid mandatory

dismissal of this case for Debtor's failure to take the prepetition course.  As cited in Creditor's

moving papers a bankruptcy court cannot use its equitable powers to create an exception to

Section 109(h), exceeding the limited statutory basis that do not apply here.  Of note is that

Debtor's attorney attempted to obtain Creditor's stipulation that the Debtor was not required to

take the mandatory Section 109(h) course during Creditor's deposition (Deposition of Karl

Avetoom RT X).  The only logical reason Scott Talkov attempted to get a stipulation to waive

Section 109(h) requirement from Creditor is to use it as a waiver since the Debtor had not

taken the Section 109(h) course.

## IX.    DEBTOR FALSELY CLAIMS THIS COURT MADE A FINDING THAT DEBTOR COMPLETED THE PREPETITION COURSE.  THE RECORD SHOWS THIS COURT RULED ONLY ON THE POST PETITION COURSE.

Debtor's Opposition represents this Court made a finding that the Debtor had taken the

**prepetition** course on October 21, 2021. (Opposition pgs. 5-7).   This falsely represents this

Court's ruling as found in Debtor's own evidence, the transcript from October 21, 2021.

REPLY TO OPPOSITION TO MOTION TO DISMISS AND NEWLY FABRICATED
UNDISCLOSED EVIDENCE

1    On October 21, 2021 this Court asked Talkov if the Debtor had taken **the second**

2  **course** (Opposition Doc 241: pg 71-84).  This Court then ruled that because Debtor had

3  already taken the second post-petition course, it would not require the Debtor to take the first

4  prepetition course.  This Court clarified its ruling denying the motion to dismiss was based on

5  Debtor had already taken the second course, post-petition course, there was no benefit for

6  Debtor to take the first prepetition course. (Id.)  The transcript from October 21, 2021 (Doc 241

7  pp. 71-84) shows this Court knows the difference between the prepetition credit counseling

8  course compared to the financial management course which is taken <u>after</u> filing of a petition.

9

10    THE COURT: …where she's at in this case in terms of obtaining

11    the <u>financial management course</u>.  Has that been done, Mr.
      Talkov?

12    MR. TALKOV: That is completed….

13    THE COURT: So at this point she's actually completed the

14    <u>financial management course</u>, … **since she's already taken <u>the</u>**
      **<u>financial management course</u>, I don't think there's nothing to**

15    **be achieved by forcing her to go to <u>a credit counseling session</u>**
      **and I am not going to dismiss this case on that basis.** …

16

17    THE COURT: **Because eight months into a case where the**
      **debtor has already taken the <u>financial management course</u>,**

18    **there is no real purpose to be served <u>with respect to the</u>**
      **<u>prepetition credit counseling course</u>**…

19

20    THE COURT:  … the whole purpose of the **credit counseling**,
      okay, is to make sure that a debtor makes an informed decision …

21    **<u>before making the decision to file bankruptcy</u>**. Having a debtor

22    take a credit counseling course is not designed to assist with or in
      any way benefit a creditor in terms of those creditor's rights. (RT

23    7:17-23).[2]

24    **… I quite frankly don't see any significant or – significant or**

25    **substantial harm to you or your interests with respect to**
      **whether or not she did or did not take credit counseling.** …

26

27

28    [2] Congress enacted BACBPA to add an additional level of protection for creditors, Section
      109(h) eligibility requirement. <u>In re Borges</u> (Bankr. D.N.M. 2010) 440 B.R. 551, 556

18

THE COURT: Well actually -- actually there were a couple -- the reason I said there were a couple reasons. Number one, I have read the Manalad[3] case and that was kind of the solution that Judge Zurzolo came up with but at the time that I did my tentative ruling, **I had not considered whether the Debtor had taken the financial management [post-petition] course so that was the difference**. (RT 16:3-9)

On April 14, 2022 this Court reversed itself and accepted that Debtor's failure to have taken the prepetition course *is grounds for dismissal based on lack of eligibility* and would vacate all prior orders (April 14, 2022 Reporter's Transcript p. 38:11-24).

Debtor's family and Talkov, with his $100,000 lien for fees incurred in a bankruptcy that was void ab initio, of course will complain and claim Creditor is upset. That is simply a diversion from the sole issue before this Court – whether Debtor was eligible for bankruptcy relief the day she filed her petition. The only reliable evidence is from Microsoft and the IT forensic expert who confirmed Debtor has provided no evidence of a valid Skype account that

---

[3] Manalad reasoning has not been accepted since Judge Zurzolo's decision. It is also factually distinguishable. Manalad was advised by his attorney not to take the course because his debts were not consumer debts. Manalad agreed to 100% payment of all debts under Chapter 13. However, the 9th Circuit BAP, district courts and other bankruptcy courts have since rejected this position and held strict compliance of Section 109(h) is mandatory. In re Gibson (B.A.P. 9th Cir., Dec. 1, 2011) 2011 WL 7145612, at *4 "Failure to take the prepetition course mandates dismissal for lack of eligibility. To us, the command of § 109(h) is clear, and, unless one of the stated exceptions applies, an individual "may not be a debtor" unless she has received credit counseling prior to filing her bankruptcy petition. § 109(h)(1);" Accord In re Grantham (Bankr. C.D. Cal. 2020) 617 B.R. 344 [The statute is clear. Obtaining credit counseling prepetition is mandatory and the vast majority of published cases conclude that a bankruptcy case must be dismissed when a debtor fails to obtain pre-petition counseling]. In re Franco (B.A.P. 9th Cir., June 2, 2016) 2016 WL 3227154, at *5 credit counseling is a mandatory prerequisite for an individual seeking bankruptcy relief without which he cannot sustain a case. In re Alvarado (N.D. Cal. 2013) 496 B.R. 200, 210 affirming dismissal for failure to comply with Section 109(h) and disgorging attorneys fees under Section 329. In re Ingram (B.A.P. 6th Cir. 2011) 460 B.R. 904, 910, Section 109(h) is clear and unambiguous. As such, the bankruptcy court, except in the limited circumstances set forth in § 109(h)(2), (3), and (4) which were not present here, did not have discretion to ignore, modify, or defer the requirements of § 109(h)(1). Compliance with § 109(h) is a prerequisite to obtaining relief under the Bankruptcy Code.

REPLY TO OPPOSITION TO MOTION TO DISMISS AND NEWLY FABRICATED UNDISCLOSED EVIDENCE

supports Debtor had personally taken the Section 109(h) course using Skype as she represented

to this Court on October 7, 2021.

Debtor's counsel can claim Debtor testified to taking the course in her deposition is

sufficient as much as he wants, but Debtor's testimony under oath is admittedly not credible, as

proven by her sworn discovery responses providing false Skype information, and her rejection

of her own October 2021 declaration Scott Talkov filed before this Court claiming Debtor used

Skype.  On March 23, 2022 the Debtor testified under oath that she did not have a Skype

account and that her signature was forged, contradicting her supposed testimony from October

7, 2021.   Debtor's credibility is also lacking since she admittedly provided three false Skype

usernames under oath, fabricated a new name less than one week ago, and destroyed her LG

tablet falsely claiming it did not work when her own pictures proved it was still working, all to

prevent its inspection.  The same facts as in Sussman.

Debtor included screenshots of an LG tablet in her pleadings, claiming of a need to

preserve evidence, yet she cannot authenticate any of these photographs.  Debtor does not

know who by or when these photographs were taken.  These unauthenticated images contained

in the Opposition, and unauthenticated screen shots are also inadmissible as evidence.

## X.  MR. BROOKS HAS NOT DISAPPEARED, DESPITE SCOTT TALKOV'S ATTEMPTS TO PREVENT HIM TESTIFYING, AND MR. BROOKS DECLARATION, ADMITTED INTO EVIDENCE ON OCTOBER 21, 2021, IS MORE POWERFUL AND CREDIBLE THAN EVER.

Scott Talkov falsely claims Mr. Brooks has disappeared. Nonsense.  Mr. Talkov has

been threatening Mr. Brooks, attempting to prevent him from testifying against the Debtor,

using Mrs. Brooks as leverage to convey threats to dissuade Mr. Brooks from testifying. A

police report has been filed for extortion and theft against Mrs. Brooks and Scott Talkov.

Admittedly Mrs. Brooks has been illegally intercepting Mr. Brooks' emails and providing

documents to attorneys including Scott Talkov.

In February 2021 Mr. Brooks, a licensed private investigator, had been retained by

Creditor to conduct surveillance on Debtor.  This was requested as Debtor routinely goes to the

bank with Val Fridman, withdraws large amounts of cash, then in state court judgment debtor

exams Debtor claims she does not know where the cash went to (Doc 99, p. 16 ¶2 Books

Decl.).    On February 9, 2021 Debtor and Val Fridman left Debtor's residence, but rather than

visiting Wells Fargo to withdraw cash, Debtor went to Jon's Market (Id. at p. 16-17 ¶¶3, 4).

**Mr. Brooks declaration is even more credible and powerful now, as Mr. Brooks**

**declared Debtor was not at home at the time the course was taken** (Doc 99, p. 16-17 ¶ 4).

This is consistent with Microsoft having no Skype records for Debtor using Skype at the same

time Debtor claimed she home taking the course using Skype.  Mr. Brooks' declaration is also

supported by Debtor's failure to provide any valid Skype username to proves she was home on

February 9, 2021, taking the prepetition course by Skype.[4]

While Scott Talkov complains about Mr. Brooks, he cannot explain why none of the

Fridmans, not even his client, will now sign a declaration that supports and/or authenticates

Talkov's newly fabricated username of "rosa.fridman".  It is obvious, to do so would be an

admission that the prior sworn discovery testimony of Debtor was perjurious, or that the

Debtor is no longer willing to sign declarations Skype or prepetition course declarations they

have routinely come back as false testimony.

## XI.    COLLATERAL ESTOPPEL DOES NOT APPLY AND HAS BEEN REJECTED BY THIS COURT AND THE BAP.

In response to Scott Talkov's repeated complaints of Creditor being able to file this

Motion, on April 14, 2022 this Court explained to him that the new facts raised serious issues

and the BAP has remanded the issue to this Court to determine eligibility .  On July 26, 2022

this Court clearly told Scott Talkov, who was complaining about this motion, to deal with it

and address the motion.  This Court and the 9th Circuit BAP rejected Talkov's collateral

estoppel argument in his attempt to avoid this Motion already ordered to by this Court and the

BAP remanded for this Court to hear this Motion.  (ECF No. 176  BAP Order).

---

[4] During this time, Creditor had several people attempting to serve Debtor with a State Court Order to Show Cause Re: Contempt and Order for a continued debtor exam.  When Debtor learned of the pending OSC Re Contempt and Judgement Debtor Exam order, she immediately filed for bankruptcy.

The United States Supreme Court binds this federal Court and precludes application of collateral estoppel when new facts are obtained.  New facts exist here such as Debtor denying she signed the October 7, 2021 declaration filed by Talkov to oppose the October 2021 motion to dismiss. Debtor's fraudulent representation of using Skype included in the October 7, 2021 declaration. Debtor's repeated fabrication of Skype usernames in May 2022 through August 2022. Microsoft's new evidence that Debtor's May 2022 Skype discovery responses were false. Debtor's 2022 destruction of her LG tablet to prevent forensic inspection to obtain evidence that Debtor did not use Skype on February 9, 2021.  New evidence also disproves Debtor's representation that Skype only keeps records of calls for six months.  All of these facts are not only new but resulted in an unfair hearing in October 2021, influenced by numerous false representations by Debtor and her son, which also precludes application of collateral estoppel.  One does not have a fair hearing no ability to prove an opponent has lied and their evidence is fraudulent.

**e.        Creditor's Motion Is Timely.**

Talkov repeatedly complains Creditor took too long to file this Motion.  This argument has no merit.  Talkov, a bankruptcy attorney, should know there was an automatic stay in place that did not expire until end of November 2021.  In December 2021 Creditor moved for a state judgment debtor exam and requested production of documents on February 7, 2022, timely for the March 18, 2022 examination.   Talkov fought bitterly to prevent the debtor exam, falsely accusing two licensed process servers of lying about personal service.  On or around March 18, 2022 Talkov's video evidence was rejected as unauthenticated and likely altered.  Debtor was ordered to appear and a bench warrant issued.  When Debtor appeared on March 23, 2022 she testified under oath and denied knowledge of the October 7, 2021 declaration filed with this Court.  Mr. Talkov's objections to prevent this testimony were all overruled by the state court. Debtor, without questioning, shouted out that the signature on the declaration presented to this Court on October 7, 2021 was a forgery and she did not know anything about the declaration and transcript from the prepetition course (Doc 238, p. 87-88).  Debtor's counsel was warned to stop trying to answer for the Debtor and Val Fridman, was thrown out of the courtroom for

trying to prevent Debtor's recanting of the Skype session, the prepetition course and its alleged

testimony which the Debtor denied making to the course provider.

Debtor testified she did not have a Skype account.  Five days later, Scott Talkov

advised his client to take the 5th amendment right to avoid self-incrimination to all questions

involving the prepetition course and Skype session (Doc 238 p. 90).  One month later, Scott

Talkov stated on the record his client would continue to take the 5th against self-incrimination.

(Doc. 238 p. 125).  The only basis to take the Fifth was to avoid incriminating statements for

bankruptcy fraud.  This Court should weigh this against the Debtor as a negative inference as

to her truthfulness of taking the prepetition course.

## XII.  DEBTOR'S SCREEN SHOTS ARE INADMISSBLE FABRICATED EVIDENCE.

Scott Talkov insertion of fabricated screenshots into his Opposition, is inadmissible on

several grounds.  First the screenshots were not produced during discovery because they did

not exist until Talkov needed to fabricate an excuse why Talkov's previous three Skype

usernames came back as frauds.  So just as the Fridmans did in their 2012 bankruptcy, they

keep fabricating new material to divert attention from their fraudulent conduct.[5]  The

screenshots are inadmissible under FRCP 26 and 37 for non-disclosure, hearsay FRE 801, and

unauthenticated, FRE 901.

Authentication is a "condition precedent to admissibility," and this condition is satisfied

by "evidence sufficient to support a finding that the matter in question is what its proponent

claims." Fed.R.Evid. 901(a).   Orr v. Bank of America, NT & SA (9th Cir. 2002) 285 F.3d 764,

773.  Here Debtor and Talkov have not provided any authentication of the screen shots of the

---

[5] The Chapter 7 Trustee in the Debtor's 2012 case finally charged Debtor after her ever-changing stories of where $160,000 of cash was transferred.  Initially it was to their attorneys, but the attorneys claimed they were never paid.  Then the cash went to pay for dental care. Judge Karen Robinson put an end to that finding the Debtors had lied and failed to produce records for any dentist.  Then the Fridmans claimed they gave the cash to Russian friends who took the money to the Ukraine to pay for a wedding.  After six changing stories, the Debtor admitted to lying to the Trustee resulting in a stipulated denial of discharge in case No. 8:12-bk-10751-ES.

REPLY TO OPPOSITION TO MOTION TO DISMISS AND NEWLY FABRICATED
UNDISCLOSED EVIDENCE

1    undisclosed "rosa.fridman" name from a webpage or pictures of the LG tablet or Skype blogs.

2    This username and screenshot, Exhibit "12" was not disclosed.  Under FRCP 26(a) and (e)

3    which invokes the "bite" to non-disclosure via FRCP 37.  "If a party fails to provide

4    information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to**

5    **use that information or witness to supply evidence on a motion**, at a hearing, or at a trial"

6    Debtor also failed to authenticate the screenshots rendering them inadmissible.  Rule

7    902(11) authorizes the admission in evidence of records that satisfy the requirements of Rule

8    803(6)(A)-(C), "as shown by a certification of the custodian ... that complies with a federal

9    statute or a rule prescribed by the Supreme Court." Rule 803(6), in turn, provides that business

10   records are admissible if they are accompanied by a certification of their custodian or other

11   qualified person that satisfies three requirements: (A) that the records were "made at or near

12   the time by—or from information transmitted by—someone with knowledge"; (B) that they

13   were "kept in the course of a regularly conducted activity of a business"; and (C) that "making

14   the record was a regular practice of that activity."  U.S. v. Hassan (4th Cir. 2014) 742 F.3d 104,

15   133. Debtor has met neither requirement.

16   A district court in our circuit recently relied upon Hassan in excluding screenshots.  See

17   Iglesia Ni Cristo v. Cayabyab (N.D. Cal., Mar. 31, 2020, No. 18-CV-00561-BLF) 2020 WL

18   1531349, at *4, reiterating "Screenshots of social media pages may be authenticated by

19   evidence that the pages were maintained by the provider as business records, and evidence

20   tracking the social media accounts to the defendants' mailing and e-mail addresses via internet

21   protocol addresses. See United States v. Hassan, 742 F.3d 104, 133 (4th Cir. 2014)."

22   The screen shot of the undisclosed Skype username is not only hearsay but is not an

23   authenticated link to Debtor's email address.  Talkov's screenshot merely says a code was sent

24   to "ro*****@gmail.com" and Talkov concludes it must be "rosafridman3@gmail.com" but

25   fatally does not provide any proof to support his conclusion. **This begs the simple question**:

26   Why didn't Talkov, the Debtor and her sons simply follow the directions "Enter the code we

27   sent to ro*****@gmail.com" and then attach it to their declaration to prove a link and then

28   provide their Skype records as requested in discovery?  The link is not to Debtor's email or the

REPLY TO OPPOSITION TO MOTION TO DISMISS AND NEWLY FABRICATED
UNDISCLOSED EVIDENCE

link will lead to this newly fabricated Skype username ending with the same result, Microsoft finding it wasn't used on February 9, 2021 by the Debtor to take the prepetition course.

The District Court in <u>Igelsia</u> excluded screenshots relying on FRE 902 and 903.  The Court held that even when the attorney of a party submitted a declaration for screenshots, his failure to declare that he personally retrieved the screenshots was insufficient to meet the authentication requirements.  <u>La Force v. GoSmith, Inc</u>., No. 17-CV-05101-YGR, 2017 WL 9938681, at *3 (N.D. Cal. Dec. 12, 2017) [As to the issue of their authenticity, the Court agrees that the documents should not be admitted on these grounds. Federal Rule of Evidence 902 was recently amended to permit authentication of documents such as printouts of webpages by a "certification of a qualified person" rather than the testimony of a foundation witness. *See* Fed. R. Evid. 902(13), amended effective December 1, 2017.  However, such qualified person must still "describ[e] the process by which the webpage was retrieved" under penalty of perjury. Fed. R. Evid. 902, Adv. Committee Notes to 2017 Amendments at ¶ 5.]

### XIII.  <u>TALKOV'S ATTACK ON TWO ATTORNEYS ATTESTING THAT DEBTOR HAS PREVIOUSLY USED THE SAME DESTROYED EVIDENCE BY WATER DAMAGE EXCUSE IS WITHOUT MERIT.</u>

Attorneys K. Robert Gonter, Jr, and Nathan Malone declared that Debtor had previously used the same excuse of her electronic device being unavailable due to "water damage" in litigation she was a party to.  Talkov attacks these two attorneys, cowardly claiming that only deceased Moisey Fridman should be held responsible for the repeated claim of "water damage" and destruction of evidence. However, Debtor Rosa Fridman was a named plaintiff and debtor in both proceedings where their electronic devices were suddenly unavailable for inspection due to "water damage."   Debtor does not deny this history in her Opposition, and this Court should take another negative inference and find Debtor has prevented evidence that she did not take the prepetition course.

### XIV.  <u>CONCLUSION.</u>

The evidence proves that Debtor failed to provide one single piece of corroborating admissible evidence to prove her October 7, 2021 story of how she supposedly used her LG

REPLY TO OPPOSITION TO MOTION TO DISMISS AND NEWLY FABRICATED
UNDISCLOSED EVIDENCE

tablet and Skype to take the prepetition course.   After four long months of misleading

discovery, Debtor has chosen to fabricate a new alleged username that was never produced in

four months of discovery, and Debtor's counsel's declaration is proven untrue as his testimony

for disclosure is based entirely on Exhibit 13, the same document that he produced on July 14,

2022 supplemental responses to prove a **different** prior invalid username.  Microsoft and the

IT expert have conclusively proven Debtor's discovery Skype information to be frauds.

Debtor cannot fabricate new names after the Motion is filed to deceive this Court.  Nor can

Debtor destroy and discard evidence to avoid discovery of facts that prove she did not take the

prepetition course.  Debtor's testimony as proved unreliable and not credible at best over the

past year, recanting her prior testimony, providing false usernames under oath, etc, etc.

      This Court should accept the following facts as evidence the Debtor has lied about

taking the mandatory prepetition course and Order the following relief:

1.  Dismiss Debtor's bankruptcy for failure to personally take the prepetition course;

2.  Vacate all prior orders in this bankruptcy case;

3.  Bar Debtor from refiling for two years due to the delay and expense caused by her since
    February 2021 to avoid paying her creditors;

4.  Disgorge Debtor's counsel's fees for filing a defective petition for a bankruptcy that
    conveyed no benefit;

5.  Set an evidentiary hearing if necessary to resolve factual disputes, and

6.  Any other relief as this Court deems fair and equitable.

Dated August 8, 2022                    By:     _/s/ Karl Avetoom_

                                      Karl Avetoom

REPLY TO OPPOSITION TO MOTION TO DISMISS AND NEWLY FABRICATED
UNDISCLOSED EVIDENCE

# DECLARATION OF KARL AVETOOM

I, Karl Avetoom, hereby declare as follows:

1.      I am the Moving Party to the above Motion to Dismiss and if called upon to testify under oath, I could and would do so competently to the following facts.

2.      Mr. Talkov produced an alleged 2019 Skype email addressed to "rosa_fridman" to prove a username of "rosa_fidman" that he has now attached to his Opposition and declaration as "Exhibit 13" declaring this same email addressed to "rosa_fridman" was produced to prove a different Skype username of "rosa.fridman". **At no time during discovery has Debtor, or Mr. Talkov, ever represented there was a username of "rosa.fridman".**  The usernames represented in discovery responses were <u>always</u> "Rosa Fridman", "rosa_fridman" and "live:rosa_fridman."  Never "rosa.fridman".

3.      Attached to my declaration as **Exhibit "1"** are true and correct copies of court records I obtained relating to the IT forensic expert Robert Rohr prior case that Mr. Talkov alleges resulted in a felony conviction.  I confirmed with the court in Florida that there was a "deferred adjudication" in Mr. Rohr's case and that the case was ultimately dismissed.  There was no finding of guilt or any conviction in that case.  Exhibit "1" represents the "deferred adjudication" that was entered by the court in Florida.


I declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge.

Executed August 22, 2022 in Newport Beach, CA


                                        */s/ Karl Avetoom*
                                        Karl Avetoom

REPLY TO OPPOSITION TO MOTION TO DISMISS AND NEWLY FABRICATED
UNDISCLOSED EVIDENCE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25                                         EXHIBIT "1"

26

27

28

REPLY TO OPPOSITION TO MOTION TO DISMISS AND NEWLY FABRICATED
UNDISCLOSED EVIDENCE

**JUDGE : RAYMOND O GROSS**

## CIRCUIT COURT, PINELLAS, FLORIDA
## CRIMINAL DIVISION

**UCN: 522004CF007435XXXXNO - D**          **REF No.: CRC 04-07435CFANO - D**

**STATE OF FLORIDA**
**VS.**
**ROBERT T. ROHR**
**SPN : 01887142**

## ORDER OF PROBATION

This cause coming in this day to be heard before me, and you, the Defendant, **ROBERT T. ROHR** being now present before me with counsel **ROBERT O BAUER JR** and you having:

### ENTERED A PLEA OF GUILTY TO

the offense(s) of **UNAUTHORIZED ACCESS TO A COMPUTER**

## SECTION 2 : Order Withholding Adjudication

It is ordered and adjudged that the adjudication of guilt is hereby withheld and that you be placed on PROBATION for a period of **5 Years** under the supervision of the Department of Corrections, subject to Florida law.

It is further ordered that you shall comply with the following conditions of probation/community control:

1.  Not later than the fifth day of each month, you will make a full and truthful report to your probation/community control officer on the form provided for that purpose or as instructed by your officer.
2.  You will pay the State of Florida thirty dollars ($30.00) per month cost of supervision unless otherwise waived in compliance with Florida Statutes. Exemptions for cost of supervision are hereby ordered for those months while participating in treatment programs or incarcerated without benefit of income. If exemptions do not apply, failure to make the monthly payment for cost of supervision will result in a violation of supervision and a judgment and lien being imposed. Cost of supervision is to be suspended until such time that the offender has satisfied all restitution and costs as stated on the supervision order.
3.  You will not change your residence or employment or leave the county of your residence without first procuring the consent of your probation/community control officer.
4.  You will not use intoxicants to excess or possess any illegal drugs or narcotics unless prescribed by a physician. You will not visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used.
5.  You will not possess, carry or own any firearm.
6.  You will not associate with any person engaged in criminal activities.
7.  You will submit to random testing as directed by the supervising officer or the professional staff of the treatment center where you are receiving treatment to determine the presence or use of alcohol or controlled substances.
8.  You will live and remain at liberty without violating any law. A conviction in a court of law shall not be necessary in order for such a violation to constitute a violation of probation/community control.
9.  You will work diligently at a lawful occupation and support any dependents to the best of your ability.
10. You will promptly and truthfully answer all inquiries directed to you by the Court or the probation/community control officer, and allow the officer to visit in your home, at your employment site or elsewhere, and you will comply with all instructions your probation/community control officer may give you.
11. You will pay attorney fees and defense costs assessed against you in this case under ss. 938.29 F.S. and 925.036 F.S. in the amount of **N/A** on or before on or before **N/A** or at least 90 days before your probation/community control terminates, whichever occurs first.
12. Probation/community control may not be transferred out of state without express Court approval until all Court ordered and assessed monetary obligations are satisfied.
13. You will make payment of any debt due and owing to the state under ss. 960.17 and 948.03(1)(h) F.S. The amount of such debt shall not exceed $10,000 and shall be determined by the Court at a later date upon final payment by the Crimes Compensation Trust Fund on behalf of the victim.
14. You will make payment in the amount of $ _(Not applicable)_ to the Clerk of Court for medical care, treatment, hospitalization or transportation received while detained in the Pinellas County Jail.

HAS

**Return to:**
**Criminal Court Records Department**

1

**ROBERT T. ROHR**                        UCN                              REF No.
                                          522004CF007435XXXXNO             CRC 04-07435CFANO

15. Unless otherwise ordered by the court, you will pay restitution in the amount(s) as follows until paid in full:
    **$50000.00 to CURTIS,ALAN BOYD.** This assessment is payable at the rate of **$900.00 per month**, first payment due within **90
    Days.** Payment of this restitution amount is a condition of Probation.
16. You will pay a fee of $40.00 as required by s. 27.52 F.S. to the Clerk of the Circuit Court during the first month of probation or
    community control.  **Not Applicable**
17. You will pay $50.00 pursuant to s. 938.03 F.S. to be deposited into the Crimes Compensation Trust Fund.  **Payment of this
    assessment is a condition of probation.**
18. You will pay $200.00 pursuant to s. 938.05 F. S., to be deposited into the Fine and Forfeiture Fund.  **Payment of this assessment
    is a condition of probation.**
19. You will pay $50.00 pursuant to s 775.083 F.S., to be deposited into the Crime Prevention Fund.  **Payment of this assessment is
    a condition of probation.**
20. You will pay $65.00 pursuant to s 939.185 F.S., to be allocated by the Clerk of the Court.  **Payment of this assessment is a
    condition of probation.**
21. Except for the cost of supervision, which is payable monthly to the Department of Corrections, all fines and costs specified in this
    order of probation/community control shall be paid in full to the Clerk of Court no later than three months prior to the expiration
    of the period of probation or community control.  Failure to pay all fines and costs in full three months prior to the expiration of
    the period of probation or community control will result in a violation of supervision and a judgment and lien being imposed, will
    result in the suspension of your driver's license, and may also result in collection efforts by the Clerk of the Court or its assignee.

## SPECIAL CONDITIONS:

22. You will pay fine in the amount of **$85.00** to the Clerk of Court.  **Payment of this assessment is a condition of probation.**
23. You may apply for early termination after **COMPLETION OF CONDITIONS..**
24. You will have no contact with ALAN CURTIS.
25. **YOU WILL HAVE NO CONTACT WITH THE VICTIM'S COMPANIES.**

        You are hereby placed on notice that the Court may at any time rescind or modify any of the conditions of your probation, or
may extend the period of probation/community control as authorized by law, or may discharge you from further supervision.  If you
violate any of the conditions of your probation/community control, you may be arrested, and the Court may revoke your
probation/community control, adjudicate you guilty if adjudication was withheld and impose any sentence that it might have imposed
before placing you on probation/community control or require you to serve the balance of the sentence.

        It is further ordered that when you have reported to the Probation/Community Control Officer and have been instructed as to the
conditions of probation/community control, you shall be released from custody if you are in custody and if you are at liberty on bond,
the sureties thereon shall stand discharged from liability.

        It is further ordered that the Clerk of this Court file this Order in the Clerk of the Circuit Court's Office, and provide certified
copies of same to the Probation/Community Control for use in compliance with the requirements of law.

    You are advised of the right to appeal.

    DONE AND ORDERED IN OPEN COURT on **July 26, 2004** in Clearwater, Florida.

                                                    _____
                                                                JUDGE
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**I acknowledge receipt of a certified copy of this Order.  The conditions have been explained to me and I agree to abide by them.**

Date:_____        _____
                                                            Probationer

Instructed by: _____

**JDM**

December 20, 2006
Docket Code(s):  **TEPR**

# CIRCUIT/COUNTY COURT, PINELLAS COUNTY, FLORIDA
## CRIMINAL DIVISION

**UCN:**                                        **REF No.**
**522004CF007435XXXXNO - D**          **CRC 04-07435CFANO - D**

STATE OF FLORIDA

   **VS.**

**ROBERT T. ROHR**
**SPN: 01887142**

## ORDER TERMINATING PROBATION

The following was done in open Court on **December 20, 2006**.

    IT IS CONSIDERED AND ORDERED that the probation previously imposed in this case is
hereby TERMINATED.

DONE AND ORDERED on **December 20, 2006** in Clearwater, Florida.

_____
                  JUDGE

CAS

CC: DOC

ICD-GFVOP-III   18980217

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

913 Louise St. Santa Ana, CA 92703

A true and correct copy of the foregoing document entitled (*specify*): CREDITOR'S REPLY TO DEBTOR'S OPPOSITION AND SCOTT TALKOV'S FABRICATED AND UNDISCLOSED EVIDENCE OPPOSING MOTION TO DISMISS BANKRUPTCY CASE AND SANCTIONS FOR SPOILIATION OF EVIDENCE, BAR TO REFILING AND DISGORGEMENT OF FEES FOR FILING OF FRAUDULENT PETITION. Declaration of Karl Avetoom, Declaration of Mr. Robert Rohr computer forensic expert will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 05/27/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

cmurray@cm3law.com cm3esquire@gmail.com, 2edansie@gmail.com kanderson@ecf.axosfs.com
mlowe@shulmanbastian.com avernon@shulmanbastian.com, michael.hauser@usdoj.gov
scott@talkovlaw.com talkovlaw@ecf.courtdrive.com, ustpregion16.sa.ecf@usdoj.gov

☐
                        Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐
                        Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐
                        Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 22, 2022 | Ami  Stanton | *Ami Stanton* (signature) |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.